**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
                                              (State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**          _____

2. **All other names debtor used in the last 8 years**          _____

   Include any assumed names, trade names, and *doing business as* names          _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)          __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   **Principal place of business**

   _____
   Number        Street

   _____

   _____
   City                          State    ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number        Street

   _____
   P.O. Box

   _____
   City                          State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number        Street

   _____

   _____
   City                          State    ZIP Code

5. **Debtor's website** (URL)          _____

6. **Type of debtor**

   ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding  LLP)

   ☐ Other. Specify: _____

| Debtor | | Case number *(if known)* |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

❑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

❑ Chapter 11. *Check all that apply*:

  ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ❑ A plan is being filed with this petition.

  ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

❑ No

❑ Yes.  District _____  When _____  Case number _____
                                    MM / DD / YYYY

         District _____  When _____  Case number _____
                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No

❑ Yes.  Debtor _____  Relationship _____

         District _____  When _____
                                    MM / DD / YYYY

         Case number, if known _____

| Debtor | _____ | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

❑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

❑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

❑ No

❑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

❑ It needs to be physically secured or protected from the weather.

❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

❑ Other _____

Where is the property? _____

| Number | Street |
| | |
_____

| City | | State | ZIP Code |

**Is the property insured?**

❑ No

❑ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

❑ Funds will be available for distribution to unsecured creditors.

❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

❑ 1-49
❑ 50-99
❑ 100-199
❑ 200-999

❑ 1,000-5,000
❑ 5,001-10,000
❑ 10,001-25,000

❑ 25,001-50,000
❑ 50,001-100,000
❑ More than 100,000

**15. Estimated assets**

❑ $0-$50,000
❑ $50,001-$100,000
❑ $100,001-$500,000
❑ $500,001-$1 million

❑ $1,000,001-$10 million
❑ $10,000,001-$50 million
❑ $50,000,001-$100 million
❑ $100,000,001-$500 million

❑ $500,000,001-$1 billion
❑ $1,000,000,001-$10 billion
❑ $10,000,000,001-$50 billion
❑ More than $50 billion

---

Debtor _____          Case number *(if known)*_____
        Name

**16. Estimated liabilities**

☐ $0-$50,000                    ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000             ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000            ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million          ☐ $100,000,001-$500 million     ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■  The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this
petition.

■  I have been authorized to file this petition on behalf of the debtor.

■  I have examined the information in this petition and have a reasonable belief that the information is true and
correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
             MM  / DD / YYYY

✗ _____          _____
Signature of authorized representative of debtor          Printed name

Title _____

**18. Signature of attorney**

✗ _____          Date _____
Signature of attorney for debtor                            MM    / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number        Street

_____          _____
City                                              State        ZIP Code

_____          _____
Contact phone                                     Email address

_____          _____
Bar number                                        State

---

**Annex 1**

**SCHEDULE OF DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code.  Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| | Debtor | Employer Identification Number (EIN) |
|---|---|---|
| 1. | SunEdison, Inc. | 56-1505767 |
| 2. | SunEdison DG, LLC | N/A |
| 3. | SunEdison Holdings Corporation | 73-1628669 |
| 4. | SunEdison Utility Holdings, Inc. | 47-3636443 |
| 5. | SunEdison International, Inc. | 43-1804551 |
| 6. | SUNE ML 1, LLC | 47-2843132 |
| 7. | MEMC Pasadena, Inc. | 43-1715238 |
| 8. | Solaicx | 01-0691969 |
| 9. | SunEdison Contracting, LLC | 20-3833819 |
| 10. | NVT, LLC | 20-3835370 |
| 11. | NVT Licenses, LLC | 20-3835445 |
| 12. | Team-Solar, Inc. | 94-3357782 |
| 13. | SunEdison Canada, LLC | 26-0476287 |
| 14. | Enflex Corporation | 68-0305515 |
| 15. | Fotowatio Renewable Ventures, Inc. | 46-0521788 |
| 16. | Silver Ridge Power Holdings, LLC | 47-2465886 |
| 17. | SunEdison International, LLC | 26-0501567 |
| 18. | Sun Edison LLC | 20-0291450 |
| 19. | SUNE Wind Holdings, Inc. | 47-4332144 |
| 20. | SUNE Hawaii Solar Holdings, LLC | 81-2320994 |
| 21. | First Wind Solar Portfolio, LLC | 45-5265014 |
| 22. | First Wind California Holdings, LLC | 26-2377697 |
| 23. | SunEdison Products Singapore PTE Ltd. | 98-1137373 |
| 24. | SEV Merger Sub, Inc. | N/A |
| 25. | PVT Solar, Inc. | 26-2683308 |
| 26. | SunEdison Residential Services, LLC | 27-4955787 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SUNEDISON, INC., | : Case No. 16-_____ (___) |
| | : |
| Debtor.[1] | : (Joint Administration Pending) |
| | : |
| | : |

## EXHIBIT "A"

### ATTACHMENT TO VOLUNTARY PETITION FOR NON-INDIVIDUALS FILING FOR BANKRUPTCY UNDER CHAPTER 11

1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-13828.

2.      The following financial data is the latest available information and refers to the debtor's condition on September 30, 2015 (unless otherwise indicated).

|  |  |  |
|---|---|---|
| (a) | Total Assets[2] | $20,714,000.00 |
| (b) | Total Debts | $16,141,000.00 |
| (c) | Debt securities held by more than 500 holders: | |

| Debt Security | Secured/Unsecured /Subordinated | Amount ($) | Approximate Number of Holders |
|---|---|---|---|
| 2018 Convertible Senior Notes | Unsecured | $255,674,00 | Unknown  CUSIP: 86732Y AC3 |
| 2020 Convertible Senior Notes | Unsecured | $488,500,000 | Unknown  CUSIP: 86732Y AE9 |
| 2021 Convertible Senior Notes | Unsecured | $289,500,000 | Unknown  CUSIP: 86732Y AD1 |

---

[1]    The last four digits of the Debtor's taxpayer identification numbers is (5767) and the address of its corporate headquarters is 13736 Riverport Dr., Maryland Heights, MO 63043.

[2]    Total Assets and Total Debts include the consolidated assets and debts of non-debtors TerraForm Power, Inc. and TerraForm Global, Inc., and are based on amounts reported in SUNE's Form 10-Q, filed Nov. 9, 2015.

| 2022 Convertible Senior Notes | Unsecured | $347,000,000 | Unknown CUSIP: 86732Y AH2 |
|---|---|---|---|
| 2023 Convertible Senior Notes | Unsecured | $279,022,000 | Unknown CUSIP: 86732Y AJ8 |
| 2025 Convertible Senior Notes | Unsecured | $320,125,000 | Unknown CUSIP: 86732Y AK5 |

(d)    Number of shares of preferred stock        357,726[3]

(e)    Number of shares of common stock        405,478,651[4]

CUSIP: 86732Y109

Comments, if any: N/A

3.    Brief description of debtor's business:

SunEdison, Inc. is the largest global renewable energy development company and is transforming the way energy is generated, distributed and owned around the world. It develops, finances, installs, owns and operates renewable power plants, delivering predictably priced electricity to its residential, commercial, and utility customers. It is also one of the world's largest renewable energy asset managers and provide customers with asset management, operations and maintenance, monitoring and reporting services.

SunEdison is organized in four business segments: Renewable Energy Development, Renewable Energy Operating Systems, TerraForm Power, Inc., and TerraForm Global, Inc.. SunEdison's Renewable Energy Development segment develops, constructs and finances solar, wind and other renewable energy systems for contribution or sale to its Renewable Energy Operating Systems segment, TerraForm Power, TerraForm Global, strategic partners or unaffiliated third party buyers.

The Renewable Energy Development segment provides renewable energy services that integrate the design, installation, financing, monitoring and operations and maintenance for its customers. This segment also manufactures polysilicon and silicon wafers, and subcontracts the assembly of solar modules to support its business, as well as for sale to external customers as market conditions dictate.

The Renewable Energy Operating Systems segment owns and operates contracted clean power generation assets developed and constructed by the Renewable Energy Development segment or acquired from third parties.

---

[3]    As of April 1, 2016.

[4]    Estimate based on recent preferred stock and convertible note conversions.

2

The TerraForm Power segment owns and operates clean power generation assets, both developed by the Renewable Energy Development segment and acquired from unaffiliated third parties, that sell electricity through long-term power purchase agreements to utility, commercial and residential customers based in Organization for Economic Co-operation and Development member countries such as the United States, the United Kingdom, Canada, and Chile.

The TerraForm Global segment owns and operates clean power generation assets, both developed by our Renewable Energy Development segment and acquired from unaffiliated third parties, that sell electricity through long-term power purchase agreements to utility and commercial customers based in specified emerging market countries.

4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:[5]

| | | | |
|---|---|---|---|
| 1. | OppenheimerFunds, Inc. | 34,799,951 | (11.9%)[6] |
| 2. | BlackRock, Inc. | 20,618,513 | (6.5%)[7] |
| 3. | The Vanguard Group | 20,199,057 | (6.4%)[8] |
| 4. | Adage Capital Partners GP, L.L.C. | 17,000,000 | (5.4%)[9] |

---

[5]    Percentage holdings based on 316,721,372 shares of common stock outstanding as of November 2, 2015.

[6]    As of February 9, 2016.

[7]    As of January 22, 2016.

[8]    As of February 29, 2016.

[9]    As of December 23, 2015.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | : |
| In re: | :   **Chapter 11** |
| | : |
| **SUNEDISON, INC.,** | :   **Case No. 16-_____ (___)** |
| | : |
|          **Debtor.**[1] | :   **(Joint Administration Pending)** |
| | : |
| | : |

## CORPORATE OWNERSHIP STATEMENT OF
## <u>SUNEDISON, INC.</u>

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, no entities have a direct or indirect ownership interest of 10% or more in the above-captioned debtor in possession (the "<u>Debtor</u>").

---

[1]   The last four digits of the Debtor's taxpayer identification numbers is (5767) and the address of its corporate headquarters is 13741 Riverport Dr., Maryland Heights, MO 63043.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____
                                                                                (State)

Case number (*If known*):    _____

# Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          ✖ _____
              MM / DD / YYYY               Signature of individual signing on behalf of debtor

                                        _____
                                         Printed name

                                        _____
                                         Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor Name _____

United States Bankruptcy Court for the: <u>Southern District of New York</u>

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association Corporate Trust Office, 2020 Convertible Senior Notes 1100 North Market St Wilmington, DE 19890 | Wilmington Trust, National Association Corporate Trust Office, 2020 Convertible Senior Notes PHONE: 302-651-1000 FAX: 302-636-4145 EMAIL: tmorris@wilmingtontrust.com | 2020 Convertible Notes | | | | $488,500,000.00 |
| 2 | Wilmington Trust, National Association Corporate Trust Office, 2022 Convertible Senior Notes 1100 North Market St Wilmington, DE 19890 | Wilmington Trust, National Association Corporate Trust Office, 2022 Convertible Senior Notes PHONE: 302-651-1000 FAX: 302-636-4145 EMAIL: tmorris@wilmingtontrust.com | 2022 Convertible Notes | | | | $347,000,000.00 |

Debtor _____
　　　　　Name
　　　　　　　　　　　　　　　　　　　　Case number (if known) _____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3 | Wilmington Trust, National Association Corporate Trust Office, 2025 Convertible Senior Notes 1100 North Market St Wilmington, DE 19890 | Wilmington Trust, National Association Corporate Trust Office, 2025 Convertible Senior Notes PHONE: 302-651-1000 FAX: 302-636-4145 EMAIL: tmorris@wilmingtontrust.com | 2025 Convertible Notes | | | | $320,125,000.00 |
| 4 | Wilmington Trust, National Association Corporate Trust Office, 2021 Convertible Senior Notes 1100 North Market St Wilmington, DE 19890 | Wilmington Trust, National Association Corporate Trust Office, 2021 Convertible Senior Notes PHONE: 302-651-1000 FAX: 302-636-4145 EMAIL: tmorris@wilmingtontrust.com | 2021 Convertible Notes | | | | $289,500,000.00 |
| 5 | Wilmington Trust, National Association Corporate Trust Office, 2023 Convertible Senior Notes 1100 North Market St Wilmington, DE 19890 | Wilmington Trust, National Association Corporate Trust Office, 2023 Convertible Senior Notes PHONE: 302-651-1000 FAX: 302-636-4145 EMAIL: tmorris@wilmingtontrust.com | 2023 Convertible Notes | | | | $279,022,000.00 |
| 6 | Wilmington Trust, National Association Corporate Trust Office, 2018 Convertible Senior Notes 1100 North Market St Wilmington, DE 19890 | Wilmington Trust, National Association Corporate Trust Office, 2018 Convertible Senior Notes PHONE: 302-651-1000 FAX: 302-636-4145 EMAIL: tmorris@wilmingtontrust.com | 2018 Convertible Notes | | | | $255,674,000.00 |
| 7 | D. E. Shaw & Co., L.P. Attn: Martin Lebwohl 1166 Avenue of the Americas, 6th Floor New York, NY 10036 | D. E. Shaw & Co., L.P. Attn: Martin Lebwohl PHONE: 212-478-0000 FAX: 212-478-0100 EMAIL: martin.lebwohl@deshaw.com | Contractual Payment Claim; co-claimant with Madison Dearborn Capital Partners IV, L.P. | Contingent, Unliquidated, Disputed | | | $231,000,000.00 |
| 7 | Madison Dearborn Capital Partners IV, L.P. Attn: Matt Raino, Mark Tresnowski Three First National Plaza, Suite 4600 Chicago, IL 60603 | Madison Dearborn Capital Partners IV, L.P. Attn: Matt Raino, Mark Tresnowski PHONE: 213-895-1000 FAX: 312-895-1041 EMAIL: mraino@MDCP.com; mtresnowski@MDCP.com | Contractual Payment Claim; co-claimant with D.E. Shaw & Co., L.P. | Contingent, Unliquidated, Disputed | | | $231,000,000.00 |

Debtor _____
        Name

Case number (if known) _____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Wilmington Trust, National Association<br>Corporate Trust Office, Exchangeable Notes due 2020<br>1100 North Market St<br>Wilmington, DE 19890 | Wilmington Trust, National Association<br>Corporate Trust Office, Exchangeable Notes due 2020<br>PHONE: 302-651-1000<br>FAX: 302-636-4145<br>EMAIL: tmorris@wilmingtontrust.com | Exchangeable Notes due 2020 | Contingent | | | $215,000,000.00 |
| 9 | Renova Energia<br>Cristiano C. Barros, CEO<br>Avenida Roque Petroni<br>999- 40 andar<br>Villa Gertrudes<br>Sao Paulo, SP 04707-910<br>Brazil | Renova Energia<br>Cristiano C. Barros, CEO<br>PHONE: 55 (11) 3509-1100<br>FAX: 55 (11) 3509-111300<br>EMAIL: | Contractual Payment Claim | Contingent, Unliquidated, Disputed | | | $200,000,000.00 |
| 10 | PCS Phosphate Company, Inc. and PCS Sales (USA), Inc.<br>Attn: Troy Erny, VP Industrial Sales<br>1101 SKOKIE BLVD STE 400<br>Northbrook, IL 60062 | PCS Phosphate Company, Inc. and PCS Sales (USA), Inc.<br>Attn: Troy Erny, VP Industrial Sales<br>PHONE: 847-849-4200<br>FAX: 847-849-4695<br>EMAIL: tlerny@potashcorp.com | Litigation | Contingent, Unliquidated, Disputed | | | $185,000,000.00 |
| 11 | R/C US Solar Investment Partnership, L.P.<br>Attn: General Counsel<br>c/o Riverstone Holdings LLC<br>712 Fifth Avenue, 36th Floor<br>New York, NY 10019 | R/C US Solar Investment Partnership, L.P.<br>Attn: General Counsel<br>PHONE: 212-993-0076<br>FAX: 212-993-0077<br>EMAIL: | Contractual Payment Claim | Contingent, Unliquidated, Disputed | $140,000,000.00 | $37,500,000.00 | $102,500,000.00 |
| 12 | Flextronics International<br>Attn: Michael M. McNamara, Chief Executive Officer<br>847 Gibraltar Dr Bldg 5<br>Milpitas, CA 95035 | Flextronics International<br>Attn: Michael M. McNamara, Chief Executive Officer<br>PHONE: 408-576-7000<br>FAX: 408-576-7454<br>EMAIL: rachael.serafini@flextronics.com | Trade | Contingent, Unliquidated, Disputed | | | $44,460,971.00 |
| 13 | Atlantic Specialty Insurance Co.<br>Attn:  General Counsel<br>605 Highway 169 North Suite 800<br>Plymouth, MN 55441 | Atlantic Specialty Insurance Co.<br>Attn:  General Counsel<br>PHONE: 781-332-7000<br>FAX: 781-332-7969<br>EMAIL: | Litigation | Contingent, Unliquidated, Disputed | | | $31,000,000.00 |

Debtor _____    Case number (if known) _____
         Name

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 14 | BTG Pactual Brazil Infrastructure Fund II, LP; P2 Brasil Private Infrastructure Fund II, LP, et al. Attn: Tai-Heng Cheng Quinn Emanuel Urquhart & Sullivan, LLP 51 Madison Avenue, 22nd Floor New York, NY 10010 | BTG Pactual Brazil Infrastructure Fund II, LP; P2 Brasil Private Infrastructure Fund II, LP, et al. Attn: Tai-Heng Cheng PHONE: 212-849-7000 FAX: 212-849-7100 EMAIL: taihengcheng@quinnemanuel.com; michaelcarlinsky@quinnemanuel.com; johnchun@quinnemanuel.com | Contractual Payment Claim | | Contingent, Unliquidated, Disputed | | $20,000,000.00 |
| 15 | Jinneng Clean Energy Technology Ltd. Attn: Dr. Liyou Yang, General Manager No.1 Wenshui Economic Development Zone Lvliang City , Shanxi 032100 China | Jinneng Clean Energy Technology Ltd. Attn: Dr. Liyou Yang, General Manager PHONE: 86-358-3300916 FAX: EMAIL: zhongping.mao@jinergy.com | Trade | | Contingent, Unliquidated, Disputed | | $16,237,805.45 |
| 16 | Taimax And Woongjin Energy Co. Ltd. Attn: Jaekyun Lee, Chief Executive Officer 37, Gwanpyeong-Dong) Techno 2-RO Yuseong-Gu Daejoen,  305-509 Korea | Taimax And Woongjin Energy Co. Ltd. Attn: Jaekyun Lee, Chief Executive Officer PHONE: 82-42-939-8114 FAX: 82-42-939-8098 EMAIL: bjkim@woongjinenergy.com | Litigation | | Contingent, Unliquidated, Disputed | | $15,400,000.00 |
| 17 | Solarpark Korea Co., Ltd. Attn: Hyunwoo Park, Chief Executive Officer 855-1, Dunsan-Ri, Bongdong-Wup Wanju-Gun Jeollabuk-Do ,  565-902 Korea | Solarpark Korea Co., Ltd. Attn: Hyunwoo Park, Chief Executive Officer PHONE: 82-(0)63-710-3000 FAX: 82-(0)63-710-3001 EMAIL: hyunwoo.park@solarpark-korea.com | Trade | | Contingent, Unliquidated, Disputed | | $14,837,500.31 |
| 18 | PricewaterhouseCoopers LLC Attn: General Counsel 800 MARKET ST SAINT LOUIS,  63101 | PricewaterhouseCoopers LLC Attn: General Counsel PHONE: 314-206-8514 FAX: 314-206-8500 EMAIL: | Trade | | Contingent, Unliquidated, Disputed | | $14,708,878.49 |

Debtor _____    Case number (if known) _____
          Name

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 19 | Akuo Energy<br>Attn: General Counsel<br>140, avenue des Champs Elysees<br>Paris,  75008<br>France | Akuo Energy<br>Attn: General Counsel<br>PHONE: 33(0)1 47 66 09 90<br>FAX: 33(0)1 47 55 10 51<br>EMAIL: contact@akuoenergy.com | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | | $13,017,216.00 |
| 20 | Chint Solar (Hong Kong) Co., Ltd.<br>Attn: Mr. Yongcai Wang, President<br>1335 Binan Road, Binjian District<br>Hangzhou,  310053<br>China | Chint Solar (Hong Kong) Co., Ltd.<br>Attn: Mr. Yongcai Wang, President<br>PHONE: 86-571-5810-7219<br>FAX: 86-571-5675-3388<br>EMAIL: amity.hu@astronergy.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | | $11,257,752.44 |
| 21 | Trina Solar Inc.<br>Attn: Jifan Gao, Chief Executive<br>Officer<br>No.2 Tian He Road, Electronics Park,<br>New District<br>Chang Zhou, Jiangsu 213031<br>China | Trina Solar Inc.<br>Attn: Jifan Gao, Chief Executive Officer<br>PHONE: 86-519-8548-5801<br>FAX: 86-519-8548-5936<br>EMAIL: Huafeng.Jin@Trinasolar.Com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | | $10,518,107.40 |
| 22 | Hefei JA Solar Technology Co Ltd<br>Attn: Baofang Jin, Chief Executive<br>Officer<br>No.1, Jianhua Road, Bali Town,<br>Economic Development Zone<br>Yangzhou, Jiangsu 225000<br>China | Hefei JA Solar Technology Co Ltd<br>Attn: Baofang Jin, Chief Executive Officer<br>PHONE: 86-514-8554-8123<br>FAX: 86-514-8554-8191<br>EMAIL: yinghg@jasolar.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | | $10,380,370.86 |
| 23 | Eastern Maine Electric Cooperative,<br>Inc.<br>Attn: John McVeigh<br>Preti, Flaherty, Beliveau & Pachios,<br>LLP<br>One City Center<br>PO Box 9546<br>Portland, ME 04112-9546 | Eastern Maine Electric Cooperative, Inc.<br>Attn: John McVeigh<br>PHONE: 207-791-3000<br>FAX: 207-791-3111<br>EMAIL: jmcveigh@preti.com | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | | $10,000,000.00 |

Debtor _____    Case number (if known) _____
      Name

| | | | | | | |
|---|---|---|---|---|---|---|
| 24 | Marathon Capital LLC<br>Attn: Richard Mooney<br>Rimon PC<br>One Embarcadero Center, Ste 400<br>San Francisco, CA 94111 | Marathon Capital LLC<br>Attn: Richard Mooney<br>PHONE: 415-683-5472<br>FAX: 415-683-5472<br>EMAIL: richard.mooney@rimonlaw.com | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | $8,750,000.00 |
| 25 | PCS SALES INC<br>Attn: Troy Erny, VP Industrial Sales<br>1101 SKOKIE BLVD STE 400<br>Northbrook, IL 60062 | PCS SALES INC<br>Attn: Troy Erny, VP Industrial Sales<br>PHONE: 847-849-4200<br>FAX: 847-849-4695<br>EMAIL: tlerny@potashcorp.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $8,642,214.00 |
| 26 | KIRKLAND & ELLIS LLP<br>Attn: Jeffrey Bossert Clark<br>655 15th St NW<br>Washington, DC 20005-5793 | KIRKLAND & ELLIS LLP<br>Attn: Jeffrey Bossert Clark<br>PHONE: 202-8795960<br>FAX: 202-879-5200<br>EMAIL: jeffrey.clark@kirkland.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $6,552,339.00 |
| 27 | Fortis Advisors LLC; Khosla Ventures II LP; Khosla Ventures III LP; Sigma Assocs. 8, L.P.; Sigma Partners 8, L.P.; Sigma Investors 8, L.P.; & Energy & Environment First Investment L.P.<br>Attn: Hayes P. Hyde<br>Goodwin Procter LLP<br>Three Embarcadero Center, 24th Floor<br>San Francisco, CA 94111-9991 | Fortis Advisors LLC; Khosla Ventures II LP; Khosla Ventures III LP; Sigma Assocs. 8, L.P.; Sigma Partners 8, L.P.; Sigma Investors 8, L.P.; & Energy & Environment First Investment L.P.<br>Attn: Hayes P. Hyde<br>PHONE: 415-733-6044<br>FAX: 415-733-3220<br>EMAIL: hhyde@goodwinprocter.com | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | $5,968,702.00 |
| 28 | Ecka Granules of America<br>Attn: General Counsel<br>500 Prosperity Drive<br>Orangeburg, SC 29115 | Ecka Granules of America<br>Attn: General Counsel<br>PHONE: 919-287-9815<br>FAX: 803-928-5102<br>EMAIL: info@ecka-granules.com | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | $5,100,000.00 |
| 29 | Tata America International Corporation<br>Attn: General Counsel<br>101 Park Ave, Fl 26<br>New York, NY 10178-0002 | Tata America International Corporation<br>Attn: General Counsel<br>PHONE: 212 867 8652<br>FAX: 212 557 8038<br>EMAIL: srai@memc.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $4,927,178.95 |

Debtor _____    Case number (if known) _____
       Name

| | | | | | | |
|---|---|---|---|---|---|---|
| 30 | Inelsa UK, LTD<br>Veronica Miguez Magdalena<br>3 More London Riverside<br>London,  SE1 2RE<br>United Kingdom | Inelsa UK, LTD<br>Veronica Miguez Magdalena<br>PHONE: 34 986 727024<br>FAX: 34 986 724379<br>EMAIL: vmiguez@grupohedomin.com;<br>inelsa@inelsa.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $4,815,654.95 |
| 31 | MOTECH Industries Inc.<br>Attn: General Counsel<br>No. 2, Dashun 9th Rd<br>Xinshi District<br>Tainan City,  74145<br>Taiwan | MOTECH Industries Inc.<br>Attn: General Counsel<br>PHONE: 886-6-5050789<br>FAX:<br>EMAIL: info@motech.com.tw | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $3,809,702.04 |
| 32 | Pro Tech Energy Solutions LLC<br>Attn: General Counsel<br>215 Executive Drive<br>Moorestown, NJ 08057 | Pro Tech Energy Solutions LLC<br>Attn: General Counsel<br>PHONE: 856-437-6220<br>FAX: 856-437-6501<br>EMAIL:<br>info@protechenergysolutions.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $3,682,876.76 |
| 33 | ZHONGHUAN HONG KONG HOLDING<br>LIMITED<br>Attn: General Counsel<br>No. 12 East Haitai Road<br>Huayuan Industrial Park<br>Hi-tech Industrial Zone<br>Tianjin,<br>China | ZHONGHUAN HONG KONG HOLDING<br>LIMITED<br>Attn: General Counsel<br>PHONE: 86-022-23789766<br>FAX:<br>EMAIL: tjsc@tjsemi.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $3,276,644.00 |
| 34 | Ameresco Inc<br>Attn: Dominic Palma<br>111 Speen St, Ste 410<br>Framingham, MA 01701-2000 | Ameresco Inc<br>Attn: Dominic Palma<br>PHONE: 508-661-2200<br>FAX: 508-661-2201<br>EMAIL: dpalma@ameresco.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $3,001,259.97 |
| 35 | Dashiell Corporation<br>Todd Clark<br>12301 Kurland Dr Fourth Floor<br>Houston, TX 77034-4812 | Dashiell Corporation<br>Todd Clark<br>PHONE: 817-358-0270<br>FAX: 713-558-6600<br>EMAIL: todd.clark@dashiell.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | $2,750,672.10 |

Debtor _____    Case number (if known) _____
       Name

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 36 | Ernst & Young, LLP<br>Attn: General Counsel<br>One Commerce Square<br>2005 Market Street Ste 700<br>Philadelphia, PA 19103 | Ernst & Young, LLP<br>Attn: General Counsel<br>PHONE: 215-448-5000<br>FAX: 215-448-4069<br>EMAIL: | Trade | Contingent,<br>Unliquidated,<br>Disputed | | | $2,724,829.66 |
| 37 | TSMC Solar North America, Inc.<br>Attn: General Counsel<br>2595 Junction Ave., Suite 202<br>San Jose, CA 95134 | TSMC Solar North America, Inc.<br>Attn: General Counsel<br>PHONE: 408-678-2816<br>FAX: 408-678-2800<br>EMAIL: solarna@tsmc.com | Trade | Contingent,<br>Unliquidated,<br>Disputed | | | $2,658,182.80 |
| 38 | Borrego Solar System, Inc.<br>Attn: General Counsel<br>5005 Texas Street, Suite 400<br>San Diego, CA 92108 | Borrego Solar System, Inc.<br>Attn: General Counsel<br>PHONE: 888-898-6273<br>FAX: 888-898-6778<br>EMAIL: | Trade | Contingent,<br>Unliquidated,<br>Disputed | | | $2,534,630.10 |
| 39 | Appaloosa Investment Limited<br>Partnership I<br>Attn: David J. Margules and<br>Elizabeth A. Sloan<br>Ballard Spahr LLP<br>919 North Market Street, 11th Floor<br>Wilmington, DE 19801-3034 | Appaloosa Investment Limited<br>Partnership I<br>Attn: David J. Margules and Elizabeth A.<br>Sloan<br>PHONE: 302-252-4466<br>FAX: 302-252-4432<br>EMAIL: margulesd@ballardspahr.com;<br>sloane@ballardspahr.com | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | | Undetermined |
| 40 | Vivint Solar, Inc.<br>Attn: William B. Chandler, III; Bradley<br>D. Sorrels<br>222 Delaware Avenue Ste 800<br>Wilmington, DE 19801 | Vivint Solar, Inc.<br>Attn: William B. Chandler, III; Bradley D.<br>Sorrels<br>PHONE: 302-304-7600<br>FAX: 866-974-7329<br>EMAIL: wchandler@wsgr.com;<br>bsorrels@wsgr.com;<br>sgerman@wsgr.com; iliston@wsgr.com | Litigation | Contingent,<br>Unliquidated,<br>Disputed | | | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____
                                                                                              (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____              ✗ _____
                       MM / DD / YYYY                      Signature of individual signing on behalf of debtor


                                                         _____
                                                         Printed name

                                                         _____
                                                         Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**SUNEDISON, INC.**

Secretary's Certificate

The undersigned, being the Secretary of SunEdison, Inc., a Delaware corporation (the "Company"), does hereby certify as follows:

Attached hereto as <u>Annex A</u> is a true, correct and complete copy of the resolutions duly adopted by the Board of Directors of the Company on April 21, 2016 (the "Resolutions"), and such Resolutions have not been modified or rescinded in whole, in part, or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, in his capacity as Secretary of the Company has duly executed and caused this certificate to be delivered as of April 21, 2016.

SUNEDISON, INC.

By:    /s/ *Martin H. Truong*
          Name:  Martin H. Truong
          Title:   Senior Vice President, General
                     Counsel and Corporate Secretary

**Annex A**

RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
SUNEDISON, INC.

APRIL 21, 2016

WHEREAS, the Board of Directors of SunEdison, Inc., a Delaware corporation (the "Company"), does hereby consent to the taking of the following actions and does hereby adopt the following resolutions pursuant to the Company's bylaws and the General Corporation Law of the State of Delaware;

WHEREAS, the Board of Directors has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Board of Directors has had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company;

WHEREAS, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board of Directors has determined that it is in the best interest of the Company. its subsidiaries and their respective stakeholders, for the Company and its subsidiaries to take the actions specified in the following resolutions;

*Chapter 11 Case*

WHEREAS, the Board of Directors has been presented with a proposed petition to be filed by the Company in the United Stated Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Board of Directors, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deem it advisable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interests of the Company, its subsidiaries, creditors, employees, stakeholders and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that the officers of the Company, or any one of them or the Vice President – Capital Markets and Corporate Finance of SunEdison, Inc., or the Senior Vice President, General Counsel and Secretary of SunEdison, Inc. (collectively, the "Officers"), be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Officer(s) executing said petition on behalf of the Company shall determine.

*DIP Facilities*

WHEREAS, the Company, as borrower, has requested that one or more potential financing sources (which may include certain lenders or noteholders under certain of the Company's existing secured indebtedness) (collectively with any agent, arranger and letter of credit issuer under any DIP Facility (as defined below), the "DIP Lenders") arrange, backstop and/or provide  one or more debtor-in-possession superpriority credit facilities, including (i) a new money term loan facility (the "DIP NM TL Facility"), which may include a roll-up of up to $350 million aggregate principal amount of the Company's existing second lien loans and second lien convertible notes, to the extent required by the applicable DIP Lenders and authorized by the Bankruptcy Court (the "DIP TL Roll-Up Facility"), and (ii) a roll-up or refinancing of the Company's existing first lien letter of credit facility (up to an amount equal to the full principal amount outstanding thereunder, any unused commitments thereunder and the face amount of issued and undrawn letters of credit thereunder) to provide for the extension and renewal of existing letters of credit (and, to the extent agreed by the applicable DIP Lenders, the issuance of new letters of credit thereunder) and/or additional letter of credit facilities to provide for the issuance of new letters of credit and/or backstop or replacement of existing letters of credit (collectively, the "DIP LC Facility" and collectively with the DIP NM TL Facility and DIP TL Roll-Up Facility, the "DIP Facilities") subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Facilities (the "DIP Financing Orders");

WHEREAS, in connection with the DIP Facilities, the DIP Lenders are requiring that certain subsidiaries (the "DIP Guarantors," and together with the Company and any other subsidiary of the Company that grants a lien to secure the DIP Facilities, the "Loan Parties") of the Company guaranty the obligations under the DIP Facilities (including, without limitation, all obligations with respect to hedging agreements, bank

2

products, treasury services, cash management obligations, and other similar transactions owing at any time to any of the DIP Lenders, their respective affiliates or certain other designated counterparties), on a joint and several basis (collectively, the "DIP Guaranties" and, each, a "DIP Guaranty");

WHEREAS, in connection with the DIP Facilities, the DIP Lenders are requiring that the Loan Parties grant continuing security interests in substantially all of their respective assets that now of hereafter come into the possession, custody or control of the Loan Parties, in order to secure the prompt and complete payment, observance and performance of all obligations under the DIP Facilities (including, without limitation, the DIP Guaranties and all obligations with respect to hedging agreements, bank products, treasury services, cash management obligations, and other similar transactions owing at any time to any of the DIP Lenders, their respective affiliates or certain other designated counterparties), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Facilities (the "DIP Financing Orders") and the other DIP Documents (as defined below);

WHEREAS, in connection with the DIP Facilities and the transactions contemplated thereby, the Company is contemplated to execute one or more term sheets evidencing the initial terms thereof and/or enter into one or more credit agreements in such forms as may be approved by any Officer, and the Company, the other Loan Parties and certain of their respective subsidiaries may be required to enter into certain other instruments, agreements or documents related thereto, including, without limitation, financing term sheets or proposals, intellectual property security agreements, control agreement, cash collateral agreements, assignment agreement, stock powers, mortgages, deeds of trust, debentures, share pledges, pledge agreements, security agreements, other collateral documents, reaffirmation agreements, intercreditor or subordination agreements, forbearance agreements, intercompany subordination agreements, intercompany notes, commitment letters, engagement letters, fee letters, and payoff letters in such forms as may be approved by any Officer (all of the foregoing, collectively with the DIP Guaranties and the DIP Orders, the "DIP Documents");

WHEREAS, as the Board of Directors has determined that the DIP Facilities are in the best interests of the Company, its subsidiaries and their respective stakeholders, and, that it is in the best interests of the Company and its subsidiaries to (i) consummate the financing contemplated by the DIP Facilities, (ii) execute and deliver the DIP Documents and (iii) authorize the officers of the Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby;

NOW, THEREFORE, BE IT RESOLVED, that (i) the DIP Facilities, in the amounts and on the terms and conditions set forth in the term sheet provided to the Board of Directors, or such other amounts, terms and conditions as deemed necessary, desirable or appropriate by any Officer, (ii) the transactions contemplated thereby (including the borrowing of loans thereunder (including pursuant to any incremental or increase facility provisions contemplated by the DIP Documents) and issuance or deemed

issuance of debt thereunder) and (iii) the execution and delivery by the Company of any DIP Documents evidencing or in connection with the DIP Facilities and the performance by the Company of all of its obligations thereunder and under the DIP Financing Orders, be, and they hereby are, in all respects, authorized, ratified, approved and adopted by the Board of Directors on behalf of the Company; and be it further

RESOLVED, that the Officers be, and each of them hereby is, authorized to, in the name of and on behalf of the Company, (i) negotiate, execute, deliver and perform the Company's obligations under the DIP Documents, including, without limitation, the granting of the security interests and liens contemplated thereby and the incurrence of other obligations contemplated thereunder, and carry out the Company's duties thereunder, (ii) borrow any loans or incur other indebtedness in any amounts according to the terms of the DIP Documents, (iii) extend or renew any loans, advances or other extensions of credit or any installment of principal or interest thereof or any indebtedness owing to any DIP Lender, and (iv) negotiate, execute and deliver all other agreements, instruments and documents in connection therewith and any and all amendments, waivers or other modifications thereto and take or cause to be taken any and all such further actions, in each case on such terms and conditions as any Officer may deem necessary, desirable or appropriate, in each case, the delivery thereof or the taking of such action by any such Officer to conclusively evidence the approval thereof by the Board of Directors; and be it further

RESOLVED, that the Company be, and hereby is, authorized and empowered and directed to grant security interests in, and pledge its right, title and interest in, substantially all present and after-acquired assets and properties of the Company, all proceeds thereof, including, real property, trademarks, patents, copyrights and licenses therefor, the capital stock of or equity interests in its subsidiaries and the proceeds of any of the foregoing, as required or contemplated by the DIP Facilities, the DIP Documents and/or any of the other agreements entered into pursuant thereto or in connection therewith, or as any Officer may deem necessary, advisable or proper to carry out the terms, intents and purposes of the DIP Documents, the transactions contemplated thereby and the resolutions related thereto, subject to such exceptions and limitations as set forth in any applicable DIP Documents; and be it further

RESOLVED, that the Officers be, and each of them hereby is, authorized, in the name and on behalf of the Company, in connection with the letter of credit and term loan transactions contemplated by the DIP Documents, to grant any liens on or any security interests in the cash collateral and related accounts, financial assets and other related assets, as contemplated by or specified in the DIP Documents and the filing of financing statements and amendments to financing statements or any other document, in any jurisdictions and with any filing offices as contemplated by or specified in the DIP Documents in connection with the letter of credit and term loan transactions contemplated thereby, and/or the entering into of any cash collateral agreement and other agreement or instrument, to perfect the security interests granted pursuant to any DIP Document in connection with the letter of credit and term loan transactions contemplated thereby; and be it further

4

RESOLVED, that the filing of financing statements and amendments and continuation statements to financing statements, other filings, recordations, registrations or any other document, in any jurisdictions or with any filing offices as contemplated by or specified in the relevant DIP Documents or otherwise advisable and/or the entering into of any other agreement or instrument, necessary or advisable to create, register or perfect the security interests granted pursuant to the relevant DIP Documents or any related transaction document is hereby authorized in such form as any Officer shall approve; and be it further

*General Authority to Implement Resolutions*

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Officer, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Officer or Officers deem necessary or proper in connection with the chapter 11 case, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and/or debtor-in-possession financing (in such amounts and on such terms as may be agreed by any Officer, including the grant of replacement and additional liens, as is necessary or proper for the continuing conduct of the affairs of the Company and certain of its subsidiaries and affiliates), including the DIP Facilities and refinancings or amendments thereof, with a view to the successful prosecution of the chapter 11 case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business; and it is further

RESOLVED, that Officers be, and each of them is, authorized to execute, deliver and perform any and all special powers of attorney as such Officer may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Officer will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing

resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

RESOLVED, that the Officers be, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to negotiate, execute deliver, record and/or file all documents, agreements and instruments (including, without limitation, (i) Uniform Commercial Code financing statements, (ii) blocked account control agreement, (iii) account control agreements, and (iv) any Collateral (including one or more stock certificates (or, as applicable, other certificates) evidencing the capital stock (or other equity interest, as applicable) of its subsidiaries or notes evidencing debt owed to it (accompanied by one or more stock powers (or, as applicable, other transfer powers) or note powers duly executed in blank by any Officer))), and to do any and all other acts as may be required or as they, or any of them, may deem necessary or proper to carry out and perform, to give effect to, or to cause the Company to comply with, the terms of, or the transactions contemplated by the DIP Facilities and the DIP Documents and any other related agreement or document that any Officer may deem necessary or proper to consummate the transactions contemplated by the foregoing, such Officer's performance of any such act and his or her execution and delivery of any such document, agreement or instrument to be conclusive evidence of the Company's approval thereof, and to honor and discharge its obligations thereunder; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions, including, without limitation, the firm Skadden, Arps, Slate, Meagher & Flom LLP, to act as chapter 11 counsel; Togut, Segal & Segal LLP to act as conflicts counsel; Rothschild Inc. to act as investment banker and as financial advisor; McKinsey Recovery & Transformation Services U.S., LLC to act as restructuring advisor; and Prime Clerk LLC to act as claims and noticing agent and administrative advisor; and in connection herewith each Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file,

6

or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses (including fees to DIP Lenders in connection with the DIP Facilities) as in the judgment of such Officer or Officers shall be necessary, proper, appropriate, desirable or advisable of such Officer or Officers to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company in all respects by the Board of Directors of the Company; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer, or by any employees or agents of the Company, on or before the date hereof in connections with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed and approved in all respects by the Board of Directors of the Company; and it is further

RESOLVED, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Officers to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

RESOLVED, that each of the Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, manager (or similar role) of each direct subsidiary of the Company, in each case, as such Officer or Officers shall deem necessary proper, appropriate, desirable or advisable to

effectuate the purposes of the transactions contemplated herein, including authorizing and causing such subsidiaries to provide guaranties and grant liens in respect of the financing transactions contemplated herein.

*\*\**