**Hearing Date: Apr. 22, 2016 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: Apr. 22, 2016 at 11:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** | : | **Case No. 16-10992 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SUNEDISON DG, LLC,** | : | **Case No. 16-10991 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SUNE WIND HOLDINGS, INC.,** | : | **Case No. 16-11010 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNE HAWAII SOLAR HOLDINGS, LLC,** | : | **Case No. 16-11011 (SMB)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **FIRST WIND SOLAR PORTFOLIO, LLC,** | : | **Case No. 16-11012 (SMB)** |
| | : | |
| Debtor. | : | |
| | : | **(Joint Administration Pending)** |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **FIRST WIND CALIFORNIA HOLDINGS, LLC,** | : | **Case No. 16-11013 (SMB)** |
| | : | |
| | : | **(Joint Administration Pending)** |
| Debtor. | : | |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON HOLDINGS CORPORATION,** | : | **Case No. 16-10993 (SMB)** |
| | : | |
| | : | **(Joint Administration Pending)** |
| Debtor. | : | |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON UTILITY HOLDINGS, INC.,** | : | **Case No. 16-10994 (SMB)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON INTERNATIONAL, INC.,** | : | **Case No. 16-10995 (SMB)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SUNE ML 1, LLC,** | : | **Case No. 16-10996 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **MEMC PASADENA, INC.,** | : | **Case No. 16-10997 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SOLAICX,** | : | **Case No. 16-10998 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SUNEDISON CONTRACTING, LLC,** | : | **Case No. 16-10999 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **NVT, LLC,** | : | **Case No. 16-11000 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NVT LICENSES, LLC, | : | Case No. 16-11001 (SMB) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |
| | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TEAM-SOLAR, INC., | : | Case No. 16-11002 (SMB) |
| | : | |
| Debtor. | : | |
| | : | (Joint Administration Pending) |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SUNEDISON CANADA, LLC, | : | Case No. 16-11003 (SMB) |
| | : | |
| Debtor. | : | |
| | : | (Joint Administration Pending) |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENFLEX CORPORATION, | : | Case No. 16-11005 (SMB) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |
| | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FOTOWATIO RENEWABLE VENTURES, | : | Case No. 16-11006 (SMB) |
| INC., | : | |
| | : | (Joint Administration Pending) |
| Debtor. | : | |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SILVER RIDGE POWER HOLDINGS,** | : Case No. 16-11007 (SMB) |
| **LLC,** | : |
| | : **(Joint Administration Pending)** |
| Debtor. | : |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON INTERNATIONAL, LLC,** | : Case No. 16-11008 (SMB) |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SUN EDISON LLC,** | : Case No. 16-11009 (SMB) |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON PRODUCTS SINGAPORE** | : Case No. 16-11014 (SMB) |
| **PTE. LTD.,** | : |
| | : **(Joint Administration Pending)** |
| Debtor. | : |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON RESIDENTIAL SERVICES,** | : Case No. 16-11017 (SMB) |
| **LLC,** | : |
| | : **(Joint Administration Pending)** |
| Debtor. | : |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **PVT SOLAR, INC.,** | : | **Case No. 16-11016 (SMB)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |
| | : | |

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SEV MERGER SUB INC.,** | : | **Case No. 16-11015 (SMB)** |
| | : | |
| Debtor. | : | **(Joint Administration Pending)** |
| | : | |


**DEBTORS' MOTION FOR ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b) AND (II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) AND BANKRUPTCY RULE 2002(n)**

SunEdison, Inc. ("SUNE") and certain of its affiliates, the debtors, and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "SunEdison" or the "Company"),[1] hereby move (the "Motion") this Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Order") under section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and waiving the requirements that the captions and certain notices in these chapter 11 cases contain certain identifying information with respect to each Debtor. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Patrick M. Cook,

---

[1] For purposes herein, the definition of "SunEdison" and "Company" does not include Terraform Power, Inc. and Terraform Global, Inc., and each of their respective direct and indirect subsidiaries, unless otherwise provided.

Vice-President – Capital Markets And Corporate Finance of SunEdison, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith.  In further support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1015(b) and 2002(n).

## BACKGROUND

### A.     The Chapter 11 Cases

3.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

4.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

6.      SunEdison is one of the world's leading developers of renewable-energy solutions.  In addition to its development business, SunEdison owns, operates and/or provides

maintenance services for clean power generation assets.  SunEdison's renewable-energy

development business is a global enterprise with substantial development activities on six

continents.

7.    Additional factual background information about the Debtors, including

their business operations, their corporate and capital structures, their restructuring efforts, and the

events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day

Declaration.[2]

## RELIEF REQUESTED

8.    By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule

1015(b), consolidating the Chapter 11 Cases for procedural purposes only, and waiving the

requirement of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case

caption and certain notices in the Chapter 11 Cases contain certain identifying information with

respect to each Debtor.

9.    For the reasons set forth herein, the Debtors submit that the relief

requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other

parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

10.    Bankruptcy Rule 1015(b) provides that if two or more petitions are

pending in the same court by or against a debtor and an affiliate, the court may order joint

administration of the estates of the debtor and such affiliates.  Fed. R. Bankr. P. 1015(b).  The

Debtors in these proceedings are SUNE and certain of its direct and indirect wholly-owned

subsidiaries.  As such, the twenty-six (26) Debtors are "affiliates" of each other as that term is

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day
Declaration.

defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b).  Thus, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

11.     Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Joint administration will therefore ease the burden on the United States Trustee in supervising these bankruptcy cases.

12.     Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for the Debtors and for parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases.  Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in the Chapter 11 Cases.

13.     No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

14.     In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | : |
| In re: | : **Chapter 11** |
| | : |
| **SUNEDISON, INC.,** *et al.*, | : **Case No. 16-10992 (SMB)** |
| | : |
| **Debtors.**[3] | : **(Jointly Administered)** |
| | : |
| | : |

15.    Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 contain certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years.  Fed. R. Bankr. P. 2002(n).  The Debtors submit that use of this simplified caption without full tax identification numbers and previous names will ensure a uniformity of pleading identification.  All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and the address of their corporate headquarters.  Moreover, the full tax identification numbers will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest, including on a website to be maintained by the Debtors' proposed claims and noticing agent, and will be

---

[3]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

provided by the Debtors upon request.  Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

16.    In addition, the Debtors request that the Court make separate docket entries on the dockets of each of the Chapter 11 Cases (except that of SUNE), substantially as follows:

> "An order has been entered in this case consolidating this case with the case of SunEdison, Inc., Case No. 16-10992 (SMB), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 16-10992 (SMB) should be consulted for all matters affecting the above listed case."

17.    It would be far more practical and expedient for the administration of these Chapter 11 Cases if the Court were to authorize their joint administration.  Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect all of the Debtors.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

18.    Further, joint administration will allow the Court and the Debtors to employ a single docket for all of the Chapter 11 Cases and to confine, and thereby simplify, notice to creditors and other parties in interest in these bankruptcy cases.

19.    Moreover, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the Debtors' caption and other notices mailed in these Chapter 11 Cases include the Debtors' tax identification numbers and other information relating to the Debtors is appropriate in these Chapter 11 Cases.  Including the Debtors' full tax identification numbers and other identifying information on each caption would be unduly cumbersome, and may be confusing to parties in interest.  More importantly, waiver of

such requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each pleading they file and notice they mail a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and the address of their corporate headquarters.

20.     This and other courts have granted similar relief in other cases.  See, e.g., In re Chassix Holdings, Inc., No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re Genco Shipping & Trading Ltd., No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); In re MPM Silicones, LLC, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); In re Sbarro LLC, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014); In re Hawker Beechcraft, Inc., No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).[4]

## RESERVATION OF RIGHTS

21.     Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract with any party subject to this Motion.

## NOTICE

22.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement; (c) counsel to the Tranche B Lenders (as defined

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

in the debtor-in-possession credit agreement) and the steering committee of the second lien

creditors (the "Steering Committee"); (d) counsel to the administrative agent under the Debtors'

prepetition second lien credit agreement; (e) counsel to the collateral trustee under the Debtors'

prepetition second lien credit agreement; (f) counsel to the indenture trustee under each of the

Debtors' outstanding bond issuances; (g) the U.S. Attorney for the Southern District of New

York; (h) counsel to the administrative agent under the proposed postpetition debtor-in-

possession financing facility; (i) the parties listed in the consolidated list of forty (40) largest

unsecured creditors filed by the Debtors in these Chapter 11 Cases; (j) the Internal Revenue

Service; (k) the Securities and Exchange Commission; (l) any such other party entitled to notice

pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy

Court for the Southern District of New York.  The Debtors submit that no other or further notice

need be provided.

## NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made to this

Court or any other court.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
April 21, 2016

SKADDEN, ARPS, SLATE, MEAGHER  & FLOM LLP

By: */s/ Jay M. Goffman*
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax:(212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** | : | **Case No. 16-10992 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |
| | : | |

_____

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON DG, LLC,** | : | **Case No. 16-10991 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |

_____

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNE WIND HOLDINGS, INC.,** | : | **Case No. 16-11010 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |

_____

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNE HAWAII SOLAR HOLDINGS, LLC,** | : | **Case No. 16-11011 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |

_____

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **FIRST WIND SOLAR PORTFOLIO, LLC,** | : | **Case No. 16-11012 (SMB)** |
| | : | |
| **Debtor.** | : | **(Joint Administration Pending)** |

_____

2

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **FIRST WIND CALIFORNIA HOLDINGS, LLC,** | : **Case No. 16-11013 (SMB)** |
| | : |
| | : **(Joint Administration Pending)** |
| Debtor. | : |
| | : |
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON HOLDINGS CORPORATION,** | : **Case No. 16-10993 (SMB)** |
| | : |
| | : **(Joint Administration Pending)** |
| Debtor. | : |
| | : |
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON UTILITY HOLDINGS, INC.,** | : **Case No. 16-10994 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON INTERNATIONAL, INC.,** | : **Case No. 16-10995 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |
| In re: | : Chapter 11 |
| | : |
| **SUNE ML 1, LLC,** | : **Case No. 16-10996 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |
| In re: | : Chapter 11 |
| | : |
| **MEMC PASADENA, INC.,** | : **Case No. 16-10997 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |

3

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **SOLAICX,** | : | **Case No. 16-10998 (SMB)** |
| Debtor. | : | **(Joint Administration Pending)** |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **SUNEDISON CONTRACTING, LLC,** | : | **Case No. 16-10999 (SMB)** |
| Debtor. | : | **(Joint Administration Pending)** |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **NVT, LLC,** | : | **Case No. 16-11000 (SMB)** |
| Debtor. | : | **(Joint Administration Pending)** |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **NVT LICENSES, LLC,** | : | **Case No. 16-11001 (SMB)** |
| Debtor. | : | **(Joint Administration Pending)** |

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| **TEAM-SOLAR, INC.,** | : | **Case No. 16-11002 (SMB)** |
| Debtor. | : | **(Joint Administration Pending)** |

4

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SUNEDISON CANADA, LLC, | : | Case No. 16-11003 (SMB) |
| | : | |
| Debtor. | : | |
| | : | (Joint Administration Pending) |
| | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENFLEX CORPORATION, | : | Case No. 16-11005 (SMB) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |
| | : | |
| | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FOTOWATIO RENEWABLE VENTURES, | : | Case No. 16-11006 (SMB) |
| INC., | : | |
| | : | (Joint Administration Pending) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SILVER RIDGE POWER HOLDINGS, | : | Case No. 16-11007 (SMB) |
| LLC, | : | |
| | : | (Joint Administration Pending) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SUNEDISON INTERNATIONAL, LLC, | : | Case No. 16-11008 (SMB) |
| | : | |
| Debtor. | : | (Joint Administration Pending) |
| | : | |

5

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SUN EDISON LLC,** | : **Case No. 16-11009 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON PRODUCTS SINGAPORE PTE. LTD.,** | : **Case No. 16-11014 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON RESIDENTIAL SERVICES, LLC,** | : **Case No. 16-11017 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **PVT SOLAR, INC.,** | : **Case No. 16-11016 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SEV MERGER SUB INC.,** | : **Case No. 16-11015 (SMB)** |
| | : |
| Debtor. | : **(Joint Administration Pending)** |
| | : |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER (I) DIRECTING JOINT
ADMINISTRATION OF THE CHAPTER 11 CASES PURSUANT TO BANKRUPTCY
RULE 1015(b) AND (II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE
SECTION 342(c)(1) AND BANKRUPTCY RULE 2002(n)**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (the

"Order") under section 342(c)(1) of title 11 of the United States Code ("the "Bankruptcy Code"),

and Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), (i) providing for the joint administration of the Debtors' separate Chapter 11 Cases for

procedural purposes only and (ii) waiving the requirements that the captions in the Chapter 11

Cases contain certain identifying information with respect to each Debtor; and upon the First

Day Declaration; and due and sufficient notice of the Motion having been given under the

particular circumstances; and it appearing that no other or further notice need be provided; and it

appearing that the relief requested by the Motion is in the best interests of the Debtors, their

estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation

thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED solely to the extent set forth herein.

2.      Each of the Chapter 11 Cases is consolidated for procedural purposes only

and shall be jointly administered by the Court.

3.      Nothing contained in this Order shall be deemed or construed as directing

or otherwise effecting any substantive consolidation of any of the Chapter 11 Cases.

4.      The caption of the jointly administered Chapter 11 Cases shall read as

follows:

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the
First Day Declaration.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
| | : | |
| Debtors.[2] | : | **(Jointly Administered)** |
| | : | |
| | : | |

5.      All original pleadings shall be captioned as indicated in the preceding

decretal paragraph, and all original docket entries shall be made in the case of SunEdison, Inc.,

Case No. 16-10992 (SMB).

6.      Docket entries shall be made on the docket of each of the Chapter 11

Cases (except that of SunEdison, Inc.), substantially as follows:

> "An order has been entered in this case consolidating this case with the
> case of SunEdison, Inc., *et al.*, Case No. 16-10992 (SMB) for procedural
> purposes only and providing for its joint administration in accordance with
> the terms thereof.  The docket in Case No. 16-10992 (SMB) should be
> consulted for all matters affecting the above listed case."

7.      The requirements under Bankruptcy Code section 342(c)(1) and

Bankruptcy Rule 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases

include the Debtors' tax identification numbers and other identifying information about the

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number
are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE
Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings,
LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison
International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison
Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison
Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge
Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison
Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308);
SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr.,
Maryland Heights, Missouri 63043.

Debtors are hereby waived.  The Debtors shall include in all pleadings filed and each notice

mailed by the Debtors a footnote listing all of the Debtors, the last four digits of their tax

identification numbers, and the address of their corporate headquarters.

8.      This Order shall apply to any future filing of any affiliate of the Debtors,

provided however, the Debtors shall file notice with the Court identifying the cases of such

affiliates and stating that this Order shall apply to such cases.

9.      The requirements set forth in Local Bankruptcy Rule 9013-1(b) are

satisfied by the contents of the Motion.

10.     The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

11.     This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.


Dated: New York, New York
       _____, 2016


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

9