**Hearing Date: Apr. 22, 2016 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: Apr. 22, 2016 at 11:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors*
 *and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC., *et al.*,** | : | **Case No. 16-10992 (SMB)** |
| | : | |
| **Debtors.**[1] | : | **(Joint Administration Pending)** |
| | : | |
| | : | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 102 AND 105, BANKRUPTCY RULES 1015, 2002, 9007, AND 9036, AND
LOCAL BANKRUPTCY RULE 2002 AUTHORIZING THE ESTABLISHMENT OF
CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

SunEdison, Inc. ("SUNE") and certain of its affiliates, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-

Debtor affiliates, "SunEdison" or the "Company")[2] hereby move (the "Motion") this Court for

entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), under

sections 102(1), 105(a) and 105(d) of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 1015(c), 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules"), and Rule 2002-2 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"),

approving and implementing the notice, case management, and administrative procedures

annexed as Exhibit 1 to the proposed order attached hereto (collectively, the "Case Management

Procedures"). In support of the Motion, the Debtors rely upon and incorporate by reference the

Declaration of Patrick M. Cook, Vice-President – Capital Markets And Corporate Finance of

SunEdison, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day

Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the

Debtors, by and through their proposed undersigned counsel, respectfully represent:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157

and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this

Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2]     For purposes herein, the definition of "SunEdison" and "Company" does not include Terraform Power, Inc. and
Terraform Global, Inc., and each of their respective direct and indirect subsidiaries, unless otherwise provided.

2.      The legal predicates for the relief requested herein are Bankruptcy Code sections 102(1), 105(a), and 105(d), Bankruptcy Rules 1015(c), 2002(m), 9007, and 9036, and Local Bankruptcy Rule 2002-2.

**BACKGROUND**

**A.      The Chapter 11 Cases**

3.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered.

4.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

6.      SunEdison is one of the world's leading developers of renewable-energy solutions.  In addition to its development business, SunEdison owns, operates and/or provides maintenance services for clean power generation assets.  SunEdison's renewable-energy development business is a global enterprise with substantial development activities on six continents.

7.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.[3]

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an Order, under Bankruptcy Code sections 102(1), 105(a), and 105(d), Bankruptcy Rules 1015(c), 2002(m), 9007, and 9036, and Local Bankruptcy Rule 2002-2, approving and implementing the Case Management Procedures annexed as Exhibit 1 to the proposed order attached as Exhibit A hereto.  The Debtors further request that, to the extent the Case Management Procedures conflict with the Bankruptcy Rules or the Local Bankruptcy Rules, the Case Management Procedures shall govern and supersede such rules.

9.      For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## THE CASE MANAGEMENT PROCEDURES

10.      As set forth more fully on Exhibit 1 to the proposed order attached as Exhibit A hereto, the Case Management Procedures, among other things, (i) establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents, and other documents filed in these Chapter 11 Cases (collectively, the "Court Filings"); (ii) delineate standards for notices of hearings and agenda letters; (iii) fix periodic omnibus hearing dates and articulate mandatory guidelines for

---

[3]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

the scheduling of hearings and objection deadlines; and (iv) limit matters that are required to be heard by the Court.

11.      Given the size and scope of these cases, the Debtors believe that the Case Management Procedures will facilitate service of Court Filings that will be less burdensome and costly than serving such pleadings on every potentially interested party, which, in turn, will maximize the efficiency and orderly administration of these Chapter 11 Cases, while at the same time ensuring that appropriate notice is provided, particularly to parties who have expressed an interest in these cases and those directly affected by a request for relief.  In particular, the Case Management Procedures are intended to:

(a)      reduce the need for emergency hearings and requests for expedited relief;

(b)      provide for omnibus hearings for the Court to consider motions, pleadings, applications, objections and responses thereto;

(c)      foster consensual resolution of important matters;

(d)      assure prompt receipt of appropriate notice affecting parties' interests;

(e)      allow for electronic notice pursuant to the Court's electronic filing system;

(f)      provide ample opportunity to parties in interest to prepare for and respond to matters before this Court;

(g)      reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these Chapter 11 Cases; and

(h)      reduce the administrative burdens on the Court and the Clerk's office.

12.      To ensure that parties in interest in these Chapter 11 Cases are made aware of the Case Management Procedures, the Debtors shall direct their proposed claims and noticing agent, Prime Clerk LLC ("Prime Clerk" or the "Claims and Noticing Agent")[4] to (i) serve the

---

[4]      The request to retain Prime Clerk is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the

*(cont'd)*

Case Management Procedures on the Master Service List (as defined in the Case Management

Procedures) and (ii) publish the Case Management Procedures on the website to be maintained

by Prime Clerk at https://cases.primeclerk.com/sunedison (the "Case Website").  In the event the

Case Management Procedures are modified during these Chapter 11 Cases, the Debtors will

ensure that the Claims and Noticing Agent (i) updates the version of the Case Management

Procedures available on the Case Website, (ii) files notice of the same electronically on the

docket, and (iii) serves such updated procedures in accordance with the then-current Case

Management Procedures.

## APPLICABLE AUTHORITY

13.    The Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules

provide the Court with authority to approve notice, case management, and administrative

procedures.  Specifically, Bankruptcy Rule 2002(m) states that "[t]he court may from time to

time enter orders designating the matters in respect to which, the entity to whom, and the form

and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R.

Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("When notice is to be given under these

rules, the court shall designate, if not otherwise specified herein, the time within which, the

entities to whom, and the form and manner in which the notice shall be given.").  In addition,

Bankruptcy Rule 9036 authorizes parties in interest to request that "all or part of the information

required to be contained in the notice be sent by a specified type of electronic transmission[.]"

Fed. R. Bankr. P. 9036.

_____
*(cont'd from previous page)*
administrative information to parties in interest so long as the costs of the services are paid for out of assets of
the estate.  See 28 U.S.C. § 156(c); see also Debtors' Application for Order Pursuant to 28 U.S.C. § 156(c),
Bankruptcy Code Section 105(a), Bankruptcy Rule 2016, and Local Bankruptcy Rule 5075-1 Authorizing
Employment and Retention of Prime Clerk as Claims and Noticing Agent, *Nunc Pro Tunc* to the Petition Date,
filed contemporaneously herewith.

14.     Bankruptcy Code section 102(1) provides that, where the Bankruptcy

Code provides for an action to occur "after notice and a hearing," such action may occur "after

such notice as is appropriate in the particular circumstances, and such opportunity for a hearing

as is appropriate in the particular circumstances. . ." 11 U.S.C. § 102(1)(A).  Local Bankruptcy

Rule 2002-2 also allows the Court to set notice requirements and objection deadlines that are

appropriate under the facts and circumstances of each chapter 11 case.  Therefore, the Debtors

submit that omnibus hearings and electronic notice, whenever possible, should be permitted to

alleviate the burden on the Debtors, the Court, the Clerk of the Court, and other parties in

interest.  Thus, the relief requested herein is further supported by Bankruptcy Rule 1015(c),

which provides that when two or more cases are being jointly administered, as is proposed in

these Chapter 11 Cases, the Court may enter orders "as may tend to avoid unnecessary costs and

delay." Fed. R. Bankr. P. 1015(c).

15.     Furthermore, pursuant to General Order M-399 of the United States

Bankruptcy Court for the Southern District of New York (Bankr. S.D.N.Y. May 17, 2010)

(superseding General Order M-242) ("General Order M-399"), the Court's issuance of an

account to a user of the Court's electronic filing system "constitutes a waiver of conventional

service with respect to that user."  General Order M-399 at § II.B.1.  Hence, any party submitting

a document pursuant to the Court's electronic filing system already has consented to electronic

service as provided by the proposed order attached hereto, and no such party will be prejudiced

by electronic  notice.  Such registered participants will receive a "Notice of Electronic Filing" via

e-mail whenever a filing is made, which will provide additional notice to such parties.  If a party

does not have access to e-mail, then such party will be served by U.S. mail, overnight delivery,

facsimile, or hand delivery.  Therefore, no party will be affected adversely by the proposed electronic service set forth in the Case Management Procedures.

16.    Courts in this district have granted similar relief in other chapter 11 cases. See, e.g., In re Sabine Oil & Gas Corporation, Case No. 15-11835 (SCC) (July 16, 2015); In re Chassix Holdings, Inc., Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 20, 2015); In re Lightsquared Inc., Case No. 12-12080 (SCC) (Bankr. S.D.N.Y. June 11, 2012); In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Feb. 15, 2012); In re Hostess Brands, Inc., Case No. 12-22052 (RDD) (Bankr. S.D.N.Y. Jan. 12, 2012); In re AMR Corp., Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Dec. 23, 2011); In re Borders Group, Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Feb. 16, 2011); In re The Great Atlantic & Pacific Tea Co., Inc., Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 14, 2010); In re Blockbuster Inc., Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Oct. 20, 2010).[5]  The Debtors submit that the present circumstances warrant similar relief in these Chapter 11 Cases.

17.    In sum, approval of the Case Management Procedures will promote the efficient and orderly administration of these Chapter 11 Cases by, among other things: (i) limiting service of documents filed in the case to those parties that have an interest in the subject matter thereof; (ii) authorizing electronic service; and (iii) fixing monthly omnibus hearings.  Additionally, the Case Management Procedures do not seek to waive the substantive rights of any party to these Chapter 11 Cases.

18.    For the reasons set forth above, the Debtors submit that the Case Management Procedures are appropriate and should be approved and implemented in these

---

[5]    Because of the voluminous nature of the orders cited herein, they are not attached to the Motion.  Copies of these orders, however, are available upon request.

Chapter 11 Cases, as the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest.

## NOTICE

19.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors (the "Steering Committee"); (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (g) the U.S. Attorney for the Southern District of New York; (h) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility; (i) the parties listed in the consolidated list of forty (40) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made to this Court or any other court.


## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
         April 21, 2016

                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                By: */s/ Jay M. Goffman*
                                    Jay M. Goffman
                                    J. Eric Ivester
                                    Four Times Square
                                    New York, New York 10036-6522
                                    Telephone: (212) 735-3000
                                    Fax: (212) 735-2000

                                    -and-

                                    James J. Mazza, Jr. (*pro hac vice pending*)
                                    Louis S. Chiappetta (*pro hac vice pending*)
                                    155 N. Wacker Dr.
                                    Chicago, Illinois 60606-1720
                                    Telephone: (312) 407-0700
                                    Fax: (312) 407-0411

                                *Proposed Counsel for Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| **SUNEDISON, INC.,** *et al.*, | : **Case No. 16-10992 (SMB)** |
| | : |
| **Debtors.**[1] | : **(Joint Administration Pending)** |
| | : |
| | : |

## ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 102 AND 105, BANKRUPTCY RULES 1015, 2002, 9007, AND 9036, AND LOCAL BANKRUPTCY RULE 2002 AUTHORIZING THE ESTABLISHMENT OF CERTAIN NOTICE, CASE MANAGEMENT, <u>AND ADMINISTRATIVE PROCEDURES</u>

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for an order, pursuant to sections

102(1), 105(a), and 105(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules

1015(c), 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy</u>

<u>Rules</u>"), and Rule 2002-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court

for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), approving and

implementing the notice, case management, and administrative procedures annexed hereto as

<u>Exhibit 1</u> (collectively, the "<u>Case Management Procedures</u>"); and upon the First Day

Declaration; and due and sufficient notice of the Motion having been given under the particular

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED solely to the extent set forth herein.

2. The Case Management Procedures, as set forth on Exhibit 1 hereto, are approved and shall govern all applicable aspects of these Chapter 11 Cases, except as otherwise ordered by the Court.

3. A printed copy of this Order, including the Case Management Procedures set forth on Exhibit 1 hereto, shall be served upon all parties on the Master Service List (as defined in the Case Management Procedures) within three (3) days of entry of this Order.

4. To the extent the Case Management Procedures conflict with the Bankruptcy Rules or the Local Bankruptcy Rules, the Case Management Procedures shall govern and supersede such rules.

5. The first omnibus hearing will be held at __:__ a.m. on the __the day of [_____], 2016.

6. The Debtors' claims and noticing agent, Prime Clerk, is authorized, but not directed, to establish a case website at https://cases.primeclerk.com/sunedison where, among other things, key dates and information about the Debtors' Chapter 11 Cases, including electronic copies of all pleadings filed in these Chapter 11 Cases, may be posted to be viewed free of charge.

7.      Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in Bankruptcy Code section 342(c)(1).

8.      The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
       _____, 2016


       _____
       UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

## **Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : **Chapter 11** |
| | : |
| **SUNEDISON, INC.,** *et al.*, | : **Case No. 16-10992 (SMB)** |
| | : |
| **Debtors.**[1] | : **(Jointly Administered)** |
| | : |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

On April 21, 2016, SunEdison, Inc. ("SUNE") and certain of its affiliates, the

debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and,

together with their non-Debtor affiliates, "SunEdison" or the "Company") each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

in the United States Bankruptcy Court for the Southern District of New York (the "Court").  The

Debtors are operating their businesses and managing their properties as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108.

On [_____], 2016, the Court entered an order (the "Procedures Order")

approving the notice, case management, and administrative procedures (the "Case Management

Procedures") set forth herein pursuant to Bankruptcy Code sections 102(1), 105(a), and 105(d),

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

Rules 1015(c), 2002(m), 9007 and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2002-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), and General Order M-399 of the United States Bankruptcy Court for the Southern District of New York (Bankr. S.D.N.Y. May 17, 2010) (superseding General Order M-242) ("General Order M-399").  Anyone may obtain a copy of the Procedures Order, as well as any document filed with the Court in the Debtors' chapter 11 cases (the "Chapter 11 Cases"), by: (a) accessing the website maintained by Prime Clerk LLC ("Prime Clerk" or the "Notice and Claims Agent") at https://cases.primeclerk.com/sunedison (the "Case Website"); (b) contacting Prime Clerk directly at (855) 388-4575 (toll free for callers within the United States) and (646) 795-6966 (for international callers); or (c) for a nominal fee, accessing the PACER system on the Court's website at www.nysb.uscourts.gov.  Finally, paper copies of all pleadings filed in the Chapter 11 Cases may be available from the Court.

Pursuant to the Procedures Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, replies and other documents filed in the Chapter 11 Cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures.  Additionally, while the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules apply to the Chapter 11 Cases, to the extent there is a conflict between the foregoing and the Case Management Procedures, the Case Management Procedures govern in all respects.  ***Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein prior to filing any documents in these Chapter 11 Cases***.

<u>**Case Management Procedures**</u>

## I.    HEARING PROCEDURES

1.    ***Matters to Be Heard at Omnibus Hearings***.  Except as otherwise provided below, the Court shall schedule periodic omnibus hearings (the "<u>Omnibus Hearings</u>") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>"), and all objections and responses to such Requests for Relief (collectively, the "<u>Objections</u>", and together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>"), pursuant to the following procedures:

2.    ***Initial Omnibus Hearings***.  The first Omnibus Hearing will be held at __:__ a.m. on the __th day of [_____], 2016.

3.    ***Subsequent Omnibus Hearings***.  At or before the first Omnibus Hearing held on  [_____], 2016, the Debtors shall request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, Prime Clerk shall post the dates of the additional Omnibus Hearings on the Case Website.  Parties may contact Prime Clerk for information concerning all scheduled Omnibus Hearings.

4.    ***Proposed Omnibus Hearing Agenda***.  Two business days before each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "<u>Proposed Hearing Agenda</u>").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matter(s).

3

5.      ***Content of Proposed Hearing Agenda***.  The Proposed Hearing Agenda
will include, to the extent known by Debtors' counsel: (a) the docket number and title of each
matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any
Objections, replies, or documents related thereto; (b) whether the matters are contested or
uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a
suggestion for the order in which the matters should be addressed; and (e) any other comments
that will assist the Court.

6.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to
consultation with the Court's chambers, hearings in connection with individual and omnibus
claim objections, applications for professional compensation and reimbursement, pre-trial
conferences, asset sales and trials related to adversary proceedings, approval of a disclosure
statement, confirmation of a plan and any other Court Filing filed by the Debtors may be
scheduled for dates other than the Omnibus Hearing dates; provided, however, that hearings in
connection therewith may be scheduled on a non-Omnibus Hearing date only after consultation
with counsel to (i) the Debtors, (ii) the Creditors' Committee(as defined below), (iii) the Tranche
B Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee
(as defined below), and (iv) the DIP Agent (as defined below), which consultation shall occur as
soon as practicable, and the Debtors shall include a statement in the filed Court Filing as to the
positions of the Creditors' Committee, the Tranche B Lenders (as defined in the debtor-in-
possession credit agreement) and the Steering Committee (as defined below), and the DIP Agent
with respect to the scheduling of such non-Omnibus Hearing date; provided, however, that initial
pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors
shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of

the complaint; and provided, further, that hearings on all other Requests for Relief, except for

those Requests for Relief specifically referenced in this paragraph or requiring emergency relief,

filed by any party must be scheduled for an Omnibus Hearing.

7.      ***Evidentiary Hearing***.  With respect to any Court Filing, if an Objection or

other responsive pleading is filed, the Omnibus Hearing shall not be deemed an evidentiary

hearing at which witnesses may testify, unless the Proposed Hearing Agenda provides otherwise.

Additionally, any Court Filing requesting or requiring the Court to make a factual finding must

be supported by competent evidence (e.g., declarations, affidavits, and exhibits).

8.      ***Telephonic Appearances***.  A party desiring to participate in a hearing

telephonically must request permission from chambers and notify counsel to the Debtors at least

48 hours before the applicable hearing.  If chambers permits telephonic participation, the party

participating telephonically must arrange such participation with Court Call, adhering to the

procedures for telephonic participation applicable in the Court.  Those parties participating by

phone may not use speakerphones unless first authorized by the Court; by reason of technical

limitations of the equipment, and the way speakerphones disrupt proceedings in the courtroom,

speakerphone authorizations usually will not be granted.  Persons participating by phone (and

especially by speakerphone) must put their phones on "mute" except when they need to be heard.

Persons so participating are not to put their phones on "hold" under any circumstances.

## II.    FILING AND SERVICE PROCEDURES

9.      All Court Filings filed in these Chapter 11 Cases shall be filed

electronically with the Court on the docket of *In re SunEdison, Inc., et al.*, Case No. 16-10992

(SMB), in accordance with the Court's General Order M-399, by registered users of the Court's

case filing system (the "Electronic Filing System").  Further, pursuant to Local Bankruptcy Rule

9070-1, at least one hard copy of any Court Filing (other than proofs of claim) shall be (a)

marked "Chambers Copy" and delivered in an unsealed envelope to the chambers of the

Honorable Stuart M. Bernstein, United States Bankruptcy Court, One Bowling Green, New

York, New York 10004-1408, not later than the next business day following the date on which

such Court Filing is electronically filed, and (b) delivered by first class mail to the Office of the

United States Trustee for the Southern District of New York (the "United States Trustee").

**A.      The Service List.**

10.      ***Parties Entitled to Service***.  All Court Filings (other than proofs of claim)

shall be served on the following parties (collectively, the "Service List"), in the manner set forth

in these Case Management Procedures.

a.      **Master Service List**.  Prime Clerk shall maintain a master service list (the "Master Service List").  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting Prime Clerk directly, or (iii) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

(i)      the Chambers of the Honorable Stuart M. Bernstein (the "Chambers"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004;

(ii)      the Debtors and their counsel;

(iii)      the Office of the United States Trustee for the Southern District of New York (the "United States Trustee");

(iv)      counsel to any statutory committee of unsecured creditors (the "Creditors' Committee"), or until such time as any committee is appointed, the entities listed on the consolidated list of forty (40) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases;

(v)      counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors (the "Steering Committee");

(vi)      counsel to the administrative agent under the Debtors' prepetition first lien credit agreement;

6

(vii)  counsel to the administrative agent under the Debtors' prepetition second lien credit agreement;

(viii) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement;

(ix)  counsel to the indenture trustee under each of the Debtors' outstanding bond issuances;

(x)  counsel to the administrative agent under the approved postpetition debtor-in-possession financing facility (the "<u>DIP Agent</u>");

(xi)  the U.S. Attorney for the Southern District of New York;

(xii) the Securities and Exchange Commission; and

(xiii) the Internal Revenue Service.

b.  **2002 List**.  Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "<u>2002 List</u>").

(i)  ***Filing Requests for Documents Requires Email Address***.  A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "<u>2002 Notice Request</u>") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

(ii)  ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "<u>Certification</u>").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with these Case Management Procedures.

(iii)  ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five business days requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

7

     (iv)   ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

    **c.**    **Affected Entities**.  All entities with a particularized interest in the subject matter of a specific Court Filing (each, an "<u>Affected Entity</u>"), including the entity filing the Request for Relief, is entitled to be served with all Court Filings relating to that interest.

11.    ***Maintenance of the Master Service List***.  At least every 30 days, Prime Clerk shall update the Service List by making any necessary additions and deletions and post the updated Service List on the Case Website.  Prime Clerk shall post the Service List on the Case Website commencing as of the date that is no later than ten (10) days from the date hereof.

**B.**    **Filing and Service of Court Filings Generally.**

12.    ***Electronic Filing and Service***.  All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service; <u>provided</u>, <u>however</u>, Court Filings shall be served on the Master Service List by email and by first class mail.  Subject to the limited exclusions set forth herein, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings, except as provided herein.

    **a.**    **Email Subject Line**.  With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number, *In re SunEdison, Inc., et al.*, Case No. 16-10992 (SMB), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

8

      b.    **Email Attachments**.  All Court Filings served by email shall include the entire document, including any proposed form(s) of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.  Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

13.     *Paper Service of Certain Affected Entities*.  To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

14.     *Waiver of Filing Deadlines*.  If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f) shall not apply.

15.     *Form of Papers*.  Unless prior permission has been granted, motions, memoranda of law in support of motions, applications, and Objections are limited to 35 pages and replies and statements are limited to 15 pages.  All Court Filings (other than exhibits) shall be double-spaced, 12-point font, with 1-inch margins.  The applicable Objection Deadline (as defined below) and hearing date shall appear on the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading.  The applicable hearing date shall appear on the upper right corner of the first page of any filed Objection.

16.     ***Certificates of Service***.  Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

17.     ***Right to Request Special Notice Procedures***.  Nothing herein shall prejudice the right of any party to seek an amendment or waiver of the provisions of these Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency ex parte relief or relief upon shortened notice.

18.     ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in Bankruptcy Code section 342(c)(1).

**C.     Filing and Service of Requests for Relief.**

19.     ***Requests for Relief to Be Heard at Omnibus Hearing***.  If a party files and serves a Request for Relief seeking relief pursuant to Bankruptcy Rules 2002(a) or (b), the hearing to consider such Request for Relief shall be set in accordance with the time period set forth in Bankruptcy Rules 2002(a) and (b) and 9006.  For all other Requests for Relief, with the exception of those filed pursuant to the Presentment Procedures (as described below), Requests for Relief shall not be considered unless filed and served in accordance with the Case Management Procedures at least 21 calendar days before the next applicable hearing date (and if such 21st day is a date other than a business day, such Request for Relief must be filed and served by the first business day preceding such date); provided, however, that nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and (c).

20.     ***Inconsistent Filing***.  If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with these Case Management Procedures (an "Inconsistent Filing"), the Request for Relief shall be heard, without the necessity

10

of a Court order, at the first Omnibus Hearing after the applicable notice period has expired, and

all applicable deadlines shall be accordingly extended.

21. ***Emergency Scheduling Procedures***. If a movant or applicant other than

the Debtors determines that a Request for Relief requires emergency or expedited relief, the

movant or applicant shall contact counsel for (i) the Debtors, (ii) the Creditors' Committee, (iii)

the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the Steering

Committee, and (iv) the DIP Agent, each by telephone, and request that the motion or application

be considered on an expedited basis. If the Debtors, the Creditors' Committee, the Tranche B

Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee,

and/or the DIP Agent disagrees with the movant's or applicant's request for emergency or

expedited relief, the movant or applicant shall (i) inform the Court of the disagreement by

telephone and (ii) arrange for a Chambers conference, telephonic or in-person, to discuss the

disagreement. If the Court agrees with the position of the movant or applicant regarding the

necessity for expedited consideration, the movant or applicant may, by order to show cause,

request an expedited hearing.

22. ***Notices of Requests for Relief***. A notice shall be affixed to the front of

each Request for Relief and shall set forth (i) the title of the Request for Relief, (ii) the time and

date of the Objection Deadline (as defined below), (iii) the parties on whom any Objection is to

be served, and (iv) the Omnibus Hearing date at which the party intends to present the Request

for Relief. The notice may also include a statement that the relief requested therein may be

granted without a hearing if no Objection is timely filed and served in accordance with these

Case Management Procedures (a "Presentment Notice"). If the notice filed with a Request for

Relief includes a Presentment Notice, after the Objection Deadline (as defined below) has passed

and if no Objection has been filed and served in accordance with these Case Management

Procedures, counsel to the party who filed the Request for Relief may file a certification that no

Objection has been filed or served on them and may request that the Court grant the relief and

enter an order without a hearing.

23.    ***Service of Requests for Relief***.  For any Court Filing for which particular

notice is required to be served on all creditors and parties with a particular interest in the relief

sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004,

6007, and 9019, parties shall serve all such Court Filings only on the Service List in accordance

with the following, unless otherwise ordered by the Court:

a.    in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

b.    in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

c.    in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

d.    in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.    any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.    on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

24.    ***Notice Provisions Not Applicable to Certain Matters***. Except as set forth

in the Case Management Procedures or otherwise provided by order of this Court, the notice

provisions of the Case Management Procedures shall not apply to notices of the matters or

proceedings described in the following Bankruptcy Rules:

a.  Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

b.  Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.  Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.  Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.  Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.  Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.  Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.  Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.  Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.  Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.  Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.  Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.  Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.  Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

25.      ***Requests for Relief to Include Proposed Order***.  Parties submitting

written motions or other Requests for Relief shall be required to include a proposed order with

such Request for Relief.

**D.      Filing and Service of Objections and Replies.**

26.      ***Deadline for Objections***.  Any Objection to a Request for Relief must be

filed with the Court and served upon the party filing the Request for Relief and those parties on

the Service List by the following deadlines (each, as applicable, the "Objection Deadline"):

a.      in the case of a Request for Relief filed 21 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

b.      in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than 10 days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing;

c.      in any case, as otherwise ordered by the Court.

27.      ***Extension of Objection Deadline***.  The Objection Deadline may be

extended without order of the Court upon the consent of the party filing the Request for Relief,

but such party shall provide email notice to Chambers of any such extension.

28.      ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file

an Objection by the Objection Deadline may cause the Court to not consider the Objection.

29.      ***Effect of Adjournment***.  If any Request for Relief is adjourned, the

Objection Deadline with respect thereto shall be extended to 4:00 p.m. (Prevailing Eastern Time)

on the date that is 7 calendar days prior to the applicable hearing, and all other applicable

deadlines shall be likewise extended.

30.      ***Service of Objections***. All Objections shall be filed with the Court and

served by the applicable Objection Deadline upon the party filing the Request for Relief, those

14

parties on the Service List including each Affected Entity; *provided* that if the Objection

Deadline is after the date that is seven days before the applicable hearing, then Objections shall

also be served by email, facsimile, hand delivery, or overnight mail upon the following parties:

(i) the Debtors, (ii) counsel to the Debtors, (iii) the United States Trustee, (iv) counsel to the

Creditors' Committee, (v) counsel to the Tranche B Lenders (as defined in the debtor-in-

possession credit agreement) and the Steering Committee, (vi) counsel to the administrative

agent under the Debtors' prepetition first lien credit agreement, (vii) counsel to the

administrative agent under the Debtors' prepetition second lien credit agreement, (viii) counsel

to the collateral trustee under the Debtors' prepetition second lien credit agreement, (ix) counsel

to the indenture trustee under each of the Debtors' outstanding bond issuances, (x) counsel to the

DIP Agent, and (xi) each Affected Entity.

31.    ***Service of Replies to Objections***.  If a Court Filing is a reply to an

Objection, joinder to an Objection, or any statement, such Court Filing shall be filed with the

Court and served so as to <u>*actually be received by*</u> (i) the Debtors, (ii) counsel to the Debtors, (iii)

the United States Trustee, (iv) counsel to the Creditors' Committee, (v) counsel to the Tranche B

Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee,

(vi) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement,

(vii) counsel to the administrative agent under the Debtors' prepetition second lien credit

agreement, (viii) counsel to the collateral trustee under the Debtors' prepetition second lien credit

agreement, (ix) counsel to the indenture trustee under each of the Debtors' outstanding bond

issuances, (x) counsel to the DIP Agent, and (xi) each Affected Entity by 4:00 p.m. (prevailing

Eastern Time) on the date that is two (2) business days before the applicable hearing date;

<u>provided</u>, <u>however</u>, that the deadline for the Debtors, the Creditors' Committee, the Tranche B

Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee,

and the DIP Agent shall be 12:00 p.m. (prevailing Eastern Time) on the date that is one (1)

calendar day before the applicable hearing date. Sur-replies shall not be permitted or considered

unless authorized by the Court.

32.    ***Settlements***.  In the event that a matter is properly noticed for hearing and

the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may

announce the settlement at the scheduled hearing.  In the event that the Court determines that the

notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that

the terms of the settlement are not materially different from what parties in interest could have

expected if the dispute were fully litigated), the Court may approve the settlement at the hearing

without further notice of the terms of the settlement.

33.    In the event that the Court determines that additional or supplemental

notice is required, the Debtors shall serve such notice in accordance with the procedures set forth

herein, and a hearing to consider such settlement shall be held on the next hearing date deemed

appropriate by the Court.

34.    Court Filings related to a compromise or settlement must be served on the

Master Service List and any Affected Parties, but need not be served on all creditors.

**E.    Granting a Request for Relief Without a Hearing.**

35.    ***Certificate of No Objection***.  If no Objection to a Request for Relief is

filed and served in a timely fashion, the movant may submit a proposed order granting the

Request for Relief to the Court along with a certificate of no objection (a "Certificate of No

Objection") stating that no Objection has been filed or served on the movant.  By filing such

certification, counsel for the movant represents to the Court that the movant is unaware of any

16

Objection to the Request for Relief and that counsel has reviewed the Court's docket and no

Objection appears thereon.

36.    ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of

No Objection, the Court may enter an order granting the Request for Relief without further

pleading, hearing, or request, and once an order granting such Request for Relief is entered, no

further hearing on the Request for Relief shall be held.

37.    ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No

Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the

Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

**F.    Filing and Service of Orders.**

38.    ***Service of Orders***.  All parties submitting orders shall serve a conformed

copy of any entered order on (i) each Affected Entity, (ii) the Debtors, and (iii) Prime Clerk,

within two business days of entry of the order.  Prime Clerk shall post all orders on the Case

Website.

**G.    Filing and Adversary Proceedings.**

39.    ***Serving Adversary Proceedings***.  All Court Filings in any adversary

proceeding commenced in these Chapter 11 Cases shall be served upon each Affected Entity and

any other parties required to be served under any applicable Bankruptcy Rule or Local

Bankruptcy Rule.

40.    ***Discovery Rules in Contested Matters and Adversary Proceedings***.

Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect

to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting

before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these Chapter 11 Cases.

**H.**     **Other Pleadings.**

41.    ***Joinders***.  Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder").  Unless otherwise ordered by the Court, filing a Joinder does *not* entitle such party to: (i) be an independent proponent of the Court Filing; (ii) independently support or oppose any related Court Filings; (iii) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (iv) independently receive a ruling from the Court on the Court Filing.  The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

42.    ***Motion Practice for Lift Stay Actions***.  A motion filed by a non-Debtor party seeking relief from the automatic stay (a "Stay Relief Motion") in accordance with Bankruptcy Code section 362 shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline shall be the later of (i) 14 calendar days after the filing and service of the Stay Relief Motion or (ii) three calendar days prior to the hearing scheduled with respect thereto.

43.    Notwithstanding Bankruptcy Code section 362(e), if a Stay Relief Motion is scheduled in accordance with these Case Management Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of,

18

or as a result of, a final hearing and determination under Bankruptcy Code section 362(d) and

shall be deemed to have waived its right to assert the termination of the automatic stay under

Bankruptcy Code section 362(e).

44.    ***Motions for Summary Judgment***.  Pursuant to Local Bankruptcy Rule

7056-1, no motion for summary judgment may be made without first seeking a pre-motion

conference.  A request for such conference should be made by letter, filed and served in

accordance with these Case Management Procedures, setting forth the issues to be presented

under the summary judgment motion.

45.    ***Motions for Reargument***.  Motions for reargument must identify with

particularity the matter for reconsideration in accordance with Local Bankruptcy Rule 9023-1.

If, after review of the motion, the Court determines that it wishes a response, and/or hearing, it

will notify the applicable parties accordingly.

46.    ***Motions for Temporary Restraining Orders***.  Parties seeking a temporary

restraining order (a "<u>TRO</u>") must comply with the requirements of Federal Rule of Civil

Procedure 65(b).  Applications for a TRO will be heard in open court, on the record, with a court

reporter or audio recording.  Parties wishing to oppose a TRO will be heard by telephone upon

request.  Applicants seeking TROs are reminded of the need to submit with their motion papers

the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice

provided to anyone who might wish to oppose the application.  Any assertions that notice cannot

or should not be given must likewise be supported by affidavit.  Any request for a TRO must be

preceded by a telephone call to Chambers, advising Chambers of the nature of the controversy,

the need for emergency relief, why a noticed hearing for a preliminary injunction would be

insufficient, when a hearing on the TRO application is needed, and when the motion papers will

be forthcoming.  Except in those rare cases where advance notice of the TRO application would

vitiate the purpose of a TRO (and where that can be established by affidavit), immediate

telephonic notice of the application must be provided to all parties reasonably expected to be

affected by entry of the TRO, or provisions therein.  In addition, the motion papers on any TRO

application must be hand delivered, emailed, or faxed to any such parties at the same time that

the papers are provided to Chambers.

## III.    ADDITIONAL CASE MANAGEMENT PROCEDURES

47.    ***Adequate Notice***.  Notice and service accomplished in accordance with

the provisions set forth in these Case Management Procedures shall be deemed adequate in all

respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy

Rules.

48.    ***Computation of Time***.  Unless otherwise specified herein, all time periods

referenced in these Case Management Procedures shall be calculated in accordance with

Bankruptcy Rule 9006(a).

49.    ***Effect of these Case Management Procedures***.  The Bankruptcy Rules

and the Local Bankruptcy Rules shall continue to apply to all proceedings in these Chapter 11

Cases, except to the extent that any provision of these Case Management Procedures by its terms

supersedes or is inconsistent with such rules.  Nothing in the Procedures Order shall prejudice

the rights of any party in interest to seek an amendment or waiver of the provisions of the Case

Management Procedures upon a showing of good cause.  The Debtors may seek to amend the

Case Management Procedures from time to time throughout the Chapter 11 Cases, with the

consent of the Creditors' Committee, the Tranche B Lenders (as defined in the debtor-in-

possession credit agreement) and the Steering Committee, and the DIP Agent, and shall present

such amendments to the Court by notice of presentment in accordance with the Case

Management Procedures.  Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information, or to protect a person with respect to scandalous or defamatory matter contained in a Court Filing in these Chapter 11 Cases.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of the Procedures Order.

      50.    ***Promulgation of these Case Management Procedures***.  As soon as practicable after the entry of the Procedures Order, a copy of these Case Management Procedures shall be served by Prime Clerk on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, Prime Clerk shall serve a copy of these Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these Chapter 11 Cases are aware of the terms of these Case Management Procedures, Prime Clerk shall post these Case Management Procedures on the Case Website.

783239-WILSR01A - MSW