Hearing Date: Apr. 22, 2016 at 11:00 a.m. (Prevailing Eastern Time)
Objection Deadline: Apr. 22, 2016 at 11:00 a.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
| | : | |
| Debtors.[1] | : | **(Joint Administration Pending)** |
| | : | |
| | : | |

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(a), 341, AND 521, BANKRUPTCY RULES 1007(a)(3), 1007(c), 2002(d),
2002(m), AND 9006(b) AND LOCAL BANKRUPTCY RULE 1007-1 (I) GRANTING**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

**ADDITIONAL TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) GRANTING ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION REQUIRED UNDER BANKRUPTCY RULE 2015.3, (III) AUTHORIZING DEBTORS TO FILE CONSOLIDATING MONTHLY OPERATING REPORTS, AND (IV) WAIVING REQUIREMENT TO FILE LIST OF EQUITY SECURITY HOLDERS AND PROVIDE NOTICE OF COMMENCEMENT TO EQUITY SECURITY HOLDERS**

SunEdison, Inc. ("SUNE") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "SunEdison" or the "Company")[2] hereby move (the "Motion") this Court for entry of an order substantially in the form attached hereto as Exhibit A, under sections 105(a), 341, and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a)(3), 1007(c), 2002(d), 2002(m), and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") (i) granting the Debtors additional time to file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"), (ii) granting the Debtors additional time to file financial information reports pursuant to Bankruptcy Rule 2015.3(a) or, alternatively, an extension of time in which to file a motion seeking modification of the Bankruptcy Rule 2015.3 reporting requirement for cause, (iii) authorizing the filing of required monthly operating reports by consolidating the information required for each Debtor in one report, and (iv) waiving the requirement to (a) file a list of equity security holders (the "List") within fourteen (14) days of the Petition Date, as set forth in Bankruptcy Rule 1007(a)(3), and (b)

---

[2] For purposes herein, the definition of "SunEdison" and "Company" does not include Terraform Power, Inc. and Terraform Global, Inc., and each of their respective direct and indirect subsidiaries, unless otherwise provided.

provide notice of the commencement of these chapter 11 cases and the 341 meeting of creditors (the "Notice of Commencement") to equity security holders, as set forth in Bankruptcy Rule 2002(d) and Local Bankruptcy Rule 1007-1.  In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Patrick M. Cook, Vice-President – Capital Markets And Corporate Finance of SunEdison, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith.  In further support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 341, and 521, Bankruptcy Rules 1007(a)(3), 1007(c), 2002(d), 2002(m), and 9006(b), and Local Bankruptcy Rule 1007-1.

## BACKGROUND

**A.      The Chapter 11 Cases**

3.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered.

4.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3

5.      To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

6.      SunEdison is one of the world's leading developers of renewable-energy solutions. In addition to its development business, SunEdison owns, operates and/or provides maintenance services for clean power generation assets. SunEdison's renewable-energy development business is a global enterprise with substantial development activities on six continents.

7.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.[3]

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order granting the Debtors an additional thirty (30) days to file their Schedules and Statements pursuant to Bankruptcy Rule 1007(c). Such an extension would give the Debtors a total of forty-four (44) days from the Petition Date to file their Schedules and Statements. Additionally, the Debtors seek entry of an order pursuant to Bankruptcy Rule 9006(b), an extension of the time by which the Debtors must file their initial reports under Bankruptcy Rule 2015.3 ("Rule 2015.3 Reports") or a motion with the Court seeking appropriate modifications of such reporting requirements, for cause, to and including the thirtieth (30th) day after the first meeting of creditors to be held pursuant to

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

Bankruptcy Code section 341 (the "341 Meeting").  By this Motion, the Debtors also seek entry of an order authorizing the Debtors to file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Executive Office of United States Trustees (rev. 11/27/13) (the "U.S. Trustee Guidelines"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g. receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

9. Finally, the Debtors seek entry of an order waiving the requirement to (i) file the List of equity security holders within fourteen (14) days of the Petition Date, as set forth in Bankruptcy Rule 1007(a)(3), and (ii) provide the Notice of Commencement to equity security holders, as set forth in Bankruptcy Rule 2002(d) and Local Bankruptcy Rule 1007-1.  In all cases, the Debtors request such extensions and waivers without prejudice to their rights to seek further extensions or waivers from the Court.

10. For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

**A.      Deadline to File Schedules and Statements Should be Extended**

11. Bankruptcy Code section 521 provides that a debtor shall file, among other things, "(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs . . . ." See 11 U.S.C. § 521(a)(1)(B).  Bankruptcy Rule 1007 requires a debtor to also file, among other things, a schedule of executory contracts and unexpired leases.  Bankruptcy Rule 1007(c) further provides that this Court is authorized to grant an extension of the time to file the Schedules and

Statements "for cause." Due to the number of the Debtors' creditors, the geographic scope of the Debtors' operations, the size and complexity of the Debtors' business, and the limited staffing available to gather, process, and complete the Schedules and Statements, the Debtors will be unable to complete their Schedules and Statements by the current deadline imposed by Bankruptcy Rule 1007.

12. Given the substantial burdens already imposed on the Debtors' management by the commencement of these Chapter 11 Cases, the limited number of employees available to collect the information, the competing demands upon such employees, and the time and attention the Debtors must devote to the restructuring process, the Debtors submit that "cause" exists to extend the current deadline by thirty (30) days, until forty-four (44) days after the Petition Date (the "Extended Filing Deadline"). The requested extension will enhance the accuracy of the Statements and Schedules when filed and help avoid the potential necessity of substantial subsequent amendments. No party in interest will be prejudiced by the requested extension of time to file the Schedules and Statements. Moreover, the Debtors request such an extension without prejudice to their rights to seek further extensions or waivers from this Court.

13. Courts in this district have granted similar relief in other chapter 11 cases. See, e.g., In re Republic Airways Holdings Inc., Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) (extending deadline by 30 days); In re Relativity Fashion, LLC, Case No. 15-11989 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2015) (granting extension of 31 days); In re Nautilus Holdings Limited, Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014) (extending

6

deadline by 30 days); <u>In re Excel Maritime Carriers Ltd.</u>, Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. July 3, 2013) (same).[4]

**B.    Filing of Rule 2015.3 Reports Should Be Extended**

14.    Bankruptcy Rule 2015.3(a) requires the Debtors to file periodic Rule 2015.3 Reports on "the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest." Fed. R. Bankr. P. 2015.3(a). The first Rule 2015.3 Reports must be filed "no later than seven days before the first date set" for the 341 Meeting. <u>Id.</u> 2015.3(b). The 341 Meeting has not yet been scheduled, but it may be set by the United States Trustee in the early days of these Chapter 11 Cases.

15.    Pursuant to Bankruptcy Rule 9006(b)(1), this Court may, "for cause shown," enlarge the period of time within which an act is required to be done. Fed. R. Bankr. P. 9006(b)(1). Cause exists to extend the deadline for the filing of the Debtors' Rule 2015.3(a) Reports as requested herein based on (a) the number of entities and complexity of the Debtors' businesses, (b) the time and resources that must be devoted by the Debtors' financial advisors and other professionals to collect, analyze, and present the Rule 2015.3 Reports as prescribed in Official Form 26, and (c) the costs to the Debtors' estates of preparing the Rule 2015.3 Reports.

16.    At this time, the Debtors consist of 26 separate entities. Debtor SUNE is the ultimate parent company of hundreds of domestic and foreign subsidiaries and affiliates, which include Debtor entities and non-Debtor affiliate entities (the "<u>Non-Debtor Affiliates</u>") that are part of a complex corporate enterprise that operates throughout the world. Moreover, certain

---

[4]    Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

of the Debtors hold "a substantial or controlling interest," as those terms are defined by Bankruptcy Rule 2015.3(c), of numerous Non-Debtor Affiliates.

17. To prepare the Rule 2015.3 Reports, the Debtors must compile information from books, records, and documents relating to a multitude of transactions at numerous locations around the world. Assembling and compiling the financial reports of the value, operations, and profitability of the Non-Debtor Affiliates in the very brief time mandated by Rule 2015.3 would pose significant challenges and require the Debtors' employees and advisors to expend considerable resources and time. Furthermore, the Company does not currently prepare and maintain financial reports in the form required by Bankruptcy Rule 2015.3 for each of the Non-Debtor Affiliates. To create de novo reports would be unduly costly and burdensome to the Debtors. In addition, the Debtors' employees and advisors are already engaged in numerous other tasks necessary to facilitate these Chapter 11 Cases, including the preparation of various other schedules, reports, and other papers required by the Bankruptcy Code, the Bankruptcy Rules, and the U.S. Securities and Exchange Commission. The combination of these tasks have imposed substantial burdens on the Debtors' management, personnel, and advisors, in addition to the day-to-day operations of the Debtors' businesses.

18. The Debtors submit that the considerations described above amply demonstrate that an extension of time is warranted. Moreover, the Debtors and their advisors are in the process of evaluating the extent to which cause exists for this Court to vary the reporting requirements for the Debtors' Rule 2015.3 Reports, as contemplated under Bankruptcy Rule 2015.3(d).

19. Courts in this district have granted similar relief in other chapter 11 cases. See, e.g., In re Republic Airways Holdings Inc., Case No. 16-10429 (SHL) (Bankr. S.D.N.Y.

8

Feb. 29, 2016) (extending deadline to file Rule 2015.3 Reports to 30 days after the 341 Meeting); In re NII Holdings, Inc., Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) (same); In re RDA Holding Co., Case No. 13-22233 (RDD) (Bankr. S.D.N.Y. Feb. 21, 2013) (same); In re Eastman Kodak Company, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012) (granting extension until 45 days after the 341 Meeting).[5]

20.     Accordingly, the Debtors respectfully request that the Court extend the time in which the Debtors must file their initial Rule 2015.3 Reports or file a motion with the Court seeking appropriate modifications of such reporting requirements, for cause, until thirty (30) days after the 341 Meeting.

**C.     Consolidating Monthly Operating Reports**

21.     The Debtors seek authority to file their monthly operating reports (the "MORs") required by the U.S. Trustee Guidelines by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g. receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.  The Debtors submit that consolidating such information would further administrative economy and efficiency in these Chapter 11 Cases without prejudice to any party in interest, as the MOR would accurately reflect the Debtors' business operations and financial affairs.  The Debtors request that the requirement to file MORs terminate upon entry of an order confirming a plan in these Chapter 11 Cases (the date on which such order is entered, the "Confirmation Date"), such that the Debtors will not be required to file any MORs that become due after the Confirmation Date, including any MORs covering a period occurring before the Confirmation Date.

---

[5]   Because of the voluminous nature of the orders cited herein, they are not attached to the Motion.  Copies of these orders, however, are available on request.

9

22. Courts in this district have granted similar relief in other chapter 11 cases. See, e.g., In re Nautilus Holdings Ltd., Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014) (authorizing debtors to file MORs on a consolidated basis); In re NRN Broadway Donuts Inc., d/b/a Twin Donuts, Case No. 14-11026 (MG) (Bankr. S.D.N.Y. May 20, 2014) (same); In re Excel Maritime Carriers Ltd., Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. July 3, 2013) (same); In re Credit-Based Asset Servicing and Securitization LLC, Case No. 10-16040 (ALG) (Bankr. S.D.N.Y. Nov. 16, 2010) (same).[6]

**D. Waiver of the Requirements to File the Equity Security Holder List and Provide the Notice of Commencement to Equity Security Holders**

23. Bankruptcy Rule 1007(a)(3) provides that "[i]n a chapter 11 reorganization case, unless the court orders otherwise, the debtor must file within fourteen days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kinds of interests registered in the name of each holder, and the last known address or place of business for each holder." Further, Bankruptcy Rule 2002(d) provides that, unless otherwise ordered by the Court, the Debtors shall provide notice to all equity security holders of the order for relief and any 341 Meeting. See Fed. R. Bankr. P. 2002(d).

24. SUNE is a public company, and, as of the Petition Date, has over approximately 405,478,651 million shares of common stock outstanding, held by approximately 214 registered holders. The Debtors submit that preparing a list of all of SunEdison's equity security holders with last-known addresses and sending notice to all parties on such list will be burdensome, expensive, time consuming, and serve little or no beneficial purpose. The Debtors further submit that equity security holders will not be prejudiced because, to the extent it is

---

[6] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

determined that equity security holders are entitled to distributions from the Debtors' estates, those parties will be provided with notice of the bar date and will have an opportunity to assert their interest at that time. Further, equity security holders likely will know of these Chapter 11 Cases through the financial press as well as the Debtors' reporting with the United States Securities and Exchange Commission.

25. In light of the foregoing, the Debtors submit that ample cause exists for the Court to waive (i) the requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file the List and (ii) the requirement under Bankruptcy Rule 2002(d) that the Debtors mail the Notice of Commencement to all equity security holders.

26. Courts in this district have granted similar relief in other chapter 11 cases. See, e.g., In re Republic Airways Holdings Inc., Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) (waiving requirement to file list of equity security holders and modifying requirement to mail the Notice of Commencement to all equity security holders); In re SIGA Techs., Inc., Case No. 14-12623 (SHL) (Bankr. S.D.N.Y. Sept. 18, 2014) (waiving both requirements); In re NII Holdings, Inc., Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) (same); In re Pinnacle Airlines Corp., Case No. 12-11343 (REG) (Bankr. S.D.N.Y. Apr. 3, 2012) (same); In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012) (same); In re AMR Corp., Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Nov. 30, 2011) (same).[7]

27. Bankruptcy Code section 105(a) also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the

---

[7] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

11

Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that the relief requested herein is necessary and appropriate in these Chapter 11 Cases and is within the Court's equitable powers under Bankruptcy Code section 105.

## NOTICE

28. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors (the "Steering Committee"); (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (g) the U.S. Attorney for the Southern District of New York; (h) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility; (i) the parties listed in the consolidated list of forty (40) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

29. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
April 21, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jay M. Goffman*
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
|  | : |  |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 341, AND 521, BANKRUPTCY RULES 1007(a)(3), 1007(c), 2002(d), 2002(m), AND 9006(b) AND LOCAL BANKRUPTCY RULE 1007-1 (I) GRANTING ADDITIONAL TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) GRANTING ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION REQUIRED UNDER BANKRUPTCY RULE 2015.3, (III) AUTHORIZING DEBTORS TO FILE CONSOLIDATING MONTHLY OPERATING REPORTS, AND (IV) WAIVING REQUIREMENT TO FILE LIST OF EQUITY SECURITY HOLDERS AND PROVIDE NOTICE OF COMMENCEMENT TO EQUITY SECURITY HOLDERS**

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order"), pursuant to sections 105(a), 341, and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a)(3), 1007(c), 2002(d), 2002(m), and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

Bankruptcy Rules") (i) granting the Debtors additional time to file their Schedules and Statements, (ii) granting the Debtors additional time to file financial information reports pursuant to Bankruptcy Rule 2015.3(a) or, alternatively, an extension of time in which to file a motion seeking modification of the Bankruptcy Rule 2015.3 reporting requirement for cause, (iii) authorizing the filing of required monthly operating reports by consolidating the information required for each Debtor in one report, and (iv) waiving the requirement to (a) file the list of equity security holders (the "List") within fourteen (14) days of the Petition Date, as set forth in Bankruptcy Rule 1007(a)(3), and (b) provide notice of the commencement of these Chapter 11 Cases and the 341 Meeting (the "Notice of Commencement") to equity security holders, as set forth in Bankruptcy Rule 2002(d) and Local Bankruptcy Rule 1007-1; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

        **ORDERED, ADJUDGED AND DECREED that:**

        1.     The Motion is GRANTED solely to the extent set forth herein.

        2.     The Debtors are hereby granted an extension of thirty (30) days, until forty-four (44) days after the Petition Date (the "Extended Filing Deadline"), to file their Schedules and Statements.

        3.     The relief granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to prepare and file their Schedules and Statements.

4.  The time by which the Debtors must file their Rule 2015.3 Reports or, alternatively, to file a motion seeking a modification of the requirements of Rule 2015.3 for cause, is extended until thirty (30) days after the 341 Meeting.

5.  The relief granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to file Rule 2015.3 Reports upon notice of presentment or to seek modification of the reporting requirements under Bankruptcy Rule 2015.3 for cause.

6.  The Debtors may file their monthly operating reports (the "MORs") required by the U.S. Trustee Guidelines by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report. The requirement to file MORs shall terminate upon entry of an order confirming a plan in these Chapter 11 Cases (the date on which such order is entered, the "Confirmation Date"), such that the Debtors shall not be required to file any MORs that become due after the Confirmation Date, including any MORs covering a period occurring before the Confirmation Date. Notwithstanding the foregoing, the Debtors shall each separately file MORs and monthly reports of post-confirmation disbursements, as applicable, on an individual basis.

7.  The requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file the List of equity security holders within fourteen (14) days of the Petition Date is waived.

8.  The requirement under Bankruptcy Rule 2002(d) that the Debtors mail the Notice of Commencement to all equity security holders is waived.

9.  The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

3

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York

    _____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE

4