Hearing Date:  Apr. 22, 2016 at 11:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  Apr. 22, 2016 at 11:00 a.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors
 and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **SUNEDISON, INC.**, *et al.*, | : | Case No. 16-10992 (SMB) |
| | : | |
| Debtors.[1] | : | (Joint Administration Pending) |
| | : | |
| | : | |

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105(a) AND 342(a), BANKRUPTCY RULES 1007(d) AND 2002, AND
LOCAL BANKRUPTCY RULE 1007-1 (I) WAIVING CERTAIN CREDITOR LIST**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

**FILING REQUIREMENTS; (II) AUTHORIZING THE FILING OF A CONSOLIDATED LIST OF TOP 40 UNSECURED CREDITORS; AND (III) AUTHORIZING DEBTORS TO ESTABLISH PROCEDURES FOR NOTIFYING PARTIES OF THE COMMENCEMENT OF THESE CASES**

SunEdison, Inc. ("SUNE") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "SunEdison" or the "Company"),[2] hereby move (the "Motion") this Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), under sections 105(a) and 342(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(d) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules") (a) waiving the requirements applicable to creditor list filings under Local Bankruptcy Rule 1007-1; (b) authorizing the Debtors to file a single consolidated list of the forty (40) largest unsecured creditors in these chapter 11 cases in lieu of filing a list of each Debtor's twenty (20) largest unsecured creditors under Bankruptcy Rule 1007(d); and (c) authorizing the Debtors to establish certain procedures for notifying parties of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Patrick M. Cook – Vice-President, Capital Markets and Corporate Finance of SunEdison, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

---

[2] For purposes herein, the definition of "SunEdison" and "Company" does not include Terraform Power, Inc. and Terraform Global, Inc., and each of their respective direct and indirect subsidiaries, unless otherwise provided.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for the relief requested herein are sections 105(a) and 342(a) of the Bankruptcy Code, Bankruptcy Rules 1007(d) and 2002, and Local Bankruptcy Rule 1007-1.

## BACKGROUND

**A.    The Chapter 11 Cases**

3.  On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered.

4.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.  To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

6.  SunEdison is one of the world's leading developers of renewable-energy solutions. In addition to its development business, SunEdison owns, operates and/or provides maintenance services for clean power generation assets. SunEdison's renewable-energy

3

development business is a global enterprise with substantial development activities on six continents.

7.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.[3]

**RELIEF REQUESTED**

8.      By this Motion, the Debtors seek entry of an order (a) waiving the requirements applicable to creditor list filings pursuant to Local Bankruptcy Rule 1007-1 (collectively, the "List Filing Requirements"); (b) authorizing the Debtors to file a single consolidated list of the forty (40) largest unsecured creditors in these Chapter 11 Cases (the "Consolidated Top 40 List"), rather than a list of each Debtor's twenty (20) largest unsecured creditors (the "Top 20 List"), excluding insiders, pursuant to Bankruptcy Rule 1007(d); and (c) authorizing the Debtors to establish certain procedures (the "Procedures") for providing notice to parties of the commencement of these Chapter 11 Cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"). As set forth below, the Procedures establish guidelines for (i) the mailing of the Notice of Commencement and (ii) the publication of the Notice of Commencement. The proposed form of Notice of Commencement is attached hereto as Exhibit A-1.

---

[3]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**BASIS FOR RELIEF**

A.    **The Court Should Waive the List Filing Requirements**

9.    Under the List Filing Requirements and the procedures set forth therein, lists, schedules, and statements filed must comply with Bankruptcy Rule 1007 and Local Rule 1007-1. Local Rule 1007-1 requires, among other things, that creditor lists filed with the Court be formatted in a particular manner and that lists be filed individually by each Debtor.

10.    The Debtors have filed, or will soon file, a motion to retain a claims and noticing agent (the "Claims and Noticing Agent") as agent for the Office of the Clerk of Court ("Clerk's Office") to assist the Clerk's Office with, among other things, the notices to be provided in these Chapter 11 Cases. The Noticing Agent has prepared a consolidated list of creditors and potential parties in interest (the "Creditor List") based on the names and addresses that the Debtors maintained in their databases or were otherwise readily ascertainable by the Debtors before the Petition Date. The Debtors have provided to the Clerk's Office an electronic copy of the Creditor List. The Creditor List is in a format ordinarily used by the Noticing Agent and might not comply with all or some of the various List Filing Requirements.

11.    Under the circumstances, re-formatting the Creditor List, preparing and filing separate formatted creditor matrices, and otherwise complying with the List Filing Requirements will impose unnecessary administrative burdens on, and will distract, the Debtors, without any corresponding benefit to the estates. Accordingly, the Debtors request that the Court waive the List Filing Requirements and deem the Creditor List submitted to the Clerk's Office in electronic format, in lieu of filing a formatted creditor matrix, to be adequate and sufficient.

12.    To ensure the availability of a current master mailing list to all parties in these Chapter 11 Cases, the Debtors propose to provide, through the Noticing Agent, an updated Creditor List to the Clerk's Office in electronic format on a regular basis.

5

**B.     The Court Should Authorize the Debtors to File a Single Consolidated Top 40 List**

13.     Apart from the List Filing Requirements, Bankruptcy Rule 1007(d) requires a debtor to file a Top 20 List containing information on its twenty (20) largest unsecured creditors, excluding insiders. Fed. R. Bankr. P. 1007(d). The Top 20 List is used to facilitate the appointment of a creditors' committee by the United States Trustee (the "U.S. Trustee"). See In re Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by [Bankruptcy Rule 1007(d)] is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. 1102(a)(1).").

14.     If a creditors' committee is ultimately deemed appropriate, the Consolidated Top 40 List will be sufficient to aid in the U.S. Trustee's appointment of a creditors' committee. As with the List Filing Requirements discussed above, requiring each of the Debtors to file a Top 20 List would be unduly burdensome, with little, if any, attendant value to the Debtors' estates or the U.S. Trustee. Accordingly, the Debtors request that the Court waive the requirement that each of the Debtors file a Top 20 List and instead authorize the Debtors to file a single Consolidated Top 40 List.

**C.     The Proposed Procedures for the Notice of Commencement**

15.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a)(1). Furthermore, Bankruptcy Rule 2002 provides that notice of the order for relief shall be sent by mail to all creditors and shareholders. Fed. R. Bankr. P. 2002(d) and (f). The Debtors request authority for their Noticing Agent to

serve by regular mail the Notice of Commencement, substantially in the form of Exhibit A-1, to creditors and shareholders in accordance with Bankruptcy Rule 2002.

16. Bankruptcy Rule 2002(*l*) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P 2002(1). In addition to mailing the Notice of Commencement, the Debtors propose to publish, as soon as reasonably practicable, (i) the Notice of Commencement, substantially in the form of Exhibit A-1, on the website maintained by the Noticing Agent at https://cases.primeclerk.com/sunedison, and (ii) a modified, condensed version of the Notice of Commencement in a relevant periodical. The Debtors believe that such publication of the Notice of Commencement will provide sufficient notice to persons who do not otherwise receive notice by mail.

17. These proposed Procedures will ensure that the Debtors' creditors and shareholders receive prompt notice of the commencement of these Chapter 11 Cases and of the meeting of creditors. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that implementation of the Procedures is appropriate in these Chapter 11 Cases to provide adequate notice and within the Court's equitable powers under section 105 of the Bankruptcy Code. The Debtors hereby request that the Court approve the foregoing as providing sufficient notice of the commencement of these Chapter 11 Cases.

## NOTICE

18. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the

Debtors' prepetition first lien credit agreement; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors (collectively, the "Steering Committee"); (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (g) the U.S. Attorney for the Southern District of New York; (h) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility; (i) the parties listed in the consolidated list of forty (40) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
April 21, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jay M. Goffman*
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax:(212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

# **Exhibit A**

# **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SUNEDISON, INC., *et al.*, | : | Case No. 16-10992 (SMB) |
| | : | |
| Debtors.[1] | : | (Joint Administration Pending) |
| | : | |

**ORDER (I) WAIVING CERTAIN CREDITOR LIST FILING REQUIREMENTS; (II) AUTHORIZING THE FILING OF A CONSOLIDATED LIST OF TOP 40 UNSECURED CREDITORS; AND (III) AUTHORIZING DEBTORS TO ESTABLISH PROCEDURES FOR NOTIFYING PARTIES OF THE COMMENCEMENT OF THESE CASES**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") (a) waiving the List Filing Requirements; (b) authorizing the Debtors to file a single Consolidated Top 40 List instead of the individual Top 20 Lists contemplated by Bankruptcy Rule 1007(d); and (c) authorizing the Debtors to establish certain procedures for notifying parties of the commencement of these Chapter 11 Cases and of a meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "Commencement Notice"), all as more fully described in the Motion; and upon the First Day Declaration; and due and sufficient notice of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First-Day Declaration.

having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED solely to the extent set forth herein.

2. The Debtors shall provide a Creditor List to the Clerk's Office in electronic format, in lieu of filing a formatted creditor matrix, and such Creditor List is deemed adequate and sufficient, and the List Filing Requirements are hereby waived. The Noticing Agent shall provide an updated Creditor List to the Clerk's Office in electronic format on a regular basis.

3. The Debtors are authorized to file a single Consolidated Top 40 List in lieu of each Debtor filing a separate Top 20 List.

4. The Notice of Commencement, substantially in the form annexed to the Motion as Exhibit A-1, is approved.

5. The Debtors shall cause the Notice of Commencement to be served via first class mail on known parties entitled to receive such notice.

6. The Debtors shall cause to be published (i) the Notice of Commencement, substantially in the form of Exhibit A-1, on the website maintained by the Noticing Agent at http://cases.primeclerk.com/sunedsion, and (ii) a modified, condensed version of the Notice of Commencement in a relevant periodical.

7. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

8.  The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:   New York, New York
         _____, 2016

                                                                                            
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A-1

## Notice of Commencement

United States Bankruptcy Court for the Southern District of New York
**Notice of Chapter 11 Bankruptcy Case**

**Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on April [•], 2016. Orders for relief have been entered. This notice has important information about the cases for creditors, Debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the Debtors or the Debtors' property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the Debtors. Creditors cannot demand repayment from the Debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.
Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information).
To protect your rights, consult an attorney. All documents filed in the case will be available for inspection at the bankruptcy clerk's office at the address listed below or by accessing the Bankruptcy Court's website, www.nysb.uscourts.gov. In addition such documents can be viewed and/or obtained from the Debtors' proposed notice and claims agent, Prime Clerk LLC, at https://cases.primeclerk.com/sunedison or by calling (855) 388-4575 (toll free) for U.S.-based parties or (646)795-6966 for International parties or by e-mail at sunedisoninfo@primeclerk.com. Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password is obtained by accessing the PACER website, www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**
**Do not file this notice with any proof of claim or other filing in the case.**

| 1. | **Debtors Full Names** | **Case Nos.** | **Employer ID Nos. (EIN)** |
|---|---|---|---|
| | SunEdison, Inc. | 16-10992 (SMB) | 56-1505767 |
| | SunEdison DG, LLC | 16-10991 (SMB) | N/A |
| | SunEdison Holdings Corporation | 16-10993 (SMB) | 73-1628669 |
| | SunEdison Utility Holdings, Inc. | 16-10994 (SMB) | 47-3636443 |
| | SunEdison International, Inc. | 16-10995 (SMB) | 43-1804551 |
| | SUNE ML 1, LLC | 16-10996 (SMB) | 47-2843132 |
| | MEMC Pasadena, Inc. | 16-10997 (SMB) | 43-1715238 |
| | Solaicx | 16-10998 (SMB) | 01-0691969 |
| | SunEdison Contracting, LLC | 16-10999 (SMB) | 20-3833819 |
| | NVT, LLC | 16-11000 (SMB) | 20-3835370 |
| | NVT Licenses, LLC | 16-11001 (SMB) | 20-3835445 |
| | Team-Solar, Inc. | 16-11002 (SMB) | 94-3357782 |
| | SunEdison Canada, LLC | 16-11003 (SMB) | 26-0476287 |
| | Enflex Corporation | 16-11005 (SMB) | 68-0305515 |
| | Fotowatio Renewable Ventures, Inc. | 16-11006 (SMB) | 46-0521788 |
| | Silver Ridge Power Holdings, LLC | 16-11007 (SMB) | 47-2465886 |
| | SunEdison International, LLC | 16-11008 (SMB) | 26-0501567 |
| | Sun Edison LLC | 16-11009 (SMB) | 20-0291450 |
| | SUNE Wind Holdings, Inc. | 16-11010 (SMB) | 47-4332144 |
| | SUNE Hawaii Solar Holdings, LLC | 16-11011 (SMB) | 81-2320994 |
| | First Wind Solar Portfolio, LLC | 16-11012 (SMB) | 45-5265014 |
| | First Wind California Holdings, LLC | 16-11013 (SMB) | 26-2377697 |
| | SunEdison Products Singapore PTE Ltd. | 16-11014 (SMB) | 98-1137373 |
| | SEV Merger Sub, Inc. | 16-11015 (SMB) | N/A |
| | PVT Solar, Inc. | 16-11016 (SMB) | 26-2683308 |
| | SunEdison Residential Services, LLC | 16-11017 (SMB) | 27-4955787 |
| 2. | **All other names used by the Debtors in the last 8 years** | | |
| | MEMC Electronic Materials, Inc. | | |
| | MEMC Holdings Corporation | | |
| | MEMC International, Inc. | | |
| | SunEdison Spain, LLC | | |
| | SunE Wind Holdings, LLC | | |
| | UPC California Wind, LLC | | |
| | California Wind, LLC | | |
| | MEMC Singapore Pte. Ltd. | | |
| 3. | **Address** | | |
| | The address of the Debtors' corporate headquarters is | | |
| | 13736 Riverport Dr., Maryland Heights, Missouri 63043. | | |

| | | |
|---|---|---|
| 4. | **Attorney for Debtors**<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Jay M. Goffman<br>J. Eric Ivester<br>Four Times Square<br>New York, New York 10036 | Contact Phone: (212) 735-3000<br><br>Email: Jay.Goffman@skadden.com |
| 5. | **Bankruptcy Clerk's Office**<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 | Hours Open: 8:30 a.m. to 5:00 p.m.<br><br>Contact Phone: (212) 668-2870 |
| 6. | **Meeting of Creditors**<br>*The Debtors' representative must be present at the meeting to be questioned under oath.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Date: April 29, 2016<br><br>Time: 10:30 a.m.<br><br>Location:<br><br>Trump Soho New York<br>Soho Ballroom<br>246 Spring Street, New York, NY 10013 |
| 7. | **Proof of Claim Deadline** | **Deadline for filing proof of claim:** [Not yet set. If deadline is set, the court will send you another notice.] or [Date, if set by the court]<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>• your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>• you file a proof of claim in a different amount; or<br>• you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the Bankruptcy Clerk's Office or online at www.pacer.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| 8. | **Exception to Discharge Deadline**<br>The Bankruptcy Clerk's Office must receive the complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under Bankruptcy Code § 1141(d)(6)(A).<br><br>**Deadline for filing the complaint:** |
| | **9. Creditors with a Foreign Address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| | **10. Filing a Chapter 11 Bankruptcy Case** | Bankruptcy cases under Chapter 11 of the Bankruptcy Code have been filed in this court by the Debtors listed on the first page, and orders for relief have been entered. Chapter 11 allows the Debtors to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may receive a copy of a plan and a disclosure statement telling you about a plan, and you might have the opportunity to vote on a plan. You will receive notice of the date of a confirmation hearing, and you may object to confirmation of a plan and attend a confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate any business. |

| | |
|---|---|
| **11. Discharge of Debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the Bankruptcy Clerk's Office by the deadline. |