**Hearing Date: TBD at \_\_\_ a.m. (Prevailing Eastern Time)**
**Objection Deadline: TBD at \_\_\_\_ p.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors
 and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
| | : | |
| Debtors.[1] | : | **(Joint Administration Pending)** |
| | : | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

1

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105 AND 365, BANKRUPTCY RULES 6003 AND 6006, AND LOCAL
BANKRUPTCY RULE 6006-1 AUTHORIZING REJECTION OF CERTAIN
EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE PETITION DATE**

SunEdison, Inc. ("SUNE") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-Debtor affiliates, "SunEdison" or the "Company"),[2] hereby move (the "Motion") this Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), under sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing, but not directing, the Debtors to reject the executory contracts or arrangements (each a "Contract" and collectively, the "Contracts") with the counterparties (each, a "Counterparty," and collectively, the "Counterparties") set forth on Exhibit 1[3] attached hereto, effective nunc pro tunc to the Petition Date. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Patrick M. Cook, Vice-President – Capital Markets And Corporate Finance of SunEdison, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

---

[2] For purposes herein, the definition of "SunEdison" and "Company" does not include Terraform Power, Inc. and Terraform Global, Inc., and each of their respective direct and indirect subsidiaries, unless otherwise provided.

[3] Inclusion of the Contract on Exhibit 1 attached hereto does not constitute an admission by the Debtors that the Contract is an executory contract under Bankruptcy Code Section 365.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 365, Bankruptcy Rules 6003 and 6006, and Local Bankruptcy Rule 6006-1.

**BACKGROUND**

**A. The Chapter 11 Cases**

3. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered.

4. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. To date, no creditors' committee has been appointed in these Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "United States Trustee"). No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

6. SunEdison is one of the world's leading developers of renewable-energy solutions. In addition to its development business, SunEdison owns, operates and/or provides maintenance services for clean power generation assets. SunEdison's renewable-energy

development business is a global enterprise with substantial development activities on six continents.

7. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.[4]

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an Order authorizing, but not directing, pursuant to Bankruptcy Code sections 105 and 365 and Local Bankruptcy Rule 6006-1, the Debtors to reject the Contracts with each of the Counterparties set forth on <u>Exhibit 1</u> attached hereto, effective <u>nunc pro tunc</u> to the Petition Date.

9. For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

10. As part of their comprehensive restructuring strategy, the Debtors have begun to conduct a detailed review of their businesses and contractual arrangements with a particular focus on the long-term viability of these arrangements. At the outset of this process, the Debtors, with the assistance of their turnaround professionals, have identified certain highly burdensome arrangements that simply do not fit into the Debtors' long-term business plans and cannot be restructured to do so, and therefore, should be rejected immediately. The Contracts are as follows:

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

4

(a) **PCS Supply Agreement**. SUNE is party to an amended silicon tetrafluoride ("STF") supply agreement with PCS Phosphate Company, Inc. and PCS Sales (USA), Inc. (collectively, "PCS"), dated as of April 30, 2007, and as subsequently amended on June 30, 2012 (the "Second Amended and Restated STF Supply Agreement"), relating to the installation, operation, and maintenance of STF plants. The Second Amended and Restated STF Supply Agreement is a take-or-pay agreement under which SUNE agreed to purchase specified amounts of STF produced by PCS for usage at a plant that the Company is in the process of closing.[5] Accordingly, the Debtors have determined that it is no longer necessary or desirable to maintain the Second Amended and Restated STF Supply Agreement since they no longer have any use for the STF. The Debtors estimate that rejection of the Second Amended and Restated STF Supply Agreement will save the Debtors approximately $121 million by the end of 2019.

(b) **Polysilicon Supply Agreement**. SunEdison Products Singapore Pte. Ltd. is party to a polysilicon supply agreement with SMP Ltd. ("SMP"), dated as of February 27, 2015 (the "Polysilicon Supply Agreement"), relating to the purchase of polysilicon products. The Polysilicon Supply Agreement is an off-take agreement under which SunEdison Products Singapore Pte. Ltd. agreed to purchase and off-take 65% of the polysilicon products manufactured by SMP's facility. The Debtors have determined that it is no longer necessary or desirable to maintain the Polysilicon Supply Agreement. Based on current cost and pricing assumptions, the Debtors estimate that rejection of the Polysilicon Supply Agreement will save the Debtors approximately $52.96 million to $81.48 million by the end of 2017 (depending on, among other things, the performance of SMP and SUNE's varying sales commitments to third parties). Any savings thereafter will depend on then-current cost estimates and assumptions.

11. The Debtors (i) are incurring substantial losses under these Contracts and (ii) see no prospect of repositioning the Contracts to make them profitable within an acceptable timeframe. As a result, the Contracts are burdensome to the estates and it is essential that the Debtors stem these ongoing losses. Accordingly, the Debtors believe that their request for the

---

[5] On February 18, 2016, SunEdison announced that it would permanently shut down its polysilicon manufacturing plant in Pasadena, Texas (the "Pasadena Facility"). The Pasadena Facility, which had operated for more than 20 years, manufactured polysilicon, a primary building block of solar panels. However, China recently imposed a 53.6 percent tariff on SunEdison's polysilicon, pricing the American-made polysilicon out of the market. SunEdison received a notice of termination of the Second Amended and Restated STF Supply Agreement from PCS dated March 29, 2016, but in abundance of caution, the Debtors are rejecting the Second Amended and Restated STF Supply Agreement to minimize any and all remaining obligations and expenses under the Contract.

relief sought herein is a sound exercise of their business judgment, well within the broad latitude accorded to debtors in possession on the assumption or rejection of executory contracts.

## APPLICABLE AUTHORITY

**A.    Rejection of the Contracts Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

12.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). See, e.g., Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co., 83 F.3d 735, 741 (5th Cir. 1996) ("This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (quoting In re Murexco Petroleum, Inc., 15 F.3d 60, 62 (5th Cir. 1994)); see also In re Orion Pictures Corp., 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor in possession to renounce title to and abandon burdensome property).

13.    The Debtors' rejection of an executory contract or unexpired lease is governed by the "business judgment" standard. See, e.g., In re Enron Corp., No. 01 B 16034(AJG), 2006 WL 898033, at *4 (Bankr. S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the rejection is beneficial to the estate."); In re Ames Dep't Stores, Inc., 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); In re Klein Sleep Prods., Inc., 78 F.3d 18, 25 (2d Cir. 1996) (same). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim, or caprice. See, e.g., Westbury Real Estate Ventures,

Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996).

14.    Rejection of an executory contract or an unexpired lease is appropriate where such rejection is beneficial to the debtors' estates. See, e.g., In re Orion Pictures, 4 F.3d at 1098–99 (2d Cir. 1993); In re Stable Mews Assocs., Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. See, e.g., In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) (noting that "a court will ordinarily defer to the business judgment of the debtor's management" in evaluating proposed rejections); In re Chipwich, Inc., 54 B.R. 427, 430-31 (Bankr. S.D.N.Y. 1985) (explaining how courts should not interfere with a debtor's decision to reject a contract "absent a showing of bad faith or abuse of business discretion"); In re Summit Land Co., 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). This is because part of Bankruptcy Code section 365's overarching purpose is "allowing a debtor to exercise its business judgment and evaluate and reject contracts when the debtor determines rejection benefits the estate." In re Old Carco LLC, 406 B.R. 180, 206 & n.34 (Bankr. S.D.N.Y. 2009), aff'd, Nos. 10 Civ. 2493(AKH), 09–50002(AJG), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), aff'd sub nom. Mauro Motors Ink., 420 F. App'x 89 (2d Cir. 2011).

15.    The Debtors believe that rejection of the Contracts are well within the Debtors' business judgment and is in the best interest of their estates. Absent rejection, the Contracts impose ongoing obligations on the Debtors and their estates that constitute an

7

unnecessary drain on the Debtors' resources compared to any benefits associated therewith. Accordingly, to avoid incurring unnecessary administrative expense claims with respect to the Contracts, the Debtors seek to reject the Contracts effective <u>nunc pro tunc</u> to the Petition Date. The Debtors respectfully represent that rejecting the Contracts are appropriate under the circumstances and reflects the Debtors' sound business judgment.

**B.     Deeming Rejection of the Contracts <u>Nunc Pro Tunc</u> to the Petition Date is Appropriate.**

16.    The Debtors respectfully submit that it is appropriate for the Court to deem the Debtors' rejection of the Contracts <u>nunc pro tunc</u> to the Petition Date.

17.    Section 365 of the Bankruptcy Code does not address whether the Court may order rejection to be applied retroactively. <u>See, e.g.</u>, <u>In re Jamesway Corp.</u>, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); <u>see also</u> <u>In re CCI Wireless, LLC</u>, 297 B.R. 133, 138 (D. Colo. 2003) (noting that "section 365 does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively"). Courts have held, however, that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. <u>See, e.g.</u>, <u>BP Energy Co. v. Bethlehem Steel Corp.</u>, No. 02 Civ. 64191(NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); <u>In re Jamesway Corp.</u>, 179 B.R. at 38 (same); <u>see also</u> <u>In re At Home Corp.</u>, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection); <u>In re Thinking Machs. Corp.</u>, 67 F.3d 1021, 1028 (1st. Cir. 1995) (noting that "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates

in favor of such remediation"); CCI Wireless, 297 B.R. at 140 (holding that a "bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

18. The balance of equities favors the relief requested herein. Without a retroactive date of rejection, the Debtors will be forced to incur unnecessary administrative expenses for the Contracts – agreements that provide no benefit to the Debtors' estates. 11 U.S.C. § 365(d)(3). The Debtors have sought the relief requested at the earliest possible moment in these Chapter 11 Cases and do not seek to reject the Contracts effective nunc pro tunc to the Petition Date due to any delay on their own part.

19. Courts in this district have granted similar relief in other chapter 11 cases. See, e.g., In re Doral Fin. Corp., No. 15-10573 (SCC) (Bankr. S.D.N.Y. Apr. 1, 2015); In re Sbarro LLC, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 10, 2014); In re Borders Grp., Inc., No. 11-10614 (MG) (Bankr. S.D.N.Y. June 6, 2011); In re BB Liquidating Inc., No. 10-14997 (BRL) (Bankr. S.D.N.Y. Apr. 27, 2011); In re NR Liquidation III Co., No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 8, 2010.[6]

### IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM

20. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003; see also In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) (holding that Bankruptcy Rule 6003 permits entry of retention orders on interim basis to avoid irreparable harm). The Second Circuit has interpreted the language "immediate and

---

[6] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

irreparable harm" in the context of preliminary injunctions. In that context, the Second Circuit instructed that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (quoting N.Y. Pathological & X-Ray Labs., Inc. v. INS, 523 F.2d 79, 81 (2d Cir. 1975)). Further, the "harm must be shown to be actual and imminent, not remote or speculative." Id.; see also Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1998). The Debtors submit that, for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm.

## RESERVATION OF RIGHTS

21.     Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract with any party subject to this Motion.

## NOTICE

22.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors (the "Steering Committee"); (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement; (f) counsel to the indenture trustee under each of the

Debtors' outstanding bond issuances; (g) the U.S. Attorney for the Southern District of New York; (h) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility; (i) the parties listed in the consolidated list of forty (40) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York. The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

23. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
April 21, 2016

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    By: */s/ Jay M. Goffman*
        Jay M. Goffman
        J. Eric Ivester
        Four Times Square
        New York, New York 10036-6522
        Telephone: (212) 735-3000
        Fax: (212) 735-2000

    -and-

    James J. Mazza, Jr. (*pro hac vice pending*)
    Louis S. Chiappetta (*pro hac vice pending*)
    155 N. Wacker Dr.
    Chicago, Illinois 60606-1720
    Telephone: (312) 407-0700
    Fax: (312) 407-0411

    *Proposed Counsel for Debtors and Debtors in Possession*

# **EXHIBIT 1**

**Contracts to be Rejected**

16-10992-smb    Doc 22    Filed 04/21/16    Entered 04/21/16 17:13:25    Main Document
Pg 13 of 19

**Contracts to be Rejected**

| **Counterparty Names and Addresses** | **Debtor** | **Contract Details[1]** |
|---|---|---|
| PCS Phosphate Company, Inc. Suite 400, 1101 Skokie Boulevard Northbrook, IL 60062<br><br>and<br><br>PCS Sales (USA), Inc. Suite 400, 1101 Skokie Boulevard Northbrook, IL 60062 | SunEdison, Inc. | Amended and Restated STF Supply Agreement, dated as of April 30, 2007 (as may have been further amended, modified, or supplemented, including the Second Amendment to the Amended and Restated STF Supply Agreement, dated as of June 30, 2012) |
| SMP Ltd. 190 Yeocheon-dong Nam-gu Ulsan Republic of Korea | SunEdison Products Singapore Pte. Ltd. | Polysilicon Supply Agreement, dated as of February 27, 2015 (as may have been amended, modified, or supplemented) |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the Contract Counterparty.

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **SUNEDISON, INC.**, *et al.*, | Case No. 16-10992 (SMB) |
| Debtors.[1] | (Joint Administration Pending) |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 365, BANKRUPTCY RULES 6003 AND 6006, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the motion (the "Motion")[2] of the Debtors for an Order, pursuant to Bankruptcy Code Sections 105 and 365, Bankruptcy Rules 6003 and 6006, and Local Bankruptcy Rule 6006-1, authorizing, but not directing, the Debtors to reject the Contracts with the Counterparties set forth on Schedule 1 attached hereto, effective nunc pro tunc to the Petition Date; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED solely to the extent set forth herein.

2. The Contracts set forth on Schedule 1 attached hereto is hereby rejected nunc pro tunc to the Petition Date.

3. The Debtors do not waive any claims they may have against any of the Counterparties to any of the Contracts, whether or not such claims arise under, are related to the rejection of, or are independent of the Contract.

4. Each Counterparty to the Contracts shall be required to file a rejection damages claim, if any, relating to the rejection of its respective Contract by the later of (a) the claims bar date to be established in the Debtors' Chapter 11 Cases, or (b) 30 days after the entry of this Order.

5. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

6. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
_____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

## Contracts to be Rejected

| Counterparty Names and Addresses | Debtor | Contract Details[1] |
|---|---|---|
| PCS Phosphate Company, Inc. Suite 400, 1101 Skokie Boulevard Northbrook, IL 60062<br><br>and<br><br>PCS Sales (USA), Inc. Suite 400, 1101 Skokie Boulevard Northbrook, IL 60062 | SunEdison, Inc. | Amended and Restated STF Supply Agreement, dated as of April 30, 2007 (as may have been further amended, modified, or supplemented, including the Second Amendment to the Amended and Restated STF Supply Agreement, dated as of June 30, 2012) |
| SMP Ltd. 190 Yeocheon-dong Nam-gu Ulsan Republic of Korea | SunEdison Products Singapore Pte. Ltd. | Polysilicon Supply Agreement, dated as of February 27, 2015 (as may have been amended, modified, or supplemented) |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the Contract Counterparty.