Hearing Date:  TBD at _____ a.m. (Prevailing Eastern Time)
Objection Deadline:  TBD at _____ p.m. (Prevailing Eastern Time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SUNEDISON, INC.,** *et al.*, | **Case No. 16-10992 (SMB)** |
| **Debtors.**[1] | **(Joint Administration Pending)** |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE
SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL
BANKRUPTCY RULE 6006-1 AUTHORIZING AND APPROVING EXPEDITED
PROCEDURES FOR REJECTION OR ASSUMPTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF**

SunEdison, Inc. ("SUNE") and certain of its affiliates, the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-

Debtor affiliates, "SunEdison" or the "Company"),[2] hereby move (the "Motion") this Court for

entry of an order substantially in the form attached hereto as Exhibit A (the "Order"), under

sections 105, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rules

6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Bankruptcy Rules"), authorizing and approving expedited procedures for the Debtors to reject or

assume executory contracts and unexpired leases and granting related relief.  In support of the

Motion, the Debtors rely upon and incorporate by reference the Declaration of Patrick M. Cook,

Vice-President – Capital Markets And Corporate Finance of SunEdison, Inc., in Support of

Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court

concurrently herewith.  In further support of the Motion, the Debtors, by and through their

proposed undersigned counsel, respectfully represent:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this

Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2]      For purposes herein, the definition of "SunEdison" and "Company" does not include Terraform Power, Inc. and
Terraform Global, Inc., and each of their respective direct and indirect subsidiaries, unless otherwise provided.

2.      The legal predicates for the relief requested herein are Bankruptcy Code

sections 105(a), 365, and 554(a), Bankruptcy Rules 6004, 6006, and 9014, and Local Bankruptcy

Rule 6006-1.

# BACKGROUND

## A.      The Chapter 11 Cases

3.      On the date hereof (the "Petition Date"), the Debtors each commenced a

case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the

"Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly

administered.

4.      The Debtors continue to operate their businesses and manage their

properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.

5.      To date, no creditors' committee has been appointed in these Chapter 11

Cases by the Office of the United States Trustee for the Southern District of New York (the

"United States Trustee").  No trustee or examiner has been appointed in the Debtors' Chapter 11

Cases.

6.      SunEdison is one of the world's leading developers of renewable-energy

solutions.  In addition to its development business, SunEdison owns, operates and/or provides

maintenance services for clean power generation assets.  SunEdison's renewable-energy

development business is a global enterprise with substantial development activities on six

continents.

7.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the First Day Declaration.[3]

**B.      The Debtors' Executory Contracts and Unexpired Leases**

8.      As described in further detail below, the Debtors are party to thousands of executory contracts and unexpired leases (the "Contracts"), including approximately thirty (30) of which may be considered nonresidential real property leases subject to Bankruptcy Code section 365(d)(4), which provides that leases under which the debtor is the lessee will be deemed rejected unless they are assumed or rejected within 120 days from the Petition Date (subject to a 90-day extension period).  11 U.S.C. § 365(d)(4).  As part of their restructuring efforts, the Debtors are evaluating whether these Contracts should be rejected as unfavorable or assumed (or assumed and assigned) as beneficial to their estates.  Absent the relief requested in this Motion, the Debtors would be required to file separate motions for each rejection or assumption of a Contract, resulting in substantial costs to, and administrative burdens on, the Debtors' estates.[4] Accordingly, the Debtors bring this Motion seeking the Court's authorization and approval of the following expedited Contract rejection or assumption procedures that have been customarily approved in similar chapter 11 cases.

## RELIEF REQUESTED

9.      By this Motion, the Debtors seek entry of an Order, pursuant to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local

---

[3]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[4]      Indeed, the Debtors have contemporaneously moved to reject certain burdensome contracts by a separate motion.  The rejection procedures described herein will save the Debtors the time and expense of filing motions for each contract they seek to reject but will provide counterparties with rights to object to such rejection.

Bankruptcy Rule 6006-1, authorizing and approving the expedited Rejection Procedures and

Assumption Procedures (each as defined below) (collectively, the "Contract Procedures") for the

Debtors to reject or assume Contracts.  The Debtors also request authority, but not direction, to

remove or abandon personal property of the Debtors, including, *inter alia*, equipment, fixtures,

furniture, and other personal property that may be located on, or have been installed in, leased

premises that are the subject to a rejected Contract after the effective date of any proposed

rejection.

10.    For the reasons set forth herein, the Debtors submit that the relief

requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and

other parties in interest, and therefore, should be granted.

## PROPOSED CONTRACT PROCEDURES

**A.    Rejection Procedures**

11.    The Debtors request that the following procedures (the "Rejection

Procedures") be approved in connection with the rejection of Contracts during the course of the

Debtors' Chapter 11 Cases:

a.    Rejection Notice.  The Debtors will file a notice to reject any Contract (the
"Rejection Notice"), which notice shall be in form and substance
reasonably satisfactory to the Required Lenders (as defined in the DIP
Credit Agreement), pursuant to Bankruptcy Code section 365,
substantially in the form annexed as Exhibit 1 to the proposed order
attached hereto as Exhibit A, which shall set forth the following
information, based on the best information available to the Debtors and as
applicable: (i) the Contract(s) that the Debtors seek to reject; (ii) the
name(s) and address(es) of the counterparties to such Contract(s); (iii) the
proposed effective date of the rejection for each such Contract (the
"Rejection Date"), which date may not be before the date of service of the
Rejection Notice; (iv) if such Contract is a lease, the personal property to
be abandoned, if any, and an estimate of the book value of such property;
and (v) the deadlines and procedures for filing objections to the Rejection
Notice, as set forth below.  The Rejection Notice may list multiple
Contracts, provided that the number of counterparties to Contracts listed
on the Rejection Notice shall be limited to no more than 100.

5

b.  Service of the Rejection Notice. The Debtors will cause the Rejection Notice to be served upon the following parties (collectively, the "Rejection Notice Parties"), in the following manner: (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors (the "Steering Committee"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (g) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman, sgreissman@whitecase.com; (h) counsel to the official committee of unsecured creditors appointed (if any), in these Chapter 11 Cases; and (i) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

c.  Objection Procedures. Parties objecting to a proposed rejection of a Contract must file and serve a written objection so that such objection is filed with this Court and is *actually received* by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) calendar days after the date the Debtors serve the relevant Rejection Notice: (i) the Debtors, 13736 Riverport Dr., Maryland Heights, Missouri 63043, Attn: Martin Truong and David Ringhofer; (ii) proposed counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman and J. Eric Ivester, jay.goffman@skadden.com and eric.ivester@skadden.com; (iii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg,

paul.schwartzberg@usdoj.gov; (iv) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (v) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (vi) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (vii) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (viii) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (ix) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman, sgreissman@whitecase.com; (x) counsel to the official committee of unsecured creditors appointed (if any), in these Chapter 11 Cases; and (xi) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

d.    No Objection.  If no objection to the rejection of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, such Contract shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice, without further notice, hearing, or order of this Court, unless (i) the Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) the Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.

e.    Unresolved Objections.  If a timely objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the pertinent counterparty or counterparties otherwise agree.

f.    No Application of Security Deposits.  If the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

7

g.  Abandoned Property.  The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.[5]

h.  Rejection Damages.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) thirty (30) days after the Rejection Date and (ii) any applicable claims bar date for filing proofs of claim established in these Chapter 11 Cases.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

**B.    Assumption Procedures**

12.    In addition, the Debtors request that the following procedures (the "Assumption Procedures") be approved in connection with the assumption and the assumption and assignment of Contracts during the course of the Debtors' Chapter 11 Cases:

a.  Assumption Notice.  The Debtors will file a notice to assume any Contract (the "Assumption Notice"), which notice shall be in form and substance reasonably satisfactory to the Required Lenders (as defined in the DIP credit Agreement), pursuant to the Bankruptcy Code section 365, substantially in the form annexed as Exhibit 2 to the proposed order attached hereto as Exhibit A, which shall set forth the following information, based on the best information available to the Debtors and as applicable: (i) the Contract(s) to be assumed; (ii) the name(s) and address(es) of the counterparties to such Contract(s); (iii) the identity of the proposed assignee of such Contract(s) (the "Assignee"), if applicable; (iv) the proposed effective date of the assumption for each such Contract (the "Assumption Date"), which date may not be before the date of service of the Assumption Notice; (v) the proposed cure amount, if any; and (vi) the deadlines and procedures for filing objections to the Assumption Notice, as set forth below.

---

[5]    If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

b.    Service of the Assumption Notice.  The Debtors will cause the Assumption Notice to be served upon the following parties (collectively, the "Assumption Notice Parties"), in the following manner: (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Assumption Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (g) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman, sgreissman@whitecase.com; (h) counsel to the official committee of unsecured creditors appointed (if any), in these Chapter 11 Cases; and (i) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

c.    Objection Procedures.  Parties objecting to a proposed assumption of a Contract, including the proposed cure amount, must file and serve a written objection so that such objection is filed with the Court and is *actually received* by the Objection Service Parties no later than fourteen (14) calendar days after the date the Debtors serve the relevant Assumption Notice.

d.    No Objection.  If no objection to the assumption of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, then (i) the Debtors' proposed cure amount with respect to such Contract shall be binding upon the non-debtor counterparty to the Contract for all purposes in these Chapter 11 Cases and (ii) such Contract shall be deemed assumed as of the Assumption Date set forth in the Assumption Notice, unless (a)

the Debtors withdraw such Assumption Notice on or prior to the Assumption Date or (ii) the Debtors and the pertinent counterparty our counterparties agree, prior to the Assumption Date, upon another such date.

e.    <u>Unresolved Objections</u>.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the pertinent counterparty or counterparties otherwise agree.

13.    In addition, pursuant to Bankruptcy Code sections 105(a) and 363(f), the Debtors request that the assignment of any Contract pursuant to the Assumption Procedures: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights), and (ii) any and all claims (as that term is defined in Bankruptcy Code section 101(5)), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).[6]

---

[6]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract. The Debtors reserve the right to argue that such clauses are unenforceable as anti-assignment or *ipso facto* clauses under section 365 of the Bankruptcy Code.

## BASIS FOR RELIEF

14.    The Debtors are parties to thousands of Contracts, which include, *inter alia*, power purchase agreements, operation and management agreements, master service agreements, engineering, procurement and construction contracts, supply agreements, license agreements, and leases with respect to personal and nonresidential real property.  The Debtors are in the process of evaluating these Contracts to determine those that benefit their estates and support the Debtors' going-forward business plan, and those that are burdensome or no longer integral to such plan.  Due to the sheer volume of Contracts, the Debtors have developed the proposed Contract Procedures, as set forth herein, for rejecting or assuming (or assuming and assigning) Contracts during the Debtors' Chapter 11 Cases.  The Debtors believe that the proposed expedited procedures are appropriate and consistent with the deferential business judgment standard, as well as the applicable notice requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

15.    As noted above, absent the relief requested herein, the Debtors would be required to file separate motions for each rejection or assumption of a Contract, resulting in substantial costs to, and administrative burdens on, the Debtors' estates – not to mention the burden such approach would place on the Court's docket.  Accordingly, the Debtors respectfully submit that approval of the Contract Procedures is appropriate and necessary to minimize such costs and burdens in these Chapter 11 Cases.

## APPLICABLE AUTHORITY

**A.    Bankruptcy Code Sections 365(a) and 105(a) Support Approval of the Contract Procedures for the Debtors to Reject, Assume, and Assign Contracts in the Sound Exercise of their Business Judgment.**

16.    Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease[.]"  11 U.S.C. §

365(a); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 521 (1984); Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 386 (2d Cir. 1997). The Court may approve a debtor's decision to assume or reject an executory contract if such decision is made in the exercise of the debtor's sound business judgment. See In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993); Bethlehem Steel Corp. v. BP Energy Co. (In re Bethlehem Steel Corp.), 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003) ("The purpose of section 365(a) is to allow the debtor to benefit from those contracts that are profitable and reject those which are unprofitable, thereby maximizing the value of the debtor's estate."); see also NLRB v. Bildisco & Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982) (holding that proper test for rejection was business judgment test), aff'd, 465 U.S. 513 (1984).

17.    The "business judgment" test merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. See In re Helm, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'" (citation omitted)); In re Child World, Inc., 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992). Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate. See In re Balco Equities Ltd., 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("A court 'should defer to a debtor's decision that rejection of a contract would be advantageous unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim.'"(citation omitted)); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to

12

the sound business judgment of the debtor.  Courts should generally defer to debtor's decision

whether to reject an executory contract." (internal citations omitted)).

18.    The Debtors have determined, in their sound business judgment, that the

rejection, assumption, or assumption and assignment (and any amendments thereto) of Contracts

in accordance with the Contract Procedures proposed herein is and will be in the best interest of

the Debtors' estates.

19.    The Court may also approve the Contract Procedures under Bankruptcy

Code section 105(a), which codifies a bankruptcy court's inherent equitable powers and allows

this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out

the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Accordingly, a bankruptcy

court's exercise of its authority under Bankruptcy Code section 105(a) is appropriately used to

carry out one of the central policies underlying chapter 11 – to preserve and maximize value for

the benefit of the Debtors' estates and their stakeholders.

**B.    Bankruptcy Code Section 363(f) Authorizes the Debtors to Assign Contracts Free
and Clear of Interests.**

20.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property

free and clear of another party's interest in such property if: (a) applicable non-bankruptcy law

permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien

and the sale price of the property exceeds the value of all liens on the property; (d) the interest is

in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable

proceeding to accept a monetary satisfaction of its interest. 11 U.S.C. § 363(f).

21.    Executory contracts and unexpired leases are property of a debtor's estate.

To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures,

such assignment is tantamount to a sale of estate property, and may be transferred free and clear

of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied.  The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of Bankruptcy Code section 363(f)(2).  If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection; if such objection is overruled or withdraw, the Contract(s) in question shall be assumed.  The requirements of Bankruptcy Code section 363(f)(2) would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances and other interests.

22.    Courts in this district and others have granted similar authority.  See, e.g., In re The Great Atl. & Pac. Tea Co., Inc., Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Feb. 29, 2016) (authorizing the assignment of contracts and leases free and clear of liens and claims); In re Sabine Oil & Gas Corp., No. 15-11835 (ALG) (Bankr. S.D.N.Y. Aug. 10, 2015) (same); In re Linens Holding Co., No. 08-10832 (CSS) (Bankr. D. Del. July 10, 2008) (same).[7]

C.    **Bankruptcy Code Section 554 Authorizes the Debtors to Abandon Personal Property.**

23.    Bankruptcy Code section 554(a) provides that, subject to Court approval, a debtor in possession may abandon "property of the estate that . . . is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); Adelphi Hospital Corp. v. N.Y. State Department of Health (In re Adelphi Hospital Corp.), 579 F.2d 726, 729 (2d Cir. 1978) (affirming order

---

[7]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

authorizing debtor to abandon property that would not benefit the debtor's estate). Before

authorizing abandonment of property, a bankruptcy court must find either (i) the property is

burdensome to the debtor's estate, or (ii) the property is both of inconsequential value and

inconsequential benefit to the debtor's estate. See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of

Envtl. Prot., 474 U.S. 494, 509 (1986); In re Texaco, Inc., 92 B.R. 38, 44 (S.D.N.Y. 1988); In re

Crowthers McCall Pattern, Inc., 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990).

24.    The personal property proposed to be abandoned in connection with any

future rejections of real property leases would primarily consist of fixtures, furniture, advertising

displays, and other equipment (i) of *de minimis* material value or benefit to the Debtors' estates,

and/or (ii) that are burdensome insofar as the costs and expenses of removal and storage of such

property are likely to exceed the net proceeds realizable from their sale. Accordingly, with

respect to the Debtors' request for authority to abandon personal property under the Contract

Procedures, the Debtors submit that the standard set forth in Bankruptcy Code section 554(a) is

satisfied.

**D.    The Contract Procedures Are Appropriate Under Applicable Bankruptcy Rules.**

25.    As a procedural matter, Bankruptcy Rule 9014 provides, in relevant part,

that "reasonable notice and opportunity for hearing shall be afforded the party against whom

relief is sought." Fed. R. Bankr. P. 9014(a).[8] The notice and hearing requirements for contested

matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for a

hearing are given in light of the particular circumstances. See 11 U.S.C. § 102(1)(A) (defining

"'after notice and a hearing', or a similar phrase" to mean "after such notice as is appropriate

---

[8]    Bankruptcy Rule 9014 is made applicable to this Motion by Bankruptcy Rule 6006(a), which provides that "[a] proceeding to . . . reject .. . an executory contract or unexpired lease, other than as part of a plan, is governed by [Bankruptcy] Rule 9014." Fed. R. Bankr. P. 6006(a).

under the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances").

26.    Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one omnibus motion, subject to Bankruptcy Rule 6006(f).  See Fed. R. Bankr. P. 6006(e).  Given the voluminous number of Contracts that the Debtors will likely be seeking to reject, assume, or assume and assign, obtaining Court approval of each rejection, assumption, or assumption and assignment would impose unnecessary administrative burdens on the Debtors and the Court, and result in costs to the Debtors' estates that may decrease the economic benefits of rejection, assumption, or assumption and assignment.  Therefore, the Debtors propose to (i) streamline the process for rejection, assumption, and assumption and assignment as set forth in the Contract Procedures, consistent with applicable law, to minimize such costs and burdens while (ii) protecting counterparties to the Contracts by providing such parties with notice, an opportunity to object to the proposed rejection, assumption, or assumption and assignment, and a hearing for resolution of any unresolved objections.

27.    Furthermore, the counterparties to the Contracts will suffer no prejudice under the Contract Procedures.  Under Bankruptcy Rule 6006(f), a motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties must (i) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion; (ii) list parties alphabetically and identify the corresponding contract or lease; (iii) specify the terms, including the curing of defaults, for each requested assumption or assignment; (iv) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested

16

assignment; (v) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and (vi) be limited to no more than 100 executory contracts or unexpired leases.  Fed. R. Bankr. P. 6006(f).  The purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts, as counterparties must be able to locate their Contracts and readily determine whether their Contracts are being assumed or rejected.  The Debtors' Contract Procedures, including the information provided on the Rejection Notices and Assumption Notices, comply with all applicable requirements of Bankruptcy Rule 6006(f) and are reasonable and fair to Contract counterparties.

28.    Finally, Bankruptcy Code section 105 provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Debtors submit that the implementation of the Contract Procedures is appropriate in these Chapter 11 Cases and is well within the Court's equitable powers under Bankruptcy Code section 105.

29.    Courts in this district have granted similar relief in other chapter 11 cases. See, e.g., In re The Great Atl. & Pac. Tea Co., Inc., Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Feb. 29, 2016); In re Sabine Oil & Gas Corp., Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015); In re dELiA*s, Inc., Case No. 14-23678 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2015); In re Sound Shore Med. Ctr. of Westchester, Case No. 13-22840 (RDD) (Bankr. S.D.N.Y. Dec. 12, 2013); In re Residential Capital, LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Jan. 3, 2013); In re Hawker Beechcraft, Inc., Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 30, 2012); In re

Borders Grp., Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. June 2, 2011); In re NR

Liquidation III Co. f/k/a Neff Corp., Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 9, 2010).[9]

30.     For the reasons set forth above, the Debtors submit that the Contract

Procedures are appropriate and should be approved and implemented in these Chapter 11 Cases,

as the relief requested herein is in the best interest of the Debtors, their estates, creditors,

stakeholders, and other parties in interest.

**WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

31.     The Debtors also request that the Court waive the stay imposed by

Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of

property other than cash collateral is stayed until the expiration of 14 days after entry of the

order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the

relief that the Debtors seek in this Motion is necessary for the Debtors to operate without

interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request

that the Court waive the fourteen day stay imposed by Bankruptcy Rule 6004(h), as the exigent

nature of the relief sought herein justifies immediate relief.

**RESERVATION OF RIGHTS**

32.     Nothing contained herein is or should be construed as: (a) an admission as

to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any

claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any

executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise

affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory

contract with any party subject to this Motion.

---

[9]     Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of
these orders, however, are available upon request.

18

**NOTICE**

33.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee; (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (g) the U.S. Attorney for the Southern District of New York; (h) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility; (i) the parties listed in the consolidated list of forty (40) largest unsecured creditors filed by the Debtors in these Chapter 11 cases; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York. The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

34.     No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
April 21, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jay M. Goffman*
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors*
 *and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | : | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
| | : | |
| **Debtors.**[1] | : | **(Joint Administration Pending)** |
| | : | |
| | : | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006
AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND
APPROVING EXPEDITED PROCEDURES FOR REJECTION OR ASSUMPTION OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to sections

105, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6006 and

9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1

of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), authorizing and approving expedited procedures (the "Contract Procedures") for the

Debtors to reject or assume executory contracts and unexpired leases (the "Contracts") and

granting related relief; and upon the First Day Declaration; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

further notice need be provided; and it appearing that the relief requested by the Motion is in the

best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in

interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED solely to the extent set forth herein.

2.      The Debtors are authorized to implement the following approved

procedures (the "Rejection Procedures") in connection with the rejection of any Contract of the

Debtors during these Chapter 11 Cases:

        a.      Rejection Notice.  The Debtors will file a notice to reject any Contract (the
"Rejection Notice"), which notice shall be in form and substance
reasonably satisfactory to the Required Lenders (as defined in the DIP
Credit Agreement), pursuant to Bankruptcy Code section 365,
substantially in the form annexed as Exhibit 1 hereto, which shall set forth

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the following information, based on the best information available to the Debtors and as applicable: (i) the Contract(s) that the Debtors seek to reject; (ii) the name(s) and address(es) of the counterparties to such Contract(s); (iii) the proposed effective date of the rejection for each such Contract (the "Rejection Date"), which date may not be before the date of service of the Rejection Notice; (iv) if such Contract is a lease, the personal property to be abandoned, if any, and an estimate of the book value of such property; and (v) the deadlines and procedures for filing objections to the Rejection Notice, as set forth below. The Rejection Notice may list multiple Contracts, provided that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100.

b.    Service of the Rejection Notice. The Debtors will cause the Rejection Notice to be served upon the following parties (collectively, the "Rejection Notice Parties"), in the following manner: (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors (the "Steering Committee"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (g) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman, sgreissman@whitecase.com; (h) counsel to the official committee of unsecured creditors appointed (if any), in these Chapter 11 Cases; and (i) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

3

    c.        Objection Procedures.  Parties objecting to a proposed rejection of a Contract must file and serve a written objection so that such objection is filed with this Court and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) calendar days after the date the Debtors serve the relevant Rejection Notice: (i) the Debtors, 13736 Riverport Dr., Maryland Heights, Missouri 63043, Attn: Martin Truong and David Ringhofer; (ii) proposed counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman and J. Eric Ivester, jay.goffman@skadden.com and eric.ivester@skadden.com; (iii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (iv) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (v) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (vi) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (vii) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (viii) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (ix) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman, sgreissman@whitecase.com; (x) counsel to the official committee of unsecured creditors appointed (if any), in these Chapter 11 Cases; and (xi) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

    d.        No Objection.  If no objection to the rejection of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, such Contract shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice, without further notice, hearing, or order of this Court, unless (i) the Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) the Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.

e.      Unresolved Objections.  If a timely objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the pertinent counterparty or counterparties otherwise agree.

f.      No Application of Security Deposits.  If the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

g.      Abandoned Property.  The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.[3]

h.      Rejection Damages.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) thirty (30) days after the Rejection Date and (ii) any applicable claims bar date for filing proofs of claim established in these Chapter 11 Cases.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

3.      The Debtors are authorized to implement the following approved procedures (the "Assumption Procedures") in connection with the assumption and the assumption and assignment of Contracts during the course of the Debtors' Chapter 11 Cases:

a.      Assumption Notice.  The Debtors will file a notice to assume any Contract (the "Assumption Notice"), which notice shall be in form and substance reasonably satisfactory to the Required Lenders (as Defined in the DIP Credit Agreement), pursuant to the Bankruptcy Code section 365,

---

[3]      If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

substantially in the form annexed hereto as <u>Exhibit 2</u>, which shall set forth the following information, based on the best information available to the Debtors and as applicable: (i) the Contract(s) to be assumed; (ii) the name(s) and address(es) of the counterparties to such Contract(s); (iii) the identity of the proposed assignee of such Contract(s) (the "<u>Assignee</u>"), if applicable; (iv) the proposed effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"), which date may not be before the date of service of the Assumption Notice; (v) the proposed cure amount, if any; and (vi) the deadlines and procedures for filing objections to the Assumption Notice, as set forth below.

b.      <u>Service of the Assumption Notice</u>.  The Debtors will cause the Assumption Notice to be served upon the following parties (collectively, the "<u>Assumption Notice Parties</u>"), in the following manner: (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Assumption Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (g) counsel to the administrative agent under the proposed postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman, sgreissman@whitecase.com; (h) counsel to the official committee of unsecured creditors appointed (if any), in these Chapter 11 Cases; and (i) to the extent not listed herein, any such

other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).[4]

c.   Objection Procedures.  Parties objecting to a proposed assumption of a Contract, including to the proposed cure amount, must file and serve a written objection so that such objection is filed with the Court and is ***actually received*** by the Objection Service Parties no later than fourteen (14) calendar days after the date the Debtors serve the relevant Assumption Notice.

d.   No Objection.  If no objection to the assumption of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, then (i) the Debtors' proposed cure amount with respect to such Contract shall be binding upon the non-debtor counterparty to the Contract for all purposes in these Chapter 11 Cases and (ii) such Contract shall be deemed assumed as of the Assumption Date set forth in the Assumption Notice, unless (a) the Debtors withdraw such Assumption Notice on or prior to the Assumption Date or (ii) the Debtors and the pertinent counterparty our counterparties agree, prior to the Assumption Date, upon another such date.

e.   Unresolved Objections.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the pertinent counterparty or counterparties otherwise agree.

4.   With regard to Contracts to be assigned, pursuant to Bankruptcy Code

section 363(f), the assignment of any Contract shall: (a) be free and clear of (i) all liens (and any

liens shall attach to the proceeds in the same order and priority subject to all existing defenses,

claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in Bankruptcy Code

section 101(5)), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual

commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to

or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by

agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and

---

[4]   The Debtors shall serve a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' counsel.

encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).

5.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with Bankruptcy Code sections 365(b) and (f) to (a) assume and assign to any Assignees the applicable Contract(s), with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contract(s) except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign and transfer such Contract(s).

6.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition or limit the assignment of or the effectiveness of the Contract are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7.      An Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

8.      The Debtors are hereby authorized, pursuant to Bankruptcy Code section 363(b), to enter into the consensual amendments as set forth in an Assumption Notice.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and Rejection and Assumption Notices.

10.      The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11.      The Rejection Procedures shall govern the rejection of Contracts and the Assumption Procedures shall govern the assumption (or assumption and assignment) of Contracts in these Chapter 11 Cases, except to the extent the Debtors and a counterparty or counterparties to a Contract have agreed otherwise in writing, in which case the terms of such agreement shall govern the rejection or assumption of the Contract, as applicable, with respect to such counterparty or counterparties.

12.      Nothing in the Motion or this Order shall be deemed or construed as: (a) an admission as to the validity, amount, or priority of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise to pay any particular claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) an admission by the Debtors that a Contract is executory or unexpired, as applicable; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

13.      All rights and defenses of the Debtors with respect to any Contract are preserved, including all rights and defenses of the Debtors with respect to any subsequently filed proof of claim for damages arising as a result of a Contract rejection, including, but not limited to, any right of the Debtors to assert an offset, recoupment, counterclaim, or deduction.  In

9

addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, respectively.

14.    Notwithstanding the approval of the Contract Procedures, nothing contained in this Order shall prevent the Debtors from seeking to reject or assume any Contract or Contracts by separate motion.

15.    Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to any applicable requirements imposed on the Debtors under the Interim Order (I) Authorizing Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing Pursuant to Bankruptcy Code Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e), and (B) Utilize Cash Collateral Pursuant to Bankruptcy Code Section 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to Bankruptcy Code Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c) (the "Interim DIP Order") and any related final order (together, the "DIP Financing Orders") and the other DIP Loan Documents (as defined therein), and any such payments shall be in accordance with the DIP Budget (as defined in the DIP Financing Orders) in effect in connection with such orders (subject to Permitted Budget Variances, as defined in the DIP Credit Agreement).

16.    Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon entry hereof.

17.    The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

10

18.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  New York, New York

_____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**Rejection Notice**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| In re: | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

**NOTICE OF REJECTION OF [A] CERTAIN EXECUTORY CONTRACT[S]**
**[AND/OR UNEXPIRED LEASE[S]]**

    **PLEASE TAKE NOTICE** that, on [_____], 2016, the United States

Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered the order [Docket

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

No. ___] (the "Order") granting the motion (the "Motion")[2] of the Debtors for an order, pursuant

to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local

Bankruptcy Rule 6006-1, authorizing and approving, among other things, expedited procedures

for the Debtors to reject executory contracts and unexpired leases (each a "Contract").

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order

and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have

determined, in the exercise of their business judgment, that each Contract set forth on Schedule 1

attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in

Schedule 1, or such other date as the Debtors and the counterparty or counterparties to such

Contract(s) agree.

       **PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the

Debtors' rejection of any Contract listed in Schedule 1 must file and serve a written objection, so

that such objection is filed with the Court and is ***actually received*** no later than fourteen (14)

calendar days after the date that the Debtors served this Rejection Notice, upon the following

parties: (i) the Debtors, 13736 Riverport Dr., Maryland Heights, Missouri 63043, Attn: Martin

Truong and David Ringhofer; (ii) proposed counsel to the Debtors, Skadden, Arps, Slate,

Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman and J.

Eric Ivester, jay.goffman@skadden.com and eric.ivester@skadden.com; (iii) the Office of the

United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York,

NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (iv) counsel to the

administrative agent under the Debtors' prepetition first lien credit agreement, Latham &

Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (v) counsel to the Tranche B

Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of

the second lien creditors (the "Steering Committee"), Akin Gump Strauss Hauer & Feld LLP,

One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian,

apreis@akingump.com and kmanoukian@akingump.com; (vi) counsel to the administrative

agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw

Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown,

daniel.brown@pillsburylaw.com; (vii) counsel to the collateral trustee under the Debtors'

prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza,

Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (viii) counsel to the

indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin

LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio,

mpollio@goodwin.com; (ix) counsel to the administrative agent under the proposed postpetition

debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New

York, NY 10036-2787, Attn: Scott Greissman, sgreissman@whitecase.com; (x) counsel to the

official committee of unsecured creditors appointed (if any), in these Chapter 11 Cases; and (xi)

to the extent not listed herein, any such other party entitled to notice pursuant to Local

Bankruptcy Rule 9013-1(b).

   **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely

filed, the rejection of any Contract listed on Schedule 1 shall become effective on the Rejection

Date set forth in Schedule 1 without further notice, hearing or order of this Court, unless (i) the

Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) the Debtors and

the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.[3]

PLEASE TAKE FURTHER NOTICE that, if a timely objection to the rejection of any Contract listed on Schedule 1 is timely filed and not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in Schedule 1 or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of the Debtors that is listed and described in Schedule 1 shall be deemed abandoned as of the Rejection Date set forth on Schedule 1.

PLEASE TAKE FURTHER NOTICE that, to the extent you wish to assert any claim(s) arising out of the rejection of your Contract(s) listed on Schedule 1, you must do so before the later of (i) thirty (30) days after the Rejection Date and (ii) any applicable claims bar date for filing proofs of claim established in these Chapter 11 Cases.  **FAILURE TO TIMELY**

---

[3]  An objection to the rejection of any particular Contract listed in Schedule 1 to this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in Schedule 1.  Any objection to the rejection of any particular Contract must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order

**FILE ANY PROOF OF CLAIM SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED**.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: New York, New York
_____, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____

 Jay M. Goffman
 J. Eric Ivester
 Four Times Square
 New York, New York 10036-6522
 Telephone: (212) 735-3000
 Fax: (212) 735-2000

 -and-

 James J. Mazza, Jr. (*pro hac vice pending*)
 Louis S. Chiappetta (*pro hac vice pending*)
 155 N. Wacker Dr.
 Chicago, Illinois 60606-1720
 Telephone: (312) 407-0700
 Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

## SCHEDULE 1

**Rejected Contracts**

| Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

## **EXHIBIT 2**

**Assumption Notice**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors
  and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

**NOTICE OF ASSUMPTION OF [A] CERTAIN EXECUTORY CONTRACT[S]**
**[AND/OR UNEXPIRED LEASE[S]]**

    **PLEASE TAKE NOTICE** that, on [_____], 2016, the United States

Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered the order [Docket

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number
    are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE
    Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings,
    LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison
    International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison
    Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison
    Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge
    Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison
    Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308);
    SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr.,
    Maryland Heights, Missouri 63043.

No. ____] (the "Order") granting the motion (the "Motion")[2] of the Debtors for an order, pursuant

to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local

Bankruptcy Rule 6006-1, authorizing and approving, among other things, procedures for the

Debtors to assume or to assume and assign executory contracts and unexpired leases (each a

"Contract").

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order

and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they

have determined, in the exercise of their business judgment, that each Contract set forth on

Schedule 1 attached hereto is hereby assumed or assumed and assigned effective as of the date

(the "Assumption Date") set forth in Schedule 1, or such other date as the Debtors and the

counterparty or counterparties to such Contract(s) agree.

PLEASE TAKE FURTHER NOTICE that, the [Debtor / Assignee], has the

financial wherewithal to meet all future obligations under the Contract, which may be evidenced

upon written request by the counterparty to the Contract, thereby demonstrating that the [Debtor

/ Assignee] has the ability to comply with the requirements of adequate assurance of future

performance.[3]

PLEASE TAKE FURTHER NOTICE that, the Debtors' records reflect the

amounts owing, if any, for prepetition arrearages as set forth in Schedule 1 (the "Cure Amount").

PLEASE TAKE FURTHER NOTICE that, parties seeking to object to the

Debtors' assumption or assumption and assignment of any Contract listed in Schedule 1 must file

and serve a written objection, so that such objection is filed with the Court and is *actually*

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]    The Debtors shall serve a counterparty to a Contract to be assumed under the Contract Procedures with
       evidence of adequate assurance upon such counterparty's written request to the Debtors' counsel.

*received* no later than fourteen (14) calendar days after the date that the Debtors served this

Assumption Notice, upon the following parties: (i) the Debtors, 13736 Riverport Dr., Maryland

Heights, Missouri 63043, Attn: Martin Truong and David Ringhofer; (ii) proposed counsel to the

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY

10036, Attn: Jay M. Goffman and J. Eric Ivester, jay.goffman@skadden.com and

eric.ivester@skadden.com; (iii) the Office of the United States Trustee, U.S. Federal Office

Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg,

paul.schwartzberg@usdoj.gov; (iv) counsel to the administrative agent under the Debtors'

prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue,

Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and

brad.kotler@lw.com; (v) counsel to the Tranche B Lenders (as defined in the debtor-in-

possession credit agreement) and the steering committee of the second lien creditors (the

"Steering Committee"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York,

NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and

kmanoukian@akingump.com; (vi) counsel to the administrative agent under the Debtors'

prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540

Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown,

daniel.brown@pillsburylaw.com; (vii) counsel to the collateral trustee under the Debtors'

prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza,

Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (viii) counsel to the

indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin

LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio,

mpollio@goodwin.com; (ix) counsel to the administrative agent under the proposed postpetition

3

debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New

York, NY 10036-2787, Attn: Scott Greissman, sgreissman@whitecase.com; (x) counsel to the

official committee of unsecured creditors appointed (if any), in these Chapter 11 Cases; and (xi)

to the extent not listed herein, any such other party entitled to notice pursuant to Local

Bankruptcy Rule 9013-1(b).

> **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely

filed, the assumption of any Contract listed on Schedule 1 shall become effective on the

Assumption Date set forth in Schedule 1 without further notice, hearing or order of this Court,

unless (i) the Debtors withdraw such Assumption Notice on or prior to the Assumption Date or

(ii) the Debtors and the pertinent counterparty or counterparties agree, prior to the Assumption

Date, upon another such date.[4]

> **PLEASE TAKE FURTHER NOTICE** that, if a timely objection to the

assumption of any Contract listed on Schedule 1 is timely filed and not withdrawn or resolved,

the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection

is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth

in Schedule 1 or such other date as the Debtors and the counterparty or counterparties to such

Contract(s) agree.


> **[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

[4]    An objection to the assumption of any particular Contract listed in Schedule 1 to this Assumption Notice shall not constitute an objection to the assumption of any other Contract listed in Schedule 1.  Any objection to the assumption of any particular Contract must state with specificity the Contract(s) to which it is directed.  For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Order.

Dated: New York, New York
_____, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
    Jay M. Goffman
    J. Eric Ivester
    Four Times Square
    New York, New York 10036-6522
    Telephone: (212) 735-3000
    Fax: (212) 735-2000

    -and-

    James J. Mazza, Jr. (*pro hac vice pending*)
    Louis S. Chiappetta (*pro hac vice pending*)
    155 N. Wacker Dr.
    Chicago, Illinois 60606-1720
    Telephone: (312) 407-0700
    Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

## SCHEDULE 1

### Assumed Contracts

| Counterparty | Counterparty Address | Description of Contract | Cure Amount | Assumption Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

6