UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| SUNEDISON, INC., *et al.*, | Case No. 16-10992 (SMB) |
| Debtors.[1] | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 341, AND 521, BANKRUPTCY RULES 1007(a)(3), 1007(c), 2002(d), 2002(m), AND 9006(b) AND LOCAL BANKRUPTCY RULE 1007-1 (I) GRANTING ADDITIONAL TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) GRANTING ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION REQUIRED UNDER BANKRUPTCY RULE 2015.3, (III) AUTHORIZING DEBTORS TO FILE CONSOLIDATING MONTHLY OPERATING REPORTS, AND (IV) WAIVING REQUIREMENT TO FILE LIST OF EQUITY SECURITY HOLDERS AND PROVIDE NOTICE OF COMMENCEMENT TO EQUITY SECURITY HOLDERS**

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order"), pursuant to sections 105(a), 341, and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a)(3), 1007(c), 2002(d), 2002(m), and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

Bankruptcy Rules") (i) granting the Debtors additional time to file their Schedules and Statements, (ii) granting the Debtors additional time to file financial information reports pursuant to Bankruptcy Rule 2015.3(a) or, alternatively, an extension of time in which to file a motion seeking modification of the Bankruptcy Rule 2015.3 reporting requirement for cause, (iii) authorizing the filing of required monthly operating reports by consolidating the information required for each Debtor in one report, and (iv) waiving the requirement to (a) file the list of equity security holders (the "List") within fourteen (14) days of the Petition Date, as set forth in Bankruptcy Rule 1007(a)(3), and (b) provide notice of the commencement of these Chapter 11 Cases and the 341 Meeting (the "Notice of Commencement") to equity security holders, as set forth in Bankruptcy Rule 2002(d) and Local Bankruptcy Rule 1007-1; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED solely to the extent set forth herein.

2. The Debtors are hereby granted an extension of thirty (30) days, until forty-four (44) days after the Petition Date (the "Extended Filing Deadline"), to file their Schedules and Statements.

3. The relief granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to prepare and file their Schedules and Statements.

4.  The time by which the Debtors must file their Rule 2015.3 Reports or, alternatively, to file a motion seeking a modification of the requirements of Rule 2015.3 for cause, is extended until thirty (30) days after the 341 Meeting.

5.  The relief granted by this Order is without prejudice to the Debtors' right to seek further extensions of time to file Rule 2015.3 Reports upon notice of presentment or to seek modification of the reporting requirements under Bankruptcy Rule 2015.3 for cause.

6.  The Debtors may file their monthly operating reports (the "MORs") required by the U.S. Trustee Guidelines by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report. The requirement to file MORs shall terminate upon entry of an order confirming a plan in these Chapter 11 Cases (the date on which such order is entered, the "Confirmation Date"), such that the Debtors shall not be required to file any MORs that become due after the Confirmation Date, including any MORs covering a period occurring before the Confirmation Date. Notwithstanding the foregoing, the Debtors shall each separately file MORs and monthly reports of post-confirmation disbursements, as applicable, on an individual basis.

7.  The requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file the List of equity security holders within fourteen (14) days of the Petition Date is waived.

8.  The requirement under Bankruptcy Rule 2002(d) that the Debtors mail the Notice of Commencement to all equity security holders is waived.

9.  The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York

    April 25th, 2016

                                  /s/ STUART M. BERNSTEIN_____
                                  UNITED STATES BANKRUPTCY JUDGE