UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| SUNEDISON, INC., *et al.*, | Case No. 16-10992 (SMB) |
| Debtors.[1] | Jointly Administered |

**INTERIM ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363(b), 1107(a), AND 1108 AND BANKRUPTCY RULES 6003 AND 6004 AUTHORIZING THE DEBTORS TO CONTINUE CUSTOMER PROGRAMS AND PRACTICES IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the Debtors for an Order, pursuant to sections 105(a), 363(b), 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing, but not directing, the Debtors to honor certain prepetition obligations to customers and to otherwise continue customer programs and practices in the ordinary course of business, and (ii) authorizing financial institutions to honor all checks and electronic payment requests authorized pursuant to the Motion provided that sufficient funds are available in the applicable accounts to make the payments; and upon the First Day Declaration; and due and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (N/A); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (2826); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED solely to the extent set forth herein on an interim basis.

2. The Debtors are hereby authorized, but not required or directed, to continue the Customer Programs in the ordinary course of business and without further order of this Court, and to perform and honor all prepetition obligations thereunder in the ordinary course of business and in the same manner and on the same basis as if the Debtors performed and honored such obligations prior to the Petition Date.

3. The Debtors are authorized, but not directed, to continue, renew, replace, modify, and/or terminate such of their Customer Programs as they deem appropriate, in their discretion, and in the ordinary course of business, without further application to this Court.

4. In accordance with this Order and the DIP Financing Orders (as defined below), all applicable banks and other financial institutions are authorized to rely on the Debtors' direction to pay amounts in accordance with this Order provided that there are sufficient good funds standing to the Debtors' credit in the applicable accounts to make the payments.

5. The provisions contained herein shall not be construed to limit, or in any way affect, the Debtors' ability to contest any claims, including any claims related to any Customer Programs, on any ground permitted by applicable law, and neither the provisions

contained herein, nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits.

6. The relief granted herein is without prejudice to the Debtors' ability to request further relief related to the Customer Programs.

7. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption, reaffirmation, or adoption of any agreement under Bankruptcy Code section 365. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

8. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to any applicable requirements imposed on the Debtors under the Interim Order (I) Authorizing Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing Pursuant to Bankruptcy Code Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e), and (B) Utilize Cash Collateral Pursuant to Bankruptcy Code Section 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to Bankruptcy Code Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c) (the "Interim DIP Order") and any related final order (together, the "DIP Financing Orders") and the other DIP Loan Documents (as defined therein), and any such payments shall be in accordance with the DIP Budget (as defined in the DIP Financing Orders) in effect in connection with such orders (subject to Permitted Budget Variances, as defined in the DIP Credit Agreement).

9. The Final Hearing, if necessary, on the Motion is scheduled for May 10, 2016 at 2:00 p.m. (prevailing Eastern time), and any objections or responses to the Motion (each, an "Objection") shall be filed and served upon the Notice Parties so that the Objection is actually received by 4:00 p.m. (prevailing Eastern time) on May 3, 2016.

10. If no Objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

11. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
       April 25th, 2016

/s/ STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE