**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SUNEDISON, INC., *et al.*, | : Case No. 16-10992 (SMB) |
| | : |
| Debtors.[1] | : (Jointly Administered) |
| | : |
| | : |

## ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR REJECTION OR ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND <u>GRANTING RELATED RELIEF</u>

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for an order, pursuant to sections

105, 365, and 554 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 6006 and

9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 6006-1

of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy</u>

<u>Rules</u>"), authorizing and approving expedited procedures (the "<u>Contract Procedures</u>") for the

Debtors to reject or assume executory contracts and unexpired leases (the "<u>Contracts</u>") and

granting related relief; and upon the First Day Declaration; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

further notice need be provided; and it appearing that the relief requested by the Motion is in the

best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in

interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED AND DECREED that:

1.  The Motion is GRANTED solely to the extent set forth herein.

2.  The Debtors are authorized to implement the following approved

procedures (the "Rejection Procedures") in connection with the rejection of any Contract of the

Debtors during these Chapter 11 Cases:

  a.  Rejection Notice.  The Debtors will file a notice to reject any Contract (the "Rejection Notice"), which notice shall be in form and substance reasonably satisfactory to the Required Tranche A Lenders and Tranche B Required Consenting Parties (each as defined in the DIP Credit Agreement), the DIP Agent (as defined in the DIP Credit Agreement), and the Official Committee of Unsecured Creditors ("Creditors' Committee") pursuant to Bankruptcy Code section 365, substantially in the form annexed as Exhibit 1 hereto, which shall set forth the following information, based on the best information available to the Debtors and as applicable: (i) the Contract(s) that the Debtors seek to reject; (ii) the name(s) and address(es) of the counterparties to such Contract(s); (iii) the proposed effective date of the rejection for each such Contract (the "Rejection Date"), which date may not be before the date of service of the Rejection Notice; (iv) if such Contract is a lease, the personal property to be abandoned, if any, and an estimate of the book value of such property; and (v) the deadlines and procedures for filing objections to the Rejection Notice, as set forth below.  The Rejection Notice may list multiple Contracts, provided that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100.  The Debtors shall provide the Required Tranche A Lenders and Tranche B Required Consenting Parties, the DIP Agent, and Creditors' Committee with a copy of any Rejection Notice three (3) days prior to filing any such notice to the extent reasonably practicable.

  b.  Service of the Rejection Notice.  The Debtors will cause the Rejection Notice to be served upon the following parties (collectively, the "Rejection Notice Parties"), in the following manner: (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul

Schwartzberg, paul.schwartzberg@usdoj.gov; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (c) counsel to the Tranche B Lenders (as defined in the DIP Credit Agreement) and the steering committee of the second lien creditors (the "Steering Committee"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (g) counsel to the administrative agent under the postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman and Elizabeth Feld, sgreissman@whitecase.com and efeld@whitecase.com; (h) counsel to the Creditors' Committee, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Matthew Barr and Joseph Smolinsky, suneweilbrf@weil.com; (i) counsel to TerraForm Power, Inc. and TerraForm Global, Inc., Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn:  Michael H. Torkin and Andrew G. Dietderich, torkinm@sullcrom.com and dietdericha@sullcrom.com; and (j) to the extent not listed herein, any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

c.    Objection Procedures.  Parties objecting to a proposed rejection of a Contract must file and serve a written objection so that such objection is filed with this Court and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) calendar days after the date the Debtors serve the relevant Rejection Notice: (i) the Debtors, 13736 Riverport Dr., Maryland Heights, Missouri 63043, Attn: Martin Truong and David Ringhofer; (ii) proposed counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman and J. Eric Ivester, jay.goffman@skadden.com and eric.ivester@skadden.com; (iii) the Office of the United States Trustee, 201 U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (iv) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham &

Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (v) counsel to the Tranche B Lenders and the Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (vi) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (vii) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (viii) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (ix) counsel to the administrative agent under the postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman and Elizabeth Feld, sgreissman@whitecase.com and efeld@whitecase.com; (x) counsel to the Creditors' Committee, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Matthew Barr and Joseph Smolinsky, suneweilbfr@weil.com; (xi) counsel to TerraForm Power, Inc. and TerraForm Global, Inc., Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn:  Michael H. Torkin and Andrew G. Dietderich, torkinm@sullcrom.com and dietdericha@sullcrom.com; and (xii) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

d.    <u>No Objection</u>.  If no objection to the rejection of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, such Contract shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice, without further notice, hearing, or order of this Court, unless (i) the Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) the Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.

e.    <u>Unresolved Objections</u>.  If a timely objection is filed that cannot be resolved, the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the pertinent counterparty or counterparties otherwise agree.

f.    <u>No Application of Security Deposits</u>.  If the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or

otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree and the Required Tranche A Lenders and Tranche B Required Consenting Parties, the DIP Agent, and the Creditors' Committee have been provided notice thereof and an opportunity to object.

g.   Abandoned Property.  The Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; provided that the Debtors shall consult with the Required Tranche A Lenders and Tranche B Required Consenting Parties, the DIP Agent, and the Creditors' Committee prior to any such abandonment.  The Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned, subject to the consultation requirements set forth herein, pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.[3]

h.   Rejection Damages.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) thirty (30) days after the Rejection Date and (ii) any applicable claims bar date for filing proofs of claim established in these Chapter 11 Cases.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

3.   The Debtors are authorized to implement the following approved procedures (the "Assumption Procedures") in connection with the assumption and the assumption and assignment of Contracts during the course of the Debtors' Chapter 11 Cases:

a.   Assumption Notice.  The Debtors will file a notice to assume any Contract (the "Assumption Notice"), which notice shall be in form and substance reasonably satisfactory to the Required Tranche A Lenders and Tranche B Required Consenting Parties, the DIP Agent, and the Creditors' Committee, pursuant to Bankruptcy Code section 365, substantially in the form annexed hereto as Exhibit 2, which shall set forth the following information, based on the best information available to the Debtors and as applicable: (i) the Contract(s) to be assumed; (ii) the name(s) and

---

[3]   If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

address(es) of the counterparties to such Contract(s); (iii) the identity of the proposed assignee of such Contract(s) (the "<u>Assignee</u>"), if applicable; (iv) the proposed effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"), which date may not be before the date of service of the Assumption Notice; (v) the proposed cure amount, if any; and (vi) the deadlines and procedures for filing objections to the Assumption Notice, as set forth below.  The Debtors shall provide the Required Tranche A Lenders and Tranche B Required Consenting Parties, the DIP Agent, and the Creditors' Committee with a copy of any Assumption Notice three (3) days prior to filing such notice to the extent reasonably practicable.

b.    <u>Service of the Assumption Notice</u>.  The Debtors will cause the Assumption Notice to be served upon the following parties (collectively, the "<u>Assumption Notice Parties</u>"), in the following manner: (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Assumption Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (c) counsel to the Tranche B Lenders and the Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (g) counsel to the administrative agent under the postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman and Elizabeth Feld, sgreissman@whitecase.com and efeld@whitecase.com; (h) counsel to the Creditors' Committee, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Matthew Barr and Joseph Smolinsky, suneweilbfr@weil.com; (i) counsel to TerraForm Power, Inc. and TerraForm Global, Inc., Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn:  Michael H. Torkin and Andrew G. Dietderich, torkinm@sullcrom.com and dietdericha@sullcrom.com; and

(j) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).[4]

c.    <u>Objection Procedures</u>.  Parties objecting to a proposed assumption of a Contract, including to the proposed cure amount, must file and serve a written objection so that such objection is filed with the Court and is ***actually received*** by the Objection Service Parties no later than fourteen (14) calendar days after the date the Debtors serve the relevant Assumption Notice.

d.    <u>No Objection</u>.  If no objection to the assumption of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, then (i) the Debtors' proposed cure amount with respect to such Contract shall be binding upon the non-debtor counterparty to the Contract for all purposes in these Chapter 11 Cases and (ii) such Contract shall be deemed assumed as of the Assumption Date set forth in the Assumption Notice, unless (a) the Debtors withdraw such Assumption Notice on or prior to the Assumption Date or (ii) the Debtors and the pertinent counterparty our counterparties agree, prior to the Assumption Date, upon another such date.

e.    <u>Unresolved Objections</u>.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the pertinent counterparty or counterparties otherwise agree.

4.    With regard to Contracts to be assigned, pursuant to Bankruptcy Code section 363(f), the assignment of any Contract shall: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) held by the DIP Lenders (as defined in the Interim DIP Order (defined herein) or any subsequent final order) and (ii) any and all claims (as that term is defined in Bankruptcy Code section 101(5)), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature that are held by the DIP Lenders, whether arising prior to or subsequent to the commencement of

---

[4]    The Debtors shall serve a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' counsel.

these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any DIP Lender  a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).

5.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), and upon notice to the Required Tranche A Lenders and Tranche B Required Consenting Parties, the DIP Agent, and Creditors' Committee and an opportunity to object thereto, Debtors are hereby authorized in accordance with Bankruptcy Code sections 365(b) and (f) to (a) assume and assign to any Assignees the applicable Contract(s), with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contract(s) except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign and transfer such Contract(s).

6.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition or limit the assignment of or the effectiveness of the Contract are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7.      An Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

8

8.      The Debtors are hereby authorized, pursuant to Bankruptcy Code section 363(b), to enter into the consensual amendments as set forth in an Assumption Notice.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and Rejection and Assumption Notices.

10.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11.     The Rejection Procedures shall govern the rejection of Contracts and the Assumption Procedures shall govern the assumption (or assumption and assignment) of Contracts in these Chapter 11 Cases, except to the extent the Debtors and a counterparty or counterparties to a Contract have agreed otherwise in writing and the Required Tranche A Lenders and Tranche B Required Consenting Parties, the DIP Agent, and the Creditors' Committee have received notice and an opportunity to object to such alternative agreement, in which case the terms of such alternative agreement shall govern the rejection or assumption of the Contract, as applicable, with respect to such counterparty or counterparties.

12.     Notwithstanding the relief granted herein and any actions taken hereunder, the Contract Procedures as defined and set forth in the Motion and this Order shall not apply to any Contracts between (x) any Debtor and (y) TerraForm Power, Inc., TerraForm Global, Inc, or any of their respective subsidiaries (collectively, the "Yieldcos").  In the event that Debtors seek to assume or reject any such Contracts, the Debtors shall file a separate motion with the Court requesting such relief, which may include a single motion to assume or reject multiple Contracts between any Debtor and any Yieldco.  Furthermore, nothing contained herein shall constitute, nor is it intended to constitute, an assumption or rejection of such Contracts.

13.      Nothing in the Motion or this Order shall be deemed or construed as: (a) an admission as to the validity, amount, or priority of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise to pay any particular claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) an admission by the Debtors that a Contract is executory or unexpired, as applicable; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

14.      All rights and defenses of the Debtors with respect to any Contract are preserved, including all rights and defenses of the Debtors with respect to any subsequently filed proof of claim for damages arising as a result of a Contract rejection, including, but not limited to, any right of the Debtors to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, respectively.

15.      Notwithstanding the approval of the Contract Procedures, nothing contained in this Order shall prevent the Debtors from seeking to reject or assume any Contract or Contracts by separate motion.

16.      Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to any applicable requirements imposed on the Debtors under the Interim Order (I) Authorizing Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing Pursuant to Bankruptcy Code Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e), and (B) Utilize Cash Collateral

10

Pursuant to Bankruptcy Code Section 363, (II) Granting Adequate Protection to Prepetition

Secured Parties Pursuant to Bankruptcy Code Sections 361, 362, 363, and 364, and (III)

Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c) (the "Interim DIP

Order") [Docket No. 87] and any related additional interim order or final order (together, the

"DIP Financing Orders") and the other DIP Loan Documents (as defined therein), and the

Interim Order (I) Authorizing Continued Use of Existing Cash Management System, Bank

Accounts, Business Forms, and Payment of Related Prepetition Obligations, (II) Waiving Certain

Deposit Requirements, and (III) Authorizing Continuance of Intercompany Transactions and

Honoring Certain Related Prepetition Obligations and any related final order, and any such

payments shall be in accordance with the DIP Budget (as defined in the DIP Financing Orders)

in effect in connection with such orders (subject to Permitted Budget Variances, as defined in the

DIP Credit Agreement).

      17.    Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective

and enforceable immediately upon entry hereof.

      18.    The requirements set forth in Local Bankruptcy Rule 9013-1(b) are

satisfied by the contents of the Motion.

      19.    The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

      20.    This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated: New York, New York

      May 13<u>th</u>, 2016

                         /s/ STUART M. BERNSTEIN
                         HONORABLE STUART M. BERNSTEIN

## EXHIBIT 1

**Rejection Notice**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors
 and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— :
                                        :
**In re:**                              :    **Chapter 11**
                                        :
**SUNEDISON, INC.,** *et al.,*          :    **Case No. 16-10992 (SMB)**
                                        :
**Debtors.**[1]                         :    **(Jointly Administered)**
                                        :

**NOTICE OF REJECTION OF [A] CERTAIN EXECUTORY CONTRACT[S]
[AND/OR UNEXPIRED LEASE[S]]**

   **PLEASE TAKE NOTICE** that, on [_____], 2016, the United States

Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered the order [Docket

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

No. ___] (the "Order") granting the motion (the "Motion")[2] of the Debtors for an order, pursuant to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1, authorizing and approving, among other things, expedited procedures for the Debtors to reject executory contracts and unexpired leases (each a "Contract").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on Schedule 1 attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in Schedule 1, or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.

      **PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the Debtors' rejection of any Contract listed in Schedule 1 must file and serve a written objection, so that such objection is filed with the Court and is ***actually received*** no later than fourteen (14) calendar days after the date that the Debtors served this Rejection Notice, upon the following parties: (i) the Debtors, 13736 Riverport Dr., Maryland Heights, Missouri 63043, Attn: Martin Truong and David Ringhofer; (ii) proposed counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman and J. Eric Ivester, jay.goffman@skadden.com and eric.ivester@skadden.com; (iii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (iv) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (v) counsel to the Tranche B

Lenders (as defined in the DIP Credit Agreement) and the steering committee of the second lien

creditors (the "Steering Committee"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park,

New York, NY 10036, Attn: Arik Preis and Kristine Manoukian, apreis@akingump.com and

kmanoukian@akingump.com; (vi) counsel to the administrative agent under the Debtors'

prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540

Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown,

daniel.brown@pillsburylaw.com; (vii) counsel to the collateral trustee under the Debtors'

prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza,

Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (viii) counsel to the

indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin

LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio,

mpollio@goodwin.com; (ix) counsel to the administrative agent under the postpetition debtor-in-

possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY

10036-2787, Attn: Scott Greissman and Elizabeth Feld, sgreissman@whitecase.com and

efeld@whitecase.com; (x) counsel to the Official Committee of Unsecured Creditors, Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Matthew Barr and

Joseph Smolinsky, suneweilbfr@weil.com; (xi) counsel to TerraForm Power, Inc. and

TerraForm Global, Inc., Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004,

Attn:  Michael H. Torkin and Andrew G. Dietderich, torkinm@sullcrom.com and

dietdericha@sullcrom.com; (xii) to the extent not listed herein, any such other party entitled to

notice pursuant to Local Bankruptcy Rule 9013-1(b).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of any Contract listed on <u>Schedule 1</u> shall become effective on the Rejection Date set forth in <u>Schedule 1</u> without further notice, hearing or order of this Court, unless (i) the Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) the Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.[3]

**PLEASE TAKE FURTHER NOTICE** that, if a timely objection to the rejection of any Contract listed on <u>Schedule 1</u> is timely filed and not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in <u>Schedule 1</u> or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in <u>Schedule 1</u> shall be deemed abandoned as of the Rejection Date set forth on <u>Schedule 1</u>.

---

[3]    An objection to the rejection of any particular Contract listed in <u>Schedule 1</u> to this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in <u>Schedule 1</u>.  Any objection to the rejection of any particular Contract must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert any claim(s) arising out of the rejection of your Contract(s) listed on <u>Schedule 1</u>, you must do so before the later of (i) thirty (30) days after the Rejection Date and (ii) any applicable claims bar date for filing proofs of claim established in these Chapter 11 Cases. **FAILURE TO TIMELY FILE ANY PROOF OF CLAIM SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED**.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: New York, New York
 _____, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

6

## <u>SCHEDULE 1</u>

### Rejected Contracts

| Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| | | | | |
| | | | | |

# **EXHIBIT 2**

**Assumption Notice**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors
 and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

**NOTICE OF ASSUMPTION OF [A] CERTAIN EXECUTORY CONTRACT[S]
[AND/OR UNEXPIRED LEASE[S]]**

        **PLEASE TAKE NOTICE** that, on [_____], 2016, the United States

Bankruptcy Court for the Southern District of New York (the "Court") entered the order [Docket

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

No. ___] (the "Order") granting the motion (the "Motion")[2] of the Debtors for an order, pursuant

to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local

Bankruptcy Rule 6006-1, authorizing and approving, among other things, procedures for the

Debtors to assume or to assume and assign executory contracts and unexpired leases (each a

"Contract").

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order

and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they

have determined, in the exercise of their business judgment, that each Contract set forth on

Schedule 1 attached hereto is hereby assumed or assumed and assigned effective as of the date

(the "Assumption Date") set forth in Schedule 1, or such other date as the Debtors and the

counterparty or counterparties to such Contract(s) agree.

PLEASE TAKE FURTHER NOTICE that, the [Debtor / Assignee], has the

financial wherewithal to meet all future obligations under the Contract, which may be evidenced

upon written request by the counterparty to the Contract, thereby demonstrating that the [Debtor

/ Assignee] has the ability to comply with the requirements of adequate assurance of future

performance.[3]

PLEASE TAKE FURTHER NOTICE that, the Debtors' records reflect the

amounts owing, if any, for prepetition arrearages as set forth in Schedule 1 (the "Cure Amount").

PLEASE TAKE FURTHER NOTICE that, parties seeking to object to the

Debtors' assumption or assumption and assignment of any Contract listed in Schedule 1 must file

and serve a written objection, so that such objection is filed with the Court and is **_actually_**

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]    The Debtors shall serve a counterparty to a Contract to be assumed under the Contract Procedures with
        evidence of adequate assurance upon such counterparty's written request to the Debtors' counsel.

2

*received* no later than fourteen (14) calendar days after the date that the Debtors served this

Assumption Notice, upon the following parties: (i) the Debtors, 13736 Riverport Dr., Maryland

Heights, Missouri 63043, Attn: Martin Truong and David Ringhofer; (ii) proposed counsel to the

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY

10036, Attn: Jay M. Goffman and J. Eric Ivester, jay.goffman@skadden.com and

eric.ivester@skadden.com; (iii) the Office of the United States Trustee, U.S. Federal Office

Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg,

paul.schwartzberg@usdoj.gov; (iv) counsel to the administrative agent under the Debtors'

prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue,

Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and

brad.kotler@lw.com; (v) counsel to the Tranche B Lenders (as defined in the DIP Credit

Agreement) and the steering committee of the second lien creditors (the "Steering Committee"),

Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik

Preis and Kristine Manoukian, apreis@akingump.com and kmanoukian@akingump.com; (vi)

counsel to the administrative agent under the Debtors' prepetition second lien credit agreement,

Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn:

Daniel S. Brown, daniel.brown@pillsburylaw.com; (vii) counsel to the collateral trustee under

the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One

Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com;

(viii) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances,

Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C.

Pollio, mpollio@goodwin.com; (ix) counsel to the administrative agent under the proposed

postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the

Americas, New York, NY 10036-2787, Attn: Scott Greissman and Elizabeth Feld,

sgreissman@whitecase.com and efeld@whitecase.com; (x) counsel to the Official Committee of

Unsecured Creditors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153,

Attn: Matthew Barr and Joseph Smolinsky, suneweilbfr@weil.com; (xi) counsel to TerraForm

Power, Inc. and TerraForm Global, Inc., Sullivan & Cromwell LLP, 125 Broad Street, New

York, NY 10004, Attn:  Michael H. Torkin and Andrew G. Dietderich, torkinm@sullcrom.com

and dietdericha@sullcrom.com; and (xii) to the extent not listed herein, any such other party

entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely

filed, the assumption of any Contract listed on Schedule 1 shall become effective on the

Assumption Date set forth in Schedule 1 without further notice, hearing or order of this Court,

unless (i) the Debtors withdraw such Assumption Notice on or prior to the Assumption Date or

(ii) the Debtors and the pertinent counterparty or counterparties agree, prior to the Assumption

Date, upon another such date.[4]

PLEASE TAKE FURTHER NOTICE that, if a timely objection to the

assumption of any Contract listed on Schedule 1 is timely filed and not withdrawn or resolved,

the Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection

is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth

in Schedule 1 or such other date as the Debtors and the counterparty or counterparties to such

Contract(s) agree.

---

[4]    An objection to the assumption of any particular Contract listed in Schedule 1 to this Assumption Notice shall
not constitute an objection to the assumption of any other Contract listed in Schedule 1.  Any objection to the
assumption of any particular Contract must state with specificity the Contract(s) to which it is directed.  For
each particular Contract whose assumption is not timely or properly objected to, such assumption will be
effective in accordance with this Assumption Notice and the Order.

4

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated:  New York, New York
_____, 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (*pro hac vice pending*)
Louis S. Chiappetta (*pro hac vice pending*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel for Debtors and Debtors in Possession*

## SCHEDULE 1

### Assumed Contracts

| Counterparty | Counterparty Address | Description of Contract | Cure Amount | Assumption Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |