Hearing Date: June 7, 2016 at 10:00 a.m. (Eastern Time)
(Related ECF No. 356)

| | |
|---|---|
| WHITE & CASE LLP<br>Southeast Financial Center, Suite 4900<br>200 South Biscayne Blvd<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>Facsimile: (305) 358-5744<br>Thomas E Lauria, Esq. | FOLEY & LARDNER LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313<br>Telephone: (312) 832-4500<br>Facsimile: (312) 832-4700<br>Harold L. Kaplan<br>Mark F. Hebbeln<br>Lars A. Peterson |

1155 Avenue of the Americas
New York, NY  10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Glenn M. Kurtz
J. Christopher Shore
Harrison L. Denman
Michele J. Meises
Thomas MacWright

*Attorneys for BOKF, N.A.,*
 *as Convertible Notes Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SUNEDISON, INC., et al.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-10992 (SMB)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are:  SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A).

AMERICAS 91282702 (2K)

**OBJECTION OF BOKF, N.A., AS CONVERTIBLE NOTES INDENTURE TRUSTEE, TO APPOINTMENT OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE

BOKF, N.A., as Indenture Trustee (the "**Indenture Trustee**") with respect to the (i) 2.00% convertible unsecured notes due 2018, (ii) 0.25% convertible unsecured notes due 2020, (iii) 2.75% convertible unsecured notes due 2021, (iv) 2.375% convertible unsecured notes due 2022, (v) 2.625% convertible unsecured notes due 2023, and (vi) 3.375% convertible unsecured notes due 2025 (collectively, the "**Convertible Unsecured Notes**"), issued by SunEdison, Inc. ("**SunEdison**"), by and through its undersigned counsel, submits this objection (the "**Objection**") in response to the Order to Show Cause Why an Official Committee of Equity Security Holders Should Not Be Appointed, entered by the Court on May 20, 2016 (ECF No. 356) (the "**Order to Show Cause**"), in response to various letters from certain holders of SunEdison's equity securities (the "**Equity Holders**") seeking the appointment of a committee (an "**Equity Committee**") to represent shareholders in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). In support of this Objection, the Indenture Trustee respectfully represents:

**OBJECTION**

1. The appointment of an equity committee is an "extraordinary remedy" that is unwarranted in these Chapter 11 Cases. While the Indenture Trustee would like nothing more than there being sufficient value in the Debtors' estates to enable the holders of the Convertible Unsecured Notes to be paid in full, at this time there does not appear to be any realistic possibility of this occurring. Therefore, there is no justification for the appointment of an Equity Committee with its attendant substantial costs and expenses to the Debtors' estates.

2. Section 1102(a)(2) of the Bankruptcy Code provides that the court "may order the appointment of additional committees of . . . equity security holders *if necessary* to assure adequate representation of . . . equity security holders." 11 U.S.C. § 1102(a)(2) (emphasis added). There is "uniform recognition that such an appointment constitutes extraordinary relief and is the exception rather than the rule." *In re Eastman Kodak Co.*, Ch. 11 Case No. 12-10202 (ALG), 2012 Bankr. LEXIS 2944 at *6 (Bankr. S.D.N.Y. June 28, 2012); *see also In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002) (appointment of additional committee is "extraordinary remedy"), *aff'd sub nom. Mirant Ams. Energy Mktg., L.P. v. Official Comm. of Unsecured Creditors of Enron Corp.*, 2003 WL 22327118 (S.D.N.Y. Oct. 10, 2003). The Equity Holders bear the burden of proof with respect to this rigorous standard. *See, e.g., In re Dana Corp.*, 344 B.R. 35, 37 (Bankr. S.D.N.Y. 2006). For this reason, courts in this Circuit have held that an equity committee "should not be appointed unless equity holders establish that (i) there is a substantial likelihood that they will receive a meaningful distribution in the case under a strict application of the absolute priority rule, and (ii) they are unable to represent their interests . . . without an official committee." *In re Williams Communs. Group, Inc.*, 281 B.R. 216, 223 (Bankr. S.D.N.Y. 2002).

3. The Equity Holders have not carried their burden with respect to establishing the existence of either of these conditions. <u>First</u>, there is no likelihood that equity holders will receive any, let alone a meaningful, distribution in the Chapter 11 Cases. And the Equity Holders have not presented any evidence that demonstrates otherwise. For this reason alone, their request for the appointment of an Equity Committee must fail.

4. <u>Second</u>, the interests of the Equity Holders are adequately represented. The "statutory focus of section 1102(a)(2) is not whether the shareholders are 'exclusively' represented, but whether they are 'adequately' represented." *Williams*, 281 B.R. at 223. Courts

have refused to appoint an equity committee where the committee has the same goals as an equity committee – to maximize value of the estate. *See, e.g., Eastman Kodak* at *5 (denying motion to appoint equity committee where shareholders have not shown an official committee was necessary because "[a]ll the other constituencies in the case have the same goals as the shareholders' committee – to maximize the value of the estate"); *Williams*, 281 B.R. at 222-23 ("the Creditors' Committee has sufficiently aligned or parallel interests with the Shareholders to preclude the need for an additional committee").

5. The requests before the Court are nothing more than an attempt to impose the cost of the Equity Holders and their professionals on the Debtors and other economic stakeholders. They fail to demonstrate any need to further burden the Debtors' estates with the significant expenses of an additional statutory committee. The additional costs that would be incurred by the Debtors' estates were an Equity Committee appointed cannot be justified.

6. The Indenture Trustee does not seek to foreclose the participation of the Equity Holders in these Cases. The Equity Holders have the right to be heard individually under section 1109(b) of the Bankruptcy Code or may coordinate as part of an ad hoc committee of equity holders, which would avoid the increased costs and expenses that would result from the appointment of an additional statutory committee. To the extent that they provide a substantial contribution to the Chapter 11 Cases, they may seek reimbursement for reasonable professional services and expenses pursuant to section 503(b) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE the Indenture Trustee requests that the Court deny the appointment of an Equity Committee and grant the Indenture Trustee such other relief as the Court deems just and proper.

Dated: May 31, 2016
      New York, New York

By:  */s/ J. Christopher Shore*
Glenn M. Kurtz
J. Christopher Shore
Harrison L. Denman
Michele J. Meises
Thomas MacWright
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Thomas E Lauria
WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Harold L. Kaplan
Mark F. Hebbeln
Lars A. Peterson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

*Attorneys for BOKF, N.A.,*
 *as Convertible Notes Indenture Trustee*