UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNEDISON, INC., *et al.*, | ) | Case No. 16-10992 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**LIMITED OBJECTION OF THE YIELDCOS TO DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 363(B), AND 541(A)(1) AND BANKRUPTCY RULES 2002, 6004, AND 9006 AUTHORIZING AND APPROVING PROCEDURES FOR (A) THE SALE OR TRANSFER OF ASSETS OF NON-DEBTOR SUBSIDIARIES; (B) THE SALE OR TRANSFER OF DE MINIMIS ASSETS; AND (C) TAKING CORPORATE ACTION IN CONNECTION THEREWITH**

TerraForm Power, Inc. ("**TERP**") and TerraForm Global, Inc. ("**Global**," and together with TERP, the "**Yieldcos**"), parties-in-interest in the above-captioned bankruptcy case, file this limited objection to the *Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105(a), 363(b), and 541(a)(1) and Bankruptcy Rules 2002, 6004, and 9006 Authorizing and Approving Procedures for (A) the Sale or Transfer of Assets of Non-Debtor Subsidiaries; (B) the Sale or Transfer of De Minimis Assets; and (C) Taking Corporate Action in Connection Therewith* [Docket No. 312] (the "**Asset Sale Procedures Motion**")[1] and respectfully state as follows:

1. The Yieldcos have a unique interest in the assets that the Debtors are proposing to transfer pursuant to the Non-Debtor Asset Sale Procedures and *De Minimis* Asset Sale Procedures (collectively, the "**Sale Procedures**"). Other parties-in-interest in these chapter 11 cases generally are interested in these transfers as *creditors*—*i.e.*, in ensuring that the Debtors

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Asset Sale Motion.

and their non-Debtor subsidiaries (collectively, "**SunEdison**") receive fair value in return for such transfers. In contrast, the Yieldcos, who are sponsored by SunEdison and rely on SunEdison for critical services, are concerned that certain transfers may materially affect the Yieldcos and their operations even though those transfers are conducted by non-Debtor affiliates or will result in *de minimis* proceeds to the Debtors.

2.   For instance, transfers of assets that are necessary for SunEdison to perform its obligations under the sponsor arrangements entered into between SunEdison and each Yieldco at the time of its IPO (the "**Sponsor Arrangements**") could leave the Yieldcos without a sponsor capable of providing all of the services necessary for the Yieldcos to continue operations in the ordinary course. It is critical that the Yieldcos have an opportunity to be heard in connection with such transfers and are provided with sufficient advance notice to arrange replacements for SunEdison service providers that can no longer perform. The proposed Sale Procedures would permit SunEdison to dispose of critical operational assets without notice to the Yieldcos or an opportunity for the Yieldcos to object.

3.   In addition, the Yieldcos are interested parties with respect to transfers of numerous Projects (the "**Yieldco Projects**"):

- The Yieldcos have already paid for certain Projects that were never delivered by SunEdison, and may have Liens against, or property interests in, such Projects.

- Global has asserted that certain Projects in India are being held in constructive trust for the benefit of Global.

- As part of the Sponsor Arrangements, SunEdison agreed to contribute certain Projects to each Yieldco and granted each Yieldco the right to purchase other Projects—many of which have not been transferred to the Yieldcos.

The Yieldcos may still be interested in acquiring many of the Yieldco Projects. Furthermore, transfers of Yieldco Projects to purchasers other than the Yieldcos may cause defaults under the Sponsor Arrangements that cannot be cured.[2]

4.    In light of the foregoing, the Yieldcos object to the approval of the Asset Sale Procedures Motion unless the Sale Procedures require that the Debtors provide the Yieldcos with seven days' notice and an opportunity to object to any sales or transfers (or the entry by the Debtors into any binding agreements with respect to such sales or transfers) of (x) Projects or (y) other assets necessary to SunEdison's performance of its duties as the Yieldcos' sponsor.

5.    The seven-day notice period requested by the Yieldcos is less than what is required under rule 2002 of the Federal Rules of Bankruptcy Procedure (which requires 21 days' notice of sales to parties-in-interest) and consistent with the requirements of rule 6004-1 of the Court's Local Rules (which requires, among other things, seven days' written notice of *de miminis* sales of property to any interested party, including any party who may be interested in acquiring such property).

6.    The Yieldcos have sought to resolve their objections to the Sale Procedures consensually with the Debtors, but so far have been unable to persuade the Debtors to provide

---

[2]    Under the proposed Non-Debtor Asset Sale Procedures, SunEdison is not required to give any notice to the Yieldcos or other key parties-in-interest of sales of Non-Debtor Assets resulting in net proceeds of less than $10 million. Asset Sale Procedures Motion ¶ 17(a). Given that SunEdison's equity in many of its Projects is a fraction of the total value of such Project (or put differently, given that many of SunEdison's Projects are encumbered with high levels of project-level debt), the Non-Debtor Asset Sale Procedures, with notice requirements tied to a "net proceeds" threshold, would empower SunEdison to sell many of its largest Projects without providing notice to the Yieldcos or other key parties-in-interest.

SC1:4142669.2

the Yieldcos with fair notice of asset transfers. The Yieldcos reserve their rights to modify or supplement this limited objection in all respects.

| | |
|---|---|
| Dated:   June 1, 2016 | /s/ Andrew G. Dietderich |
| | Andrew G. Dietderich |
| | Michael H. Torkin |
| | John L. Hardiman |
| | David R. Zylberberg |
| | SULLIVAN & CROMWELL LLP |
| | 125 Broad Street |
| | New York, New York  10004 |
| | Telephone:   (212) 558-4000 |
| | Facsimile:   (212) 558-3588 |
| | E-mail:   dietdericha@sullcrom.com |
| |            torkinm@sullcrom.com |
| |            hardimanj@sullcrom.com |
| |            zylberbergd@sullcrom.com |
| | |
| | Counsel for TerraForm Power, Inc. and TerraForm Global, Inc. |