Hearing Date and Time: July 14, 2016 at 10:30 a.m. (Prevailing Eastern Time)
Objection Deadline: July 7, 2016 at 4:00 p.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald

*Co-Counsel for Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SUNEDISON, INC.**, *et al.*, | Case No. 16-10992 (SMB) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER UNDER
SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS TO
PAY THE FEES AND EXPENSES OF DAVIS POLK & WARDWELL LLP AS
COUNSEL TO THE INDEPENDENT DIRECTORS OF SUNEDISON, INC.**

SunEdison, Inc. ("**SUNE**") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, "**SunEdison**" or the "**Company**"),[2] hereby move (this "**Motion**") this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2] For purposes herein, the definition of "SunEdison" and "Company" does not include Terraform Power, Inc. and Terraform Global, Inc., and each of their respective direct and indirect subsidiaries, unless otherwise provided.

Court for entry of an order substantially in the form attached hereto as Exhibit B (the "**Order**"), under section 363 of title 11 of the United States Code (the "**Bankruptcy Code**") authorizing the Debtors to pay the fees and expenses of Davis Polk & Wardwell LLP ("**Davis Polk**" or the "**Firm**") as counsel for the Independent Directors (as defined below).  This Motion is supported by the *Declaration of Marshall S. Huebner in Support of Debtors' Motion for the Entry of an Order Under Section 363 of the Bankruptcy Code Authorizing Debtors to Pay the Fees and Expenses of Davis Polk & Wardwell LLP as Counsel to the Independent Directors of SunEdison, Inc.* (the "**Huebner Declaration**"), attached hereto as Exhibit A.  In support of this Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicate for the relief requested herein is Bankruptcy Code section 363.

## BACKGROUND

3. On April 21, 2016 (the "**Petition Date**"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered.

4. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On April 29, 2016, the United States Trustee formed an Official Committee of Unsecured Creditors in the Debtors' cases. No trustee or examiner has been appointed in the Debtors' cases.

6. SunEdison is one of the world's leading developers of renewable-energy solutions. In addition to its development business, SunEdison owns, operates and/or provides maintenance services for clean power generation assets. SunEdison's renewable-energy development business is a global enterprise with substantial development activities on six continents.

7. SUNE's board of directors (the "**Board**") has seven directors who are not officers of, or employed by, SunEdison (the "**Independent Directors**"). The Independent Directors have extensive business experience, including in accounting and finance. The Board is actively involved in the Debtors' restructuring, with multiple Board and committee meetings each month and, in many cases, each week.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in detail in the *Declaration of Patrick M. Cook Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First Day Pleadings* [ECF No. 4] (the "**First Day Declaration**").[3]

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an Order pursuant to section 363 of the Bankruptcy Code authorizing the Debtors to pay the fees and expenses of Davis Polk as counsel for the Independent Directors, as more fully described herein. For the reasons set forth

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.

### The Independent Director's Retention of Davis Polk

10. The Independent Directors are utilizing the services of Davis Polk to enable the Independent Directors properly to execute their duties in the complex environment surrounding these Chapter 11 Cases. Shortly after the Debtors filed these Chapter 11 Cases, the Independent Directors sought to retain counsel independent from the Debtors to provide advice on the various issues a board of directors encounters in a complex chapter 11 proceeding such as these Chapter 11 Cases, including with respect to highly complex governance and duty issues, as well as certain lawsuits that had been filed prepetition against the Company, and certain members of management and certain Independent Directors (the "**Prepetition Litigation**"). The Independent Directors selected Davis Polk as counsel, and, since May 13, 2016, Davis Polk has been finalizing the scope of its retention (with an especial focus on not duplicating efforts with the Debtors' professionals) and providing extensive advice to the Independent Directors. In that short amount of time, Davis Polk has become familiar with the Debtors' business affairs, attended multiple Board meetings and conferred with the Independent Directors on many issues with respect to these Chapter 11 Cases.

11. Davis Polk has been engaged to render such legal services as may be requested by the Independent Directors and able to be performed by Davis Polk. While Davis Polk has been in frequent communication with the Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden, Arps**"), about these Chapter 11 Cases, Davis Polk's engagement is separate from, and not duplicative of, Skadden, Arps' engagement in these Chapter 11 Cases, and Davis Polk will not be providing legal advice directly to any of the Debtors.

12. The Debtors believe that Davis Polk is well-suited to advise the Independent Directors in these Chapter 11 Cases. Importantly, Davis Polk is the law firm that the Independent Directors themselves selected. The Debtors believe that the Independent Directors selected Davis Polk as counsel in these Chapter 11 Cases because, among other reasons, Davis Polk has extensive knowledge of and experience in bankruptcy, restructuring and corporate governance, among many other legal practice areas. In addition, Davis Polk's attorneys currently represent, and have represented, boards, debtors and creditors in multiple large and complex cases, including chapter 11 cases pending in this district, and have frequently advised corporate directors in connection with insolvencies and restructurings.

**Scope of Davis Polk's Services and Professional Compensation**

13. The Independent Directors have requested that Davis Polk render, to the extent necessary, the following services (the "**Services**") in connection with these Chapter 11 Cases and certain continuing matters: (a) attend and participate in Board meeting and executive sessions as requested; (b) advise the Independent Directors on their duties in these Chapter 11 Cases; (c) advise the Independent Directors with respect to any investigations, examinations, claims or other proceedings in connection with these Chapter 11 Cases and otherwise; and (d) such other services requested by the Independent Directors and reasonably related to these Chapter 11 Cases as agreed between the Independent Directors and Davis Polk. The Services will not include any advice about or in connection with the Company's 2014 acquisition of First Wind Holdings, Inc.

14. The Debtors will pay Davis Polk's fees and expense for the Services rendered by Davis Polk. The applicable hourly rates for this engagement range from $1,085 to $1,395 for partners, $1,045 for counsel and from $460 to $960 for associates. Davis Polk adjusts its rates periodically, generally on January 1 of each year.

15. In addition to the hourly rates set forth above, Davis Polk customarily charges its clients for costs or expenses incurred. These costs and expenses include, among other things, photocopying, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, transcription charges, expenses for "working meals," and telecopy charges.

16. Davis Polk intends to submit monthly invoices (the "**Monthly Invoices"**) to the Independent Directors, with copies of the Monthly Invoices (redacted as appropriate) submitted reasonably contemporaneously therewith to (a) the Debtors, (b) counsel for the Debtors, (c) the Office of the United States Trustee for the Southern District of New York; (d) counsel to the Official Committee of Unsecured Creditors; and (e) counsel to the to the administrative agent under the Debtors' postpetition debtor-in-possession financing facility (collectively, the "**Notice Parties**" and each, a "**Notice Party**"). The Debtors will pay all reasonable amounts invoiced by Davis Polk for fees and expenses pursuant to the following procedures (the "**Payment Procedures**"):

(a) Each Notice Party shall have fifteen (15) days after the receipt of a Monthly Invoice to review it and, if such Notice Party has an objection to the fees and expenses sought in a particular Monthly Invoice (an "**Objection**"), such party shall, by no later than fifteen (15) days following the receipt of the particular Monthly Invoice (the "**Objection Deadline**"), serve upon Davis Polk and the Notice Parties a written notice (the "**Notice of Objection to Invoice**"), setting forth with specificity the nature of the Objection and the amount of fees or expenses at issue.

(b) If no Notice of Objection to Invoice has been timely served upon Davis Polk and the Notice Parties by the expiration of the Objection Deadline, or if Davis Polk and the objecting Notice Party thereafter consensually resolve any such Objection, the Debtors shall promptly pay, in full, the fees and expenses identified in the Monthly Invoice.

(c) If a Notice of Objection to Invoice has been timely served upon Davis Polk and the Notice Parties, the Debtors shall withhold payment of that portion of the Monthly Invoice to which the Objection is directed and promptly pay the remainder of the fees and expenses to Davis Polk.

(d)  If a Notice of Objection to Invoice is served upon Davis Polk and the Notice Parties, Davis Polk and the objecting party will work in good faith to resolve their dispute without resort to the Court.

(e)  Any Objections that are not resolved by the parties shall be preserved and presented to the Court at the next available Omnibus Hearing Date.

**Davis Polk's Disinterestedness**

17. Because Davis Polk will be acting as counsel to the Independent Directors, rather than the Debtors, the Debtors do not believe that Davis Polk is a professional whose employment is subject to approval under Section 327 of the Bankruptcy Code.  However, in reliance on the Huebner Declaration and subject to the disclosures made therein, the Debtors believe, with respect to the matters for which Davis Polk was retained, that Davis Polk neither has nor represents an interest materially adverse to the interest of the Debtors or their respective estates or of any class of creditors or equity interest holders, by reason of any direct or indirect relationship to, connection with or interest in, the Debtors.

18. The Debtors have been informed that Davis Polk will conduct an ongoing review on each June 30 and December 31 that occurs during these Chapter 11 Cases[4] to ensure that no disqualifying circumstances have arisen, and, if any new facts or relationships that Davis Polk believes should be disclosed to this Court and the parties in interest in these cases are discovered, Davis Polk will file a supplemental disclosure with the Court and serve such supplemental disclosure on the Office of the United States Trustee for Region 2.  If any new material, relevant facts or relationships are discovered between the June 30 and December 31 review periods, Davis Polk will promptly file a supplemental disclosure with the Court and serve such supplemental disclosure on the United States Trustee.

---

[4] Beginning on December 31, 2016

## BASIS FOR RELIEF REQUESTED

19. The Debtors seek to pay the fees and expenses of Davis Polk pursuant to section 363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363. In reviewing a debtor's decision to use estate property pursuant to section 363 of the Bankruptcy Code, courts have routinely held that if such use represents the reasonable business judgment of the part of the debtors, such use should be approved. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070-71 (2d Cir. 1983) (requiring a "good business reason" to approve a sale pursuant to section 363(b); *In re Metaldyne Corp.*, 409 B.R. 661, 667 (Bankr. S.D.N.Y. 2009) ("[A] classic question under § 363(b): have the Debtors exercised their reasonable business judgment . . . .? In answering this question the Court is guided by the decisions in this jurisdiction emphasizing that the Court should not substitute its business judgment for that of the Debtors.").

20. Courts in this and other districts have approved payment of fees and expenses of counsel for the a debtor's board of directors. *See, e.g., In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) [ECF No. 485] (authorizing debtors to advance legal fees to directors in connection with a postpetition investigation); *In re Residential Capital, LLC*, No. 12-12020 (MG) [ECF No. 1610] (authorizing payment of fees and expense of counsel to independent directors); *In re Innkeepers USA Trust*, No. 10- 13800 (SCC) (Bankr. S.D.N.Y. Nov. 10, 2010) [ECF No. 701] (authorizing payment of fees and expenses of counsel to committee of independent trustees of a board of trustees).

21. Paying the fees and expense of Davis Polk as counsel to the Independent Directors is a sound exercise of the Debtors' business judgment. The Independent Directors

8

have been actively involved in these Chapter 11 Cases and are facing many complex decisions and issues, often swiftly. The Independent Directors are diligently evaluating the Debtors' restructuring options, and Davis Polk's advice and services are aiding the Independent Directors in that evaluation. Accordingly, it is a sound exercise of the Debtors' business judgment to pay the fees and expenses of Davis Polk.

22. Paying the fees and expenses of Davis Polk is consistent with SUNE's certification of incorporation, which provides:

> (1) The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the Corporation) by reason of the fact that he is or was a director . . . agent of the Corporation to the full extent authorized or permitted by law, as now or hereafter in effect, against expenses (including attorneys' fees) . . . in connection with such action, suit or proceeding. The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he is or was a director . . . of the Corporation . . . against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit.
>
> (2) Expenses (including attorneys' fees) incurred by an officer or director in defending any civil, criminal, administrative or investigative action, suit or proceeding shall be paid by the Corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director or officer to repay such amount if it shall ultimately be determined that he is not entitled to be indemnified by the Corporation pursuant to this Article Sixth or as otherwise authorized by law. Such expenses (including attorneys' fees) incurred by other employees and agents may be so paid upon such terms and conditions, if any, as the Board of Directors deems appropriate.

Amended and Restated Certificate of Incorporation of SunEdison, Inc. (the "**Charter**"), § 6.

23. Certain of the Independent Directors are parties to the Prepetition Litigation and Davis Polk is advising those directors with respect to the Prepetition Litigation. Davis Polk's fees and expenses for such advise fit squarely within the indemnification provisions of SUNE's corporation documents. In addition, Davis Polk will advise the Independent Directors with respect to any investigations related to these Chapter 11 Cases, and it is consistent with the

9

Section 6 of the Charter for the Debtors to indemnify the Independent Directors for such fees and expenses. It is a sound exercise of the Debtors' business judgment to advance fees as required by their corporate governance documents.

24. In light of the foregoing, the Debtors believe that paying the fees and expense of Davis Polk as counsel to the Independent Directors are appropriate and in the best interests of the Debtors and their estates.

## NOTICE

25. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement; (c) counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors (the "**Steering Committee**"); (d) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement; (e) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement; (f) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (g) the U.S. Attorney for the Southern District of New York; (h) counsel to the administrative agent under the postpetition debtor-in-possession financing facility; (i) counsel to the Committee in these Chapter 11 cases; (j) Counsel to TerraForma Power, Inc. and TerraForm Global, Inc.; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; and (m) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

26. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE the Debtors respectfully request an order (i) authorizing the Debtors to pay the fees and expenses of Davis Polk as counsel to the Independent Directors, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 23, 2016

TOGUT, SEGAL & SEGAL LLP

By:

/s/Frank A. Oswald
Albert Togut
Frank A. Oswald
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258