SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SUNEDISON, INC.,** *et al.*, | : | **Case No. 16-10992 (SMB)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

**FIFTH OMNIBUS NOTICE OF REJECTION OF EXECUTORY CONTRACTS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

PLEASE TAKE NOTICE that, on May 13, 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the order [Docket No. 280] (the "Order") granting the motion (the "Motion")[2] of the Debtors for an order, pursuant to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1, authorizing and approving, among other things, expedited procedures for the Debtors to reject executory contracts and unexpired leases (each a "Contract").

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on Schedule 1 attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in Schedule 1, or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.

PLEASE TAKE FURTHER NOTICE that, parties seeking to object to the Debtors' rejection of any Contract listed in Schedule 1 must file and serve a written objection, so that such objection is filed with the Court and is *actually received* no later than fourteen (14) calendar days after the date that the Debtors served this Rejection Notice, upon the following parties: (i) the Debtors, 13736 Riverport Dr., Maryland Heights, Missouri 63043, Attn: Martin Truong and David Ringhofer; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman and J. Eric Ivester, jay.goffman@skadden.com and eric.ivester@skadden.com; (iii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, paul.schwartzberg@usdoj.gov; (iv) counsel to the administrative agent

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

under the Debtors' prepetition first lien credit agreement, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, Attn: Richard Levy and Brad Kotler, richard.levy@lw.com and brad.kotler@lw.com; (v) counsel to the Tranche B Lenders (as defined in the DIP Credit Agreement) and the steering committee of the second lien creditors (the "Steering Committee"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis and Naomi Moss, apreis@akingump.com and nmoss@akingump.com; (vi) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn: Daniel S. Brown, daniel.brown@pillsburylaw.com; (vii) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (viii) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances, Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1919, Attn: Marie C. Pollio, mpollio@goodwin.com; (ix) counsel to the administrative agent under the postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman and Elizabeth Feld, sgreissman@whitecase.com and efeld@whitecase.com; (x) counsel to the Official Committee of Unsecured Creditors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Matthew Barr and Joseph Smolinsky, suneweilbfr@weil.com; (xi) counsel to TerraForm Power, Inc. and TerraForm Global, Inc., Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Michael H. Torkin and Andrew G. Dietderich, torkinm@sullcrom.com and dietdericha@sullcrom.com; and (xii) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of any Contract listed on Schedule 1 shall become effective on the Rejection Date set forth in Schedule 1 without further notice, hearing or order of this Court, unless (i) the Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) the Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.[3]

**PLEASE TAKE FURTHER NOTICE** that, if a timely objection to the rejection of any Contract listed on Schedule 1 is timely filed and not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the unresolved objection. If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in Schedule 1 or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in Schedule 1 shall be deemed abandoned as of the Rejection Date set forth on Schedule 1.

---

[3] An objection to the rejection of any particular Contract listed in Schedule 1 to this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in Schedule 1. Any objection to the rejection of any particular Contract must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order

4

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert any claim(s) arising out of the rejection of your Contract(s) listed on Schedule 1, you must do so before the later of (i) thirty (30) days after the Rejection Date and (ii) any applicable claims bar date for filing proofs of claim established in these Chapter 11 Cases.  **FAILURE TO TIMELY FILE ANY PROOF OF CLAIM SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED**.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: New York, New York
       July 20, 2016

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ J. Eric Ivester*
    Jay M. Goffman
    J. Eric Ivester
    Four Times Square
    New York, New York 10036-6522
    Telephone: (212) 735-3000
    Fax: (212) 735-2000

    -and-

    James J. Mazza, Jr. (admitted *pro hac vice*)
    Louis S. Chiappetta (admitted *pro hac vice*)
    155 N. Wacker Dr.
    Chicago, Illinois 60606-1720
    Telephone: (312) 407-0700
    Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

# SCHEDULE 1

## Rejected Contracts

| Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
| SPG Solar, Inc. | 1039 N. McDowell Blvd., Suite B Petaluma, CA 94954  gosolar@spgsolar.com | Asset Purchase Agreement, dated October 30, 2014, by and between Sun Edison, LLC and SPG Solar, Inc. | N/A | July 20, 2016 |
| SPG Solar, Inc. | 1039 N. McDowell Blvd., Suite B Petaluma, CA 94954  gosolar@spgsolar.com | Fulfillment Services Agreement, dated December 15, 2014, by and between SPG Solar, Inc. and Team-Solar, Inc. | N/A | July 20, 2016 |
| SPG Solar, Inc. | 1039 N. McDowell Blvd., Suite B Petaluma, CA 94954  gosolar@spgsolar.com | Fulfillment Services Agreement, dated December 15, 2014, by and between SPG Solar, Inc. and NVT Licenses, LLC | N/A | July 20, 2016 |