UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
                                            :
In re:                                      :      Case No. 16-10992 (SMB)
                                            :
SUNEDISON, INC. *et al.*[1]                 :      Chapter 11
                                            :
        Debtors.                            :      (Jointly Administered)
-------------------------------------------------X

**MEMORANDUM DECISION AND ORDER DENYING
MOTIONS SUBMITTED BY STEPHEN MILLER**

**A P P E A R A N C E S:**

STEPHEN A. MILLER
83 WALDORF AVENUE
Bridgeport, Connecticut 06605

**STUART M. BERNSTEIN
United States Bankruptcy Judge:**

  *Pro se* shareholder Stephen A. Miller has submitted several motions as well as numerous emails seeking, *inter alia*, to inform the Court of the purported fraud underlying the Debtors' insolvency, to demand an investigation and to identify the path to a successful reorganization.  (*Motion to Recognize Fraud that Created Bankruptcy*, dated Sept. 19, 2016 ("*Fraud Motion*") (ECF Doc. # 1216); *Motion to Meet in Chambers*,

---

[1]  The Debtors in these chapter 11 cases include SunEdison, Inc.; SunEdison DG, LLC; SUNE Wind Holdings, Inc.; SUNE Hawaii Solar Holdings, LLC; First Wind Solar Portfolio, LLC; First Wind California Holdings, LLC; SunEdison Holdings Corporation; SunEdison Utility Holdings, Inc.; SunEdison International, Inc.; SUNE ML 1, LLC; MEMC Pasadena, Inc.; Solaicx; SunEdison Contracting, LLC; NVT, LLC; NVT Licenses, LLC; Team-Solar, Inc.; SunEdison Canada, LLC; Enflex Corporation; Fotowatio Renewable Ventures, Inc.; Silver Ridge Power Holdings, LLC; SunEdison International, LLC; Sun Edison LLC; SunEdison Products Singapore Pte. Ltd.; SunEdison Residential Services, LLC; PVT Solar, Inc.; SEV Merger Sub Inc.; Sunflower Renewable Holdings 1, LLC; Blue Sky West Capital, LLC; First Wind Oakfield Portfolio, LLC; First Wind Panhandle Holdings III, LLC; DSP Renewables, LLC; Hancock Renewables Holdings, LLC; EverStream Holdco Fund I, LLC; Buckthorn Renewables Holdings, LLC; Greenmountain Wind Holdings, LLC; Rattlesnake Flat Holdings, LLC; Somerset Wind Holdings, LLC; SunE Waiawa Holdings, LLC; SunE MN Development, LLC; SunE MN Development Holdings, LLC; SunE Minnesota Holdings, LLC.  The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

dated Sept. 26, 2016 ("*Conference Motion*") (ECF Doc. # 1266); *Motion to Compel a Plan that Guarntees [sic] Full and Prompt Payment to the Debtors in Possession*, dated Sept. 29, 2016 ("*Plan Motion*") (ECF Doc. # 1294); *Motion to Give Debtors in Possession a Choice*, filed Sept. 30, 2016 ("*Choice Motion*") (ECF Doc. # 1301); *Motion to Compel Court to Order an Investigation [etc.]*, dated Oct. 5, 2016 ("*Investigation Motion*") (ECF Doc. #1325); *Motion to Prevent Bidding to Buy the Solar Materials Division*, dated Oct. 5, 2016 ("*Bid Prevention Motion I*") (ECF Doc. # 1337); *Motion to Prevent any Bidding for any Entity or Project to Raise Funds to Pay any Lender Before the Court is Aware of Numerous Criminal Attempts that Has [sic] Directly Put SunEdison into Bankruptcy and the Failure of the FBI to Respond Appropriately to Criminal Complaints*, dated Oct. 10, 2016 ("*Bid Prevention Motion II*") (ECF Doc. # 1359); and *Motion to Order a Legitimate Criminal Investigation*, filed Oct. 19, 2016 ("*Second Investigation Motion*") (ECF Doc. # 1433), and collectively, the "*Motions*").) For the reasons stated below, the *Motions* are denied.

On April 21, 2016 (the "Petition Date"), SunEdison, Inc. ("SunEdison") and twenty-five affiliates filed chapter 11 petitions.[2] SunEdison is a holding company that, along with approximately two thousand direct and indirect debtor and non-debtor affiliates, is in the business of developing, operating and selling renewable energy projects.

---

[2]  Since then, several other affiliates have commenced chapter 11 cases in this Court (collectively, with the initial twenty-six debtors, the "Debtors"). The current universe of Debtors is identified in footnote 1.

Beginning on May 20, 2016 and continuing over the course of these chapter 11 cases, Miller has submitted nearly two dozen emails to the Court questioning the competence and integrity of the Debtors and their professionals.  (*See, e.g.*, *Letter Re: Concerns Filed by Stephen Miller*, filed May 20, 2016 (ECF Doc. # 355) (threatening to sue Debtors' counsel due to counsel's purported lack of understanding of "the unique features of [SunEdison]"); *Letter Dated 5/21/16 Re: Shareholder Concerns Filed by Stephen Miller*, filed May 23, 2016 ("*May 21 Letter*") (ECF Doc. # 379) (alleging that the Debtors' counsel is engaged in a scheme "intended to destroy the value of [SunEdison] shareholders").)

The various *Motions* have raised the level of accusatory, incendiary language. They criticize former management (*Bid Prevention Motion I* at ¶ 4) (referring to the "flagrant crimes of embezzlement by the management who fleeced the shareholders. Like most criminals this entire group of mismanagement had glaring mental defects"); *Choice Motion* at ¶ 5) (referring to the "psychotic and criminal decisions of the prior management who have been terminated and should be prosecuted"); Debtors' counsel (*Plan Motion* at ¶ 2) (referring to a "glaring mistake by counsel representing the debtors who have victimized the sune shareholders while counsel ignores or covers up fraud that created the bankruptcy"); KPMG (*Investigation Motion* at ¶ 3) (referring to the "criminal acts of KPMG (destroyed the financial records)"); the FBI and/or the SEC (*Fraud Motion* at ¶ 4) ("The FBI and SEC are too incompetent to realize the fraud."); (*Bid Prevention Motion I* at ¶ 5) ("The FBI's inability to discern probable cause of this and other glaring criminal events by Carlos Domenech is glaring incompetence.") and Goldman Sachs (*Investigation Motion* at ¶ 2) (likening Goldman Sachs to a "gang

rapist"). Miller also accuses the prepetition lenders of conspiring with management to make loans the lenders knew management would embezzle and the Debtors could never repay.[3] (*Second Investigation Motion* at ¶¶ 1-2) (referring to an active conspiracy between the lenders and management to bankrupt the shareholders through bogus, criminal loans to support a "massive embezzlement scheme"); (*Bid Prevention Motion II* at ¶ 2) (stating that "the lenders have no legitimate claim on loans made while lenders knew sune could never repay").) Generally, Miller wants to stop sales of the Debtors' assets or distributions to its lenders until an appropriate criminal investigation has been concluded. (*E.g., Investigation Motion* at ¶ 3; *see Bid Prevention Motion II* at ¶ 2.)

The Court declines to stay the proceedings or, to the extent requested, order an investigation into the criminal activity alleged by Miller. The nub of Miller's economic argument is that the Debtors' business is sound and solvent (once the prepetition debt is cancelled based on the lenders' fraud and the insurance underwriters that received premiums to indemnify the Debtors' management and KPMG are required to pay) and should not be sold piecemeal. He also argues in the *Choice Motion* that the Debtors should not be allowed to sell project assets "until financial statements are deemed accurate by the court and the SEC." (*Choice Motion* at ¶ 6.)

The Court previously concluded that the Debtors appeared to be "hopelessly insolvent" when it declined to appoint an official equity committee. *In re SunEdison, Inc.*, 556 B.R. 94 (Bankr. S.D.N.Y. 2016). While the Court did not determine the value of the Debtors' assets, Miller has offered nothing but speculation to contradict the

---

[3] Miller does not explain why a lender would make a loan it knew could not be repaid.

Court's conclusion that their assets are worth less than their debts. Miller remains free to object when the Debtors seek approval of specific transactions, as he has in the past, but he has failed to demonstrate that the debtors' management should be precluded from exercising its business judgment, and if it deems it appropriate, selling assets owned by the Debtors.

Nor has he shown any factual or legal basis for this Court to conduct its own investigation or refer any matter for investigation to the Department of Justice. The Court is not an investigative body and does not "order" the Department of Justice to investigate anything. Under 18 U.S.C. § 3057, the Court is required to report to the United States Attorney the details of any violation of title 18, chapter 9 that it has "reasonable grounds for believing" has been committed. It is then up to the Department of Justice to decide whether an investigation is warranted.

Notwithstanding his inflammatory language, Miller has not offered facts that support a reasonable belief that a bankruptcy crime has occurred or that an investigation is appropriate. Rather, Miller focuses on two pre-bankruptcy events: the Debtors' failed merger with Vivint and the payments to KPMG whose computer system allegedly obliterated the Debtors' financial records. (*Plan Motion* at ¶ 1.) The Department of Justice and the SEC are already investigating the failed merger, and Miller has not identified any facts suggesting that KPMG intentionally destroyed the Debtors' records or committed a criminal act related to those records. Miller is free to deal directly with the Department of Justice if he believes a crime has been committed.

Finally, the Court declines to hold a chambers conference with Miller so he can gauge the Court's agreement to an exit strategy pursuant to which Bank of America will commit to finance the Debtors' emergence from bankruptcy. The Court does not pre-approve proposed plans. Miller may discuss his proposed plan with the Debtors and/or anyone else willing to speak with him or propose his own plan once exclusivity terminates. If he does, the Court will determine whether it can be confirmed under Bankruptcy Code § 1129.

Accordingly, the *Motions* are denied.

So ordered.

Dated: New York, New York
      October 19, 2016

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                              United States Bankruptcy Judge