Hearing Date: December 6, 2016 at 10:00 a.m. (Eastern Time)
Objection Deadline: December 1, 2016 at 5:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUNEDISON, INC., *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 14-10992 (SMB)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>JUAN M RODRIGUEZ BELTRAN, *et al.*,<br><br>　　　　　　　　　Defendants. | Adv. Proc. No. 16-01257 (SMB) |

**STATEMENT AND RESERVATION OF RIGHTS OF THE YIELDCOS
TO (A) THE MOTION TO STAY BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND (B) THE DEBTORS' (I) RESPONSE TO THE COMMITTEE'S D&O STANDING MOTION AND MOTION TO STAY, AND (II) REQUEST FOR LIMITED RELIEF FROM THE AUTOMATIC STAY, COMPELLING RELEVANT PARTIES TO PARTICIPATE IN MEDIATION, AND TEMPORARILY EXTENDING STAY WITH RESPECT TO THE DEBTORS' CURRENT AND FORMER DIRECTORS AND <u>OFFICERS PENDING THE OUTCOME OF MEDIATION</u>**

Defendant TerraForm Global, Inc. ("**GLBL**") and party-in-interest TerraForm Power, Inc. ("**TERP**", and together with GLBL, the "**Yieldcos**") hereby submit this statement and reservation of rights in response to the *Motion of Official Committee of Unsecured Creditors for (I) A Declaration and (II) Enforcement of Automatic Stay Against Litigation Involving Certain Current and Former Directors and Officers of Debtors* [Adv. Docket No. 2] (the

"**Motion to Stay**"),[1] and the *Debtors' (A) Response to Committee's (I) D&O Standing Motion and (II) D&O Litigation Stay Motion, and (B) Request for Relief Pursuant to Bankruptcy Code Sections 105, 362, Bankruptcy Rule 4001, and Local Bankruptcy Rules 4001-1 and 9019-1 (i) Granting Limited Relief from Automatic Stay, (ii) Compelling Relevant Parties to Participate in Mediation, and (iii) Temporarily Extending Stay With Respect to Debtors' Current and Former Directors and Officers Pending the Outcome of Mediation* [Docket No. 1664, Adv. Docket No. 11] (the "**Mediation and Stay Request**"), and respectfully represent as follows:

1. Counsel to both the Debtors and the Official Committee of Unsecured Creditors have represented to counsel for the Yieldcos that the stay of litigation sought in the Debtors' Mediation and Stay Request is intended to apply to all parties to the actions covered by the Motion to Stay (collectively, the "**D&O Actions**"), including the Yieldcos, the Debtors, the current and former directors and officers of each of these entities, and the underwriters of the securities offerings that are the subject of the D&O Actions. Assuming the order granting the request makes this clear, the Yieldcos support the request.

2. Certain of the Plaintiffs to the D&O Actions have objected to the Mediation and Stay Request on the grounds that it encompasses non-debtors, including the underwriters. The Yieldcos' support for the Mediation and Stay Request is premised on these objections being overruled because, unless they are, the Yieldcos will continue to incur the expense of litigation despite any stay, and any settlement achieved by the mediation will not be complete. The underwriters already have and will continue to make indemnification claims against the Yieldcos relating to the D&O Actions. Therefore, unless the claims against the underwriters are also stayed and included in the mediation, the Yieldcos will still be subject to the underwriters'

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion to Stay.

-2-

indemnification demands, thereby making settlement of the litigation highly unlikely and defeating the goal of the proposed mediation. Moreover, the Yieldcos have contractual indemnification rights against the Debtors with respect to the claims against them by underwriters. Such claims plainly have the potential of impacting the estate to the extent that they generate additional unsubordinated claims against the Debtors and thus for any stay and mediation to be completely effective to end the exposure of the Debtors and the Yieldcos to the D&O Actions, claims that may generate indemnification claims against them should be part of the entire mix of issues to be stayed and mediated.

3.  In addition, a stay that applies to less than all parties in the D&O Actions will fail to accomplish its purpose of preserving the insurance proceeds available for a settlement because, to the extent the D&O Actions proceed at all, multiple insured parties, including SunEdison, the Yieldcos, and their current and former directors and officers would potentially still need to participate in discovery in such litigation and, thereby, incur additional insured fees and expenses.

4.  Thus, in the event that the Court declines to grant the relief requested in the Mediation and Stay Request as to all parties in the D&O Actions, or if a mediation is held and is unsuccessful, the Yieldcos expressly reserve all rights to interpose objections to the Motion to Stay.

| | |
|---|---|
| Dated:  December 1, 2016 | /s/ Andrew G. Dietderich |
| | Andrew G. Dietderich |
| | John L. Hardiman |
| | David R. Zylberberg |
| | Veronica W. Ip |
| | SULLIVAN & CROMWELL LLP |
| | 125 Broad Street |
| | New York, New York  10004 |
| | Telephone:  (212) 558-4000 |
| | Facsimile:  (212) 558-3588 |
| | E-mail:  dietdericha@sullcrom.com |
| |     hardimanj@sullcrom.com |
| |     zylberbergd@sullcrom.com |
| |     ipvw@sullcrom.com |

Counsel for TerraForm Power, Inc. and TerraForm Global, Inc.