**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
|   | : |   |
| SUNEDISON, INC., *et al.*, | : | Case No. 16-10992 (SMB) |
|   | : |   |
| Debtors.¹ | : | Jointly Administered |
|   | : |   |

**ORDER AUTHORIZING AND APPROVING SALE OF**
***DE MINIMIS* ASSETS TO TESLA IN ACCORDANCE WITH**
***DE MINIMIS* ASSET SALE PROCEDURES ORDER**

Upon the Notice of Presentment of the Order Authorizing and Approving Entry Into Transaction with Tesla Motors, Inc. (USA) ("Tesla") and Sale of *De Minimis* Assets to Tesla in Accordance with the *De Minimis* Asset Sale Procedures Order (the "Notice of Presentment") and adjoining Declaration of Philip Gund (the "Gund

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); and Terraform Private Holdings, LLC (3523). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

Declaration)[2] in support of entry of an order (this "Order") authorizing the sale (the "Proposed Transaction") of certain *de minimis* assets to Tesla, pursuant to this Court's *Order Pursuant to Bankruptcy Code Sections 105(a), 363(b), 363(f), 363(m), and 541(a)(1) and Bankruptcy Rules 2002, 6004, 9006 Authorizing and Approving Procedures for (A) the Sale or Transfer of De Minimis Assets; and (B) Taking Corporate Action in Connection Therewith* [Docket No. 781] (the "Procedures Order"); and the Court having reviewed and considered the Gund Declaration; and it appearing that the relief requested in the Notice of Presentment and Gund Declaration is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.   This Court has jurisdiction over the Proposed Transaction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Proposed Transaction in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.   The legal predicates for the relief sought in the Notice of Presentment and Gund Declaration are Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), 541(a), and Bankruptcy Rules 2002, 6004, and 9006.

---

[2]   Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Gund Declaration.

[3]   These findings and determinations constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Where appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact.

2

    C. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 7062, and to the extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of this Order as set forth herein.

    D. As evidenced by the affidavits of service filed with the Court at Docket No. [_] (i) proper, timely, adequate, and sufficient notice of the Proposed Transaction has been provided in accordance with the Procedures Order to each party entitled to such notice, (ii) such notice was good, sufficient, and appropriate under the particular circumstances, (iii) such notice provided a fair and reasonable opportunity to object or be heard with respect to the Proposed Transaction to all parties entitled to notice, and (iv) no other or further notice of the Proposed Transaction is or shall be required.

    E. The Debtors have shown that sale of certain Debtors' assets (the "Assets"), as described in the purchase order (the "Purchase Order"), subject to Court approval between the Debtors and Tesla (collectively, the "Buyer") upon the conclusion of the Tier 1 Notice Period is necessary, is in the reasonable exercise of their business judgment, is in the best interests of the estates, and is in compliance with the DIP Loan Documents (as defined in the Procedures Order).  Sound business reasons exist for the Sale.

3

F.  The Sale of the Assets to the Buyer pursuant to the Proposed Transaction will be legal, valid, and effective and shall vest the Buyer with all right, title, and interest of the Debtor to the Assets free and clear of any and all Liens.  Counsel to each of the Required Tranche A Lenders, the Tranche B Required Consenting Parties, and the administrative agent under the DIP Facilities received notice of the Proposed Transaction in accordance with the terms of the Procedures Order and the Debtors may sell the Equipment free and clear of all Liens as permitted by the DIP Credit Agreement (as defined in the Final DIP Order (defined below)).

G.  The Buyer is a good faith purchaser for value and, as such, is entitled to all of the protections afforded under 11 U.S.C. § 363(m) and has otherwise acted in good faith in connection with the Proposed Transaction.  Specifically, (a) the Buyer is not an "insider" of the Debtors, as that term is defined in the Bankruptcy Code; (b) the Proposed Transaction was negotiated at arm's-length and in good faith, and at all times each of the Buyer and the Debtors were represented by competent counsel of their choosing; (c) the Buyer did not in any way induce or cause the filing of the Chapter 11 Cases; (d) the consideration provided the Buyer pursuant to the Proposed Transaction is fair and reasonable; and (e) the Proposed Transaction is not the result of fraud or collusion.  Neither the Debtors nor the Buyer has engaged in any conduct that would cause or permit the Proposed Transaction to be avoided or result in the imposition of any costs or damages under 11 U.S.C. § 363(n).

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors' sale of the Assets to Tesla, as more fully described in the appropriate sale notice, is approved.

2. Except as otherwise expressly provided in this Order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), the Debtors are authorized to sell the Assets upon expiration of the Tier 1 Notice Period pursuant. The Debtors are authorized to take all actions necessary to consummate the Proposed Transaction.

3. Except as otherwise expressly provided in this Order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), the Assets shall be transferred free and clear of all Liens, with such Liens to attach to the proceeds of the Proposed Transaction in the order of their priority, with the same validity, force and effect which they now have as against the Assets.

4. Upon sale and transfer of the Assets, all of the Debtors' right, title and interest in the Assets shall be immediately vested in the Buyer pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f) free and clear of any and all Liens. Such sale shall constitute a legal, valid, binding, and effective transfer of such Assets and shall vest the Buyer with good and marketable title to the Assets.

5. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code. The Proposed Transaction was undertaken by the Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code and the Buyer is entitled to the full protections under section

363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Proposed Transaction shall not affect the validity of the Proposed Transaction, unless such authorization and consummation of the Proposed Transaction is duly and properly stayed pending such appeal.

6. Notwithstanding anything to the contrary contained herein, any benefit obtained by the Debtors pursuant to the Proposed Transaction shall be subject to any applicable requirements imposed on the Debtors under the *Final Order (I) Authorizing Debtors to (A) Obtain Senior Secured, Superpriority, Postpetition Financing Pursuant to Bankruptcy Code Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Utilize Cash Collateral Pursuant to Bankruptcy Code Section 363, and (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to Bankruptcy Code Sections 361, 362, 363 and 364* [Docket No. 523] (the "Final DIP Order") and the other DIP Loan Documents (as defined in the Final DIP Order).

7. Nothing in this Order, the Notice, or the Gund Declaration shall be deemed to constitute post-petition assumption of any agreement under Bankruptcy Code section 365.

8. Notwithstanding rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Code or any other Bankruptcy Rule, Local Rule, or rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this Order.

9. The terms and conditions of this Order are effective immediately upon its entry.

10. The Court retains exclusive jurisdiction with respect to all matter arising from or related to the implementation of this Order.


Dated: New York, New York
      January 3rd, 2017

                              /s/ STUART M. BERNSTEIN
                              HONORABLE STUART M. BERNSTEIN
                              UNITED STATES BANKRUPTCY JUDGE