**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | : |
| **In re:** | : **Chapter 11** |
| | : |
| **SUNEDISON, INC.,** *et al.*, | : **Case No. 16-10992 (SMB)** |
| | : |
| **Debtors.**[1] | : **Jointly Administered** |
| | : |
| | : |

**ORDER (A) AUTHORIZING THE SALE OF TERRAFORM PRIVATE HOLDINGS, LLC'S COMMON UNITS AND TP PREPP UNITS IN TERRAFORM PRIVATE, LLC TO DIF INFRA 4 US LLC AND DIF IV CO-INVEST LLC FREE AND CLEAR OF ALL INTERESTS INCLUDING LIENS, CLAIMS, AND LIABILITIES; (B) APPROVING CERTAIN RELEASES IN CONNECTION THEREWITH; AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-

possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections

105(a), 363(b), 363(f), 363(m), 541(a), 1107, and 1108 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), and Rules 2002, 6003, 6004, 9007, 9014, and 9019 of the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream Holdco Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); SunE MN Development, LLC (8669); and TerraForm Private Holdings, LLC (5993).  The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

[2]   Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion or the MIPA, as applicable.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) (i) authorizing TerraForm

Private Holdings, LLC (the "Seller") to sell and transfer 100% of the outstanding Common Units

and its TP PREPP Units  (collectively, the "Equity Interests") in TerraForm Private, LLC to DIF

Infra 4 US LLC and DIF IV Co-Invest LLC (together, the "Buyer") in accordance with that

certain Membership Interest Purchase Agreement, dated as of December 14, 2016 (together with

all related agreements, documents or instruments and all exhibits, schedules, and supplements to

any of the foregoing, the "MIPA", and the transaction described therein, the "Transaction"), by

and among the Seller and the Buyer, free and clear of all interests pursuant to 11 U.S.C. § 363(f),

including without limitation all Liens, Claims and Liabilities (each term as defined in the MIPA),

with such interests attaching to the sale proceeds with the same validity, extent, and priority as

had attached to the Equity Interests immediately prior to the sale or transfer and (ii) approving

certain releases by each of the Debtors, on its own behalf and on behalf of their Affiliates

(together, the "Releasing Parties"), of any claims, demands, rights, causes of action, whether

known or unknown, that each of the Releasing Parties may have against the Buyer, TerraForm

Private, LLC, any of the Project Holding Companies, any of the Project Companies, and any

successors of such entities (the "Released Parties"), as described more specifically herein; and

the Court having held a hearing on January 12, 2017 (the "Sale Hearing") to approve the

proposed Transaction as set forth in the MIPA; and the Court having reviewed and considered

(a) the Motion, (b) the First Day Declaration, (c) the Giliotti Declaration, (d) the Huebener

Declaration, (d) the objections to the Motion, if any, and (e) the arguments of counsel made, and

the evidence proffered or adduced at the Sale Hearing; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

further notice need be provided; and it appearing that the relief requested in the Motion is in the

2

best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in

interest; and after due deliberation thereon; and sufficient cause appearing therefor; it is hereby

## FOUND AND DETERMINED THAT:[3]

A.     **Jurisdiction and Venue**. This Court has jurisdiction (i) to consider the

Motion and (ii) over the property of Debtors, including the Equity Interests to be sold,

transferred, and conveyed pursuant to the MIPA, under 28 U.S.C. §§ 157 and 1334.  This is a

core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district

is proper under 28 U.S.C. §§ 1408 and 1409.

B.     **Legal Predicates**. The legal predicates for the relief sought in the Motion

are Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), 541(a), 1107, and 1108, and

Bankruptcy Rules 2002, 6003, 6004, 9007, 9014 and 9019.

C.     **Final Order**. This Order constitutes a final order within the meaning of 28

U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 7062, and to the extent

necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure,

as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just

reason for delay in the implementation of this Order and expressly directs entry of this Order as

set forth herein.

D.     **Notice**.  As evidenced by the affidavits of service filed with the Court at

Docket Nos. 1960, 1963, and 2160, and based on the representations of counsel at the Sale

Hearing and/or the Certificate of No Objection, (i) proper, timely, adequate, and sufficient notice

---

[3]     These findings and determinations constitute the Court's findings of fact and conclusions of law pursuant to
Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Where
appropriate, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed
as findings of fact.

of the Motion, the Sale Hearing, the MIPA, and the Transaction contemplated therein has been provided in accordance with Bankruptcy Code sections 102(1) and 363 and Bankruptcy Rules 2002, 6004, 9006, and 9019 and the case management procedures established in that certain *Order Granting Debtors' Amended Motion for Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 1015, 2002, 9007, and 9036, and Local Bankruptcy Rule 2002 Authorizing the Establishment of Certain Notice, Case Management, and Administrative Procedures* [Docket No. 360] (the "Case Management Order") to each party entitled to such notice,  (ii) pursuant to the Case Management Order, such notice was properly, timely, adequately and sufficiently given to all known creditor and parties-in-interest of the Seller; (iii) all known creditors who filed security interests or recorded liens against the assets of the Seller, TerraForm Private, LLC, the Project Holding Companies or Project Companies, or commenced litigation against any of these entities have been given proper, timely, adequate and sufficient notice; and (iv) no other or further notice of the Motion, the Sale Hearing, the MIPA, or the Transaction is or shall be required.

E.    **Opportunity to Object**. A fair and reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.~~, including:  (a) all entities known to have expressed an interest in a transaction with respect to all or part of the Equity Interests; (b) counsel to the Buyer; (c) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement; (d) counsel to the Tranche B Lenders (as defined in the DIP Credit Agreement (defined below)) and the steering committee of the second lien creditors; (e) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement; (f) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement; (g) counsel to the indenture trustee~~

4

under each of the Debtors' outstanding bond issuances; (h) counsel to TerraForm Power, Inc. and TerraForm Power, LLC ("TERP"); (i) counsel to TerraForm Global, Inc. and TerraForm Global, LLC ("Global"); (j) the Office of the United States Trustee for the Southern District of New York; (k) the U.S. Attorney for the Southern District of New York; (l) counsel to the DIP Agent (as defined in the Final DIP Order (defined below)); (m) counsel to the official committee of unsecured creditors; (m) the Internal Revenue Service; (n) the Securities and Exchange Commission; (o) all entities known to have asserted any interest in or upon any of the Equity Interests and Project Companies; and (p) any such other party entitled to notice pursuant to Bankruptcy Rule 2002, Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, or the Case Management Order.**[SMB:1/13/17]**

F.    **Sale in Best Interests**. The consideration provided by the Buyer under the MIPA constitutes the highest or otherwise best offer for the Equity Interests and provides fair consideration and reasonably equivalent value to the Seller's estate in exchange for the Equity Interests. The Transaction contemplated by the MIPA represents the best opportunity to maximize and realize the highest and best value of the Equity Interests for the Seller's estate. Consummation of the Transaction at this time is in the best interests of the Seller, its creditors, its estate, its stakeholders, and other parties in interest.**[SMB: 1/13/17]**

G.    **Business Justification**. Sound business reasons exist for the Transaction contemplated by the MIPA. Entry into the MIPA, and the consummation of the Transaction contemplated thereby, constitutes the Seller's exercise of sound business judgment and such acts are in the best interests of the Seller, its estate, its stakeholders, and all parties in interest. The terms and conditions of the MIPA, including, without limitation, the consideration to be realized

by the Seller, are fair and reasonable.  The Court finds that the Seller has articulated good and

sufficient business reasons justifying the Transaction, including, without limitation, the fact that

(i) the Company conducted an extensive marketing process for the Equity Interests, (ii) the

Project Companies face substantial risk of irreparable harm if the Transaction is not closed

promptly, and (iii) the MIPA was the highest or otherwise best bid for the Equity Interests and

Seller is unlikely to find a higher or otherwise better offer for the Equity Interests.  For these

reasons and based on the other evidence of record, the Court finds that (i) the MIPA constitutes

the highest or otherwise best offer for the Equity Interests, (ii) the MIPA and the closing of the

Transaction presents the best opportunity to realize the highest value for the Equity Interests **and**

**is the best interest of the estate**, and (iii) any other transaction would create a substantial risk of

delay and a significant reduction in value.**[SMB: 1/13/17]**

       H.      **Condition to Transaction**. Entry of this Order approving the MIPA and

all the provisions thereof is a condition precedent to the Buyer's obligation to consummate the

Transaction.

       I.      **Non-Insiders**.  Neither the Buyer nor any of its affiliates, present or

contemplated members, officers, directors, or shareholders or any of their respective successors

or assigns (in each case, as of the date hereto) is an "insider" of the Debtors as defined in section

101(31) of the Bankruptcy Code.

       J.      **Good Faith Purchaser**. The Buyer (i) is a good faith purchaser for value

**of the Equity Interests, and the sale price was not controlled by an agreement among**

**potential bidders.**. and, as such, is entitled to all of the protections afforded under 11

U.S.C. § 363(m) and any other applicable or similar bankruptcy and non-bankruptcy law, and

(ii) has otherwise proceeded in good faith in all respects in connection with the negotiation and

execution of the MIPA and in connection with this proceeding.  Specifically:  (a) all payments to

be made by the Buyer in connection with the Transaction have been disclosed; (b) the

negotiation and execution of the MIPA was at arm's-length and in good faith, and at all times

each of the Buyer and the Seller was represented by competent counsel of its choosing; and (c)

the Buyer has not acted in a collusive manner with any person.  Neither the Seller nor the Buyer

has engaged in any conduct that would cause or permit the MIPA or the **sale of the Equity**

**Interests** Transaction to be avoided or result in the imposition of any costs or damages against

the Buyer under 11 U.S.C. § 363(n). or other applicable law in connection with the MIPA, and

the Buyer has been, and will be, acting in good faith within the meaning of 11 U.S.C. § 363(m)

in closing the Transaction contemplated by the MIPA.  But for the good faith finding and

releases in the MIPA and in this Order, the Buyer would not have entered into the MIPA and

would not consummate the Transaction.**SMB: 1/13/17]**

       K.    **Free and Clear**. Counsel to the Creditors' Committee, counsel to ad hoc

committees in the Chapter 11 Cases, counsel to the DIP Agent and DIP Arrangers (as defined in

the Final DIP Order, counsel Tranche B Lenders (as defined in the Final DIP Order) and counsel

to TERP and Global received notice of the Transaction, and notice was provided to all other

known lien and unsecured creditors and interest holders in the Chapter 11 Cases (and such notice

stated that the Debtors would ask the Court to deem non-objection as consent under 363(f)(2)),

as well as to all known creditors who have asserted liens or claims against any of TerraForm

Private, LLC, the Project Holding Companies and Project Companies.  The Seller may sell the

Equity Interests free and clear of all interests pursuant to 11 U.S.C. § 363(f), including without

limitation Liens, Claims, and Liabilities (except Permitted Liens) against the Seller, its estate or

the Seller's Equity Interests because, in each case, at least one of the following applies: (a)

applicable nonbankruptcy law permits such sale free and clear in accordance with section 363(f)(1); (b) ; **(a)** such entity holding the interest has either consented or, through its failure to object to the Sale Motion, is deemed to have consented in accordance with section 363(f)(2); **or** (c) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest; or (d) such interest is subject to a bona fide dispute.  Because the Seller is a Restricted Subsidiary under the DIP Credit Agreement, the DIP Lenders must consent, and have consented, to the sale of the Equity Interests, even though there are no Liens securing the DIP Financing Facility on the Equity Interests.  Upon Closing of the Transaction, all holders of interests in and Claims, Liens, or Liabilities against the Equity Interests who did not object, or who withdrew their objections, are deemed to have waived, released and forever discharged any claim against the Equity Interests, which such interests shall attach solely to the proceeds of the Transaction in the order of their priority, with the same validity, force, and effect that they now have as against the Equity Interests.  But for the free and clear transfer of the Equity Interests under section 363(f) of the Bankruptcy Code, the Buyer would not have entered into the MIPA and would not consummate the Transaction.  **[SMB: 1/13/17]**

L. **Prompt Consummation**. The sale of the Equity Interests must be approved and consummated promptly in order to preserve the value of the Equity Interests, and to maximize their value to the Debtors' estates.  To maximize the value of the Equity Interests, it is essential that the Transaction occurs within the timeframe set forth in the MIPA.  Therefore, time is of the essence in consummating the Transaction, and the Seller and the Buyer intend to close the Transaction as soon as reasonably practicable.**[SMB: 1/13/17]**

M. **No Fraudulent Transfer**. The MIPA was not entered into, and neither the Seller, the Releasing Parties, nor the Buyer proposes to consummate the Transaction, for the

~~purpose of hindering, delaying, or defrauding the present or future creditors of the Seller, the~~

~~Debtors and the Releasing Parties, either under the Bankruptcy Code or under the laws of the~~

~~United States, any state, territory, possession thereof, or the District of Columbia or any other~~

~~applicable jurisdiction with laws substantially similar to the foregoing.  Each of the Seller and~~

~~Releasing Parties is receiving value that is reasonably equivalent for the transfers made to the~~

~~Buyer.  [SMB: 1/13/17]~~

N.      ~~**Consideration**.  As demonstrated by the Giliotti Declaration, the other~~

~~evidence proffered or adduced at the Sale Hearing, and the arguments of counsel made on the~~

~~record at the Sale Hearing, the consideration provided by the Buyer for the Equity Interests~~

~~pursuant to the MIPA (i) is fair, full, adequate, and reasonable, (ii) is the highest or otherwise~~

~~best offer for the Equity Interests, (iii) will provide a greater recovery for the Seller's and~~

~~Debtors' creditors than would be provided by any other practical available alternative, and~~

~~(iv) constitutes reasonably equivalent value, reasonable market value, and fair consideration~~

~~under the Bankruptcy Code and under the laws of the United States, any state, territory,~~

~~possession, or the District of Columbia (including, without limitation, the Uniform Fraudulent~~

~~Conveyance Act and the Uniform Fraudulent Transfer Act).~~[SMB: 1/13/17]

~~O.~~      **Legal, Valid Transfer**.  The Equity Interests constitute property of the

Seller's estate within the meaning of section 541(a) of the Bankruptcy Code.  ~~The transfer of the~~

~~Equity Interests to the Buyer will vest the Buyer with good and marketable title to the Equity~~

~~Interests free and clear of all interests pursuant to 11 U.S.C. § 363(f).~~[SMB: 1/13/17]

P.      **No Successor Liability**.  The Buyer is not and shall not be deemed a

successor to the Seller as a result of the consummation of the Transaction.

Q.      **Not a Sub Rosa Plan**. The sale and assignment of the Equity Interests and
the releases given outside of a plan of reorganization pursuant to the MIPA neither
impermissibly restructures the rights of the Seller's creditors nor impermissibly dictates the
terms of a liquidating plan for the Seller.  Neither the MIPA nor the Transaction contemplated
thereby constitutes a s*ub rosa* chapter 11 plan for which approval has been sought without the
protections that a disclosure statement would afford.

R.      **Not Credit Support for DIP Facility**.  None of (a) Seller, (b) TerraForm
Private, LLC, (c) the Project Holding Companies or (d) the Project Companies have been
pledged directly as credit support for any DIP financing in the Chapter 11 Cases and none of the
assets of any of these entities (other than the assets of the Seller) have been, are or shall become
subject to this Court's jurisdiction in connection with the Transaction approved herein.

S.      **Legal and Factual Bases**. The legal and factual bases set forth in the
Motion and at the Sale Hearing establish just cause for the relief granted herein.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

<u>General Provisions</u>

1.      The Motion is GRANTED to the extent set forth herein.

2.      All objections to the Motion or the relief requested therein that have not
been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled
on the merits and denied with prejudice.  All persons and entities given notice of the Motion that
failed to timely object thereto are deemed to consent to the relief sought therein.

<u>Approval of the Sale of the Equity Interests</u>

3.      The MIPA, including any amendments, supplements, and modifications
thereto, and all of the terms and conditions therein, is hereby approved.

4.    The Transaction is hereby approved and authorized ~~in all respects. The Seller is hereby authorized and empowered to enter into, and to perform its~~their obligations ~~under, the MIPA.~~  The Debtors are hereby authorized and empowered to (a) execute and perform under such other agreements or documents, and (b) take such other actions as are necessary or desirable, to effectuate the terms of the MIPA.  Moreover, the releases given by the Releasing Parties to the Released Parties, as described in paragraph 19 of this Order, are hereby approved and authorized ~~in all respects~~ without any further action by any of the parties affected thereby, and shall be effective only upon the Closing of the Transaction without further order of the Court.  Notwithstanding the foregoing, neither the Seller nor the Buyer shall have any obligation to proceed with a closing under the MIPA until all conditions precedent to its obligations to do so have been met, satisfied, or waived.**[SMB: 1/13/17]**

**<u>Sale and Transfer of Equity Interests</u>**

5.    Except as otherwise expressly provided in the MIPA and the terms of this Order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), the Equity Interests shall be transferred on the Closing Date (as defined in the MIPA) free and clear of all interests, including without limitation, Liens, Claims, and Liabilities (each as defined in the MIPA)  (including, without limitation, the DIP Superpriority Claims, the DIP Liens, the Second Lien Adequate Protection Claims, the Adequate Protection Liens, the Carved-Out Yieldco Administrative Claims, and any other claim and liens arising under or set forth in any DIP Loan Document (each of the foregoing, as defined in the Final DIP Order)), on, or otherwise in respect of, the Equity Interests as of the Closing Date **and such transfer shall vest the Buyer with good and marketable title**. ~~with~~ **A**ny Liens **will** ~~to~~ attach to the proceeds of the Transaction in the order of their priority, with the same validity, force and effect which they now have as against the Equity Interests, and

11

no holder of such interest shall otherwise have recourse against the Buyer, TerraForm Private, LLC, the Project Holding Companies or the Project Companies or any of their successors on account of such interest. **[SMB: 1/13/17]**

6.      Following the Closing, the Seller and the Buyer are authorized to file, register or record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all interests of any kind or nature whatsoever with respect to the Equity Interests, and all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments are hereby directed to accept such copy of this Order or any other documents and instruments necessary and appropriate to consummate the transaction contemplated by the MIPA for such filing, registration or recording, provided that nothing herein shall relieve any entity of the obligation to pay filing fees required to be paid under non-bankruptcy law.  On the Closing Date, this Order will be construed, and constitute for any and all purposes, a full and complete general assignment, conveyance, and transfer of the Equity Interests transferring good and marketable title in and to such Equity Interests to the Buyer in accordance with the MIPA.

7.      ~~At Closing, all of the Seller's right, title and interest in and to, and possession of, the Equity Interests shall be immediately vested in the Buyer pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f) free and clear of any and all interests and encumbrances, including Liens, Claims, and Liabilities.  Such transfer shall constitute a legal, valid, binding, and effective transfer of the Equity Interests.~~  All persons or entities in possession of some or all of the Equity Interests are directed to surrender possession of the Equity Interests

12

directly to the Buyer or its designees at the Closing or at such time thereafter as the Buyer may request.  **[SMB:1/13/17]**

8. ~~To the extent allowed by the financing or other contractual arrangements to which the Buyer is a party,~~ **T**he Buyer **may** ~~is hereby authorized~~ in connection with the consummation of the Transaction ~~to~~ assign, transfer, allocate, or otherwise dispose of any of the Equity Interests to and among its affiliates, designees, assignees, and/or successors (i) in a manner as it, in its sole discretion, deems appropriate. ~~and (ii) with all of the rights and protections accorded under this Order and the MIPA, and~~ **The** Seller shall cooperate with and take all actions reasonably requested by the Buyer to effectuate any of the foregoing.**[SMB: 1/13/17]**

9. This Order:  (a) shall be effective as a determination that, as of the Closing, (i) no interests,  including without limitation, Liens, Claims, and Liabilities will be capable of being asserted against the Buyer or any of its assets (including the Equity Interests), (ii) the Equity Interests shall have been transferred to the Buyer free and clear of all interests, including Liens, Claims, and Liabilities, and (iii) the conveyances described herein have been effected; and (b) is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments.

10. Following Closing, all persons and entities (and their respective successors and assigns), including, without limitation, all debt security holders, equity security holders, affiliates, governmental, tax, and regulatory authorities, lenders, customers, vendors, employees,

trade creditors, litigation claimants, and other creditors holding interests, including without

limitation Liens, Claims, and Liabilities, of any kind or nature whatsoever arising under or out

of, in connection with, or in any way relating to, the Equity Interests are hereby forever barred,

estopped, and permanently enjoined from asserting such interest against the Equity Interests,  the

Buyer, its successors or assigns, TerraForm Private, LLC, the Project Holding Companies or the

Project Companies.  Following the Closing, no holder of any interest shall interfere with the

Buyer's title to the Equity Interests and ownership of TerraForm Private, LLC based on or

related to any such interest, including any Lien, Claim, or Liability, or based on any action the

Debtors have taken or may take in their Chapter 11 Cases.  For the avoidance of doubt, nothing

in this paragraph is intended to release or otherwise affect the rights of any member of any of the

Project Companies or Project Holding Companies in, or any direct claim of a creditor against,

any of the Project Companies or Project Holding Companies, or any lien against any of the assets

of the Project Companies or Project Holding Companies that an existing or future creditor,

including any member, of any of the Project Companies or Project Holding Companies may have

against such Project Companies or Project Holding Companies; provided that, nothing in the

foregoing is intended to preserve any rights or claims that any member, creditor or interested

party may have against the Equity Interests, the Buyer or its successors or assigns in

contravention of this Order. **The foregoing restrictions shall not prevent any party from**

**appealing this Order in accordance with applicable law or opposing any appeal of this**

**Order.  [SMB:1/13/17]**

       11.    Each person or entity that has filed financing statements or other

documents or agreements evidencing interests including Liens, Claims, and Liabilities on or

against the Equity Interests shall use commercially reasonable efforts to deliver to the Seller and

the Buyer prior to the Closing of the Transaction in proper form for filing, and executed by the appropriate parties, termination statements, instruments of satisfaction, and releases of all such interests in or against the Equity Interests.  If any person or entity that has filed financing statements or other documents or agreements evidencing interests, including without limitation Liens, Claims, or Liabilities in or against the Equity Interests shall not have delivered to the Seller prior to the Closing of the Transaction, in proper form for filing, and executed by the appropriate parties, termination statements, instruments of satisfaction, and releases of all such interests, then with regard to the Equity Interests that are purchased by the Buyer pursuant to the MIPA and this Order:  (a) the Seller and the Buyer are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Equity Interests and TerraForm Private, LLC and (b) the Buyer may seek in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction, and releases. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.  Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Equity Interests free and clear of all interests shall be self-executing, and neither the Seller nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

12.    All persons and entities are hereby forever prohibited and permanently enjoined from taking any action to adversely affect or interfere with the ability of the Seller to transfer the Equity Interests in accordance with the MIPA and this Order; provided, however,

that the foregoing restriction shall not prevent any party from appealing this Order in accordance with applicable law or opposing any appeal of this Order.[SMB:1/13/17]

**No Successor or Transferee Liability**

13.    The Buyer is not and shall not be deemed a successor to the Seller or any of the Releasing Parties as a result of the consummation of the Transaction.  The foregoing sentence is not intended to release or otherwise affect the rights of any member of any of the Project Companies or Project Holding Companies in, or any direct claim of a creditor against, any of the Project Companies or Project Holding Companies; nor is such sentence intended to affect any lien against any of the assets of the Project Companies or Project Holding Companies that an existing or future creditor, including any member, of any of the Project Companies or Project Holding Companies may have against such Project Companies or Project Holding Companies; provided that, nothing in the foregoing is intended to preserve any rights or claims that any member, creditor or interested party may have against the Equity Interests, the Buyer or its successors or assigns in contravention of this Order.

14.    Except to the extent provided in paragraph 29, the Buyer shall not have any responsibility for any liability or other obligation of the Seller or its Debtors and non-Debtor Affiliates, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including under any law or theory of successor or vicarious liability, antitrust law, environmental law, foreign, federal, state or local revenue law, or products liability law; and, for the avoidance of doubt, unless otherwise explicitly provided for in the MIPA, the Buyer shall not assume any liability or other obligation of TerraForm Private, LLC, the Project Holding  Companies or the Project Companies, which shall remain liabilities and obligations of the applicable entity.  Except to the extent provided in

16

paragraph 29, without limiting the generality of the foregoing, the Buyer shall not be liable for any (a) liabilities, debts, or obligations on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the ownership of the Equity Interests prior to the Closing, (b) environmental liabilities or obligations arising from conditions first existing prior to Closing (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), or (c) liabilities, debts or obligations arising from conditions first existing or actions occurring prior to the Closing with respect to any labor, employment, or similar law, rule or regulation, including the laws specified in this paragraph 14 (including filing requirements under any such laws, rules or regulations) (all liabilities described in paragraphs 14 and 15 of this Order, "Successor or Transferee Liability").  For the avoidance of doubt, (i) nothing in this paragraph is intended to release or otherwise affect any rights of any member of the Project Companies or Project Holding Companies in such Project Companies and/or Project Holding Companies, nor release or affect any direct claim or lien against any of the Project Companies or Project Holding Companies that an existing or future creditor, including any member, of any of the Project Companies or Project Holding Companies may have, provided that nothing in the foregoing is intended to preserve any rights or claims that any member, creditor or interested party may have against the Equity Interests, the Buyer or its successors or assigns in contravention of this Order; and (ii) in the event of any conflict between this paragraph and paragraph 29 of this Order, paragraph 29 shall govern.**[SMB: 1/13/17]**

15.    Except as otherwise expressly provided in this Order or the MIPA, nothing **in this order** shall require the Buyer to:  (a) continue or maintain in effect, or assume any

liability in respect of any employee, collective bargaining agreement, pension, welfare, fringe

benefit or any other benefit plan, trust arrangement or other agreements to which the Seller is a

party or have any responsibility therefor including, without limitation, medical, welfare and

pension benefits payable after retirement or other termination of employment; or (b) assume any

responsibility as a fiduciary, plan sponsor or otherwise, for making any contribution to, or in

respect of the funding, investment, or administration of any employee benefit plan, arrangement,

or agreement (including but not limited to pension plans) or the termination of any such plan,

arrangement, or agreement.**[SMB: 1/13/17]**

~~16.    Effective upon the Closing of the Transaction, all persons and entities are~~

~~forever prohibited and enjoined from commencing or continuing in any matter any action or~~

~~other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other~~

~~proceeding against the Buyer or its assets (including, without limitation, the Equity Interests),~~

~~with respect to any (a) Lien or Claim against the Equity Interests or (b) Successor or Transferee~~

~~Liability, including, without limitation, the following actions with respect to clauses (a) and (b):~~

~~(i) commencing or continuing any action or other proceeding pending or threatened;~~

~~(ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or~~

~~order; (iii) creating, perfecting or enforcing any Lien, Claim, or Liability against the Equity~~

~~Interests; (iv) asserting any setoff, right of subrogation, or recoupment of any kind;~~

~~(v) commencing or continuing any action, in any manner or place, that does not comply with, or~~

~~is inconsistent with, the provisions of this Order or other orders of this Court, or the agreements~~

~~or actions contemplated or taken in respect hereof.~~**[SMB: 1/13/17]**

**<u>Good Faith</u>**

17.    ~~The Buyer has acted without collusion, and in good faith in undertaking to~~ ~~consummate the Transaction contemplated by the MIPA. The Transaction may not be avoided,~~ ~~nor may any costs or damages be imposed against the Buyer under 11 U.S.C. § 363(n) or other~~ ~~applicable law in connection with the MIPA and the Transaction, and T~~he Buyer is entitled to all of the protections afforded by Bankruptcy Code section 363(m).**[SMB: 1/13/17]**

**Releases.**

18.    Any settlement or compromise contained within the MIPA, including any releases by the Debtors, are approved under Bankruptcy Section 363(b) and Bankruptcy Rule 9019.

19.    Each of the Releasing Parties, on its own behalf and on behalf of its Affiliates, releases all claims, demands, rights, causes of action, whether known or unknown, that it has or may have against any of the Released Parties relating to or in connection with the Equity Interests or with the Buyer's existing investments in TerraForm Private, LLC.  The releases given by each of the Releasing Parties in this Order and the MIPA to the Released Parties are effective immediately upon, and only upon, the Closing of the Transaction without further order of the Court, and no further evidence other than this Order is necessary to effectuate any of such releases by each of the Releasing Parties.  For the avoidance of doubt, (i) any release authorized herein is subject to the Releasing Party's authority to release such claims under applicable non-bankruptcy law, (ii) nothing herein shall be construed to release TerraForm Power, Inc., TerraForm Power, LLC or either of their respective subsidiaries from any claims, demands, rights, or causes of action, and (iii) the releases provided hereunder shall not affect the Releasing Parties' ability to enforce the terms of the MIPA against the Released Parties.

**Other Provisions**

20.     The terms and provisions of the MIPA and this Order shall be binding in all respects upon, and shall inure to the benefit of, (i) the Seller and its respective affiliates and subsidiaries, successors and assigns, their estates, and their creditors, (ii) the Buyer, and its affiliates, subsidiaries, successors and assigns, (iii) each of the Releasing Parties and its respective affiliates and subsidiaries, successors and assigns, and to the extent such party is a Debtor, its estate and creditors, and (iv) and any affected third parties including, but not limited to, all persons asserting interests on or against the Equity Interests, notwithstanding any subsequent appointment of any trustee(s), examiner with expanded powers, or other responsible person or officer under any chapter of the Bankruptcy Code, as to which persons such terms and provisions likewise shall be binding.  Nothing contained in any chapter 11 plan confirmed in any of the Debtors' Chapter 11 Cases, any order confirming any such chapter 11 plan, any order approving wind-down or dismissal of any of the Debtors' Chapter 11 Cases or any subsequent chapter 7 cases, or any other order of any type or kind entered in the Debtors' Chapter 11 Cases shall conflict with or derogate from the provisions of the MIPA or this Order, and to the extent of any conflict or derogation between this Order or the MIPA and such future plan or order, the terms of this Order and the MIPA shall control.

21.     The MIPA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by all parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.  To the extent that any such proposed modification, amendment, or supplement has a material adverse effect on the Debtors' estates, such proposed modification, amendment, or supplement shall be subject to the consent of the Required Tranche A Lenders

and Tranche B Required Consenting Parties (each as defined in the DIP Credit Agreement) **and**

**further order of the Court**.  This Order is not intended to conflict with any provision of the

MIPA, but to the extent that any conflict exists, this Order shall govern and control; <u>provided</u>

that, in all instances, the parties shall endeavor to interpret the MIPA and this Order in concert.

**[SMB:1/13/17]**

22.    The Buyer shall not be required to seek or obtain relief from the automatic

stay under Bankruptcy Code section 362 to implement the MIPA and consummate the

Transaction contemplated therein and enforce any of its remedies under the MIPA or any other

sale-related document, or to effectuate the releases granted by the Releasing Parties.  The

automatic stay imposed by Bankruptcy Code section 362 is modified solely to the extent

necessary to implement the preceding sentence, provided however that this Court shall retain

exclusive jurisdiction over any and all disputes with respect thereto.

23.    The requirements set forth in Bankruptcy Rules 6003(b) and 6004 have

been satisfied or otherwise deemed waived.

24.    As provided by Bankruptcy Rules 7062 and 9014, the terms and

conditions of this Order shall be effective and enforceable immediately upon entry and shall not

be subject to the stay provisions contained in Bankruptcy Rule 6004(h). Time is of the essence in

closing the sale, and the Seller and the Buyer intend to close the sale as promptly as practicable

following entry of this Order.

25.    The provisions of this Order and the MIPA are non-severable and

mutually dependent.  ~~The provisions of this Order shall be self-executing.~~**[SMB:1/13/17]**

26.    Notwithstanding anything to the contrary contained herein, any

authorizations granted hereunder or proceeds obtained by the Seller pursuant to the Transaction

shall be subject to any applicable requirements imposed on the Debtors under the *Final Order*

*(I) Authorizing Debtors to (A) Obtain Senior Secured, Superpriority, Postpetition Financing*

*Pursuant to Bankruptcy Code Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1),*

*and 364(e) and (B) Utilize Cash Collateral Pursuant to Bankruptcy Code Section 363, and*

*(ii) Granting Adequate Protection to Prepetition Secured Parties Pursuant to Bankruptcy Code*

*Sections 361, 362, 363 and 364* [Docket No. 523] (the "Final DIP Order"), the DIP Credit

Agreement (as defined in the Final DIP Order), and the other DIP Loan Documents, including,

for the avoidance of doubt, the requirement that all Net Asset Sale Proceeds (as defined in the

DIP Credit Agreement) obtained by the Seller pursuant to the Transaction shall be deposited in

the Collateral Proceeds Account (as defined in the DIP Credit Agreement) unless otherwise

approved by the requisite Lenders (as determined in accordance with the DIP Credit Agreement).

27.    The requirements set forth in Local Bankruptcy Rule 9013-1(b) are

satisfied by the contents of the Motion.

28.    The failure to specifically include any particular provisions of the MIPA

in this Order shall not diminish or impair the effectiveness of such provision, it being the intent

of the Court that the MIPA be authorized and approved in its entirety; provided, however, that

this Order shall govern if there is any direct conflict, and only to the extent of such conflict,

between the MIPA (including all ancillary documents executed in connection therewith) and this

Order.

29.    Notwithstanding any other provision of this Order or the MIPA, nothing in

this Order or the MIPA releases, nullifies, precludes or enjoins the enforcement of any liability to

a governmental unit under police and regulatory statutes or regulations (including but not limited

to environmental laws or regulations), and any associated liabilities for penalties, damages, cost

22

recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of property that is the subject of the Transaction after the date of entry of this Order. Nothing contained in this Order or in the MIPA shall in any way diminish the obligation of any entity, including the Debtors, to comply with environmental laws. Nothing in this Order or the MIPA authorizes the transfer to the Buyer of any licenses, permits, registrations, or governmental authorizations and approvals without the Buyer's compliance with all applicable legal requirements under non bankruptcy law governing such transfers.

30.    This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce, and implement the terms and provisions of this Order and the MIPA, including all amendments thereto, any waivers, releases and consents thereunder, and of each of the agreements executed in connections therewith in all respects, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transaction. This Court retains jurisdiction to compel delivery of the Equity Interests, to protect the Buyer and its assets, including the Equity Interests, against any Claims, Liens, or Liabilities including Successor or Transferee Liability and to enter orders, as appropriate, pursuant to sections 105 or 363 (or other applicable provisions) of the Bankruptcy Code necessary to transfer the Equity Interests to the Buyer.

Dated:    New York, New York
          January 13, 2017


                                        /s/ *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                        United States Bankruptcy Judge