UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>SUNEDISON, INC., *et al.*,<br><br>      Debtors. | Chapter 11<br><br>Case No. 16-10992 (SMB)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 2722 *et al.* |

**STATEMENT OF TERRAFORM POWER, INC. AND TERRAFORM GLOBAL, INC.
IN RESPONSE TO OBJECTIONS TO THE DISCLOSURE STATEMENT**

    TerraForm Power, Inc. ("**TERP**") and TerraForm Global, Inc. ("**Global**," and together with TERP, the "**Yieldcos**"), file this statement ("**Statement**") in response to certain objections filed to the *Debtors' Motion for Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement; (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates with Respect Thereto* [Docket No. 2722] (the "**Disclosure Statement Motion**").[1]

    1.  The Yieldcos respectfully submit that the appropriate time for the Court to consider Plan objections is at the confirmation hearing. *See In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) ("[C]are must be taken to ensure that the hearing on the disclosure statement does not turn into a confirmation hearing . . . and objections are

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Disclosure Statement Motion.

restricted to those defects . . . where the pertinent material facts are either not at issue or have been fully developed at the disclosure statement hearing.").

2.  However, several objectors have asserted that non-Debtor third-party releases and exculpations in the Plan (the "**Releases and Exculpations**") render it "patently unconfirmable," and thus the Disclosure Statement may not be approved.  *See*, *e.g.*, Aldridge Objection[2] ¶ 5. Non-Debtor third party releases in this jurisdiction may require a demonstration of "truly unusual circumstances," but they are not patently impossible.  *In re Metromedia Fiber Network, Inc.*, 416 F.3d. 136, 143 (2d Cir. 2005).  The Yieldcos and their respective officers, directors, advisors and representatives (collectively, "**Representatives**") are beneficiaries of the Releases and Exculpations, and at confirmation the record will show that, among other things:

- the Yieldcos are controlled affiliates of the Debtors, the Debtors' largest creditors, the target of substantial avoidance actions asserted by the Debtors, and the main source of value being distributed under the Debtors' Plan; while

- the Yieldco Representatives are the originators and proponents of the global settlement and disposition structure that permits the successful resolution of these chapter 11 cases, and the targets of litigation threats from the Debtors and their stakeholders alleging that the Yieldco Representatives breached fiduciary duties **to the Debtors during these cases**.[3]

---

[2] The "**Aldridge Objection**" means *Jason Aldridge's Objection to the Debtors' Motion for Entry of an Order (A) Approving the Adequacy of the Debtors' Disclosure Statement; (B) Approving Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Joint Proposed Plan; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates* [Docket No. 3031].

[3] *See*, *e.g.*, *Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105, 362, 363(b), and 365(a), Bankruptcy Rules 6004, 6006, and 9019, and Local Bankruptcy Rule 6006-1 Authorizing and Approving Certain Settlement Agreements Among the Debtors and The Yieldcos* [Docket No. 2570] ¶ 30 ("[T]he Debtors have investigated numerous other claims against the Yieldcos arising from . . . breaches of fiduciary duties owed by the Yieldcos to SunEdison as the controlling shareholder of TERP Inc and GLBL Inc.").

3. At this preliminary stage, the Releases and Exculpations manifestly do not render the Plan patently unconfirmable and should not prevent the solicitation of votes on the Debtors' Plan.

Dated: May 16, 2017

/s/ Andrew G. Dietderich
Andrew G. Dietderich
John L. Hardiman
David R. Zylberberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:   (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:         dietdericha@sullcrom.com
                    hardimanj@sullcrom.com
                    zylberbergd@sullcrom.com

Counsel for TerraForm Power, Inc. and TerraForm Global, Inc.