Amish R. Doshi, Esq.  
**MAGNOZZI & KYE, LLP**  
23 Green Street, Suite 302  
Huntington, New York 11743  
Telephone: (631) 923-2858  

And  

Shawn M. Christianson, Esq.  
Valerie Bantner Peo, Esq.  
**BUCHALTER,** A Professional Corporation  
55 Second Street, 17th Floor  
San Francisco, California 94105-2130  
Telephone: (415) 227-0900  

Hearing Date: June 22, 2017  
Hearing Time: 10:00 AM  
Objection Date: June 15, 2017  

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SUNEDISON, INC., et. al.,** | Case No.  16-10992 (SMB) |
| Debtors. | Jointly Administered |

**ORACLE'S RIGHTS RESERVATION REGARDING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 362, 363(B), AND 365(A) AND BANKRUPTCY RULES 6004 AND 9019 AUTHORIZING AND APPROVING ENTRY INTO A TRANSITION SERVICES AGREEMENT WITH TERRAFORM POWER, INC. REGARDING TRANSITION OF A PORTION OF THE GAM BUSINESS ("RIGHTS RESERVATION")**

Oracle America, Inc., successor in interest to Taleo Corporation and Hyperion Solutions Corporation (collectively, "Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Rights Reservation in response to Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105, 362, 363(b), and 365(a) and Bankruptcy Rules 6004 and 9019 Authorizing and Approving Entry Into a Transition Services Agreement With TerraForm Power, Inc. Regarding Transition of a Portion of the GAM Business ("TSA Motion"), filed by SunEdison, Inc., *et al.* ("Debtors").

**I.     INTRODUCTION**

1. By the TSA Motion, the Debtors seek Bankruptcy Court authority to, among other things, approve a Transition Services Agreement ("TSA") between the Debtors and TerraForm Power, Inc. ("TERF").

2. Oracle files this Rights Reservation in the event that the TSA authorizes the shared use of Oracle licensed software and services, because such shared use is not permitted by Oracle's agreements.

3. Oracle's agreements are, or pertain to, licenses of intellectual property that are not assignable or transferable absent Oracle's consent, pursuant to both the underlying license agreements and applicable law.

4. Accordingly, Oracle reserves all rights with respect to the TSA, and requests that the Court deny the TSA Motion to the extent it seeks to authorize the Debtors to transfer, and/or allow unauthorized shared use of, Oracle's software.

**II.    FACTUAL BACKGROUND**

5. The above captioned case was commenced on April 21, 2016 when twenty-six of the debtor entities filed a voluntary Chapter 11 petition. Additional debtor entities filed petitions on June 1, 2016, August 9, 2016, August 10, 2016, December 16, 2016 and April 7, 2017.

6. The Debtors' Chapter 11 cases have been consolidated for procedural purposes and are jointly administered.

7. On June 1, 2017, the Debtors filed the TSA Motion which seeks Court authority to approve the TSA between the Debtors and TERF.

8. According to the TSA Motion, the TSA provides for the orderly transition of employees and services associated with the Debtors' GAM Business to TERF.

2

9. Section 3.2 of the TSA implies that certain vendor contracts may be assumed and assigned in connection with the TSA, as follows:

> Subject to the exceptions set forth in this Section 3.2, each applicable non-Debtor Service Provider hereby agrees to assign, and each applicable Debtor Service Provider agrees to use commercially reasonable efforts to assign, any vendor contract, existing subcontract under the TERP Contracts, or other service agreement in existence and used by a Service Provider in the performance of any TERP Contract that is solely related to projects subject to a TERP Contract (collectively, the "**Vendor Contracts**") to such New Employer as TERP notifies the applicable Service Provider, other than, in each case, those Vendor Contracts still used or necessary for the business of such Service Provider (including but not limited to SUNE Direct Services) at the time of request for assignment. In the case of any Vendor Contracts with non-Debtor Service Providers that require consent of the counterparty, each applicable Service Provider shall use commercially reasonable efforts to obtain such consent to assignment provided, that the Service Providers shall have no obligation to pay any fees or other monies to acquire such consent of the counterparty. The Service Providers' obligations under this Section 3.2 shall be in addition to, and shall not reduce in any respect, the obligations of the Debtors under Section 2(f) of the Settlement Agreement.").

10. The TSA does not specifically identify the "Vendor Contracts" that are affected by the TSA.

11. Rather, the TSA identifies "TERP Contracts" at Appendix 3 and describes "SUNI Services", i.e, "services relating to activities under Section 3.2 of the Agreement" at Appendix 6, Section F.

12. The descriptions of Vendor Contracts, TERP Contracts and SUNE Services are insufficient for Oracle to determine whether any Oracle agreements are impacted by the TSA.

### III. ARGUMENT

**A. If Contemplated, The Debtors May Not Transfer Any Oracle Agreement Absent Oracle's Consent Because Oracle Agreements Pertain To Licenses Of Intellectual Property.**

13. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance

3

from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

14. Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c) (1)); *see also In re Trump Entm't Resorts, Inc.*, 2015 Bankr. LEXIS 523 (Bankr. D. Del. Feb. 20, 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."). *See, In re Patient Educ. Media, 210 B.R. 237, 243* (Bankr. S.D.N.Y 1997)*; See, In re Adelphia Communications Corp, et al., 359 B.R. 65* (Bankr. S.D.N.Y. 2007).

15. To the extent the Debtors wish to assign any Oracle agreements, as contemplated by section 3.2 of the TSA, or engage in any shared use of Oracle's integrated agreements for the licensing of non-exclusive, copyrighted software, the Debtors must obtain Oracle's consent.

16. At this time, for the reasons discussed below, Oracle does not consent to any such transfer.

**B.     Simultaneous Use Of Any Oracle Agreement By The Debtors and TERF Is Not Authorized.**

17. If the TSA contemplates that the transitional services the Debtors will provide to TERF includes the shared use of Oracle licensed software and services, or if the TSA purports to grant to both the Debtors and TERF the right to simultaneous use of, and access to, Oracle's software, such use exceeds the scope of the permitted uses under the Oracle agreements, and constitutes an unauthorized splitting of the respective licenses.

4

18. Oracle objects to any transitional use that exceeds the scope of the permitted uses under Oracle's agreements, and further objects to any unauthorized "splitting" of its licenses between the Debtors and TERF.

## IV. CONCLUSION

19. As set forth above, it is not clear from the TSA Motion whether Oracle's agreements are implicated by the services contemplated by the TSA.

20. To the extent that the TSA Motion seeks court authority for the Debtors to utilize Oracle's licenses in a manner inconsistent with the relevant license grant, Oracle objects.

21. Accordingly, Oracle reserves all rights to be heard on all issues set forth herein.

Dated: June 15, 2017
       Huntington, New York

**Respectfully submitted,**

By:    /s/ Amish R. Doshi
Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858
Email:    adoshi@magnozzikye.com

Shawn M. Christianson, Esq.
Valerie Bantner Peo, Esq.
**BUCHALTER,** A Professional Corporation
55 Second Street, 17th Floor
San Francisco, California 94105-2130
Telephone: (415) 227-0900

Deborah Miller, Esq.
Michael Czulada, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

**Attorneys for Oracle America, Inc.**