SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **SUNEDISON, INC.**, *et al.*, | : | **Case No. 16-10992 (SMB)** |
|  | : |  |
| Debtors.[1] | : | **(Jointly Administered)** |
|  | : |  |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Everstream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

**CERTIFICATE OF NO OBJECTION REGARDING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 362, 363(B), AND 365(A) AND BANKRUPTCY RULES 6004 AND 9019 AUTHORIZING AND APPROVING ENTRY INTO A TRANSITION SERVICES AGREEMENT WITH TERRAFORM POWER, INC. REGARDING TRANSITION OF A PORTION OF THE GAM BUSINESS**

The undersigned counsel hereby certifies that on June 1, 2017, SunEdison, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed and served the *Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105, 362, 363(B), And 365(A) And Bankruptcy Rules 6004 And 9019 Authorizing And Approving Entry Into A Transition Services Agreement With Terraform Power, Inc. Regarding Transition Of A Portion Of The GAM Business* (Docket No. 3247) (the "Motion").

The undersigned counsel further certifies that the notice to the Motion set a deadline of June 15, 2017 at 4:00 p.m. (prevailing Eastern time) for receipt of objections to the Motion (the "Objection Deadline").

The undersigned counsel further certifies that as of the date hereof, the sole objection made to the Motion has been consensually resolved. In accordance with Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York, this certificate is being filed at least forty-eight (48) hours after expiration of the deadline for parties to file and serve any objection or responsive pleading to the Motion.

Accordingly, it is respectfully requested that the Court enter the revised proposed form of order, a copy of which is attached hereto as Exhibit A. The proposed form of order has been revised to address an objection to the Motion, which has been consensually resolved. A redline against the version of the proposed order filed with the Motion is attached hereto as Exhibit B.

2

Dated: June 19, 2017
      New York, New York

                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                  By:  */s/ J. Eric Ivester*
                                        Jay M. Goffman
                                        J. Eric Ivester
                                        Four Times Square
                                        New York, New York 10036-6522
                                        Telephone: (212) 735-3000
                                        Fax: (212) 735-2000

                                        -and-

                                        James J. Mazza, Jr. (admitted *pro hac vice*)
                                        Louis S. Chiappetta (admitted *pro hac vice*)
                                        155 N. Wacker Dr.
                                        Chicago, Illinois 60606-1720
                                        Telephone: (312) 407-0700
                                        Fax: (312) 407-0411

                                    *Counsel for Debtors and Debtors in Possession*

# EXHIBIT A

**Revised Proposed Form of Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| SUNEDISON, INC., *et al.*, | Case No. 16-10992 (SMB) |
| Debtors.[1] | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 362, 363(B), AND 365(A) AND BANKRUPTCY RULES 6004 AND 9019 AUTHORIZING AND APPROVING THE TRANSFER AND TRANSITION OF A PORTION OF THE GLOBAL ASSET MANAGEMENT BUSINESS UNIT TO CERTAIN AFFILIATES OF <u>TERRAFORM POWER, INC.</u>**

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for an Order, pursuant to sections 105(a), 362, 363(b) and 365(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") authorizing and approving the Debtors' entry into, and performance of their obligations

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Everstream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

under, that certain transition services agreement (the "GAM TSA"), by and among SunEdison, Inc., the Service Providers listed in Appendix 1 to the GAM TSA, and TerraForm Power, Inc.; and upon the Gund Declaration; and upon Oracle's Rights Reservation Regarding Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105, 362, 363(b), And 365(a) And Bankruptcy Rules 6004 And 9019 Authorizing And Approving Entry Into A Transition Services Agreement With Terraform Power, Inc. Regarding Transition Of A Portion Of The GAM Business [Docket No. 3352], and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is fair and equitable and in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation and good cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The GAM TSA and all of its provisions are hereby approved.

3. The Debtors are authorized to enter into, perform their obligations under and deliver all documents contemplated by the GAM TSA, and are authorized to take all other actions to implement the transactions and compromises contemplated by the GAM TSA (the "GAM Transaction"), in each case, pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019.

4. The GAM TSA shall be binding on all parties thereto (including, but not limited to, any subsequently appointed chapter 11 or chapter 7 trustee or any representative of the

Debtors' estates appointed pursuant to 11 U.S.C. § 1123) and in each case, on each of their predecessors or successors.

5. TerraForm Power, Inc. and its direct and indirect subsidiaries are not, and shall not be deemed to be, successors to the Debtors as a result of the entry into the GAM TSA or the consummation of GAM Transaction and, except as expressly provided in the GAM TSA, are not obligated to pay any liabilities or obligations of the Debtors as a result thereof.

6. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all of the terms of the GAM TSA.

7. The negotiation and execution of the GAM TSA was at arm's-length, without collusion and in good faith, and all times each party thereto was represented by competent, independent counsel of its choosing.

8. Notwithstanding anything to the contrary, nothing in the Motion or Order (i) assumes or assigns any contracts between the Debtors and Oracle America, Inc., successor in interest to Taleo Corporation and Hyperion Solutions Corporation (collectively, "Oracle"), (ii) transfers any licenses thereunder to TERP, or (iii) expands the scope of the current license agreements between the Debtors and Oracle.

9. Any objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits and denied with prejudice.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

11. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
       _____, 2017

                                        _____
                                        HONORABLE STUART M. BERNSTEIN

# EXHIBIT B

**Redline**

16-10992-dsj    Doc 3387    Filed 06/19/17    Entered 06/19/17 20:18:13    Main Document
Pg 9 of 13

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SUNEDISON, INC., *et al.*, | Case No. 16-10992 (SMB) |
| Debtors.[1] | (Jointly Administered) |

ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(A), 362, 363(B), AND 365(A) AND
BANKRUPTCY RULES 6004 AND 9019 AUTHORIZING AND APPROVING THE
TRANSFER AND TRANSITION OF A PORTION OF THE GLOBAL ASSET
MANAGEMENT BUSINESS UNIT TO CERTAIN AFFILIATES OF
TERRAFORM POWER, INC.

Upon the motion (the "Motion")[2] of the Debtors for an Order, pursuant to sections

105(a), 362, 363(b) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code"),

and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Everstream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Debtors' corporate headquarters is ~~13736 Riverport Dr., Maryland Heights, Missouri 63043~~Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Redline GAM 9019 Proposed Order 1084617v1 and GAM 9019 Proposed Order 1084617v2A
6/19/2017 7:50:25 PM

Rules") authorizing and approving the Debtors' entry into, and performance of their obligations under, that certain transition services agreement (the "GAM TSA"), by and among SunEdison, Inc., the Service Providers listed in Appendix 1 to the GAM TSA, and TerraForm Power, Inc.; and upon the Gund Declaration; and upon Oracle's Rights Reservation Regarding Debtors' Motion For Order Pursuant To Bankruptcy Code Sections 105, 362, 363(b), And 365(a) And Bankruptcy Rules 6004 And 9019 Authorizing And Approving Entry Into A Transition Services Agreement With Terraform Power, Inc. Regarding Transition Of A Portion Of The GAM Business [Docket No. 3352], and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is fair and equitable and in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation and good cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Motion is GRANTED to the extent set forth herein.

2.   The GAM TSA and all of its provisions are hereby approved.

3.   The Debtors are authorized to enter into, perform their obligations under and deliver all documents contemplated by the GAM TSA, and are authorized to take all other actions to implement the transactions and compromises contemplated by the GAM TSA (the "GAM Transaction"), in each case, pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019.

2

Redline GAM 9019 Proposed Order 1084617v1 and GAM 9019 Proposed Order 1084617v2A
6/19/2017 7:50:25 PM

4.      The GAM TSA shall be binding on all parties thereto (including, but not limited to, any subsequently appointed chapter 11 or chapter 7 trustee or any representative of the Debtors' estates appointed pursuant to 11 U.S.C. § 1123) and in each case, on each of their predecessors or successors.

5.      TerraForm Power, Inc. and its direct and indirect subsidiaries are not, and shall not be deemed to be, successors to the Debtors as a result of the entry into the GAM TSA or the consummation of GAM Transaction and, except as expressly provided in the GAM TSA, are not obligated to pay any liabilities or obligations of the Debtors as a result thereof.

6.      To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all of the terms of the GAM TSA.

7.      The negotiation and execution of the GAM TSA was at arm's-length, without collusion and in good faith, and all times each party thereto was represented by competent, independent counsel of its choosing.

8.      Notwithstanding anything to the contrary, nothing in the Motion or Order (i) assumes or assigns any contracts between the Debtors and Oracle America, Inc., successor in interest to Taleo Corporation and Hyperion Solutions Corporation (collectively, "Oracle"), (ii) transfers any licenses thereunder to TERP, or (iii) expands the scope of the current license agreements between the Debtors and Oracle.

3

Redline GAM 9019 Proposed Order 1084617v1 and GAM 9019 Proposed Order 1084617v2A
6/19/2017 7:50:25 PM

~~8~~9.   Any objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits and denied with prejudice.

~~9~~10.   Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

~~10~~11.   The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

~~11~~12.   The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

~~12~~13.   This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York

_____, 2017

_____
HONORABLE STUART M. BERNSTEIN