SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SUNEDISON, INC.,** *et al.*, | **Case No. 16-10992 (SMB)** |
| **Debtors.**[1] | **(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Everstream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

### NOTICE OF FILING OF SECOND PLAN SUPPLEMENT DOCUMENTS AND DISCLOSURES PURSUANT TO SECTION 1129(A)(5) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on June 12, 2017, SunEdison, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the Amended *Notice Of Filing Of Solicitation Version of First Amended Disclosure Statement for First Amended Joint Plan Of Reorganization Of SunEdison, Inc. And Its Debtor Affiliates* (Docket No. 3314), which attached as Exhibit A thereto the First Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates (the "Plan").[2]

**PLEASE TAKE NOTICE** that on July 6, 2017, the Debtors filed the *Notice Of Filing Of Plan Supplement Documents* (Docket No. 3522) (the "First Plan Supplement").

**PLEASE TAKE FURTHER NOTICE** that the First Plan Supplement is hereby amended (the "Second Plan Supplement," and together with the First Plan Supplement, the "Plan Supplement") with respect to the following exhibit, attached hereto as Exhibit A and as may be modified, amended, or supplemented from time to time:

**Exhibit 6.5**: Reinstated Second Lien Claim Modification Terms

A redline version of this exhibit is attached hereto as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that certain of these documents remain subject to continuing negotiations among the Debtors and interested parties with respect hereto. The Debtors reserve all rights to amend, modify, or supplement the Second Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan. To the extent material amendments or modifications are made to any of these documents, the Debtors will file

---

[2] Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

2

an amended version with the Bankruptcy Court prior to the Confirmation Hearing marked to reflect such amendments or modifications.

**PLEASE TAKE FURTHER NOTICE** that Richard Katz, Scott Vogel, and Benoit Jamar will serve on the Board of Directors of the Reorganized Debtors.

**PLEASE TAKE FURTHER NOTICE** that the Second Plan Supplement is integral to, part of, and incorporated by reference into the Plan; however, these documents have not been approved by the Bankruptcy Court at this time.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing is scheduled to commence at 10:00 a.m. (prevailing Eastern Time) on July 20, 2017, before the Honorable Stuart M. Bernstein, at the Bankruptcy Court, One Bowling Green, Courtroom 723, New York, New York 10004. This hearing may be continued by the Bankruptcy Court or by the Debtors without further notice other than by announcement of same in open court and/or by filing and serving a notice of adjournment.

Dated: July 19, 2017
     New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  */s/ J. Eric Ivester*
    Jay M. Goffman
    J. Eric Ivester
    Four Times Square
    New York, New York 10036-6522
    Telephone: (212) 735-3000
    Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

**EXHIBIT A**

# **EXHIBIT 6.5**

**Reinstated Second Lien Claim Modification Term Sheet**

*Draft*

# EXHIBIT 6.5

## REINSTATED SECOND LIEN CLAIM MODIFICATION TERMS

i. <u>Borrower</u>: [Reorganized SunEdison].

ii. <u>Guarantors</u>:  To be determined by the Supporting Second Lien Parties, but not less than those parties that currently guarantee the Replacement DIP Facility and/or the Second Lien Loans/Notes.

iii. <u>Lenders</u>: As set forth in the Plan.

iv. <u>Principal</u>: No more than $150 million of senior secured first lien term loans (the "<u>Term Loans</u>").

v. <u>Maturity</u>: Three (3) years from the Effective Date.

vi. <u>Interest Rate</u>: L + 5.0% per annum, payable-in-kind, quarterly in arrears.

vii. <u>Mandatory Prepayments/Cash Sweep</u>: All Unrestricted Cash above $[x] million in the aggregate will be automatically swept on a quarterly basis and applied first to all accrued and unpaid interest as of such date and thereafter as a mandatory prepayment of the then outstanding principal amount of the Term Loans.

viii. <u>Voluntary Prepayments</u>:  Permitted in whole or in part without premium or penalty, subject to customary notice requirements and LIBOR breakage costs.

ix. <u>Scheduled Amortization</u>:  None.

x. <u>Conversion</u>: On the third (3rd) anniversary of the Effective Date (the "<u>Conversion Date</u>"), all outstanding Term Loans that are not paid in cash in immediately available funds shall automatically convert into outstanding shares (the "<u>Converted Shares</u>") of Reorganized SUNE common stock (the "<u>Common Stock</u>").  On the Conversion Date, if there have been no prepayments of the principal of the Term Loans and all interest thereon has been paid-in-kind and remains outstanding as additional Term Loans as of the Conversion Date, the Term Loans and all accrued but unpaid interest thereon shall convert into a number of Converted Shares such that, after giving effect to such conversion, the Converted Shares shall equal 50% of the total outstanding shares of Common Stock on a fully diluted basis.  If any principal of the Term Loans has been prepaid, the number of Converted Shares issued upon conversion shall be reduced proportionately to the extent of any such prepayments.

xi. <u>Voting</u>: Except for provisions customarily requiring approval by each affected Lender, Lenders holding more than 50% of the aggregate outstanding principal amount of the Term Loans.

xii. <u>Collateral</u>: First priority perfected liens on and security interests in substantially all assets of the Borrower and the Guarantors, subject to exceptions TBD by Steering Group.

xiii. <u>Covenants</u>:  The documentation governing the Term Loans shall contain affirmative and negative covenants (and events of default) for financings of this type and others to be mutually agreed among the Borrower and the Steering Group

xiv. <u>Assignments</u>:  Assignments shall not be subject to the consent of Reorganized SUNE.  With respect to any assignment of any portion of the Term Loans, such assignment shall be subject to minimum threshold of $[1,000,000].

xv. <u>Governing Law</u>:  New York.

**EXHIBIT B**

16-10992-dsj    Doc 3661    Filed 07/19/17    Entered 07/19/17 14:27:49    Main Document
Pg 7 of 9

# **EXHIBIT 6.5**

**Reinstated Second Lien Claim Modification Term Sheet
(Redline)**

*Draft*

# EXHIBIT 6.5

## REINSTATED SECOND LIEN CLAIM MODIFICATION TERMS

i. Borrower: [Reorganized SunEdison].

ii. Guarantors: [●] To be determined by the Supporting Second Lien Parties, but not less than those parties that currently guarantee the Replacement DIP Facility and/or the Second Lien Loans/Notes.

iii. Lenders: As set forth in the Plan.

iv. Principal: $[X] No more than $150 million of senior secured first lien term loans (the "Term Loans").

v. Maturity: Three (3) years from the Effective Date.

vi. Interest Rate: L + 5.0% per annum, payable-in-kind, quarterly in arrears.

vii. Mandatory Prepayments/Cash Sweep: All Unrestricted Cash above $[x] million in the aggregate will be automatically swept on a quarterly basis and applied first to all accrued and unpaid interest as of such date and thereafter as a mandatory prepayment of the then outstanding principal amount of the Term Loans.

viii. Voluntary Prepayments: Permitted in whole or in part without premium or penalty, subject to customary notice requirements and LIBOR breakage costs.

ix. Scheduled Amortization: None.

x. Conversion: [On the third (3rd) anniversary of the Effective Date (the "Conversion Date"), all outstanding Term Loans that are not paid in cash in immediately available funds shall automatically convert into outstanding shares (the "Converted Shares") of Reorganized SUNE common stock (the "Common Stock"). On the Conversion Date, if there have been no prepayments of the principal of the Term Loans and all interest thereon has been paid-in-kind and remains outstanding as additional Term Loans as of the Conversion Date, the Term Loans and all accrued but unpaid interest thereon shall convert into a number of Converted Shares such that, after giving effect to such conversion, the Converted Shares shall equal 50% of the total outstanding shares of Common Stock on a fully diluted basis. If any principal of the Term Loans has been prepaid, the number of Converted Shares issued upon conversion shall be reduced proportionately to the extent of any such prepayments].

xi. Voting: Except for provisions customarily requiring approval by each affected Lender, Lenders holding more than 50% of the aggregate outstanding principal amount of the Term Loans.

xii. Collateral: First priority perfected liens on and security interests in substantially all assets of the Borrower and the Guarantors, subject to exceptions TBD by Steering Group.

xiii. Covenants: The documentation governing the Term Loans shall contain affirmative and negative covenants (and events of default) for financings of this type and others to be mutually agreed among the Borrower and the Steering Group

xiv. Assignments: Assignments shall not be subject to the consent of Reorganized SUNE. With respect to any assignment of any portion of the Term Loans, such assignment shall be subject to minimum threshold of $[1,000,000].

xv. Governing Law: New York.