SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **Chapter 11** |
| **SUNEDISON, INC., *et al.*,** | **Case No. 16-10992 (SMB)** |
| **Debtors.**[1] | **(Jointly Administered)** |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Everstream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

## NOTICE OF FILING OF THIRD PLAN SUPPLEMENT DOCUMENTS

**PLEASE TAKE NOTICE** that on June 12, 2017, SunEdison, Inc. and certain of

its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors") filed the Amended *Notice Of Filing Of Solicitation Version of First Amended*

*Disclosure Statement for First Amended Joint Plan Of Reorganization Of SunEdison, Inc. And*

*Its Debtor Affiliates* (Docket No. 3314), which attached as Exhibit A thereto the First Amended

Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates (the "Plan").[2]

**PLEASE TAKE NOTICE** that on July 6, 2017, the Debtors filed the *Notice Of*

*Filing Of Plan Supplement Documents* (Docket No. 3522) (the "First Plan Supplement").

**PLEASE TAKE NOTICE** that on July 19, 2017, the Debtors filed the *Notice Of*

*Filing Of Second Plan Supplement Documents And Disclosures Pursuant To Section 1129(A)(5)*

*Of The Bankruptcy Code* (Docket No. 3661) (the "Second Plan Supplement").

**PLEASE TAKE FURTHER NOTICE** that the First Plan Supplement is hereby

amended (the "Third Plan Supplement," and together with the First Plan Supplement and Second

Plan Supplement, the "Plan Supplement") with respect to the following exhibit, attached hereto

as Exhibit A and as may be modified, amended, or supplemented from time to time:

**Exhibit 7.1**: Form of GUC/Litigation Trust Agreement

**Exhibit 7.6**: GUC/Litigation Trust Causes of Action

A redline version of this exhibit is attached hereto as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that certain of these documents remain

subject to continuing negotiations among the Debtors and interested parties with respect hereto.

The Debtors reserve all rights to amend, modify, or supplement the Third Plan Supplement and

---

[2] Unless otherwise indicated, capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

any of the documents contained therein in accordance with the terms of the Plan. To the extent

material amendments or modifications are made to any of these documents, the Debtors will file

an amended version with the Bankruptcy Court prior to the Confirmation Hearing marked to

reflect such amendments or modifications.

> **PLEASE TAKE FURTHER NOTICE** that the Third Plan Supplement is

integral to, part of, and incorporated by reference into the Plan; however, these documents have

not been approved by the Bankruptcy Court at this time.

> **PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing is

scheduled to commence at 10:00 a.m. (prevailing Eastern Time) on July 20, 2017, before the

Honorable Stuart M. Bernstein, at the Bankruptcy Court, One Bowling Green, Courtroom 723,

New York, New York 10004. This hearing may be continued by the Bankruptcy Court or by the

Debtors without further notice other than by announcement of same in open court and/or by

filing and serving a notice of adjournment.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: July 19, 2017
New York, New York

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  */s/ J. Eric Ivester*
Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

James J. Mazza, Jr. (admitted *pro hac vice*)
Louis S. Chiappetta (admitted *pro hac vice*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

# **EXHIBIT 7.1**

**Form of GUC/Litigation Trust Agreement**

This Litigation Trust Agreement (the "**Litigation Trust Agreement**"), dated as of _____, 2017 (the "**Effective Date**"),[1] by and among SunEdison, Inc. and certain of its affiliates (collectively, the "**Debtors**" and together with their non-Debtor affiliates, the "**Company**") and Drivetrain, LLC, as the trustee (the "**Original Trustee**"), is executed in order to establish a litigation trust (the "**Litigation Trust**") in connection with (i) the Committee Settlement incorporated as Annex II (the "**Committee Settlement**") to the *Order (I) Authorizing Debtors to (a) Obtain Senior Secured, Superpriority, Replacement Postpetition Financing Pursuant to Bankruptcy Code Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e), and (b) Utilize Cash Collateral Pursuant to Bankruptcy Code Section 363, (II) Authorizing Use of Proceeds to Repay Existing Senior Secured Superpriority, Postpetition Financing, and (III) Granting Adequate Protection to Prepetition Secured Parties Pursuant to Bankruptcy Code Sections 361, 362, 363 and 364* [ECF No. 2880] (together with all exhibits and annexes thereto, including, without limitation, the Committee Settlement, the "**Final DIP Order**") and (ii) the *First Amended Joint Plan of Reorganization of SunEdison Inc. and its Debtor Affiliates* [ECF No. 3314—Exhibit A to the Disclosure Statement] (as amended, the "**Plan**"), including the *Term Sheet for Settlement Among Debtors, Tranche B Roll Up Lenders/Steering Committee of Prepetition Second Lien Lenders and Noteholders, the Official Committee of Unsecured Creditors, and BOKF, N.A.* incorporated therein [ECF No. 3314—Exhibit 6.1 to the Plan] (the "**Global Settlement Term Sheet**").  Capitalized terms used in this Litigation Trust Agreement and not otherwise defined shall have the meanings ascribed to them in the Plan.

WITNESSETH

WHEREAS, commencing on April 21, 2016 and continuing from time to time thereafter, each Debtor commenced a case (collectively, the "**Chapter 11 Cases**") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Southern District of New York (the "**Bankruptcy Court**") which Chapter 11 Cases are jointly administered under case no. 16-10992 (SMB);

WHEREAS, on April 29, 2016, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors (as may be reconstituted from time to time, the "**Creditors' Committee**") in the Chapter 11 Cases;

WHEREAS, on November 28, 2016, the Debtors funded $10,000,000 into a segregated bank account with U.S. Bank National Association to be controlled by the Debtors for the benefit of the general unsecured creditors pending the establishment of the Litigation Trust;

WHEREAS, on May 1, 2017, the Bankruptcy Court entered the Final DIP Order, including the Committee Settlement attached thereto;

WHEREAS, on June 9, 2017, the Debtors, the Tranche B Roll Up Lenders/Steering Committee of Prepetition Second Lien Lenders and Noteholders (the "**Ad Hoc Group**"), the Creditors' Committee, and BOKF, N.A. ("**BOKF**" or the "**Convertible Senior Notes Indenture Trustee**") executed the Global Settlement Term Sheet;

---

[1] NTD:  This draft contemplates that parties will enter into this agreement on the same day as the Effective Date for the Plan.

WHEREAS, on June 11, 2017, the Debtors filed the Plan;

WHEREAS, on July 6, 2017, the Debtors filed the [*Plan Supplement*] [ECF No. [NUMBER]] (the "**Plan Supplement**");

WHEREAS, on [July 20, 2017], the Bankruptcy Court entered an order confirming the Plan [ECF No. [NUMBER]] (the "**Confirmation Order**");

WHEREAS, the Litigation Trust is created pursuant to, and to effectuate certain provisions of, the Final DIP Order, the Committee Settlement contained therein, the Plan, and the Global Settlement Term Sheet, pursuant to which the Litigation Trust will hold the Litigation Trust Assets (as defined herein);

WHEREAS, the Litigation Trust is organized for the sole purpose of liquidating the Litigation Trust Assets in an expeditious but orderly manner for the benefit of the Litigation Trust Beneficiaries, including the investigation and prosecution of the Litigation Trust Causes of Action (as defined herein), with no objective to continue or engage in the conduct of a trade or business, except, to the extent reasonably necessary to effectuate, and consistent with, the liquidating purpose of the Litigation Trust;

WHEREAS, the Litigation Trust is intended to be classified for U.S. federal income tax purposes as a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and thus as a "grantor trust" within the meaning of Sections 671 through 677 of the Internal Revenue Code of 1986, as amended (the "**IRC**"), with the Litigation Trust Beneficiaries treated for U.S. federal income tax purposes as the grantors and owners of their respective shares of the Litigation Trust Assets (as defined herein), other than with respect to any assets allocable to, or retained on account of, Disputed Claims (*i.e.*, the GUC Disputed Claims Reserve); and

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein, in the Final DIP Order, the Committee Settlement, the Plan, and the Global Settlement Term Sheet, the Debtors or, from and after the Effective Date, any successor thereto, by merger, consolidation, or otherwise (the "**Reorganized Debtors**"), the Creditors' Committee and the Litigation Trustee (as defined herein) agree as follows:

ARTICLE 1

ESTABLISHMENT OF LITIGATION TRUST

1.1    Establishment of Litigation Trust; Appointment of Original Trustee and Litigation Trust Oversight Board.

(a)    Pursuant to the Final DIP Order, the Committee Settlement contained therein, the Plan, and the Global Settlement Term Sheet, the Debtors and the Creditors' Committee hereby establish a trust which shall be known as the "SunEdison Litigation Trust" on behalf of holders of Class A Litigation Trust Interests (including and subject to the rights of the Convertible Senior Notes Indenture Trustee) and Class B Litigation Trust Interests (each as

2

defined herein, and collectively, the "**Litigation Trust Beneficiaries**") in accordance with the Plan and the Global Settlement Term Sheet.

(b)     The Original Trustee is hereby appointed as trustee of the Litigation Trust and agrees to accept and hold the Litigation Trust Assets in trust for the Litigation Trust Beneficiaries subject to the terms of this Litigation Trust Agreement, the Plan, and the Confirmation Order.  The Original Trustee and each successor trustee serving from time-to-time duly appointed hereunder (the "**Litigation Trustee**") shall have all the rights, powers, and duties set forth herein.  The term of the Original Trustee shall be for three (3) years, subject to an extension of such term by a majority vote of the Litigation Trust Oversight Board (as defined herein).

(c)     A board created and selected by the Creditors' Committee (the "**Litigation Trust Oversight Board**") is hereby appointed to oversee the Litigation Trust and the activities of the Litigation Trustee.  The Litigation Trust Oversight Board shall consist of three (3) members and each successor member serving from time-to-time duly appointed hereunder (each, a "**Litigation Trust Oversight Board Member**"), one of whom shall be the Litigation Trustee and a majority of whom shall be "United States persons" within the meaning of Section 7701(a)(30) of the IRC, and shall have all the rights, powers, and duties set forth herein.  The term of each Litigation Trust Oversight Board Member, other than the Litigation Trustee (collectively, such other Litigation Trust Oversight Board Members, the "**Non-Trustee Oversight Board Members**") shall be five (5) years, subject to an extension of such term by a majority vote of the Litigation Trust Oversight Board if the term of the Litigation Trust is extended beyond its original five (5) year term.

1.2     Transfer of Assets and Rights to Litigation Trustee.

(a)     On the Effective Date, the Debtors, pursuant to terms of the Global Settlement Term Sheet, the Plan, and the Confirmation Order, hereby transfer, assign and deliver to the Litigation Trust, without recourse, all of their respective rights, title, and interests, free and clear of any and all Liens, Claims (other than Claims in the nature of setoff or recoupment), encumbrances or interests of any kind in such property of any other Person or Entity, in and to:

(i) all Causes of Action of the Debtors' Estates as of the Effective Date, including all Estate Avoidance Actions (other than Avoidance Actions against the YieldCos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors), to the extent such Causes of Action are not released or settled with the consent of the Creditors' Committee, pursuant to Article 11.5 of the Plan or released or settled pursuant to an Order of the Bankruptcy Court (including the order approving the D&O Settlement Agreement [Docket No. 3453] (the "**D&O Settlement Approval Order**"))[2] or the Global Settlement Term

---

[2] For the avoidance of doubt, pursuant to the D&O Settlement Agreement and the D&O Settlement Approval Order, the only Estate Causes of Action against the Individual Defendants (as defined in the D&O Settlement Agreement) that are preserved for transfer to the Litigation Trust are preference actions that may be brought under section 547 of the Bankruptcy Code.  To the extent any provision in the Plan (including this Litigation Trust Agreement and the other exhibits to the Plan Supplement) is inconsistent with the terms of the D&O Settlement Agreement or the D&O Settlement Approval Order, the D&O Settlement Agreement or the D&O Settlement Approval Order, as applicable, shall control.

WEIL:\96171021\23\76491.0003

Sheet prior to the Effective Date, including the Causes of Action set forth on **Exhibit A** (the "**Litigation Trust Causes of Action**"); and

(ii) Cash of $57,500,000.00 representing the sum of (A) the initial funding for the Litigation Trust as contemplated by the Committee Settlement; (B) proceeds allocable from the D&O Insurance in the amount of $32,000,000.00, pursuant to the terms of the D&O Settlement Agreement and the D&O Settlement Approval Order; and (C) the settlement of certain Avoidance Actions in connection with the YieldCo Settlement Motion; plus at least $5,000,000.00 in Cash on account of Professional Fee Reductions (the "**Voluntary Professional Fee Reduction Amount**"), as well as all additional Voluntary Professional Fee Reductions that exceed the Voluntary Professional Fee Reduction Amount (collectively, the "**Litigation Trust Initial Cash Assets**", and together with the Litigation Trust Causes of Action, the proceeds of the Litigation Trust Causes of Action, and the Net Avoidance Action Proceeds (as defined herein), the "**Litigation Trust Assets**").

(b) On the Effective Date, the Litigation Trust shall assume responsibility for the Claims Reconciliation Process (as defined in Annex I of the Global Settlement Term Sheet), including with respect to the initiation or continuance of claims objection prosecution. Copies of the Debtors' books and records that relate to claims objections shall be made available to the Litigation Trust promptly following the Effective Date. On and after the Effective Date, the Reorganized Debtors shall use commercially reasonable efforts to cooperate with the Litigation Trust in connection with due diligence and other reasonable assistance regarding the prosecution of the Claims Reconciliation Process and the Litigation Trust Causes of Action as may be reasonably requested by the Litigation Trust, including with respect to providing all relevant documents, evidence, and existing information in their possession or in the possession of their advisors or representatives on the Effective Date. Following the Effective Date, if the actual, reasonable, and documented out-of-pocket costs and expenses of the Reorganized Debtors (including fees and expenses of outside third-parties and/or firms; but not including charges for salaried employees of the Reorganized Debtors) incurred in carrying out the services described in this paragraph and/or Annex 1 of the Global Settlement Term Sheet exceed $250,000 in the aggregate (the amount exceeding $250,000 defined as "**Excess Expenses**"), the Litigation Trust shall promptly reimburse the Reorganized Debtors for the Excess Expenses. The parties shall agree in writing to the scope of work and expected charges regarding requests by the Litigation Trust that are expected to result in the incurrence of out-of-pocket costs prior to the Reorganized Debtors' performance of such tasks or incurrence of such costs and expenses. The Litigation Trustee and/or the Litigation Trust Oversight Board shall raise any disputes relating to a reimbursement request within thirty (30) days of receipt thereof, and the Bankruptcy Court shall resolve any such disputes that are not resolved among the parties.

(c) To the extent any Litigation Trust Assets cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Trust Assets shall be deemed to have been retained by the Debtors and the Litigation Trustee shall be deemed to have been designated as a representative of the Debtors pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such Litigation Trust Assets on behalf of the Debtors. Notwithstanding the foregoing, all net proceeds of such Litigation Trust Assets shall be transferred to the Litigation

4

Trust to be distributed to the Litigation Trust Beneficiaries consistent with the Plan and the Global Settlement Term Sheet.

(d) The transfer of the Liquidating Trust Assets shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use, or other tax, pursuant to section 1146(a) of the Bankruptcy Code.

(e) The Litigation Trust Trustee will seek to preserve and protect all applicable privileges and work-product relating to the Claims Reconciliation Process and the Litigation Trust Causes of Action, including but not limited to any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral). The Litigation Trust Trustee's receipt of such information shall not waive any privileges and all such privileges are preserved. Notwithstanding the foregoing, in the event the Litigation Trust Trustee seeks to waive any privilege on behalf of the Litigation Trust or the Debtors, as applicable, with respect to the Litigation Trust Assets, it shall get the prior written consent of the Reorganized Debtors, which consent shall not be unreasonably withheld.

1.3    Title to Litigation Trust Assets.

Transfer of the Litigation Trust Assets to the Litigation Trust shall be made for the benefit of the Litigation Trust Beneficiaries to the extent such Litigation Trust Beneficiaries are entitled to beneficial interests therein (the "**Litigation Trust Interests**"). The Litigation Trust Interests shall be comprised of two tranches of interests, which will be provided on the Effective Date to (a) holders of General Unsecured Claims (the "**Class A Litigation Trust Interests**") and (b) holders of Second Lien Claims (the "**Class B Litigation Trust Interests**"). The Litigation Trust Interests shall have the respective rights to share in the Litigation Trust Assets and the governance rights set forth on **Exhibit B** hereto (the "**Litigation Trust Interests Overview**"). Upon the transfer of the Litigation Trust Assets, the Litigation Trust shall succeed to all of the right, title, and interest of the Debtors in and to the Litigation Trust Assets and the Debtors shall not have any further interest in or with respect to the Litigation Trust Assets or the Litigation Trust.

1.4    Nature and Purpose of Litigation Trust.

(a)    Purpose. The Litigation Trust is organized and established as a trust, subject to the terms and conditions contained herein, in the Final DIP Order, the Plan, and the Global Settlement Term Sheet, for the sole purpose of liquidating the Litigation Trust Assets in an expeditious but orderly manner for the benefit of the Litigation Trust Beneficiaries, including the investigation and prosecution of the Litigation Trust Causes of Action, with no objective to continue or engage in the conduct of a trade or business, except, to the extent reasonably necessary to effectuate, and consistent with, the liquidating purpose of the Litigation Trust.

(b)    Fees and Expenses. From and after the Effective Date, the Litigation Trust shall pay fees and expenses of professionals retained by the Litigation Trustee incurred in the investigation and prosecution of Litigation Trust Causes of Action ("**Investigation/Prosecution Fees and Expenses**") subject in all respects to the procedures and

WEIL:\96171021\23\76491.0003

approvals to be established by the Litigation Trust Oversight Board (the "**Approval Procedures**").

(c)        Actions of Litigation Trustee.  Subject to Section 3.8 hereof, the Litigation Trustee shall, in an expeditious but orderly manner, liquidate and convert to cash the Litigation Trust Assets, make timely distributions in accordance with Article 6 of this Litigation Trust Agreement, and not unduly prolong the duration of the Litigation Trust.  The liquidation of the Litigation Trust Assets may be accomplished through the prosecution, compromise and settlement, abandonment, dismissal or assignment of any or all claims, rights or causes of action, or otherwise.  With respect to Litigation Trust Assets involving asserted Claims of less than $1,000,000, the Litigation Trustee shall have the absolute right to pursue, settle and compromise or not pursue any and all such Litigation Trust Assets as it determines is in the best interests of the Litigation Trust Beneficiaries and consistent with the purposes of the Litigation Trust.  With respect to Litigation Trust Assets involving asserted Claims of $1,000,000 or more, the Litigation Trustee shall have the right to pursue, settle and compromise or not pursue any and all such Litigation Trust Assets as it determines is in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, subject to approval by the majority vote of the Litigation Trust Oversight Board.  The Litigation Trustee shall have no liability for the outcome of any such decision except for any damages caused by gross negligence, willful misconduct, or knowing violation of law.

(d)        Relationship.  This Litigation Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee or the Litigation Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint ventures.  The relationship of the Litigation Trust Beneficiaries to the Litigation Trust and the Litigation Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Litigation Trust Agreement.

1.5        Incorporation of the Plan, Global Settlement Term Sheet, and Committee Settlement.

Both (i) the Plan (including the Global Settlement Term Sheet) and (ii) to the extent not superseded by the Plan (including the Global Settlement Term Sheet), the Final DIP Order (including the Committee Settlement) are hereby incorporated into this Litigation Trust Agreement and made a part hereof by this reference; *provided, however*, to the extent that there is a conflict between the provisions of the Litigation Trust Agreement and the Final DIP Order (including the Committee Settlement), the Plan (including the Global Settlement Term Sheet), or the Confirmation Order, the terms of the Confirmation Order shall control.

1.6        Appointment as Representative.

Upon the Effective Date, the Litigation Trustee is appointed as the duly appointed representative of the Debtors and their estates with respect to the Litigation Trust Assets, and, as

6

such, upon such appointment, the Litigation Trustee succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution of the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries.

    1.7    <u>Reservation of Rights Regarding Litigation Trust Causes of Action</u>.

        **No Entity may rely on the absence of a specific reference in the Plan or the Plan Supplement to any Litigation Trust Cause of Action against them as any indication that the Litigation Trust will not pursue any and all available Litigation Trust Causes of Action against them. The Litigation Trust expressly reserves all rights to prosecute any and all Litigation Trust Causes of Action against any Entity, except as otherwise provided in the Plan or an order of the Bankruptcy Court.** Unless a specific Litigation Trust Cause of Action against an Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Bankruptcy Court, the Litigation Trust expressly reserves such Litigation Trust Causes of Action for later adjudication.

<div align="center">ARTICLE 2</div>

<div align="center">LITIGATION TRUST INTERESTS</div>

    2.1    <u>Allocation of Litigation Trust Interests</u>.

        As of the Effective Date, the Litigation Trust shall be authorized to make distributions of Litigation Trust Interests to Litigation Trust Beneficiaries in accordance with the Plan (including the Global Settlement Term Sheet) and the Confirmation Order. The distribution of the Litigation Trust Interests shall be accomplished as and when determined by the Litigation Trustee in consultation with the Litigation Trust Oversight Board. The aggregate number and face value of the Class A Litigation Trust Interests to be distributed to holders of allowed General Unsecured Claims on a *pro rata* basis or Class B Litigation Trust Interests to be distributed to holders of allowed Second Lien Claims on a *pro rata* basis shall be determined by the Litigation Trustee, in accordance with the Plan (including the Global Settlement Term Sheet) and the Confirmation Order.

    2.2    <u>Interests Beneficial Only</u>.

        The ownership of a Litigation Trust Interest shall not entitle any Litigation Trust Beneficiary to any title in or to the assets of the Litigation Trust as such (which title shall be vested in the Litigation Trustee) or to any right to call for a partition or division of the assets of the Litigation Trust or to require an accounting.

    2.3    <u>Evidence of Beneficial Interests</u>.

        Subject to <u>Section 2.5(c)</u> hereof, the ownership of Litigation Trust Interests when issued initially shall be represented by the recording of such ownership in an electronic book-entry system ("**Book Entry System**") maintained by either the Litigation Trust or an agent of the Litigation Trust. A Litigation Trust Beneficiary shall be deemed the "holder of record" (hereinafter "<u>holder</u>") of the Litigation Trust Interest(s) recorded in its name for purposes of all applicable United States federal and state laws, rules and regulations. The Litigation Trustee

<div align="center">7</div>

shall, upon the written request of a holder of a Litigation Trust Interest, provide reasonably adequate documentary evidence of such holder's Litigation Trust Interest, as indicated in the Book Entry System.  The expense of providing such documentation shall be borne by the requesting holder.

2.4    Securities Law Registration.

It is intended that the Litigation Trust Interests shall not constitute "securities."  If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "**Exchange Act**"), or the Investment Company Act of 1940, as amended (the "**Investment Company Act**"), then the Litigation Trustee shall take any and all actions to comply with such registration and reporting requirements, if any, and file periodic reports with the Securities and Exchange Commission (the "**SEC**").  Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Litigation Trustee from amending this Litigation Trust Agreement to make such changes as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act, or the Investment Company Act.

2.5    Transferability; Records.

(a)    The Litigation Trust Interests shall be freely negotiable and transferable to the extent provided herein and permitted by applicable securities laws.

(b)    Pursuant to the Book Entry System, the Litigation Trust shall maintain, or cause an agent of the Litigation Trust to maintain, a copy of each assignment instrument delivered to it from time to time and a register (which may be electronic) for the recordation of the names and addresses of the Litigation Trust Beneficiaries, and the amount and class of their respective Litigation Trust Interests from time to time.  Any transfer of a Litigation Trust Interest shall not be effective unless and until such transfer is recorded in the Book Entry System in accordance with the terms herein.  Subject to Section 2.5(c), the entries in the Book Entry System shall be conclusive absent manifest error, and the Litigation Trust and the Litigation Trustee shall treat each person whose name is recorded in the Book Entry System pursuant to the terms hereof as the owner of Litigation Trust Interests indicated therein for all purposes of this Litigation Trust Agreement, notwithstanding notice to the contrary.

(c)    Notwithstanding any provision to the contrary, the Litigation Trustee shall not recognize, and shall not record, any transfer of Litigation Trust Interests unless and until sufficient information regarding the sale and transferee (as reasonably determined by the Litigation Trustee) is provided using the litigation trust interest transfer form (attached hereto as **Exhibit C**, the "**Litigation Trust Interest Transfer Form**") and such Litigation Trust Interest Transfer Form and any other information requested by the Litigation Trustee is received and approved by the Litigation Trustee, including, without limitation, any tax information (including, without limitation, social security numbers or other tax identification numbers) and completed Internal Revenue Service ("**IRS**") forms as the Litigation Trustee, in its sole discretion, deems necessary or appropriate.

8

(d)     Transfers of Litigation Trust Interests shall be recorded on the Book Entry System in accordance with such practices and procedures as shall be prescribed by the Litigation Trustee under the supervision of the Litigation Trust Oversight Board, provided that the Litigation Trustee need not reflect any transfer and will give notice to such holder that no transfer has been recognized in the event the Litigation Trustee reasonably believes that such transfer (i) would constitute a violation of applicable laws or (ii) would cause the Litigation Trust to be required to register Litigation Trust Interests under, and/or to become subject to the reporting requirements of Sections 13 or 15(d) of the Exchange Act.

## ARTICLE 3

## LITIGATION TRUSTEE

3.1     <u>Net Avoidance Action Proceeds</u>.

All proceeds recovered by the Litigation Trust (or for the benefit of unsecured creditors) on account of Avoidance Actions (as defined in the Plan), net of fees and expenses expended to prosecute such Avoidance Actions (including fees paid on a contingency arrangement, any expenses of prosecuting the Litigation Trust Causes of Action or administering the Litigation Trust, including, without limitation, the costs associated with preparation of the Litigation Trust Reports (as defined below), and any taxes imposed on or with respect to such proceeds, all of which shall be deducted prior to any distribution of Net Avoidance Action Proceeds), other than proceeds from the Avoidance Actions against the YieldCos that are settled in connection with the YieldCo Avoidance Allocation, whether such Net Avoidance Actions Proceeds are recovered pursuant to the successful prosecution or settlement of such Avoidance Actions (the "**Net Avoidance Action Proceeds**") shall be added to the Litigation Trust Assets and held as part thereof (and to which title shall be vested in the Litigation Trustee).

3.2     <u>Collection of Income</u>.

The Litigation Trustee shall collect all income earned with respect to the Litigation Trust Assets, which shall thereupon become Litigation Trust Assets and held as a part of the Litigation Trust (and which title shall be vested in the Litigation Trust).

3.3     <u>Funding and Payment of Litigation Trust Expenses</u>.

(a)     The Litigation Trustee shall maintain a litigation expense fund (the "**Litigation Expense Fund**") in an amount (i) as is reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during litigation, (ii) to pay reasonable administrative expenses (including but not limited to, the costs and expenses of the Litigation Trustee (including reasonable fees, costs, and expenses of professionals), any taxes imposed on the Litigation Trust or fees and expenses in connection with, arising out of or related to the Litigation Trust Assets), and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with this Litigation Trust Agreement.  The amounts held in the Litigation Expense Fund shall be subject to periodic review by the Litigation Trust Oversight Board.

9

(b)    The Litigation Expense Fund shall initially be funded from the Litigation Trust Initial Cash Assets and, thereafter, from any other Litigation Trust Assets.  Accordingly, the Litigation Trustee may retain from the Net Avoidance Action Proceeds and proceeds of other Litigation Trust Causes of Action and add to the Litigation Expense Fund such amounts as the Litigation Trustee deems reasonable and appropriate to ensure that the Litigation Expense Fund will be adequate to meet the expenses and liabilities described in subsection (a) of this Section.

3.4    Distributions.

The Litigation Trustee shall distribute the net distributable assets of the Litigation Trust to the Litigation Trust Beneficiaries in accordance with the provisions of Article 6.

3.5    Tenure, Removal, and Replacement of Litigation Trustee.

(a)    The Litigation Trustee shall serve for three (3) years, until resignation and the appointment of a successor pursuant to subsection (b) below, removal pursuant to subsection (c) below, or death (if applicable).  The Litigation Trust Oversight Board shall be authorized to extend the term of the Litigation Trustee.

(b)    The Litigation Trustee may resign by giving not less than sixty (60) days' prior written notice to the Litigation Trust Oversight Board, with a copy to counsel for the holders of Class B Litigation Trust Interests.  Such resignation shall become effective on the later to occur of: (i) the day specified in such notice and (ii) the appointment of a successor trustee as provided herein and the acceptance by such successor trustee of such appointment.  If a successor trustee is not appointed or does not accept its appointment within sixty (60) days following delivery of notice of resignation, the Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and hearing, for the appointment of a successor trustee.

(c)    The Litigation Trustee may be removed by the affirmative vote of the majority of Litigation Trust Oversight Board by written consent or at the meeting of the Litigation Trust Oversight Board called for the purpose of removing the Litigation Trustee.  Such removal shall become effective on the date action is taken by the Litigation Trust Oversight Board.

(d)    In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation pursuant to Section 3.5(b) hereof, or removal of the Litigation Trustee pursuant to Section 3.5(c) hereof, the Litigation Trust Oversight Board may appoint a successor Litigation Trustee subject to the requirement that any successor Litigation Trustee be a "United States person" within the meaning of Section 7701(a)(30) of the IRC.  Such appointment shall specify the date on which such appointment shall be effective.  Notice of the appointment of a successor Litigation Trustee shall be filed with the Bankruptcy Court.

(e)    Immediately upon the appointment of any successor Litigation Trustee, all rights, powers, duties, authority, and privileges of the predecessor Litigation Trustee hereunder shall be vested in and undertaken by the successor trustee without any further act.  The successor Litigation Trustee shall not be liable personally for any act of the predecessor Litigation Trustee.

WEIL:\96171021\23\76491.0003

(f)    Upon the appointment of a successor Litigation Trustee, the predecessor Litigation Trustee (or the duly appointed legal representative of a deceased Litigation Trustee) shall, if applicable, when requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Litigation Trustee, all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee, and shall duly assign, transfer, and deliver to such successor Litigation Trustee all property and money held hereunder, and all other assets and documents relating to the Litigation Trust, the Litigation Trust Assets, or the Litigation Trust Interests then in its possession and held hereunder.

(g)    The appointment of a successor Litigation Trustee will be evidenced by the successor Litigation Trustee's filing with the Bankruptcy Court of a notice of appointment, which notice will include the name, address, and telephone number of the successor Litigation Trustee.

3.6    Acceptance of Appointment by Successor Litigation Trustee.

Any successor Litigation Trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Litigation Trustee hereunder and thereupon the successor Litigation Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of its predecessor in the Litigation Trust hereunder with like effect as if originally named herein.

3.7    Role of Litigation Trustee.

In furtherance of and consistent with the purpose of the Litigation Trust, the Litigation Trustee shall have the power to (i) prosecute, compromise and settle, abandon, assign, or dismiss for the benefit of the Litigation Trust Beneficiaries all claims, rights, and causes of action transferred to the Litigation Trust (whether such suits are brought in the name of the Litigation Trustee or otherwise), and (ii) otherwise perform the functions and take the actions provided or permitted in this Litigation Trust Agreement, subject to the terms and conditions contained herein (including approval by the majority of the Litigation Trust Oversight Board for actions related to Litigation Trust Assets involving asserted Claims of $1,000,000 or more, as described in Section 2.1(c)).  In all circumstances, the Litigation Trustee shall act in the best interests of all the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust.

3.8    Authority of Litigation Trustee.

Subject to any limitations contained herein, in the Plan, the Confirmation Order, or the Global Settlement Term Sheet, the Litigation Trustee shall have the following powers and authorities:

(a)    hold legal title to any and all rights of the holders of the Litigation Trust Interests in or arising from the Litigation Trust Assets, including, without limitation, collecting and receiving any and all money and other property belonging to the Litigation Trust and the right to vote any claim or interest relating to a Litigation Trust Asset in a case under the Bankruptcy Code and receive any distribution thereon;

11

(b)    perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling causes of action, enforcing contracts or asserting claims, defenses, offsets and privileges, but only as such duties and powers relate to the Litigation Trust Assets;

(c)    protect and enforce the rights to the Litigation Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(d)    obtain (with the Litigation Expense Fund) reasonable insurance coverage with respect to the liabilities and obligations of the Litigation Trustee and the Litigation Trust Oversight Board under this Litigation Trust Agreement (in the form of an errors and omissions policy or otherwise);

(e)    obtain (with the Litigation Expense Fund) insurance coverage with respect to real and personal property that may become assets of the Litigation Trust, if any;

(f)    retain and pay out of the Net Avoidance Action Proceeds such counsel and other professionals, including, without limitation, any professionals previously retained by the Creditors' Committee, as the Litigation Trustee shall select to assist the Litigation Trustee in its duties, on such terms as the Litigation Trustee deems reasonable and appropriate, without Bankruptcy Court approval; the Litigation Trustee may commit the Litigation Trust to and shall pay such counsel and other professionals reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred pursuant to the Approval Procedures; *provided, that* the Litigation Trustee shall file a notice summarizing the key terms of any retention (including the economic terms thereof) regarding the retention of any such advisors on a contingency fee basis (other than the Litigation Trustee) (each such notice, a "**Contingency Fee Advisor Retention Notice**") on the docket of the Bankruptcy Court and, following the filing of any Contingency Fee Advisor Retention Notice, at the request of any of the holders of Class B Litigation Trust Interests (or their advisor at the instruction of a holder), the Litigation Trustee shall provide additional information regarding the proposed contingency fee engagement (including the actual engagement letter on a confidential basis, if so requested).

(g)    retain and pay out of the Litigation Trust Expense Fund an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be required by the SEC and applicable securities laws and as may be reasonable and appropriate in the Litigation Trustee's discretion and to prepare and file any tax returns, information returns, or periodic or current reports as required by applicable securities laws, for the Litigation Trust as may be required; the Litigation Trustee may commit the Litigation Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(h)    retain and pay out of the Net Avoidance Action Proceeds such third parties to assist the Litigation Trustee in carrying out its powers and duties under this Litigation Trust Agreement; the Litigation Trustee may commit the Litigation Trust to and shall pay all such

12

persons or entities reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred pursuant to the Approval Procedures, as well as commit the Litigation Trust to indemnify any such parties in connection with the performance of services (provided that such indemnity shall not cover any losses, costs, damages, expenses or liabilities that result from the recklessness, gross negligence, willful misconduct, or knowing violation of law by such party);

        (i)     subject to section 1.2(e), waive any privilege or any defense on behalf of the Litigation Trust or the Debtors, as applicable, with respect to the Litigation Trust Assets;

        (j)     compromise, adjust, arbitrate, sue on or defend, pursue, prosecute, abandon, exercise rights, powers, and privileges with respect to, or otherwise deal with and settle, in accordance with the terms set forth herein, the Litigation Trust Assets;

        (k)     with respect to the Litigation Trust Causes of Action, commence actions to avoid and recover transfers of the Debtors' property as permitted by the Plan and as may be permitted by the Bankruptcy Code or applicable state law;

        (l)     invest any moneys held as part of the Litigation Trust in accordance with the terms of Section 3.15 hereof;

        (m)     exercise all of the powers and authorities of the Litigation Trustee contained in Article 5 hereof;

        (n)     subject to applicable securities laws, if any, establish and maintain a website for the purpose of providing notice of Litigation Trust activities in lieu of sending written notice to holders of Litigation Trust Interests, subject to providing notice of such website to such holders;

        (o)     seek the examination of any entity, subject to the provisions of the Federal Rules of Evidence or any other applicable law or rule; and

        (p)     take or refrain from taking any and all other actions that the Litigation Trustee, reasonably deems necessary or convenient for the continuation, protection and maximization of the Litigation Trust Assets or to carry out the purposes hereof.

    3.9     Limitation of Litigation Trustee's Authority.

        The Litigation Trustee shall, on behalf of the Litigation Trust, hold the Litigation Trust out as a trust in the process of liquidation and not as an investment company. Notwithstanding anything herein to the contrary, the Litigation Trustee shall not (i) be authorized to engage in any trade or business, (ii) take such actions inconsistent with the orderly liquidation of the assets of the Litigation Trust as are required or contemplated by applicable law, the Final DIP Order, the Plan, the Confirmation Order, and this Litigation Trust Agreement, or (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Litigation Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

WEIL:\96171021\23\76491.0003

3.10    Books and Records.

The Litigation Trustee shall maintain books and records relating to the Litigation Trust Assets and income of the Litigation Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof.  Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting and securities law requirements of the Litigation Trust.  Nothing in this Litigation Trust Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the assets of the Litigation Trust.

3.11    Inquiries into Trustee's Authority.

Except as otherwise set forth in the Litigation Trust Agreement, no Person dealing with the Litigation Trust shall be obligated to inquire into the authority of the Litigation Trustee in connection with the protection, conservation, or disposition of the Litigation Trust Assets.

3.12    Compliance with Laws.

Any and all distributions of assets of the Litigation Trust and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws.

3.13    Compensation of Litigation Trustee.

The Litigation Trustee shall be reasonably compensated out of the Litigation Trust Expense Fund or the Net Avoidance Action Proceeds for its services, and reimbursed out of the Litigation Trust Initial Cash Assets or the Net Avoidance Action Proceeds for its reasonable expenses in accordance with the compensation schedule attached hereto as **Exhibit D** (the "**Trustee Compensation Schedule**") approved by the Creditors' Committee, subject to the approval of the Bankruptcy Court prior to the entry of the Confirmation Order.  The terms of the Litigation Trustee's engagement shall include a monthly compensation arrangement for the first two (2) years of the engagement (with the Litigation Trustee having the ability to reasonably negotiate for further monthly compensation thereafter, subject to the approval of the Non-Trustee Oversight Board Members) and tiered contingent compensation arrangement for Net Avoidance Action Proceeds collected in accordance with the terms of the Trustee Compensation Schedule.

3.14    Reliance by Litigation Trustee.

Except as otherwise provided herein:

(a)    the Litigation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties; and

14

(b)     Persons dealing with the Litigation Trustee shall look only to the Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to such Person in carrying out the terms of this Litigation Trust Agreement, and the Litigation Trustee shall not have any personal obligation to satisfy any such liability.

3.15    <u>Investment and Safekeeping of Litigation Trust Assets</u>.

The Litigation Trustee shall invest all Cash assets transferred to the Litigation Trust, all Net Avoidance Action Proceeds, the Litigation Expense Fund, and all income earned by the Litigation Trust only in cash, cash equivalents, U.S. Treasury securities, money market investments, and similar investments; *provided, however*, that (a) the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the guidelines of the IRS, whether set forth in IRS rulings, other IRS pronouncements or otherwise and (b) the Litigation Trustee may retain any Net Avoidance Action Proceeds received that are not cash only for so long as may be required for the prompt and orderly liquidation of such assets in cash.

3.16    <u>Standard of Care; Exculpation</u>.

Neither the Litigation Trustee nor any of its duly designated agents or representatives or professionals shall be liable for any act or omission taken or omitted to be taken by the Litigation Trustee in good faith, other than acts or omissions resulting from the Litigation Trustee's own gross negligence, recklessness, willful misconduct, or knowing violation of law.  The Litigation Trustee may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons.  Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with its attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the Litigation Trustee, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

3.17    <u>Restriction as to Subsidiaries</u>.

The Litigation Trust shall not hold 50% or more of the stock (in either vote or value) of any entity that is treated as a corporation for U.S. federal income tax purposes, nor be the sole member of a limited liability company, nor have any interest in an entity that is treated as a partnership for U.S. federal income tax purposes, unless such stock, membership interest, or partnership interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the assets of the Litigation Trust.

ARTICLE 4

LITIGATION TRUST OVERSIGHT BOARD

4.1     Litigation Trust Oversight Board.

At all times during the existence of the Litigation Trust, there shall be a three-member Litigation Trust Oversight Board, which shall consist of (i) two (2) Non-Trustee Oversight Board Members and (ii) the Litigation Trustee, *provided*, *that* the remaining members of the Litigation Trust Oversight Board Members may elect to not fill a Non-Trustee Oversight Board Member vacancy pursuant to Section 4.2 of this Litigation Trust Agreement.  On the Effective Date, the Litigation Trust Oversight Board shall become effective and shall consist of the Original Trustee, Mr. Robert Egan, a designee of Flextronics Industrial Ltd., and Mr. Neal Goldman, a designee representing the interests of the Convertible Senior Noteholders.  The Litigation Trust Oversight Board Members shall owe fiduciary duties to the Litigation Trust Beneficiaries.  Upon appointment, the Litigation Trust Oversight Board shall have the rights, powers, and duties described herein and shall have such other rights to operate and manage the Litigation Trust as are not inconsistent with the terms of this Litigation Trust Agreement.

4.2     Authority of Litigation Trust Oversight Board.

The Litigation Trust Oversight Board shall have the authority and responsibility to (i) oversee, review, and guide the activities and performance of the Litigation Trustee (ii) approve, by a majority vote, the prosecution, compromise and settlement, abandonment, dismissal, or assignment of Litigation Trust Causes of Action relating to asserted Claims of $1,000,000.00 or more; (iii) remove the Litigation Trustee in accordance with the provisions of Article 3 herein; (iv) adjust the minimum threshold value for the settlement or other resolution of Claims subject to its approval as set forth in section (ii) of this provision; (v) fill any Non-Trustee Oversight Board Member vacancy on the Litigation Trust Oversight Board or elect not to fill such vacancy; and (vi) act in a manner consistent with such other rights, powers, and duties described in this Litigation Trust Agreement.  The Litigation Trustee shall consult with and provide information to the Litigation Trust Oversight Board in accordance with and pursuant to the terms of this Litigation Trust Agreement, the Plan (including the Global Settlement Term Sheet), and the Confirmation Order.  The Litigation Trust Oversight Board shall have the authority to select and engage such Persons, and select and engage such professional advisors, in accordance with the Plan (including the Global Settlement Term Sheet), the Confirmation Order, and this Litigation Trust Agreement as the Litigation Trust Oversight Board deems necessary and desirable to assist the Litigation Trust Oversight Board in fulfilling its obligations under this Litigation Trust Agreement, and the Litigation Trustee shall pay, out of the Net Avoidance Action Proceeds or the Litigation Trust Initial Cash Assets, the reasonable fees of such Persons (including on an hourly, contingency, or modified contingency basis) and reimburse such Persons for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of this Litigation Trust Agreement.

16

4.3    Regular Meetings of Litigation Trustee and Litigation Trust Oversight Board.

Meetings of the Litigation Trustee and the Litigation Trust Oversight Board are to be held with such frequency and at such place as the Litigation Trust Oversight Board may determine in its sole discretion, but in no event shall such meetings be held less frequently than quarterly.

4.4    Special Meetings of Litigation Trustee and Litigation Trust Oversight Board.

Special meetings of the Litigation Trustee and the Litigation Trust Oversight Board may be held whenever and wherever called for by the Litigation Trustee or at least two members of the Litigation Trust Oversight Board.

4.5    Notice of and Waiver of Notice for, Litigation Trustee and Litigation Trust Oversight Board.

Notice of the time and place (but not necessarily the purpose or all of the purposes) of any regular or special meeting shall be given to the Litigation Trustee and the members of the Litigation Trust Oversight Board in person or by telephone, or via email or electronic mail.  Notice to the Litigation Trustee and the members of the Litigation Trust Oversight Board of any such special meeting shall be deemed given sufficiently in advance when (i) if given by mail, the same is deposited in the United States mail at least ten (10) calendar days before the meeting date, with postage thereon prepaid, (ii) if given by electronic mail, the same is transmitted at least three (3) Business Days prior to the convening of the meeting (to the extent reasonably possible), or (iii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the Litigation Trustee and the members of the Litigation Trust Oversight Board or to an adult member of his/her office staff or household, at least one (1) Business Day prior to the convening of the meeting.  The Litigation Trustee and any member of the Litigation Trust Oversight Board may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is held, as provided by law.  Except as provided in the next sentence below, the waiver must be in writing, signed by the Litigation Trustee or the applicable member or members of the Litigation Trust Oversight Board entitled to the notice, and filed with the minutes or records of the Litigation Trust.  The attendance of the Litigation Trustee or a member of the Litigation Trust Oversight Board at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

4.6    Manner of Acting.

(a)    A majority of the total number of members of the Litigation Trust Oversight Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trust Oversight Board.  The affirmative vote of a majority of the members of the Litigation Trust Oversight Board present and entitled to vote at a meeting at which a quorum is present shall be the act of the Litigation Trust Oversight Board except as otherwise required by law or as provided in this Litigation Trust Oversight Board.  In the event

17

that a vote of the Litigation Trust Oversight Board taken at a meeting at which a quorum is present results in a tie, the vote of the Litigation Trustee shall determine whether the proposed action is approved by the Litigation Trust Oversight Board.  The Litigation Trust Oversight Board may also take action by written consent in accordance with <u>Section 4.7</u> hereof.

(b)    Any or all of the members of the Litigation Trust Oversight Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof.  The Litigation Trustee or any member of the Litigation Trust Oversight Board participating in a meeting by this means is deemed to be present in person at the meeting.  Voting may, if approved by the majority of the members at a meeting, be conducted by electronic mail or individual communications by the Litigation Trustee and each member of the Litigation Trust Oversight Board.

(c)    Any member of the Litigation Trust Oversight Board who is present and entitled to vote at a meeting of the Litigation Trust Oversight Board when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Oversight Board unless: (i) such member of the Litigation Trust Oversight Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic transmission) of his/her dissent or abstention to the Litigation Trust Oversight Board before its adjournment.  The right of dissent or abstention is not available to any member of the Litigation Trust Oversight Board who votes in favor of the action taken.

(d)    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Litigation Trust Oversight Board shall report to the Litigation Trust Oversight Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a Litigation Trust Beneficiary).  A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (however such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Trust Oversight Board who are not "conflicted members."

4.7    <u>Litigation Trust Oversight Board's Action without a Meeting</u>.

Any action required or permitted to be taken by the Litigation Trust Oversight Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Oversight Board as evidenced by one or more written consents describing the action taken, signed by all members of the Litigation Trust Oversight Board and

18

recorded in the minutes or other transcript of proceedings of the Litigation Trust Oversight Board and the required notice of meeting has been given in accordance with Section 4.5 hereof.

       4.8     Tenure, Removal and Replacement of Non-Trustee Oversight Board Members.

       The authority of the Non-Trustee Oversight Board Members shall be effective as of the Effective Date and shall remain and continue in full force and effect until the Litigation Trust is terminated in accordance with Section 10.1 hereof.  The service of the members of the Non-Trustee Oversight Board Members shall be subject to the following:

       (a)     The Non-Trustee Oversight Board Members will serve for five (5) years (subject to extension of such term by a majority vote of the Litigation Trust Oversight Board if the term of the Litigation Trust is extended beyond its original five (5) year term), until death or resignation pursuant to subsection (b) below or removal pursuant to subsection (c) below.

       (b)     A Non-Trustee Oversight Board Member may resign at any time by providing a written notice of resignation to the remaining members of the Litigation Trust Oversight Board.  Any Non-Trustee Oversight Board Member who resigns shall continue to serve until the earlier of (i) the appointment of his or her successor; (ii) a determination by a majority of the remaining Litigation Trust Oversight Board Members to not fill the vacancy created by the resigning Non-Trustee Oversight Board Member; and (iii) ninety (90) days after the delivery of such written notice.

       (c)     A Non-Trustee Oversight Board Member may be removed by the majority vote of the other members of the Litigation Trust Oversight Board, written resolution of which shall be delivered to the removed Litigation Trust Oversight Board member; provided, however, that such removal may only be made for Cause.  For purposes of this Section 4.8(c), "Cause" shall be defined as:  (i) such Litigation Trust Oversight Board member's theft or embezzlement or attempted theft or embezzlement of money or tangible or intangible assets or property; (ii) such Litigation Trust Oversight Board member's violation of any law (whether foreign or domestic), which results in a felony indictment or similar judicial proceeding; (iii) such Litigation Trust Oversight Board member's recklessness, gross negligence, willful misconduct, or knowing violation of law, in the performance of his or her duties; or (iv) such Litigation Trust Oversight Board member's failure to perform any of his or her other material duties under this Litigation Trust Agreement (including the regular attendance at meetings); *provided*, *however*, that such Litigation Trust Oversight Board member shall have been given a reasonable period to cure any alleged cause under clause (iii) (other than willful misconduct or violation of law that results in a felony indictment or similar judicial proceeding) and clause (iv).

       (d)     In the event of a vacancy on the Litigation Trust Oversight Board due to the removal, death, or resignation of a Non-Trustee Oversight Board Member, a new member may be appointed to fill such position by the remaining members of the Litigation Trust Oversight Board.  In the event that there are no remaining members of the Litigation Trust Oversight Board, appointments to fill such vacancies that would have been made by the remaining members of the Litigation Trust Oversight Board shall be made upon an order entered after an opportunity for a hearing by the Bankruptcy Court, upon motion of the Litigation Trustee.  Successor members appointed to be Non-Trustee Oversight Board Members must

satisfy the requirement that a majority of the Litigation Trust Oversight Board Members be "United States persons" within the meaning of Section 7701(a)(30) of the IRC.

(e)    Immediately upon the appointment of any successor member of the Litigation Trust Oversight Board, all rights, powers, duties, authority, and privileges of the predecessor member of the Litigation Trust Oversight Board hereunder shall be vested in and undertaken by the successor member of the Litigation Trust Oversight Board without any further act; and the successor member of the Litigation Trust Oversight Board shall not be liable personally for any act or omission of the predecessor member of the Litigation Trust Oversight Board.

(f) The appointment of a successor member of the Litigation Trust Oversight Board shall be evidenced by the Litigation Trustee's filing with the Bankruptcy Court of a notice of appointment, which notice shall include the name, address, and telephone number of the successor member of the Litigation Trust Oversight Board.

4.9    Compensation of Litigation Trust Oversight Board.

Each Non-Trustee Oversight Board Member of the Litigation Trust Oversight Board shall be paid, by the Litigation Trust out of the Litigation Trust Expense Fund, (i) the amount of $25,000 annually as compensation for performance of its duties and services hereunder (all such duties or services are referred to herein as the "**Duties**") and reasonable out-of-pocket expenses related to the Duties, and (ii) reimbursement from the Litigation Trust for reasonable, documented out-of-pocket expenses incurred in the performance of such member's Duties.  For the avoidance of doubt, Non-Trustee Oversight Board Members shall not be entitled to reimbursement of expenses incurred relating to their own attorneys or professionals.

4.10    Standard of Care; Exculpation.

None of the Litigation Trust Oversight Board, its members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable for the act or omission of any other member, agent or representative of the Litigation Trust Oversight Board, nor shall the Litigation Trust Oversight Board or any of its members be liable for any act or omission taken or omitted to be taken by the Litigation Trust Oversight Board in good faith, other than acts or omissions resulting from such person's own gross negligence, recklessness, willful misconduct, or knowing violation of law.  The Litigation Trust Oversight Board and each of its members may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons.  Notwithstanding such authority, neither the Litigation Trust Oversight Board nor any of its members shall be under any obligation to consult with its attorneys, accountants, financial advisors or agents, and its determination not to do so shall not result in the imposition of liability on the Litigation Trust Oversight Board or, as applicable, its members or designees, unless such determination is shown to have been made in bad faith based on gross negligence, willful misconduct, or knowing violation of law.

20

4.11    Limitation of Litigation Trust Oversight Board's Authority.

Notwithstanding anything herein to the contrary, the Litigation Trust Oversight Board shall not (i) be authorized to engaged in any trade or business; (ii) take any action inconsistent with the orderly liquidation of the assets of the Litigation Trust as is required or contemplated by applicable law, the Final DIP Order, this Litigation Trust Agreement, the Confirmation Order, or the Plan; or (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Litigation Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

<div align="center">

ARTICLE 5

TAX MATTERS
</div>

5.1    Tax Reporting.

(a)    Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Trustee) and Section 5.1(d), the Litigation Trust shall be treated as a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and thus as a "grantor trust" within the meaning of Sections 671 through 677 of the IRC, and all parties to the Litigation Trust (including, without limitation, the Litigation Trustee, the Debtors, the Reorganized Debtors, and the Liquidating Trust Beneficiaries) shall report consistently therewith for U.S. federal income tax purposes.  Accordingly, for U.S. federal income tax purposes, the Litigation Trust Assets shall be treated by all parties as (i) having been distributed (subject to any obligations relating to such assets) by the Debtors to the Litigation Trust Beneficiaries (other than any assets allocable to the GUC Disputed Claims Reserve) in satisfaction of Allowed General Unsecured Claims and in partial satisfaction of Allowed Second Lien Claims and (ii) immediately thereafter contributed by the holder of such Claims to the Litigation Trust in exchange for Litigation Trust Interests.  Accordingly, the Litigation Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Litigation Trust Assets (other than such Litigation Trust Assets that are allocable to the GUC Disputed Claims Reserve).  The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local tax purposes.

(b)    As soon as practicable after the Effective Date, (i) the Litigation Trustee, in consultation with the Litigation Trust Oversight Board and the Reorganized Debtors, shall determine the fair market value as of the Effective Date of all Litigation Trust Assets, and such determined fair market value shall be used consistently by all parties to the Litigation Trust Agreement (including the Reorganized Debtors, the Litigation Trustee, and the Litigation Trust Beneficiaries) for all U.S. federal income tax purposes, and (ii) the Litigation Trustee shall make such valuation available from time to time to all parties to the Litigation Trust, to the extent relevant to such parties for tax purposes.

<div align="center">21</div>

(c)        The Litigation Trustee shall file returns for the Litigation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and in accordance with this Article 5.  The Litigation Trustee shall, in its discretion, make any applicable tax elections on behalf of the Litigation Trust.  The Litigation Trustee shall annually send to each Litigation Trust Beneficiary a separate statement setting forth such Litigation Trust Beneficiary's share of items of income, gain, loss, deduction, or credit, in accordance with applicable Treasury Regulations and Rev. Proc. 94-45, 1994-2 C.B. 684, file (or cause to be filed) any other statements, returns (including any information returns) or disclosures relating to the Litigation Trust that is required by any governmental authority or applicable law, and pay taxes, if any, properly payable by the Litigation Trust.

(d)        Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Trustee), the Litigation Trustee shall (i) timely elect to treat any Litigation Trust Assets allocable to, or retained on account of, the GUC Disputed Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation Section 1.468B-9, and (ii) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  All parties to the Litigation Trust Agreement (including the Litigation Trustee, the Reorganized Debtors and the Litigation Trust Beneficiaries) shall report for U.S. federal, state and local income tax purposes consistently with the foregoing.

(e)        The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust, including the GUC Disputed Claims Reserve, under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the dissolution of the Litigation Trust.

5.2        Trust Taxable Income; Allocations.

(a)        Subject to Section 5.2(c) hereof, all Litigation Trust earnings shall be taxable to the Litigation Trust Beneficiaries.

(b)        Subject to Section 5.2(c) hereof, allocations of Litigation Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed if, immediately prior to such deemed distribution, the Litigation Trust had distributed all of its other assets (valued for this purpose at their tax book value) to the Litigation Trust Beneficiaries, taking into account all prior and concurrent distributions from the Litigation Trust (including all distributions held in the GUC Disputed Claims Reserve).  Similarly, taxable loss of the Litigation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the Litigation Trust.  The tax book value of the Litigation Trust Assets for this purpose shall equal their fair market value upon the Effective Date, adjusted in either case in accordance with tax accounting principles prescribed by the IRC, the regulations and other applicable administrative and judicial authorities and pronouncements.

22

(c)      The Litigation Trustee shall be responsible for payment, out of the Litigation Trust Assets, of any taxes imposed on the Litigation Trust or its assets, including the GUC Disputed Claims Reserve (in the latter instance, first out of any Cash allocable to, or retained on account of, the Disputed Claim to which such tax relates), including any income that may arise upon the distribution of the assets from the GUC Disputed Claims Reserve.  In the event, and to the extent, any Cash retained on account of a Disputed Claim is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of such claim such that such portion of the taxes is paid (in whole or in part) from other available Cash, such other cash sources shall be (i) reimbursed from any subsequent Cash amounts retained on account of such claim, or (ii) to the extent such claim has subsequently been resolved, deducted from any amounts otherwise distributable by the Litigation Trustee as a result of the resolution of such claim.

5.3      Withholding.

The Litigation Trustee may withhold and pay to the appropriate taxing authority all amounts required to be withheld pursuant to the IRC or any provision of any foreign, state, or local tax law with respect to any payment or distribution by the Litigation Trust to or any amounts received or earned by the Litigation Trust (including with respect to Net Avoidance Action Proceeds) distributable or allocable to the Litigation Trust Beneficiaries (including beneficiaries that are not "United States persons" within the meaning of the IRC).  The Litigation Trustee may effect any withholding with respect to a Litigation Trust Beneficiary by reducing the amount currently or subsequently distributable to such beneficiary by the amount withheld.  All such amounts withheld from distributions and paid to the appropriate taxing authority shall be treated as amounts distributed to such Litigation Trust Beneficiaries for all purposes of this Litigation Trust Agreement.  The Litigation Trustee shall be authorized to collect such tax information from the Litigation Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as, in its sole discretion, the Litigation Trustee deems necessary to effectuate this Litigation Trust Agreement, the Plan (including the Global Settlement Term Sheet), or the Confirmation Order.  In order to receive distributions pursuant to this Litigation Trust Agreement, all Litigation Trust Beneficiaries shall be required to identify themselves to the Litigation Trustee and provide tax information and the specifics of their holdings, to the extent the Litigation Trustee deems appropriate in the manner and in accordance with the procedures from time to time established by the Litigation Trustee for these purposes.  This identification requirement generally applies to all holders, including those who hold their claims in "street name."  The Litigation Trustee may refuse to make a distribution to any Liquidation Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered, and may treat such beneficiary's Litigation Trust Interests as in respect of a Disputed Claim and, in the event such information is not received within one year of being first requested, may treat such beneficiary's Litigation Trust Interests as forfeited; *provided, however*, that, upon the delivery of such information by a Litigation Trust Beneficiary within one year of being so requested, the Litigation Trustee shall make such distribution to which the Litigation Trust Beneficiary is entitled, without additional interest occasioned by such beneficiary's delay in providing tax information; and, *provided*, *further* that, if the Litigation Trustee fails to withhold in respect of amounts received or distributable with respect to any such beneficiary and the Litigation Trustee is later held liable for the amount of such withholding,

23

such beneficiary shall reimburse the Litigation Trustee for such liability (to the extent such amounts were actually distributed to such beneficiary).

ARTICLE 6

DISTRIBUTIONS

6.1     Effective Date Distributions and Initial Cash Distribution.

(a)     On the Effective Date, or as soon as practicable thereafter, the Litigation Trustee shall:

(i)     arrange for the distribution of Litigation Trust Interests; and

(ii)     pay $2,000,000.00 of Cash from the Litigation Trust to the Convertible Senior Notes Indenture Trustee as partial payment of its fees and expenses incurred in connection with the Chapter 11 Cases (the "**Effective Date BOKF Professional Fees Distribution**").

(b)     The Litigation Trustee, subject to the determination of the Litigation Trustee as to any holdback necessary to fund or maintain the GUC Disputed Claims Reserve (pursuant to Section 6.6 hereof) and the Litigation Expense Fund (in consultation with the Litigation Trust Oversight Board) and subject to Section 6.1(c) herein, shall make an initial distribution (the "**Initial Cash Distribution**") of all remaining available Cash to holders of Class A Litigation Trust Interests within sixty (60) days of the Effective Date; *provided, however*, (i) in no event shall the Initial Cash Distribution be less than fifty percent (50%) of Litigation Trust Initial Cash Assets, and (ii) the Trustee shall not make the Initial Cash Distribution until at least thirty (30) days after the date that the Convertible Senior Notes Indenture Trustee provides the certification required by Section 6.1(c).

(c)     On or before the date that is five (5) days after the Effective Date, the Convertible Senior Notes Indenture Trustee shall  (i) certify to the Litigation Trustee and (ii) provide notice through DTC to the Convertible Senior Noteholders of the amount of any outstanding and estimated costs, fees, and expenses that may be properly charged against any distribution to the Convertible Senior Noteholders pursuant to the terms of the Convertible Senior Notes Indentures (the "**Outstanding Indenture Trustee Fees and Expenses**") which amount, for the avoidance of doubt, shall be net of the Effective Date BOKF Professional Fees Distribution. Provided that there is no temporary restraining order or injunction then in effect with respect to payment of the Outstanding Indenture Trustee Fees and Expenses, on the date of the Initial Cash Distribution the Litigation Trustee shall first pay the Outstanding Indenture Trustee Fees and Expenses to (and in the amount certified by) the Convertible Senior Notes Indenture Trustee from the Initial Cash Distribution on account of the Class A Litigation Trust Interests held by the Convertible Senior Noteholders; [provided, that if the amount of the Initial Cash Distribution to be distributed to Convertible Senior Noteholders (or their assignees) on account of their Class A Litigation Trust Interests is less than the Outstanding Indenture Trustee Fees and Expenses, then all Cash otherwise distributable to Convertible Senior Noteholders in respect of their Class A Litigation Trust Interests upon the Initial Cash Distribution shall be paid to the Convertible Senior Note Trustee in partial payment of the Outstanding Indenture Trustee

24

Fees and Expenses. Until the Outstanding Indenture Trustee Fees and Expenses are paid in full to the Senior Convertible Notes Indenture Trustee, the Senior Convertible Notes Indenture Trustee shall be paid on a priority basis from cash distributions otherwise payable to the Convertible Senior Noteholders and its charging lien or priority rights from distributions shall be deemed to attach to Cash distributions upon or through the Class A Litigation Trust Interests issued or distributed in respect to the Convertible Senior Note Claims.][3] For the avoidance of doubt, the Cash distributed to the Convertible Senior Notes Indenture Trustee for the Outstanding Indenture Trustee Fees and Expenses shall be deemed to be part of the Initial Cash Distribution to Convertible Senior Noteholders (or their assignees) and shall not reduce the Initial Cash Distribution made to other Holders of General Unsecured Claims (or their assignees).

(d) The Litigation Trustee shall have no liability for, and shall be held harmless from, any claims asserted by Convertible Senior Noteholder or any other party arising from the Litigation Trustee's reliance on the certification provided by the Convertible Senior Notes Indenture Trustee pursuant to Section 6.1(c).

6.2    Annual Distribution.

Subsequent to the Initial Cash Distribution, the Litigation Trustee shall, on at least an annual basis and subject to the terms of the Plan and the Global Settlement Term Sheet regarding the treatment of holders Class A Litigation Trust Interests and Class B Litigation Trust Interests, (i) distribute to the holders of Class A Litigation Trust Interests and Class B Litigation Trust Interests the Net Avoidance Action Proceeds in accordance with their respective rights under the Plan and the Global Settlement Term Sheet and (ii) distribute to the holders of Class A Litigation Trust Interests all other available Cash (treating as Cash for this purpose all investments in any Section 3.15); *provided, however*, that the Litigation Trust shall retain such amounts as necessary or appropriate to maintain the GUC Disputed Claims Reserve and the Litigation Expense Fund.  Subject to and in accordance with Section 5.3 hereof, the Litigation Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement; *provided, further*, that the Litigation Trustee shall not be required to make a distribution pursuant this Section 6.2 if the aggregate, net amount of unrestricted Cash available for distribution is sufficiently small in amount as to make the distribution impracticable as reasonably determined by the Litigation Trustee, with the consent of the Litigation Trust Oversight Board, in accordance with the law.

6.3    Manner of Payment or Distribution.

(a)    All distributions made by the Litigation Trustee to or for the benefit of holders of Litigation Trust Interests shall be payable in Cash to the holders of Litigation Trust Interests of record as of the twentieth (20th) day prior to the date scheduled for the distribution, unless such day is not a business day, then such day shall be the following business day.  The

---

[3] The mechanics for payment of the Outstanding Indenture Trustee Fees and Expenses to be finalized prior to the Effective Date.

WEIL:\96171021\23\76491.0003

Litigation Trustee shall distribute such cash by wire, check, or such other method as the Litigation Trustee deems appropriate under the circumstances.

(b)      To the extent the Debtors become liable for the payment of any Claims arising under section 502(h) of the Bankruptcy Code on account of Litigation Trust Assets (including the Net Avoidance Action Proceeds), the Litigation Trustee will be responsible for making distributions on account of such claims pursuant to Section 8.2 herein.

6.4      Delivery of Litigation Trust Distributions.

All distributions under this Litigation Trust Agreement to any holder of Litigation Trust Interests shall be made at the address of such holder as set forth in the Book Entry System or at such other address or in such other manner as such holder of Litigation Trust Interests shall have specified for payment purposes in a written notice to the Litigation Trustee at least twenty (20) days prior to such distribution date. In the event that any distribution to any holder is returned as undeliverable, the Litigation Trustee shall be entitled to rely on the most current information available from the Debtors to determine the current address of such holder, but no distribution to such holder shall be made unless and until the Litigation Trustee has determined the then current address of such holder, at which time such distribution shall be made to such holder without interest; *provided, however*, that such undeliverable or unclaimed distributions shall be deemed unclaimed property at the expiration of one year from the date of distribution. The Litigation Trustee shall reallocate the undeliverable and unclaimed distributions for the benefit of all other Litigation Trust Beneficiaries holding Litigation Trust Interests in the applicable class.

6.5      Cash Distributions.

No Cash distributions shall be required to be made to any Litigation Trust Beneficiary in an amount less than $100.00. Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions. Notwithstanding the foregoing, all Cash shall be distributed in the final distribution of the Litigation Trust.

6.6      Disputed Claims Reserve.

(a)      From and after the Effective Date, the Litigation Trustee shall hold and maintain the GUC Disputed Claims Reserve for the benefit of the Holders of such Disputed General Unsecured Claims, including any Cash and any other Litigation Trust Assets allocable to such Disputed Claims (*i.e.*, as if such Holders had received Litigation Trust Interests on the Effective Date and such Disputed Claims had been Allowed Claims on the Effective Date), determined based on (i) the asserted amount of such Disputed Claim, (ii) such other amount as may be agreed upon by the Holder of such Disputed Claim and the Litigation Trustee or (iii) except with respect to any Disputed General Unsecured Claims asserted by Vivint Solar, Inc., such other amount as may be deemed appropriate by the Litigation Trustee in accordance with the terms of this Litigation Trust Agreement (in each case, net of any taxes imposed on, or with respect to, the GUC Disputed Claims Reserve as relates to such Claim, including in connection with such distributions).

26

(b)     Holders of Disputed Claims that become Allowed Claims after the Initial Cash Distribution Date shall receive any distributions of Cash and/or Litigation Trust Interests to which they are entitled under the Plan on the next Distribution Date; *provided*, *however*, that the Litigation Trustee may determine in its discretion (subject to the approval of the Litigation Trust Oversight Board, if necessary, pursuant to the terms of this Litigation Trust Agreement) to make an immediate distribution to the holder of such Claim.

(c)     Any taxes incurred by the Litigation Trust with respect to assets allocable to, or retained on account of, a Disputed Claim (including any taxes that would be incurred upon a distribution of such assets as a result of the resolution of the Disputed Claim) will be netted against the amounts otherwise distributable from the GUC Disputed Claims Reserve in respect of, or as a result of the resolution of, such Claim. *See also* Section 5.2(c) herein.  No assets allocable to, or retained on account of, a Disputed Claim will be released from the GUC Disputed Claims Reserve until such time as the Cash otherwise distributable as a result of the resolution of such Claim is sufficient to pay any taxes incurred or that would be incurred upon the distribution.

ARTICLE 7

INDEMNIFICATION

7.1     Indemnification of Litigation Trustee.

(a) To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, shall indemnify and hold harmless the Litigation Trustee and each of its directors, members, shareholders, partners, officers, agents, employees, attorneys and other professionals (collectively, the "**Indemnified Persons**") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does, or refrains from doing for the business or affairs of the Litigation Trust, except to the extent that the loss, cost, damage, expense or liability resulted primarily from the Indemnified Person's recklessness, gross negligence, willful misconduct, or knowing violation of the law.  To the extent reasonable, the Litigation Trust shall pay in advance or reimburse reasonable and documented out-of-pocket expenses (including advancing reasonable costs of defense) incurred by the Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Litigation Trust.

(b)     Any Indemnified Person may waive the benefits of indemnification under this Section 7.1, but only by an instrument in writing executed by such Indemnified Person.

(c)     The rights to indemnification under this Section 7.1 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution.  Nothing in this Section 7.1 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Litigation Trust Agreement, or any other agreement or instrument to which that Person is a party.

27

ARTICLE 8

NET LITIGATION TRUST RECOVERY

8.1     <u>No Effect on Mutuality</u>.

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, nothing herein shall affect the mutuality of obligations, if any, of any holder of any claim under section 553 of the Bankruptcy Code.

8.2     <u>Bankruptcy Code Section 502(h)</u>.

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, in the event that a compromise and settlement of a Litigation Trust Cause of Action or a final order with respect to a Litigation Trust Cause of Action provides for the allowance of a claim pursuant to section 502(h) of the Bankruptcy Code against one or more of the Debtors the distributions to be made on account of such claim pursuant to the Plan shall be funded by the Litigation Trust, in the amount(s), from time to time, that all similarly situated holders of claims are entitled to receive under the Plan.

8.3     <u>Net Litigation Trust Recovery</u>.

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, in the event that a defendant in a litigation brought by the Litigation Trustee for and on behalf of the Litigation Trust (i) is required by a final order to make payment to the Litigation Trust (the "**Judgment Amount**") and (ii) is permitted by a final order to assert a right of setoff under sections 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code or applicable non-bankruptcy law against the Judgment Amount (a "**Valid Setoff**"), (y) such defendant shall be obligated to pay only the excess, if any, of the Judgment Amount over the Valid Setoff and (z) none of the Litigation Trust or the holders of the Litigation Trust Interests shall be entitled to assert a claim against the Debtors with respect to the Valid Setoff.

ARTICLE 9

REPORTS TO LITIGATION TRUST BENEFICIARIES

9.1     <u>Reports</u>.

(a)     The Litigation Trustee shall cause to be prepared, as applicable, either at such times as may be required by the Exchange Act, if applicable, or, not less than semi-annually, financial statements of the Litigation Trust (the "**Litigation Trust Reports**"), to be delivered to the Litigation Trust Beneficiaries together with annual income tax reporting of the Litigation Trust.  The Litigation Trust Reports shall include, among other things, descriptions in reasonable detail of all Net Avoidance Actions Proceeds collected during the relevant quarter and all fees and expenses expended in connection therewith.  To the extent required by law, the financial statements prepared as of the end of the fiscal year shall be audited by nationally recognized independent accountants in accordance with U.S. generally accepted accounting principles.  The materiality and scope of audit determinations shall be established between the

28

Litigation Trustee and the appointed auditors with a view toward safeguarding the value of the assets of the Litigation Trust, but nothing relating to the mutually agreed scope of work shall result in any limitation of audit scope that would cause the auditors to qualify their opinion as to scope of work with respect to such financial statements.

(b)     Within ten (10) Business Days after the end of the relevant report preparation period the Litigation Trustee shall cause any information reported pursuant to Section 9.1(a) hereof to be mailed to such Litigation Trust Beneficiaries and to be filed with the Bankruptcy Court.

(c)     Any report (other than any report of confidential tax information) required to be distributed by the Litigation Trustee under Section 9.1(a) hereof shall also be distributed to the Persons listed in Section 12.6 hereof within ten (10) Business Days of its distribution to the Litigation Trust Beneficiaries under Section 9.1 hereof.  The Litigation Trustee may post any report required to be provided under this Section 9 on a web site maintained by the Litigation Trustee in lieu of actual notice to the Litigation Trust Beneficiaries (unless otherwise required by law) subject to providing notice to the Persons listed in Section 12.6 herein.

ARTICLE 10

TERM; TERMINATION OF LITIGATION TRUST

10.1    Term; Termination of Litigation Trust.

(a)     The Litigation Trustee and the Litigation Trust may be discharged or dissolved, as the case may be, at such time as (i) all of the Litigation Trust Assets have been distributed pursuant to the Litigation Trust Agreement and the Plan, (ii) the Litigation Trustee determines, in its sole discretion, that the administration of any remaining Litigation Trust assets is not likely to yield sufficient additional Litigation Trust Asset Recoveries to justify further pursuit, or (iii) all distributions required to be made by the Litigation Trustee under this Litigation Trust Agreement have been made.  The Litigation Trust shall have an initial term of five (5) years.  The Bankruptcy Court, upon motion by the Litigation Trustee, on notice with an opportunity for hearing, within six (6) months before the expiration of the original term or any extended term, may extend, for a fixed period, the term of the Litigation Trust if it is necessary to facilitate or complete the liquidation of the assets of the Litigation Trust, and not unduly extend the term of the Litigation Trust; *provided*, *that*, the Litigation Trustee receive a favorable private letter ruling from the IRS or an opinion of counsel satisfactory to the Litigation Trustee and the Litigation Trust Oversight Board that any extension would not adversely affect the status of the Litigation Trust as a "liquidating trust" for United States federal income tax purposes.  The Bankruptcy Court may approve multiple extensions of the term of the Litigation Trust.

(b)     The Litigation Trust may be terminated earlier than its scheduled termination if (i) the Bankruptcy Court has entered a final order closing all of or the last of the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code; and (ii) the Litigation Trustee has administered all assets of the Litigation Trust and performed all other duties required by this Litigation Trust Agreement.

29

(c)    If at any time the Litigation Trustee determines, in reliance upon such professionals as the Litigation Trustee may retain, that the expense of administering the Litigation Trust so as to make a final distribution to the Litigation Trust Beneficiaries is likely to exceed the value of the assets remaining in the Litigation Trust, the Litigation Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Litigation Trust, (ii) donate any balance to a charitable organization (A) described in Section 501(c)(3) of the IRC, (B) exempt from U.S. federal income tax under Section 501(a) of the IRC, (C) that is not a "private foundation", as defined in Section 509(a) of the IRC, and (D) that is unrelated to the Debtors, the Reorganized Debtors, the Litigation Trust, and any insider of the Litigation Trustee, and (iii) dissolve the Litigation Trust.  Upon receipt of such authority from the Bankruptcy Court, the Litigation Trustee shall (X) notify each Litigation Trust Beneficiary and (Y) file a Certificate of Cancellation with the Secretary of State of the State of Delaware.

10.2    <u>Continuance of Trust for Winding Up</u>.

After the termination of the Litigation Trust and for the purpose of litigation and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until its duties have been fully performed.  Prior to the final distribution of all of the remaining assets of the Litigation Trust, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for its own costs and expenses, in accordance with <u>Section 3.13</u> herein, until such time as the winding up of the Litigation Trust is completed.  Upon termination of the Litigation Trust, the Litigation Trustee shall retain for a period of three years the books, records, Litigation Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Litigation Trustee.  At the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after three years from the completion and winding up of the affairs of the Litigation Trust.  Except as otherwise specifically provided herein, upon the termination of the Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

ARTICLE 11

AMENDMENT AND WAIVER

11.1    <u>Amendment and Waiver</u>.

(a)    The Litigation Trustee may amend, supplement or waive any provision of, this Litigation Trust Agreement, without notice to or the consent of any Litigation Trust Beneficiary or the approval of the Bankruptcy Court: (i) to cure any ambiguity, omission, defect or inconsistency in this Litigation Trust Agreement provided that such amendments, supplements or waivers shall not contravene or otherwise be inconsistent with the terms of the Final DIP Order, the Committee Settlement, the D&O Settlement Agreement, the D&O Settlement Approval Order, the Plan (including the Global Settlement Term Sheet), and the Confirmation Order, adversely affect the distributions to be made or other rights under this Litigation Trust Agreement to any of the Litigation Trust Beneficiaries, the Second Lien Notes Indenture Trustee, or the Convertible Senior Notes Indenture Trustee, or adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust"; (ii) to comply with any requirements in connection with the U.S. federal income tax status of the Litigation Trust as a "litigation trust";

30

(iii) to comply with any requirements in connection with maintaining that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act or the Investment Company Act; (iv) to make the Litigation Trust a reporting entity and, in such event, to comply with any requirements of the Exchange Act or the Investment Company Act; and (v) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Litigation Trust Agreement.

(b)    Subject to Section 11.1(c) below, any substantive provision of this Litigation Trust Agreement may be amended or waived by the Litigation Trustee, subject to the prior approval of a majority of both the Litigation Trust Oversight Board and the holders of Class A Litigation Trust Interests held by "United States persons" within the meaning of Section 7701(a)(30) of the IRC, with the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; *provided, however*, that no change may be made to this Litigation Trust Agreement that contravenes or is otherwise inconsistent with the terms of the Committee Settlement, the D&O Settlement Agreement, the D&O Settlement Approval Order, the Plan (including the Global Settlement Term Sheet), and the Confirmation Order, would adversely affect the distributions to be made under this Litigation Trust Agreement to any of the Litigation Trust Beneficiaries, the Second Lien Notes Indenture Trustee, or the Convertible Senior Notes Indenture Trustee, or adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust." Notwithstanding this Section 11.1, any amendments to this Litigation Trust Agreement shall not be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d).

(c)    The Litigation Trust Agreement may not be amended to change the distribution of Net Avoidance Action Proceeds and Additional Net Avoidance Action Proceeds as described in the Litigation Trust Interests Overview without the consent of 75% of the holders (in amount of Class B Litigation Trust Interests held, not number of holders) of the Class B Litigation Trust Interests that are "United States persons" within the meaning of Section 7701(a)(30) of the IRC and the requisite consent of the Litigation Trust Oversight Board and the holders of the Class A Litigation Trust Interests in accordance with Section 11.1(b).

ARTICLE 12

MISCELLANEOUS PROVISIONS

12.1    Intention of Parties to Establish a Liquidating Trust.

This Litigation Trust Agreement is intended to create a "liquidating trust" for U.S. federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Litigation Trust Agreement may be amended in accordance with Section 11.1 hereof to comply with such U.S. federal income tax laws, which amendments may apply retroactively.

31

12.2    Reimbursement of Trust Litigation Costs.

If the Litigation Trustee or the Litigation Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Litigation Trust Agreement or the enforcement thereof, the Litigation Trustee or the Litigation Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.  To the extent that the Litigation Trust has advanced such amounts, the Litigation Trust may recover such amounts from the non-prevailing party.

12.3    Laws as to Construction.

This Litigation Trust Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to whether any conflicts of law would require the application of the law of another jurisdiction.

12.4    Jurisdiction.

Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Litigation Trust Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Litigation Trust Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties, including the Litigation Trust Beneficiaries and holders of General Unsecured Claims and Second Lien Claims, hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court.

12.5    Severability.

If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid, or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

12.6    Notices.

All notices, requests or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier.  Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

WEIL:\96171021\23\76491.0003

<u>If to the Litigation Trustee to</u>:

Drivetrain, LLC
630 Third Ave., 21st Floor
New York, NY  10017
Attn:    Alan J. Carr
          Tim Daileader
Email: acarr@drivetrainadvisors.com; tdaileader@drivetrainadvisors.com

With a copy to:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10065
Attn: Matthew S. Barr, Esq.
      Jill Frizzley, Esq.
Email: Matthew.Barr@weil.com; jill.frizzley@weil.com

<u>If to the Debtors to</u>:

c/o SunEdison, Inc.
Two City Place Drive, 2nd Floor
St. Louis, MO  63141
Attn: General Counsel

With a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522
Attn: J. Eric Ivester, Esq.
      James J. Mazza, Jr., Esq.
      Louis S. Chiappetta, Esq.
Email: eric.ivester@skadden.com; james.mazza@skadden.com;
       louis.chiappetta@skadden.com

<u>If to the Holder of Class B Interests to</u>:

[   ]

With a copy to:

Akin, Gump, Strauss, Hauer, & Feld LLP
One Bryant Park
Bank of America Tower
New York, New York  10036
Attn:   Arik Preis
        Yochun Katie Lee
Email: apreis@akingump.com; kylee@akingump.com

If to the Convertible Senior Notes Indenture Trustee, to:

BOKF, N.A.
1600 Broadway, 3rd Floor
Denver, CO 80202
Attn: George F. Kubin
Email: gkubin@bokf.com

With a copy to:

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: J. Christopher Shore, Harrison L. Denman, and Michele J. Meises
Email: cshore@whitecase.com; Harrison.denman@whitecase.com;
michele.meises@whitecase.com

and:

Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Attn: Harold L. Kaplan; Mark F. Hebbeln and Lars A. Peterson
Email: hkaplan@foley.com; mhebbeln@foley.com; lapeterson@foley.com

If to the Creditors' Committee, to:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10065
Attn: Matthew S. Barr, Esq.
     Jill Frizzley, Esq.
Email: Matthew.Barr@weil.com; jill.frizzley@weil.com

All notices shall be effective and shall be deemed delivered: (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail on the date of receipt; and (iii) if by mail, on the date of receipt.  Any party from time to time may change its address, electronic mail address, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

34

12.7    Fiscal Year.

The fiscal year of the Litigation Trust will begin on the first day of January and end on the last day of December of each year.

12.8    Headings.

The section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Litigation Trust Agreement or of any term or provision hereof.

12.9    Counterparts.

This Litigation Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

12.10.    Confidentiality.

The Litigation Trustee and each successor trustee and any member of the Litigation Trust Oversight Board (each a "**Covered Person**") shall, during the period that they serve in such capacity under this Litigation Trust Agreement and following either the termination of this Litigation Trust Agreement or such individual's removal, incapacity, or registration hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the assets of the Litigation Trust relates or of which it has become aware in its capacity (the "**Information**"), except to the extent disclosure is required by applicable law, order, regulation or legal process.  In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required to and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

12.11    Entire Agreement.

This Litigation Trust Agreement (including the Recitals), the Final DIP Order, the Committee Settlement, the Confirmation Order, and the Plan (including the Global Settlement Term Sheet) constitute the entire agreement by and among the parties hereto with respect to the subject matter hereof, and there are no representations, warranties, covenants or obligations except as set forth herein or therein.  This Litigation Trust Agreement, the Final DIP Order, and the Plan (including the Global Settlement Term Sheet) supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, in the Final DIP Order, the D&O Settlement Approval Order, the Confirmation Order, or in the Plan (including the Global Settlement Term Sheet), nothing in this Litigation Trust

35

Agreement is intended or shall be construed to confer upon or to give any person other than the parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Litigation Trust Agreement.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

WEIL:\96171021\23\76491.0003

Draft 7/19/17

      IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

DEBTORS:

_____

By:
Title:

CREDITORS' COMMITTEE:

_____

By:
Title:

LITIGATION TRUSTEE:

_____

By:
Title:

**Exhibit A**

**Litigation Trust Causes of Action**

Litigation Trust Causes of Action shall mean "GUC/Litigation Trust Causes of Action" as defined in the Plan, including Exhibit 7.6 thereto.

## Exhibit B

## Litigation Trust Interests Overview

**Class A Litigation Trust Interests**

The holders of Class A Litigation Trust Interests shall be entitled to:

(a) Litigation Trust Initial Cash Assets;

(b) All proceeds of Litigation Trust Assets other than Net Avoidance Action Proceeds;

(c) The initial $63.0 million of Net Avoidance Action Proceeds recovered by the Litigation Trustee; and

(d) Fifty-two percent (52%) of any Net Avoidance Actions Proceeds recovered that exceed $63.0 million in the aggregate (the "**Additional Net Avoidance Action Proceeds**").

**Class B Litigation Trust Interests**

Holders of Class B Litigation Trust Interests in the Litigation Trust shall only be entitled to the following:

Economic Rights:

(a) Forty-eight percent (48%) of the Additional Net Avoidance Action Proceeds.

Governance Rights:

(b) Delivery of the Litigation Trust Reports and reasonable periodic access to the Litigation Trustee solely through Akin, Gump, Strauss, Hauer, & Feld LLP, counsel to the holders of the Class B Litigation Trust Interests;

(c) following the filing of any Contingency Fee Advisor Retention Notice, at the request of any of the holders of Class B Litigation Trust Interests (or their advisor at the instruction of a holder) the Litigation Trustee will provide additional information regarding the proposed contingency fee engagement (including the actual engagement letter on a confidential basis, if so requested). Holders of Class B Litigation Trust Interests (or their advisors at the instruction of a holder) shall have ten (10) Business Days from the date of the filing of the Contingency Fee Advisor Retention Notice to file with the Bankruptcy Court a pleading seeking to prohibit such retention on the grounds that such retention is not consistent with the purpose of the Global Settlement Term Sheet because the engagement does not provide a sufficient incentive for such contingency fee advisor to procure Additional Net Avoidance Action Proceeds, and the Litigation Trust, Litigation Trustee, Litigation Trust Oversight Board, or the Committee may oppose such pleading (but solely with respect to such issue), and the Bankruptcy Court shall retain jurisdiction to settle such dispute;

(d) enforcement rights with regard to any and all of the above rights (and clause (e) below) (as well as the fiduciary duties owed to all holders of Litigation Trust Interests by the Litigation Trustee and the Litigation Trust Oversight Board as set forth below); and

(e) reasonable consent rights with regard to any modifications,

39

amendments, or supplements of the Litigation Trust Agreement that affect the terms of the "Economic Rights" or "Governance Rights" sections above.

Holders of Class B Litigation Trust Interests shall have a "silent" interest in the Litigation Trust solely to the extent of the Additional Net Avoidance Action Proceeds and the other rights set forth in the "Economic Rights" or the "Governance Rights" sections above (*i.e.*, they shall not, among other things, appoint the Litigation Trustee or the Litigation Trust Oversight Board).

WEIL:\96171021\23\76491.0003

## Exhibit C

## Litigation Trust Interest Transfer Form

WEIL:\96171021\23\76491.0003

### FORM OF TRANSFER NOTICE (Litigation Trust Interests)[4]

**Class A Litigation Trust Interests**
**Class B Litigation Trust Interests**

To:                    [Drivetrain, LLC or other named registrar], in its capacity as Registrar (the "**Registrar**")

Cc:                    Drivetrain, LLC, as Original Trustee (the "**Trustee**") for the SunEdison Litigation Trust (the "**Litigation Trust**")

Transferor:      [insert legal name of the proposed transferor] (the "**Transferor**")

Transferee:      [insert legal name of the proposed transferee] (the "**Transferee**")

Date:                [insert date, must be identical on counterpart Transfer Notices]

1.      The undersigned Transferor and Transferee hereby confirm to the Registrar that the Transferor has agreed to transfer to the Transferee the following Litigation Trust Interests of the Litigation Trust:

   **(a)**      [Class A] Litigation Trust Interests in aggregate number and face value of [# and $xx. xx] and all rights in respect thereof; and

   **(b)**      [Class B] Litigation Trust Interests in aggregate number and face value of [# and $xx. xx] and all rights in respect thereof; and

2.      The Transferor and the Transferee request the Trustee and the Registrar to effect the transfer of the [Class A or Class B] Litigation Trust Interests, the subject of this Transfer Notice, in accordance with the Litigation Trust Agreement.

3.      The Litigation Trust Interests have not been and will not be registered under the federal laws of the United States, under the securities laws of any State of the United States of America or any other jurisdiction. The Litigation Trust Interests are not "restricted securities" within the meaning of Rule 144(a)(3) made under the Securities Act of 1933, as amended (the "**Securities Act**") and may be immediately resold following issuance, without restriction under the Securities Act, by holders of Litigation Trust Interests who are not "affiliates" (as defined under the Securities Act) of the Reorganized Debtors or the Litigation Trust and have not been "affiliates" (as so defined) of the Reorganized Debtors or the Litigation Trust within the period of ninety (90) calendar days ending on the date of issuance of the Litigation Trust Interest under the Plan of Reorganization and Litigation Trust Agreement.

4.      The Transferor [is/is not] an "affiliate" (as defined in the U.S. Securities Act of 1933) of the Reorganized Debtors.

5.      The Transferee:

   **(a)**      [is/is not] an existing holder of Class A Litigation Trust Interests; and

   **(b)**      [is/is not] an existing holder of Class B Litigation Trust Interests.

6.      All payments in respect of the Litigation Trust Interests transferred to the Transferee are to be made (unless otherwise instructed by the Transferee) to the following account, which shall (until

---

WEIL:\96171021\23\76491.0003

further notice) be the registered account of the Transferee for the purposes of the Litigation Trust Agreement:

| | |
|---|---|
| **Name of bank** | : |
| **Address of bank** | : |
| **For the account of** | : |
| **EUR account number:** | |
| **IBAN** | : |
| **SWIFT code** | : |

7.  The registered address, e-mail address and contact information of the Transferee for the purposes of the register of interest holders (the "**Register**") of the Trust is stated below:

*[insert Transferee's address, e-mail address and contact information. If the Transferee is already a holder of Litigation Trust Interests, the information provided to the Registrar (both in terms of payments and contact information) must be identical to the information already noted in the Register, or the Transferee may replace this paragraph 7 with a confirmation that the payment and contact details already noted on the Register shall apply to the transferred Litigation Trust Interests.]*

8.  The Transferee acknowledges that a transfer of title to the Litigation Trust Interests is determined solely by the entry of the transfer into the Register and that entries on the Register are conclusive evidence of title to the Litigation Trust Interests and of the date of transfer of title to Litigation Trust Interests, absent manifest error.

9.  None of the Trustee or the Registrar is required, or shall have any obligation, to accept any application for a transfer of Litigation Trust Interests, or to make any payment under or in respect of the Litigation Trust Interest to a purported Transferee, in any circumstance where any applicable requirement specified in the Litigation Trust Agreement has not been satisfied. Without limitation to the foregoing, the Trustee may refuse to register any transfer of Litigation Trust Interest unless it has received (directly or via the Registrar) a valid Transfer Notice.

10. The Trustee, with the consultation of or at the direction of the Litigation Trust Oversight Board may restrict the effect of any transfer of Litigation Trust Interests if, in its own discretion, such transfer may subject the Trust to reporting or registration requirements under the Securities Exchange Act of 1934, or if such effect of transfer may alter or effect Article 5 of the Litigation Trust Agreement.

11. This Transfer Notice may be executed by the Transferor and the Transferee in counterparts, each of which shall constitute an original and both of which taken together shall constitute one and the same Transfer Notice.

12. Terms defined in the Litigation Trust Agreement shall have the same meaning in this Transfer Notice.

WEIL:\96171021\23\76491.0003

_____

[insert name of Transferor]

By:     [insert name of signatory] [Authorised Signatory]
         [insert title, for persons signing on behalf of corporate entities]

_____

[insert name of Transferee]

By:     [insert name of signatory] [Authorised Signatory]
         [insert title, for persons signing on behalf of corporate entities]

Acknowledged By:

_____ Effective Date: _____
Drivetrain, LLC, as Trustee to the SunEdison Litigation Trust

Name:

Title:

**Enclosures:** KYC Information for the Transferee

WEIL:\96171021\23\76491.0003

**Exhibit D**

**Trustee Compensation Schedule**

<u>Compensation Terms</u>

The Original Trustee ("Drivetrain") shall be entitled to the following compensation:

- <u>Fees</u>. As consideration for the services to be provided following the Effective Date, the Litigation Trust shall pay Drivetrain in accordance with a fixed monthly fee arrangement (the "Monthly Fees") based on the amounts set forth in the chart below. The Monthly Fees shall be payable in advance each month on the first day of each month until the termination of Drivetrain's appointment pursuant to the Litigation Trust Agreement,[5] the Plan, and the Confirmation Order; <u>provided</u>, that the Monthly Fee payable for the first and last month of Drivetrain's engagement shall be prorated for the actual number of days Drivetrain is engaged during each such month. The Monthly Fees shall be fully earned as of the first day of such month.

| YEAR (post Effective Date) | MONTHLY RATES |
|---|---|
| 1st | $  19,500 |
| 2nd | $  15,000 |
| 3rd | To be determined by agreement between Drivetrain and the Litigation Trust Oversight Board |

- <u>Expense Reimbursement</u>. In addition to any Monthly Fees and the Additional Compensation (as defined below) payable to Drivetrain, the Litigation Trust shall promptly reimburse Drivetrain, following delivery to the Litigation Trust of a reasonably detailed written invoice, for all reasonable, documented out-of-pocket expenses (including reasonable expenses of counsel and other professionals), travel and lodging, data processing and communications charges, courier services and other expenditures incurred in connection with, or arising out of Drivetrain's services provided as Original Trustee under the Litigation Trust Agreement ("Expense Reimbursement").

---

[5] Unless otherwise defined, capitalized terms shall have the meaning ascribed to such terms in the *First Amended Joint Plan of Reorganization of SunEdison Inc. and its Debtor Affiliates* [ECF No. 3314 - Exhibit A to the Disclosure Statement], or, if not defined therein, the Litigation Trust Agreement, dated as of [_____], 2017.

45

- <u>Additional Compensation</u>. In addition to Monthly Fees and the Expense Reimbursement, the Litigation Trust shall pay Drivetrain the following (the "Additional Compensation"):

  o As used herein, "Net Litigation Trust Proceeds" means, on any date of determination, the aggregate amount of Litigation Trust Proceeds actually received by the Litigation Trust, less the aggregate amount of all costs and expenses, as set forth in the Litigation Trust's books and records, actually incurred (whether or not paid) by the Litigation Trust in connection with investigating, prosecuting, settling, liquidating, or disposing of the Litigation Trust Causes of Action.

  o At such time as Net Litigation Trust Proceeds equal or exceed $50,000,000, an amount in Cash equal to 1.25% of such Net Litigation Proceeds up to $75,000,000; plus

  o An amount in Cash equal to 1.35% of the Net Litigation Trust Proceeds, as determined on such Distribution Date, that equal or exceed $75,000,000 but are less than $100,000,000; plus

  o An amount in Cash equal to 1.45% of the Net Litigation Trust Proceeds, as determined on such Distribution Date, that equal or exceed $100,000,000 but are less than $125,000,000; plus

  o An amount in Cash equal to 1.55% of the Net Litigation Trust Proceeds, as determined on such Distribution Date, that equal or exceed $125,000,000.

  o For the avoidance of doubt, the Additional Compensation is earned only if more than $50 million in Net Litigation proceeds are distributed to the Litigation Trust's beneficiaries.

The Additional Compensation, if earned, shall be paid to Drivetrain contemporaneously with the discharge of Drivetrain and termination of the Litigation Trust. In the event Drivetrain is removed as Litigation Trustee by the Litigation Trust Oversight Board pursuant to Section 3.5 of the Litigation Trust Agreement for any reason (other as a result of its gross negligence, fraud or willful misconduct), Drivetrain shall continue to be entitled to be paid Additional Compensation on further distributions based upon the schedule above when such distributions are made.

- General Terms.

  o It is expected that Alan Carr and Tim Daileader will have primary responsibility on this matter.

  o No amounts payable hereunder shall be subject to reduction, setoff, disgorgement or reimbursement, other than pursuant to a Final Order or with the prior written consent of Drivetrain.

  o No fee or amount paid or payable to any other Entity by the Litigation Trust or by any other Entity shall reduce or otherwise affect the Monthly Fees, Additional Compensation, or Expense Reimbursement paid or payable to Drivetrain, except

46

to the extent used in calculating Net Litigation Trust Proceeds.

o    All amounts paid to Drivetrain shall be in cash, in United States currency, and on or by the dates set forth herein.

o    All other terms of Drivetrain's engagement are set forth in the Litigation Trust Agreement, the Plan, and the Confirmation Order.

WEIL:\96171021\23\76491.0003

# **EXHIBIT 7.6**

**GUC/Litigation Trust Causes of Action**

## EXHIBIT 7.6

## SCHEDULE OF GUC/LITIGATION TRUST CAUSES OF ACTION[1]

Article 7.5 of the Plan provides that, on the Effective Date, or on such other date as is set forth in the GUC/Litigation Trust Agreement, pursuant to section 1123(b)(3) of the Bankruptcy Code, the GUC/Litigation Trust Assets shall be transferred by the Debtors (and deemed transferred) to the GUC/Litigation Trust free and clear of all Claims, Liens, charges, encumbrances, rights, and interests, without the need for any Entity to take any further action or obtain any approval and the GUC/Litigation Trust shall be authorized as the representative of the Estates to pursue GUC/Litigation Trust Causes of Action.

"GUC/Litigation Trust Causes of Action" means all Causes of Action of the Debtors' Estates as of the Effective Date, including all Estate Avoidance Actions (other than Avoidance Actions against the Yieldcos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors), to the extent such Causes of Action are not released, or settled with the consent of the Creditors' Committee, pursuant to Article 11.5 of the Plan or released or settled pursuant to an Order of the Bankruptcy Court or the Committee/BOKF Plan Settlement Term Sheet.

Article 7.6(b) of the Plan provides that the GUC/Litigation Trust, with the consent of the Reorganized Debtors to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP, shall determine whether to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing), and shall not be required to seek further approval of the Bankruptcy Court for such action.  The GUC/Litigation Trust or any successors may pursue such litigation claims in accordance with the best interests of the GUC/Litigation Trust or any successor holding such rights of action.  **No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any GUC/Litigation Trust Cause of Action against them as any indication that the GUC/Litigation Trust will not pursue any and all available GUC/Litigation Trust Causes of Action against them.  The GUC/Litigation Trust expressly reserves all rights to prosecute any and all GUC/Litigation Trust Causes of Action against any Entity, except as otherwise provided in the Plan.**  Unless any GUC/Litigation Trust Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Bankruptcy Court, the GUC/Litigation Trust expressly reserves all GUC/Litigation Trust Causes of Action for later adjudication.  For the avoidance of doubt, any Causes of Action pursuant to which the Reorganized Debtors seek to recover proceeds from Earnout Assets, Residual Assets, or Repatriated Cash shall be preserved and retained, and shall remain with the Reorganized Debtors and shall not be transferred to the GUC/Litigation Trust.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates, filed on June 12, 2017 [Docket No. 3314].

Notwithstanding, and without limiting the generality of, Articles 7.5 and 7.6 of the Plan, the following Exhibit 7.6-1 through Exhibit 7.6-10 include specific types of Causes of Actions expressly preserved by the Debtors and the Reorganized Debtors and transferred to the GUC/Litigation Trust, including: (i) claims related to accounts receivable and accounts payable; (ii) claims related to deposits, adequate assurance postings, and other collateral postings; (iii) claims, defenses, cross-claims, and counter-claims related to litigation and possible litigation; (iv) claims related to contracts and leases, including for setoff; (v) claims related to vendor and/or customer obligations; (vi) claims related to tax credits and refunds; (vii) claims related to intellectual property; (viii) claims related to environmental matters; (ix) claims related to current or former employee matters, and (x) claims related to potential avoidance of prepetition transfers under sections 362, 502, 510, 542, 543, 547, 548, and 550 of the Bankruptcy Code. Each such exhibit is subject to the terms of the Plan and the information provided in this Exhibit 7.6.

In addition, the Debtors expressly retain and transfer to the GUC/Litigation Trust all Claims and Causes of Action (other than Avoidance Actions against the Yieldcos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors) against any Entity listed in each of the creditor matrices for each Debtor (the "Creditor Matrix"), regardless of whether such Entity is listed in the following Exhibit 7.6-1 through Exhibit 7.6-10, to the extent such Entities owe or may in the future owe money to the Debtors or the Reorganized Debtors, except to the extent Claims and Causes of Action against an Entity listed in the Creditor Matrix have been settled or released through the Plan or an order of the Bankruptcy Court.

## **Exhibit 7.6-1**

### Claims Related to Accounts Receivable and Accounts Payable

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all Entities that owe or that may in the future owe money to the Debtors or Reorganized Debtors, including but not limited to any claims for contribution, setoff, recoupment, or indemnification, provided, however, the Debtors expressly reserve all Causes of Action to the extent that they may be asserted as recoupment, setoff, counterclaims or otherwise  against any Entities who assert that the Debtors or Reorganized Debtors owe money to them, including but not limited to any related defenses and cross claims.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

## **Exhibit 7.6-2**

<u>Claims Related to Deposits, Adequate Assurance Postings, and Other Collateral Postings</u>

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action based in whole or in part upon any and all postings of a security deposit, adequate assurance payment, or any other type of deposit or collateral.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

## **Exhibit 7.6-3**

### Claims, Defenses, Cross-Claims, and
### Counter-Claims Related to Litigation and Possible Litigation

The following Exhibit 7.6-3 includes Entities, affiliates, subsidiaries and successors and assigns, that are party to or that the Debtors believe may become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial. Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all claims, defenses, cross claims, setoffs and counterclaims against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial, regardless of whether such Entity is included on the schedule accompanying this Exhibit 7.6-3, which schedule includes such actions to which the Debtors may be party as a plaintiff or defendant.  For the avoidance of doubt, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all claims, defenses, cross claims, setoffs and counterclaims against or related to all Entities arising from prepetition merger and acquisition activities, regardless of whether such Entity is included on the schedule accompanying this Exhibit 7.6-3.

**For the avoidance of doubt, no Entity may rely on its omission from Exhibit 7.6-3 as any indication that the GUC/Litigation Trust will not pursue any and all available Causes of Action against them. The Debtors and the Reorganized Debtors expressly reserve and transfer to the GUC/Litigation Trust all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan.**

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

For the avoidance of doubt, to the extent any provision in the Plan (including this Plan Supplement) is inconsistent with the terms of the D&O Settlement Agreement or the D&O Settlement Approval Order, the D&O Settlement Agreement or the D&O Settlement Approval Order, as applicable, shall control.

For the avoidance of doubt, to the extent any provision in the Plan (including this Plan Supplement) is inconsistent with the terms of the YieldCo Settlement Agreements or the order of the Bankruptcy Court approving the YieldCo Settlement Agreements [Docket No. 3292] (the "YieldCo Settlement Approval Order"), the YieldCo Settlement Agreements or the YieldCo Settlement Approval Order, as applicable, shall control.

## SUNEDISON, INC., ET AL – LIST OF CLAIMS

| NAME | JURISDICTION | OTHER PARTY | CONTACT INFORMATION OF PRIMARY COUNSEL | CONTACT INFORMATION OF OTHER COUNSEL |
|---|---|---|---|---|
| ADLER | INDIA | | | |
| AEROTEK | EASTERN DISTRICT OF MISSOURI | AEROTEK, INC. | SHOOK, HARDY & BACON LLP MICHAEL B. BARNETT MARK MOEDRITZER RICHARD F. SHEARER KANSAS CITY, MO 64108-2613 | |
| AGRAWAL V. TERRAFORM GLOBAL | ND CALIFORNIA | ABHISHEK AGRAWAL | | |
| AIG V. SPG | COLORADO | AIG PROPERTY CASUALTY CO., AS SUBROGEE OF JOHN PAUL DEJORIA | DWORKIN, CHAMBERS & WILLIAMS, YORK, BENSON & EVANS, P.C. GERI O'BRIEN WILLIAMS LACY A. SCOTT 3900 E. MEXICO AVENUE SUITE 1300 DENVER, CO 80210 | |
| AIREKO CONSTRUCTION LLC | PUERTO RICO LOCAL COURT | AIREKO CONSTRUCTION LLC | ATTN: FERNANDO E. AGRAIT 701 AVENIDA PONCE DE LEON EDIFICIO CENTROS DE SEGUROS, OFICINA 414 SAN JUAN PR 00907 | |
| APPALOOSSA DERIVATIVE LITIGATION | DELAWARE CHANCERY | TERRAFORM POWER APPALOOSA INVESTMENT LIMITED PARTNERSHIP I | BALLARD SPAHR LLP DAVID J. MARGULES ELIZABETH A. SLOAN 919 NORTH MARKET STREET 11TH FLOOR WILMINGTON, DE 19801-3034 | |

| | | | |
|---|---|---|---|
| ATLANTIC SPECIALTY INSURANCE CO. | ED MISSOURI | ATLANTIC SPECIALTY INSURANCE COMPANY | CLAYBORNE SABO & WAGNER LLP JOHN SABO 525 WEST MAIN STREET SUITE 105 BELLEVILLE, IL 62220 |
| BLOOM V. SUNEDISON | ND CALIFORNIA | CHARLES BLOOM SHARON BURNSTEIN | SCOTT + SCOTT ATTORNEYS AT LAW LLP |
| BROUHA (SHEFFIELD) | VERMONT | PAUL BROUHA | DENISE ANDERSON, PLC 35 SOUTH MAIN STREET 2ND FLOOR HANOVER, NH 03755 |
| BRYAN MARTINEZ | SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE | BRYAN MARTINEZ | STEVENS & MCMILLAN HEATHER MCMILLAN DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 |
| BUTLER V. SUNEDISON | AAA ARBITRATION | MARTHA BUTLER | ELLIE BOWDEN 418 VISTA COURT BENECIA, CA 94510 |
| CARLSBAD AIRPORT SELF STORAGE LP, ET AL. | CALIFORNIA | CARLSBAD AIRPORT SELF STORAGE, COLTON CV, LP COLTON PLANO, LP COLTON VB, LP GSC DEL AMO, LTD GSC INDIO, LTD GSC IRVINE/MAIN, LLC GSC RANCHO I, LLC GSC VICTORVILLE LP ARCADIA, LP SAG OCEANSIDE, LP SAG PALM DESERT, LP SANDERSON J. RAY WOODBRIDGE SELF STORAGE, LP | KASDAN SIMONDS WEBER & VAUGHAN LLP KENNETH S. KASDAN ROBERT R. BRINA 19900 MACARTHUR BLVD. SUITE 850 IRVINE, CA 92612-6510 |

| COELHO LITIGATION | US DISTRICT COURT - MASS. CASE 1:15-CV-11927-RWZ | CARLOS A. COELHO D/B/A COELHO & SONS STONEWALLS | J. ALEXANDER WATT 3267 MAIN STREET PO BOX 881 BARNSTABLE, MA 02630 | |
|---|---|---|---|---|
| CONSERFRUTTA SRL V. SUNENERGY & PARTNERS S.R.L - MEAG QTA INDEMNITY RESTINCO (ROSATO TERNA) | ITALY | CONSERFRUTTA SRL V. SUNENERGY & PARTNERS S.R.L | | |
| CREAM HILL | US DISTRICT COURT CONNECTICUT | CREAM HILL CLEAN ENERGY, LLC | URY & MOSKOW, LLC NEAL I. MOSKOW 883 BLACK ROCK TURNPIKE FAIRFIELD, CT 06825 | PAWA LAW GROUP, P.C. MATTHEW F. PAWA WESLEY KELMAN 1280 CENTRE STREET SUITE 230 NEWTON CENTRE, MA 02459 |
| DAVID SAUNDERS | CANADA, ONTARIO | DAVID SAUNDERS | BARRISTER & SOLICITOR GRAHAM F. SIRMAN 275 ONTARIO STREET SUITE 102 KINGSTON, ONTARIO, K7K 2X5 | |
| DAVIDE PALUMBO (EMPLOYMENT) | ITALY | DAVIDE PALUMBO | | |
| DEL MONTE ELECTRIC, INC. | CALIFORNIA STATE COURT | DEL MONTE ELECTRIC, INC. | MCINERNEY & DILLON P.C. TIMOTHY L. MCINERNEY BRIAN M. JUNGINGER 1999 HARRISON STREET, SUITE 1700 OAKLAND, CA 94612 | |
| DULL ET AL V. SUNEDISON, INC. INVESTMENT COMMITTEE | ED MISSOURI | JULIE DULL ERIC O'DAY | | |

3

| | | | | |
|---|---|---|---|---|
| DUPONT | DELAWARE | E.I. DU PONT DE NEMOURS AND COMPANY | DUPONT LEGAL<br>IP CORPORATE COUNSEL<br>CRP 721/2152<br>THOMAS A. STEVENS<br>974 CENTRE ROAD<br>WILMINGTON, DE 19805-1269 | ASHBY & GEDDES<br>STEPHEN J. BALICK<br>LAUREN E. MAGUIRE<br>ANDREW C. MAYO<br>500 DELAWARE AVENUE<br>PO BOX 1150<br>WILMINGTON, DE 19899<br>-AND-<br>BARTLIT BECK HERMAN<br>PALENCHAR & SCOTT LLP<br> ADAM K. MORTARA<br>JOHN C. FITZPATRICK<br>TULSI E. GAONKAR<br>54 WEST HUBBARD STREET<br>SUITE 300<br>CHICAGO, IL 60654 |
| EASTCOAST SITE WORKS, INC. | NEW JERSEY STATE COURT | EASTCOAST SITE WORK, INC. | K. JOHNSON & ASSOCIATES, LLC<br>KRISTEN E. JOHNSON<br>150 CHAMBERS BRIDGE ROAD<br>SUITE 203<br>BRICK NY 08723 | |
| EASTERN MAINE ELECTRIC (EMEC) | MAINE | EASTERN MAINE ELECTRIC COOPERATIVE, INC. | PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP<br>JOHN MCVEIGH<br>ONE CITY CENTER, PO BOX 9546<br>PORTLAND, ME 04112-9546 | |
| ECHOFIRST - FORTIS | CALIFORNIA STATE COURT (SF) | FORTIS ADVISORS LLC<br>KHOSLA VENTURES II LP<br>KHOSLA VENTURES III LP<br>SIGMA ASSOCS. 8, L.P.<br>SIGMA PARTNERS 8, L.P.<br>SIGMA INVESTORS 8, L.P.<br>ENERGY & ENVIRONMENT<br>FIRST INVESTMENT L.P. | GOODWIN PROCTOR LLP<br>MICHAEL T. JONES<br>135 COMMONWEALTH DRIVE<br>MENLO PARK, CA 94025-1105 | GOODWIN PROCTOR LLP<br>HAYES P. HYDE<br>THREE EMBARCADERO CENTER<br>24TH FLOOR<br>SAN FRANCISCO, CA 94111-9991 |
| ECKA | SOUTH CAROLINA FEDERAL | ECKA GRANULES OF AMERICA, LLC | SOWELL GRAY STEPP & LAFFITTE, LLC<br>ROBERT E. STEPP<br>BENJAMIN R. GOODING<br>1310 GADSDEN STREET<br>COLUMBIA, SC 29201 | |

| | | | | |
|---|---|---|---|---|
| EQUIS | SINGAPORE | EQUIS | 1 GEORGE ST #14-04<br>ONE GEORGE STREET<br>049145<br>SINGAPORE | |
| EVOLVE SOLAR | UTAH<br>STATE COURT | EVOLVE SOLAR, INC. | MICHAEL BEST & FRIEDRICK, LLP<br>EVAN S. STRASSBERG<br>6995 SOUTH UNION PARK CENTER<br>SUITE 100<br>SALT LAKE CITY, UT 98047 | |
| FREEDOM GROUP OF COMPANIES V.  SUNEDISON UK (WRONG ENTITY SUED) | UNITED KINGDOM | FREEDOM GROUP OF COMPANIES | 7, PHOENIX SQUARE ,WYNCOLLS ROAD<br>COLCHESTER CO4 9AS<br>UNITED KINGDOM | |
| FRENCH TCPA LAWSUIT | EASTERN DISTRICT OF CALIFORNIA | NORENE FRENCH | C/O BURSOR & FISHER, P.A., L TIMOTHY FISHER, ANNICK M. PERSINGER, YEREMEY O. KRIVOSHEY, 1990 NORTH CALIFORNIA BLVD., WALNUT CREEK, CA 94596 | |
| FRONTIER CAL. INC. V. SUNEDISON, INC. | CALIFORNIA<br>STATE COURT | FRONTIER CALIFORNIA INC. (VERIZON CALIFORNIA) | DIAMOND & DRAGOJEVIC, LLP, 21860 BURBANK BLVD, STE 370, WOODLAND HILLS, CA 91367 | |
| GESTAMP | TEXAS<br>STATE COURT | GESTAMP SOLARSTEEL U.S., INC. | JUSTIN KELLY, BURR & FORMAN LLP | 3400 WELLS FARGO TOWER<br>420 NORTH 20TH ST.<br>BIRMINGHAM, AL 35203 |

5

| | | | | |
|---|---|---|---|---|
| GOLDEN V. CHATILA (MD DERIVATIVE ACTION) | MONTGOMERY COUNTY, MARYLAND STATE COURT | JAMES GOLDEN SUNEDISON, INC. TERRAFORM GLOBAL, INC. | MURPHY, FALCON & MURPHY WILLIAM H. MURPHY III ONE SOUTH STREET 23RD FLOOR BALTIMORE, MD 21202 | THE BROWN LAW FIRM, P.A. TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 |
| GREENE TWEED | IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS | GREENE TWEED & CO. | MCGUIRE WOODS LLP THOMAS M. FARRELL 600 TRAVIS STREET SUITE 7500 HOUSTON, TX 77002 | |
| GULF COAST | TEXAS | GULF COAST KAPROC, INC. D/B/A ARMSTRONG/WEATHERLY & ASSOCIATES, INC. | GRAY REED & MCGRAW, P.C. JOE VIRENE 1300 POST OAK BLVD. SUITE 2000 HOUSTON, TX 77056 | |
| HELIX ELECTRIC OF NEVADA / WISZCO, LLC | NEVADA STATE COURT | WISZCO LLC | RICHARD PEEL PEEL BRIMLEY 3333 E. SERENE AVE SUITE 200 HENDERSON, NV 89074 | |
| HILLIKER | MASSACHUSETTS STATE COURT | VICTORIA HILLIKER | PHILIP J. PUGLISI BIGELOW & PUGLISI, P.C. 11 BEACON ST. SUITE 615 BOSTON, MA 02108 | |
| HOROWITZ V. SUNEDISON ET AL. (CONSOLIDATED SUNE SECURITIES CLASS ACTION) | SDNY MDL | HOROWITZ ETC. | CAREY, DANIS & LOWE LLC JAMES ROSEMERGY 8235 FORSYTH STE. 1100 ST. LOUIS, MO 63105 | GARDY AND NOTIS, LLP MARK GRADY TOWER 56 126 EAST 56TH STREET, 8TH FLOOR NEW YORK, NY 10024 |
| HYDROENERGY COMPANY LTD V. NVT LICENSES LLC | UNITED KINGDOM | HYDROENERGY COMPANY LTD | | |

| | | | | |
|---|---|---|---|---|
| INDIVIDUAL SHAREHOLDER ACTIONS (CA) (COBALT PARTNERS, GLENVIEW CAPITAL, OMEGA CAPITAL INVESTORS, OKLAHOMA FF, KINGDON ASSOCIATES, VMT II, | SDNY | | ROBBINS GELLER<br>DARREN J. ROBBINS<br>JAMES JACONETTE<br>JENNIFER NUNEZ CARINGAL<br>SCOTT H. SAHAM<br>SUSAN G. TAYLOR<br>655 W BROADWAY STE. 1900<br>SAN DIEGO, CA 92101<br>-AND-<br>ROBBINS GELLER<br>DENNIS J HERMAN<br>DAVID WILLIAM HALL<br>POST MONTGOMERY CENTER, ONE MONTGOMERY STREET, SUITE 1800<br>SAN FRANCISCO, CA 92104 | |
| IRON WORKERS MID-SOUTH PENSION FUND V. TERRAFORM GLOBAL | ND CALIFORNIA | IRON WORKERS MID-SOUTH PENSION FUND | | |
| JONES - ERISA | ED MO AND ST. LOUIS COUNTY, MISSOURI STATE COURT | JERRY JONES<br>MANUEL ACOSTA | DYSTART AND TAYLOR<br>DON R. LOLLI<br>4420 MADISON AVENUE<br>SUITE 200<br>KANSAS CITY, MO 64111 | GAINEY MCKENNA & EGLESTON<br>THOMAS J. MCKENNA<br>295 MADISON AVE.<br>4TH FLOOR<br>NEW YORK, NY 10017 |
| KERN COUNTY | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY | KERN SOLAR LLC<br>SUNE P11L HOLDINGS LLC | 1717 ARCH STREET<br>PHILADELPHIA, PA 19103 | VENZIE, PHILLIPS & WARSHAWER<br>BRUCE L. PHILLIPS<br>2032 CHANCELLOR STREET<br>PHILADELPHIA, PA 19103 |
| KPMG LLP AND ITS AFFILIATES | | | KPMG LLP<br>AON CENTER<br>SUITE 5500<br>200 EAST RANDOLPH DRIVE<br>CHICAGO, IL 60601-6436<br><br>KPMG LLP<br>SUITE 300<br>10 SOUTH BROADWAY<br>ST. LOUIS, MO 63102-1761 | |

| | | | |
|---|---|---|---|
| KUNZ V. SUNEDISON | ED MISSOURI | ROBERT KUNZ | |
| LAP - ARBITRATION | ICC ARBITRATION | BTG PACTUAL BRAZIL INFRASTRUCTURE FUND II, LP P2 BRASIL PRIVATE INRRASTRUCTURE FUND II, LP P2 FUND II LAP CO-INVEST LP P2 LAP CO-INVEST UK, LP GMR HOLDING B.V. ROBERTO SAHADE | QUINN EMMANUEL URQUHART & SULLIVAN, LLP MICHAEL CARLINSKY, TAI-HENG CHENG JOHN H. CHUN 51 MADISON AVENUE 22ND FLOOR NEW YORK, NY 10010 |
| LAP - COURT | NEW YORK STATE COURT | BTG PACTUAL BRAZIL INFRASTRUCTURE FUND II, LP P2 BRASIL PRIVATE INRRASTRUCTURE FUND II, LP P2 FUND II LAP CO-INVEST LP P2 LAP CO-INVEST UK, LP GMR HOLDING B.V. ROBERTO SAHADE | QUINN EMMANUEL URQUHART & SULLIVAN, LLP MICHAEL CARLINSKY, TAI-HENG CHENG JOHN H. CHUN 51 MADISON AVENUE 22ND FLOOR NEW YORK, NY 10010 |
| LENNOX | CANADIAN COURT | LENNOX SNOW FENCE CO. (1982) LTD. | |
| LINTON V. SUNEDISON | ED MISSOURI | ROBERT LINTON | |
| MAHARAJ (EMPLOYMENT) | CANADA | AMAN MAHARAJ | RUDNER MACDONALD LLP NATALIE MACDONALD 2 BLOOR ST W., STE. 1005 TORONTO, ON M4W3E2 |
| MAILLETT | MAINE | JASON MALLIETT | GILBERT & GREIF ARTHUR GREIF 82 COLUMBIA ST, PO BOX 2339, BANGOR, ME, 04402-2339 |

8

| | | | | |
|---|---|---|---|---|
| MALLIETT V. FIRST WIND (EMPLOYMENT) | MAINE STATE COURT | JASON MALLIETT | ARTHUR GREIF GILBERT & GREIF<br>82 COLUMBIA ST.<br>PO BOX 2339<br>BANGOR ME 04402-2339 | |
| MARATHON | AAA ARBITRATION | MARATHON CAPITAL LLC | RIMON PC<br>RICHARD MOONEY<br>ONE EMBARCADERO CENTER<br>SUITE 400<br>SAN FRANCISCO, CA 94111 | |
| MARQUITA BELCHER V. PV GURU, INC. AND SUNEDISON, INC. | ALAMEDA COUNTY, CALIFORNIA | MARQUITA BELCHER | | |
| MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC AND ITS AFFILIATES | | | TWO HARBOR POINT SQUARE<br>100 WASHINGTON BOULEVARD<br>STAMFORD, CT 06902 | |
| MERIDIAN | MASSACHUSETTS STATE COURT | MERIDIAN ASSOCIATES, INC. | MICLANE MIDDLETON, P.A.<br>ANDREW P. BOTTI<br>300 TRADE CENTER<br>SUITE 7000<br>WOBURN, MA 01801 | |
| MICHELE BEASLEY | ARBITRATION - JAMS | MICHELE BEASLEY | 17 HOVEY AVENUE,<br>NATICK, MA 01760 | RITZ CLARK & BEN-ASHER LLP<br>JONATHAN BEN-ASHER<br>59 MAIDEN LANE<br>39TH FLOOR<br>NEW YORK, NY 10038 |
| MILFORD WIND CORRIDOR LITIGATION | DELAWARE CHANCERY | MTW RESOURCES, LLC | RATH, YOUNG AND PIGNATELLI, P.C.<br>CURT WHITTAKER<br>1 OAKMONT DRIVE<br>CONCORD, NH 03301 | |

| | | | | |
|---|---|---|---|---|
| MO DERIVATIVE LITIGATIONS | MISSOURI STATE COURT | TROY JACKSON | COSGROVE LAW GROUP, LLC DAVID B. COSGROVE DANIEL V. CONLISK 7733 FORSYTH BLVD. SUITE 1675 ST. LOUIS, MO 63105 | HYNES KELLER & HERNANDEZ, LLC MICHAEL J. HYNES 3070 BRISTOL PIKE, SUITE 112 1150 FIRST AVENUE, SUITE 501 KING OF PRUSSIA, PA 19406 |
| MOODIE V. SUNEDISON | NEW YORK – SOUTHERN | | | |
| MSSA | TEXAS | MSSA S.A.S. MSSA COMPANY CORPORATION | SHIPLEY SNELL MONTGOMERY LLP LAINA R. MILLER 712 MAIN STREET SUITE 1400 HOUSTON, TX 77002 | MURPHY & MCGONIGLE, P.C. STEVEN D. FELDMAN BARRY S. GOLD 1185 AVENUE OF THE AMERICAS 21ST FLOOR NEW YORK, NY 10036 |
| MSSA - ARBITRATION | INTERNATIONAL CHAMBER OF COMMERCE | MSSA S.A.S. MSSA COMPANY CORPORATION | MURPHY & MCGONIGLE, P.C. STEVEN D. FELDMAN BARRY S. GOLD 1185 AVENUE OF THE AMERICAS 21ST FLOOR NEW YORK, NY 10036 | |
| NEVADA STATE CONTRACTORS BOARD | NEVADA STATE CONTRACTORS BOARD | NEVADA STATE CONTRACTORS BOARD | 9670 GATEWAY DRIVE SUITE 100 RENO, NV 89521 | |
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM V. SUNEDISON | ND CALIFORNIA | OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM | ROBBINS GELLER RUDMAN & DOWD LLP DENNIS J. HERMAN DAVID W. HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET SUITE 1800 SAN FRANCISCO, CA 94104 | EISEMAN LEVINE LEHRAUPT & KAKOYIANNIS, P.C. LAURENCE MAY PETER REISER ERIC ASCHKENASY 805 THIRD AVENUE, 10TH FL NEW YORK, NY 10022 |

| ORTECH CONSULTING - CANADA | CANADA | ORTECH CONSULTING INC. | BARRISTERS & SOLICITORS<br>MARCHALL KIREWSKIE<br>PAUL MARSHALL<br>201-88 DUNN STREET<br>OAKVILLE, ONTARIO L6J 3C | |
| --- | --- | --- | --- | --- |
| PACKAGING SPECIALTIES | OHIO<br>STATE COURT | PACKAGING SPECIALTIES, INC. | PACKAGING SPECIALTIES, INC.<br>300 LAKE ROAD<br>MEDINA, OH 44256 | ULMER & BERNE LLP<br>MICHAEL S. TUCKER<br>LIAM J. DUNN<br>1660 WEST 2ND STREET<br>SUITE 1100<br>CLEVELAND, OH 44113 |
| PCS | NORTH CAROLINA | PCS PHOSPHATE COMPANY, INC.<br>PCS SALES (USA), INC. | PARKER POE ADAMS & BERNSTEIN LLP<br>CHARLES E. RAYNAL, IV<br>PNC PLAZA<br>301 FAYETTEVILLE STREET<br>SUITE 1400, PO BOX 389<br>RALEIGH, NC 27601 | JONES DAY<br>Paula S. Quist<br>Kristina K. Cercone<br>77 W. Wacker Drive<br>Chicago, Illinois 60601-1692 |
| PRICEWATERHOUSECOOPERS LLP AND ITS AFFILIATES | | | 300 MADISON AVENUE<br>NEW YORK, NY 10017 | |
| PRIME SOLAR SOURCE | NEW JERSEY<br>STATE COURT | PRIME SOLAR SOURCE, LLC | GLUCK WALRATH LLP<br>ANDREW BAYER<br>4428 RIVER VIEW PLAZA<br>TRENTON, NJ 08611 | |
| PYRAMID HOLDINGS V. TERRAFORM GLOBAL (CONSOLIDATED TERP SECURITIES CLASS ACTION) | SDNY MDL | PYRAMID HOLDINGS, ETC. | ABRAHAM FRUCHTER & TWERSKY LLP<br>IAN BERG<br>11622 EL CAMINO REAL, SUITE 100<br>SAN DIEGO, CA 92130<br>-AND-<br>ABRAHAM FRUCHTER & TWERSKY LLP<br>LAWRENCE DONALD LEVIT<br>JACK GERALD FRUCHTER<br>ONE PENN PLAZA<br>SUITE 2805<br>NEW YORK, NY 10119 | ANDREWS KURTH LLP<br>CASSANDRA LYNN PORSCH<br>450 LEXINGTON AVENUE<br>NEW YORK, NY 10017 |

11

| REFEX | INDIA | REFEX | | |
|---|---|---|---|---|
| SHIN-ETSU/SOLIACX | OREGON STATE COURT | SHIN-ETSU QUARTZ PRODUCTS CO., LTD. | LANDERHOLM P.S. TIMOTHY J. CALDERBANK 805 BROADWAY STREET SUITE 1000, PO BOX 1086 VANCOUVER, WA 98666 | |
| SKYPOWER | CANADA | SUNE SKY 13TH SIDEROAD LP SUNE SKY RYERSE LP | LENCZNER SLAGHT ROYCE SMITH GRIFFIN LLP GLENN SMITH AND MELANIE BAIRD 130 ADELAIDE ST. WEST TORONTO ON M5H 3P5 | |
| SOLOMONEDWARDSGROUP, LLC | ST. CHARLES COUNTY, MISSOURI STATE COURT | SOLOMON EDWARDS GROUP, LLC | VINCENT D. VOGLER TWO CITYPLACE DRIVE SUITE 150, P.O. BOX 419037 ST. LOUIS, MO 63141-9037 | |
| SOUTH LIGHT | CANADIAN COURT | SOUTH LIGHT DESIGN / BUILD INC. | | |
| ST. MARY'S | CANADIAN COURT | CBA READY MIX DIVISION (ST. MARY'S CEMENT INC., CANADA) | | |
| SUMEI | JAPAN | SUMEI | | |
| SUNEDISON ERISA ACTIONS - USENKO | EASTERN DISTRICT OF MISSOURI | ALEXANDER Y. USENKO | WEINHAUS & POTASHNICK MARK POTASHNICK 11500 OLIVE BLVD. SUITE 133 ST. LOUIS, MO 61341 | HARWOOD FEFFER LLP ROBERT I. HARWOOD TANYA KORKHOV 488 MADISON AVENUE NEW YORK, NY 10022 |

12

| | | | |
|---|---|---|---|
| SUNEDISON SOLAR POWER INDIA PRIVATE LIMITED & OTHERS | INDIA | | |
| SUNFUSION SOLAR & SANDY ELLARD | AAA | SANDY ELLARD SUNFUSION SOLAR | 7766 ARJONS DRIVE SUITE B SAN DIEGO, CA 92126 |
| SUNPOWER V. SUNEDISON (US) | SANTA CLARA COUNTY, CALIFORNIA SUPERIOR COURT | SUNPOWER CORPORATION | KNOBBE MARTENS OLSON BEAR LLP MICHAEL K. FRIEDLAND AMY C. CHUN ALI S. RAZAI 2040 MAIN STREET, 14TH FLOOR IRVINE, CA 92614 -AND- KNOBBE MARTENS OLSON BEAR LLP BORIS ZELKIND 12790 EL CAMINO REAL SAN DIEGO, CA 92130 |
| SUPPLYSOURCE DC, LLC D/B/A RE \| DISTRICT | ARLINGTON COUNTY, VIRGINIA CIRCUIT COURT | SUPPLYSOURCE DC, LLC D/B/A RE \| DISTRICT | GLEN FRANKLIN KOONTZ, KOONTZ P.C. PO BOX 1176 BERRYVILLE, VA 22611 |
| TECHCORR USA MANAGEMENT, LLC D/B/A TECHCORR USA, LLC | IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS | TECHCORR USA MANAGEMENT, LLC D/B/A TECHCORR USA, LLC | WELSH LEBLANC LLP JARED G. LEBLANC MEGHAN K. FLANERY 8 GREENWAY PLAZA SUITE 1150 HOUSTON, TX 77046 |
| TERRASMART, LLC V. NVT LICENSES, LLC | MASSACHUSETTS STATE COURT | TERRASMART, LLC | ADAM BASCH, BACON WILSON P.C. 33 STATE STREET SPRINGFIELD, MA 01103 |
| TOYO TANSO | OREGON STATE COURT | TOYO TANSO USA, INC. | ATER WYNNE LLP ALEXANDRA M. SCHULMAN 1331 LOVEJOY STREET SUITE 900 PORTLAND, OR 97209-3280 |

13

| UNITED ELECTRIC SUPPLY CO. | MARYLAND STATE COURT | UNITED ELECTRIC SUPPLY CO., INC. | UNITED ELECTRIC SUPPLY CO., INC. 10 BELLECOR DRIVE NEW CASTLE, DE 19720 | JILL D. CARAVAGGIO 11116 INNSBROOK WAY SUITE B IJAMSVILLE, MD 21754 |
|---|---|---|---|---|
| USENKO V. SUNEDISON ET AL. (ERISA CLAIMS) | SDNY MDY (ORIGINALLY ED MISSOURI) | ALEXANDER USENKO | HARWOOD FEFFER LLP DANIELLA QUITT ROBERT I. HARWOOD TANYA KORKHOV 488 MADISON AVENUE NEW YORK, NY 10022 | WEINHAUS AND POTASHNICK MARK A. POTASHNICK 11500 OLIVE BOULEVARD SUITE 133 ST. LOUIS, MO 63141 |
| VALLEY HOME | MASSACHUSETTS STATE COURT | VALLEY HOME IMPROVEMENT, INC. | DAVID WILENSKY PO BOX 202 NORTHAMPTON, MA 01061 | |
| VAUGHN WIND | NEW MEXICO | J&K VICENTE LLC VICENTE RANCH CO., INC. JOE VICENTE | JONES, SNEAD, WERTHEIM & CLIFFORD, PA JERRY TODD WERTHEIM 1800 OLD PECOS TRAIL, PO BOX 2228 SANTA FE, NM 87504-2228 | |
| VIVINT SHAREHOLDER CLASS ACTIONS - BUSHANSKY | UTAH STATE COURT | STEPHEN BUSHANSKY | ABBOTT LAW FIR NELSON ABBOTT 3651 NORTH 100 EAST SUITE 350 PROVO, UT 84604 | WEISSLAW LLP RICHARD A. ACOCELLI MICHAEL ROGOVIN KELLY KEENAN 1500 BROADWAY 16TH FLOOR NEW YORK, NY 10036 |

14

| | | | | |
|---|---|---|---|---|
| VIVINT SHAREHOLDER CLASS ACTIONS - WILLIAMS | UTAH STATE COURT | ARNIE WILLIAMS | ABBOTT LAW FIRM NELSON ABBOTT 3651 NORTH 100 EAST SUITE 350 PROVO, UT 84604 | RIGRODSKY & LONG, P.A. SETH D. RIGRODSKY BRIAN D. LONG GINA M. SERRA JEREMY J. RILEY 2 RIGHTER PARKWAY, STE. 120, WILMINGTON, DE 19803<br><br>-AND-<br><br>RYAN & MANISKAS, LLP KATHARINE M. RYAN RICHARD A. MANISKAS 995 OLD EAGLE SCHOOL ROAD SUITE 311 WAYNE, PA 19087 |
| VIVINT V. SUNEDISON | DELAWARE CHANCERY | VIVINT SOLAR, INC. | WILSON SONSINI GOODRICH & ROSATI BRADLEY D. SORRELS WILLIAM CHANDLER SHANNON E. GERMAN IAN LISTON 222 DELAWARE AVENUE SUITE 800 WILMINGTON, DE 19801 | WILSON SONSINI GOODRICH & ROSATI BORIS FELDMAN STEVEN SCHATZ GIDEON SCHOR 650 PAGE MILL ROAD PALO ALGO, CA 94304-1050 |
| WEGEL V. VIVINT | NEW YORK STATE | BOBBI JO WEGEL MARC WEGEL | THE DRESSLER LAW FIRM PLLC RENTON D. BERSAUD 300 WEST 38TH SSTREET 3RD FLOOR NEW YORK, NY 10018 | |
| XTREME POWER | HAWAII | AIG SPECIALTY INSURANCE CO. F/K/A CHARTIS SPECIALTY INSURANCE CO. XTREME POWER, INC. XTREME POWER SYSTEMS, LLC XTREME POWER GROVE, LLC | AIG -C/O VALDEZ, WEINSTEIN, AND CUELLAR | |

15

| 21437/RD | INTERNATIONAL COURT OF ARBITRATION | | | |
|---|---|---|---|---|
| AGRAWAL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL, INC. | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: SHAWN A. WILLIAMS POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| AGRAWAL | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | TERRAFORM GLOBAL, INC. | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: SHAWN A. WILLIAMS POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| AIG | DISTRICT COURT EAGLE COUNTY, CO | | | |
| AIG PROPERTY CASUALTY COMPANY, AS SUBROGEE OF JOHN PAUL DEJORIA | DISTRICT COURT, COUNTY OF EAGLE, STATE OF COLORADO | | DWORKIN CHAMBERS & WILLIAMS YORK BENSON & EVANS P.C. ATTN: GERI O'BRIEN WILLIAMS & LACY A. SCOTT 3900 E. MEXICO AVE. STE. 1300 DENVER, CO 80210 | |
| ALBEMARLE CORP. | TEXAS | MEMC PASADENA, INC. | | |
| ALBEMARLE CORPORATION, ET AL. | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS | MEMC ELECTRONIC MATERIALS, INC. | | |
| AMAN MAHARAJ | ONTARIO SUPERIOR COURT OF JUSTICE, TORONTO, ONTARIO | | NATALIE MACDONALD RUDNER MACDONALD LLP 2 BLOOR ST W., SUITE 1005 TORONTO, ON M4W 3E2 CANADA | |

| | | | | |
|---|---|---|---|---|
| ANTON S. BADRI | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | TERRAFORM GLOBAL | FRANCIS A. BOTTINI JR. 7817 IVANHOE AVE. STE. 102 LA JOLLA, CA 92037 | |
| APPALOOSA INVESTMENT | COURT OF CHANCERY OF THE STATE OF DE | TERRAFORM POWER | DAVID J. MARGULES ELIZABETH A. SLOAN BALLARD SPAHR LLP 919 N. MARKET ST., 11TH FL. WILMINGTON, DE 19801-3034 | |
| APPALOOSA INVESTMENT LIMITED PARTNERSHIP I ET AL. | COURT OF CHANCERY OF THE STATE OF DE | | DAVID J. MARGULES ELIZABETH A. SLOAN BALLARD SPAHR LLP 919 N. MARKET ST., 11TH FL. WILMINGTON, DE 19801-3034 | |
| ARNIE WILLIAMS | UTAH STATE COURT | | ABBOTT LAW FIRM ATTN: NELSON ABBOTT 75 SOUTH 200 EAST PROVO, UT 84604 | RIGRODSKY & LONG, P.A. ATTN: SETH D. RIGRODSKY, BRIAN D. LONG GINA M. SERRA, JEREMY J. RILEY 2 RIGHTER PARKWAY, SUITE 120 WILMINGTON, DE 19803 -AND- RYAN & MANISKAS, LLP ATTN: KATHARINE M. RYAN, RICHARD A. MANISKAS 995 OLD EAGLE SCHOOL ROAD, SUITE 311 WAYNE, PA 19087 |
| ATLANTIC SPECIALITY INSURANCE CO. | US DISTRICT COURT, EASTERN DISTRICT OF MISSOURI | | CLAYBORNE SABO & WAGNER LLP ATTN: JOHN SABO 525 W MAIN ST., SUITE 105 BELLEVILLE, IL 62220 | |
| ATLANTIC SPECIALTY INSURANCE COMPANY | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | | CLAYBORNE SABO & WAGNER LLP ATTN: JOHN SABO 525 W MAIN ST., SUITE 105 BELLEVILLE, IL 62220 | |
| BADRI | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL, INC. | FRANCIS A. BOTTINI JR. 7817 IVANHOE AVE. STE. 102 LA JOLLA, CA 92037 | |

17

| | | | | |
|---|---|---|---|---|
| BEASLEY | JAMS ARBITRATION - NEW YORK CITY, NY | | RITZ CLARK & BEN-ASHER LLP ATTN: JONATHAN BEN-ASHER 59 MAIDEN LANE, 39TH FLOOR NEW YORK, NY 10038-4668 | |
| BELTRAN | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | TERRAFORM GLOBAL, INC. | SCOTT + SCOTT ATTORNEYS AT LAW LLP ATTN: JOHN T. JASNOCH 707 BROADWAY, SUITE 1000 SAN DIEGO, CA 92101 | |
| BELYEA | COURT OF CHANCERY OF THE STATE OF DELAWARE | VIVINT SOLAR, INC. | KAHN SWICK & FOTI, LLC ATTN: MICHAEL J. PALESTINA 206 COVINGTON ST. MADISONVILLE, LA 70447 | ANDREWS & SPRINGER LLC ATTN: PETER B. ANDREWS, CRAIG J. SPRINGER 3801 KENNETT PIKE BUILDING C, SUITE 305 WILMINGTON, DE 19807 |
| BINGHAM WIND PROJECT, MAINE | MAINE DEPARTMENT OF ENVIRONMENTAL PROTECTION (MDEP) | | | |
| BLOOM | CA SUPERIOR COURT, SAN MATEO COUNTY | | SCOTT + SCOTT ATTORNEYS AT LAW LLP ATTN: JOHN T. JASNOCH, DONALD BROGGI, T LAUGHLIN JOSEPH HALLORAN, DAVID SCOTT 707 BROADWAY SUITE 1000 SAN DIEGO, CA 92101 | |
| BLOOM ET AL | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | | SCOTT + SCOTT ATTORNEYS AT LAW LLP ATTN: JOHN T. JASNOCH, DONALD BROGGI, T LAUGHLIN JOSEPH HALLORAN, DAVID SCOTT 707 BROADWAY SUITE 1000 SAN DIEGO, CA 92101 | |
| BOBBIE JO WEGEL | SUFFOLK COUNTY SUPERIOR COURT, MA | | THE DRESSLER LAW FIRM PLLCATTN: RENTON D. BERSAUD300 W 38TH S ST.3RD FL.NEW YORK, NY 10018 | |

18

| | | | |
|---|---|---|---|
| BROUHA | U.S. DISTRICT COURT, DISTRICT OF VERMONT (SHEFFIELD COURT) AND STATE OF VERMONT PUBLIC SERVICE BOARD | VERMONT WIND, LLC | DENISE ANDERSON, PLLC 85 N. MAIN ST., SUITE 245 WHITE RIVER JUNCTION, VT 05001 |
| BROUHA | UNITED STATES DISTRICT COURT FOR THE  DISTRICT OF VERMONT | VERMONT WIND, LLC | DENISE ANDERSON, PLLC 85 N. MAIN ST., SUITE 245 WHITE RIVER JUNCTION, VT 05001 |
| BRYAN MARTINEZ | CALIFORNIA STATE COURT | | STEVENS & MCMILLAN ATTN: HEATHER MCMILLAN, DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 |
| BRYAN MARTINEZ | CALIFORNIA STATE COURT - 30-2016-00844937 | | STEVENS & MCMILLAN ATTN: HEATHER MCMILLAN, DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 |
| BRYAN MARTINEZ | CALIFORNIA STATE COURT - 30-2016-00844937-CU-OE-CJC | | STEVENS & MCMILLAN ATTN: HEATHER MCMILLAN, DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 |
| BTG PACTUAL BRAZIL INFRASTRUCTURE FUND II LP ET AL. | SUPREME COURT OF THE STATE OF NEW YORK FOR THE COUNTY OF NEW YORK - CASE NO. 16-650676 | | QUINN EMMANUEL URQUHART & SULLIVAN LLP ATTN: ROBERTO SAHADE, MICHAEL CARLINSKY, TAI-HENG CHENG, JOHN H. CHUN 51 MADISON AVE. , 22ND FL. NEW YORK, NY 10010 |

| | | | | |
|---|---|---|---|---|
| BTG PACTUAL BRAZIL INFRASTRUCTURE FUND, ET AL | SUPREME COURT OF THE STATE OF NY, COUNTY OF NY - INDEX NO. 650676/2016 | | QUINN EMMANUEL URQUHART & SULLIVAN LLP ATTN: ROBERTO SAHADE, MICHAEL CARLINSKY, TAI-HENG CHENG, JOHN H. CHUN 51 MADISON AVE. , 22ND FL. NEW YORK, NY 10010 | |
| BUSHANSKY | FOURTH JUDICIAL DISTRICT COURT UTAH | SEV MERGER SUB, INC., ET AL | WEISSLAW LLP ATTN: RICHARD A. ACOCELLI, MICHAEL ROGOVIN KELLY KEENAN 1500 BROADWAY, 16TH FLOOR NEW YORK, NY 10036 | |
| CA UNEMPLOYMENT INSURANCE CODE COMPLIANCE | EMPLOYMENT DEVELOPMENT DEPARTMENT, STATE OF CALIFORNIA (EDD) | | | |
| CA  COMPLIANCE UNEMPLOYMENT INSURANCE REVIEW CODE COMPLIANCE | EMPLOYMENT DEVELOPMENT DEPARTMENT, STATE OF CALIFORNIA (EDD) | | | |
| CANEZ | COURT OF CHANCERY OF THE STATE OF DELAWARE | BUTTERFIELD, ET AL. | FARUQI & FARUQI LLP ATTN: JUAN E. MONTEVERDE & JAMES M. WILSON, JR. 369 LEXINGTON AVE, 10TH FL. NEW YORK, NY 10017 | FARUQI & FARUQI LLP ATTN: JAMES R. BANKO, DERRICK B. FARRELL 20 MONTCHANIN RD, SUITE 145 WILMINGTON, DE 19807 |
| CAPLES AND ROMERO | COURT OF CHANCERY OF THE STATE OF DELAWARE | VIVINT SOLAR, INC. | FRIEDMAN OSTER & TEJTEL PLLC ATTN: JEREMY S. FRIEDMAN SPENSER OSTER, DAVID TEJTEL 240 EAST 79TH STREET, SUITE A NEW YORK, NY 10075 | ANDREWS & SPRINGER LLC ATTN: PETER B. ANDREWS, CRAIG J. SPRINGER 3801 KENNETT PIKE BUILDING C, SUITE 305 WILMINGTON, DE 19807 |
| CARLOS A. COELHO D/B/A COELHO & SONS STONEWALLS | MASSACHUSETTS DISTRICT COURT - 1:15-CV-11927-RWZ | | | |

| | | | |
|---|---|---|---|
| CARLOS COELHO, D/B/A/ COELHO & SONS STONEWALLS | MASSACHUSETTS DISTRICT COURT - 15-CV-11927-RWZ | | |
| CHARLES BLOOM & SHARON BURNSTEIN | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | SCOTT + SCOTT ATTORNEYS AT LAW LLP ATTN: JOHN T. JASNOCH, DONALD BROGGI, T LAUGHLIN JOSEPH HALLORAN, DAVID SCOTT 707 BROADWAY SUITE 1000 SAN DIEGO, CA 92101 | |
| COBALT PARTNERS, LP, ET AL | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 94104 | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| COBALT PARTNERS, LP, ET AL. | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 94104 | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| CREAM HILL CLEAN ENERGY, LLC | U. S. DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT - 3:16-CV-00291-JAM | PAWA LAW GROUP, P.C. ATTN: MATTHEW F. PAWA & WESLEY KELMAN 1280 CENTRE STREET, SUITE 230 NEWTON CENTRE, MA 02459 | NEAL I. MOSKOW URY & MOSKOW LLC 883 BLACK ROCK TURNPIKE FAIRFIELD, CT 06825 |
| CREAM HILL CLEAN ENERGY, LLC | U.S. DISTRICT COURT FOR THE STATE OF CONNECTICUT - CASE NO. 16-CV-00291 | PAWA LAW GROUP, P.C. ATTN: MATTHEW F. PAWA & WESLEY KELMAN 1280 CENTRE STREET, SUITE 230 NEWTON CENTRE, MA 02459 | NEAL I. MOSKOW URY & MOSKOW LLC 883 BLACK ROCK TURNPIKE FAIRFIELD, CT 06825 |

| | | | |
|---|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI - CASE NO.14-CV-01078 | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLPATTN: ADAM K. MORTARA, JOHN C. FITZPATRICK,TULSI E. GAONKAR54 WEST HUBBARD STREET, SUITE 300CHICAGO, IL 60654-AND-ASHBY & GEDDESATTN: STEPHEN J. BALICK, LAUREN E. MAGUIRE,ANDREW C. MAYO500 DELAWARE AVENUE, PO BOX 1150WILMINGTON, DE 19899 |
| E.I. DU PONT DE NEMOURS AND COMPANY | US DISTRICT COURT, DISTRICT OF DELAWARE  - 1:14-CV-01078-SLR | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP ATTN: ADAM K. MORTARA, JOHN C. FITZPATRICK, TULSI E. GAONKAR 54 WEST HUBBARD STREET, SUITE 300 CHICAGO, IL 60654 -AND- ASHBY & GEDDES ATTN: STEPHEN J. BALICK, LAUREN E. MAGUIRE, ANDREW C. MAYO 500 DELAWARE AVENUE, PO BOX 1150 WILMINGTON, DE 19899 |

| | | | | |
|---|---|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY | US DISTRICT COURT, DISTRICT OF DELAWARE  - 14-CV-01078-SLR | | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP ATTN: ADAM K. MORTARA, JOHN C. FITZPATRICK, TULSI E. GAONKAR 54 WEST HUBBARD STREET, SUITE 300 CHICAGO, IL 60654 -AND- ASHBY & GEDDES ATTN: STEPHEN J. BALICK, LAUREN E. MAGUIRE, ANDREW C. MAYO 500 DELAWARE AVENUE, PO BOX 1150 WILMINGTON, DE 19899 |
| EASTERN MAINE ELECTRIC COOPERATIVE, INC. | BUSINESS AND CONSUMER COURT, STATE OF MAINE, CUMBERLAND COUNTY | FIRST WIND HOLDINGS, LLC  FIRST WIND NORTHEAST COMPANY, LLC  NORTHEAST WIND PARTNERS II, LLC  STETSON WIND HOLDINGS COMPANY, LLC | | |
| ECKA GRANULES OF AMERICA LLC, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, ORANGEBURG DIVISION | MEMC ELECTRONIC MATERIALS, INC. MEMC PASADENA, INC. | SOWELL GRAY STEPP & LAFFITTE LLC ROBERT E. STEPP, BENJAMIN R. GOODING 1310 GADSDEN ST. COLUMBIA, SC 29201 | |
| ECKA GRANULES OF AMERICA, LLC | SOUTH CAROLINA FEDERAL | MEMC ELECTRONIC MATERIALS, INC. | SOWELL GRAY STEPP & LAFFITTE LLC ROBERT E. STEPP, BENJAMIN R. GOODING 1310 GADSDEN ST. COLUMBIA, SC 29201 | |

| | | | | |
|---|---|---|---|---|
| EMPLOYEE RETIREMENT INCOME SECURITY ACT LITIGATION (JONES, USENKO, LINTON, WHEELER, DULL) | US DISTRICT COURT, EASTERN DISTRICT OF MISSOURI | | | |
| EVOLVE SOLAR | UTAH STATE COURT | | EVAN S. STRASSBERG, MICHAEL BEST & FRIEDRICK, LLP 6995 SOUTH UNION PARK CENTER, SUITE 100 SALT LAKE CITY, UT 98047 | |
| EVOLVE SOLAR, INC., ET AL. | FOURTH DISTRICT COURT - UTAH COUNTY, UT | | EVAN S. STRASSBERG, MICHAEL BEST & FRIEDRICK, LLP 6995 SOUTH UNION PARK CENTER, SUITE 100 SALT LAKE CITY, UT 98047 | |
| FIRST WIND ENERGY | AAA | FIRST WIND HOLDINGS, LLC KAHUKU WIND POWER, LLC KAHEAWA WIND POWER II, LLC | | |
| FORTIS ADVISORS LLC ET AL. | CALIFORNIA STATE COURT | | GOODWIN PROCTOR LLP ATTN: MICHAEL T. JONES 135 COMMONWEALTH DR. MENLO PARK, CA 94025-1105 | GOODWIN PROCTOR LLP ATTN: HAYES P. HYDE THREE EMBARCADERO CENTER, 24TH FL. SAN FRANCISCO, CA 94111-9991 |
| FORTIS ADVISORS, LLC ET AL, | SUPERIOR COURT OF CA, COUNTY OF SAN FRANCISCO | | GOODWIN PROCTOR LLP ATTN: MICHAEL T. JONES 135 COMMONWEALTH DR. MENLO PARK, CA 94025-1105 | GOODWIN PROCTOR LLP ATTN: HAYES P. HYDE THREE EMBARCADERO CENTER, 24TH FL. SAN FRANCISCO, CA 94111-9991 |
| FRASER ET AL. | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL | GLANCY PRONGAY & MURRAY LLP ATTN: LIONEL Z. GLANCY ROBERT V. PRONGAY LESLEY F. PORTNOY 1925 CENTURY PARK EAST, STE. 2011 LOS ANGELES, CA 90067 | |
| GAMMA ENERGY LIMITED | HIGH COURT OF JUSTICE /CHANCERY DIVISION (UK) | | | |

| | | | |
|---|---|---|---|
| GAMMA ENERGY LIMITED | UNITED KINGDOM | | |
| GLENVIEW CAPITAL PARTNERS, L.P. | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO - CASE NO. 537971 | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLPATTN: DENNIS HERMAN & DAVID HALLPOST MONTGOMERY CENTERONE MONTGOMERY STREET, SUITE 1800SAN FRANCISCO, CA 92104-AND-ROBBINS GELLER RUDMAN & DOWD LLPATTN: DARREN ROBBINS, JAMES JACONETTEJENNIFER CARINGAL655 W BROADWAY SUITE 1900SAN DIEGO, CA 92101 |
| GLENVIEW CAPITAL PARTNERS, L.P. ET AL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO - CASE NO.16-CV-02264 | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][04981] | | |

| | | | | |
|---|---|---|---|---|
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][535963] | | | |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][536045] | | | |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][536536] | | | |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][536788] | | | |
| GOLDEN | MONTGOMERY COUNTY MARYLAND STATE COURT - CASE NO. 16-CV-01423 | CHATILA | MURPHY FALCON & MURPHY ATTN: WILLIAM H. MURPHY III ONE S ST. 23RD FL. BALTIMORE, MD 21202 | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 |
| GOLDEN | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND - CASE NO. 414172V | CHATILA | MURPHY FALCON & MURPHY ATTN: WILLIAM H. MURPHY III ONE S ST. 23RD FL. BALTIMORE, MD 21202 | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 |

| | | | | |
|---|---|---|---|---|
| GRAND JUDY | SOUTHERN DISTRICT OF NEW YORK | | | |
| GREENE TWEED | DISTRICT COURT OF HARRIS COUNTY, TX | | MCGUIRE WOODS LLP ATTN: THOMAS M. FARRELL 600 TRAVIS STREET, SUITE 7500 HOUSTON, TX 77022 | |
| GREENE TWEED & CO. | TEXAS STATE COURT | MEMC PASADENA, INC. | MCGUIRE WOODS LLP ATTN: THOMAS M. FARRELL 600 TRAVIS STREET, SUITE 7500 HOUSTON, TX 77022 | |
| GULF COAST KAPROC, INC. ET AL. | 164TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TX | MEMC PASADENA, INC. ALBEMARLE CORP. | GRAY REED & MCGRAW P.C. ATTN: JOE VIRENE 1300 POST OAK BLVD., SUITE 2000 HOUSTON, TX 77056 | |
| HELLIGE | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | CHATILA | THE ROSEN LAW FIRM, P.A. ATTN: PHILLIP KIM & LAURENCE ROSEN 275 MADISON AVENUE, 34TH FLOOR NEW YORK, NY 10016 | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 -AND- WEHRLE LAW LLC ATTN: CHRIS WEHRLE 9909 CLAYTON RD SUITE 226 ST. LOUIS, MO 63124 |
| HIVE ENERGY LIMITED | UK | | | |

27

| | | | | |
|---|---|---|---|---|
| HOROWITZ, ET AL. | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | | THE ROSEN LAW FIRM, P.A.ATTN: PHILLIP KIM & LAURENCE ROSEN275 MADISON AVENUE, 34TH FLOORNEW YORK, NY 10016 | GARDY AND NOTIS, LLPATTN: MARK GRADYTOWER 56126 EAST 56TH STREET, 8TH FLOORNEW YORK, NY 10024-AND-CAREY, DANIS & LOWE LLCATTN: JAMES ROSEMERGY8235 FORSYTHSTE. 1100ST. LOUIS, MO 63105-AND-WEHRLE LAW LLCATTN: CHRIS WEHRLE9909 CLAYTON RDSUITE 226ST. LOUIS, MO 63124 |
| HYUNG SUN SONG | ORANGE COUNTY SUPERIOR COURT, CALIFORNIA | ECHOFIRST FINANCE CO., LLC SUNEDISON RESIDENTIAL SERVICES, LLC AMERITECH CONSTRUCTION, INC. JAE HYUNG KIM RACHEL KIM | STEPHEN P. LAMB 9741 BOLSA AVE., SUITE 204 WESTMINSTER, CA 92683 | |
| IRON WORKERS MID-SOUTH PENSION FUND | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL | FRANCIS A. BOTTINI JR. 7817 IVANHOE AVE. STE. 102 LA JOLLA, CA 92037 | |
| J&K VICENTE, LLC, VICENTE RANCH CO., INC., & JOE M. VICENTE | FIRST JUDICIAL DISTRICT COURT, COUNTY OF SANTA FE, NEW MEXICO | VAUGHN WIND, LLC FIRST WIND ENERGY, LLC FIRST WIND HOLDINGS, LLC MATTHEW DESMOND | | |
| JACKSON | CIRCUIT COURT OF THE STATE OF MISSOURI, ST. LOUIS COUNTY | ALVAREZ | HYNES KELLER & HERNANDEZ, LLC, ATTN: MICHAEL J. HYNES 3070 BRISTOL PIKE, SUITE 112 1150 FIRST AVENUE, SUITE 501 KING OF PRUSSIA, PA 19406 | COSGROVE LAW GROUP LLC ATTN: DANIEL V. CONLISK 7733 FORSYTH BLVD., SUITE 1675 ST. LOUIS, MO 63105 |

| JACKSON | ST. LOUIS COUNTY, MO | ALVAREZ | HYNES KELLER & HERNANDEZ, LLC, ATTN: MICHAEL J. HYNES 3070 BRISTOL PIKE, SUITE 112 1150 FIRST AVENUE, SUITE 501 KING OF PRUSSIA, PA 19406 | COSGROVE LAW GROUP LLC ATTN: DANIEL V. CONLISK 7733 FORSYTH BLVD., SUITE 1675 ST. LOUIS, MO 63105 |
|---|---|---|---|---|
| JERRY JONES AND MANUEL ACOSTA | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | MEMC ELECTRONIC MATERIALS, INC., ET AL | GAINEY MCKENNA & EGLESTON ATTN: THOMAS J. MCKENNA 440 PARK AVE SOUTH, 5TH FLOOR NEW YORK, NY 10016 | DYSART TAYLOR COTTER MCMONIGLE & MONTEMORE P.C. ATTN: DON R. LOLLI 4420 MADISON AVE., SUITE 200 KANSAS CITY, MO 64111 |
| JONES AND ACOSTA | U. S. DISTRICT COURT, EASTERN DISTRICT OF MO, EASTERN DIVISION | | GAINEY MCKENNA & EGLESTON ATTN: THOMAS J. MCKENNA 440 PARK AVE SOUTH, 5TH FLOOR NEW YORK, NY 10016 | DYSART TAYLOR COTTER MCMONIGLE & MONTEMORE P.C. ATTN: DON R. LOLLI 4420 MADISON AVE., SUITE 200 KANSAS CITY, MO 64111 |
| JULIE DULL AND ERIC O'DAY ET AL. | UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MO, EASTERN DIVISION | | BOTTINI & BOTTINI, INC. ATTN: FRANCIS A. BOTTINI, JR. 7817 IVANHOE AVENUE, SUITE 102 LA JOLLA, CA 92037 | THE HEINLAW LAW FIRM LLC ATTN: RICHARD B. HEIN 7750 CLAYTON RD. SUITE 102 ST. LOUIS, MO 63117 |
| KERN SOLAR LLC, SUNE P11L HOLDINGS LLC | PENNSYLVANIA STATE COURT | | VENZIE, PHILLIPS & WARSHAWER ATTN: BRUCE L. PHILLIPS 2032 CHANCELLOR STREET PHILADELPHIA, PA 19103 | |
| KUREHA AMERICA, INC. | JAMS ARBITRATION - NEW YORK CITY, NY | | | |
| LAKOFF | CIRCUIT COURT OF THE STATE OF MISSOURI, ST. LOUIS COUNTY - CASE NO. 16SL-CC00299 | CHATILA | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 | WEHRLE LAW LLC ATTN: CHRIS WEHRLE 9909 CLAYTON RD SUITE 226 ST. LOUIS, MO 63124 |
| LAKOFF | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI - CASE NO. 16-CV-00727 | CHATILA | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 | WEHRLE LAW LLC ATTN: CHRIS WEHRLE 9909 CLAYTON RD SUITE 226 ST. LOUIS, MO 63124 |

| | | | | |
|---|---|---|---|---|
| LAKOFF MO. STATE DERIVATIVE | 16SL-CC00299 | | THE BROWN LAW FIRM, P.A.<br>ATTN: TIMOTHY W. BROWN<br>127A COVE ROAD<br>OYSTER BAY COVE, NY 11771 | WEHRLE LAW LLC<br>ATTN: CHRIS WEHRLE<br>9909 CLAYTON RD<br>SUITE 226<br>ST. LOUIS, MO 63124 |
| LATIN AMERICAN POWER (BTG PACTUAL BRAZIL INFRASTRUCTURE FUND II, LP, ET AL. | ICC & NY STATE COURT | | QUINN EMMANUEL URQUHART & SULLIVAN LLP<br>ATTN: ROBERTO SAHADE, MICHAEL CARLINSKY<br>TAI-HENG CHENG, JOHN H. CHUN<br>51 MADISON AVE. , 22ND FL.<br>NEW YORK, NY 10010 | |
| LICENSE CONDITION 16 | TX DEPT. OF STATE HEALTH SERVICES | | | |
| LINTON | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | | FRIEDMAN OSTER & TEJTEL PLLC<br>ATTN: JEREMY S. FRIEDMAN<br>SPENSER OSTER, DAVID TEJTEL<br>240 EAST 79TH STREET, SUITE A<br>NEW YORK, NY 10075 | WEINHAUS & POTASHNICK<br>ATTN: MARK POTASHNICK<br>11500 OLIVE BLVD., SUITE 133<br>ST. LOUIS, MO 61341 |
| MAHARAJ | CANADA | | NATALIE MACDONALD RUDNER MACDONALD LLP<br>2 BLOOR ST W., SUITE 1005<br>TORONTO, ON M4W 3E2<br>CANADA | |
| MALLINGER | CIRCUIT COURT OF THE STATE OF MISSOURI, ST. LOUIS COUNTY | CHATILA | JOHNSON & WEAVER, LLPATTN: MICHAEL I. FISTEL40 POWDER SPRINGS STREETMARIETTA, GA 30064 | LAW OFFICES OF JOSEPH V. NEILLATTN: JOSEPH V. NEILL5201 HAMPTON AVE.ST. LOUIS, MO 63109 |
| MALLINGER | ST. LOUIS COUNTY, MO | CHATILA | JOHNSON & WEAVER, LLP<br>ATTN: MICHAEL I. FISTEL<br>40 POWDER SPRINGS STREET<br>MARIETTA, GA 30064 | LAW OFFICES OF JOSEPH V. NEILL<br>ATTN: JOSEPH V. NEILL<br>5201 HAMPTON AVE.<br>ST. LOUIS, MO 63109 |
| MALLINGER | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI - CASE NO. 16-CV-00732 | CHATILA | JOHNSON & WEAVER, LLP<br>ATTN: MICHAEL I. FISTEL<br>40 POWDER SPRINGS STREET<br>MARIETTA, GA 30064 | LAW OFFICES OF JOSEPH V. NEILL<br>ATTN: JOSEPH V. NEILL<br>5201 HAMPTON AVE.<br>ST. LOUIS, MO 63109 |

| MARATHON CAPITAL, INC. | AMERICAN ARBITRATION ASSOCIATION - SAN FRANCISCO, CA | FIRST WIND HOLDINGS, LLC | |
|---|---|---|---|
| MARATHON CAPITAL, LLC | AAA | FIRST WIND HOLDINGS, LLC | |
| MARTINEZ B. EVOLVE SOLAR, INC | SUPERIOR COURT OF CA, ORANGE COUNTY | | STEVENS & MCMILLAN ATTN: HEATHER MCMILLAN, DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 |
| MEMC PASADENA, INC. | U. S. DISTRICT COURT OF THE SOUTHERN DISTRICT OF TX, HOUSTON DIVISION | ALBEMARLE CORPORATION | |
| MERIDIAN | COMMONWEALTH OF MASSACHUSETTS, SUPERIOR COURT | | MICLANE MIDDLETON P.A. ATTN: ANDREW P. BOTTI 300 TRADE CENTER SUITE 7000 WOBURN, MA 01801 |
| MERIDIAN ASSOCIATES, INC. | CANADA | | MICLANE MIDDLETON P.A. ATTN: ANDREW P. BOTTI 300 TRADE CENTER SUITE 7000 WOBURN, MA 01801 |
| MICHAEL PETRAN | INDEMNIFICATION/ WORKERS' COMP CLAIM | | LAURENCE M. ROSEN THE ROSEN LAW FIRM P.A. 355 S. GRAND AVE. SUITE 2450 LOS ANGELES, CA 90071 |
| MICHELE BEASLEY | JAMS | | RITZ CLARK & BEN-ASHER LLP ATTN: JONATHAN BEN-ASHER 59 MAIDEN LANE, 39TH FLOOR NEW YORK, NY 10038-4668 |

31

| MITESH PATEL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL | LAURENCE M. ROSEN THE ROSEN LAW FIRM P.A. 355 S. GRAND AVE. SUITE 2450 LOS ANGELES, CA 90071 | |
| --- | --- | --- | --- | --- |
| MOODIE | EASTERN DISTRICT OF MO | | POMERANTZ LLP ATTN: JEREMY A. LIEBERMAN, J. ALEXANDER HOOD II, MAC GORRIE 600 THIRD AVENUE, 20TH FLOOR NEW YORK, NY 10016 | CUNEO GILBERT & LADUCA LLP ATTN: MICHAEL J. FLANNERY 7733 FORSYTH BLVD., SUITE 1675 ST. LOUIS, MO 63106 |
| MOODIE | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | | POMERANTZ LLP ATTN: JEREMY A. LIEBERMAN, J. ALEXANDER HOOD II, MAC GORRIE 600 THIRD AVENUE, 20TH FLOOR NEW YORK, NY 10016 | CUNEO GILBERT & LADUCA LLP ATTN: MICHAEL J. FLANNERY 7733 FORSYTH BLVD., SUITE 1675 ST. LOUIS, MO 63106 |
| MSSA S.A.S. | DISTRICT COURT OF HARRIS COUNTY, TX 333 JUDICIAL DISTRICT | MSSA CO., CORP | MURPHY & MCGONIGLE P.C. ATTN: STEVEN D. FELDMAN, BARRY S. GOLD 1185 AVE. OF THE AMERICAS, 21ST FL. NEW YORK, NY 10036 | SHIPLEY SNELL MONTGOMERY LLP ATTN: LAINA R. MILLER 712 MAIN ST., SUITE 1400 HOUSTON, TX 77002 |
| MSSA S.A.S. | ICC | MSSA COMPANY CORPORATION | MURPHY & MCGONIGLE P.C. ATTN: STEVEN D. FELDMAN, BARRY S. GOLD 1185 AVE. OF THE AMERICAS, 21ST FL. NEW YORK, NY 10036 | SHIPLEY SNELL MONTGOMERY LLP ATTN: LAINA R. MILLER 712 MAIN ST., SUITE 1400 HOUSTON, TX 77002 |
| MTW RESOURCES, LLC | DELAWARE CHANCERY COURT | FIRST WIND HOLDINGS, LLC FIRST WIND UTAH HOLDINGS, LLC FIRST WIND CAPITAL, LLC | | |
| NORENE FRENCH | US DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA | | BURSOR & FISHER P.A. | BURSOR & FISHER P.A. ATTN: TIMOTHY FISHER, ANNICK M. PERSINGER YEREMEY O. KRIVOSHEY 1990 N. CALIFORNIA BLVD. WALNUT CREEK, CA 94596 |

| | | | |
|---|---|---|---|
| NORENE FRENCH, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | U.S. DISTRICT COURT, EASTERN DISTRICT OF CA | BURSOR & FISHER P.A. | BURSOR & FISHER P.A. ATTN: TIMOTHY FISHER, ANNICK M. PERSINGER YEREMEY O. KRIVOSHEY 1990 N. CALIFORNIA BLVD. WALNUT CREEK, CA 94596 |
| NPDES STORM WATER DISCHARGE GENERAL PERMIT 1200-COLS | OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY , 811 SW SIXTH AVENUE, PORTLAND, OREGON, 97204-1390 | | |
| OKLAHOMA FIREFIGHTERS PENSION AND RET. SYS. | SUPERIOR COURT OF CA, SAN MATEO COUNTY - [NO. CIV 537965] | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 |

| | | | |
|---|---|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA - CASE NO. 16-CV-02267 | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLPATTN: DARREN ROBBINS, JAMES JACONETTEJENNIFER CARINGAL655 W BROADWAY SUITE 1900SAN DIEGO, CA 92101-AND-ROBBINS GELLER RUDMAN & DOWD LLPATTN: DENNIS HERMAN & DAVID HALLPOST MONTGOMERY CENTERONE MONTGOMERY STREET, SUITE 1800SAN FRANCISCO, CA 92104 |
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM. | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO - CASE NO. CIV 537965 | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 |

| OMEGA CAPITAL INV., LP | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 |
|---|---|---|---|---|
| OMEGA CAPITAL INVESTORS, L.P. ET AL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 |
| PATEL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL, INC. | LAURENCE M. ROSEN THE ROSEN LAW FIRM P.A. 355 S. GRAND AVE. SUITE 2450 LOS ANGELES, CA 90071 | |

| | | | | |
|---|---|---|---|---|
| PAUL BROUHA | US DISTRICT COURT, DISTRICT OF VERMONT | VERMONT WIND, LLC NORTHEAST WIND PARTNERS II, LLC FIRST WIND HOLDINGS, LLC TERRAFORM POWER, INC. | DENISE ANDERSON, PLLC 85 N. MAIN ST., SUITE 245 WHITE RIVER JUNCTION, VT 05001 | |
| PCS PHOSPHATE COMPANY, INC. AND PCS SALES (USA), INC. | NORTH CAROLINA STATE COURT | | JONES DAY ATTN: PAULA S. QUIST 77 WEST WACKER DRIVE CHICAGO, IL 60601-1692 | PARKER POE ADAMS & BERNSTEIN LLP ATTN: CHARLES E. RAYNAL, IV PNC PLAZA 301 FAYETTEVILLE ST. , SUITE 1400 RALEIGH, NC 27601 |
| PRIME SOLAR SOURCE, LLC | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  CAMDEN COUNTY | TERRAFORM, INC. HUDSON ENERGY SOLAR CORP. | GLUCK WALRATH LLP ATTN: ANDREW BAYER 4428 RIVER VIEW PLAZA TRENTON, NJ 08611 | |
| PRIME SOLAR SOURCE, LLC | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CAMDEN COUNTY | TERRAFORM, INC. HUDSON ENERGY SOLAR CORP. | GLUCK WALRATH LLP ATTN: ANDREW BAYER 4428 RIVER VIEW PLAZA TRENTON, NJ 08611 | |
| REDISTRICT | IN THE CIRCUIT COURT FOR ARLINGTON COUNTY, VA | | | |
| RICHARD WHEELER ET AL. | UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MO, EASTERN DIVISION | | GAINEY MCKENNA & EGLESTON ATTN: THOMAS J. MCKENNA, GREGORY M. EGLESTON 440 PARK AVENUE SOUTH NEW YORK, NY 10016 | |
| ROBERT LINTON, ET AL. | UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MO, EASTERN DIVISION | | FRIEDMAN OSTER & TEJTEL PLLC ATTN: JEREMY S. FRIEDMAN SPENSER OSTER, DAVID TEJTEL 240 EAST 79TH STREET, SUITE A NEW YORK, NY 10075 | WEINHAUS & POTASHNICK ATTN: MARK POTASHNICK 11500 OLIVE BLVD., SUITE 133 ST. LOUIS, MO 61341 |
| SEC | U.S. SECURITIES AND EXCHANGE COMMISSION - [MHO-12908] | | | |

| | | | | |
|---|---|---|---|---|
| SELECTIVE WAY INSRUANCE CO. A/S/O A&E CLOTHING CORP. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX VICINAGE | GREEN POWER DEVELOPERS, LLC 100 WESLEY WHITE REALTY, LLC JOSEPH A. MASSRE CONTRACTING, LLC ET AL. | | |
| SIMON FRASER ET AL. | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | TERRAFORM GLOBAL, INC. | GLANCY PRONGAY & MURRAY LLP ATTN: LIONEL Z. GLANCY ROBERT V. PRONGAY LESLEY F. PORTNOY 1925 CENTURY PARK EAST, STE. 2011 LOS ANGELES, CA 90067 | |
| SOLOMONEDWARDSGROUP, LLC | 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI | | VINCENT D. VOGLER TWO CITY PLACE DR., SUITE 150 P.O. BOX 419037 ST. LOUIS, MO 63141-9037 | |
| SOLOMONEDWARDSGROUP, LLC | MISSOURI STATE COURT | | VINCENT D. VOGLERTWO CITY PLACE DR., SUITE 150P.O. BOX 419037ST. LOUIS, MO 63141-9037 | |
| SONG | LA COUNTY SUPERIOR COURT, CA | ECHOFIRST | STEPHEN P. LAMB 9741 BOLSA AVE., SUITE 204 WESTMINSTER, CA 92683 | |
| SUNE SKY 13TH SIDEROAD LP AND SUNE SKY RYERSE LP | ONTARIO SUPERIOR COURT OF JUSTICE, TORONTO, ONTARIO | SUNEDISON CANADIAN CONSTRUCTION LP SUNEDISON CANADA, LLC MEMC ELECTRONIC MATERIALS, INC. | GLENN SMITH AND MELANIE BAIRD, LENCZNER SLAIGHT ROYCE SMITH GRIFFIN LLP 130 ADELAIDE ST. WEST SUITE 2600 TORONTO, ON M5H 3P5 CANADA | |
| SUNEDISON AND GLOBAL "DOUBLE DERIVATIVE" | CIRCUIT COURT, MONTGOMERY COUNTY, MD | (GOLDEN V. CHATILA, ET AL.) | MURPHY FALCON & MURPHY ATTN: WILLIAM H. MURPHY III ONE S ST. 23RD FL. BALTIMORE, MD 21202 | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 |
| SUNEDISON INDIVIDUAL SHAREHOLDER LAWSUITS | CA SUPERIOR COURT, SAN MATEO COUNTY - [CIV 537954] | (COBALT, OMEGA, GLENVIEW) | | |

37

| | | | | |
|---|---|---|---|---|
| SUNEDISON INDIVIDUAL SHAREHOLDER LAWSUITS | CA SUPERIOR COURT, SAN MATEO COUNTY - [CIV 537965] | (COBALT, OMEGA, GLENVIEW) | | |
| SUNEDISON INDIVIDUAL SHAREHOLDER LAWSUITS | CA SUPERIOR COURT, SAN MATEO COUNTY - [CIV 537971] | (COBALT, OMEGA, GLENVIEW) | | |
| SUNEDISON INDIVIDUAL SHAREHOLDER LAWSUITS | CA SUPERIOR COURT, SAN MATEO COUNTY - [CIV 537977] | (COBALT, OMEGA, GLENVIEW) | | |
| SUNEDISON SHAREHOLDER DERIVATIVE CASES | MISSOURI STATE COURT | MALINGER JACKSON LAKOFF HELLIGE | | |
| SUNEDISON SHAREHOLDER LITIGATION MISSOURI | US DISTRICT COURT, EASTERN DISTRICT OF MISSOURI | HOROWITZ MOODIE KUNZ | | |
| SUNEDISON, INC. F/K/A/ MEMC ELECTRONIC MATERIALS, INC. | GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION, STATE OF NORTH CAROLINA, COUNTY OF WAKE | PCS PHOSPHATE COMPANY, INC. PCS SALES (USA), INC. | JONES DAY ATTN: PAULA S. QUIST 77 WEST WACKER DRIVE CHICAGO, IL 60601-1692 | PARKER POE ADAMS & BERNSTEIN LLP ATTN: CHARLES E. RAYNAL, IV PNC PLAZA 301 FAYETTEVILLE ST. , SUITE 1400 RALEIGH, NC 27601 |
| SUNFUSION SOLAR & SANDY ELLARD | AAA | | | |
| SUNFUSION SOLAR, SANDY ELLARD | CONTRA COSTA SUPERIOR COURT | | | |
| SUPPLYSOURCE DC, LLC | VIRGINIA STATE COURT | | KOONTZ P.C. P.O. BOX 1176 BERRYVILLE, VA 22611 | |
| SUPPLYSOURCES DC, LLC, D/B/A/ RE DISTRICTV. | CIRCUIT COURT FOR ARLINGTON COUNTY, VA - [CASE NO. 013CL16000718-00] | | KOONTZ P.C. P.O. BOX 1176 BERRYVILLE, VA 22611 | |
| TAIMAX | TAIWAN | WOONGJIN ENERGY CO., LTD | | |

| | | | | |
|---|---|---|---|---|
| TERRAFORM GLOBAL, INC. | DELAWARE CHANCERY COURT | | SULLIVAN & CROMWELL LLP ATTN: ANDREW G. DIETDERICH, MICHAEL H. TORKIN JOHN L. HARDIMAN AND DAVID R. ZYLBERBERG 125 BROAD STREET NEW YORK, NY 10004 | SULLIVAN & CROMWELL LLP ATTN: RICHARD H. KLAPPER, BRIAN FRAWLEY WILLIAM H. WAGENER 125 BROAD STREET NEW YORK, NY 10004 -AND- YOUNG CONAWAY STARGATT & TAYLOR, LLP ATTN: MARTIN S. LESSNER, PAUL J. LOUGHMAN MERYEM Y. DEDE 1000 NORTH KING STREET WILMINGTON, DE 19801 |
| TERRAFORM GLOBAL, INC., | COURT OF CHANCERY OF THE STATE OF DELAWARE | | SULLIVAN & CROMWELL LLP ATTN: ANDREW G. DIETDERICH, MICHAEL H. TORKIN JOHN L. HARDIMAN AND DAVID R. ZYLBERBERG 125 BROAD STREET NEW YORK, NY 10004 | SULLIVAN & CROMWELL LLP ATTN: RICHARD H. KLAPPER, BRIAN FRAWLEY WILLIAM H. WAGENER 125 BROAD STREET NEW YORK, NY 10004 -AND- YOUNG CONAWAY STARGATT & TAYLOR, LLP ATTN: MARTIN S. LESSNER, PAUL J. LOUGHMAN MERYEM Y. DEDE 1000 NORTH KING STREET WILMINGTON, DE 19801 |
| TOYO TANSO USA, INC. | MULTNOMAH COUNTY CIRCUIT COURT | MEMC ELECTRONIC MATERIALS, INC., A DE CORP. SUNEDISON SEMICONDUCTOR, LLC | ATER WYNNE LLP ATTN: ALEXANDRA M. SCHULMAN 1331 NW LOVEJOY STREET, SUITE 900 PORTLAND, OR 97209-3280 | |
| TOYO TANSO USA, INC. | OREGON STATE COURT | | ATER WYNNE LLP ATTN: ALEXANDRA M. SCHULMAN 1331 NW LOVEJOY STREET, SUITE 900 PORTLAND, OR 97209-3280 | |

| | | | | |
|---|---|---|---|---|
| USENKO | EASTERN DISTRICT OF MO - [NO. 4:16-CV-00076-RWS] | | WEINHAUS & POTASHNICK ATTN: MARK POTASHNICK 11500 OLIVE BLVD. STE. 133 ST. LOUIS, MO 61341 | HARWOOD FEFFER LLP ATTN: ROBERT I. HARWOOD & TANYA KORKHOV 488 MADISON AVENUE NEW YORK, NY 10022 |
| USENKO | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI - CASE NO. 16-CV-00076 | | WEINHAUS & POTASHNICK ATTN: MARK POTASHNICK 11500 OLIVE BLVD. STE. 133 ST. LOUIS, MO 61341 | HARWOOD FEFFER LLP ATTN: ROBERT I. HARWOOD & TANYA KORKHOV 488 MADISON AVENUE NEW YORK, NY 10022 |
| VALLEY HOME IMPROVEMENT | MASSACHUSETTS STATE COURT | | DAVID WILENSKYP.O. BOX 202NORTHHAMPTON, MA 01061 | |
| VALLEY HOME IMPROVEMENT INC. | HAMPSHIRE COUNTY SUPERIOR COURT | | DAVID WILENSKY P.O. BOX 202 NORTHHAMPTON, MA 01061 | |
| VIVINT SOLAR, INC. | COURT OF CHANCERY OF THE STATE OF DE | SEV MERGER SUB, INC. | WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI ATTN: SHANNON E. GERMAN, IAN LISTON GINA M. SERRA, JEREMY J. RILEY 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 -AND- WILSON SONSINI GOODRICH & ROSATI ATTN: BORIS FELDMAN, STEVEN SCHATZ, GIDEON SCHOR 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 |

| | | | |
|---|---|---|---|
| VIVINT SOLAR, INC. | DELAWARE CHANCERY COURT | WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI ATTN: SHANNON E. GERMAN, IAN LISTON GINA M. SERRA, JEREMY J. RILEY 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 -AND- WILSON SONSINI GOODRICH & ROSATI ATTN: BORIS FELDMAN, STEVEN SCHATZ, GIDEON SCHOR 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 |
| WHEELER | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | GAINEY MCKENNA & EGLESTON ATTN: THOMAS J. MCKENNA, GREGORY M. EGLESTON 440 PARK AVENUE SOUTH NEW YORK, NY 10016 | DYSART TAYLOR COTTER MCMONIGLE & MONTEMORE P.C. ATTN: DON R. LOLLI 4420 MADISON AVE. KANSAS CITY, MO 64111 |
| WILLIAMS | DISTRICT COURT OF THE STATE OF UTAH, FOURTH JUDICIAL DISTRICT, UTAH COUNTY | ABBOTT LAW FIRM ATTN: NELSON ABBOTT 75 SOUTH 200 EAST PROVO, UT 84604 | RIGRODSKY & LONG, P.A. ATTN: SETH D. RIGRODSKY, BRIAN D. LONG GINA M. SERRA, JEREMY J. RILEY 2 RIGHTER PARKWAY, SUITE 120 WILMINGTON, DE 19803 -AND- RYAN & MANISKAS, LLP ATTN: KATHARINE M. RYAN, RICHARD A. MANISKAS 995 OLD EAGLE SCHOOL ROAD, SUITE 311 WAYNE, PA 19087 |

| | | |
|---|---|---|
| WISZCO, LLC | DISTRICT COURT, CLARK COUNTY NEVADA | FIRST WIND ENERGY, LLC RIVER MOUNTAINS SOLAR, LLC WILMINGTON TRUST CO. SP SERVS., INC., AKA AND/OR DBA WILMINGTON TRUST NAT. ASSOC., AKA AND/OR WILMINGTON TRUST CO. AMERICAS TERRAFORM UTILITY SOLAR XIX, LLC BOE BONDING COS., ET AL. |
| ZHONGHUAN HONG KONG HOLDING LIMITED | HONG KONG | |

## **Exhibit 7.6-4**

### Claims Related to Contracts and Leases

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action, based in whole or in part upon any and all contracts and leases to which the Debtors or Reorganized Debtors is a party or pursuant to which the Debtors or Reorganized Debtors has any rights whatsoever. The claims and Causes of Actions reserved include, without limitation, Causes of Action against utilities, vendors, suppliers of goods or services, insurance companies, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, insurance claims, recoupments, liens, or setoffs; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) for any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by the Debtors; (f) counterclaims and defenses related to any contractual obligations; (g) any turnover actions arising under section 542 or 543 of the Bankruptcy Code; (h) for unfair competition, interference with contract or potential business advantage, breach of contract, fraud, constructive breach, breach of actual/implied covenant of good faith and fair dealing, violation of confidentiality obligations, infringement of intellectual property, or any business tort claims; and (i) any accumulated service credits, both those that may apply to future vendor invoices and those from which the Debtors may be entitled to receive a refund.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

## **Exhibit 7.6-5**

### Claims Related to Vendor and Customer Obligations

Unless otherwise released by the Plan, or an order of the Bankruptcy Court the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all vendors that owe or may in the future owe money or other obligations to the Debtors or the Reorganized Debtors, whether for unpaid invoices; unreturned, missing, or damaged inventory; indemnification; warranties; any turnover actions arising under section 542 or 543 of the Bankruptcy Code; or any other matter whatsoever.

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all customers that owe or may in the future owe money to the Debtors or the Reorganized Debtors, whether for unpaid invoices; unreturned, missing, or damaged inventory, warranties, or any other matter whatsoever.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

**Exhibit 7.6-6**

Claims Related to Tax Credits and Refunds

Except as otherwise provided by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all local, state, federal and foreign taxing authorities that owe or that may in the future owe money to the Debtors or Reorganized Debtors, including claims for refunds of overpayments or other payments, provided, however, the Debtors expressly reserve all Causes of Action to the extent that they may be asserted as recoupment, setoff, counterclaims or otherwise reduce the claim of any taxing authorities who assert that the Debtors or Reorganized Debtors owe money to them.

## **Exhibit 7.6-7**

### Claims Related to Intellectual Property

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust any Causes of Action for unfair competition, licensing or licensing agreements, interference with contract or potential business advantage, conversion, infringement of intellectual property, or other business tort claims. Nothing in the Plan or the Plan Supplement shall impair, enlarge, or in any way alter the equitable and legal rights, obligations, and defenses of the Debtors, the Reorganized Debtors, the GUC/Litigation Trust, their affiliates or their subsidiaries regarding their intellectual property rights, and all rights with respect thereto are expressly reserved.

Notwithstanding the foregoing, any action or inaction by the Debtors, the Reorganized Debtors, the GUC/Litigation Trust, their affiliates or their subsidiaries with respect to intellectual property rights shall not be used, invoked, or applied by any Person in any proceeding to serve as the basis to enlarge, diminish, or in any way alter or affect equitable and legal rights, obligations, and defenses including, without limitation, through the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, other estoppels (judicial, equitable, or otherwise), naked license, unreasonable delay in asserting rights, adequate remedy at law, or laches, in any dispute regarding the intellectual property rights of the Debtors, the Reorganized Debtors, the GUC/Litigation Trust, their affiliates or their subsidiaries.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

**Exhibit 7.6-8**

Claims Related to Environmental Matters

Except as otherwise provided by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all Entities or potentially responsible parties that owe or that may in the future owe money to the Debtors or Reorganized Debtors arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies or suppliers of environmental services or goods, provided, however, the Debtors expressly reserve all Causes of Action to the extent that they may be asserted as setoff, recoupment, counterclaims, or otherwise reduce the claims of any Entities or potentially responsible parties who assert that the Debtors or Reorganized Debtors owe money to them.

**Exhibit 7.6-9**

Claims Related to Current or Former Employee Matters

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all claims, defenses, cross claims, and counterclaims against or related to all current or former employees that are party to or that may in the future become party to any actions, litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial, including but not limited to, claims related to intellectual property, confidentiality obligations, employment contracts, wage and benefit overpayments, travel, contractual covenants, workers' compensation, or any alleged employee wrongdoing or misconduct, provided, however, the Debtors expressly reserve all Causes of Action to the extent that they may be asserted as recoupment, setoff, counterclaims or may otherwise reduce the claim of any former or current employees who assert or may assert that the Debtors or Reorganized Debtors owe money to them.

## Exhibit 7.6-10

### Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 547, 548 and 550 of the Bankruptcy Code.

Except as otherwise provided by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all Entities for avoidance of prepetition transfers under sections 362, 502, 510, 542, 543, 547, 548, and 550 of the Bankruptcy Code (other than Avoidance Actions against the Yieldcos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors), regardless of whether such Entity is included on the schedule accompanying this Exhibit 7.6-10.

**For the avoidance of doubt, no Entity may rely on its omission from Exhibit 7.6-10 as any indication that the GUC/Litigation Trust will not pursue any and all available Causes of Action against them. The Debtors and the Reorganized Debtors expressly reserve and transfer to the GUC/Litigation Trust all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan.**

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

For the avoidance of doubt, pursuant to the D&O Settlement Agreement, which was approved by the Bankruptcy Court pursuant to an order of the Bankruptcy Court signed on June 28, 2017 [Docket No. 3453] (the "D&O Settlement Approval Order"), the only actions described in this Exhibit 7.6-10 that are preserved with respect to the Individual Defendants (as defined in the D&O Settlement Agreement) are preference actions that may be brought under section 547 of the Bankruptcy Code.  An asterisk ("*") appears next to the name of each such Individual Defendant listed on the schedule accompanying this Exhibit 7.6-10.  To the extent any provision in the Plan (including this Plan Supplement) is inconsistent with the terms of the D&O Settlement Agreement or the D&O Settlement Approval Order, the D&O Settlement Agreement or the D&O Settlement Approval Order, as applicable, shall control.

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Just Energy Group, Inc. | 6345 Dixie Rd #200 | | | | Mississauga | ON | L5T 2E6 | CA |
| 1111 19th Street Association | C/O Wachovia Bank | PO Box 75373 | | | Baltimore | MD | 21275-5373 | USA |
| 1st Alliance Energy Inc. | 1100 Melody Ln Ste 114-C | | | | Roseville | CA | 95678 | USA |
| 3Megawatt Gmbh | Buchberger Str. 1 | | | | Geretsried | Geretsried | 082538 | Germany |
| 7550Iad LLC | 200 South Orange Ave. Suite 1375 | | | | Orlando | FL | 32801 | USA |
| 76Sr, LLC | William J. Hanlon, Esq. | Two Seaport Lane, Suite 3 | | | Boston | MA | 02210 | USA |
| 8X8 Inc. | Dept. 8080 | | | | Los Angeles | CA | 90084-8080 | USA |
| A-1 Contractors | 8401 West Doe Avenue | | | | Visalia | CA | 93291 | USA |
| Abb Inc | 125 East County Line Rd | | | | Warminster | PA | 18974 | USA |
| Abogados Y Asesores S. De R.L. | Edificio Rofisa II | Col. Lomas del Guijarro Sur | Calle Barcelona, Bloque C, Lote 15 | | Honduras | | | HONDURAS |
| ABS Netcom, Inc. | 7034 Convoy Ct | | | | San Diego | CA | 92111-1017 | USA |
| Accent Design, PLLC | 184 C.R. Howard Road | | | | Loving | NM | 88256 | USA |
| Ace Industries Inc | 6295 Mcdonough Dr | | | | Norcross | GA | 30093 | USA |
| Adams, James E | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Addesa, Raymond Matthew | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Addleshaw Goddard | Milton Gate | 6 Chiswell Street | | | London | | EC1Y4AG | United Kingdom |
| Adecco Employment Services | Dept Ch 10838 | | | | Palatine | IL | 60055-0838 | USA |
| Adecco North America LLC | Dept Ch 10838 | | | | Palatine | IL | 60055-0838 | USA |
| Adecco Usa Inc | Dept Ch 10838 | | | | Palatine | IL | 60055-0838 | USA |
| Adler Tank Rentals | 95 123 Firmenich Way | | | | Newark | NJ | 07114 | USA |
| ADP, LLC | 1851 N. Resler | | | | El Paso | TX | 79912 | USA |
| Advanced Energy Renewables Inc | Dept La 23896 | | | | Pasadena | CA | 91185-3896 | USA |
| Advantech Corporation | 380 Fairview Way | | | | Milpitas | CA | 95035 | USA |
| Aerotek Inc | 3689 Collection Center Drive | | | | Chicago | IL | 60693 | USA |
| Aetna Life And Casualty Bermuda | 151 Farmington Ave | | | | Hartford | CT | 06156 | USA |
| Afco Credit Corp | Dept Ch 10265 | | | | Palatine | IL | 60055-0265 | USA |
| Agarwal, Sandeep | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Agile Consulting Co | 306 Blue Spruce Lane | | | | Glendale Heights | IL | 60139 | USA |
| Agilent Technologies Inc | PO Box 4026 | | | | Englewood | CO | 80155 | USA |
| Aguayo, Felix O | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Air Products & Chemicals | 5200 Blazer Parkway | | | | Dublin | OH | 43017 | USA |
| Akuo Energy SAS | 140 Av. des Champs-Élysées | | | | Paris | | 75008 | France |
| Alamosa County Treasurer | PO Box 659 | | | | Alamosa | CO | 81101 | USA |
| Albemarle Corp | 451 Florida St | | | | Baton Rouge | LA | 70801-1765 | USA |
| Albert Uresti, Mpa, Pcc | Bexar County Tax Assessor-Collect | P.O. Box 293 | | | San Antonio | TX | 78299-2903 | USA |
| Alejandro Hernandez* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Alico Farms, LLC | 55 Stevens Street | | | | Ludlow | MA | 01056 | USA |
| ALLCell Technologies, LLC | Jeremiah Schatt | 2321 W. 41st st. | | | Chicago | IL | 60609 | USA |
| Alliance Roofing Company Inc. | 630 Martin Avenue | | | | Santa Clara | CA | 95050 | USA |
| Allied Industrial Sales Inc | 3003 Pasadena Frwy Ste 100 | | | | Pasadena | TX | 77503 | USA |
| Allied Waste Svcs  Disposals | 5757A Oates Rd | | | | Houston | TX | 77078 | USA |
| Altai Capital Management, L.P. | 152 West 57th St | | | | New York | NY | 10019 | USA |
| Altran Innovacion, S.L. | C/ Campezo, 1 | | | | Madrid | | 28022 | Spain |
| Altus Group Us Inc | PO Box 12419 | | | | Newark | NJ | 07101-3519 | USA |
| Alvarado Tax And Busi Advisors LLC | 104 Calle Acuarela | POBOX 195598 | | | Guaynabo | | 00969-3506 | |
| Amazon Web Services Inc | 410 Terry Avenue North | | | | Seattle | WA | 98109-5210 | USA |
| Ameresco Inc | Attn: Dominic Palma | 111 Speen St | Ste 41 | | Framingham | MA | 01701-2000 | USA |
| American Express Company | Av. Patriotismo 635 | Col. Cd de los Deportes, Del. Benito Juárez | | | México | DF | 03710 | Mexico |
| American Telesis. Inc. | PO BOX 6659 | | | | Hilton Head Island | SC | 29938 | USA |
| Andersen, Rich Ladell | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Anderson, Jeffrey S | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Antelope Valley Cattle & Milling Co. | Milling Co. | PO Box 2468 | | | Lancaster | CA | 93539-2468 | USA |
| Antonio R. Alvarez* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Anybill (Sales And Use Tax) | 1801 Pennsylvania Avenue | Suite 7 | | | Washington | DC | 20006 | USA |
| Aon Risk Services Of Missouri | 200 East Randolph Street | | | | Chicago | IL | 60601-6436 | USA |
| Aon Risk Services, Inc | 200 East Randolph Street | | | | Chicago | IL | 60601-6436 | USA |
| Aon Risk Services, Inc. Of Illinois | 200 East Randolph Street | | | | Chicago | IL | 60601-6436 | USA |
| Apex Solar Power - Authorized Installer | 64 Main Street | | | | Queensbury | NY | 12804 | USA |
| Apogee Instruments, Inc. | 721 W 1800 N. | | | | Logan | UT | 84321 | USA |
| Applus (Shanghai) Quality | No. 3999, Xiu Pu Road, | Pudong District | | | Shanghai | 2 | 201315 | China |
| Aramark Uniform Services | Aus Central Lockbox | | | | Dallas | TX | 75373-1676 | USA |
| Archer, Henry J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Arizona Public Service Electric Company | 4 N 5th St. Mail Station 9674 | | | | Phoenix | AZ | 85004 | USA |
| Arizona Solar Concepts | 1415 E. University Dr. Suite A109 | | | | Tempe | AZ | 85281 | USA |
| Arizona Solar Concepts-Solar | 1415 E. University Dr. Suite A109 | | | | Tempe | AZ | 85281 | USA |
| Astrom Technical Advisors S.L. | Calle Serrano 8-3 Izq | | | | Madrid | | 28001 | Spain |
| AT&T | 129128801 | P.O. Box 617 | | | Los Angeles | CA | 90060-0017 | USA |
| AT&T Mobility Solutions Services | 129128801 | P.O. Box 617 | | | Los Angeles | CA | 90060-0017 | USA |
| AT&T Teleconference Services | 129128801 | P.O. Box 617 | | | Los Angeles | CA | 90060-0017 | USA |
| Atersa Grupo Elecnor | C/Embajordores 187 | | | | Madrid | | 28045 | Spain |
| Atherton, Kenneth | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Axial Sistemas Solares, S.L | C/Riu Vinalopo, 23. P.I. Pata del Cid. | | | | Quart de Poblet | | 46930 | Spain |
| Aztec Solar Inc | 11370 Trade Center Dr | | | | Rancho Cordova | CA | 95742 | USA |
| Bachrodt, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bala, Deepika | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Baldwin, Charles | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ballswood | 12500 Baltimore Avenue | | | | Beltsville | MD | 20705 | USA |
| BAM Ventures | 12181 Bluff Creek Drive | | | | Playa Vista | CA | 90094 | USA |
| Banco Popular | Attn: Cesar Luis de Santos Jiménz | 5th Floor | | | Madrid | | 28001 | Spain |
| Bank Direct Capital Finance LLC | 150 North Field Dr | Velázquez 34 | | | Lake Forest | IL | 60045-4847 | USA |
| Barnes Solar Inc. | 16560 Harbor Blvd #R | | | | Fountain Valley | CA | 92708 | USA |
| Barry-Wehmiller Design Group, Inc. | 8020 Forsyth Blvd | | | | St. Louis | MO | 63105 | USA |
| Barton, John | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Batz, Elvin M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bay State Solar-Nvt | 231 Weaver St | | | | Fall River | MA | 02720 | USA |
| BCPG Public Company Limited | 2098 M 12th Floor | Sukhumvit Rd | | | Bangkok | | 10110 | Thailand |
| Ben Franklin Technology Partners of Southeastern PA, Investment Arm | 4801 South Broad Street | Suite 200 | Building 100 Innovation Center | The Navy Yard | Philadelphia | PA | 19112 | USA |
| Bennett, Ryan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Berger, Daniel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Berhorst, Tony T | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bes Maryland I, LLC | 113 West Monument Street | | | | Baltimore | MD | 21201 | USA |
| Best Vinyl Fence & Deck, LLC | 525 S 850 E | | | | Lehi | UT | 84043 | USA |
| Big Island Toyota, Inc | 811 Kanoelehua Ave | | | | Hilo | HI | 96720 | USA |
| Bisschoff, Garren | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bixby Land Company | Attn Property Mgmnt | 2211 Michelson Dr Ste 1 | | | Irvine | CA | 92612 | USA |
| Blackburn, Lori Lynn | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Blackline Systems Dba Osaba Inc | 21300 Victory Blvd 12th Flr | | | | Woodland Hills | CA | 91367 | USA |
| Blome, Brian A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bluegill Technologies, LLC | 4097 Trailcreek Rd | | | | Riverside | CA | 92505 | USA |
| Bluewave Capital LLC | 137 Newbury St Ste 400 | | | | Boston | MA | 02116-2942 | USA |
| Bockmon & Woody Electric Co., | Inc. | PO Box 118 | | | Stockton | CA | 95201 | USA |
| Bonfiglioli Vectron Gmbh | Europark Fichtenhain B6 | | | | Krefeld | | 47807 | Germany |
| Booher, Richard Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Boone, Brett R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Boulder County Treasurer | PO Box 471 | | | | Boulder | CO | 80306 | USA |
| Bower, Jeffrey | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Box Inc | 4440 EL Camino Real | | | | Los Altos | CA | 94022 | USA |
| Brandeis, John R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Braux Uk Limited | The Pinnacle Station Way | | | | Crawley | WEST SUSS | RH101JH | United Kingdom |
| Brian Wuebbels* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bright Planet Solar, Inc | 69 Milk Street, Suite 308 | | | | Westborough | MA | 01581 | USA |
| Brightcove Inc | 180 Madison Ave | | | | New York | NY | 10016 | USA |
| Brio Energy-Solar | 6655 W Sahara St. B203 | | | | Las Vegas | NV | 89146 | USA |
| Brite Energy-Solar | 1267 Windham Parkway | | | | Romeoville | IL | 60446 | USA |
| Bruce W. Kingsley | 2729 Elm Street | | | | Dighton | MA | 02715 | USA |
| BTSA Netherlands Cooperatie U.A. | Prins Bernhardplein 200 | | | | Amsterdam | | 1097 JB | Netherlands |
| Build Native, Inc. | 201 Cole Street | | | | Austin | TX | 78737 | USA |
| Burdick, Paul W | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Burlage, Julie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Burnell Controls (Kent) Ltd T/A Burnell Switchgear & Control | 11 Masthead, Capstan Court | | | | Dartford | Kent | DA2 6QG | United Kingdom |
| Burr & Tiegs Electrical | 3888 Industry Blvd # 23 | | | | Lakeland | FL | 33811 | USA |
| Burr, Sean C | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Butler, Kevin T | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Butler, Nathan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bwc Burnshirt River, LLC | 137 Newbury St Ste 400 | | | | Boston | MA | 02116-2942 | USA |
| Bybee Lakes Logistics Center | UNIT 238 | | | | PORTLAND | OR | 97208-4857 | USA |
| Cadmus Group Inc | 100 5th Avenue | Suite 1 | | | Walcham | MA | 02451 | USA |
| Calhoun County Tax Commissioner | 1702 Noble Street | Suite 14 & 16 | | | Anniston | AL | 36201 | USA |
| California State Board Of Equalization | 15350 Sherman Way 250 Van Nuys | | | | Van Nuys | CA | 91406 | USA |
| Calumet Specialty Pr | 1950 N Stemmond Fwy Ste 5010 | | | | Dallas | TX | 75207 | USA |
| Campbell Scientific Inc | 815 W 1800 N | | | | Logan | UT | 84321 | USA |
| Campbell, Stephen G | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Canada Revenue Agency | 555 MacKenzie Avenue | 7th Floor | Attn: Mr. John Ossowski | | Ottawa | ON | K1A 0L5 | Canada |
| Capital Safety Services | 260 Osborne Rd. | | | | Loudonville | NY | 12211 | USA |
| Caramante, Patrick | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Carlos Domenech Zornoza* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Carreden Group, Inc | 51 JFK Parkway First Floor West | | | | Short Hills | NJ | 07078 | USA |
| Casama LLC | 15 Holmes Street | | | | Rehoboth | MA | 02769 | USA |
| Cater, John Todd | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Catherine Zoi | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cathy Kuehnert Supplemental Needs Trust | Needs Trust | 552 32nd St | | | Virginia Beach | VA | 23451 | USA |
| CCH Inc | P.O. Box 4307 | | | | Carol Stream | IL | 60197-4307 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| CCIC-CSA International Certification Co. Ltd | Floor 1,Building 4,889 Yishan Road | | | | Shanghai | 2 | 200233 | China |
| CDW Computer Centers Inc | 200 N Milwaukee Ave | | | | Illinois | IL | 60061 | USA |
| Celestica Hong Kong Ltd. | 13-154 F Goldlion Holdings Centre | Hong Kong Shun Circuit | Siu Lek Yuen | | Hong Kong | Shatin | | China |
| Centerpoint Engineering, Inc. | 2 Market Plaza Way | # D | | | Mechanicsburg | PA | 17055 | USA |
| Cg Power Solution Usa | 7 Century Hill Dr | | | | Latham | NY | 12110-2113 | USA |
| Cha, Bruce | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Chatham Financial Kennett - Corp | 235 Whitehorse Lane | | | | Kennett Square | PA | 19348 | USA |
| Chatila, Ahmad R * | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Chembrough Group, L.P | 2213 West Lonesome Dove | | | | Deer Park | TX | 77536 | USA |
| Chicago Title Company | 3127 Transworld Drive #130 | | | | Stockton | CA | 95206 | USA |
| Chint Power Systems | Attn: President or General Counsel | 76 Koll Center Pkwy | | | Pleasanton | CA | 94566-3106 | USA |
| Chint Solar (Hk) Co Ltd | Attn: President or General Counsel | 76 Koll Center Pkwy | | | Pleasanton | CA | 94566-3106 | USA |
| Chriso'S Tree Trimming | P.O Box 22137 | | | | Bakersfield | CA | 93390 | USA |
| Christopher Cook | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Chusak, Lee F | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cieminis, David | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cigna Healthcare | 25500 N Norterra Dr | | | | Phoenix | AZ | 85085-8200 | USA |
| Cintas Corporation | PO Box 650838 | | | | Dallas | TX | 75265-0838 | USA |
| Citibank N. A. Uruguay | 11000 Montevideo | | | | Misiones | | | Uruguay |
| Citiguard, Inc | 6430 Variel Ave # 101 | | | | Woodland Hills | CA | 91367 | USA |
| City Of Brockton | Finance Office | 45 School Street | | | Brockton | MA | 02301 | USA |
| City Of Broomfield | City and County of Broomfield | PO Box 47 | | | Broomfield | CO | 80038-0407 | USA |
| City Of Fall River Tax Collector | One Govt. Center | | | | Fall River | MA | 02722 | USA |
| City Of Los Angeles Dept. Of Water & Power | 111 North Hope Street | | | | Los Angeles | CA | 90012 | USA |
| City Of Mendota | 643 Quince Street | | | | Mendota | CA | 93640 | USA |
| City Of Portland | P.O. Box 4216 | | | | Portland | OR | 97208-4216 | USA |
| City Of Santa Fe Municipal Airport | 121 Aviation Drive | | | | Santa Fe | NM | 87507 | USA |
| City Of Sherman | 220 W Mulberry St | | | | Sherman | TX | 75090-5832 | USA |
| City Of Tehachapi | 115 S. Robinson St | | | | Tehachapi | CA | 93561 | USA |
| City Of Tracy | 333 Civic Center Dr | | | | Tracy | CA | 95376 | USA |
| City Of Waterbury | 236 Grand Street | | | | Waterbury | CT | 06702 | USA |
| Citysafe Security Ltd | 353 Old Laira Road | | | | Plymouth | | | United Kingdom |
| Cj Quinones Engineering, Psc | Edif. Bucare 2050 | Calle Turquesa | | | San Juan | P.R | 00969 | USA |
| Claire Gogel* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Clarke Realty, Lp | 472 Winchester Street | | | | Keene | NH | 03431 | USA |
| Claro & Cia | Attn: Attorney Handling SunEdison matters | Av. Apoquindo 3721, 14th floor | | | Santiago | | 755 0177 | Chile |
| Clayton Borgmeyer | 2529 High School Dr | | | | Brentwood | MO | 63144 | USA |
| Clayton C. Daley Jr* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Clean Energy of America Group, Inc | 22801 Ventura Blvd # 202 | | | | Woodland Hills | CA | 91364-1222 | USA |
| Clean Harbors Enviro | 500 Battleground Road | | | | La Porte | TX | 77572 | USA |
| Cognizant Technology Solutions | 211 Quality Cirlce | | | | College Station | TX | 77845-4470 | USA |
| Coleman, Peter | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Colliers International Ca, Inc | 50 California Street, Suite 1900 | | | | San Francisco | CA | 94111 | USA |
| Color Art Integrated Interiors LLC | 1325 N Warson Rd | | | | Saint Louis | MO | 63132 | USA |
| Commercial Due Diligence Services, Accounts Receivable Dept. | ces, Accounts Receivable Dept. | PO Box 73173 | | | Dallas | TX | 75373-1073 | USA |
| Commerford, Jarryd | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Complete Solar Solution Inc | 1850 Gateway Drive | Ste 45 | | | San Mateo | CA | 94404 | USA |
| Comptroller Of Income Tax | 55 Newton Road | | | | Singapore | SG | 307987 | Singapore |
| Coneco Energy LLC | 4 First Street | | | | Bridgewater | MA | 02324 | USA |
| Cook, Christpher R R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cooper Investment Partners | 1633 Broadway | | | | New York | NY | 10019 | USA |
| Corbin'S Electric | 4829 S 38th St, | | | | Phoenix | AZ | 85040 | USA |
| Corridor Energy, LLC | 1100 Walnut St | | | | Kansas City | MO | 64106 | USA |
| County Of Nassau Nassan County Dept. Of Public Works | 1194 Prospect Avenue | Attention: Ms. Shila Shah-Gavnoudias, P.E., | Commissioner | | Westbury | NY | 11590-2723 | USA |
| County Of San Mateo | 555 County Center | | | | Redwood City | CA | 94063 | USA |
| County Of Suffolk | 100 Veterans Memorial Highway | H. Lee Dennison Building | | | Hauppauge | NY | 11788 | USA |
| Cox, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Crane Solutions LLC | Attn: President or General Counsel | PO Box 8478 | | | Dallas | TX | 75284-0078 | USA |
| Croswhite, Alison | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Crystal Dynamics Inc | 160 N Sandpoint Rd | | | | Mead | OK | 73449 | USA |
| Csolar Iv South, LLC | 14302 FNB Parkway | | | | Omaha | NE | 68154 | USA |
| CT Corporation | PO Box 4349 | | | | Carol Stream | IL | 60197-4349 | USA |
| Cummings, Jeremy K | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cusick, Kerinia | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cut-N-Edge Landscape Services | 3414 Summer Solstice | | | | Rowlett | TX | 75088 | USA |
| Cwl Crane Worldwide Transportation | Ste 13.03A 13th Fl Menara Summit, P | Subang Jaya | | | Selangor | | 47600 | Singapore |
| D.E. Shaw & Company | 1166 Avenue of the Americas | Ninth Floor | | | New York | NY | 10036 | USA |
| Dac Beachcroft | Portwall Place | Portwall Lane | | | Bristol | | BS1 9HS | United Kingdom |
| Dancel, Efren A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Danti, Anthony M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Datareef, LLC | 5252 N. Edgewood Drive | Suite 165 | | | Provo | UT | 84604 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| David Aaron Jones | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| David G. And Laurie Faylor Family Trust | Family Trust Alaska Federal | Credit Union, 1425 7th Street | | | Victorville | CA | 92395 | USA |
| David Goldman | 4878 Harbord Drive | | | | Oakland | CA | 94618 | USA |
| David Mccoy | 865 Clark Ave | | | | Webster Groves | MO | 63119 | USA |
| David Ranhoff* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| David Sathrum | 328 Monkey Valley Hollow | | | | Kenyon | MN | 55946 | USA |
| Davis, Trevor A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Day, Simon | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ddr Atlantico LLC, S.E. | 352288-20083-56495 / | P.O. Box 53162 | | | Atlanta | GA | 30353-1620 | USA |
| Deaton, Shane D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dedeaux Inland Empire Properties | Properties | 143 South Eastman Avenue | | | Los Angeles | CA | 90023 | USA |
| Del Monte Electric Co, Inc. | Attn: Terick Albert | 6998 Sierra Ct | | | Dublin | CA | 94568-2662 | USA |
| Delouche, Douglas M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Delta Dental | 12399 Gravois Rd | | | | Saint Louis | MO | 63127-1750 | USA |
| Demand Solutions Group LLC | Department 34281 | PO Box 39 | | | San Francisco | CA | 94139 | USA |
| Demers, Michael Kevin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dennis And Bonnie Mcpadden | 70 Route 106 | | | | N Springfield | VT | 05150 | USA |
| Dennis Mahoney & Sons, Inc. | P.O. Box 417 | | | | Mattapoisett | MA | 02739 | USA |
| Dertzbaugh, Timothy R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Deutsche Bank Trust Company Americas | 16 Wall St | | | | New York | NY | 10005 | USA |
| Dewinter Group, Inc. | 1901 S. Bascom Ave. Suite 660 | | | | Campbell | CA | 95008 | USA |
| Deyo, Derek J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Diamond, Daniel A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dimas, Joseph | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| District View Plaza | 644 Fernández Juncos Avenue | Suite 31 | | | San Juan | PR | 00907-3122 | USA |
| Divine Power USA, Inc. | 3650 Blue Loop Lane | | | | Arvin | CA | 93203 | USA |
| Dixieland, LLC | 69 Wildwood Street, | | | | Wilmington | MA | 01887 | USA |
| Dno Consulting Limited | 3 Sheep Street, Highworth | | | | Wiltshire | | SN6 7AA | United Kingdom |
| Dnv Kema Renewables Inc | 1501 4th Avenue Suite 900 | | | | Seattle | WA | 98101 | USA |
| Dobbs, Daniel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dominion Energy | 701 East Cary Street | 20th Floor | | | Richmond | VA | 23219 | USA |
| Dominion Resources Inc. | 120 Tredegar St | | | | Richmond | VA | 23219 | USA |
| Dominion Solar Projects III, Inc. | 120 Tredegar St | | | | Richmond | VA | 23219 | USA |
| Donohue, Steven | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dotsolved Systems, Inc | 5890 Stoneridge Dr., Ste 110 | | | | Pleasanton | CA | 94588 | USA |
| Drake, Alexander R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Duke Energy | PO Box 70515 | | | | Charlotte | NC | 28272-0515 | USA |
| Dynasolar Services, LLC | 120 Pleasant Hill Avenue North | Suite 2 | | | Sebastopol | CA | 95472 | USA |
| Dzienkowski, Karen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| East Asia Institute Of Management Pte Ltd | 9 AH Hood Road | | | | Singapore | SG | 329975 | Singapore |
| Eastcoast Site Work, Inc. | c/o K. Johnson & Associates, LLC | Attn: Kristen E. Johnson | 15 Chambers Bridge Road, Suite 23 | | Brick | NY | 08723 | USA |
| Ebert, William H | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Eckert Seamans Cherin & Mellott LLC | Attn: Attorney Handling SunEdison matters | 6 Grant Street | | | Pittsburgh | PA | 15219 | USA |
| Ecotricity Group Limited | Lion House | Rowcroft | Stroud | | Gloucestershire | | GL5 3BY | United Kingdom |
| Edf Energy Customer Field Services (Metering) Ltd | 255 Broadway Bexleyheath | | | | Kent | | DA6 8ET | United Kingdom |
| Edf Energy Customer Field Services Gb | 255 Broadway Bexleyheath | | | | Kent | | DA6 8ET | United Kingdom |
| Efacec Equipos Eléctricos S.L. | Natea Business Park | Avda. de la Industria n?4, Edificio 1, | Escalera 2, 2? C | | Alcobendas | | 28108 | Spain |
| Effective Environmental | 945 E Pleasant Run Road | | | | Lancaster | TX | 75146 | USA |
| Ehrhart, Lindsay | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| El-Azzi, Zeina | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Eldor Contracting Corp. | 30 Corporate Drive | | | | Holtsville | NY | 11742 | USA |
| Electric Power Systems | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Emera Incorporated | 1894 Barrington Street | Barrington Tower | | | Halifax | NS | B3J 2A8 | CA |
| Emmanuel T. Hernandez* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Employee Stock Purchase Plan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Enercon Technologies | PO Box 665 | | | | Gray | ME | 04039 | USA |
| Enertis Inc Usa | 1750 Montgomery Street | | | | San Francisco | CA | 94111 | USA |
| Enphase Energy | PO Box 204201 | | | | Dallas | TX | 75320-4201 | USA |
| Enterprise Fleet Management Customer Billing | Customer Billing | PO Box 889 | | | Kansas City | MO | 64180-0089 | USA |
| Epic Home Solar | 3807 Pasadena Ave #120 | | | | Sacramento | CA | 95747 | USA |
| Epic Home Solar-Solar | 3807 Pasadena Ave #120 | | | | Sacramento | CA | 95747 | USA |
| Equilar Inc. | 1100 Marshall St | | | | Redwood City | CA | 94063 | USA |
| Erm-West, Inc. | 1277 Treat Blvd., Suite 500 | | | | Walnut Creek | CA | 94597 | USA |
| Esa Renewables, LLC | 4150 St. Johns Pkwy Ste 1000 | | | | Sanford | FL | 32771 | USA |
| Esm Power Limited | Attn: Peter White | Woodford House | 44 North Farm Road | Scunthorpe, N Lincolnshire | | | DN17 2AY | United Kingdom |
| Eversource | One NSTAR Way SW 3087 | | | | Westwood | MA | 02090 | USA |
| EverStream Energy Capital Management LLC | 101 California Street | | | | San Francisco | CA | 94111 | USA |
| EverStream Solar Infrastructure Fund I GP LP | 101 California Street | | | | San Francisco | CA | 94111 | USA |
| EverStream Solar Infrastructure Fund I LP | 21960 Minnetonka Boulevard | Suite 210 | | | Excelsior | MN | 55331 | USA |
| Expeditors Canada Inc | 610 Lambert Pointe Dr | | | | Hazelwood | MO | 63042 | USA |
| Expeditors International Inc | 610 Lambert Pointe Dr | | | | Hazelwood | MO | 63042 | USA |

**SunEdison Inc.**
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Eynon Weed Control | 600 Airport Road | | | | Oceanside | CA | 92058 | USA |
| F & F Electric, Inc. | 4105 W Ironwood Hill Drive | | | | Tucson | AZ | 85745 | USA |
| Fairbanks, Benjamin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Federal Express | Dept La | | | | Pasadena | CA | 91185 | USA |
| Federman, Fran R. | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Feeney Wireless LLC | PO Box 2549 | | | | Eugene | OR | 97402 | USA |
| Fersa Energias Renovables SA | Av. Navarra, 14 | | | | Badalona | Barcelona | 8911 | Spain |
| Fidelity Investments Institutional | P.O. Box 770002 | | | | Cincinnati | OH | 45277 | USA |
| Figuerola, Yves | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Finch, Callan W | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| First American Title Company | 2710 Meade Ctr Dr, Bldg 6, #120 | Attn: FATSCD-41 Box 1266 | | | Los Angeles | CA | 90065 | USA |
| Fischer, William J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fisher Scientific Corp | 13551 Collections Ctr Dr | | | | Chicago | IL | 60693 | USA |
| Five Star Impact | 13516 Palawan Way | | | | Riverton | UT | 84065 | USA |
| Flannery, Margaret | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Flex International Asia Pacific | c/o Curtis, Mallet-Prevost, Colt & Mosle LLP | Attn: Steven J. Reisman, Esq., James V. Drew, Esq. | & Cindi M. Giglio, Esq. | 11 Park Avenue | New York | NY | 10178-0061 | USA |
| Flex Intl Europe B.V. | c/o Curtis, Mallet-Prevost, Colt & Mosle LLP | Attn: Steven J. Reisman, Esq., James V. Drew, Esq. | & Cindi M. Giglio, Esq. | 11 Park Avenue | New York | NY | 10178-0061 | USA |
| Flextronics International | c/o Curtis, Mallet-Prevost, Colt & Mosle LLP | Attn: Steven J. Reisman, Esq., James V. Drew, Esq. | & Cindi M. Giglio, Esq. | 11 Park Avenue | New York | NY | 10178-0061 | USA |
| Flextronics International Europe B.V. | c/o Curtis, Mallet-Prevost, Colt & Mosle LLP | Attn: Steven J. Reisman, Esq., James V. Drew, Esq. | & Cindi M. Giglio, Esq. | 11 Park Avenue | New York | NY | 10178-0061 | USA |
| Fong, Kendall | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Forever Green Landscaping | 375 Harvard St. | Unit G | | | Leominster | MA | 01453 | USA |
| Forlexco | 2920 N Green Valley Pkwy Ste 514 | | | | Henderson | NV | 89014 | USA |
| Foster Street Acquisition LLC | 1881 Worcester Road Suite 200 | | | | Framingham | MA | 01701 | USA |
| Fraass, Scott P | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fraga, Bekierman E Cristiano Advoga | Rua Rodrigo Silva 26 3rd Floor | | | | Rio De Janeiro | RJ | 20.011-040 | Brazil |
| Franchise Tax Board | PO Box 2952 MS A-340 | | | | Sacramento | CA | 95812-2952 | USA |
| Francisco Perez-Gundin* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Frank W. Nichols And Celestia | 2045 North Main | | | | Cedar City | UT | 84721 | USA |
| Frankenberg, John E | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Franklin Shuttle | 207 Seacliff Way | | | | Richmond | CA | 94801 | USA |
| Fraser, Kathleen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Freewire Broadband LLC | 7327 SW Barnes Rd  Portland OR 97225-6119 | | | | | | | |
| Friedell, Benjamin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fromme, Ralph H | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fuhriman, Sean | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fuss & O'Neill | 146 Hartford Raod | | | | Manchester | CT | 06040-5992 | USA |
| Future Perfect Studios, Inc. | 2969 Hearthstone Rd. | | | | Ellicott City | MD | 21042 | USA |
| Fyrsoft LLC | 2450 Louisiana #400-405 | | | | Houston | TX | 77006 | USA |
| Gaffey Inc | 1436 N Duck Creek Rd | | | | Cleveland | TX | 77328 | USA |
| Gailey, Blake J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Galloway, Michael R | 455 9th St | | | | Lakeport | CA | 95453 | USA |
| Garfield County Treasurer | 109 8th Street | #24 | | | Glenwood Springs | CO | 81601 | USA |
| Gary Cosh | 185 Joslin Rd, | | | | Burlington Flats | NY | 13315 | USA |
| General Electric Company | 1 Old River Road | | | | Schenactady | NY | 12345 | NY |
| General Supply Service Inc Dba:  Gexpro | dba: GEXPRO | PO Box 844 | | | Dallas | TX | 75284 | USA |
| Geocon West Inc | 6960 Flanders Drive | | | | San Diego | CA | 92121-2974 | USA |
| Georganne C. Proctor* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| George Powell | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Gestalt Collective Inc. | Megan Harris | 79 Dewar Court | | | Milton | ON | L9T 5N8 | Canada |
| Gexpro | P.O. Box No. 100275 | | | | Atlanta | GA | 30384-0275 | USA |
| Giese, Peter | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Gillespie, Robert | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Gilman, Hallie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Global Freight Solutions Inc. | 1371 Charles Willard Street | | | | Carson | CA | 90746 | USA |
| Global Power Gas & Electric LLC | 2950 W Cypress Creek Rd Suite 100 | | | | Fort Lauderdale | FL | 33309 | USA |
| Global Resource Options, Inc | 205 Billings Farm Road, Building | | | | White River Junction | VT | 05001 | USA |
| Goldman, David S | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Google Inc. Department No 33654 | 1600 Amphitheatre Pkwy | | | | Mountain View | CA | 94043-1351 | USA |
| Gordon Handelsman | 501 Pearl Dr | | | | Saint Peters | MO | 63376 | USA |
| Gorman, Jeffrey | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Grace, Eric P | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Graf, Ricardo C | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Granite State Solar, LLC | 197 N Main Street | | | | Concord | NH | 03303 | USA |
| Green Care Companies Inc | 30100 Valley Center Rd | | | | Valley Center | CA | 92082 | USA |
| Green Mountain Power | PO Box 1915 | | | | Brattleboro | VT | 05302-1915 | USA |
| Grey Global Group Inc. | 303 2nd. Street, Suite 300 North | | | | San Francisco | CA | 94107 | USA |
| Griffith, Roger | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Grossman, Matthew R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Gsolutionz Inc | 625 E Santa Clara Street | Suite 1 | | | Ventura | CA | 93001 | USA |
| H & E Equipment Serv | 11100 Mead Rd Ste 200 | | | | Baton Rouge | LA | 70816 | USA |
| H & H Transformer, Inc. | PO Box 273, 8075 Pontiac Street | | | | Commerce City | CO | 800370273 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| H&G Realty Trust | 383 Main St | | | | Dunstable | MA | 01827 | USA |
| Haavind As | Bygdoy Alle 2 Pb 359 Sentrum | | | | Oslo | | 0101 | Norway |
| Habitat Aid Ltd. | Hookgate  Cottage | | | | South BrewHand | | BA10 0LQ | United Kingdom |
| Halbardier, Cory V | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Halona, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hambright Company | Shawn Scott Hambright | 32683 Summersweet Dr | | | Winchester | CA | 92596 | USA |
| Hampton Tedder Electric Company | y MSS | PO Box 2128 | | | Montclair | CA | 91763 | USA |
| Hand, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Handelsman, Gordon | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hanson Bridgett Marcus Vlahos | 425 Market Street | | | | San Francisco | CA | 94105 | USA |
| Harper, Lee A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Harris, Bryan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hart, John L | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hawaii Medical Service Association | P.O. Box 29330 | | | | Honolulu | HI | 96820 | USA |
| Hawaiian Electric Company, Inc. | PO Box 2750 | | | | Honolulu | HI | 96840-0001 | USA |
| Haycock, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hayward Area Recreation And Park District | 1099 E Street | | | | Hayward | CA | 94541 | USA |
| Hellmann Worldwide Logistics | 10450 Doral Blvd. | | | | Miami | FL | 33178 | USA |
| Henneberg, Tom William | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hertling, Gregory M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hertz | Attn: President or General Counsel | 929 W. La Cadena Dr. | | | Riverside | CA | 92501 | USA |
| Hewitt Associates LLC | P.O. Box 95135 | | | | Chicago | IL | 60694-5135 | USA |
| Hewlett Packard Co | 1030 NE Circle Blvd | | | | Corvallis | OR | 97330 | USA |
| Hodges-Mace, LLC | 5775-D Glenridge Drive, | | | | Atlanta | GA | 30328 | USA |
| Hoffman, Diana | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hoheim, Jacob | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hollett, Tess | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Holloway, Michaelanne K | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Honiton Energy Holdings Plc | 15 Sloane Square | 2nd Floor | | | London | | SW1W 8ER | United Kingdom |
| Houston Ship Channel | 111 East Loop North | | | | Houston | TX | 77029 | USA |
| Hsef Gb | 18 Whiteside Drive | | | | Monkton South Ayrshire | | KA9 2PU | United Kingdom |
| Hsef Seguridad Y Salud, S.L. | La Cala Mijas, Calanova Sea & Golf B1, A121 | | | | Mijas | | 29649 | Spain |
| Hunton & Williams | 200 Park Ave | | | | New York | NY | 10166 | USA |
| Hupp, Joseph M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hurley, Kenneth C | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hwang Mok Park Pc | 2-KA Taepyung-RO120 | Chung-Ku | | | Seoul | KR | 100-724 | South Korea |
| Hybrid Electric Building Technologies Irvine 2, LLC | 461 2nd Street | Suite 452 | | | San Francisco | CA | 94107 | USA |
| Iadarola, Carmine Dave | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ibm Credit Corp | 1133 Westchester ave | | | | White Plains | NY | 10604 | USA |
| Ideematec Deutschland Gmbh | Neusling 9A, | | | | Wallerfing | DE | 94574 | Germany |
| Ilan Daskal | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Imperial County Treasurer- Tax Collector Mss | Collector MSS | 94 W. Main Street, Suite 16 | | | El Centro | CA | 92243 | USA |
| Industrial Specialty Services | 91473 Collections Center Dr | | | | Chicago | IL | 60693 | USA |
| Inelsa Uk, Ltd | Attn: Veronica Miguez Magdalena | 3 More London Riverside | | | London | | SE1 2RE | United Kingdom |
| Infinity Energy, Inc. | 1108 Tinker Road Suite 150 | | | | Rocklin | CA | 95765 | USA |
| Ingenieria Mecano S.L. | Avenida Canovas del Castillo | no 6, 1st planta | | | Malaga | | 29016 | Spain |
| Inland Revenue Authority of Singapore | 55 Newton Road, | | | | Revenue House | | 307987 | Singapore |
| Inmata Solutions Inc | 42840 Christy Steel Suite 206 | | | | Fremont | CA | 94538 | USA |
| Innovative Structural Engineering Md, Inc. | Engineering MD, INC. | 3 South Main Street | | | Bel Air | MD | 21014 | USA |
| Instalaciones Negratin Sl | Calle Capileira 14 | Poligono Industrial Del Juncaril | | | Peligros | | 18210 | Spain |
| Integra Enclosures, Inc. | Post Office Box 1870 | | | | Mentor | OH | 44061 | USA |
| Interior Architects, Inc | 500 Sansome Street, 8th Floor | | | | San Francisco | CA | 94111 | USA |
| International Equipment Leasing Inc | PO Box 150 | | | | Avenel | NJ | 07001 | USA |
| International Fidelity Insurance | 1111 Raymond Blvd | | | | Newark | NJ | 07102 | USA |
| Irrevocable Trust Of William B | 9190 West Olympic Boulevard, | Suite 49 | | | Beverly Hills | CA | 90212 | USA |
| Irvine, James R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jabil Assembly Poland Sp. Z.O.O | UL. Lotnicza 2 | | | | Kwidzyn | PL | 82-500 | Poland |
| Jackie Denney - Kcttc | 1115 Truxton Ave 2nd Flr | | | | Bakersfield | CA | 93301-4639 | USA |
| Jadid, Ray | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| James B. Williams* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| James W Scarrow PLLC | 4631 Chesapeake Street NW | | | | Washington | DC | 20016 | USA |
| Jan Pro Cleaning Sys | 15714 SW 72nd Ave | | | | Portland | OR | 97224 | USA |
| Jane Middaugh | P O Box 474 | | | | Belmont | CA | 94002 | USA |
| Jefferson County Treasurer | 100 Jefferson County Pkwy 2520 | | | | Golden | CO | 80419-2520 | USA |
| Jensen, David | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jensen, Stanley | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jeremy Avenier* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jeremy Derek Carter | 2445 S View Parkway | | | | Yuma | AZ | 85365 | USA |
| Jgsullivan Interactive | 1600 Golf Road Suite 1200 | Corporate Center | | | Rolling Meadows | IL | 60008 | USA |
| Jiang Yin Free Newenergy Electric  Power Investment Co.,Ltd | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jinneng Clean Energy Technology Ltd | Attn: President or General Counsel | No. 1 | | | Lvliang City | | 032100 | China |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Jive Software | 915 SW Stark Street Suite 200 | | | | Portland | OR | 97205 | USA |
| John Joven | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Johns Ben / Johns Benjamin | 2235 Banbury Circle | | | | Roseville | CA | 95661 | USA |
| Johnson Design And Construction Inc. | 4830 Calle Alto, Suite G | | | | Camarillo | CA | 93012 | USA |
| Jones, David | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jordan, Daniel J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Joseph David Construction & Contracting Co.,Inc. | 405 Pennsylvania Avenue | | | | Linden | NJ | 07036-2870 | USA |
| Joseph Mantisi | 9 Kimberly Ann Dr. | | | | Rochester | NY | 14606 | USA |
| Joyce/Dayton Corp. | PO Box 635789 | | | | Cincinnati | OH | 45263-5789 | USA |
| Juan Kutz Azqueta Notario | C/ Velazquez 112-3º | | | | MADRID | | | Spain |
| Julia Blunden | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kakareka, Natalie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kane, Sara | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| K-Designers | 2440 Gold River Rd | Ste 1 | | | Gold River | CA | 95670 | USA |
| Kelly Receivables Funding LLC. | 999 West Big Beaver Road | | | | Troy | MI | 48084 | USA |
| Kelly, Matthew D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Khalifeh & Partners Lawyers | Attn: Attorney Handling SunEdison matters | Khalifeh Complex | Ibn Arabi St 3 | | | | 11181 | Jordan |
| Kim & Chang | Naeja-Dong Jongno GU223 | | | | Seoul | KR | 110720 | South Korea |
| Kingsbridge Holdings LLC | 150 N Filed Drive Suite 193 | | | | Lake Forest | IL | 60045 | USA |
| Kipp Zonen Usa Inc | 125 Wilbur Place | | | | Bohemia | NY | 11716 | USA |
| Kirkland & Ellis LLP and its affiliates | 300 North LaSalle | | | | Chicago | IL | 60654 | USA |
| Klavens Law Group, P.C. | 420 Boylston Street, | 5th Floor | | | Boston | MA | 02116 | USA |
| Klb Group Performance Everyday, S.L | dba KLB Group | Avda. Can Fatjo del Aurons, 9, planta 4 | | | Santa Cugat del Valles | | 08174 | Spain |
| Knowlton Farm Nominee Trust | 43 Estabrook Ave. | | | | Grafton | MA | 01519 | USA |
| Koh Boon Hock | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kollengode Gopal | 3002 Whisperwave Cir | | | | Redwood City | CA | 94065 | USA |
| Kumar, Sanjeev* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kunderer, Anthony J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kuzlik, Robert A | 7706 N. 17th Place | | | | Phoenix | AZ | 85020 | USA |
| Ky Huynh | 316 Casselino Drive | | | | San Jose | CA | 95136 | USA |
| La Flash Consulting LLC | Harold O. LaFlash | 326 Denton Ct. | | | Pleasanton | CA | 94566 | USA |
| LA Power Center Corp | 9862 Glenoaks Blvd | | | | Sun Valley | CA | 91352 | USA |
| La Power Center Corp - Authorized Installer-Solar | 9862 Glenoaks Blvd | | | | Sun Valley | CA | 91352 | USA |
| LA Solar Group, Inc | 16238 Raymer St | | | | Los Angeles | CA | 91406 | USA |
| Lachance, Barrett | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Lafayette Center LLC | 2 Chabot St. | | | | Westbrook | ME | 04092 | USA |
| Larkin, Daniel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Latin America Power Holding Bv | Cerro el Plomo 5680 | Piso 12 Oficina 122 | Las Condes | | Santiago | | Región Metropolitana | Chile |
| Lauritzen, Anna | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Law Office Of Melissa Harms | Attn: Attorney Handling SunEdison matters | 7 Larkspur Landing Cir #199 | | | Larkspur | CA | 94939 | USA |
| Lazarus, Rebecca | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Lbf-94, Lc | 4565 Lake Creek Farms Rd. | | | | Heber City | UT | 84032 | USA |
| Leap Consulting | 111 Chester Avenue | | | | Toronto | ON | M4K 2Z8 | Canada |
| Leblanc, Arthur | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Leo L. Koppelman, Jr. | 45737 Pelican Lane | | | | Cleveland | MN | 56017 | USA |
| Leong, Angie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Leschaco Inc | 15355 Vantage Parkway W Ste 195 | | | | Houston | TX | 77032 | USA |
| Lewis, Nathan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Leyden, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Liberty Power-Nvt | 1901 W Cypress Creek Road Ste 600 | | | | Fort Lauderdale | FL | 33303 | USA |
| Life Insurance Company Of North | 1601 Chestnut St | | | | Philadelphia | PA | 19192 | USA |
| Linde Electronics | 88299 Expedite Way | | | | Chicago | IL | 60695-0001 | USA |
| Linde Electronics And Specialty Gas | 88299 Expedite Way | | | | Chicago | IL | 60695-0001 | USA |
| Linton, Robert | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Little, Ruel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Lockton Companies LLC | 7 Times Square Tower Ste 3802 | | | | New York | NY | 10036 | USA |
| Locus Energy, LLC | 2 Hudson Place Floor 6 | | | | Hoboken | NJ | 07030 | USA |
| Long Island Solar Solutions Inc | 22 Holiday Park Drive | | | | Centereach | NY | 11720 | USA |
| Lookingpoint Inc | 391 Taylor Blvd Ste 120 | | | | Pleasant Hill | CA | 94523 | USA |
| Lopez, Juan A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Lori Erickson | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Los Angeles County Tax | Collector | PO Box 5418 | | | Los Angeles | CA | 90054-0018 | USA |
| Lovett Inc | 6920 NE 42nd Ave | | | | Portland | OR | 97286 | USA |
| LP Daniel Engineers & Contractors Inc. | 1347 Tavern Rd, | | | | Alpine | CA | 91901-3853 | USA |
| Lucas Enviornmental, LLC | 67 Coddington Street | Suite 24 | | | Quincy | MA | 02169 | USA |
| Lvnet LLC | 2595 Fremont Street | | | | Las Vegas | NV | 89104 | USA |
| M Bar C Construction Inc. | Attn: Shannon Niestas | 674 Rancheros Dr | | | San Marcos | CA | 92069-3005 | USA |
| M.A. Mortenson Company | 700 Meadow Ln N | | | | Minneapolis | MN | 55422-4817 | USA |
| Macqueen, Aaron | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Madison Dearborn Partners, LLC and other shareholders | 70 W Madison St | #4600 | | | Chicago | IL | 60602 | USA |
| Majjiga, Jithender | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Makani Nui Associates, LLC | 2158 MAIN STREET | SUITE 202 | | | WAILUKU | HI | 96793 | USA |
| Manavendra Sial* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Manufacturas Braux S.L | Paseo Arco de Ladrillo, 88 planta 1 | | | | Valladolid | | 47008 | Spain |
| Maricopa County | 501 N 44th Street | Suite 2 | | | Phoenix | AZ | 85008 | USA |
| Mark Group Management | 70 Boston Road | | | | Leicester | | LE4 1AW | United Kingdom |
| Marshall & Stevens Inc. | 355 S. Grand Avenue, Suite 1750 | | | | Los Angeles | CA | 90071 | USA |
| Marshall Hayes | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Martin Truong* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Martin, Alexander | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Martinez Acosta, Armando | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Martinez Enriquez, Francisco J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Masek, Michael J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Matheson, George Ed | P.O. Box 1406 | | | | Anahuac | TX | 77514 | USA |
| Matina, Tiara F | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Matlock, Cory Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Matthew Herzberg* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mattioli, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mawhinney, Luke | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mccann, Craig | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mccarthy Building Companies Inc | Companies Inc | 1341 North Rock Hill Road | | | St. Louis | MO | 63124 | USA |
| Mccurdy, Brian | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mcguire, Dennis S | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mchugh, Michael W | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mclaughlin, Rachel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mcmillan, Jeffrey | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mercer (Us) Inc. | 4 Embarcodero Ctr Ste 400 | | | | San Francisco | CA | 94111 | USA |
| Meridian Imaging Solutions | 5775 General Washington Drive | | | | Alexandria | VA | 22312 | USA |
| Merrilees, Craig | 366 6th St. | | | | Lake Oswego | OR | 97304-2933 | USA |
| Messer, Shane | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Michael A Kast | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Michael Alvarez | P. O. Box 1530 | | | | Ross | CA | 94957 | USA |
| Microsoft Licensing Gp | c/o Bank of America | Atn: Lockbox 842467 | 195 N. Stemmons Fwy, Ste 51 | | Dallas | TX | 75207 | USA |
| Mike Lysiak | 7430 Chateau Ridge | | | | Riverside | CA | 92506 | USA |
| Mike Owen Fabrication, Inc. | 144 E. Norris Rd. | | | | Bakersfield | CA | 93308 | USA |
| Miller Bros Solar LLC | 301 Alan Wood Road | | | | Conshohocken | PA | 19428 | USA |
| Mobile Mini, Inc. | Dept La 7144 | | | | Pasadena | CA | 91185-7144 | USA |
| Mobile Modular | 4445 E Sam Houston Pkwy S | | | | Pasadena | CA | 77505 | USA |
| Modsolar LLC | 211 N. 13th Street | 4th Floor | | | Philadelphia | PA | 19107 | USA |
| Modular Space Corporation | 12603 Collection Center Dr | | | | Chicago | IL | 60693 | USA |
| Monzon, Jose | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mooore Mcneil LLC | 2002 Richard Jones RD A307 | | | | Nashville | TN | 37215-9998 | USA |
| Moore-Mcneil, LLC | 2002 Richard Jones Rd, Suite 307A | | | | Nashville | TN | 37215-9998 | USA |
| Moradi Family Trust | c/o Shoreline Law Corp. | Attn: Andrew Pauly | 1299 Ocean Ave, Ste. 4, | | Santa Monica | CA | 90401-1007 | USA |
| Mortenson Construction | 700 Meadow Lane N | | | | Minneapolis | MN | 55422 | USA |
| Mount Saint Mary's Abbey | 300 Arnold Street | | | | Wrentham | MA | 02093 | USA |
| Mp Alternative Energy | Main Road No. 2 | Urja Bhawan | Shivaji Nagar | | Bhopal | Madhya Pr | 462016 | India |
| Mp Km Golding Ltd | The Nest, Butts Ln | | | | Rodney Stoke | Cheddar | BS27 3UW | United Kingdom |
| Mulcahy, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Multnomah County Tax Collector | Assessment, Recording & Taxation | P.O. Box 2716 | | | Portland | OR | 97208-2716 | USA |
| Murdock, Wade | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| My Le | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| My Nguyen | 4297 Delacroix Court | | | | San Jose | CA | 95135 | USA |
| Nagase America Corporation, California Branch | 2880 Lakeside Drive Suite 320 | | | | Santa Clara | CA | 95054 | USA |
| Nageswara Kota | 3000 N South St | | | | Pasadena | TX | 77503 | USA |
| Namaste Solar | 4571 Broadway St. | | | | Boulder | CO | 80304 | USA |
| National Grid | Massachusetts Electric Company | 4 Sylvan Road | | | Waltham | MA | 02451 | USA |
| Negratin Renewable Sl | C/ Capileira 14, Pgno. Ind. Juncaril | | | | Peligros | | 18210 | Spain |
| Neo Solar Power | 7 Li-Hsin 3rd Rd | Hsinchu Science Park | | | Hsinchu | | 30078 | Taiwan |
| Neva Corp | 11350 Brittmoore Park Dr | | | | Houston | TX | 77041 | USA |
| Next Phase Solar Inc | 2802 | 1th Street | | | Berkeley | CA | 94710 | USA |
| NexTracker, Inc. | 6200 Paseo Padre Pkwy | | | | Fremont | CA | 94555 | USA |
| Nguyen, My | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Nice Payroll Pte Ltd | 02-01 One Fullerton | | | | Singapore | SG | 049213 | Singapore |
| Nicholas, Norman | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Nmhg Financial Services Inc | 10 Riverview Dr | | | | Denbury | CT | 06810 | USA |
| North Kern State Prison | 2737 W Cecil Ave | | | | Delano | CA | 93215 | USA |
| Northern States Metals | Post Office Box 285 | | | | Brattleboro | VT | 05320-0285 | USA |
| Nova Partners Group Inc | 1090 Water View Lane | | | | Suwanee | GA | 30024 | USA |
| Novak, Lawrence B | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| NV Construction Inc. DBA GNRG Solar | 15013 Califa St | | | | Van Nuys | CA | 91411 | USA |
| NY State Processing Center | State Processing Center | PO Box 61 | | | Albany | NY | 12261 | USA |

SunEdison Inc.
**Retained Causes of Action Listing**
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Nyovanie, Prosper | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| NYSE Market | 5560 New North Drive | | | | Atlana | GA | 30328 | USA |
| Oak Leaf Energy Partners Ohio, LLC | Attn: President or General Counsel | 2645 E 2nd Ave | Ste 26 | | Denver | CO | 80206-4752 | USA |
| O'Brien, Kelly | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| OI Analytical/Xylem Inc. | 1 International Drive | | | | Rye Brook | NY | 10573 | USA |
| Olmsted, Nicholas R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Omni Logistics, Inc. | 15912 International Plaza Drive | | | | Houston | TX | 77032 | USA |
| Omni Valley Construction Corp | 9042 Independence Ave | | | | Canoga Park | CA | 91304 | USA |
| ON Search Partners | 6240 SOM Center Rd Suite 230 | | | | Solon | OH | 44139 | USA |
| Oneenergy Development, LLC | 101 Yesler Way | Suite 41 | | | Seattle | WA | 98104 | USA |
| Onlych1Ld Ltd | 1075 Adamns Street | | | | Denver | CO | 80206 | USA |
| Orbis Terrarum Projects | C/Cronos 20,P-3, L-6 | | | | Madrid | | 28037 | Spain |
| Otoole Design Associates | 2150 Schuetz Rd Suite 205 | | | | Saint Louis | MO | 63146 | USA |
| Otr Nominee Of State Teachers Retir | Retirement System | P.O. Box 633176 | | | Cincinnati | OH | 45263-3176 | USA |
| Otr Nominee Of State Teachers Retirement System | Retirement System | P.O. Box 633176 | | | Cincinnati | OH | 45263-3176 | USA |
| Oxford Global Resources, Inc. | PO Box 3256 | | | | Boston | MA | 02241-3256 | USA |
| Pacific Gas And Electric Company | 77 Beale St | | | | San Francisco | CA | 94105 | USA |
| Pacific Industrial Electric | PO Box 9988 | | | | Brea | CA | 92822-9788 | USA |
| Pacificorp | Attn: President or General Counsel | 825 NE Multnomah St. | Ste 3 | | Portland | OR | 97232-2135 | USA |
| Pagliarulo, Laura | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Paksoy Ortak Avukat Burosu | Sun Plaza Bilim Sok No:5 Kat:14 | | | | Maslak | Maslak | 34398 | Turkey |
| Panel Claw, Inc | 1600 | Osgood St#223 | | | North Andover | MA | 01845 | USA |
| Panerali, Kristen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Paredes, Ismael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Park, Robin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pashupathy Shankar Gopalan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Patterson Consulting, Ltd. | 2112 W. Galena Blvd. | Ste. 8-433 | | | Aurora | IL | 60506 | USA |
| Paul D. Nesvold | 3995 Quaas Ave. | | | | Watertown | MN | 55388 | USA |
| Paul Gaynor | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Paul Gendron | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pavia E Ansaldo Studio Legale | Dell'Annunciata, 7 | | | | Milano | MI | 20121 | Italy |
| Pc Housing Inc | 8525 Camino Santa Fe Ste G | | | | San Diego | CA | 92121 | USA |
| Perkin Elmer | 13633 Collections Center Dr | | | | Chicago | IL | 60693-0136 | USA |
| Peter Blackmore* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Peterson, Karen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pierce, Spencer Marie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pinsent Masons | 50/F Central Plaza, 18 Harbour Road | | | | Hong Kong | | | Hong Kong |
| Plaisted, Joshua | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Plymouth Sand & Gravel, LLC | 61, Camelot Dr | | | | Plymouth | MA | 02360 | USA |
| Polk County Tax Collector | Clark, Campbell, Lancaster & Munson, P.A. | Attn: Tim Campbell | 5 South Florida Avenue, Suite 8 | | Lakeland | FL | 33801 | USA |
| Pope, Steven A. | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Port Terminal Railroad | 8934 Manchester St | | | | Houston | TX | 77012 | USA |
| Portland General Electric | 2 World Trade Ctr | | | | Portland | OR | 97201 | USA |
| Power Electronics Corp. | Irene Sanhermelando Rodriguez | Leonardo Da Vinci 24-26, P.T. Paterna | | | Valencia | | 46980 | Spain |
| Power Electronics Corp. Uk Ltd. | Irene Sanhermelando Rodriguez | Leonardo Da Vinci 24-26, P.T. Paterna | | | Valencia | | 46980 | Spain |
| Power Electronics Usa, Inc. | Irene Sanhermelando Rodriguez | Leonardo Da Vinci 24-26, P.T. Paterna | | | Valencia | | 46980 | Spain |
| Power, Donald | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Powerguard Speciality Insurance Ser | 135 Main Street 21St Floor | | | | San Francisco | CA | 94105 | USA |
| Prater, Paula | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Prime Source Solar LLC | 7 Cedar Street | | | | Ramsey | NJ | 07446 | USA |
| Pro Line Shipping Inc | 9940 Baldwin Place | | | | El Monte | CA | 91731 | USA |
| Pro Tech Energy Solutions LLC | 215 Executive Drive | | | | Moorestown | NJ | 08057 | USA |
| Prologis Perth Amboy Associates, LLC | Pier 1, Bay 1 | | | | San Francisco | CA | 94111 | USA |
| Prosolia Siglo Xxi | Pol. Ind. San Viconic Ctra. | Ontinyent | | | San Vicente | | 46870 | Spain |
| Pryor, Christopher | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Psnj Holdings LLC | 12500 Baltimore Ave | | | | Beltsville | MD | 20705 | USA |
| Public Service Electric & Gas Company  Attention: Grag Pizarek | Company Attention: Grag Pizarek | 8 Park PL, MC T-8 | | | Newark | NJ | 07102 | USA |
| Puntigan, Steven T | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pure Power Systems, Inc. | 50 Harrison St STE 210 | | | | Hoboken | NJ | 07030-6087 | USA |
| PV Guru Inc. | 1444 17th St | Ste 2 | | | Santa Monica | CA | 90404 | USA |
| Qe Solar LLC | 16 South Ave West, # 207 | | | | Cranford | NJ | 07016 | USA |
| Quanta Power Generation, Inc. | Bank of America | P.O. Box 847275 | | | Dallas | TX | 75284-7275 | USA |
| Quantum Utility Generation, LLC | 1401 McKinney St # 1880 | | | | Houston | TX | 77010 | USA |
| Quick Systems Inc. | 1400 Oakmont Pl | | | | Pittsburg | CA | 94565 | USA |
| R. M. Young Company | 2801 Aero Park Drive | | | | Traverse City | MI | 49686 | USA |
| Radiance Solar, LLC | 916 Joseph E. Lowery Blvd, | NW, Suite 2 | | | Atlanta | GA | 30318 | USA |
| Raeder, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Raghunathan, Rohini | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Randy H. Zwirn* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Rbi Solar Inc | 5513 Vine Street | | | | Cincinnati | OH | 45217 | USA |
| Rc Hunt Electric Inc. | Attn: Jeff Kuehndahl | 1863 W Alexander St | | | West Valley City | UT | 84119-2038 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Reallygreatrate Inc | 2041 Rosecrans Suite 320 | | | | El Segundo | CA | 90245 | USA |
| Rebecca Cranna* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Recchia, Steven | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Reckord, Kevin J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Red River Island | c/o William B. Finkelstein | Dykema Cox Smith | 1717 Main Street Suite 42 | | Dallas | TX | 75201 | USA |
| Red River Island View LLC | 1125 Ocean Ave. | | | | Lakewood | NJ | 08701 | USA |
| Redcat Systems LLC | 2344 Spruce St, STE A | | | | Boulder | CO | 80302 | USA |
| Redmond, Christian D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Regus Management LLC | 15305 Dallas Parkway Suite Addiso | 91 Main St, | | | Dallas | TX | 75202 | USA |
| Reliant Labs, Inc. | 925 Thompson Place | | | | Sunnyvale | CA | 94085 | USA |
| Renewable Energy Test Center | Attn: President or General Counsel | 46457 Landing Parkway | | | Fremont | CA | 94538 | USA |
| Renfert, Christine J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Resor N.V. | Attn: Attorney Handling SunEdison matters | PO Box 75965 | 17 AZ | | Amsterdam | | | The Netherlands |
| Retc, LLC | 46457 Landing Parkway | | | | Fremont | CA | 94538 | USA |
| Revelation Solar Panel | Cleaning | 6185 Magnolia Ave., Ste 26 | | | Riverside | CA | 92506 | USA |
| Ricardo Aea Ltd | Gemini Building Fermi Avenue | | | | Harwell | | OX110Q8 | United Kingdom |
| Richard F Greene And Barbara A | 8 Warner Street | | | | Belchertown | MA | 01007 | USA |
| Richardson, Don D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Riggs Distler & Co Inc | P.O. Box 71592 | | | | Chicago | IL | 60694-1592 | USA |
| Rik Gadhia* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ritch, Mueller, Heather Y Nicolau | Blvd Manuel Avila Camacho 24 | Piso 2 Lomas De Chapultepec | | | Mexico City | | | Mexico |
| Robert H. Busler | 209 Mount Vernon Ave, | | | | Chestertown | MD | 21620 | USA |
| Roger B. Brown | 3 Hickory Grove | | | | Macomb | IL | 61455 | USA |
| Rohm, Matthew N | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Rosales, Kevin D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Rounds, Colin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Rubcich, Marc | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ruffell, Michael Lee | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Russell, Miles | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Russo, Stefano M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| S3 Power | PO Box 856 | | | | Norwood | MA | 02062 | USA |
| Safeco Electric Inc. | 301 Toland Street | | | | San Francisco | CA | 94124 | USA |
| Safway Services LLC | P.O. Box 843766 | | | | Los Angeles | CA | 90084-3766 | USA |
| Salehian, Afshin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Samuel Mclanahan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| San Bernardino County Tax Collector | Collector | 172 W. Third Street, First Floor | | | San Bernardino | CA | 92415-0360 | USA |
| Sankaran, Ravi | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Santerno Inc. Mss | 2505 International Pkwy | | | | Virginia Beach | VA | 23452 | USA |
| Sasan Aminpour | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Scher, Clifton B | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Schneider, Cody | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Schneiders & Schneiders | 779 Washington St | | | | Canton | MA | 02021 | USA |
| School Project For Utility Rate Reduction ("Spurr") | 313 West Winton Ave. | | | | Hayward | CA | 94544-1136 | USA |
| Schulte, Lynette Michele | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Schweitzer Engineering Lab Inc | 2350 NE Hopkins Court | | | | Pullman | WA | 99163 | USA |
| Scott Edwards | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sebastian Deschler* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sepratech Corp | 3143 S Burnside Ave | | | | Gonzales | LA | 70737 | USA |
| Serrano, Manuel Misael | 2660 S Tensleep | | | | Yuma | AZ | 85365 | USA |
| Sgurrenergy Ltd | 225 Bath Street | | | | Glasgow | | G2 4GZ | United Kingdom |
| Shafer Landfill Trust | c/o de maximis, inc. | 45 Montbrook Lane | | | Knoxville | TN | 37919 | USA |
| Shah, Anish | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shah, Pranav | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shane Deaton | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shickles, Angela Sue | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shill, Cody | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shine Up Solar LLC | 4177 Worthington Drive, | | | | North Highlands | CA | 95660 | USA |
| Shinsung | 8 Daewangpangyo-ro 395 | | | | Bundang-Gu Seongnam-siGyeonggi, 463-420 | | | South Korea |
| Shinsung Solar Energy Co.Ltd. | 8 Daewangpangyo-ro 395 | | | | Bundang-Gu Seongnam-siGyeonggi, 463-420 | | | South Korea |
| Siegel, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Siemens Industry, Inc. | 100 Technology Drive | Leigh-Anne Best, Sr. Accountant | | | Alpharetta | GA | 30005 | USA |
| Siemens Plc | Princess Road, Princess Parkway | | | | Manchester | | M20 2UR | United Kingdom |
| Singletary Farm LLC | 750 Richardson Road | | | | Bladenboro | NC | 28320 | USA |
| Sino-American Silicon Products Inc. | No. 8. Industrial East Road 2 | Hsinchu Science Park | | | Hsinchu | | 30078 | Taiwan |
| Skyblue Solar-Nvt | 16 Moorside Rd | | | | West Cross | | SA3 5EY | United Kingdom |
| Slack, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sma America, LLC | Attn: Max Mayer | 62 West Oaks Boulevard | Ste 3 | | Rocklin | CA | 95765 | USA |
| Smith, David L | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Smith, Ian | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Smith, Patrick S | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Smith, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |

SunEdison Inc.

Retained Causes of Action Listing

Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code

DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Snowline Joint Unified School District/ Attn: Andrea Mendoza | District/ Attn: Andrea Mendoza | PO Box 296 | | | Phelan | CA | 92329-6000 | USA |
| Solamerica Energy Services,LLC | 1100 Peachtree Street, Suite 2800 | | | | Atlanta | GA | 30309 | USA |
| Solaredge Technologies, Inc. | 47505 Seabridge Drive | | | | Fremont | CA | 94538 | USA |
| Solaria Corporation | 6200 Paseo Padre Parkway | | | | Fremont | CA | 94555 | USA |
| Solarpack Corporacion Technologica. | Avenida de Algorta 16, 3ª | Getxo | | | Biscay | | 48992 | Spain |
| Solarview Inc. (Authorized Installer)-Nvt | 1201 Elm Street, Suite 3200 | | | | Dallas | TX | 75270 | USA |
| Solon Corporation | Attn: President or General Counsel | 695 S. Country Club Road | | | Tucson | AZ | 85756 | USA |
| Solvchem Inc | 1904 Mykawa | | | | Pearland | TX | 77581 | USA |
| Sonnedix France SAS | 5 Rue De La Roberdiere | | | | Rennes | | 35000 | France |
| Southern California Edison | Attn: President or General Counsel | 2425 S Blackstone Street | | | Tulare | CA | 93274 | USA |
| Southwest Quartz, Ltd. | 6024 Williams Dr # 110 | | | | Georgetown | TX | 78633 | USA |
| Sparkmeter, Inc. | 1616 H St Nw Suite 900 | | | | Washington | DC | 20006 | USA |
| Spectrum Energy, Inc - Authorized Installer-Nvt | 3081 Route 73 S | | | | Maple Shade | NJ | 08052 | USA |
| Speedway Commerce Center LLC | Unit No. 41 | P.O. Box 5 | | | Portland | OR | 97208-5000 | USA |
| Spencer J. Carlsen | 26 Serene Court | | | | Danville | CA | 94526 | USA |
| Spencer Ogden Ltd | 33 Charlotte Street | | | | London | LO | W1T1RR | United Kingdom |
| SPG Solar, Inc. | 1039 N McDowell Blvd Suite B | | | | Petaluma | CA | 94954 | USA |
| Spivey, Charles E | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Spradlin, Randall | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sscop Properties, LLC | 50 West Liberty Street, | Suite 9 | | | Reno | NV | 89501 | USA |
| Standard Solar Inc | 1355 Piccard Drive | Suite 3 | | | Rockville | MD | 20850 | USA |
| Starhub Ltd | 67 Ubi Avene 1, #05-01 StarHub Gree | | | | Singapore | | | Singapore |
| State Of Hawaii Dept. Of Taxation | Department of Taxation | PO Box 1425 | | | Honolulu | HI | 96806-1425 | USA |
| Steel Connections, Inc. | 43287 Brookway Dr | | | | Temecula | CA | 92592 | USA |
| Stephen Cerrone | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stephen O'Rourke | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stephen, Sunil | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stephenson, Robert S | 2332 Brazoria Road | | | | Lake Jackson | TX | 77566 | USA |
| Stepp, Ryan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Steven Tesoriere* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stevens, Douglas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stewart, Joel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stone Roofing Company, Inc. | 730 N. Coney Avenue | | | | Azusa | CA | 91702 | USA |
| Storrusten, Josh | 2989 Vera Cruz | | | | Corona | CA | 92882 | USA |
| Stowell, Don | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stowell, Jesse W | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Subino Business Solutions | Bibek Das | 49 Hopyard Road #1 | | | Pleasanton | CA | 94588 | USA |
| Subsidiaries of Dominion Solar Projects III, Inc. | 120 Tredegar St | | | | Richmond | VA | 23219 | USA |
| Sullivan, Jason Paddock | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sullivan, Peter | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sun Power Corporation Systems | Systems | PO Box 6 | | | San Francisco | CA | 94160 | USA |
| SunE Pleasant Valley SP Owner LLC | 12500 Baltimore Avenue | | | | Beltsville | MD | 20705 | USA |
| SunEdison Semiconductor Ltd. | 501 Pearl Drive | | | | St. Peters | MO | 63376 | USA |
| Sunergy Construction Inc. | 2940 Rubidoux Blvd | | | | Riverside | CA | 92509 | USA |
| SunFusion Solar Electric, Inc | 7766 Arjons Dr | | | | San Diego | CA | 92126 | USA |
| Sungard Avantgard LLC | 23975 Park Sorrento Ste 100 | | | | Calabasas | CA | 91302 | USA |
| Sunlight Solar Energy-Nvt | 50 SE Scott St #13 | | | | Portland | OR | 97702 | USA |
| Sunsational Solar Inc-Solar | 1448 Burton Mesa | | | | Lompoc | CA | 93436 | USA |
| Superior Design International, Inc. | 250 International Drive | | | | Williamsville | NY | 14221 | USA |
| SVT 1100 Perimeter Park, LP | 591 West Putnam Ave | | | | Greenwich | CT | 06830 | USA |
| Swift Fire & Security (National) Ltd | Matthew Elliot House | 64 | | | Salford Quays | | M50 2TS | United Kingdom |
| Systems Electric LLC | 457 Lummistown Rd. | | | | Cedarville | NJ | 08311 | USA |
| T Guzy Enterprises LLC-Solar | 1463 Marchbanks Dr. #2 | | | | Walnut Creek | CA | 94598 | USA |
| Tady, Chad A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Tangent Energy Solutions, Inc. | PO Box 1140 | | | | Kennett Square | PA | 19348 | USA |
| Tangoe, Inc | 35 Executive Blvd. | | | | Orange | CT | 06477 | USA |
| Tavrida Electric North America Inc | 115 Cliveden Ave. | | | | Delta | BC | V3M6G9 | Canada |
| Taylor, Brian E | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Taylor, Daniel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Tech Mahindra Ltd | Plot no.22 to 25 & 27 to 34, | Hyderabad | | | Telangana State | | 500081 | India |
| Technology Finance Corp. C/O Ascentium Capital LLC | P.O. Box 301593 | | | | Dallas | TX | 75303-1593 | USA |
| Tecsolgeo | 22 Notting Hill Gate, Suite 396 | | | | London | | W1133E | United Kingdom |
| Teeling, Bruce A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Teracai Corporation Dept. 116004 | PO Box 5211 | Dept. 1164 | | | Binghamton | NY | 13902-5211 | USA |
| Terra Nova Renewable Partners | 270 Park Avenue | | | | Manhattan | NY | 10017 | USA |
| Terrasmart LLC | 9200 Estero Park Commons Blvd | Suite 7 | | | Estero | FL | 33928 | USA |
| Tetra Tech Inc | 350 Indiana Street | Suite 5 | | | Golden | CO | 80401 | USA |
| Texas Commission On Environmental Quality | P.O. Box 13087 | | | | Austin | TX | 78711-3087 | USA |
| The Bloom Organization Of Sj | 1300 Route 73, Suite 106 | | | | Mt. Laurel | NJ | 08054 | USA |
| The Hackett Group | 1001 Brickell Bay Drive Suite 3000 | | | | Miami | FL | 33131 | USA |
| The Hertz Corporation | PO Box 121124 | | | | Dallas | TX | 75312-1124 | USA |

**SunEdison Inc.**
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Thiel, James | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Thies Jr, Denzil Delane | 55 9th st | Apt 35 | | | San Francisco | CA | 94103 | USA |
| Thomas A. Coleman | 6694 Old U.S. # 1 | | | | Wadley | GA | 30477 | USA |
| Thomson Reuters Tax Accounting Inc | 1500 Spring Garden St 4th Flr | | | | Philadelphia | PA | 19130 | USA |
| Thomson Weir LLC | 420 W Capitol Avenue, | Suite 4 | | | Springfield | IL | 62704 | USA |
| Thresher Communication  & Productivity Inc | 3965 Hamilton Park Dr | | | | San Jose | CA | 95130 | USA |
| Thunderbird Logistics | Interstate Capital Corp. | P.O. Box 915183 | | | Dallas | TX | 75391-5183 | USA |
| Thuraisingham, Ravi | 10420 Majestic Court | | | | Parkland | FL | 33076 | USA |
| Thyssen Krupp Elevator | 2801 Network Blvd Ste 700 | | | | Frisco | TX | 75034 | USA |
| Timothy Derrick | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Tk Hvac & Electrical Services | 11910 N Olive St. | | | | El Mirage | AZ | 85335 | USA |
| TLT Solicitors | Redcliff Street | | | | Bristol | | BS1 6TP | United Kingdom |
| Tomaszewski, John | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Top Quality Services LLC | 66 Melbourne Street | | | | Edison | NJ | 08817 | USA |
| Tordjaman, Ilan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Town Of Andover | Town of Andover - Office of Tax C | P.O. Box 99 | | | Andover | MA | 01810 | USA |
| Town Of Belchertown | Town of Belchertown | P.O. Box 67 | | | Belchertown | MA | 01007-0607 | USA |
| Town Of Berkley Tax Collector | 1 N Main St #3 | | | | Berkley | MA | 02779 | USA |
| Town Of Berlin | 23 Linden St., | | | | Berlin | MA | 01503 | USA |
| Town Of Dartmouth | P.O. Box 981003 | | | | Boston | MA | 02298-1003 | USA |
| Town Of Franklin | 355 East Central Street | Municipal Building | | | Franklin | MA | 02038 | USA |
| Town Of Grafton | 30 Providence Rd. | | | | Grafton | MA | 01519 | USA |
| Town Of Holliston Tax Office | Tax Office | P.O. Box 6737 | | | Holliston | MA | 01746 | USA |
| Town Of Mattapoisett | P. O. Box 433 | | | | Mattapoisett | MA | 02739 | USA |
| Town Of Monson | 110 Main Street | | | | Monson | MA | 01057 | USA |
| Town Of Norton Tax Collector | icipality) Town of Norton- | Tax Collector, 7 East Main St. | | | Norton | MA | 02766 | USA |
| Town Of Plymouth | 11 Lincoln Street | | | | Plymouth | MA | 02360 | USA |
| Town Of Rutland | P.O. Box 397 | | | | Fitchburg | MA | 01420 | USA |
| Town Of Salisbury | 5 Beach Road | | | | Salisbury | MA | 01952 | USA |
| Town Of Springfield | PO Box 13 | | | | Springfield | ME | 04487 | USA |
| Town Of Sterling Tax Collector | 1114 Plainfield Pike | | | | Oneco | CT | 06373 | USA |
| Township Of Robbinsville | 1 Washington Blvd | | | | Robbinsville | NJ | 08691 | USA |
| Toyota Motor Credit | Dba: Toyota Financial Services | 191 S. Western Ave. | | | Torrance | CA | 90501 | USA |
| Tr Corona Commerce Center LLC | PO Box 310300 | Property 7411 | | | Des Moines | IA | 50331-0300 | USA |
| Transamerica | 433 Edgewoodrd NE | | | | Cedar Rapids | IA | 52499 | USA |
| Transwood Inc | 2565 St Marys Ave | | | | Omaha | NE | 68101 | USA |
| TRC Companies, Inc. | 21 Griffin Road North | | | | Windsor | CT | 06095 | USA |
| Treasury Alliance Group, LLC | 5 South Washington Street, #435 | | | | Naperville | IL | 60566 | USA |
| Trimark Associates, Inc. | 2365 Iron Point Rd Suite 100 | | | | Folsom | CA | 95630 | USA |
| Trinity Solar | 2211 Allenwood Rd | | | | Wall Township | NJ | 07719 | USA |
| Triple Crown Solar Structures Inc. | 940 Windham CT Ste 7 | | | | Youngstown | OH | 44512-5060 | USA |
| Triple E Farms LLC | 1796 VT Rte 22A | | | | Bridport | VT | 05734 | USA |
| True South Renewables Inc | 1690 Scenic Ave | | | | Costa Mesa | CA | 92626-1410 | USA |
| Ttcal-Vi-Reit-Col Jackson | 11 Lorong 3 Toa Payoh Block D | | | | Singapore | SG | 319579 | Singapore |
| Tuas Power Supply Pte Ltd | 111 Somerset Road Tripleone | | | | Somerset 13-06 | SG | 238164 | Singapore |
| Tueth Keeney Cooper Mohan & JackstADT P.C. | Jackstadt P.C. | 34 N Meramec #6 | | | St Louis | MO | 63105 | USA |
| Tulare County Tax Collector, Rita A. Woodard | 221 S Mooney Blvd #104E | | | | Visalia | CA | 93291 | USA |
| Turner, Tracey L | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Tuv Sud Cert & Test China Shh | NO. 88, Heng Tong Road | | | | Shanghai | 2 | 200070 | China |
| U S Security Associates | 200 Mansell Court 5th Floor | | | | ROSWELL | GA | 30076 | USA |
| U.S Customs And Border Protection | 6650 Telecom Dr | | | | Indianapolis | IN | 46278 | USA |
| UCPC Limited | Huntingdon Road | Mount Pleasant House | Suite A, Floor 1 | | Cambridge | | CB3ORN | United Kingdom |
| United Rentals (North America) Inc. | Inc. 100 First Stamford Place, | Suite 7 | | | Stemford | CT | 06902 | USA |
| United Site Services Of California | 50 Washington St. Suite 1000 | | | | Westborough | MA | 01581 | USA |
| United Site Services Of Maryland, Inc. | 50 Washington St. Suite 1000 | | | | Westborough | MA | 01581 | USA |
| United Site Services, Inc. | 50 Washington St. Suite 1000 | | | | Westborough | MA | 01581 | USA |
| United Steelworkers International Union | 60 Blvd of the Allies | | | | Pittsburgh | PA | 15222 | USA |
| Uria Menendez Abogados S.L.P. | Principe de Vergara, 187: Plaza | | | | Madrid | 28 | 28002 | Spain |
| US Customs & Border Protection | 6650 Telecom Dr | | | | Indianapolis | IN | 46278 | USA |
| US Ecology Texas Inc | 3277 Co Rd 69 | | | | Robstown | TX | 78380 | USA |
| Us Healthworks Medical Group | 1600 Genessee Ste 700 | | | | Kansas City | MO | 64102 | USA |
| US Security Associates Inc | 200 Mansell Court | 5th Floor | | | Roswell | GA | 30076 | USA |
| UTS Environmental | 9000 Liberty Rd | | | | Houston | TX | 77028 | USA |
| V3 Electric | 4972 Robert J Mathews Parkway | | | | El Dorado Hills | CA | 95762 | USA |
| Valliere, Bernard | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Van Patten, Marc C | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vanasse Hangen Brustlin Inc | 101 Walnut Street | Post Office Box 9151 | | | Watertown | MA | 02471 | USA |
| Vaughn Industries LLC | 1201 E. Findlay Street | | | | Carey | OH | 43316 | USA |
| Velocify, Inc | 222 N. Sepulveda Blvd, Suite 1800 | | | | El Segundo | CA | 90245 | USA |
| Vendorpass Inc | 10151 Deerwood Park Blvd Bldg 200 | | | | Jacksonville | FL | 32256 | USA |
| Verizon Communications Inc. | PO Box 660794 | | | | Dallas | TX | 75266-0794 | USA |

**SunEdison Inc.**
**Retained Causes of Action Listing**
**Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code**
**DRAFT as of 7/6/17**

<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Viasyn Inc | 2440 Camino Ramon | Ste 299 | | | San Ramon | CA | 94583 | USA |
| Viewqwest Pte Ltd | 200 Bukit Timah Road | | | | Singapore | SG | 229862 | Singapore |
| Vikas Desai | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vision Service Plan | 3333 Quality Dr | | | | Rancho Cordova | CA | 95670 | USA |
| Vogt Solar | St Johns Innovation Centre | Cowley Road | | | Cambridge | | CB4 0WS | United Kingdom |
| Volpe, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vortex Web Solutions LLC | 54665 CR 33 | | | | Middlebury | IN | 46540 | USA |
| Voss, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vossoughi, Sasan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vwr Corp | 1050 Satellite Blvd | | | | Suwanee | GA | 30024 | USA |
| W. Joe Shaw, Inc. | 4101 W Pinecrest Dr. | | | | Marshall | TX | 75670 | USA |
| Wade, Kenneth | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Wageworks, Inc. | Corporate Office | | | | San Francisco | CA | 94145-0772 | USA |
| Walters Wholesale Electric Company | 3375 E Slauson Avenue | | | | Vernon | CA | 90058 | USA |
| Watson, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Weber, Andrew J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Webfilings LLC Dba Workiva | 2900 University Blvd | | | | Ames | IA | 50010 | USA |
| WeGen Solar Inc. | 1511 E Orangethorpe Ave | | | | Fullerton | CA | 92831 | USA |
| Wells Fargo Bank N.A. | P.O. Box 63020 | | | | San Francisco | CA | 94163 | USA |
| Wep Tower D Co L.P | c/o Greenberg Traurig, LLP | Attn: Daniel J. Ansell & Heath Kushnick | 2 Park Avenue | | New York | NY | 10166 | USA |
| Werksmans Attorneys | Private Bag 10015, Sandton | | | | Gauteng | | 2146 | South Africa |
| West Coast Solar, Inc. | 2155 Elkins Way | | | | Brentwood | CA | 94513 | USA |
| Western Oilfield Supply Co | 3404 State Road | | | | Bakersfield | CA | 93308 | USA |
| Westland Resources Inc | 4001 E Paradise Falls Drive | | | | Tucson | AZ | 85712 | USA |
| Westwood Professional Services | Inc. | 7699 Anagram Drive | | | Eden Prairie | MN | 55344 | USA |
| Wfp Tower D Co. L.P. | c/o Greenberg Traurig, LLP | Attn: Daniel J. Ansell & Heath Kushnick | 2 Park Avenue | | New York | NY | 10166 | USA |
| WGL Holdings (Washington Gas/ WGSW Inc.) | 101 Constitution Ave NW | | | | Washington DC | DC | 20001 | USA |
| White, Chris | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Wholesale Carrier Services Inc | 12350 NW 39th ST Ste 101 | | | | Coral Springs | FL | 33065-2418 | USA |
| Wilks Lukoff & Bracegirdle LLC | 1300 N Grant Ave #100 | | | | Wilmington | DE | 19806 | USA |
| Willard H. Wheeler | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Williams, Garry Ian | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Williamson, Susan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Wilmington Trust Company Fees And Payments Unit (other than in capacity as Released Party) | Fees And Payments Unit | Post Office Box 8955 | | | Wilmington | DE | 19899-8955 | USA |
| Wilson, Joshua | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Winmax Systems Corporation | 1551 McCarthy Blvd. Ste 101 | | | | Milpitas | CA | 95035 | USA |
| Wolf, Christina | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Woo Jin An | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Woodlawn Associates | 1 South Wacker Drive, Suite 200 | | | | Chicago | IL | 60606 | USA |
| Woongjin Energy Company Limited | 37, Gwanpyeong-dong | Techno 2-ro | Yuseong-Gu | | Daejoen | | | Korea |
| Wright, Kimberly | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Xcel Energy | Attn: President or General Counsel | Post Office Box 9477 | | | Minneapolis | MN | 55484-9477 | USA |
| Xi'an LONGi Silicon Materials Corp | No. 388, Middle Hangtian Road | | | | Chang'an District | Xi'an City | | China |
| XOOM Solar LLC | 11208 Statesville Rd #200 | | | | Huntersville | NC | 28078 | USA |
| Yavapai County Treasurer | 1015 FAIR ST | | | | Prescott | AZ | 86305-1807 | USA |
| Youneszadeh, Sam | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Zack Darling Creative Associates LLC | 751 4th St., | | | | Santa Rosa | CA | 95404-4407 | USA |
| Zajicek, Christina | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Zero Chaos | 2807 Allen ST 730 | | | | Dallas | TX | 75204 | USA |
| Zglobal Inc. | 604 Sutter Street, Suite 250 | | | | Folsom | CA | 95630 | USA |
| Zhonghuan Semiconductor Corporation | No. 12 East Haitai Road | Huayuan Industrial Park | | | Tianjin | | | China |
| Ziemke, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |

**<u>EXHIBIT B</u>**

## **<u>EXHIBIT 7.1</u>**

**Form of GUC/Litigation Trust Agreement**
**(Redline)**

This Litigation Trust Agreement (the "**Litigation Trust Agreement**"), dated as of _____, 2017 (the "**Effective Date**"),[1] by and among SunEdison, Inc. and certain of its affiliates (collectively, the "**Debtors**" and together with their non-Debtor affiliates, the "**Company**") and Drivetrain, LLC, as the trustee (the "**Original Trustee**"), is executed in order to establish a litigation trust (the "**Litigation Trust**") in connection with (i) the Committee Settlement incorporated as Annex II (the "**Committee Settlement**") to the *Order (I) Authorizing Debtors to (a) Obtain Senior Secured, Superpriority, Replacement Postpetition Financing Pursuant to Bankruptcy Code Sections 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e), and (b) Utilize Cash Collateral Pursuant to Bankruptcy Code Section 363, (II) Authorizing Use of Proceeds to Repay Existing Senior Secured Superpriority, Postpetition Financing, and (III) Granting Adequate Protection to Prepetition Secured Parties Pursuant to Bankruptcy Code Sections 361, 362, 363 and 364* [ECF No. 2880] (together with all exhibits and annexes thereto, including, without limitation, the Committee Settlement, the "**Final DIP Order**") and (ii) the *First Amended Joint Plan of Reorganization of SunEdison Inc. and its Debtor Affiliates* [ECF No. 3314—Exhibit A to the Disclosure Statement] (as amended, the "**Plan**"), including the *Term Sheet for Settlement Among Debtors, Tranche B Roll Up Lenders/Steering Committee of Prepetition Second Lien Lenders and Noteholders, the Official Committee of Unsecured Creditors, and BOKF, N.A.* incorporated therein [ECF No. 3314—Exhibit 6.1 to the Plan] (the "**Global Settlement Term Sheet**").  Capitalized terms used in this Litigation Trust Agreement and not otherwise defined shall have the meanings ascribed to them in the Plan.

WITNESSETH

WHEREAS, commencing on April 21, 2016 and continuing from time to time thereafter, each Debtor commenced a case (collectively, the "**Chapter 11 Cases**") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Southern District of New York (the "**Bankruptcy Court**") which Chapter 11 Cases are jointly administered under case no. 16-10992 (SMB);

WHEREAS, on April 29, 2016, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors (as may be reconstituted from time to time, the "**Creditors' Committee**") in the Chapter 11 Cases;

WHEREAS, on November 28, 2016, the Debtors funded $10,000,000 into a segregated bank account with U.S. Bank National Association to be controlled by the Debtors for the benefit of the general unsecured creditors pending the establishment of the Litigation Trust;

WHEREAS, on May 1, 2017, the Bankruptcy Court entered the Final DIP Order, including the Committee Settlement attached thereto;

WHEREAS, on June 9, 2017, the Debtors, the Tranche B Roll Up Lenders/Steering Committee of Prepetition Second Lien Lenders and Noteholders (the "**Ad Hoc Group**"), the Creditors' Committee, and BOKF, N.A. ("**BOKF**" or the "**Convertible Senior Notes Indenture Trustee**") executed the Global Settlement Term Sheet;

---

[1] NTD:  This draft contemplates that parties will enter into this agreement on the same day as the Effective Date for the Plan.

Weil Draft 7/6/17

WHEREAS, on June 11, 2017, the Debtors filed the Plan;

WHEREAS, on [July 6, 2017], the Debtors filed the [*Plan Supplement*] [ECF No. [NUMBER]] (the "**Plan Supplement**");

WHEREAS, on [July 20, 2017], the Bankruptcy Court entered an order confirming the Plan [ECF No. [NUMBER]] (the "**Confirmation Order**");

WHEREAS, the Litigation Trust is created pursuant to, and to effectuate certain provisions of, the Final DIP Order, the Committee Settlement contained therein, the Plan, and the Global Settlement Term Sheet, pursuant to which the Litigation Trust will hold the Litigation Trust Assets (as defined herein);

WHEREAS, the Litigation Trust is organized for the sole purpose of liquidating the Litigation Trust Assets in an expeditious but orderly manner for the benefit of the Litigation Trust Beneficiaries, including the investigation and prosecution of the Litigation Trust Causes of Action (as defined herein), with no objective to continue or engage in the conduct of a trade or business, except, to the extent reasonably necessary to effectuate, and consistent with, the liquidating purpose of the Litigation Trust;

WHEREAS, the Litigation Trust is intended to be classified for U.S. federal income tax purposes as a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and thus as a "grantor trust" within the meaning of Sections 671 through 677 of the Internal Revenue Code of 1986, as amended (the "**IRC**"), with the Litigation Trust Beneficiaries treated for U.S. federal income tax purposes as the grantors and owners of their respective shares of the Litigation Trust Assets (as defined herein), other than with respect to any assets allocable to, or retained on account of, Disputed Claims (*i.e.*, the GUC Disputed Claims Reserve); and

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein, in the Final DIP Order, the Committee Settlement, the Plan, and the Global Settlement Term Sheet, the Debtors or, from and after the Effective Date, any successor thereto, by merger, consolidation, or otherwise (the "**Reorganized Debtors**"), the Creditors' Committee and the Litigation Trustee (as defined herein) agree as follows:

ARTICLE 1

ESTABLISHMENT OF LITIGATION TRUST

1.1    Establishment of Litigation Trust; Appointment of Original Trustee and Litigation Trust Oversight Board.

(a)    Pursuant to the Final DIP Order, the Committee Settlement contained therein, the Plan, and the Global Settlement Term Sheet, the Debtors and the Creditors' Committee hereby establish a trust which shall be known as the "SunEdison Litigation Trust" on behalf of holders of Class A Litigation Trust Interests (including and subject to the rights of the Convertible Senior Notes Indenture Trustee) and Class B Litigation Trust Interests (each as

2

Weil Draft 7/6/17

defined herein, and collectively, the "**Litigation Trust Beneficiaries**") in accordance with the Plan and the Global Settlement Term Sheet.

(b)    The Original Trustee is hereby appointed as trustee of the Litigation Trust and agrees to accept and hold the Litigation Trust Assets in trust for the Litigation Trust Beneficiaries subject to the terms of this Litigation Trust Agreement, the Plan, and the Confirmation Order. The Original Trustee and each successor trustee serving from time-to-time duly appointed hereunder (the "**Litigation Trustee**") shall have all the rights, powers, and duties set forth herein. The term of the Original Trustee shall be for three (3) years, subject to an extension of such term by a majority vote of the Litigation Trust Oversight Board (as defined herein).

(c)    A board created and selected by the Creditors' Committee (the "**Litigation Trust Oversight Board**") is hereby appointed to oversee the Litigation Trust and the activities of the Litigation Trustee. The Litigation Trust Oversight Board shall consist of three (3) members and each successor member serving from time-to-time duly appointed hereunder (each, a "**Litigation Trust Oversight Board Member**"), one of whom shall be the Litigation Trustee and a majority of whom shall be "United States persons" within the meaning of Section 7701(a)(30) of the IRC, and shall have all the rights, powers, and duties set forth herein. The term of each Litigation Trust Oversight Board Member, other than the Litigation Trustee (collectively, such other Litigation Trust Oversight Board Members, the "**Non-Trustee Oversight Board Members**") shall be five (5) years, subject to an extension of such term by a majority vote of the Litigation Trust Oversight Board if the term of the Litigation Trust is extended beyond its original five (5) year term.

1.2    Transfer of Assets and Rights to Litigation Trustee.

(a)    On the Effective Date, the Debtors, pursuant to terms of the Global Settlement Term Sheet, the Plan, and the Confirmation Order, hereby transfer, assign and deliver to the Litigation Trust, without recourse, all of their respective rights, title, and interests, free and clear of any and all Liens, Claims (other than Claims in the nature of setoff or recoupment), encumbrances or interests of any kind in such property of any other Person or Entity, in and to:

(i) all Causes of Action of the Debtors' Estates as of the Effective Date, including all Estate Avoidance Actions (other than Avoidance Actions against the YieldCos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors), to the extent such Causes of Action are not released or settled with the consent of the Creditors' Committee, pursuant to Article 11.5 of the Plan or released or settled pursuant to an Order of the Bankruptcy Court (including the order approving the D&O Settlement Agreement [Docket No. 3453] (the "**D&O Settlement Approval Order**"))[2] or the Global Settlement Term

---

[2] For the avoidance of doubt, pursuant to the D&O Settlement Agreement and the D&O Settlement Approval Order, the only Estate Causes of Action against the Individual Defendants (as defined in the D&O Settlement Agreement) that are preserved for transfer to the Litigation Trust are preference actions that may be brought under section 547 of the Bankruptcy Code. To the extent any provision in the Plan (including this Litigation Trust Agreement and the other exhibits to the Plan Supplement) is inconsistent with the terms of the D&O Settlement Agreement or the D&O Settlement Approval Order, the D&O Settlement Agreement or the D&O Settlement Approval Order, as applicable, shall control.

3

Sheet prior to the Effective Date, including the Causes of Action set forth on **Exhibit A** (the "**Litigation Trust Causes of Action**"); and

(ii) Cash of $57,500,000.00 representing the sum of (A) the initial funding for the Litigation Trust as contemplated by the Committee Settlement; (B) proceeds allocable from the D&O Insurance in the amount of $32,000,000.00, pursuant to the terms of the D&O Settlement Agreement and the D&O Settlement Approval Order; and (C) the settlement of certain Avoidance Actions in connection with the YieldCo Settlement Motion; plus at least $5,000,000.00 in Cash on account of Professional Fee Reductions (the "**Voluntary Professional Fee Reduction Amount**"), as well as all additional Voluntary Professional Fee Reductions that exceed the Voluntary Professional Fee Reduction Amount (collectively, the "**Litigation Trust Initial Cash Assets**", and together with the Litigation Trust Causes of Action, the proceeds of the Litigation Trust Causes of Action, and the Net Avoidance Action Proceeds (as defined herein), the "**Litigation Trust Assets**").

(b)    On the Effective Date, the Litigation Trust shall assume responsibility for the Claims Reconciliation Process (as defined in Annex I of the Global Settlement Term Sheet), including with respect to the initiation or continuance of claims objection prosecution. Copies of the Debtors' books and records that relate to claims objections shall be made available to the Litigation Trust promptly following the Effective Date. On and after the Effective Date, the Reorganized Debtors shall use commercially reasonable efforts to cooperate with the Litigation Trust in connection with due diligence and other reasonable assistance regarding the prosecution of the Claims Reconciliation Process and the Litigation Trust Causes of Action as may be reasonably requested by the Litigation Trust, including with respect to providing all relevant documents, evidence, and existing information in their possession or in the possession of their advisors or representatives on the Effective Date. Following the Effective Date, if the actual, reasonable, and documented out-of-pocket costs and expenses of the Reorganized Debtors (including fees and expenses of outside third-parties and/or firms; but not including charges for salaried employees of the Reorganized Debtors) incurred in carrying out the services described in this paragraph and/or Annex 1 of the Global Settlement Term Sheet exceed $250,000 in the aggregate (the amount exceeding $250,000 defined as "**Excess Expenses**"), the Litigation Trust shall promptly reimburse the Reorganized Debtors for the Excess Expenses. The parties shall agree in writing to the scope of work and expected charges regarding requests by the Litigation Trust that are expected to result in the incurrence of out-of-pocket costs prior to the Reorganized Debtors' performance of such tasks or incurrence of such costs and expenses. The Litigation Trustee and/or the Litigation Trust Oversight Board shall raise any disputes relating to a reimbursement request within thirty (30) days of receipt thereof, and the Bankruptcy Court shall resolve any such disputes that are not resolved among the parties.

(c)    To the extent any Litigation Trust Assets cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Trust Assets shall be deemed to have been retained by the Debtors and the Litigation Trustee shall be deemed to have been designated as a representative of the Debtors pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such Litigation Trust Assets on behalf of the Debtors. Notwithstanding the foregoing, all net proceeds of such Litigation Trust Assets shall be transferred to the Litigation

4

Trust to be distributed to the Litigation Trust Beneficiaries consistent with the Plan and the Global Settlement Term Sheet.

(d) The transfer of the Liquidating Trust Assets shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use, or other tax, pursuant to section 1146(a) of the Bankruptcy Code.

(e) The Litigation Trust Trustee will seek to preserve and protect all applicable privileges and work-product relating to the Claims Reconciliation Process and the Litigation Trust Causes of Action, including but not limited to any attorney-client privilege or work-product privilege attaching to any documents or communications (whether written or oral).  The Litigation Trust Trustee's receipt of such information shall not waive any privileges and all such privileges are preserved.  Notwithstanding the foregoing, in the event the Litigation Trust Trustee seeks to waive any privilege on behalf of the Litigation Trust or the Debtors, as applicable, with respect to the Litigation Trust Assets, it shall get the prior written consent of the Reorganized Debtors, which consent shall not be unreasonably withheld.

1.3    Title to Litigation Trust Assets.

Transfer of the Litigation Trust Assets to the Litigation Trust shall be made for the benefit of the Litigation Trust Beneficiaries to the extent such Litigation Trust Beneficiaries are entitled to beneficial interests therein (the "**Litigation Trust Interests**").  The Litigation Trust Interests shall be comprised of two tranches of interests, which will be provided on the Effective Date to (a) holders of General Unsecured Claims (the "**Class A Litigation Trust Interests**") and (b) holders of Second Lien Claims (the "**Class B Litigation Trust Interests**").  The Litigation Trust Interests shall have the respective rights to share in the Litigation Trust Assets and the governance rights set forth on **Exhibit B** hereto (the "**Litigation Trust Interests Overview**").  Upon the transfer of the Litigation Trust Assets, the Litigation Trust shall succeed to all of the right, title, and interest of the Debtors in and to the Litigation Trust Assets and the Debtors shall not have any further interest in or with respect to the Litigation Trust Assets or the Litigation Trust.

1.4    Nature and Purpose of Litigation Trust.

(a)    Purpose.  The Litigation Trust is organized and established as a trust, subject to the terms and conditions contained herein, in the Final DIP Order, the Plan, and the Global Settlement Term Sheet, for the sole purpose of liquidating the Litigation Trust Assets in an expeditious but orderly manner for the benefit of the Litigation Trust Beneficiaries, including the investigation and prosecution of the Litigation Trust Causes of Action, with no objective to continue or engage in the conduct of a trade or business, except, to the extent reasonably necessary to effectuate, and consistent with, the liquidating purpose of the Litigation Trust.

(b)    Fees and Expenses.  From and after the Effective Date, the Litigation Trust shall pay fees and expenses of professionals retained by the Litigation Trustee incurred in the investigation and prosecution of Litigation Trust Causes of Action ("**Investigation/Prosecution Fees and Expenses**") subject in all respects to the procedures and

5

Weil Draft 7/6/17

approvals to be established by the Litigation Trust Oversight Board (the "**Approval Procedures**").

(c)    Actions of Litigation Trustee.  Subject to Section 3.8 hereof, the Litigation Trustee shall, in an expeditious but orderly manner, liquidate and convert to cash the Litigation Trust Assets, make timely distributions in accordance with Article 6 of this Litigation Trust Agreement, and not unduly prolong the duration of the Litigation Trust.  The liquidation of the Litigation Trust Assets may be accomplished through the prosecution, compromise and settlement, abandonment, dismissal or assignment of any or all claims, rights or causes of action, or otherwise.  With respect to Litigation Trust Assets involving asserted Claims of less than $1,000,000, the Litigation Trustee shall have the absolute right to pursue, settle and compromise or not pursue any and all such Litigation Trust Assets as it determines is in the best interests of the Litigation Trust Beneficiaries and consistent with the purposes of the Litigation Trust.  With respect to Litigation Trust Assets involving asserted Claims of $1,000,000 or more, the Litigation Trustee shall have the right to pursue, settle and compromise or not pursue any and all such Litigation Trust Assets as it determines is in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, subject to approval by the majority vote of the Litigation Trust Oversight Board.  The Litigation Trustee shall have no liability for the outcome of any such decision except for any damages caused by gross negligence, willful misconduct, or knowing violation of law.

(d)    Relationship.  This Litigation Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee or the Litigation Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint ventures.  The relationship of the Litigation Trust Beneficiaries to the Litigation Trust and the Litigation Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Litigation Trust Agreement.

1.5    Incorporation of the Plan, Global Settlement Term Sheet, and Committee Settlement.

Both (i) the Plan (including the Global Settlement Term Sheet) and (ii) to the extent not superseded by the Plan (including the Global Settlement Term Sheet), the Final DIP Order (including the Committee Settlement) are hereby incorporated into this Litigation Trust Agreement and made a part hereof by this reference; *provided, however*, to the extent that there is a conflict between the provisions of the Litigation Trust Agreement and the Final DIP Order (including the Committee Settlement), the Plan (including the Global Settlement Term Sheet), or the Confirmation Order, the terms of the Confirmation Order shall control.

1.6    Appointment as Representative.

Upon the Effective Date, the Litigation Trustee is appointed as the duly appointed representative of the Debtors and their estates with respect to the Litigation Trust Assets, and, as

6

Weil Draft 7/6/17

such, upon such appointment, the Litigation Trustee succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution of the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries.

1.7    Reservation of Rights Regarding Litigation Trust Causes of Action.

**No Entity may rely on the absence of a specific reference in the Plan or the Plan Supplement to any Litigation Trust Cause of Action against them as any indication that the Litigation Trust will not pursue any and all available Litigation Trust Causes of Action against them. The Litigation Trust expressly reserves all rights to prosecute any and all Litigation Trust Causes of Action against any Entity, except as otherwise provided in the Plan or an order of the Bankruptcy Court.** Unless a specific Litigation Trust Cause of Action against an Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Bankruptcy Court, the Litigation Trust expressly reserves such Litigation Trust Causes of Action for later adjudication.

ARTICLE 2

LITIGATION TRUST INTERESTS

2.1    Allocation of Litigation Trust Interests.

As of the Effective Date, the Litigation Trust shall be authorized to make distributions of Litigation Trust Interests to Litigation Trust Beneficiaries in accordance with the Plan (including the Global Settlement Term Sheet) and the Confirmation Order. The distribution of the Litigation Trust Interests shall be accomplished as and when determined by the Litigation Trustee in consultation with the Litigation Trust Oversight Board. The aggregate number and face value of the Class A Litigation Trust Interests to be distributed to holders of allowed General Unsecured Claims on a *pro rata* basis or Class B Litigation Trust Interests to be distributed to holders of allowed Second Lien Claims on a *pro rata* basis shall be determined by the Litigation Trustee, in accordance with the Plan (including the Global Settlement Term Sheet) and the Confirmation Order.

2.2    Interests Beneficial Only.

The ownership of a Litigation Trust Interest shall not entitle any Litigation Trust Beneficiary to any title in or to the assets of the Litigation Trust as such (which title shall be vested in the Litigation Trustee) or to any right to call for a partition or division of the assets of the Litigation Trust or to require an accounting.

2.3    Evidence of Beneficial Interests.

Subject to Section 2.5(c) hereof, the ownership of Litigation Trust Interests when issued initially shall be represented by the recording of such ownership in an electronic book-entry system ("**Book Entry System**") maintained by either the Litigation Trust or an agent of the Litigation Trust. A Litigation Trust Beneficiary shall be deemed the "holder of record" (hereinafter "holder") of the Litigation Trust Interest(s) recorded in its name for purposes of all applicable United States federal and state laws, rules and regulations. The Litigation Trustee

7

Weil Draft 7/6/17

shall, upon the written request of a holder of a Litigation Trust Interest, provide reasonably adequate documentary evidence of such holder's Litigation Trust Interest, as indicated in the Book Entry System.  The expense of providing such documentation shall be borne by the requesting holder.

       2.4    <u>Securities Law Registration</u>.

       It is intended that the Litigation Trust Interests shall not constitute "securities."  If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "**Exchange Act**"), or the Investment Company Act of 1940, as amended (the "**Investment Company Act**"), then the Litigation Trustee shall take any and all actions to comply with such registration and reporting requirements, if any, and file periodic reports with the Securities and Exchange Commission (the "**SEC**").  Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Litigation Trustee from amending this Litigation Trust Agreement to make such changes as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act, or the Investment Company Act.

       2.5    <u>Transferability; Records</u>.

       (a)    The Litigation Trust Interests shall be freely negotiable and transferable to the extent provided herein and permitted by applicable securities laws.

       (b)    Pursuant to the Book Entry System, the Litigation Trust shall maintain, or cause an agent of the Litigation Trust to maintain, a copy of each assignment instrument delivered to it from time to time and a register (which may be electronic) for the recordation of the names and addresses of the Litigation Trust Beneficiaries, and the amount and class of their respective Litigation Trust Interests from time to time.  Any transfer of a Litigation Trust Interest shall not be effective unless and until such transfer is recorded in the Book Entry System in accordance with the terms herein.  Subject to <u>Section 2.5(c)</u>, the entries in the Book Entry System shall be conclusive absent manifest error, and the Litigation Trust and the Litigation Trustee shall treat each person whose name is recorded in the Book Entry System pursuant to the terms hereof as the owner of Litigation Trust Interests indicated therein for all purposes of this Litigation Trust Agreement, notwithstanding notice to the contrary.

       (c)    Notwithstanding any provision to the contrary, the Litigation Trustee shall not recognize, and shall not record, any transfer of Litigation Trust Interests unless and until sufficient information regarding the sale and transferee (as reasonably determined by the Litigation Trustee) is provided using the litigation trust interest transfer form (attached hereto as **Exhibit C**, the "**Litigation Trust Interest Transfer Form**") and such Litigation Trust Interest Transfer Form and any other information requested by the Litigation Trustee is received and approved by the Litigation Trustee, including, without limitation, any tax information (including, without limitation, social security numbers or other tax identification numbers) and completed Internal Revenue Service ("**IRS**") forms as the Litigation Trustee, in its sole discretion, deems necessary or appropriate.

8

Weil Draft 7/6/17

(d)     Transfers of Litigation Trust Interests shall be recorded on the Book Entry System in accordance with such practices and procedures as shall be prescribed by the Litigation Trustee under the supervision of the Litigation Trust Oversight Board, provided that the Litigation Trustee need not reflect any transfer and will give notice to such holder that no transfer has been recognized in the event the Litigation Trustee reasonably believes that such transfer (i) would constitute a violation of applicable laws or (ii) would cause the Litigation Trust to be required to register Litigation Trust Interests under, and/or to become subject to the reporting requirements of Sections 13 or 15(d) of the Exchange Act.

## ARTICLE 3

## LITIGATION TRUSTEE

3.1     Net Avoidance Action Proceeds.

All proceeds recovered by the Litigation Trust (or for the benefit of unsecured creditors) on account of Avoidance Actions (as defined in the Plan), net of fees and expenses expended to prosecute such Avoidance Actions (including fees paid on a contingency arrangement, any expenses of prosecuting the Litigation Trust Causes of Action or administering the Litigation Trust, including, without limitation, the costs associated with preparation of the Litigation Trust Reports (as defined below), and any taxes imposed on or with respect to such proceeds, all of which shall be deducted prior to any distribution of Net Avoidance Action Proceeds), other than proceeds from the Avoidance Actions against the YieldCos that are settled in connection with the YieldCo Avoidance Allocation, whether such Net Avoidance Actions Proceeds are recovered pursuant to the successful prosecution or settlement of such Avoidance Actions (the "**Net Avoidance Action Proceeds**") shall be added to the Litigation Trust Assets and held as part thereof (and to which title shall be vested in the Litigation Trustee).

3.2     Collection of Income.

The Litigation Trustee shall collect all income earned with respect to the Litigation Trust Assets, which shall thereupon become Litigation Trust Assets and held as a part of the Litigation Trust (and which title shall be vested in the Litigation Trust).

3.3     Funding and Payment of Litigation Trust Expenses.

(a)     The Litigation Trustee shall maintain a litigation expense fund (the "**Litigation Expense Fund**") in an amount (i) as is reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during litigation, (ii) to pay reasonable administrative expenses (including but not limited to, the costs and expenses of the Litigation Trustee (including reasonable fees, costs, and expenses of professionals), any taxes imposed on the Litigation Trust or fees and expenses in connection with, arising out of or related to the Litigation Trust Assets), and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with this Litigation Trust Agreement. The amounts held in the Litigation Expense Fund shall be subject to [periodic] review by the Litigation Trust Oversight Board.

9

Weil Draft 7/6/17

(b)    The Litigation Expense Fund shall initially be funded from the Litigation Trust Initial Cash Assets and, thereafter, from any other Litigation Trust Assets.  Accordingly, the Litigation Trustee may retain from the Net Avoidance Action Proceeds and proceeds of other Litigation Trust Causes of Action and add to the Litigation Expense Fund such amounts as the Litigation Trustee deems reasonable and appropriate to ensure that the Litigation Expense Fund will be adequate to meet the expenses and liabilities described in subsection (a) of this Section.

3.4    Distributions.

The Litigation Trustee shall distribute the net distributable assets of the Litigation Trust to the Litigation Trust Beneficiaries in accordance with the provisions of Article 6.

3.5    Tenure, Removal, and Replacement of Litigation Trustee.

(a)    The Litigation Trustee shall serve for three (3) years, until resignation and the appointment of a successor pursuant to subsection (b) below, removal pursuant to subsection (c) below, or death (if applicable).  The Litigation Trust Oversight Board shall be authorized to extend the term of the Litigation Trustee.

(b)    The Litigation Trustee may resign by giving not less than sixty (60) days' prior written notice to the Litigation Trust Oversight Board, with a copy to counsel for the holders of Class B Litigation Trust Interests.  Such resignation shall become effective on the later to occur of: (i) the day specified in such notice and (ii) the appointment of a successor trustee as provided herein and the acceptance by such successor trustee of such appointment.  If a successor trustee is not appointed or does not accept its appointment within sixty (60) days following delivery of notice of resignation, the Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and hearing, for the appointment of a successor trustee.

(c)    The Litigation Trustee may be removed by the affirmative vote of the majority of Litigation Trust Oversight Board by written consent or at the meeting of the Litigation Trust Oversight Board called for the purpose of removing the Litigation Trustee.  Such removal shall become effective on the date action is taken by the Litigation Trust Oversight Board.

(d)    In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation pursuant to Section 3.5(b) hereof, or removal of the Litigation Trustee pursuant to Section 3.5(c) hereof, the Litigation Trust Oversight Board may appoint a successor Litigation Trustee subject to the requirement that any successor Litigation Trustee be a "United States person" within the meaning of Section 7701(a)(30) of the IRC.  Such appointment shall specify the date on which such appointment shall be effective.  Notice of the appointment of a successor Litigation Trustee shall be filed with the Bankruptcy Court.

(e)    Immediately upon the appointment of any successor Litigation Trustee, all rights, powers, duties, authority, and privileges of the predecessor Litigation Trustee hereunder shall be vested in and undertaken by the successor trustee without any further act.  The successor Litigation Trustee shall not be liable personally for any act of the predecessor Litigation Trustee.

10

Weil Draft 7/6/17

(f)      Upon the appointment of a successor Litigation Trustee, the predecessor Litigation Trustee (or the duly appointed legal representative of a deceased Litigation Trustee) shall, if applicable, when requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed, without recourse to the predecessor Litigation Trustee, all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee, and shall duly assign, transfer, and deliver to such successor Litigation Trustee all property and money held hereunder, and all other assets and documents relating to the Litigation Trust, the Litigation Trust Assets, or the Litigation Trust Interests then in its possession and held hereunder.

(g)      The appointment of a successor Litigation Trustee will be evidenced by the successor Litigation Trustee's filing with the Bankruptcy Court of a notice of appointment, which notice will include the name, address, and telephone number of the successor Litigation Trustee.

3.6      Acceptance of Appointment by Successor Litigation Trustee.

Any successor Litigation Trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Litigation Trustee hereunder and thereupon the successor Litigation Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of its predecessor in the Litigation Trust hereunder with like effect as if originally named herein.

3.7      Role of Litigation Trustee.

In furtherance of and consistent with the purpose of the Litigation Trust, the Litigation Trustee shall have the power to (i) prosecute, compromise and settle, abandon, assign, or dismiss for the benefit of the Litigation Trust Beneficiaries all claims, rights, and causes of action transferred to the Litigation Trust (whether such suits are brought in the name of the Litigation Trustee or otherwise), and (ii) otherwise perform the functions and take the actions provided or permitted in this Litigation Trust Agreement, subject to the terms and conditions contained herein (including approval by the majority of the Litigation Trust Oversight Board for actions related to Litigation Trust Assets involving asserted Claims of $1,000,000 or more, as described in Section 2.1(c)).  In all circumstances, the Litigation Trustee shall act in the best interests of all the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust.

3.8      Authority of Litigation Trustee.

Subject to any limitations contained herein, in the Plan, the Confirmation Order, or the Global Settlement Term Sheet, the Litigation Trustee shall have the following powers and authorities:

(a)      hold legal title to any and all rights of the holders of the Litigation Trust Interests in or arising from the Litigation Trust Assets, including, without limitation, collecting and receiving any and all money and other property belonging to the Litigation Trust and the

11

Weil Draft 7/6/17

right to vote any claim or interest relating to a Litigation Trust Asset in a case under the Bankruptcy Code and receive any distribution thereon;

(b)    perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling causes of action, enforcing contracts or asserting claims, defenses, offsets and privileges, but only as such duties and powers relate to the Litigation Trust Assets;

(c)    protect and enforce the rights to the Litigation Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(d)    obtain (with the Litigation Expense Fund) reasonable insurance coverage with respect to the liabilities and obligations of the Litigation Trustee and the Litigation Trust Oversight Board under this Litigation Trust Agreement (in the form of an errors and omissions policy or otherwise);

(e)    obtain (with the Litigation Expense Fund) insurance coverage with respect to real and personal property that may become assets of the Litigation Trust, if any;

(f)    retain and pay out of the Net Avoidance Action Proceeds such counsel and other professionals, including, without limitation, any professionals previously retained by the Creditors' Committee, as the Litigation Trustee shall select to assist the Litigation Trustee in its duties, on such terms as the Litigation Trustee deems reasonable and appropriate, without Bankruptcy Court approval; the Litigation Trustee may commit the Litigation Trust to and shall pay such counsel and other professionals reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred pursuant to the Approval Procedures; *provided, that* the Litigation Trustee shall file a notice summarizing the key terms of any retention (including the economic terms thereof) regarding the retention of any such advisors on a contingency fee basis (other than the Litigation Trustee) (each such notice, a "**Contingency Fee Advisor Retention Notice**") on the docket of the Bankruptcy Court and, following the filing of any Contingency Fee Advisor Retention Notice, at the request of any of the holders of Class B Litigation Trust Interests (or their advisor at the instruction of a holder), the Litigation Trustee shall provide additional information regarding the proposed contingency fee engagement (including the actual engagement letter on a confidential basis, if so requested).

(g)    retain and pay out of the Litigation Trust Expense Fund an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be required by the SEC and applicable securities laws and as may be reasonable and appropriate in the Litigation Trustee's discretion and to prepare and file any tax returns, information returns, or periodic or current reports as required by applicable securities laws, for the Litigation Trust as may be required; the Litigation Trustee may commit the Litigation Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

12

Weil Draft 7/6/17

(h)    retain and pay out of the Net Avoidance Action Proceeds such third parties to assist the Litigation Trustee in carrying out its powers and duties under this Litigation Trust Agreement; the Litigation Trustee may commit the Litigation Trust to and shall pay all such persons or entities reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred pursuant to the Approval Procedures, as well as commit the Litigation Trust to indemnify any such parties in connection with the performance of services (provided that such indemnity shall not cover any losses, costs, damages, expenses or liabilities that result from the recklessness, gross negligence, willful misconduct, or knowing violation of law by such party);

(i)    subject to section 1.2(e), waive any privilege or any defense on behalf of the Litigation Trust or the Debtors, as applicable, with respect to the Litigation Trust Assets;

(i̶j)    compromise, adjust, arbitrate, sue on or defend, pursue, prosecute, abandon, exercise rights, powers, and privileges with respect to, or otherwise deal with and settle, in accordance with the terms set forth herein, the Litigation Trust Assets;

(j̶k)    with respect to the Litigation Trust Causes of Action, commence actions to avoid and recover transfers of the Debtors' property as permitted by the Plan and as may be permitted by the Bankruptcy Code or applicable state law;

(k̶l)    invest any moneys held as part of the Litigation Trust in accordance with the terms of Section 3.15 hereof;

(l̶m)    exercise all of the powers and authorities of the Litigation Trustee contained in Article 5 hereof;

(m̶n)    subject to applicable securities laws, if any, establish and maintain a website for the purpose of providing notice of Litigation Trust activities in lieu of sending written notice to holders of Litigation Trust Interests, subject to providing notice of such website to such holders;

(n̶o)    seek the examination of any entity, subject to the provisions of the Federal Rules of Evidence or any other applicable law or rule; and

(o̶p)    take or refrain from taking any and all actions that the Litigation Trustee, reasonably deems necessary or convenient for the continuation, protection and maximization of the Litigation Trust Assets or to carry out the purposes hereof.

3.9    Limitation of Litigation Trustee's Authority.

The Litigation Trustee shall, on behalf of the Litigation Trust, hold the Litigation Trust out as a trust in the process of liquidation and not as an investment company. Notwithstanding anything herein to the contrary, the Litigation Trustee shall not (i) be authorized to engage in any trade or business, (ii) take such actions inconsistent with the orderly liquidation of the assets of the Litigation Trust as are required or contemplated by applicable law, the Final DIP Order, the Plan, the Confirmation Order, and this Litigation Trust Agreement, or (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the

13

Weil Draft 7/6/17

Litigation Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

> 3.10    <u>Books and Records</u>.

The Litigation Trustee shall maintain books and records relating to the Litigation Trust Assets and income of the Litigation Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting and securities law requirements of the Litigation Trust. Nothing in this Litigation Trust Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the assets of the Litigation Trust.

> 3.11    <u>Inquiries into Trustee's Authority</u>.

Except as otherwise set forth in the Litigation Trust Agreement, no Person dealing with the Litigation Trust shall be obligated to inquire into the authority of the Litigation Trustee in connection with the protection, conservation, or disposition of the Litigation Trust Assets.

> 3.12    <u>Compliance with Laws</u>.

Any and all distributions of assets of the Litigation Trust and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws.

> 3.13    <u>Compensation of Litigation Trustee</u>.

The Litigation Trustee shall be reasonably compensated out of the Litigation Trust Expense Fund or the Net Avoidance Action Proceeds for its services, and reimbursed out of the Litigation Trust Initial Cash Assets or the Net Avoidance Action Proceeds for its reasonable expenses ~~pursuant to an engagement letter~~<u>in accordance with the compensation schedule attached hereto as **Exhibit D**</u> (the "**Trustee ~~Engagement Letter~~<u>Compensation Schedule</u>**") approved by the Creditors' Committee, subject to the approval of the Bankruptcy Court prior to the entry of the Confirmation Order. The terms of the Litigation Trustee's engagement shall include a monthly compensation arrangement for the first two (2) years of the engagement (with the Litigation Trustee having the ability to reasonably negotiate for further monthly compensation thereafter, subject to the approval of the Non-Trustee Oversight Board Members) and tiered contingent compensation arrangement for Net Avoidance Action Proceeds collected in accordance with the terms of the Trustee ~~Engagement Letter~~<u>Compensation Schedule</u>.

> 3.14    <u>Reliance by Litigation Trustee</u>.

Except as otherwise provided herein:

14

Weil Draft 7/6/17

(a)    the Litigation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties; and

(b)    Persons dealing with the Litigation Trustee shall look only to the Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to such Person in carrying out the terms of this Litigation Trust Agreement, and the Litigation Trustee shall not have any personal obligation to satisfy any such liability.

3.15    <u>Investment and Safekeeping of Litigation Trust Assets</u>.

The Litigation Trustee shall invest all Cash assets transferred to the Litigation Trust, all Net Avoidance Action Proceeds, the Litigation Expense Fund, and all income earned by the Litigation Trust only in cash, cash equivalents, U.S. Treasury securities, money market investments, and similar investments; *provided, however*, that (a) the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the guidelines of the IRS, whether set forth in IRS rulings, other IRS pronouncements or otherwise and (b) the Litigation Trustee may retain any Net Avoidance Action Proceeds received that are not cash only for so long as may be required for the prompt and orderly liquidation of such assets in cash.

3.16    <u>Standard of Care; Exculpation</u>.

Neither the Litigation Trustee nor any of its duly designated agents or representatives or professionals shall be liable for any act or omission taken or omitted to be taken by the Litigation Trustee in good faith, other than acts or omissions resulting from the Litigation Trustee's own gross negligence, recklessness, willful misconduct, or knowing violation of law.  The Litigation Trustee may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons.  Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with its attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the Litigation Trustee, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

3.17    <u>Restriction as to Subsidiaries</u>.

The Litigation Trust shall not hold 50% or more of the stock (in either vote or value) of any entity that is treated as a corporation for U.S. federal income tax purposes, nor be the sole member of a limited liability company, nor have any interest in an entity that is treated as a partnership for U.S. federal income tax purposes, unless such stock, membership interest, or partnership interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the assets of the Litigation Trust.

15

Weil Draft 7/6/17

ARTICLE 4

LITIGATION TRUST OVERSIGHT BOARD

4.1    <u>Litigation Trust Oversight Board</u>.

At all times during the existence of the Litigation Trust, there shall be a three-member Litigation Trust Oversight Board, which shall consist of (i) two (2) Non-Trustee Oversight Board Members and (ii) the Litigation Trustee, *provided*, *that* the remaining members of the Litigation Trust Oversight Board Members may elect to not fill a Non-Trustee Oversight Board Member vacancy pursuant to <u>Section 4.2</u> of this Litigation Trust Agreement.  On the Effective Date, the Litigation Trust Oversight Board shall become effective and shall consist of the Original Trustee, Mr. Robert Egan, a designee of Flextronics Industrial Ltd., and [NAME]Mr. Neal Goldman, a designee representing the interests of the Convertible Senior Noteholders.  The Litigation Trust Oversight Board Members shall owe fiduciary duties to the Litigation Trust Beneficiaries.  Upon appointment, the Litigation Trust Oversight Board shall have the rights, powers, and duties described herein and shall have such other rights to operate and manage the Litigation Trust as are not inconsistent with the terms of this Litigation Trust Agreement.

4.2    <u>Authority of Litigation Trust Oversight Board</u>.

The Litigation Trust Oversight Board shall have the authority and responsibility to (i) oversee, review, and guide the activities and performance of the Litigation Trustee (ii) approve, by a majority vote, the prosecution, compromise and settlement, abandonment, dismissal, or assignment of Litigation Trust Causes of Action relating to asserted Claims of $1,000,000.00 or more; (iii) remove the Litigation Trustee in accordance with the provisions of <u>Article 3</u> herein; (iv) adjust the minimum threshold value for the settlement or other resolution of Claims subject to its approval as set forth in section (ii) of this provision; (v) fill any Non-Trustee Oversight Board Member vacancy on the Litigation Trust Oversight Board or elect not to fill such vacancy; and (vi) act in a manner consistent with such other rights, powers, and duties described in this Litigation Trust Agreement.  The Litigation Trustee shall consult with and provide information to the Litigation Trust Oversight Board in accordance with and pursuant to the terms of this Litigation Trust Agreement, the Plan (including the Global Settlement Term Sheet), and the Confirmation Order.  The Litigation Trust Oversight Board shall have the authority to select and engage such Persons, and select and engage such professional advisors, in accordance with the Plan (including the Global Settlement Term Sheet), the Confirmation Order, and this Litigation Trust Agreement as the Litigation Trust Oversight Board deems necessary and desirable to assist the Litigation Trust Oversight Board in fulfilling its obligations under this Litigation Trust Agreement, and the Litigation Trustee shall pay, out of the Net Avoidance Action Proceeds or the Litigation Trust Initial Cash Assets, the reasonable fees of such Persons (including on an hourly, contingency, or modified contingency basis) and reimburse such Persons for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of this Litigation Trust Agreement.

WEIL:\96171021\17\76491.0003WEIL:\96171021\23\76491.0003
1473487.NYCSR03A_MSW
Redline Original - LTA and Modified - LTA 7/19/2017 10:23:18 PM

Weil Draft 7/6/17

4.3     Regular Meetings of Litigation Trustee and Litigation Trust Oversight Board.

Meetings of the Litigation Trustee and the Litigation Trust Oversight Board are to be held with such frequency and at such place as the Litigation Trust Oversight Board may determine in its sole discretion, but in no event shall such meetings be held less frequently than quarterly.

4.4     Special Meetings of Litigation Trustee and Litigation Trust Oversight Board.

Special meetings of the Litigation Trustee and the Litigation Trust Oversight Board may be held whenever and wherever called for by the Litigation Trustee or at least two members of the Litigation Trust Oversight Board.

4.5     Notice of and Waiver of Notice for, Litigation Trustee and Litigation Trust Oversight Board.

Notice of the time and place (but not necessarily the purpose or all of the purposes) of any regular or special meeting shall be given to the Litigation Trustee and the members of the Litigation Trust Oversight Board in person or by telephone, or via email or electronic mail.  Notice to the Litigation Trustee and the members of the Litigation Trust Oversight Board of any such special meeting shall be deemed given sufficiently in advance when (i) if given by mail, the same is deposited in the United States mail at least ten (10) calendar days before the meeting date, with postage thereon prepaid, (ii) if given by electronic mail, the same is transmitted at least three (3) Business Days prior to the convening of the meeting (to the extent reasonably possible), or (iii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the Litigation Trustee and the members of the Litigation Trust Oversight Board or to an adult member of his/her office staff or household, at least one (1) Business Day prior to the convening of the meeting.  The Litigation Trustee and any member of the Litigation Trust Oversight Board may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is held, as provided by law.  Except as provided in the next sentence below, the waiver must be in writing, signed by the Litigation Trustee or the applicable member or members of the Litigation Trust Oversight Board entitled to the notice, and filed with the minutes or records of the Litigation Trust.  The attendance of the Litigation Trustee or a member of the Litigation Trust Oversight Board at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

4.6     Manner of Acting.

(a)     A majority of the total number of members of the Litigation Trust Oversight Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trust Oversight Board.  The affirmative vote of a majority of the members of the Litigation Trust Oversight Board present and entitled to vote at a meeting at which a quorum is present shall be the act of the Litigation Trust Oversight Board except as otherwise required by law or as provided in this Litigation Trust Oversight Board.  In the event

17

Weil Draft 7/6/17

that a vote of the Litigation Trust Oversight Board taken at a meeting at which a quorum is present results in a tie, the vote of the Litigation Trustee shall determine whether the proposed action is approved by the Litigation Trust Oversight Board.  The Litigation Trust Oversight Board may also take action by written consent in accordance with Section 4.7 hereof.

(b)    Any or all of the members of the Litigation Trust Oversight Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof.  The Litigation Trustee or any member of the Litigation Trust Oversight Board participating in a meeting by this means is deemed to be present in person at the meeting.  Voting may, if approved by the majority of the members at a meeting, be conducted by electronic mail or individual communications by the Litigation Trustee and each member of the Litigation Trust Oversight Board.

(c)    Any member of the Litigation Trust Oversight Board who is present and entitled to vote at a meeting of the Litigation Trust Oversight Board when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Oversight Board unless: (i) such member of the Litigation Trust Oversight Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic transmission) of his/her dissent or abstention to the Litigation Trust Oversight Board before its adjournment.  The right of dissent or abstention is not available to any member of the Litigation Trust Oversight Board who votes in favor of the action taken.

(d)    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Litigation Trust Oversight Board shall report to the Litigation Trust Oversight Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a Litigation Trust Beneficiary).  A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (however such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Trust Oversight Board who are not "conflicted members."

4.7    Litigation Trust Oversight Board's Action without a Meeting.

Any action required or permitted to be taken by the Litigation Trust Oversight Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Oversight Board as evidenced by one or more written consents describing the action taken, signed by all members of the Litigation Trust Oversight Board and

18

recorded in the minutes or other transcript of proceedings of the Litigation Trust Oversight Board and the required notice of meeting has been given in accordance with <u>Section 4.5</u> hereof.

      4.8    <u>Tenure, Removal and Replacement of Non-Trustee Oversight Board Members</u>.

      The authority of the Non-Trustee Oversight Board Members shall be effective as of the Effective Date and shall remain and continue in full force and effect until the Litigation Trust is terminated in accordance with <u>Section 10.1</u> hereof.  The service of the members of the Non-Trustee Oversight Board Members shall be subject to the following:

      (a)    The Non-Trustee Oversight Board Members will serve for five (5) years (subject to extension of such term by a majority vote of the Litigation Trust Oversight Board if the term of the Litigation Trust is extended beyond its original five (5) year term), until death or resignation pursuant to <u>subsection (b)</u> below or removal pursuant to <u>subsection (c)</u> below.

      (b)    A Non-Trustee Oversight Board Member may resign at any time by providing a written notice of resignation to the remaining members of the Litigation Trust Oversight Board.  Any Non-Trustee Oversight Board Member who resigns shall continue to serve until the earlier of (i) the appointment of his or her successor; (ii) a determination by a majority of the remaining Litigation Trust Oversight Board Members to not fill the vacancy created by the resigning Non-Trustee Oversight Board Member; and (iii) ninety (90) days after the delivery of such written notice.

      (c)    A Non-Trustee Oversight Board Member may be removed by the majority vote of the other members of the Litigation Trust Oversight Board, written resolution of which shall be delivered to the removed Litigation Trust Oversight Board member; provided, however, that such removal may only be made for Cause.  For purposes of this <u>Section 4.8(c)</u>, "Cause" shall be defined as:  (i) such Litigation Trust Oversight Board member's theft or embezzlement or attempted theft or embezzlement of money or tangible or intangible assets or property; (ii) such Litigation Trust Oversight Board member's violation of any law (whether foreign or domestic), which results in a felony indictment or similar judicial proceeding; (iii) such Litigation Trust Oversight Board member's recklessness, gross negligence, willful misconduct, or knowing violation of law, in the performance of his or her duties; or (iv) such Litigation Trust Oversight Board member's failure to perform any of his or her other material duties under this Litigation Trust Agreement (including the regular attendance at meetings); *provided*, *however*, that such Litigation Trust Oversight Board member shall have been given a reasonable period to cure any alleged cause under clause (iii) (other than willful misconduct or violation of law that results in a felony indictment or similar judicial proceeding) and clause (iv).

      (d)    In the event of a vacancy on the Litigation Trust Oversight Board due to the removal, death, or resignation of a Non-Trustee Oversight Board Member, a new member may be appointed to fill such position by the remaining members of the Litigation Trust Oversight Board.  In the event that there are no remaining members of the Litigation Trust Oversight Board, appointments to fill such vacancies that would have been made by the remaining members of the Litigation Trust Oversight Board shall be made upon an order entered after an opportunity for a hearing by the Bankruptcy Court, upon motion of the Litigation Trustee.  Successor members appointed to be Non-Trustee Oversight Board Members must

19

Weil Draft 7/6/17

satisfy the requirement that a majority of the Litigation Trust Oversight Board Members be "United States persons" within the meaning of Section 7701(a)(30) of the IRC.

(e)    Immediately upon the appointment of any successor member of the Litigation Trust Oversight Board, all rights, powers, duties, authority, and privileges of the predecessor member of the Litigation Trust Oversight Board hereunder shall be vested in and undertaken by the successor member of the Litigation Trust Oversight Board without any further act; and the successor member of the Litigation Trust Oversight Board shall not be liable personally for any act or omission of the predecessor member of the Litigation Trust Oversight Board.

(f) The appointment of a successor member of the Litigation Trust Oversight Board shall be evidenced by the Litigation Trustee's filing with the Bankruptcy Court of a notice of appointment, which notice shall include the name, address, and telephone number of the successor member of the Litigation Trust Oversight Board.

4.9    Compensation of Litigation Trust Oversight Board.

Each Non-Trustee Oversight Board Member of the Litigation Trust Oversight Board shall be paid, by the Litigation Trust out of the Litigation Trust Expense Fund, (i) the amount of $[●][3] 25,000 annually as compensation for performance of its duties and services hereunder (all such duties or services are referred to herein as the "**Duties**") and reasonable out-of-pocket expenses related to the Duties, and (ii) reimbursement from the Litigation Trust for reasonable, documented out-of-pocket expenses incurred in the performance of such member's Duties.  For the avoidance of doubt, Non-Trustee Oversight Board Members shall not be entitled to reimbursement of expenses incurred relating to their own attorneys or professionals.

4.10    Standard of Care; Exculpation.

None of the Litigation Trust Oversight Board, its members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable for the act or omission of any other member, agent or representative of the Litigation Trust Oversight Board, nor shall the Litigation Trust Oversight Board or any of its members be liable for any act or omission taken or omitted to be taken by the Litigation Trust Oversight Board in good faith, other than acts or omissions resulting from such person's own gross negligence, recklessness, willful misconduct, or knowing violation of law.  The Litigation Trust Oversight Board and each of its members may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons.  Notwithstanding such authority, neither the Litigation Trust Oversight Board nor any of its members shall be under any obligation to consult with its attorneys, accountants, financial advisors or agents, and its determination not to do so shall not result in the imposition of liability on the Litigation Trust Oversight Board or, as applicable, its members or designees, unless such determination is shown

---

[3] Still under discussion.

20

Weil Draft 7/6/17

to have been made in bad faith based on gross negligence, willful misconduct, or knowing violation of law.

4.11    <u>Limitation of Litigation Trust Oversight Board's Authority</u>.

Notwithstanding anything herein to the contrary, the Litigation Trust Oversight Board shall not (i) be authorized to engaged in any trade or business; (ii) take any action inconsistent with the orderly liquidation of the assets of the Litigation Trust as is required or contemplated by applicable law, the Final DIP Order, this Litigation Trust Agreement, the Confirmation Order, or the Plan; or (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Litigation Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

ARTICLE 5

TAX MATTERS

5.1    <u>Tax Reporting</u>.

(a)    Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Trustee) and <u>Section 5.1(d)</u>, the Litigation Trust shall be treated as a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) and thus as a "grantor trust" within the meaning of Sections 671 through 677 of the IRC, and all parties to the Litigation Trust (including, without limitation, the Litigation Trustee, the Debtors, the Reorganized Debtors, and the Liquidating Trust Beneficiaries) shall report consistently therewith for U.S. federal income tax purposes. Accordingly, for U.S. federal income tax purposes, the Litigation Trust Assets shall be treated by all parties as (i) having been distributed (subject to any obligations relating to such assets) by the Debtors to the Litigation Trust Beneficiaries (other than any assets allocable to the GUC Disputed Claims Reserve) in satisfaction of Allowed General Unsecured Claims and in partial satisfaction of Allowed Second Lien Claims and (ii) immediately thereafter contributed by the holder of such Claims to the Litigation Trust in exchange for Litigation Trust Interests. Accordingly, the Litigation Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Litigation Trust Assets (other than such Litigation Trust Assets that are allocable to the GUC Disputed Claims Reserve). The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local tax purposes.

(b)    As soon as practicable after the Effective Date, (i) the Litigation Trustee, in consultation with the Litigation Trust Oversight Board and the Reorganized Debtors, shall determine the fair market value as of the Effective Date of all Litigation Trust Assets, and such determined fair market value shall be used consistently by all parties to the Litigation Trust Agreement (including the Reorganized Debtors, the Litigation Trustee, and the Litigation Trust Beneficiaries) for all U.S. federal income tax purposes, and (ii) the Litigation Trustee shall make

21

Weil Draft 7/6/17

such valuation available from time to time to all parties to the Litigation Trust, to the extent relevant to such parties for tax purposes.

(c)       The Litigation Trustee shall file returns for the Litigation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and in accordance with this Article 5.  The Litigation Trustee shall, in its discretion, make any applicable tax elections on behalf of the Litigation Trust.  The Litigation Trustee shall annually send to each Litigation Trust Beneficiary a separate statement setting forth such Litigation Trust Beneficiary's share of items of income, gain, loss, deduction, or credit, in accordance with applicable Treasury Regulations and Rev. Proc. 94-45, 1994-2 C.B. 684, file (or cause to be filed) any other statements, returns (including any information returns) or disclosures relating to the Litigation Trust that is required by any governmental authority or applicable law, and pay taxes, if any, properly payable by the Litigation Trust.

(d)       Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Trustee), the Litigation Trustee shall (i) timely elect to treat any Litigation Trust Assets allocable to, or retained on account of, the GUC Disputed Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation Section 1.468B-9, and (ii) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  All parties to the Litigation Trust Agreement (including the Litigation Trustee, the Reorganized Debtors and the Litigation Trust Beneficiaries) shall report for U.S. federal, state and local income tax purposes consistently with the foregoing.

(e)       The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust, including the GUC Disputed Claims Reserve, under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the dissolution of the Litigation Trust.

5.2       Trust Taxable Income; Allocations.

(a)       Subject to Section 5.2(c) hereof, all Litigation Trust earnings shall be taxable to the Litigation Trust Beneficiaries.

(b)       Subject to Section 5.2(c) hereof, allocations of Litigation Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed if, immediately prior to such deemed distribution, the Litigation Trust had distributed all of its other assets (valued for this purpose at their tax book value) to the Litigation Trust Beneficiaries, taking into account all prior and concurrent distributions from the Litigation Trust (including all distributions held in the GUC Disputed Claims Reserve).  Similarly, taxable loss of the Litigation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the Litigation Trust.  The tax book value of the Litigation Trust Assets for this purpose shall equal their fair market value upon the Effective Date, adjusted in either case in

22

Weil Draft 7/6/17

accordance with tax accounting principles prescribed by the IRC, the regulations and other applicable administrative and judicial authorities and pronouncements.

(c)    The Litigation Trustee shall be responsible for payment, out of the Litigation Trust Assets, of any taxes imposed on the Litigation Trust or its assets, including the GUC Disputed Claims Reserve (in the latter instance, first out of any Cash allocable to, or retained on account of, the Disputed Claim to which such tax relates), including any income that may arise upon the distribution of the assets from the GUC Disputed Claims Reserve. In the event, and to the extent, any Cash retained on account of a Disputed Claim is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of such claim such that such portion of the taxes is paid (in whole or in part) from other available Cash, such other cash sources shall be (i) reimbursed from any subsequent Cash amounts retained on account of such claim, or (ii) to the extent such claim has subsequently been resolved, deducted from any amounts otherwise distributable by the Litigation Trustee as a result of the resolution of such claim.

5.3    <u>Withholding</u>.

The Litigation Trustee may withhold and pay to the appropriate taxing authority all amounts required to be withheld pursuant to the IRC or any provision of any foreign, state, or local tax law with respect to any payment or distribution by the Litigation Trust to or any amounts received or earned by the Litigation Trust (including with respect to Net Avoidance Action Proceeds) distributable or allocable to the Litigation Trust Beneficiaries (including beneficiaries that are not "United States persons" within the meaning of the IRC). The Litigation Trustee may effect any withholding with respect to a Litigation Trust Beneficiary by reducing the amount currently or subsequently distributable to such beneficiary by the amount withheld. All such amounts withheld from distributions and paid to the appropriate taxing authority shall be treated as amounts distributed to such Litigation Trust Beneficiaries for all purposes of this Litigation Trust Agreement. The Litigation Trustee shall be authorized to collect such tax information from the Litigation Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as, in its sole discretion, the Litigation Trustee deems necessary to effectuate this Litigation Trust Agreement, the Plan (including the Global Settlement Term Sheet), or the Confirmation Order. In order to receive distributions pursuant to this Litigation Trust Agreement, all Litigation Trust Beneficiaries shall be required to identify themselves to the Litigation Trustee and provide tax information and the specifics of their holdings, to the extent the Litigation Trustee deems appropriate in the manner and in accordance with the procedures from time to time established by the Litigation Trustee for these purposes. This identification requirement generally applies to all holders, including those who hold their claims in "street name." The Litigation Trustee may refuse to make a distribution to any Liquidation Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered, and may treat such beneficiary's Litigation Trust Interests as in respect of a Disputed Claim and, in the event such information is not received within one year of being first requested, may treat such beneficiary's Litigation Trust Interests as forfeited; *provided, however*, that, upon the delivery of such information by a Litigation Trust Beneficiary within one year of being so requested, the Litigation Trustee shall make such distribution to which the Litigation Trust Beneficiary is entitled, without additional interest occasioned by such beneficiary's delay in providing tax information; and, *provided*, *further* that, if the Litigation

23

Weil Draft 7/6/17

Trustee fails to withhold in respect of amounts received or distributable with respect to any such beneficiary and the Litigation Trustee is later held liable for the amount of such withholding, such beneficiary shall reimburse the Litigation Trustee for such liability (to the extent such amounts were actually distributed to such beneficiary).

## ARTICLE 6

## DISTRIBUTIONS

6.1    Effective Date Distributions and Initial Cash Distribution.

(a)    On the Effective Date, or as soon as practicable thereafter, the Litigation Trustee shall:

(i)    arrange for the distribution of Litigation Trust Interests; and

(ii)    pay $2,000,000.00 of Cash from the Litigation Trust to the Convertible Senior Notes Indenture Trustee as partial payment of its fees and expenses incurred in connection with the Chapter 11 Cases; and (the "**Effective Date BOKF Professional Fees Distribution**").

(iii)    set aside an amount of Cash sufficient to satisfy the charging liens of the Convertible Senior Notes Indenture Trustee after taking into account the payment made pursuant to clause (i) above (the "**Indenture Trustee Cash Reserve**"). In accordance with section 7.13 of the Plan, the Convertible Senior Notes Indenture Trustee's charging liens shall attach to the Indenture Trustee Cash Reserve. For the avoidance of doubt, such charging liens shall not attach to any Litigation Trust Interests upon the funding of the Indenture Trustee Cash Reserve.

(b)    The Litigation Trustee, subject to the determination of the Litigation Trustee as to any holdback necessary to fund or maintain the GUC Disputed Claims Reserve (pursuant to Section 6.6 hereof) and the Litigation Expense Fund (in consultation with the Litigation Trust Oversight Board) and subject to Section 6.1(c) herein, shall make an initial distribution (the "**Initial Cash Distribution**") of all remaining available Cash to holders of Class A Litigation Trust Interests within sixty (60) days of the Effective Date, but; *provided, however,* (i) in no event shall the Initial Cash Distribution be less than fifty percent (50%) of Litigation Trust Initial Cash Assets. The, and (ii) the Trustee shall not make the Initial Cash Distribution until at least thirty (30) days after the date that the Convertible Senior Notes Indenture Trustee provides the certification required by Section 6.1(c).

Litigation Trustee shall disburse the funds in the Indenture Trustee Cash Reserve to

(c)    On or before the date that is five (5) days after the Effective Date, the Convertible Senior Notes Indenture Trustee shall (i) certify to the Litigation Trustee and (ii) provide notice through DTC to the Convertible Senior Noteholders of the amount of any outstanding and estimated costs, fees, and expenses that may be properly charged against any distribution to the Convertible Senior Noteholders pursuant to the terms of the Convertible Senior Notes Indentures

24

WEIL:\96171021\17\76491.0003WEIL:\96171021\23\76491.0003
1473487.NYCSR03A_MSW
Redline Original - LTA and Modified - LTA 7/19/2017 10:23:18 PM

(the "**Outstanding Indenture Trustee Fees and Expenses**") which amount, for the avoidance of doubt, shall be net of the Effective Date BOKF Professional Fees Distribution. Provided that there is no temporary restraining order or injunction then in effect with respect to payment of the Outstanding Indenture Trustee Fees and Expenses, on the date of the Initial Cash Distribution in satisfaction of any amounts due in respect of such charging liens.the Litigation Trustee shall first pay the Outstanding Indenture Trustee Fees and Expenses to (and in the amount certified by) the Convertible Senior Notes Indenture Trustee from the Initial Cash Distribution on account of the Class A Litigation Trust Interests held by the Convertible Senior Noteholders; [provided, that if the amount of the Initial Cash Distribution to be distributed to Convertible Senior Noteholders (or their assignees) on account of their Class A Litigation Trust Interests is less than the Outstanding Indenture Trustee Fees and Expenses, then all Cash otherwise distributable to Convertible Senior Noteholders in respect of their Class A Litigation Trust Interests upon the Initial Cash Distribution shall be paid to the Convertible Senior Note Trustee in partial payment of the Outstanding Indenture Trustee Fees and Expenses. Until the Outstanding Indenture Trustee Fees and Expenses are paid in full to the Senior Convertible Notes Indenture Trustee, the Senior Convertible Notes Indenture Trustee shall be paid on a priority basis from cash distributions otherwise payable to the Convertible Senior Noteholders and its charging lien or priority rights from distributions shall be deemed to attach to Cash distributions upon or through the Class A Litigation Trust Interests issued or distributed in respect to the Convertible Senior Note Claims.][3] For the avoidance of doubt, the Cash distributed to the Convertible Senior Notes Indenture Trustee fromfor the Outstanding Indenture Trustee Cash ReserveFees and Expenses shall be deemed to be part of the Initial Cash Distribution to Convertible Senior Noteholders (or their assignees) and shall not reduce the Initial Cash Distribution made to other Holders of General Unsecured Claims (or their assignees).[4]

(d) The Litigation Trustee shall have no liability for, and shall be held harmless from, any claims asserted by Convertible Senior Noteholder or any other party arising from the Litigation Trustee's reliance on the certification provided by the Convertible Senior Notes Indenture Trustee pursuant to Section 6.1(c).

6.2    Annual Distribution.

Subsequent to the Initial Cash Distribution, the Litigation Trustee shall, on at least an annual basis and subject to the terms of the Plan and the Global Settlement Term Sheet regarding the treatment of holders Class A Litigation Trust Interests and Class B Litigation Trust Interests, (i) distribute to the holders of Class A Litigation Trust Interests and Class B Litigation Trust Interests the Net Avoidance Action Proceeds in accordance with their respective rights under the Plan and the Global Settlement Term Sheet and (ii) distribute to the holders of Class A Litigation Trust Interests all other available Cash (treating as Cash for this purpose all investments in accordance with Section 3.15); *provided, however*, that the Litigation Trust shall retain such amounts as necessary or appropriate to maintain the GUC Disputed Claims Reserve

---

[3] The mechanics for payment of the Outstanding Indenture Trustee Fees and Expenses to be finalized prior to the Effective Date.

[4] NTD:  The Committee and the Original Trustee continue to discuss the mechanics.

WEIL\96171021\17\76491.0003WEIL\96171021\23\76491.0003
1473487 NYCSR03A - MSW

Redline Original - LTA and Modified - LTA 7/19/2017 10:23:18 PM

Weil Draft 7/6/17

and the Litigation Expense Fund. Subject to and in accordance with Section 5.3 hereof, the Litigation Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement; *provided, further*, that the Litigation Trustee shall not be required to make a distribution pursuant this Section 6.2 if the aggregate, net amount of unrestricted Cash available for distribution is sufficiently small in amount as to make the distribution impracticable as reasonably determined by the Litigation Trustee, with the consent of the Litigation Trust Oversight Board, in accordance with the law.

6.3    Manner of Payment or Distribution.

(a)    All distributions made by the Litigation Trustee to or for the benefit of holders of Litigation Trust Interests shall be payable in Cash to the holders of Litigation Trust Interests of record as of the twentieth (20th) day prior to the date scheduled for the distribution, unless such day is not a business day, then such day shall be the following business day. The Litigation Trustee shall distribute such cash by wire, check, or such other method as the Litigation Trustee deems appropriate under the circumstances.

(b)    To the extent the Debtors become liable for the payment of any Claims arising under section 502(h) of the Bankruptcy Code on account of Litigation Trust Assets (including the Net Avoidance Action Proceeds), the Litigation Trustee will be responsible for making distributions on account of such claims pursuant to Section 8.2 herein.

6.4    Delivery of Litigation Trust Distributions.

All distributions under this Litigation Trust Agreement to any holder of Litigation Trust Interests shall be made at the address of such holder as set forth in the Book Entry System or at such other address or in such other manner as such holder of Litigation Trust Interests shall have specified for payment purposes in a written notice to the Litigation Trustee at least twenty (20) days prior to such distribution date. In the event that any distribution to any holder is returned as undeliverable, the Litigation Trustee shall be entitled to rely on the most current information available from the Debtors to determine the current address of such holder, but no distribution to such holder shall be made unless and until the Litigation Trustee has determined the then current address of such holder, at which time such distribution shall be made to such holder without interest; *provided, however*, that such undeliverable or unclaimed distributions shall be deemed unclaimed property at the expiration of one year from the date of distribution. The Litigation Trustee shall reallocate the undeliverable and unclaimed distributions for the benefit of all other Litigation Trust Beneficiaries holding Litigation Trust Interests in the applicable class.

6.5    Cash Distributions.

No Cash distributions shall be required to be made to any Litigation Trust Beneficiary in an amount less than $100.00. Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions. Notwithstanding the foregoing, all Cash shall be distributed in the final distribution of the Litigation Trust.

26

Weil Draft 7/6/17

6.6      Disputed Claims Reserve.

(a)      From and after the Effective Date, the Litigation Trustee shall hold and maintain the GUC Disputed Claims Reserve for the benefit of the Holders of such Disputed General Unsecured Claims, including any Cash and any other Litigation Trust Assets allocable to such Disputed Claims (*i.e.*, as if such Holders had received Litigation Trust Interests on the Effective Date and such Disputed Claims had been Allowed Claims on the Effective Date), determined based on (i) the asserted amount of such Disputed Claim, (ii) such other amount as may be agreed upon by the Holder of such Disputed Claim and the Litigation Trustee or (iii) except with respect to any Disputed General Unsecured Claims asserted by Vivint Solar, Inc., such other amount as may be deemed appropriate by the Litigation Trustee in accordance with the terms of this Litigation Trust Agreement (in each case, net of any taxes imposed on, or with respect to, the GUC Disputed Claims Reserve as relates to such Claim, including in connection with such distributions).

(b)      Holders of Disputed Claims that become Allowed Claims after the Initial Cash Distribution Date shall receive any distributions of Cash and/or Litigation Trust Interests to which they are entitled under the Plan on the next Distribution Date; *provided*, *however*, that the Litigation Trustee may determine in its discretion (subject to the approval of the Litigation Trust Oversight Board, if necessary, pursuant to the terms of this Litigation Trust Agreement) to make an immediate distribution to the holder of such Claim.

(c)      Any taxes incurred by the Litigation Trust with respect to assets allocable to, or retained on account of, a Disputed Claim (including any taxes that would be incurred upon a distribution of such assets as a result of the resolution of the Disputed Claim) will be netted against the amounts otherwise distributable from the GUC Disputed Claims Reserve in respect of, or as a result of the resolution of, such Claim.  *See also* Section 5.2(c) herein.  No assets allocable to, or retained on account of, a Disputed Claim will be released from the GUC Disputed Claims Reserve until such time as the Cash otherwise distributable as a result of the resolution of such Claim is sufficient to pay any taxes incurred or that would be incurred upon the distribution.

ARTICLE 7

INDEMNIFICATION

7.1      Indemnification of Litigation Trustee.

(a) To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, shall indemnify and hold harmless the Litigation Trustee and each of its directors, members, shareholders, partners, officers, agents, employees, attorneys and other professionals (collectively, the "**Indemnified Persons**") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does, or refrains from doing for the business or affairs of the Litigation Trust, except to the extent that the loss, cost, damage, expense or liability resulted primarily from the Indemnified Person's

27

Weil Draft 7/6/17

recklessness, gross negligence, willful misconduct, or knowing violation of the law.  To the extent reasonable, the Litigation Trust shall pay in advance or reimburse reasonable and documented out-of-pocket expenses (including advancing reasonable costs of defense) incurred by the Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Litigation Trust.

(b)    Any Indemnified Person may waive the benefits of indemnification under this Section 7.1, but only by an instrument in writing executed by such Indemnified Person.

(c)    The rights to indemnification under this Section 7.1 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution.  Nothing in this Section 7.1 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Litigation Trust Agreement, or any other agreement or instrument to which that Person is a party.

## ARTICLE 8

## NET LITIGATION TRUST RECOVERY

8.1    No Effect on Mutuality.

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, nothing herein shall affect the mutuality of obligations, if any, of any holder of any claim under section 553 of the Bankruptcy Code.

8.2    Bankruptcy Code Section 502(h).

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, in the event that a compromise and settlement of a Litigation Trust Cause of Action or a final order with respect to a Litigation Trust Cause of Action provides for the allowance of a claim pursuant to section 502(h) of the Bankruptcy Code against one or more of the Debtors the distributions to be made on account of such claim pursuant to the Plan shall be funded by the Litigation Trust, in the amount(s), from time to time, that all similarly situated holders of claims are entitled to receive under the Plan.

8.3    Net Litigation Trust Recovery.

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, in the event that a defendant in a litigation brought by the Litigation Trustee for and on behalf of the Litigation Trust (i) is required by a final order to make payment to the Litigation Trust (the "**Judgment Amount**") and (ii) is permitted by a final order to assert a right of setoff under sections 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code or applicable non-bankruptcy law against the Judgment Amount (a "**Valid Setoff**"), (y) such defendant shall be obligated to pay only the excess, if any, of the Judgment Amount over the Valid Setoff and (z) none of the Litigation Trust or the holders of the Litigation Trust Interests shall be entitled to assert a claim against the Debtors with respect to the Valid Setoff.

28

Weil Draft 7/6/17

ARTICLE 9

REPORTS TO LITIGATION TRUST BENEFICIARIES

9.1    <u>Reports</u>.

(a)    The Litigation Trustee shall cause to be prepared, as applicable, either at such times as may be required by the Exchange Act, if applicable, or, not less than semi-annually, financial statements of the Litigation Trust (the "**Litigation Trust Reports**"), to be delivered to the Litigation Trust Beneficiaries together with annual income tax reporting of the Litigation Trust.  The Litigation Trust Reports shall include, among other things, descriptions in reasonable detail of all Net Avoidance Actions Proceeds collected during the relevant quarter and all fees and expenses expended in connection therewith.  To the extent required by law, the financial statements prepared as of the end of the fiscal year shall be audited by nationally recognized independent accountants in accordance with U.S. generally accepted accounting principles.  The materiality and scope of audit determinations shall be established between the Litigation Trustee and the appointed auditors with a view toward safeguarding the value of the assets of the Litigation Trust, but nothing relating to the mutually agreed scope of work shall result in any limitation of audit scope that would cause the auditors to qualify their opinion as to scope of work with respect to such financial statements.

(b)    Within ten (10) Business Days after the end of the relevant report preparation period the Litigation Trustee shall cause any information reported pursuant to <u>Section 9.1(a)</u> hereof to be mailed to such Litigation Trust Beneficiaries and to be filed with the Bankruptcy Court.

(c)    Any report (other than any report of confidential tax information) required to be distributed by the Litigation Trustee under <u>Section 9.1(a)</u> hereof shall also be distributed to the Persons listed in <u>Section 12.6</u> hereof within ten (10) Business Days of its distribution to the Litigation Trust Beneficiaries under <u>Section 9.1</u> hereof.  The Litigation Trustee may post any report required to be provided under this <u>Section 9</u> on a web site maintained by the Litigation Trustee in lieu of actual notice to the Litigation Trust Beneficiaries (unless otherwise required by law) subject to providing notice to the Persons listed in <u>Section 12.6</u> herein.

ARTICLE 10

TERM; TERMINATION OF LITIGATION TRUST

10.1    <u>Term; Termination of Litigation Trust</u>.

(a)    The Litigation Trustee and the Litigation Trust may be discharged or dissolved, as the case may be, at such time as (i) all of the Litigation Trust Assets have been distributed pursuant to the Litigation Trust Agreement and the Plan, (ii) the Litigation Trustee determines, in its sole discretion, that the administration of any remaining Litigation Trust assets is not likely to yield sufficient additional Litigation Trust Asset Recoveries to justify further pursuit, or (iii) all distributions required to be made by the Litigation Trustee under this Litigation Trust Agreement have been made.  The Litigation Trust shall have an initial term of

29

Weil Draft 7/6/17

five (5) years.  The Bankruptcy Court, upon motion by the Litigation Trustee, on notice with an opportunity for hearing, within six (6) months before the expiration of the original term or any extended term, may extend, for a fixed period, the term of the Litigation Trust if it is necessary to facilitate or complete the liquidation of the assets of the Litigation Trust, and not unduly extend the term of the Litigation Trust; *provided*, *that*, the Litigation Trustee receive a favorable private letter ruling from the IRS or an opinion of counsel satisfactory to the Litigation Trustee and the Litigation Trust Oversight Board that any extension would not adversely affect the status of the Litigation Trust as a "liquidating trust" for United States federal income tax purposes.  The Bankruptcy Court may approve multiple extensions of the term of the Litigation Trust.

(b)    The Litigation Trust may be terminated earlier than its scheduled termination if (i) the Bankruptcy Court has entered a final order closing all of or the last of the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code; and (ii) the Litigation Trustee has administered all assets of the Litigation Trust and performed all other duties required by this Litigation Trust Agreement.

(c)    If at any time the Litigation Trustee determines, in reliance upon such professionals as the Litigation Trustee may retain, that the expense of administering the Litigation Trust so as to make a final distribution to the Litigation Trust Beneficiaries is likely to exceed the value of the assets remaining in the Litigation Trust, the Litigation Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Litigation Trust, (ii) donate any balance to a charitable organization (A) described in Section 501(c)(3) of the IRC, (B) exempt from U.S. federal income tax under Section 501(a) of the IRC, (C) that is not a "private foundation", as defined in Section 509(a) of the IRC, and (D) that is unrelated to the Debtors, the Reorganized Debtors, the Litigation Trust, and any insider of the Litigation Trustee, and (iii) dissolve the Litigation Trust.  Upon receipt of such authority from the Bankruptcy Court, the Litigation Trustee shall (X) notify each Litigation Trust Beneficiary and (Y) file a Certificate of Cancellation with the Secretary of State of the State of Delaware.

10.2    Continuance of Trust for Winding Up.

After the termination of the Litigation Trust and for the purpose of litigation and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until its duties have been fully performed.  Prior to the final distribution of all of the remaining assets of the Litigation Trust, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for its own costs and expenses, in accordance with Section 3.13 herein, until such time as the winding up of the Litigation Trust is completed.  Upon termination of the Litigation Trust, the Litigation Trustee shall retain for a period of three years the books, records, Litigation Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Litigation Trustee.  At the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after three years from the completion and winding up of the affairs of the Litigation Trust.  Except as otherwise specifically provided herein, upon the termination of the Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

30

Weil Draft 7/6/17

# ARTICLE 11

## AMENDMENT AND WAIVER

11.1    <u>Amendment and Waiver</u>.

(a)    The Litigation Trustee may amend, supplement or waive any provision of, this Litigation Trust Agreement, without notice to or the consent of any Litigation Trust Beneficiary or the approval of the Bankruptcy Court: (i) to cure any ambiguity, omission, defect or inconsistency in this Litigation Trust Agreement provided that such amendments, supplements or waivers shall not contravene or otherwise be inconsistent with the terms of the Final DIP Order, the Committee Settlement, the D&O Settlement Agreement, the D&O Settlement Approval Order, the Plan (including the Global Settlement Term Sheet), and the Confirmation Order, adversely affect the distributions to be made or other rights under this Litigation Trust Agreement to any of the Litigation Trust Beneficiaries, the Second Lien Notes Indenture Trustee, or the Convertible Senior Notes Indenture Trustee, or adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust"; (ii) to comply with any requirements in connection with the U.S. federal income tax status of the Litigation Trust as a "litigation trust"; (iii) to comply with any requirements in connection with maintaining that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act or the Investment Company Act; (iv) to make the Litigation Trust a reporting entity and, in such event, to comply with any requirements of the Exchange Act or the Investment Company Act; and (v) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Litigation Trust Agreement.

(b)    Subject to <u>Section 11.1(c)</u> below, any substantive provision of this Litigation Trust Agreement may be amended or waived by the Litigation Trustee, subject to the prior approval of a majority of both the Litigation Trust Oversight Board and the holders of Class A Litigation Trust Interests held by "United States persons" within the meaning of Section 7701(a)(30) of the IRC, with the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; *provided, however*, that no change may be made to this Litigation Trust Agreement that contravenes or is otherwise inconsistent with the terms of the Committee Settlement, the D&O Settlement Agreement, the D&O Settlement Approval Order, the Plan (including the Global Settlement Term Sheet), and the Confirmation Order, would adversely affect the distributions to be made under this Litigation Trust Agreement to any of the Litigation Trust Beneficiaries, the Second Lien Notes Indenture Trustee, or the Convertible Senior Notes Indenture Trustee, or adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust." Notwithstanding this <u>Section 11.1</u>, any amendments to this Litigation Trust Agreement shall not be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d).

(c)    The Litigation Trust Agreement may not be amended to change the distribution of Net Avoidance Action Proceeds and Additional Net Avoidance Action Proceeds as described in the Litigation Trust Interests Overview without the consent of 75% of the holders (in amount of Class B Litigation Trust Interests held, not number of holders) of the Class B Litigation Trust Interests that are "United States persons" within the meaning of Section

31

Weil Draft 7/6/17

7701(a)(30) of the IRC and the requisite consent of the Litigation Trust Oversight Board and the holders of the Class A Litigation Trust Interests in accordance with <u>Section 11.1(b)</u>.

<div align="center">ARTICLE 12</div>

<div align="center">MISCELLANEOUS PROVISIONS</div>

12.1    <u>Intention of Parties to Establish a Liquidating Trust</u>.

This Litigation Trust Agreement is intended to create a "liquidating trust" for U.S. federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Litigation Trust Agreement may be amended in accordance with <u>Section 11.1</u> hereof to comply with such U.S. federal income tax laws, which amendments may apply retroactively.

12.2    <u>Reimbursement of Trust Litigation Costs</u>.

If the Litigation Trustee or the Litigation Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Litigation Trust Agreement or the enforcement thereof, the Litigation Trustee or the Litigation Trust, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.  To the extent that the Litigation Trust has advanced such amounts, the Litigation Trust may recover such amounts from the non-prevailing party.

12.3    <u>Laws as to Construction</u>.

This Litigation Trust Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to whether any conflicts of law would require the application of the law of another jurisdiction.

12.4    <u>Jurisdiction</u>.

Without limiting any Person or entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Litigation Trust Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Litigation Trust Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties, including the Litigation Trust Beneficiaries and holders of General Unsecured Claims and Second Lien Claims, hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court.

12.5    <u>Severability</u>.

If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be

32

invalid, or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

12.6    <u>Notices</u>.

All notices, requests or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier.  Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

<div style="margin-left: 2em">

<u>If to the Litigation Trustee to</u>:

Drivetrain, LLC
630 Third Ave., 21st Floor
New York, NY  10017
Attn:   Alan J. Carr
           Tim Daileader
Email: acarr@drivetrainadvisors.com; tdaileader@drivetrainadvisors.com


With a copy to:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10065
Attn: Matthew S. Barr, Esq.
         Jill Frizzley, Esq.
Email: Matthew.Barr@weil.com; jill.frizzley@weil.com



<u>If to the Debtors to</u>:

c/o SunEdison, Inc.
Two City Place Drive, 2nd Floor
St. Louis, MO  63141
Attn: General Counsel

With a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP

</div>

33

Four Times Square
New York, New York 10036-6522
Attn: J. Eric Ivester, Esq.
    James J. Mazza, Jr., Esq.
    Louis S. Chiappetta, Esq.
Email: eric.ivester@skadden.com; james.mazza@skadden.com;
    louis.chiappetta@skadden.com

<u>If to the Holder of Class B Interests to</u>:

[  ]

With a copy to:

Akin, Gump, Strauss, Hauer, & Feld LLP
One Bryant Park
Bank of America Tower
New York, New York  10036
Attn:  Arik Preis
    Yochun Katie Lee
Email: apreis@akingump.com; kylee@akingump.com

<u>If to the Convertible Senior Notes Indenture Trustee, to</u>:

BOKF, N.A.
1600 Broadway, 3rd Floor
Denver, CO 80202
Attn: George F. Kubin
Email: gkubin@bokf.com

With a copy to:

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: J. Christopher Shore, Harrison L. Denman, and Michele J. Meises
Email: cshore@whitecase.com; Harrison.denman@whitecase.com;
michele.meises@whitecase.com

and:

Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Attn: Harold L. Kaplan; Mark F. Hebbeln and Lars A. Peterson
Email: hkaplan@foley.com; mhebbeln@foley.com; lapeterson@foley.com

34

Weil Draft 7/6/17

If to the Creditors' Committee, to:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10065
Attn: Matthew S. Barr, Esq.
        Jill Frizzley, Esq.
Email: Matthew.Barr@weil.com; jill.frizzley@weil.com

All notices shall be effective and shall be deemed delivered: (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail on the date of receipt; and (iii) if by mail, on the date of receipt. Any party from time to time may change its address, electronic mail address, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

12.7    Fiscal Year.

The fiscal year of the Litigation Trust will begin on the first day of January and end on the last day of December of each year.

12.8    Headings.

The section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Litigation Trust Agreement or of any term or provision hereof.

12.9    Counterparts.

This Litigation Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

12.10    Confidentiality.

The Litigation Trustee and each successor trustee and any member of the Litigation Trust Oversight Board (each a "**Covered Person**") shall, during the period that they serve in such capacity under this Litigation Trust Agreement and following either the termination of this Litigation Trust Agreement or such individual's removal, incapacity, or registration hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the assets of the Litigation Trust relates or of which it has become aware in its capacity (the "**Information**"), except to the extent disclosure is required by applicable law, order, regulation or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person will furnish only that portion of the Information,

35

Weil Draft 7/6/17

which the Covered Person, advised by counsel, is legally required to and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

    12.11   <u>Entire Agreement</u>.

        This Litigation Trust Agreement (including the Recitals), the Final DIP Order, the Committee Settlement, the Confirmation Order, and the Plan (including the Global Settlement Term Sheet) constitute the entire agreement by and among the parties hereto with respect to the subject matter hereof, and there are no representations, warranties, covenants or obligations except as set forth herein or therein.  This Litigation Trust Agreement, the Final DIP Order, and the Plan (including the Global Settlement Term Sheet) supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, in the Final DIP Order, the D&O Settlement Approval Order, the Confirmation Order, or in the Plan (including the Global Settlement Term Sheet), nothing in this Litigation Trust Agreement is intended or shall be construed to confer upon or to give any person other than the parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Litigation Trust Agreement.

<div align="center">REMAINDER OF PAGE INTENTIONALLY LEFT BLANK</div>

WEIL:\96171021\17\76491.0003WEIL:\96171021\23\76491.0003
1473487.NYCSR03A  MSW
Redline Original - LTA and Modified - LTA 7/19/2017 10:23:18 PM

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

DEBTORS:

_____

By:
Title:


CREDITORS' COMMITTEE:

_____

By:
Title:


LITIGATION TRUSTEE:

_____

By:
Title:

## Exhibit A

## Litigation Trust Causes of Action

Litigation Trust Causes of Action shall mean "GUC/Litigation Trust Causes of Action" as defined in the Plan, including Exhibit 7.6 thereto.

## **Exhibit B**

### **Litigation Trust Interests Overview**

| | |
|---|---|
| **Class A Litigation Trust Interests** | The holders of Class A Litigation Trust Interests shall be entitled to: |

(a)  Litigation Trust Initial Cash Assets;

(b)  All proceeds of Litigation Trust Assets other than Net Avoidance Action Proceeds;

(c)  The initial $63.0 million of Net Avoidance Action Proceeds recovered by the Litigation Trustee; and

(d)  Fifty-two percent (52%) of any Net Avoidance Actions Proceeds recovered that exceed $63.0 million in the aggregate (the "**Additional Net Avoidance Action Proceeds**").

| | |
|---|---|
| **Class B Litigation Trust Interests** | Holders of Class B Litigation Trust Interests in the Litigation Trust shall only be entitled to the following: |

Economic Rights:

(a)  Forty-eight percent (48%) of the Additional Net Avoidance Action Proceeds.

Governance Rights:

(b)  Delivery of the Litigation Trust Reports and reasonable periodic access to the Litigation Trustee solely through Akin, Gump, Strauss, Hauer, & Feld LLP, counsel to the holders of the Class B Litigation Trust Interests;

(c)  following the filing of any Contingency Fee Advisor Retention Notice, at the request of any of the holders of Class B Litigation Trust Interests (or their advisor at the instruction of a holder) the Litigation Trustee will provide additional information regarding the proposed contingency fee engagement (including the actual engagement letter on a confidential basis, if so requested).  Holders of Class B Litigation Trust Interests (or their advisors at the instruction of a holder) shall have ten (10) Business Days from the date of the filing of the Contingency Fee Advisor Retention Notice to file with the Bankruptcy Court a pleading seeking to prohibit such retention on the grounds that such retention is not consistent with the purpose of the Global Settlement Term Sheet because the engagement does not provide a sufficient incentive for such contingency fee advisor to procure Additional Net Avoidance Action Proceeds, and the Litigation Trust, Litigation Trustee, Litigation Trust Oversight Board, or the Committee may oppose such pleading (but solely with respect to such issue), and the Bankruptcy Court shall retain jurisdiction to settle such dispute;

(d)  enforcement rights with regard to any and all of the above rights (and clause (e) below) (as well as the fiduciary duties owed to all holders of Litigation Trust Interests by the Litigation Trustee and the Litigation Trust Oversight Board as set forth below); and

(e)  reasonable consent rights with regard to any modifications,

39

amendments, or supplements of the Litigation Trust Agreement that affect the terms of the "Economic Rights" or "Governance Rights" sections above.

Holders of Class B Litigation Trust Interests shall have a "silent" interest in the Litigation Trust solely to the extent of the Additional Net Avoidance Action Proceeds and the other rights set forth in the "Economic Rights" or "Governance Rights" sections above (*i.e.*, they shall not, among other things, appoint the Litigation Trustee or the Litigation Trust Oversight Board).

---

40

**Exhibit C**

**Litigation Trust Interest Transfer Form**

41

**FORM OF TRANSFER NOTICE (Litigation Trust Interests)**[4]

**Class A Litigation Trust Interests**
**Class B Litigation Trust Interests**

To:          [Drivetrain, LLC or other named registrar], in its capacity as Registrar (the "**Registrar**")

Cc:          Drivetrain, LLC, as Original Trustee (the "**Trustee**") for the SunEdison Litigation Trust
             (the "**Litigation Trust**")

Transferor:   [insert legal name of the proposed transferor] (the "**Transferor**")

Transferee:   [insert legal name of the proposed transferee] (the "**Transferee**")

Date:         [insert date, must be identical on counterpart Transfer Notices]

1.   The undersigned Transferor and Transferee hereby confirm to the Registrar that the Transferor has agreed to transfer to the Transferee the following Litigation Trust Interests of the Litigation Trust:

     (a)   [Class A] Litigation Trust Interests in aggregate number and face value of [# and $xx. xx] and all rights in respect thereof; and

     (b)   [Class B] Litigation Trust Interests in aggregate number and face value of [# and $xx. xx] and all rights in respect thereof; and

2.   The Transferor and the Transferee request the Trustee and the Registrar to effect the transfer of the [Class A or Class B] Litigation Trust Interests, the subject of this Transfer Notice, in accordance with the Litigation Trust Agreement.

3.   The Litigation Trust Interests have not been and will not be registered under the federal laws of the United States, under the securities laws of any State of the United States of America or any other jurisdiction. The Litigation Trust Interests are not "restricted securities" within the meaning of Rule 144(a)(3) made under the Securities Act of 1933, as amended (the "**Securities Act**") and may be immediately resold following issuance, without restriction under the Securities Act, by holders of Litigation Trust Interests who are not "affiliates" (as defined under the Securities Act) of the Reorganized Debtors or the Litigation Trust and have not been "affiliates" (as so defined) of the Reorganized Debtors or the Litigation Trust within the period of ninety (90) calendar days ending on the date of issuance of the Litigation Trust Interest under the Plan of Reorganization and Litigation Trust Agreement.

4.   The Transferor [is/is not] an "affiliate" (as defined in the U.S. Securities Act of 1933) of the Reorganized Debtors.

5.   The Transferee:

     (a)   [is/is not] an existing holder of Class A Litigation Trust Interests; and

     (b)    [is/is not] an existing holder of Class B Litigation Trust Interests.

6.   All payments in respect of the Litigation Trust Interests transferred to the Transferee are to be made (unless otherwise instructed by the Transferee) to the following account, which shall (until

---

42

further notice) be the registered account of the Transferee for the purposes of the Litigation Trust Agreement:

| | |
|---|---|
| **Name of bank** | **:** |
| **Address of bank** | **:** |
| **For the account of** | **:** |
| **EUR account number:** | |
| **IBAN** | **:** |
| **SWIFT code** | **:** |

7. The registered address, e-mail address and contact information of the Transferee for the purposes of the register of interest holders (the "**Register**") of the Trust is stated below:

[*insert Transferee's address, e-mail address and contact information. If the Transferee is already a holder of Litigation Trust Interests, the information provided to the Registrar (both in terms of payments and contact information) must be identical to the information already noted in the Register, or the Transferee may replace this paragraph 7 with a confirmation that the payment and contact details already noted on the Register shall apply to the transferred Litigation Trust Interests.*]

8. The Transferee acknowledges that a transfer of title to the Litigation Trust Interests is determined solely by the entry of the transfer into the Register and that entries on the Register are conclusive evidence of title to the Litigation Trust Interests and of the date of transfer of title to Litigation Trust Interests, absent manifest error.

9. None of the Trustee or the Registrar is required, or shall have any obligation, to accept any application for a transfer of Litigation Trust Interests, or to make any payment under or in respect of the Litigation Trust Interest to a purported Transferee, in any circumstance where any applicable requirement specified in the Litigation Trust Agreement has not been satisfied. Without limitation to the foregoing, the Trustee may refuse to register any transfer of Litigation Trust Interest unless it has received (directly or via the Registrar) a valid Transfer Notice.

10. The Trustee, with the consultation of or at the direction of the Litigation Trust Oversight Board may restrict the effect of any transfer of Litigation Trust Interests if, in its own discretion, such transfer may subject the Trust to reporting or registration requirements under the Securities Exchange Act of 1934, or if such effect of transfer may alter or effect Article 5 of the Litigation Trust Agreement.

11. This Transfer Notice may be executed by the Transferor and the Transferee in counterparts, each of which shall constitute an original and both of which taken together shall constitute one and the same Transfer Notice.

12. Terms defined in the Litigation Trust Agreement shall have the same meaning in this Transfer Notice.

43

_____

[insert name of Transferor]

By:      [insert name of signatory] [Authorised Signatory]
         [insert title, for persons signing on behalf of corporate entities]


_____

[insert name of Transferee]

By:      [insert name of signatory] [Authorised Signatory]
         [insert title, for persons signing on behalf of corporate entities]


Acknowledged By:

_____      Effective Date: _____
Drivetrain, LLC, as Trustee to the SunEdison Litigation Trust

Name:

Title:


**Enclosures:** KYC Information for the Transferee

44

**Exhibit D**

**Trustee Compensation Schedule**

Compensation Terms

The Original Trustee ("Drivetrain") shall be entitled to the following compensation:

- Fees. As consideration for the services to be provided following the Effective Date, the Litigation Trust shall pay Drivetrain in accordance with a fixed monthly fee arrangement (the "Monthly Fees") based on the amounts set forth in the chart below. The Monthly Fees shall be payable in advance each month on the first day of each month until the termination of Drivetrain's appointment pursuant to the Litigation Trust Agreement,[5] the Plan, and the Confirmation Order; provided, that the Monthly Fee payable for the first and last month of Drivetrain's engagement shall be prorated for the actual number of days Drivetrain is engaged during each such month. The Monthly Fees shall be fully earned as of the first day of such month.

| YEAR (post Effective Date) | MONTHLY RATES |
| --- | --- |
| 1st | $  19,500 |
| 2nd | $  15,000 |
| 3rd | To be determined by agreement between Drivetrain and the Litigation Trust Oversight Board |

- Expense Reimbursement. In addition to any Monthly Fees and the Additional Compensation (as defined below) payable to Drivetrain, the Litigation Trust shall promptly reimburse Drivetrain, following delivery to the Litigation Trust of a reasonably detailed written invoice, for all reasonable, documented out-of-pocket expenses (including reasonable expenses of counsel and other professionals), travel and lodging, data processing and communications charges, courier services and other expenditures incurred in connection with, or arising out of Drivetrain's services provided as Original Trustee under the Litigation Trust Agreement ("Expense Reimbursement").

---

[5] Unless otherwise defined, capitalized terms shall have the meaning ascribed to such terms in the *First Amended Joint Plan of Reorganization of SunEdison Inc. and its Debtor Affiliates* [ECF No. 3314 - Exhibit A to the Disclosure Statement], or, if not defined therein, the Litigation Trust Agreement, dated as of [_____], 2017.

45

- **Additional Compensation.** In addition to Monthly Fees and the Expense Reimbursement, the Litigation Trust shall pay Drivetrain the following (the "Additional Compensation"):

  - As used herein, "Net Litigation Trust Proceeds" means, on any date of determination, the aggregate amount of Litigation Trust Proceeds actually received by the Litigation Trust, less the aggregate amount of all costs and expenses, as set forth in the Litigation Trust's books and records, actually incurred (whether or not paid) by the Litigation Trust in connection with investigating, prosecuting, settling, liquidating, or disposing of the Litigation Trust Causes of Action.

  - At such time as Net Litigation Trust Proceeds equal or exceed $50,000,000, an amount in Cash equal to 1.25% of such Net Litigation Proceeds up to $75,000,000; plus

  - An amount in Cash equal to 1.35% of the Net Litigation Trust Proceeds, as determined on such Distribution Date, that equal or exceed $75,000,000 but are less than $100,000,000; plus

  - An amount in Cash equal to 1.45% of the Net Litigation Trust Proceeds, as determined on such Distribution Date, that equal or exceed $100,000,000 but are less than $125,000,000; plus

  - An amount in Cash equal to 1.55% of the Net Litigation Trust Proceeds, as determined on such Distribution Date, that equal or exceed $125,000,000.

  - For the avoidance of doubt, the Additional Compensation is earned only if more than $50 million in Net Litigation proceeds are distributed to the Litigation Trust's beneficiaries.

The Additional Compensation, if earned, shall be paid to Drivetrain contemporaneously with the discharge of Drivetrain and termination of the Litigation Trust. In the event Drivetrain is removed as Litigation Trustee by the Litigation Trust Oversight Board pursuant to Section 3.5 of the Litigation Trust Agreement for any reason (other as a result of its gross negligence, fraud or willful misconduct), Drivetrain shall continue to be entitled to be paid Additional Compensation on further distributions based upon the schedule above when such distributions are made.

- **General Terms.**

  - It is expected that Alan Carr and Tim Daileader will have primary responsibility on this matter.

  - No amounts payable hereunder shall be subject to reduction, setoff, disgorgement or reimbursement, other than pursuant to a Final Order or with the prior written consent of Drivetrain.

  - No fee or amount paid or payable to any other Entity by the Litigation Trust or by any other Entity shall reduce or otherwise affect the Monthly Fees, Additional Compensation, or Expense Reimbursement paid or payable to Drivetrain, except

WEIL:\96171021\23\76491.0003
Redline Original - LTA and Modified - LTA 7/19/2017 10:23:18 PM

to the extent used in calculating Net Litigation Trust Proceeds.

o   All amounts paid to Drivetrain shall be in cash, in United States currency, and on or by the dates set forth herein.

o   All other terms of Drivetrain's engagement are set forth in the Litigation Trust Agreement, the Plan, and the Confirmation Order.

47

## **EXHIBIT 7.6**

**GUC/Litigation Trust Causes of Action**
**(Redline)**

**<u>EXHIBIT 7.6</u>**

**SCHEDULE OF GUC/LITIGATION TRUST CAUSES OF ACTION[1]**

<u>Article 7.5</u> of the Plan provides that, on the Effective Date, or on such other date as is set forth in the GUC/Litigation Trust Agreement, pursuant to section 1123(b)(3) of the Bankruptcy Code, the GUC/Litigation Trust Assets shall be transferred by the Debtors (and deemed transferred) to the GUC/Litigation Trust free and clear of all Claims, Liens, charges, encumbrances, rights, and interests, without the need for any Entity to take any further action or obtain any approval and the GUC/Litigation Trust shall be authorized as the representative of the Estates to pursue GUC/Litigation Trust Causes of Action.

"GUC/Litigation Trust Causes of Action" means all Causes of Action of the Debtors' Estates as of the Effective Date, including all Estate Avoidance Actions (other than Avoidance Actions against the Yieldcos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors), to the extent such Causes of Action are not released, or settled with the consent of the Creditors' Committee, pursuant to <u>Article 11.5</u> of the Plan or released or settled pursuant to an Order of the Bankruptcy Court or the Committee/BOKF Plan Settlement Term Sheet.

<u>Article 7.6(b)</u> of the Plan provides that the GUC/Litigation Trust, with the consent of the Reorganized Debtors to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP, shall determine whether to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing), and shall not be required to seek further approval of the Bankruptcy Court for such action. The GUC/Litigation Trust or any successors may pursue such litigation claims in accordance with the best interests of the GUC/Litigation Trust or any successor holding such rights of action. **No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any GUC/Litigation Trust Cause of Action against them as any indication that the GUC/Litigation Trust will not pursue any and all available GUC/Litigation Trust Causes of Action against them. The GUC/Litigation Trust expressly reserves all rights to prosecute any and all GUC/Litigation Trust Causes of Action against any Entity, except as otherwise provided in the Plan.** Unless any GUC/Litigation Trust Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Bankruptcy Court, the GUC/Litigation Trust expressly reserves all GUC/Litigation Trust Causes of Action for later adjudication. For the avoidance of doubt, any Causes of Action pursuant to which the Reorganized Debtors seek to recover proceeds from Earnout Assets, Residual Assets, or Repatriated Cash shall be preserved and retained, and shall remain with the Reorganized Debtors and shall not be transferred to the GUC/Litigation Trust.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates, filed on June 12, 2017 [Docket No. 3314].

Notwithstanding, and without limiting the generality of, Articles 7.5 and 7.6 of the Plan, the following Exhibit 7.6-1 through Exhibit 7.6-10 include specific types of Causes of Actions expressly preserved by the Debtors and the Reorganized Debtors and transferred to the GUC/Litigation Trust, including: (i) claims related to accounts receivable and accounts payable; (ii) claims related to deposits, adequate assurance postings, and other collateral postings; (iii) claims, defenses, cross-claims, and counter-claims related to litigation and possible litigation; (iv) claims related to contracts and leases, including for setoff; (v) claims related to vendor and/or customer obligations; (vi) claims related to tax credits and refunds; (vii) claims related to intellectual property; (viii) claims related to environmental matters; (ix) claims related to current or former employee matters, and (x) claims related to potential avoidance of prepetition transfers under sections 362, 502, 510, 542, 543, 547, 548, and 550 of the Bankruptcy Code. Each such exhibit is subject to the terms of the Plan and the information provided in this Exhibit 7.6.

In addition, the Debtors expressly retain and transfer to the GUC/Litigation Trust all Claims and Causes of Action (other than Avoidance Actions against the Yieldcos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors) against any Entity listed in each of the creditor matrices for each Debtor (the "Creditor Matrix"), regardless of whether such Entity is listed in the following Exhibit 7.6-1 through Exhibit 7.6-10, to the extent such Entities owe or may in the future owe money to the Debtors or the Reorganized Debtors, except to the extent Claims and Causes of Action against an Entity listed in the Creditor Matrix have been settled or released through the Plan or an order of the Bankruptcy Court.

## **Exhibit 7.6-1**

### Claims Related to Accounts Receivable and Accounts Payable

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all Entities that owe or that may in the future owe money to the Debtors or Reorganized Debtors, including but not limited to any claims for contribution, setoff, recoupment, or indemnification, provided, however, the Debtors expressly reserve all Causes of Action to the extent that they may be asserted as recoupment, setoff, counterclaims or otherwise against any Entities who assert that the Debtors or Reorganized Debtors owe money to them, including but not limited to any related defenses and cross claims.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

## **Exhibit 7.6-2**

Claims Related to Deposits, Adequate Assurance Postings, and Other Collateral Postings

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action based in whole or in part upon any and all postings of a security deposit, adequate assurance payment, or any other type of deposit or collateral.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

**Exhibit 7.6-3**

Claims, Defenses, Cross-Claims, and
Counter-Claims Related to Litigation and Possible Litigation

The following Exhibit 7.6-3 includes Entities, affiliates, subsidiaries and successors and assigns, that are party to or that the Debtors believe may become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial. Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all claims, defenses, cross claims, setoffs and counterclaims against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial, regardless of whether such Entity is included on the schedule accompanying this Exhibit 7.6-3, which schedule includes such actions to which the Debtors may be party as a plaintiff or defendant. For the avoidance of doubt, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all claims, defenses, cross claims, setoffs and counterclaims against or related to all Entities arising from prepetition merger and acquisition activities, regardless of whether such Entity is included on the schedule accompanying this Exhibit 7.6-3.

**For the avoidance of doubt, no Entity may rely on its omission from Exhibit 7.6-3 as any indication that the GUC/Litigation Trust will not pursue any and all available Causes of Action against them. The Debtors and the Reorganized Debtors expressly reserve and transfer to the GUC/Litigation Trust all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan.**

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

For the avoidance of doubt, to the extent any provision in the Plan (including this Plan Supplement) is inconsistent with the terms of the D&O Settlement Agreement or the D&O Settlement Approval Order, the D&O Settlement Agreement or the D&O Settlement Approval Order, as applicable, shall control.

For the avoidance of doubt, to the extent any provision in the Plan (including this Plan Supplement) is inconsistent with the terms of the YieldCo Settlement Agreements or the order of the Bankruptcy Court approving the YieldCo Settlement Agreements [Docket No. 3292] (the "YieldCo Settlement Approval Order"), the YieldCo Settlement Agreements or the YieldCo Settlement Approval Order, as applicable, shall control.

## SUNEDISON, INC., ET AL – LIST OF CLAIMS

| NAME | JURISDICTION | OTHER PARTY | CONTACT INFORMATION OF PRIMARY COUNSEL | CONTACT INFORMATION OF OTHER COUNSEL |
|---|---|---|---|---|
| ADLER | INDIA | | | |
| AEROTEK | EASTERN DISTRICT OF MISSOURI | AEROTEK, INC. | SHOOK, HARDY & BACON LLP<br>MICHAEL B. BARNETT<br>MARK MOEDRITZER<br>RICHARD F. SHEARER<br>KANSAS CITY, MO 64108-2613 | |
| AGRAWAL V. TERRAFORM GLOBAL | ND CALIFORNIA | ABHISHEK AGRAWAL | | |
| AIG V. SPG | COLORADO | AIG PROPERTY CASUALTY CO., AS SUBROGEE OF JOHN PAUL DEJORIA | DWORKIN, CHAMBERS & WILLIAMS, YORK, BENSON & EVANS, P.C.<br>GERI O'BRIEN WILLIAMS<br>LACY A. SCOTT<br>3900 E. MEXICO AVENUE<br>SUITE 1300<br>DENVER, CO 80210 | |
| AIREKO CONSTRUCTION LLC | PUERTO RICO LOCAL COURT | AIREKO CONSTRUCTION LLC | ATTN: FERNANDO E. AGRAIT<br>701 AVENIDA PONCE DE LEON<br>EDIFICIO CENTROS DE SEGUROS, OFICINA 414<br>SAN JUAN PR 00907 | |
| APPALOOSSA DERIVATIVE LITIGATION | DELAWARE CHANCERY | TERRAFORM POWER APPALOOSA INVESTMENT LIMITED PARTNERSHIP I | BALLARD SPAHR LLP<br>DAVID J. MARGULES<br>ELIZABETH A. SLOAN<br>919 NORTH MARKET STREET<br>11TH FLOOR<br>WILMINGTON, DE 19801-3034 | |

-

| ATLANTIC SPECIALTY INSURANCE CO. | ED MISSOURI | ATLANTIC SPECIALTY INSURANCE COMPANY | CLAYBORNE SABO & WAGNER LLP<br>JOHN SABO<br>525 WEST MAIN STREET<br>SUITE 105<br>BELLEVILLE, IL 62220 |
|---|---|---|---|
| BLOOM V. SUNEDISON | ND CALIFORNIA | CHARLES BLOOM<br>SHARON BURNSTEIN | SCOTT + SCOTT ATTORNEYS AT LAW LLP |
| BROUHA (SHEFFIELD) | VERMONT | PAUL BROUHA | DENISE ANDERSON, PLC<br>35 SOUTH MAIN STREET<br>2ND FLOOR<br>HANOVER, NH 03755 |
| BRYAN MARTINEZ | SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ORANGE | BRYAN MARTINEZ | STEVENS & MCMILLAN<br>HEATHER MCMILLAN<br>DANIEL P. STEVENS<br>335 CENTENNIAL WAY<br>TUSTIN, CA 92780 |
| BUTLER V. SUNEDISON | AAA ARBITRATION | MARTHA BUTLER | ELLIE BOWDEN<br>418 VISTA COURT<br>BENECIA, CA 94510 |
| CARLSBAD AIRPORT SELF STORAGE LP, ET AL. | CALIFORNIA | CARLSBAD AIRPORT SELF STORAGE, COLTON CV, LP<br>COLTON PLANO, LP<br>COLTON VB, LP<br>GSC DEL AMO, LTD<br>GSC INDIO, LTD<br>GSC IRVINE/MAIN, LLC<br>GSC RANCHO I, LLC<br>GSC VICTORVILLE LP<br>ARCADIA, LP<br>SAG OCEANSIDE, LP<br>SAG PALM DESERT, LP<br>SANDERSON J. RAY<br>WOODBRIDGE SELF STORAGE, LP | KASDAN SIMONDS WEBER & VAUGHAN LLP<br>KENNETH S. KASDAN<br>ROBERT R. BRINA<br>19900 MACARTHUR BLVD.<br>SUITE 850<br>IRVINE, CA 92612-6510 |

2

| COELHO LITIGATION | US DISTRICT COURT - MASS.<br>CASE 1:15-CV-11927-RWZ | CARLOS A. COELHO D/B/A COELHO & SONS STONEWALLS | J. ALEXANDER WATT<br>3267 MAIN STREET<br>PO BOX 881<br>BARNSTABLE, MA 02630 | |
| --- | --- | --- | --- | --- |
| CONSERFRUTTA SRL V. SUNENERGY & PARTNERS S.R.L - MEAG QTA INDEMNITY RESTINCO (ROSATO TERNA) | ITALY | CONSERFRUTTA SRL V. SUNENERGY & PARTNERS S.R.L | | |
| CREAM HILL | US DISTRICT COURT CONNECTICUT | CREAM HILL CLEAN ENERGY, LLC | URY & MOSKOW, LLC<br>NEAL I. MOSKOW<br>883 BLACK ROCK TURNPIKE<br>FAIRFIELD, CT 06825 | PAWA LAW GROUP, P.C.<br>MATTHEW F. PAWA<br>WESLEY KELMAN<br>1280 CENTRE STREET<br>SUITE 230<br>NEWTON CENTRE, MA 02459 |
| DAVID SAUNDERS | CANADA, ONTARIO | DAVID SAUNDERS | BARRISTER & SOLICITOR<br>GRAHAM F. SIRMAN<br>275 ONTARIO STREET<br>SUITE 102<br>KINGSTON, ONTARIO, K7K 2X5 | |
| DAVIDE PALUMBO (EMPLOYMENT) | ITALY | DAVIDE PALUMBO | | |
| DEL MONTE ELECTRIC, INC. | CALIFORNIA STATE COURT | DEL MONTE ELECTRIC, INC. | MCINERNEY & DILLON P.C.<br>TIMOTHY L. MCINERNEY<br>BRIAN M. JUNGINGER<br>1999 HARRISON STREET, SUITE 1700<br>OAKLAND, CA 94612 | |
| DULL ET AL V. SUNEDISON, INC. INVESTMENT COMMITTEE | ED MISSOURI | JULIE DULL<br>ERIC O'DAY | | |

3

| | | | | |
|---|---|---|---|---|
| DUPONT | DELAWARE | E.I. DU PONT DE NEMOURS AND COMPANY | DUPONT LEGAL<br>IP CORPORATE COUNSEL<br>CRP 721/2152<br>THOMAS A. STEVENS<br>974 CENTRE ROAD<br>WILMINGTON, DE 19805-1269 | ASHBY & GEDDES<br>STEPHEN J. BALICK<br>LAUREN E. MAGUIRE<br>ANDREW C. MAYO<br>500 DELAWARE AVENUE<br>PO BOX 1150<br>WILMINGTON, DE 19899<br>-AND-<br>BARTLIT BECK HERMAN<br>PALENCHAR & SCOTT LLP<br> ADAM K. MORTARA<br>JOHN C. FITZPATRICK<br>TULSI E. GAONKAR<br>54 WEST HUBBARD STREET<br>SUITE 300<br>CHICAGO, IL 60654 |
| EASTCOAST SITE WORKS, INC. | NEW JERSEY<br>STATE COURT | EASTCOAST SITE WORK, INC. | K. JOHNSON & ASSOCIATES, LLC<br>KRISTEN E. JOHNSON<br>150 CHAMBERS BRIDGE ROAD<br>SUITE 203<br>BRICK NY 08723 | |
| EASTERN MAINE ELECTRIC (EMEC) | MAINE | EASTERN MAINE ELECTRIC COOPERATIVE, INC. | PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP<br>JOHN MCVEIGH<br>ONE CITY CENTER, PO BOX 9546<br>PORTLAND, ME 04112-9546 | |
| ECHOFIRST - FORTIS | CALIFORNIA<br>STATE COURT (SF) | FORTIS ADVISORS LLC<br>KHOSLA VENTURES II LP<br>KHOSLA VENTURES III LP<br>SIGMA ASSOCS. 8, L.P.<br>SIGMA PARTNERS 8, L.P.<br>SIGMA INVESTORS 8, L.P.<br>ENERGY & ENVIRONMENT<br>FIRST INVESTMENT L.P. | GOODWIN PROCTOR LLP<br>MICHAEL T. JONES<br>135 COMMONWEALTH DRIVE<br>MENLO PARK, CA 94025-1105 | GOODWIN PROCTOR LLP<br>HAYES P. HYDE<br>THREE EMBARCADERO CENTER<br>24TH FLOOR<br>SAN FRANCISCO, CA 94111-9991 |

4

| ECKA | SOUTH CAROLINA FEDERAL | ECKA GRANULES OF AMERICA, LLC | SOWELL GRAY STEPP & LAFFITTE, LLC ROBERT E. STEPP BENJAMIN R. GOODING 1310 GADSDEN STREET COLUMBIA, SC 29201 | |
|---|---|---|---|---|
| EQUIS | SINGAPORE | EQUIS | 1 GEORGE ST #14-04 ONE GEORGE STREET 049145 SINGAPORE | |
| EVOLVE SOLAR | UTAH STATE COURT | EVOLVE SOLAR, INC. | MICHAEL BEST & FRIEDRICK, LLP EVAN S. STRASSBERG 6995 SOUTH UNION PARK CENTER SUITE 100 SALT LAKE CITY, UT 98047 | |
| FREEDOM GROUP OF COMPANIES  V.  SUNEDISON UK (WRONG ENTITY SUED) | UNITED KINGDOM | FREEDOM GROUP OF COMPANIES | 7, PHOENIX SQUARE ,WYNCOLLS ROAD COLCHESTER CO4 9AS UNITED KINGDOM | |
| FRENCH TCPA LAWSUIT | EASTERN DISTRICT OF CALIFORNIA | NORENE FRENCH | C/O BURSOR & FISHER, P.A., L TIMOTHY FISHER, ANNICK M. PERSINGER, YEREMEY O. KRIVOSHEY, 1990 NORTH CALIFORNIA BLVD., WALNUT CREEK, CA 94596 | |
| FRONTIER CAL. INC. V. SUNEDISON, INC. | CALIFORNIA STATE COURT | FRONTIER CALIFORNIA INC. (VERIZON CALIFORNIA) | DIAMOND & DRAGOJEVIC, LLP, 21860 BURBANK BLVD, STE 370, WOODLAND HILLS, CA 91367 | |
| GESTAMP | TEXAS STATE COURT | GESTAMP SOLARSTEEL U.S., INC. | JUSTIN KELLY, BURR & FORMAN LLP | 3400 WELLS FARGO TOWER 420 NORTH 20TH ST. BIRMINGHAM, AL 35203 |

5

| | | | | |
|---|---|---|---|---|
| GOLDEN V. CHATILA (MD DERIVATIVE ACTION) | MONTGOMERY COUNTY, MARYLAND STATE COURT | JAMES GOLDEN SUNEDISON, INC. TERRAFORM GLOBAL, INC. | MURPHY, FALCON & MURPHY WILLIAM H. MURPHY III ONE SOUTH STREET 23RD FLOOR BALTIMORE, MD 21202 | THE BROWN LAW FIRM, P.A. TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 |
| GREENE TWEED | IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS | GREENE TWEED & CO. | MCGUIRE WOODS LLP THOMAS M. FARRELL 600 TRAVIS STREET SUITE 7500 HOUSTON, TX 77002 | |
| GULF COAST | TEXAS | GULF COAST KAPROC, INC. D/B/A ARMSTRONG/WEATHERLY & ASSOCIATES, INC. | GRAY REED & MCGRAW, P.C. JOE VIRENE 1300 POST OAK BLVD. SUITE 2000 HOUSTON, TX 77056 | |
| HELIX ELECTRIC OF NEVADA / WISZCO, LLC | NEVADA STATE COURT | WISZCO LLC | RICHARD PEEL PEEL BRIMLEY 3333 E. SERENE AVE SUITE 200 HENDERSON, NV 89074 | |
| HILLIKER | MASSACHUSETTS STATE COURT | VICTORIA HILLIKER | PHILIP J. PUGLISI BIGELOW & PUGLISI, P.C. 11 BEACON ST. SUITE 615 BOSTON, MA 02108 | |
| HOROWITZ V. SUNEDISON ET AL. (CONSOLIDATED SUNE SECURITIES CLASS ACTION) | SDNY MDL | HOROWITZ ETC. | CAREY, DANIS & LOWE LLC JAMES ROSEMERGY 8235 FORSYTH STE. 1100 ST. LOUIS, MO 63105 | GARDY AND NOTIS, LLP MARK GRADY TOWER 56 126 EAST 56TH STREET, 8TH FLOOR NEW YORK, NY 10024 |
| HYDROENERGY COMPANY LTD V. NVT LICENSES LLC | UNITED KINGDOM | HYDROENERGY COMPANY LTD | | |

WEIL:\96215594\1\76491.0003

| | | | | |
|---|---|---|---|---|
| INDIVIDUAL SHAREHOLDER ACTIONS (CA) (COBALT PARTNERS, GLENVIEW CAPITAL, OMEGA CAPITAL INVESTORS, OKLAHOMA FF, KINGDON ASSOCIATES, VMT II, | SDNY | | ROBBINS GELLER DARREN J. ROBBINS JAMES JACONETTE JENNIFER NUNEZ CARINGAL SCOTT H. SAHAM SUSAN G. TAYLOR 655 W BROADWAY STE. 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER DENNIS J HERMAN DAVID WILLIAM HALL POST MONTGOMERY CENTER, ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 | |
| IRON WORKERS MID-SOUTH PENSION FUND V. TERRAFORM GLOBAL | ND CALIFORNIA | IRON WORKERS MID-SOUTH PENSION FUND | | |
| JONES - ERISA | ED MO AND ST. LOUIS COUNTY, MISSOURI STATE COURT | JERRY JONES MANUEL ACOSTA | DYSTART AND TAYLOR DON R. LOLLI 4420 MADISON AVENUE SUITE 200 KANSAS CITY, MO 64111 | GAINEY MCKENNA & EGLESTON THOMAS J. MCKENNA 295 MADISON AVE. 4TH FLOOR NEW YORK, NY 10017 |
| KERN COUNTY | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY | KERN SOLAR LLC SUNE P11L HOLDINGS LLC | 1717 ARCH STREET PHILADELPHIA, PA 19103 | VENZIE, PHILLIPS & WARSHAWER BRUCE L. PHILLIPS 2032 CHANCELLOR STREET PHILADELPHIA, PA 19103 |
| ~~KIRKLAND AND ELLIS LLP AND ITS AFFILIATES~~ | | | ~~601 LEXINGTON AVE NEW YORK, NY 10022~~ ~~300 NORTH LASALLE CHICAGO, IL 60654~~ | |

7

| | | | |
|---|---|---|---|
| KPMG LLP AND ITS AFFILIATES | | | KPMG LLP<br>AON CENTER<br>SUITE 5500<br>200 EAST RANDOLPH DRIVE<br>CHICAGO, IL 60601-6436<br><br>KPMG LLP<br>SUITE 300<br>10 SOUTH BROADWAY<br>ST. LOUIS, MO 63102-1761 |
| KUNZ V. SUNEDISON | ED MISSOURI | ROBERT KUNZ | |
| LAP - ARBITRATION | ICC ARBITRATION | BTG PACTUAL BRAZIL<br>INFRASTRUCTURE FUND II, LP<br>P2 BRASIL PRIVATE<br>INRRASTRUCTURE FUND II, LP<br>P2 FUND II LAP CO-INVEST LP<br>P2 LAP CO-INVEST UK, LP<br>GMR HOLDING B.V.<br>ROBERTO SAHADE | QUINN EMMANUEL URQUHART &<br>SULLIVAN, LLP<br>MICHAEL CARLINSKY,<br>TAI-HENG CHENG<br>JOHN H. CHUN<br>51 MADISON AVENUE<br>22ND FLOOR<br>NEW YORK, NY 10010 |
| LAP - COURT | NEW YORK<br>STATE COURT | BTG PACTUAL BRAZIL<br>INFRASTRUCTURE FUND II, LP<br>P2 BRASIL PRIVATE<br>INRRASTRUCTURE FUND II, LP<br>P2 FUND II LAP CO-INVEST LP<br>P2 LAP CO-INVEST UK, LP<br>GMR HOLDING B.V.<br>ROBERTO SAHADE | QUINN EMMANUEL URQUHART &<br>SULLIVAN, LLP<br>MICHAEL CARLINSKY,<br>TAI-HENG CHENG<br>JOHN H. CHUN<br>51 MADISON AVENUE<br>22ND FLOOR<br>NEW YORK, NY 10010 |
| LENNOX | CANADIAN COURT | LENNOX SNOW FENCE CO.<br>(1982) LTD. | |
| LINTON V. SUNEDISON | ED MISSOURI | ROBERT LINTON | |

8

| | | | | |
|---|---|---|---|---|
| MAHARAJ (EMPLOYMENT) | CANADA | AMAN MAHARAJ | RUDNER MACDONALD LLP<br>NATALIE MACDONALD<br>2 BLOOR ST W., STE. 1005<br>TORONTO, ON M4W3E2 | |
| MAILLETT | MAINE | JASON MALLIETT | GILBERT & GREIF<br>ARTHUR GREIF<br>82 COLUMBIA ST, PO BOX 2339,<br>BANGOR, ME, 04402-2339 | |
| MALLIETT V. FIRST WIND (EMPLOYMENT) | MAINE<br>STATE COURT | JASON MALLIETT | ARTHUR GREIF GILBERT & GREIF<br>82 COLUMBIA ST.<br>PO BOX 2339<br>BANGOR ME 04402-2339 | |
| MARATHON | AAA ARBITRATION | MARATHON CAPITAL LLC | RIMON PC<br>RICHARD MOONEY<br>ONE EMBARCADERO CENTER<br>SUITE 400<br>SAN FRANCISCO, CA 94111 | |
| MARQUITA BELCHER V. PV GURU, INC. AND SUNEDISON, INC. | ALAMEDA COUNTY, CALIFORNIA | MARQUITA BELCHER | | |
| MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC AND ITS AFFILIATES | | | TWO HARBOR POINT SQUARE<br>100 WASHINGTON BOULEVARD<br>STAMFORD, CT 06902 | |
| MERIDIAN | MASSACHUSETTS STATE COURT | MERIDIAN ASSOCIATES, INC. | MICLANE MIDDLETON, P.A.<br>ANDREW P. BOTTI<br>300 TRADE CENTER<br>SUITE 7000<br>WOBURN, MA 01801 | |
| MICHELE BEASLEY | ARBITRATION - JAMS | MICHELE BEASLEY | 17 HOVEY AVENUE,<br>NATICK, MA 01760 | RITZ CLARK & BEN-ASHER LLP<br>JONATHAN BEN-ASHER<br>59 MAIDEN LANE<br>39TH FLOOR<br>NEW YORK, NY 10038 |

WEIL:\96215594\1\76491.0003

| | | | | |
|---|---|---|---|---|
| MILFORD WIND CORRIDOR LITIGATION | DELAWARE CHANCERY | MTW RESOURCES, LLC | RATH, YOUNG AND PIGNATELLI, P.C.<br>CURT WHITTAKER<br>1 OAKMONT DRIVE<br>CONCORD, NH 03301 | |
| MO DERIVATIVE LITIGATIONS | MISSOURI STATE COURT | TROY JACKSON | COSGROVE LAW GROUP, LLC<br>DAVID B. COSGROVE<br>DANIEL V. CONLISK<br>7733 FORSYTH BLVD.<br>SUITE 1675<br>ST. LOUIS, MO 63105 | HYNES KELLER & HERNANDEZ, LLC<br>MICHAEL J. HYNES<br>3070 BRISTOL PIKE, SUITE 112<br>1150 FIRST AVENUE, SUITE 501<br>KING OF PRUSSIA, PA 19406 |
| MOODIE V. SUNEDISON | NEW YORK – SOUTHERN | | | |
| MSSA | TEXAS | MSSA S.A.S.<br>MSSA COMPANY CORPORATION | SHIPLEY SNELL MONTGOMERY LLP<br>LAINA R. MILLER<br>712 MAIN STREET<br>SUITE 1400<br>HOUSTON, TX 77002 | MURPHY & MCGONIGLE, P.C.<br>STEVEN D. FELDMAN<br>BARRY S. GOLD<br>1185 AVENUE OF THE AMERICAS<br>21ST FLOOR<br>NEW YORK, NY 10036 |
| MSSA - ARBITRATION | INTERNATIONAL CHAMBER OF COMMERCE | MSSA S.A.S.<br>MSSA COMPANY CORPORATION | MURPHY & MCGONIGLE, P.C.<br>STEVEN D. FELDMAN<br>BARRY S. GOLD<br>1185 AVENUE OF THE AMERICAS<br>21ST FLOOR<br>NEW YORK, NY 10036 | |
| NEVADA STATE CONTRACTORS BOARD | NEVADA STATE CONTRACTORS BOARD | NEVADA STATE CONTRACTORS BOARD | 9670 GATEWAY DRIVE<br>SUITE 100<br>RENO, NV 89521 | |

10

| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM V. SUNEDISON | ND CALIFORNIA | OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM | ROBBINS GELLER RUDMAN & DOWD LLP<br>DENNIS J. HERMAN<br>DAVID W. HALL<br>POST MONTGOMERY CENTER<br>ONE MONTGOMERY STREET SUITE 1800<br>SAN FRANCISCO, CA 94104 | EISEMAN LEVINE LEHRAUPT & KAKOYIANNIS, P.C.<br>LAURENCE MAY<br>PETER REISER<br>ERIC ASCHKENASY<br>805 THIRD AVENUE, 10TH FL<br>NEW YORK, NY 10022 |
|---|---|---|---|---|
| ORTECH CONSULTING - CANADA | CANADA | ORTECH CONSULTING INC. | BARRISTERS & SOLICITORS<br>MARCHALL KIREWSKI<br>PAUL MARSHALL<br>201-88 DUNN STREET<br>OAKVILLE, ONTARIO L6J 3C | |
| PACKAGING SPECIALTIES | OHIO<br>STATE COURT | PACKAGING SPECIALTIES, INC. | PACKAGING SPECIALTIES, INC.<br>300 LAKE ROAD<br>MEDINA, OH 44256 | ULMER & BERNE LLP<br>MICHAEL S. TUCKER<br>LIAM J. DUNN<br>1660 WEST 2ND STREET<br>SUITE 1100<br>CLEVELAND, OH 44113 |
| PCS | NORTH CAROLINA | PCS PHOSPHATE COMPANY, INC.<br>PCS SALES (USA), INC. | PARKER POE ADAMS & BERNSTEIN LLP<br>CHARLES E. RAYNAL, IV<br>PNC PLAZA<br>301 FAYETTEVILLE STREET<br>SUITE 1400, PO BOX 389<br>RALEIGH, NC 27601 | JONES DAY<br>Paula S. Quist<br>Kristina K. Cercone<br>77 W. Wacker Drive<br>Chicago, Illinois 60601-1692 |
| PRICEWATERHOUSECOOPERS LLP AND ITS AFFILIATES | | | 300 MADISON AVENUE<br>NEW YORK, NY 10017 | |
| PRIME SOLAR SOURCE | NEW JERSEY<br>STATE COURT | PRIME SOLAR SOURCE, LLC | GLUCK WALRATH LLP<br>ANDREW BAYER<br>4428 RIVER VIEW PLAZA<br>TRENTON, NJ 08611 | |

11

| | | | | |
|---|---|---|---|---|
| PYRAMID HOLDINGS V. TERRAFORM GLOBAL (CONSOLIDATED TERP SECURITIES CLASS ACTION) | SDNY MDL | PYRAMID HOLDINGS, ETC. | ABRAHAM FRUCHTER & TWERSKY LLP IAN BERG 11622 EL CAMINO REAL, SUITE 100 SAN DIEGO, CA 92130 -AND- ABRAHAM FRUCHTER & TWERSKY LLP LAWRENCE DONALD LEVIT JACK GERALD FRUCHTER ONE PENN PLAZA SUITE 2805 NEW YORK, NY 10119 | ANDREWS KURTH LLP CASSANDRA LYNN PORSCH 450 LEXINGTON AVENUE NEW YORK, NY 10017 |
| REFEX | INDIA | REFEX | | |
| SHIN-ETSU/SOLIACX | OREGON STATE COURT | SHIN-ETSU QUARTZ PRODUCTS CO., LTD. | LANDERHOLM P.S. TIMOTHY J. CALDERBANK 805 BROADWAY STREET SUITE 1000, PO BOX 1086 VANCOUVER, WA 98666 | |
| SKYPOWER | CANADA | SUNE SKY 13TH SIDEROAD LP SUNE SKY RYERSE LP | LENCZNER SLAGHT ROYCE SMITH GRIFFIN LLP GLENN SMITH AND MELANIE BAIRD 130 ADELAIDE ST. WEST TORONTO ON M5H 3P5 | |
| SOLOMONEDWARDSGROUP, LLC | ST. CHARLES COUNTY, MISSOURI STATE COURT | SOLOMON EDWARDS GROUP, LLC | VINCENT D. VOGLER TWO CITYPLACE DRIVE SUITE 150, P.O. BOX 419037 ST. LOUIS, MO 63141-9037 | |
| SOUTH LIGHT | CANADIAN COURT | SOUTH LIGHT DESIGN / BUILD INC. | | |

12

| | | | | |
|---|---|---|---|---|
| ST. MARY'S | CANADIAN COURT | CBA READY MIX DIVISION (ST. MARY'S CEMENT INC., CANADA) | | |
| SUMEI | JAPAN | SUMEI | | |
| SUNEDISON ERISA ACTIONS - USENKO | EASTERN DISTRICT OF MISSOURI | ALEXANDER Y. USENKO | WEINHAUS & POTASHNICK MARK POTASHNICK 11500 OLIVE BLVD. SUITE 133 ST. LOUIS, MO 61341 | HARWOOD FEFFER LLP ROBERT I. HARWOOD TANYA KORKHOV 488 MADISON AVENUE NEW YORK, NY 10022 |
| SUNEDISON SOLAR POWER INDIA PRIVATE LIMITED & OTHERS | INDIA | | | |
| SUNFUSION SOLAR & SANDY ELLARD | AAA | SANDY ELLARD SUNFUSION SOLAR | 7766 ARJONS DRIVE SUITE B SAN DIEGO, CA 92126 | |
| SUNPOWER V. SUNEDISON (US) | SANTA CLARA COUNTY, CALIFORNIA SUPERIOR COURT | SUNPOWER CORPORATION | KNOBBE MARTENS OLSON BEAR LLP MICHAEL K. FRIEDLAND AMY C. CHUN ALI S. RAZAI 2040 MAIN STREET, 14TH FLOOR IRVINE, CA 92614 -AND- KNOBBE MARTENS OLSON BEAR LLP BORIS ZELKIND 12790 EL CAMINO REAL SAN DIEGO, CA 92130 | |
| SUPPLYSOURCE DC, LLC D/B/A RE \| DISTRICT | ARLINGTON COUNTY, VIRGINIA CIRCUIT COURT | SUPPLYSOURCE DC, LLC D/B/A RE \| DISTRICT | GLEN FRANKLIN KOONTZ, KOONTZ P.C. PO BOX 1176 BERRYVILLE, VA 22611 | |

13

| TECHCORR USA MANAGEMENT, LLC D/B/A TECHCORR USA, LLC | IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS | TECHCORR USA MANAGEMENT, LLC D/B/A TECHCORR USA, LLC | WELSH LEBLANC LLP<br>JARED G. LEBLANC<br>MEGHAN K. FLANERY<br>8 GREENWAY PLAZA<br>SUITE 1150<br>HOUSTON, TX 77046 | |
|---|---|---|---|---|
| TERRASMART, LLC V. NVT LICENSES, LLC | MASSACHUSETTS STATE COURT | TERRASMART, LLC | ADAM BASCH, BACON WILSON P.C.<br>33 STATE STREET<br>SPRINGFIELD, MA 01103 | |
| TOYO TANSO | OREGON STATE COURT | TOYO TANSO USA, INC. | ATER WYNNE LLP<br>ALEXANDRA M. SCHULMAN<br>1331 LOVEJOY STREET<br>SUITE 900<br>PORTLAND, OR 97209-3280 | |
| UNITED ELECTRIC SUPPLY CO. | MARYLAND STATE COURT | UNITED ELECTRIC SUPPLY CO., INC. | UNITED ELECTRIC SUPPLY CO., INC.<br>10 BELLECOR DRIVE<br>NEW CASTLE, DE 19720 | JILL D. CARAVAGGIO<br>11116 INNSBROOK WAY<br>SUITE B<br>IJAMSVILLE, MD 21754 |
| USENKO V. SUNEDISON ET AL. (ERISA CLAIMS) | SDNY MDY (ORIGINALLY ED MISSOURI) | ALEXANDER USENKO | HARWOOD FEFFER LLP<br>DANIELLA QUITT<br>ROBERT I. HARWOOD<br>TANYA KORKHOV<br>488 MADISON AVENUE<br>NEW YORK, NY 10022 | WEINHAUS AND POTASHNICK<br>MARK A. POTASHNICK<br>11500 OLIVE BOULEVARD<br>SUITE 133<br>ST. LOUIS, MO 63141 |
| VALLEY HOME | MASSACHUSETTS STATE COURT | VALLEY HOME IMPROVEMENT, INC. | DAVID WILENSKY<br>PO BOX 202<br>NORTHAMPTON, MA 01061 | |
| VAUGHN WIND | NEW MEXICO | J&K VICENTE LLC<br>VICENTE RANCH CO., INC.<br>JOE VICENTE | JONES, SNEAD, WERTHEIM & CLIFFORD, PA<br>JERRY TODD WERTHEIM<br>1800 OLD PECOS TRAIL, PO BOX 2228<br>SANTA FE, NM 87504-2228 | |

14

| | | | | |
|---|---|---|---|---|
| VIVINT SHAREHOLDER CLASS ACTIONS - BUSHANSKY | UTAH STATE COURT | STEPHEN BUSHANSKY | ABBOTT LAW FIR NELSON ABBOTT 3651 NORTH 100 EAST SUITE 350 PROVO, UT 84604 | WEISSLAW LLP RICHARD A. ACOCELLI MICHAEL ROGOVIN KELLY KEENAN 1500 BROADWAY 16TH FLOOR NEW YORK, NY 10036 |
| VIVINT SHAREHOLDER CLASS ACTIONS - WILLIAMS | UTAH STATE COURT | ARNIE WILLIAMS | ABBOTT LAW FIRM NELSON ABBOTT 3651 NORTH 100 EAST SUITE 350 PROVO, UT 84604 | RIGRODSKY & LONG, P.A. SETH D. RIGRODSKY BRIAN D. LONG GINA M. SERRA JEREMY J. RILEY 2 RIGHTER PARKWAY, STE. 120, WILMINGTON, DE 19803 -AND- RYAN & MANISKAS, LLP KATHARINE M. RYAN RICHARD A. MANISKAS 995 OLD EAGLE SCHOOL ROAD SUITE 311 WAYNE, PA 19087 |
| VIVINT V. SUNEDISON | DELAWARE CHANCERY | VIVINT SOLAR, INC. | WILSON SONSINI GOODRICH & ROSATI BRADLEY D. SORRELS WILLIAM CHANDLER SHANNON E. GERMAN IAN LISTON 222 DELAWARE AVENUE SUITE 800 WILMINGTON, DE 19801 | WILSON SONSINI GOODRICH & ROSATI BORIS FELDMAN STEVEN SCHATZ GIDEON SCHOR 650 PAGE MILL ROAD PALO ALGO, CA 94304-1050 |
| WEGEL V. VIVINT | NEW YORK STATE | BOBBI JO WEGEL MARC WEGEL | THE DRESSLER LAW FIRM PLLC RENTON D. BERSAUD 300 WEST 38TH SSTREET 3RD FLOOR NEW YORK, NY 10018 | |

15

| XTREME POWER | HAWAII | AIG SPECIALTY INSURANCE CO. F/K/A CHARTIS SPECIALTY INSURANCE CO. XTREME POWER, INC. XTREME POWER SYSTEMS, LLC XTREME POWER GROVE, LLC | AIG -C/O VALDEZ, WEINSTEIN, AND CUELLAR |

WEIL:\96215594\1\76491.0003

| 21437/RD | INTERNATIONAL COURT OF ARBITRATION | = | = | = |
|---|---|---|---|---|
| AGRAWAL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL, INC. | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: SHAWN A. WILLIAMS POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| AGRAWAL | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | TERRAFORM GLOBAL, INC. | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: SHAWN A. WILLIAMS POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| AIG | DISTRICT COURT EAGLE COUNTY, CO | = | = | = |
| AIG PROPERTY CASUALTY COMPANY, AS SUBROGEE OF JOHN PAUL DEJORIA | DISTRICT COURT, COUNTY OF EAGLE, STATE OF COLORADO | = | DWORKIN CHAMBERS & WILLIAMS YORK BENSON & EVANS P.C. ATTN: GERI O'BRIEN WILLIAMS & LACY A. SCOTT 3900 E. MEXICO AVE. STE. 1300 DENVER, CO 80210 | = |
| ALBEMARLE CORP. | TEXAS | MEMC PASADENA, INC. | = | = |
| ALBEMARLE CORPORATION, ET AL. | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS | MEMC ELECTRONIC MATERIALS, INC. | = | = |
| AMAN MAHARAJ | ONTARIO SUPERIOR COURT OF JUSTICE, TORONTO, ONTARIO | = | NATALIE MACDONALD RUDNER MACDONALD LLP 2 BLOOR ST W., SUITE 1005 TORONTO, ON M4W 3E2 CANADA | = |
| ANTON S. BADRI | U.S. DISTRICT COURT | TERRAFORM GLOBAL | FRANCIS A. BOTTINI JR. | = |

17

| | FOR THE NORTHERN DISTRICT OF CALIFORNIA | | 7817 IVANHOE AVE. STE. 102 LA JOLLA, CA 92037 | |
|---|---|---|---|---|
| APPALOOSA INVESTMENT | COURT OF CHANCERY OF THE STATE OF DE | TERRAFORM POWER | DAVID J. MARGULES ELIZABETH A. SLOAN BALLARD SPAHR LLP 919 N. MARKET ST., 11TH FL. WILMINGTON, DE 19801-3034 | = |
| APPALOOSA INVESTMENT LIMITED PARTNERSHIP I ET AL. | COURT OF CHANCERY OF THE STATE OF DE | = | DAVID J. MARGULES ELIZABETH A. SLOAN BALLARD SPAHR LLP 919 N. MARKET ST., 11TH FL. WILMINGTON, DE 19801-3034 | = |
| ARNIE WILLIAMS | UTAH STATE COURT | = | ABBOTT LAW FIRM ATTN: NELSON ABBOTT 75 SOUTH 200 EAST PROVO, UT 84604 | RIGRODSKY & LONG, P.A. ATTN: SETH D. RIGRODSKY, BRIAN D. LONG GINA M. SERRA, JEREMY J. RILEY 2 RIGHTER PARKWAY, SUITE 120 WILMINGTON, DE 19803 -AND- RYAN & MANISKAS, LLP ATTN: KATHARINE M. RYAN, RICHARD A. MANISKAS 995 OLD EAGLE SCHOOL ROAD, SUITE 311 WAYNE, PA 19087 |
| ATLANTIC SPECIALITY INSURANCE CO. | US DISTRICT COURT, EASTERN DISTRICT OF MISSOURI | = | CLAYBORNE SABO & WAGNER LLP ATTN: JOHN SABO 525 W MAIN ST., SUITE 105 BELLEVILLE, IL 62220 | = |
| ATLANTIC SPECIALTY INSURANCE COMPANY | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | = | CLAYBORNE SABO & WAGNER LLP ATTN: JOHN SABO 525 W MAIN ST., SUITE 105 BELLEVILLE, IL 62220 | = |
| BADRI | SUPERIOR COURT OF THE STATE OF | TERRAFORM GLOBAL, INC. | FRANCIS A. BOTTINI JR. 7817 IVANHOE AVE. | = |

18

| | | | | |
|---|---|---|---|---|
| | CALIFORNIA, COUNTY OF SAN MATEO | | STE. 102 LA JOLLA, CA 92037 | |
| BEASLEY | JAMS ARBITRATION - NEW YORK CITY, NY | = | RITZ CLARK & BEN-ASHER LLP ATTN: JONATHAN BEN-ASHER 59 MAIDEN LANE, 39TH FLOOR NEW YORK, NY 10038-4668 | = |
| BELTRAN | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | TERRAFORM GLOBAL, INC. | SCOTT + SCOTT ATTORNEYS AT LAW LLP ATTN: JOHN T. JASNOCH 707 BROADWAY, SUITE 1000 SAN DIEGO, CA 92101 | = |
| BELYEA | COURT OF CHANCERY OF THE STATE OF DELAWARE | VIVINT SOLAR, INC. | KAHN SWICK & FOTI, LLC ATTN: MICHAEL J. PALESTINA 206 COVINGTON ST. MADISONVILLE, LA 70447 | ANDREWS & SPRINGER LLC ATTN: PETER B. ANDREWS, CRAIG J. SPRINGER 3801 KENNETT PIKE BUILDING C, SUITE 305 WILMINGTON, DE 19807 |
| BINGHAM WIND PROJECT, MAINE | MAINE DEPARTMENT OF ENVIRONMENTAL PROTECTION (MDEP) | = | = | = |
| BLOOM | CA SUPERIOR COURT, SAN MATEO COUNTY | = | SCOTT + SCOTT ATTORNEYS AT LAW LLP ATTN: JOHN T. JASNOCH, DONALD BROGGI, T LAUGHLIN JOSEPH HALLORAN, DAVID SCOTT 707 BROADWAY SUITE 1000 SAN DIEGO, CA 92101 | = |
| BLOOM ET AL | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | = | SCOTT + SCOTT ATTORNEYS AT LAW LLP ATTN: JOHN T. JASNOCH, DONALD BROGGI, T LAUGHLIN JOSEPH HALLORAN, DAVID SCOTT 707 BROADWAY SUITE 1000 SAN DIEGO, CA 92101 | = |
| BOBBIE JO WEGEL | SUFFOLK COUNTY | = | THE DRESSLER LAW FIRM PLLCATTN: | = |

WEIL:\96215594\1\76491.0003

| | | | | |
|---|---|---|---|---|
| | SUPERIOR COURT, MA | | RENTON D. BERSAUD300 W 38TH ST.3RD FL.NEW YORK, NY 10018 | |
| BROUHA | U.S. DISTRICT COURT, DISTRICT OF VERMONT (SHEFFIELD COURT) AND STATE OF VERMONT PUBLIC SERVICE BOARD | VERMONT WIND, LLC | DENISE ANDERSON, PLLC 85 N. MAIN ST., SUITE 245 WHITE RIVER JUNCTION, VT 05001 | = |
| BROUHA | UNITED STATES DISTRICT COURT FOR THE  DISTRICT OF VERMONT | VERMONT WIND, LLC | DENISE ANDERSON, PLLC 85 N. MAIN ST., SUITE 245 WHITE RIVER JUNCTION, VT 05001 | = |
| BRYAN MARTINEZ | CALIFORNIA STATE COURT | = | STEVENS & MCMILLAN ATTN: HEATHER MCMILLAN, DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 | = |
| BRYAN MARTINEZ | CALIFORNIA STATE COURT - 30-2016-00844937 | = | STEVENS & MCMILLAN ATTN: HEATHER MCMILLAN, DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 | = |
| BRYAN MARTINEZ | CALIFORNIA STATE COURT - 30-2016-00844937-CU-OE-CJC | = | STEVENS & MCMILLAN ATTN: HEATHER MCMILLAN, DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 | = |
| BTG PACTUAL BRAZIL INFRASTRUCTURE FUND II LP ET AL. | SUPREME COURT OF THE STATE OF NEW YORK FOR THE COUNTY OF NEW YORK - CASE NO. 16-650676 | = | QUINN EMANUEL URQUHART & SULLIVAN LLP ATTN: ROBERTO SAHADE, MICHAEL CARLINSKY, TAI-HENG CHENG, JOHN H. CHUN 51 MADISON AVE. , 22ND FL. NEW YORK, NY 10010 | = |
| BTG PACTUAL BRAZIL | SUPREME COURT OF | = | QUINN EMANUEL URQUHART & | = |

20

| INFRASTRUCTURE FUND, ET AL | THE STATE OF NY, COUNTY OF NY – INDEX NO. 650676/2016 | | SULLIVAN LLP ATTN: ROBERTO SAHADE, MICHAEL CARLINSKY, TAI-HENG CHENG, JOHN H. CHUN 51 MADISON AVE. , 22ND FL. NEW YORK, NY 10010 | |
|---|---|---|---|---|
| BUSHANSKY | FOURTH JUDICIAL DISTRICT COURT UTAH | SEV MERGER SUB, INC., ET AL | WEISSLAW LLP ATTN: RICHARD A. ACOCELLI, MICHAEL ROGOVIN KELLY KEENAN 1500 BROADWAY, 16TH FLOOR NEW YORK, NY 10036 | = |
| CA UNEMPLOYMENT INSURANCE CODE COMPLIANCE | EMPLOYMENT DEVELOPMENT DEPARTMENT, STATE OF CALIFORNIA (EDD) | = | = | = |
| CA   COMPLIANCE UNEMPLOYMENT INSURANCE REVIEW CODE COMPLIANCE | EMPLOYMENT DEVELOPMENT DEPARTMENT, STATE OF CALIFORNIA (EDD) | = | = | = |
| CANEZ | COURT OF CHANCERY OF THE STATE OF DELAWARE | BUTTERFIELD, ET AL. | FARUQI & FARUQI LLP ATTN: JUAN E. MONTEVERDE & JAMES M. WILSON, JR. 369 LEXINGTON AVE, 10TH FL. NEW YORK, NY 10017 | FARUQI & FARUQI LLP ATTN: JAMES R. BANKO, DERRICK B. FARRELL 20 MONTCHANIN RD, SUITE 145 WILMINGTON, DE 19807 |

21

| CAPLES AND ROMERO | COURT OF CHANCERY OF THE STATE OF DELAWARE | VIVINT SOLAR, INC. | FRIEDMAN OSTER & TEJTEL PLLC ATTN: JEREMY S. FRIEDMAN SPENSER OSTER, DAVID TEJTEL 240 EAST 79TH STREET, SUITE A NEW YORK, NY 10075 | ANDREWS & SPRINGER LLC ATTN: PETER B. ANDREWS, CRAIG J. SPRINGER 3801 KENNETT PIKE BUILDING C, SUITE 305 WILMINGTON, DE 19807 |
|---|---|---|---|---|
| CARLOS A. COELHO D/B/A COELHO & SONS STONEWALLS | MASSACHUSETTS DISTRICT COURT - 1:15-CV-11927-RWZ | _ | _ | _ |
| CARLOS COELHO, D/B/A/ COELHO & SONS STONEWALLS | MASSACHUSETTS DISTRICT COURT - 15-CV-11927-RWZ | _ | _ | _ |
| CHARLES BLOOM & SHARON BURNSTEIN | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | _ | SCOTT + SCOTT ATTORNEYS AT LAW LLP ATTN: JOHN T. JASNOCH, DONALD BROGGI, T LAUGHLIN JOSEPH HALLORAN, DAVID SCOTT 707 BROADWAY SUITE 1000 SAN DIEGO, CA 92101 | _ |
| COBALT PARTNERS, LP, ET AL | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | _ | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 94104 | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| COBALT PARTNERS, LP, ET AL. | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | _ | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 94104 | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| CREAM HILL CLEAN ENERGY, LLC | U. S. DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT - | _ | PAWA LAW GROUP, P.C. ATTN: MATTHEW F. PAWA & WESLEY KELMAN 1280 CENTRE STREET, SUITE 230 | NEAL I. MOSKOW URY & MOSKOW LLC 883 BLACK ROCK TURNPIKE FAIRFIELD, CT 06825 |

22

| | | | | |
|---|---|---|---|---|
| | | 3:16-CV-00291-JAM | NEWTON CENTRE, MA 02459 | |
| CREAM HILL CLEAN ENERGY, LLC | U.S. DISTRICT COURT FOR THE STATE OF CONNECTICUT - CASE NO. 16-CV-00291 | = | PAWA LAW GROUP, P.C. ATTN: MATTHEW F. PAWA & WESLEY KELMAN 1280 CENTRE STREET, SUITE 230 NEWTON CENTRE, MA 02459 | NEAL I. MOSKOW URY & MOSKOW LLC 883 BLACK ROCK TURNPIKE FAIRFIELD, CT 06825 |
| E.I. DU PONT DE NEMOURS AND COMPANY | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI - CASE NO.14-CV-01078 | = | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLPATTN: ADAM K. MORTARA, JOHN C. FITZPATRICK,TULSI E. GAONKAR54 WEST HUBBARD STREET, SUITE 300CHICAGO, IL 60654-AND-ASHBY & GEDDESATTN: STEPHEN J. BALICK, LAUREN E. MAGUIRE,ANDREW C. MAYO500 DELAWARE AVENUE, PO BOX 1150WILMINGTON, DE 19899 |
| E.I. DU PONT DE NEMOURS AND COMPANY | US DISTRICT COURT, DISTRICT OF DELAWARE - 1:14-CV-01078-SLR | = | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP | BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP ATTN: ADAM K. MORTARA, JOHN C. FITZPATRICK, TULSI E. GAONKAR 54 WEST HUBBARD STREET, SUITE 300 CHICAGO, IL 60654 -AND- ASHBY & GEDDES ATTN: STEPHEN J. BALICK, LAUREN E. MAGUIRE, ANDREW C. MAYO 500 DELAWARE AVENUE, PO BOX 1150 WILMINGTON, DE 19899 |
| E.I. DU PONT DE NEMOURS AND | US DISTRICT COURT, | = | BARTLIT BECK HERMAN PALENCHAR | BARTLIT BECK HERMAN |

23

| COMPANY | DISTRICT OF DELAWARE - 14-CV-01078-SLR | | & SCOTT LLP | PALENCHAR & SCOTT LLP ATTN: ADAM K. MORTARA, JOHN C. FITZPATRICK, TULSI E. GAONKAR 54 WEST HUBBARD STREET, SUITE 300 CHICAGO, IL 60654 -AND- ASHBY & GEDDES ATTN: STEPHEN J. BALICK, LAUREN E. MAGUIRE, ANDREW C. MAYO 500 DELAWARE AVENUE, PO BOX 1150 WILMINGTON, DE 19899 |
| EASTERN MAINE ELECTRIC COOPERATIVE, INC. | BUSINESS AND CONSUMER COURT, STATE OF MAINE, CUMBERLAND COUNTY | FIRST WIND HOLDINGS, LLC  FIRST WIND NORTHEAST COMPANY, LLC  NORTHEAST WIND PARTNERS II, LLC  STETSON WIND HOLDINGS COMPANY, LLC | _ | _ |
| ECKA GRANULES OF AMERICA LLC, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, ORANGEBURG DIVISION | MEMC ELECTRONIC MATERIALS, INC. MEMC PASADENA, INC. | SOWELL GRAY STEPP & LAFFITTE LLC ROBERT E. STEPP, BENJAMIN R. GOODING 1310 GADSDEN ST. COLUMBIA, SC 29201 | _ |
| ECKA GRANULES OF AMERICA, LLC | SOUTH CAROLINA FEDERAL | MEMC ELECTRONIC MATERIALS, INC. | SOWELL GRAY STEPP & LAFFITTE LLC ROBERT E. STEPP, BENJAMIN R. GOODING 1310 GADSDEN ST. COLUMBIA, SC 29201 | _ |
| EMPLOYEE RETIREMENT INCOME SECURITY ACT LITIGATION (JONES, USENKO, | US DISTRICT COURT, EASTERN DISTRICT OF MISSOURI | _ | _ | _ |

24

| LINTON, WHEELER, DULL) | | | | |
|---|---|---|---|---|
| EVOLVE SOLAR | UTAH STATE COURT | = | EVAN S. STRASSBERG, MICHAEL BEST & FRIEDRICK, LLP<br>6995 SOUTH UNION PARK CENTER, SUITE 100<br>SALT LAKE CITY, UT 98047 | = |
| EVOLVE SOLAR, INC., ET AL. | FOURTH DISTRICT COURT - UTAH COUNTY, UT | = | EVAN S. STRASSBERG, MICHAEL BEST & FRIEDRICK, LLP<br>6995 SOUTH UNION PARK CENTER, SUITE 100<br>SALT LAKE CITY, UT 98047 | = |
| FIRST WIND ENERGY | AAA | FIRST WIND HOLDINGS, LLC KAHUKU WIND POWER, LLC KAHEAWA WIND POWER II, LLC | = | = |
| FORTIS ADVISORS LLC ET AL. | CALIFORNIA STATE COURT | = | GOODWIN PROCTOR LLP<br>ATTN: MICHAEL T. JONES<br>135 COMMONWEALTH DR.<br>MENLO PARK, CA 94025-1105 | GOODWIN PROCTOR LLP<br>ATTN: HAYES P. HYDE<br>THREE EMBARCADERO CENTER, 24TH FL.<br>SAN FRANCISCO, CA 94111-9991 |
| FORTIS ADVISORS, LLC ET AL, | SUPERIOR COURT OF CA, COUNTY OF SAN FRANCISCO | = | GOODWIN PROCTOR LLP<br>ATTN: MICHAEL T. JONES<br>135 COMMONWEALTH DR.<br>MENLO PARK, CA 94025-1105 | GOODWIN PROCTOR LLP<br>ATTN: HAYES P. HYDE<br>THREE EMBARCADERO CENTER, 24TH FL.<br>SAN FRANCISCO, CA 94111-9991 |
| FRASER ET AL. | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL | GLANCY PRONGAY & MURRAY LLP<br>ATTN: LIONEL Z. GLANCY ROBERT V. PRONGAY<br>LESLEY F. PORTNOY<br>1925 CENTURY PARK EAST, STE. 2011<br>LOS ANGELES, CA 90067 | = |
| GAMMA ENERGY LIMITED | HIGH COURT OF JUSTICE /CHANCERY DIVISION (UK) | = | = | = |
| GAMMA ENERGY LIMITED | UNITED KINGDOM | = | = | = |
| GLENVIEW CAPITAL PARTNERS, | SUPERIOR COURT OF | = | ROBBINS GELLER RUDMAN & DOWD | ROBBINS GELLER RUDMAN & |

25

| L.P. | THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO - CASE NO. 537971 | | LLP | DOWD LLPATTN: DENNIS HERMAN & DAVID HALLPOST MONTGOMERY CENTERONE MONTGOMERY STREET, SUITE 1800SAN FRANCISCO, CA 92104-AND-ROBBINS GELLER RUDMAN & DOWD LLPATTN: DARREN ROBBINS, JAMES JACONETTEJENNIFER CARINGAL655 W BROADWAY SUITE 1900SAN DIEGO, CA 92101 |
| GLENVIEW CAPITAL PARTNERS, L.P. ET AL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO - CASE NO.16-CV-02264 | " | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][04981] | " | " | " |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - | " | " | " |

26

| | | | | |
|---|---|---|---|---|
| | [NO. 3:15-CV-04981-BLF][535963] | | | |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][536045] | _ | _ | _ |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][536536] | _ | _ | _ |
| GLOBAL IPO LITIGATION (AGRAWAL, BADRI, FRASIER, IRON WORKERS, BELTRAN AND PYRAMID HOLDINGS) | CALIFORNIA STATE COURT AND US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA - [NO. 3:15-CV-04981-BLF][536788] | _ | _ | _ |
| GOLDEN | MONTGOMERY COUNTY MARYLAND STATE COURT - CASE NO. 16-CV-01423 | CHATILA | MURPHY FALCON & MURPHY ATTN: WILLIAM H. MURPHY III ONE S ST. 23RD FL. BALTIMORE, MD 21202 | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 |
| GOLDEN | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND - CASE NO. 414172V | CHATILA | MURPHY FALCON & MURPHY ATTN: WILLIAM H. MURPHY III ONE S ST. 23RD FL. BALTIMORE, MD 21202 | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 |
| GRAND JUDY | SOUTHERN DISTRICT OF NEW YORK | _ | _ | _ |
| GREENE TWEED | DISTRICT COURT OF | _ | MCGUIRE WOODS LLP | _ |

27

| | | | | |
|---|---|---|---|---|
| | HARRIS COUNTY, TX | | ATTN: THOMAS M. FARRELL<br>600 TRAVIS STREET, SUITE 7500<br>HOUSTON, TX 77022 | |
| GREENE TWEED & CO. | TEXAS STATE COURT | MEMC PASADENA, INC. | MCGUIRE WOODS LLP<br>ATTN: THOMAS M. FARRELL<br>600 TRAVIS STREET, SUITE 7500<br>HOUSTON, TX 77022 | = |
| GULF COAST KAPROC, INC. ET AL. | 164TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TX | MEMC PASADENA, INC.<br>ALBEMARLE CORP. | GRAY REED & MCGRAW P.C.<br>ATTN: JOE VIRENE<br>1300 POST OAK BLVD., SUITE 2000<br>HOUSTON, TX 77056 | = |
| HELLIGE | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | CHATILA | THE ROSEN LAW FIRM, P.A.<br>ATTN: PHILLIP KIM & LAURENCE ROSEN<br>275 MADISON AVENUE, 34TH FLOOR<br>NEW YORK, NY 10016 | THE BROWN LAW FIRM, P.A.<br>ATTN: TIMOTHY W. BROWN<br>127A COVE ROAD<br>OYSTER BAY COVE, NY 11771<br>-AND-<br>WEHRLE LAW LLC<br>ATTN: CHRIS WEHRLE<br>9909 CLAYTON RD<br>SUITE 226<br>ST. LOUIS, MO 63124 |
| HIVE ENERGY LIMITED | UK | = | = | = |

28

| | | | | |
|---|---|---|---|---|
| HOROWITZ, ET AL. | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | _ | THE ROSEN LAW FIRM, P.A.ATTN: PHILLIP KIM & LAURENCE ROSEN275 MADISON AVENUE, 34TH FLOORNEW YORK, NY 10016 | GARDY AND NOTIS, LLPATTN: MARK GRADYTOWER 56126 EAST 56TH STREET, 8TH FLOORNEW YORK, NY 10024-AND-CAREY, DANIS & LOWE LLCATTN: JAMES ROSEMERGY8235 FORSYTHSTE. 1100ST. LOUIS, MO 63105-AND-WEHRLE LAW LLCATTN: CHRIS WEHRLE9909 CLAYTON RDSUITE 226ST. LOUIS, MO 63124 |
| HYUNG SUN SONG | ORANGE COUNTY SUPERIOR COURT, CALIFORNIA | ECHOFIRST FINANCE CO., LLC SUNEDISON RESIDENTIAL SERVICES, LLC AMERITECH CONSTRUCTION, INC. JAE HYUNG KIM RACHEL KIM | STEPHEN P. LAMB 9741 BOLSA AVE., SUITE 204 WESTMINSTER, CA 92683 | _ |
| IRON WORKERS MID-SOUTH PENSION FUND | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL | FRANCIS A. BOTTINI JR. 7817 IVANHOE AVE. STE. 102 LA JOLLA, CA 92037 | _ |
| J&K VICENTE, LLC, VICENTE RANCH CO., INC., & JOE M. VICENTE | FIRST JUDICIAL DISTRICT COURT, COUNTY OF SANTA FE, NEW MEXICO | VAUGHN WIND, LLC FIRST WIND ENERGY, LLC FIRST WIND HOLDINGS, LLC MATTHEW DESMOND | _ | _ |
| JACKSON | CIRCUIT COURT OF THE STATE OF MISSOURI, ST. LOUIS COUNTY | ALVAREZ | HYNES KELLER & HERNANDEZ, LLC, ATTN: MICHAEL J. HYNES 3070 BRISTOL PIKE, SUITE 112 1150 FIRST AVENUE, SUITE 501 | COSGROVE LAW GROUP LLC ATTN: DANIEL V. CONLISK 7733 FORSYTH BLVD., SUITE 1675 ST. LOUIS, MO 63105 |

29

| | | | KING OF PRUSSIA, PA 19406 | |
|---|---|---|---|---|
| JACKSON | ST. LOUIS COUNTY, MO | ALVAREZ | HYNES KELLER & HERNANDEZ, LLC, ATTN: MICHAEL J. HYNES 3070 BRISTOL PIKE, SUITE 112 1150 FIRST AVENUE, SUITE 501 KING OF PRUSSIA, PA 19406 | COSGROVE LAW GROUP LLC ATTN: DANIEL V. CONLISK 7733 FORSYTH BLVD., SUITE 1675 ST. LOUIS, MO 63105 |
| JERRY JONES AND MANUEL ACOSTA | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | MEMC ELECTRONIC MATERIALS, INC., ET AL | GAINEY MCKENNA & EGLESTON ATTN: THOMAS J. MCKENNA 440 PARK AVE SOUTH, 5TH FLOOR NEW YORK, NY 10016 | DYSART TAYLOR COTTER MCMONIGLE & MONTEMORE P.C. ATTN: DON R. LOLLI 4420 MADISON AVE., SUITE 200 KANSAS CITY, MO 64111 |
| JONES AND ACOSTA | U. S. DISTRICT COURT, EASTERN DISTRICT OF MO, EASTERN DIVISION | = | GAINEY MCKENNA & EGLESTON ATTN: THOMAS J. MCKENNA 440 PARK AVE SOUTH, 5TH FLOOR NEW YORK, NY 10016 | DYSART TAYLOR COTTER MCMONIGLE & MONTEMORE P.C. ATTN: DON R. LOLLI 4420 MADISON AVE., SUITE 200 KANSAS CITY, MO 64111 |
| JULIE DULL AND ERIC O'DAY ET AL. | UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MO, EASTERN DIVISION | = | BOTTINI & BOTTINI, INC. ATTN: FRANCIS A. BOTTINI, JR. 7817 IVANHOE AVENUE, SUITE 102 LA JOLLA, CA 92037 | THE HEINLAW LAW FIRM LLC ATTN: RICHARD B. HEIN 7750 CLAYTON RD. SUITE 102 ST. LOUIS, MO 63117 |
| KERN SOLAR LLC, SUNE P11L HOLDINGS LLC | PENNSYLVANIA STATE COURT | = | VENZIE, PHILLIPS & WARSHAWER ATTN: BRUCE L. PHILLIPS 2032 CHANCELLOR STREET PHILADELPHIA, PA 19103 | = |
| KUREHA AMERICA, INC. | JAMS ARBITRATION - NEW YORK CITY, NY | = | = | = |
| LAKOFF | CIRCUIT COURT OF THE STATE OF MISSOURI, ST. LOUIS COUNTY - CASE NO. 16SL-CC00299 | CHATILA | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 | WEHRLE LAW LLC ATTN: CHRIS WEHRLE 9909 CLAYTON RD SUITE 226 ST. LOUIS, MO 63124 |
| LAKOFF | UNITED STATES DISTRICT COURT FOR THE EASTERN | CHATILA | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD | WEHRLE LAW LLC ATTN: CHRIS WEHRLE 9909 CLAYTON RD |

30

| | | | | |
|---|---|---|---|---|
| | DISTRICT OF MISSOURI - CASE NO. 16-CV-00727 | | OYSTER BAY COVE, NY 11771 | SUITE 226 ST. LOUIS, MO 63124 |
| LAKOFF MO. STATE DERIVATIVE | 16SL-CC00299 | _ | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 | WEHRLE LAW LLC ATTN: CHRIS WEHRLE 9909 CLAYTON RD SUITE 226 ST. LOUIS, MO 63124 |
| LATIN AMERICAN POWER (BTG PACTUAL BRAZIL INFRASTRUCTURE FUND II, LP, ET AL. | ICC & NY STATE COURT | _ | QUINN EMMANUEL URQUHART & SULLIVAN LLP ATTN: ROBERTO SAHADE, MICHAEL CARLINSKY TAI-HENG CHENG, JOHN H. CHUN 51 MADISON AVE. , 22ND FL. NEW YORK, NY 10010 | _ |
| LICENSE CONDITION 16 | TX DEPT. OF STATE HEALTH SERVICES | _ | _ | _ |
| LINTON | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | _ | FRIEDMAN OSTER & TEJTEL PLLC ATTN: JEREMY S. FRIEDMAN SPENSER OSTER, DAVID TEJTEL 240 EAST 79TH STREET, SUITE A NEW YORK, NY 10075 | WEINHAUS & POTASHNICK ATTN: MARK POTASHNICK 11500 OLIVE BLVD., SUITE 133 ST. LOUIS, MO 61341 |
| MAHARAJ | CANADA | _ | NATALIE MACDONALD RUDNER MACDONALD LLP 2 BLOOR ST W., SUITE 1005 TORONTO, ON M4W 3E2 CANADA | _ |
| MALLINGER | CIRCUIT COURT OF THE STATE OF MISSOURI, ST. LOUIS COUNTY | CHATILA | JOHNSON & WEAVER, LLPATTN: MICHAEL I. FISTEL40 POWDER SPRINGS STREETMARIETTA, GA 30064 | LAW OFFICES OF JOSEPH V. NEILLATTN: JOSEPH V. NEILL5201 HAMPTON AVE.ST. LOUIS, MO 63109 |
| MALLINGER | ST. LOUIS COUNTY, MO | CHATILA | JOHNSON & WEAVER, LLP ATTN: MICHAEL I. FISTEL 40 POWDER SPRINGS STREET MARIETTA, GA 30064 | LAW OFFICES OF JOSEPH V. NEILL ATTN: JOSEPH V. NEILL 5201 HAMPTON AVE. ST. LOUIS, MO 63109 |
| MALLINGER | UNITED STATES DISTRICT COURT FOR THE EASTERN | CHATILA | JOHNSON & WEAVER, LLP ATTN: MICHAEL I. FISTEL 40 POWDER SPRINGS STREET | LAW OFFICES OF JOSEPH V. NEILL ATTN: JOSEPH V. NEILL 5201 HAMPTON AVE. |

31

| | | | | |
|---|---|---|---|---|
| | DISTRICT OF MISSOURI - CASE NO. 16-CV-00732 | | MARIETTA, GA 30064 | ST. LOUIS, MO 63109 |
| MARATHON CAPITAL, INC. | AMERICAN ARBITRATION ASSOCIATION - SAN FRANCISCO, CA | FIRST WIND HOLDINGS, LLC | _ | _ |
| MARATHON CAPITAL, LLC | AAA | FIRST WIND HOLDINGS, LLC | _ | _ |
| MARTINEZ B. EVOLVE SOLAR, INC | SUPERIOR COURT OF CA, ORANGE COUNTY | _ | STEVENS & MCMILLAN ATTN: HEATHER MCMILLAN, DANIEL P. STEVENS 335 CENTENNIAL WAY TUSTIN, CA 92780 | _ |
| MEMC PASADENA, INC. | U. S. DISTRICT COURT OF THE SOUTHERN DISTRICT OF TX, HOUSTON DIVISION | ALBEMARLE CORPORATION | _ | _ |
| MERIDIAN | COMMONWEALTH OF MASSACHUSETTS, SUPERIOR COURT | _ | MICLANE MIDDLETON P.A. ATTN: ANDREW P. BOTTI 300 TRADE CENTER SUITE 7000 WOBURN, MA 01801 | _ |
| MERIDIAN ASSOCIATES, INC. | CANADA | _ | MICLANE MIDDLETON P.A. ATTN: ANDREW P. BOTTI 300 TRADE CENTER SUITE 7000 WOBURN, MA 01801 | _ |
| MICHAEL PETRAN | INDEMNIFICATION/ WORKERS' COMP CLAIM | _ | LAURENCE M. ROSEN THE ROSEN LAW FIRM P.A. 355 S. GRAND AVE. SUITE 2450 LOS ANGELES, CA 90071 | _ |
| MICHELE BEASLEY | JAMS | _ | RITZ CLARK & BEN-ASHER LLP ATTN: JONATHAN BEN-ASHER 59 MAIDEN LANE, 39TH FLOOR NEW YORK, NY 10038-4668 | _ |

WEIL:\96215594\1\76491.0003

| | | | | |
|---|---|---|---|---|
| MITESH PATEL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL | LAURENCE M. ROSEN THE ROSEN LAW FIRM P.A. 355 S. GRAND AVE. SUITE 2450 LOS ANGELES, CA 90071 | = |
| MOODIE | EASTERN DISTRICT OF MO | = | POMERANTZ LLP ATTN: JEREMY A. LIEBERMAN, J. ALEXANDER HOOD II, MAC GORRIE 600 THIRD AVENUE, 20TH FLOOR NEW YORK, NY 10016 | CUNEO GILBERT & LADUCA LLP ATTN: MICHAEL J. FLANNERY 7733 FORSYTH BLVD., SUITE 1675 ST. LOUIS, MO 63106 |
| MOODIE | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | = | POMERANTZ LLP ATTN: JEREMY A. LIEBERMAN, J. ALEXANDER HOOD II, MAC GORRIE 600 THIRD AVENUE, 20TH FLOOR NEW YORK, NY 10016 | CUNEO GILBERT & LADUCA LLP ATTN: MICHAEL J. FLANNERY 7733 FORSYTH BLVD., SUITE 1675 ST. LOUIS, MO 63106 |
| MSSA S.A.S. | DISTRICT COURT OF HARRIS COUNTY, TX 333 JUDICIAL DISTRICT | MSSA CO., CORP | MURPHY & MCGONIGLE P.C. ATTN: STEVEN D. FELDMAN, BARRY S. GOLD 1185 AVE. OF THE AMERICAS, 21ST FL. NEW YORK, NY 10036 | SHIPLEY SNELL MONTGOMERY LLP ATTN: LAINA R. MILLER 712 MAIN ST., SUITE 1400 HOUSTON, TX 77002 |
| MSSA S.A.S. | ICC | MSSA COMPANY CORPORATION | MURPHY & MCGONIGLE P.C. ATTN: STEVEN D. FELDMAN, BARRY S. GOLD 1185 AVE. OF THE AMERICAS, 21ST FL. NEW YORK, NY 10036 | SHIPLEY SNELL MONTGOMERY LLP ATTN: LAINA R. MILLER 712 MAIN ST., SUITE 1400 HOUSTON, TX 77002 |
| MTW RESOURCES, LLC | DELAWARE CHANCERY COURT | FIRST WIND HOLDINGS, LLC FIRST WIND UTAH HOLDINGS, LLC FIRST WIND CAPITAL, LLC | = | = |
| NORENE FRENCH | US DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA | = | BURSOR & FISHER P.A. | BURSOR & FISHER P.A. ATTN: TIMOTHY FISHER, ANNICK M. PERSINGER YEREMEY O. KRIVOSHEY 1990 N. CALIFORNIA BLVD. WALNUT CREEK, CA 94596 |
| NORENE FRENCH, ON BEHALF | U.S. DISTRICT | = | BURSOR & FISHER P.A. | BURSOR & FISHER P.A. |

33

| OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | COURT, EASTERN DISTRICT OF CA | | | ATTN: TIMOTHY FISHER, ANNICK M. PERSINGER YEREMEY O. KRIVOSHEY 1990 N. CALIFORNIA BLVD. WALNUT CREEK, CA 94596 |
| NPDES STORM WATER DISCHARGE GENERAL PERMIT 1200-COLS | OREGON DEPARTMENT OF ENVIRONMENTAL QUALITY , 811 SW SIXTH AVENUE, PORTLAND, OREGON, 97204-1390 | = | = | = |
| OKLAHOMA FIREFIGHTERS PENSION AND RET. SYS. | SUPERIOR COURT OF CA, SAN MATEO COUNTY - [NO. CIV 537965] | = | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 |
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA - CASE NO. 16-CV-02267 | = | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLPATTN: DARREN ROBBINS, JAMES JACONETTEJENNIFER CARINGAL655 W BROADWAY SUITE 1900SAN DIEGO, CA 92101-AND-ROBBINS GELLER RUDMAN & DOWD LLPATTN: DENNIS HERMAN & DAVID HALLPOST MONTGOMERY CENTERONE |

34

WEIL:\96215594\1\76491.0003

| | | | | |
|---|---|---|---|---|
| | | | | MONTGOMERY STREET, SUITE 1800SAN FRANCISCO, CA 92104 |
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM. | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO - CASE NO. CIV 537965 | ¤ | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 |
| OMEGA CAPITAL INV., LP | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | ¤ | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 |
| OMEGA CAPITAL INVESTORS, L.P. ET AL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, | ¤ | ROBBINS GELLER RUDMAN & DOWD LLP | ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DARREN ROBBINS, JAMES |

| | COUNTY OF SAN MATEO | | | JACONETTE JENNIFER CARINGAL 655 W BROADWAY SUITE 1900 SAN DIEGO, CA 92101 -AND- ROBBINS GELLER RUDMAN & DOWD LLP ATTN: DENNIS HERMAN & DAVID HALL POST MONTGOMERY CENTER ONE MONTGOMERY STREET, SUITE 1800 SAN FRANCISCO, CA 92104 |
|---|---|---|---|---|
| PATEL | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO | TERRAFORM GLOBAL, INC. | LAURENCE M. ROSEN THE ROSEN LAW FIRM P.A. 355 S. GRAND AVE. SUITE 2450 LOS ANGELES, CA 90071 | = |
| PAUL BROUHA | US DISTRICT COURT, DISTRICT OF VERMONT | VERMONT WIND, LLC NORTHEAST WIND PARTNERS II, LLC FIRST WIND HOLDINGS, LLC TERRAFORM POWER, INC. | DENISE ANDERSON, PLLC 85 N. MAIN ST., SUITE 245 WHITE RIVER JUNCTION, VT 05001 | = |
| PCS PHOSPHATE COMPANY, INC. AND PCS SALES (USA), INC. | NORTH CAROLINA STATE COURT | = | JONES DAY ATTN: PAULA S. QUIST 77 WEST WACKER DRIVE CHICAGO, IL 60601-1692 | PARKER POE ADAMS & BERNSTEIN LLP ATTN: CHARLES E. RAYNAL, IV PNC PLAZA 301 FAYETTEVILLE ST. , SUITE 1400 RALEIGH, NC 27601 |
| PRIME SOLAR SOURCE, LLC | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  CAMDEN COUNTY | TERRAFORM, INC. HUDSON ENERGY SOLAR CORP. | GLUCK WALRATH LLP ATTN: ANDREW BAYER 4428 RIVER VIEW PLAZA TRENTON, NJ 08611 | = |
| PRIME SOLAR SOURCE, LLC | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: CAMDEN COUNTY | TERRAFORM, INC. HUDSON ENERGY SOLAR CORP. | GLUCK WALRATH LLP ATTN: ANDREW BAYER 4428 RIVER VIEW PLAZA TRENTON, NJ 08611 | = |
| REDISTRICT | IN THE CIRCUIT | = | = | = |

WEIL:\96215594\1\76491.0003

| | COURT FOR ARLINGTON COUNTY, VA | | | |
|---|---|---|---|---|
| RICHARD WHEELER ET AL. | UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MO, EASTERN DIVISION | _ | GAINEY MCKENNA & EGLESTON ATTN: THOMAS J. MCKENNA, GREGORY M. EGLESTON 440 PARK AVENUE SOUTH NEW YORK, NY 10016 | _ |
| ROBERT LINTON, ET AL. | UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MO, EASTERN DIVISION | _ | FRIEDMAN OSTER & TEJTEL PLLC ATTN: JEREMY S. FRIEDMAN SPENSER OSTER, DAVID TEJTEL 240 EAST 79TH STREET, SUITE A NEW YORK, NY 10075 | WEINHAUS & POTASHNICK ATTN: MARK POTASHNICK 11500 OLIVE BLVD., SUITE 133 ST. LOUIS, MO 61341 |
| SEC | U.S. SECURITIES AND EXCHANGE COMMISSION - [MHO-12908] | _ | _ | _ |
| SELECTIVE WAY INSRUANCE CO. A/S/O A&E CLOTHING CORP. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX VICINAGE | GREEN POWER DEVELOPERS, LLC 100 WESLEY WHITE REALTY, LLC JOSEPH A. MASSRE CONTRACTING, LLC ET AL. | _ | _ |
| SIMON FRASER ET AL. | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | TERRAFORM GLOBAL, INC. | GLANCY PRONGAY & MURRAY LLP ATTN: LIONEL Z. GLANCY ROBERT V. PRONGAY LESLEY F. PORTNOY 1925 CENTURY PARK EAST, STE. 2011 LOS ANGELES, CA 90067 | _ |
| SOLOMONEDWARDSGROUP, LLC | 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI | _ | VINCENT D. VOGLER TWO CITY PLACE DR., SUITE 150 P.O. BOX 419037 ST. LOUIS, MO 63141-9037 | _ |
| SOLOMONEDWARDSGROUP, LLC | MISSOURI STATE COURT | _ | VINCENT D. VOGLERTWO CITY PLACE DR., SUITE 150P.O. BOX 419037ST. | _ |

WEIL:\96215594\1\76491.0003

| | | | LOUIS, MO 63141-9037 | |
|---|---|---|---|---|
| SONG | LA COUNTY SUPERIOR COURT, CA | ECHOFIRST | STEPHEN P. LAMB 9741 BOLSA AVE., SUITE 204 WESTMINSTER, CA 92683 | = |
| SUNE SKY 13TH SIDEROAD LP AND SUNE SKY RYERSE LP | ONTARIO SUPERIOR COURT OF JUSTICE, TORONTO, ONTARIO | SUNEDISON CANADIAN CONSTRUCTION LP SUNEDISON CANADA, LLC MEMC ELECTRONIC MATERIALS, INC. | GLENN SMITH AND MELANIE BAIRD, LENCZNER SLAIGHT ROYCE SMITH GRIFFIN LLP 130 ADELAIDE ST. WEST SUITE 2600 TORONTO, ON M5H 3P5 CANADA | = |
| SUNEDISON AND GLOBAL "DOUBLE DERIVATIVE" | CIRCUIT COURT, MONTGOMERY COUNTY, MD | (GOLDEN V. CHATILA, ET AL.) | MURPHY FALCON & MURPHY ATTN: WILLIAM H. MURPHY III ONE S ST. 23RD FL. BALTIMORE, MD 21202 | THE BROWN LAW FIRM, P.A. ATTN: TIMOTHY W. BROWN 127A COVE ROAD OYSTER BAY COVE, NY 11771 |
| SUNEDISON INDIVIDUAL SHAREHOLDER LAWSUITS | CA SUPERIOR COURT, SAN MATEO COUNTY - [CIV 537954] | (COBALT, OMEGA, GLENVIEW) | = | = |
| SUNEDISON INDIVIDUAL SHAREHOLDER LAWSUITS | CA SUPERIOR COURT, SAN MATEO COUNTY - [CIV 537965] | (COBALT, OMEGA, GLENVIEW) | = | = |
| SUNEDISON INDIVIDUAL SHAREHOLDER LAWSUITS | CA SUPERIOR COURT, SAN MATEO COUNTY - [CIV 537971] | (COBALT, OMEGA, GLENVIEW) | = | = |
| SUNEDISON INDIVIDUAL SHAREHOLDER LAWSUITS | CA SUPERIOR COURT, SAN MATEO COUNTY - [CIV 537977] | (COBALT, OMEGA, GLENVIEW) | = | = |
| SUNEDISON SHAREHOLDER DERIVATIVE CASES | MISSOURI STATE COURT | MALINGER JACKSON LAKOFF HELLIGE | = | = |
| SUNEDISON SHAREHOLDER | US DISTRICT COURT, | HOROWITZ | = | = |

WEIL:\96215594\1\76491.0003

| LITIGATION MISSOURI | EASTERN DISTRICT OF MISSOURI | MOODIE KUNZ | | |
|---|---|---|---|---|
| SUNEDISON, INC. F/K/A/ MEMC ELECTRONIC MATERIALS, INC. | GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION, STATE OF NORTH CAROLINA, COUNTY OF WAKE | PCS PHOSPHATE COMPANY, INC. PCS SALES (USA), INC. | JONES DAY ATTN: PAULA S. QUIST 77 WEST WACKER DRIVE CHICAGO, IL 60601-1692 | PARKER POE ADAMS & BERNSTEIN LLP ATTN: CHARLES E. RAYNAL, IV PNC PLAZA 301 FAYETTEVILLE ST. , SUITE 1400 RALEIGH, NC 27601 |
| SUNFUSION SOLAR & SANDY ELLARD | AAA | _ | _ | _ |
| SUNFUSION SOLAR, SANDY ELLARD | CONTRA COSTA SUPERIOR COURT | _ | _ | _ |
| SUPPLYSOURCE DC, LLC | VIRGINIA STATE COURT | _ | KOONTZ P.C. P.O. BOX 1176 BERRYVILLE, VA 22611 | _ |
| SUPPLYSOURCES DC, LLC, D/B/A/ RE DISTRICTV. | CIRCUIT COURT FOR ARLINGTON COUNTY, VA - [CASE NO. 013CL16000718-00] | _ | KOONTZ P.C. P.O. BOX 1176 BERRYVILLE, VA 22611 | _ |
| TAIMAX | TAIWAN | WOONGJIN ENERGY CO., LTD | _ | _ |
| TERRAFORM GLOBAL, INC. | DELAWARE CHANCERY COURT | _ | SULLIVAN & CROMWELL LLP ATTN: ANDREW G. DIETDERICH, MICHAEL H. TORKIN JOHN L. HARDIMAN AND DAVID R. ZYLBERBERG 125 BROAD STREET NEW YORK, NY 10004 | SULLIVAN & CROMWELL LLP ATTN: RICHARD H. KLAPPER, BRIAN FRAWLEY WILLIAM H. WAGENER 125 BROAD STREET NEW YORK, NY 10004 -AND- YOUNG CONAWAY STARGATT & TAYLOR, LLP ATTN: MARTIN S. LESSNER, PAUL J. LOUGHMAN MERYEM Y. DEDE 1000 NORTH KING STREET WILMINGTON, DE 19801 |

WEIL:\96215594\1\76491.0003

| | | | | |
|---|---|---|---|---|
| TERRAFORM GLOBAL, INC., | COURT OF CHANCERY OF THE STATE OF DELAWARE | _ | SULLIVAN & CROMWELL LLP ATTN: ANDREW G. DIETDERICH, MICHAEL H. TORKIN JOHN L. HARDIMAN AND DAVID R. ZYLBERBERG 125 BROAD STREET NEW YORK, NY 10004 | SULLIVAN & CROMWELL LLP ATTN: RICHARD H. KLAPPER, BRIAN FRAWLEY WILLIAM H. WAGENER 125 BROAD STREET NEW YORK, NY 10004 -AND- YOUNG CONAWAY STARGATT & TAYLOR, LLP ATTN: MARTIN S. LESSNER, PAUL J. LOUGHMAN MERYEM Y. DEDE 1000 NORTH KING STREET WILMINGTON, DE 19801 |
| TOYO TANSO USA, INC. | MULTNOMAH COUNTY CIRCUIT COURT | MEMC ELECTRONIC MATERIALS, INC., A DE CORP. SUNEDISON SEMICONDUCTOR, LLC | ATER WYNNE LLP ATTN: ALEXANDRA M. SCHULMAN 1331 NW LOVEJOY STREET, SUITE 900 PORTLAND, OR 97209-3280 | _ |
| TOYO TANSO USA, INC. | OREGON STATE COURT | _ | ATER WYNNE LLP ATTN: ALEXANDRA M. SCHULMAN 1331 NW LOVEJOY STREET, SUITE 900 PORTLAND, OR 97209-3280 | _ |
| USENKO | EASTERN DISTRICT OF MO - [NO. 4:16-CV-00076-RWS] | _ | WEINHAUS & POTASHNICK ATTN: MARK POTASHNICK 11500 OLIVE BLVD. STE. 133 ST. LOUIS, MO 61341 | HARWOOD FEFFER LLP ATTN: ROBERT I. HARWOOD & TANYA KORKHOV 488 MADISON AVENUE NEW YORK, NY 10022 |
| USENKO | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI - CASE NO. 16-CV-00076 | _ | WEINHAUS & POTASHNICK ATTN: MARK POTASHNICK 11500 OLIVE BLVD. STE. 133 ST. LOUIS, MO 61341 | HARWOOD FEFFER LLP ATTN: ROBERT I. HARWOOD & TANYA KORKHOV 488 MADISON AVENUE NEW YORK, NY 10022 |
| VALLEY HOME IMPROVEMENT | MASSACHUSETTS STATE COURT | _ | DAVID WILENSKYP.O. BOX 202NORTHHAMPTON, MA 01061 | _ |
| VALLEY HOME IMPROVEMENT | HAMPSHIRE COUNTY | _ | DAVID WILENSKY | _ |

40

| INC. | SUPERIOR COURT | | P.O. BOX 202 NORTHHAMPTON, MA 01061 | |
|------|----------------|---|-------------------------------------|---|
| VIVINT SOLAR, INC. | COURT OF CHANCERY OF THE STATE OF DE | SEV MERGER SUB, INC. | WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI ATTN: SHANNON E. GERMAN, IAN LISTON GINA M. SERRA, JEREMY J. RILEY 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 -AND- WILSON SONSINI GOODRICH & ROSATI ATTN: BORIS FELDMAN, STEVEN SCHATZ, GIDEON SCHOR 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 |
| VIVINT SOLAR, INC. | DELAWARE CHANCERY COURT | = | WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI ATTN: SHANNON E. GERMAN, IAN LISTON GINA M. SERRA, JEREMY J. RILEY 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 -AND- WILSON SONSINI GOODRICH & ROSATI ATTN: BORIS FELDMAN, STEVEN SCHATZ, GIDEON SCHOR 650 PAGE MILL ROAD PALO ALTO, CA 94304-1050 |
| WHEELER | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI | = | GAINEY MCKENNA & EGLESTON ATTN: THOMAS J. MCKENNA, GREGORY M. EGLESTON 440 PARK AVENUE SOUTH NEW YORK, NY 10016 | DYSART TAYLOR COTTER MCMONIGLE & MONTEMORE P.C. ATTN: DON R. LOLLI 4420 MADISON AVE. KANSAS CITY, MO 64111 |
| WILLIAMS | DISTRICT COURT OF | = | ABBOTT LAW FIRM | RIGRODSKY & LONG, P.A. |

41

| | THE STATE OF UTAH, FOURTH JUDICIAL DISTRICT, UTAH COUNTY | | ATTN: NELSON ABBOTT 75 SOUTH 200 EAST PROVO, UT 84604 | ATTN: SETH D. RIGRODSKY, BRIAN D. LONG GINA M. SERRA, JEREMY J. RILEY 2 RIGHTER PARKWAY, SUITE 120 WILMINGTON, DE 19803 -AND- RYAN & MANISKAS, LLP ATTN: KATHARINE M. RYAN, RICHARD A. MANISKAS 995 OLD EAGLE SCHOOL ROAD, SUITE 311 WAYNE, PA 19087 |
|---|---|---|---|---|
| WISZCO, LLC | DISTRICT COURT, CLARK COUNTY NEVADA | FIRST WIND ENERGY, LLC RIVER MOUNTAINS SOLAR, LLC WILMINGTON TRUST CO. SP SERVS., INC., AKA AND/OR DBA WILMINGTON TRUST NAT. ASSOC., AKA AND/OR WILMINGTON TRUST CO. AMERICAS TERRAFORM UTILITY SOLAR XIX, LLC BOE BONDING COS., ET AL. | = | = |
| ZHONGHUAN HONG KONG HOLDING LIMITED | HONG KONG | = | = | = |

## **Exhibit 7.6-4**

### Claims Related to Contracts and Leases

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action, based in whole or in part upon any and all contracts and leases to which the Debtors or Reorganized Debtors is a party or pursuant to which the Debtors or Reorganized Debtors has any rights whatsoever. The claims and Causes of Actions reserved include, without limitation, Causes of Action against utilities, vendors, suppliers of goods or services, insurance companies, or any other parties: (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, insurance claims, recoupments, liens, or setoffs; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) for any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by the Debtors; (f) counterclaims and defenses related to any contractual obligations; (g) any turnover actions arising under section 542 or 543 of the Bankruptcy Code; (h) for unfair competition, interference with contract or potential business advantage, breach of contract, fraud, constructive breach, breach of actual/implied covenant of good faith and fair dealing, violation of confidentiality obligations, infringement of intellectual property, or any business tort claims; and (i) any accumulated service credits, both those that may apply to future vendor invoices and those from which the Debtors may be entitled to receive a refund.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

## **Exhibit 7.6-5**

## Claims Related to Vendor and Customer Obligations

Unless otherwise released by the Plan, or an order of the Bankruptcy Court the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all vendors that owe or may in the future owe money or other obligations to the Debtors or the Reorganized Debtors, whether for unpaid invoices; unreturned, missing, or damaged inventory; indemnification; warranties; any turnover actions arising under section 542 or 543 of the Bankruptcy Code; or any other matter whatsoever.

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all customers that owe or may in the future owe money to the Debtors or the Reorganized Debtors, whether for unpaid invoices; unreturned, missing, or damaged inventory, warranties, or any other matter whatsoever.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

## **Exhibit 7.6-6**

### Claims Related to Tax Credits and Refunds

Except as otherwise provided by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all local, state, federal and foreign taxing authorities that owe or that may in the future owe money to the Debtors or Reorganized Debtors, including claims for refunds of overpayments or other payments, provided, however, the Debtors expressly reserve all Causes of Action to the extent that they may be asserted as recoupment, setoff, counterclaims or otherwise reduce the claim of any taxing authorities who assert that the Debtors or Reorganized Debtors owe money to them.

## **Exhibit 7.6-7**

### Claims Related to Intellectual Property

Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust any Causes of Action for unfair competition, licensing or licensing agreements, interference with contract or potential business advantage, conversion, infringement of intellectual property, or other business tort claims. Nothing in the Plan or the Plan Supplement shall impair, enlarge, or in any way alter the equitable and legal rights, obligations, and defenses of the Debtors, the Reorganized Debtors, the GUC/Litigation Trust, their affiliates or their subsidiaries regarding their intellectual property rights, and all rights with respect thereto are expressly reserved.

Notwithstanding the foregoing, any action or inaction by the Debtors, the Reorganized Debtors, the GUC/Litigation Trust, their affiliates or their subsidiaries with respect to intellectual property rights shall not be used, invoked, or applied by any Person in any proceeding to serve as the basis to enlarge, diminish, or in any way alter or affect equitable and legal rights, obligations, and defenses including, without limitation, through the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, other estoppels (judicial, equitable, or otherwise), naked license, unreasonable delay in asserting rights, adequate remedy at law, or laches, in any dispute regarding the intellectual property rights of the Debtors, the Reorganized Debtors, the GUC/Litigation Trust, their affiliates or their subsidiaries.

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

## **Exhibit 7.6-8**

### Claims Related to Environmental Matters

Except as otherwise provided by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all Entities or potentially responsible parties that owe or that may in the future owe money to the Debtors or Reorganized Debtors arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies or suppliers of environmental services or goods, provided, however, the Debtors expressly reserve all Causes of Action to the extent that they may be asserted as setoff, recoupment, counterclaims, or otherwise reduce the claims of any Entities or potentially responsible parties who assert that the Debtors or Reorganized Debtors owe money to them.

**<u>Exhibit 7.6-9</u>**

<u>Claims Related to Current or Former Employee Matters</u>

 Unless otherwise released by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all claims, defenses, cross claims, and counterclaims against or related to all current or former employees that are party to or that may in the future become party to any actions, litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial, including but not limited to, claims related to intellectual property, confidentiality obligations, employment contracts, wage and benefit overpayments, travel, contractual covenants, workers' compensation, or any alleged employee wrongdoing or misconduct, <u>provided</u>, <u>however</u>, the Debtors expressly reserve all Causes of Action to the extent that they may be asserted as recoupment, setoff, counterclaims or may otherwise reduce the claim of any former or current employees who assert or may assert that the Debtors or Reorganized Debtors owe money to them.

## Exhibit 7.6-10

Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 547, 548 and 550 of the Bankruptcy Code.

Except as otherwise provided by the Plan or an order of the Bankruptcy Court, the Debtors expressly reserve and transfer to the GUC/Litigation Trust all Causes of Action against or related to all Entities for avoidance of prepetition transfers under sections 362, 502, 510, 542, 543, 547, 548, and 550 of the Bankruptcy Code (other than Avoidance Actions against the Yieldcos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors), regardless of whether such Entity is included on the schedule accompanying this Exhibit 7.6-10.

**For the avoidance of doubt, no Entity may rely on its omission from Exhibit 7.6-10 as any indication that the GUC/Litigation Trust will not pursue any and all available Causes of Action against them. The Debtors and the Reorganized Debtors expressly reserve and transfer to the GUC/Litigation Trust all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan.**

For the avoidance of doubt, the consent of the Reorganized Debtors shall be required to bring, settle, release, compromise, or enforce such GUC/Litigation Trust Causes of Action (or decline to do any of the foregoing) to the extent such GUC/Litigation Trust Causes of Action interfere with (i) the Reorganized Debtors' collection of Earnout Proceeds, Residual Assets Proceeds, or Repatriated Cash or (ii) the continuing operations of TERP.

For the avoidance of doubt, pursuant to the D&O Settlement Agreement, which was approved by the Bankruptcy Court pursuant to an order of the Bankruptcy Court signed on June 28, 2017 [Docket No. 3453] (the "D&O Settlement Approval Order"), the only actions described in this Exhibit 7.6-10 that are preserved with respect to the Individual Defendants (as defined in the D&O Settlement Agreement) are preference actions that may be brought under section 547 of the Bankruptcy Code.  An asterisk ("*") appears next to the name of each such Individual Defendant listed on the schedule accompanying this Exhibit 7.6-10.  To the extent any provision in the Plan (including this Plan Supplement) is inconsistent with the terms of the D&O Settlement Agreement or the D&O Settlement Approval Order, the D&O Settlement Agreement or the D&O Settlement Approval Order, as applicable, shall control.

**SunEdison Inc.**
**Retained Causes of Action Listing**
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Just Energy Group, Inc. | 6345 Dixie Rd #200 | | | | Mississauga | ON | L5T 2E6 | CA |
| 1111 19th Street Association | C/O Wachovia Bank | PO Box 75373 | | | Baltimore | MD | 21275-5373 | USA |
| 1st Alliance Energy Inc. | 1100 Melody Ln Ste 114-C | | | | Roseville | CA | 95678 | USA |
| 3Megawatt Gmbh | Buchberger Str. 1 | | | | Geretsried | Geretsried | 082538 | Germany |
| 7550lad LLC | 200 South Orange Ave. Suite 1375 | | | | Orlando | FL | 32801 | USA |
| 76Sr, LLC | William J. Hanlon, Esq. | Two Seaport Lane, Suite 3 | | | Boston | MA | 02210 | USA |
| 8X8 Inc. | Dept. 8080 | | | | Los Angeles | CA | 90084-8080 | USA |
| A-1 Contractors | 8401 West Doe Avenue | | | | Visalia | CA | 93291 | USA |
| Abb Inc | 125 East County Line Rd | | | | Warminster | PA | 18974 | USA |
| Abogados Y Asesores S. De R.L. | Edificio Rofisa II | Col. Lomas del Guijarro Sur | Calle Barcelona, Bloque C, Lote 15 | | Honduras | | | HONDURAS |
| ABS Netcom, Inc. | 7034 Convoy Ct | | | | San Diego | CA | 92111-1017 | USA |
| Accent Design, PLLC | 184 C.R. Howard Road | | | | Loving | NM | 88256 | USA |
| Ace Industries Inc | 6295 Mcdonough Dr | | | | Norcross | GA | 30093 | USA |
| Adams, James E | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Addesa, Raymond Matthew | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Addleshaw Goddard | Milton Gate | 6 Chiswell Street | | | London | | EC1Y4AG | United Kingdom |
| Adecco Employment Services | Dept Ch 10838 | | | | Palatine | IL | 60055-0838 | USA |
| Adecco North America LLC | Dept Ch 10838 | | | | Palatine | IL | 60055-0838 | USA |
| Adecco Usa Inc | Dept Ch 10838 | | | | Palatine | IL | 60055-0838 | USA |
| Adler Tank Rentals | 95 123 Firmenich Way | | | | Newark | NJ | 07114 | USA |
| ADP, LLC | 1851 N. Route | | | | El Paso | TX | 79912 | USA |
| Advanced Energy Renewables Inc | Dept La 23896 | | | | Pasadena | CA | 91185-3896 | USA |
| Advantech Corporation | 380 Fairview Way | | | | Milpitas | CA | 95035 | USA |
| Aerotek Inc | 3689 Collection Center Drive | | | | Chicago | IL | 60693 | USA |
| Aetna Life And Casualty Bermuda | 151 Farmington Ave | | | | Hartford | CT | 06156 | USA |
| Afco Credit Corp | Dept Ch 10265 | | | | Palatine | IL | 60055-0265 | USA |
| Agarwal, Sandeep | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Agile Consulting Co | 306 Blue Spruce Lane | | | | Glendale Heights | IL | 60139 | USA |
| Agilent Technologies Inc | PO Box 4026 | | | | Englewood | CO | 80155 | USA |
| Aguayo, Felix O | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Air Products & Chemicals | 5200 Blazer Parkway | | | | Dublin | OH | 43017 | USA |
| Akuo Energy SAS | 140 Av. des Champs-Élysées | | | | Paris | | 75008 | France |
| Alamosa County Treasurer | PO Box 659 | | | | Alamosa | CO | 81101 | USA |
| Albemarle Corp | 451 Florida St | | | | Baton Rouge | LA | 70801-1765 | USA |
| Albert Uresti, Mpa, Pcc | Bexar County Tax Assessor-Collect | P.O. Box 293 | | | San Antonio | TX | 78299-2903 | USA |
| Alejandro Hernandez* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Alico Farms, LLC | 55 Stevens Street | | | | Ludlow | MA | 01056 | USA |
| ALLCell Technologies, LLC | Jeremiah Schatt | 2321 W. 41st st. | | | Chicago | IL | 60609 | USA |
| Alliance Roofing Company Inc. | 630 Martin Avenue | | | | Santa Clara | CA | 95050 | USA |
| Allied Industrial Sales Inc | 3003 Pasadena Frwy Ste 100 | | | | Pasadena | TX | 77503 | USA |
| Allied Waste Svcs  Disposals | 5757A Oates Rd | | | | Houston | TX | 77078 | USA |
| Altai Capital Management, L.P. | 152 West 57th St | | | | New York | NY | 10019 | USA |
| Altran Innovacion, S.L. | C/ Campezo, 1 | | | | Madrid | | 28022 | Spain |
| Altus Group Us Inc | PO Box 12419 | | | | Newark | NJ | 07101-3519 | USA |
| Alvarado Tax And Busi Advisors LLC | 104 Calle Acuarela | POBOX 195598 | | | Guaynabo | | 00969-3506 | |
| Amazon Web Services Inc | 410 Terry Avenue North | | | | Seattle | WA | 98109-5210 | USA |
| Ameresco Inc | Attn: Dominic Palma | 111 Speen St | Ste 41 | | Framingham | MA | 01701-2000 | USA |
| American Express Company | Av. Patriotismo 635 | Col. Cd de los Deportes, Del. Benito Juárez | | | México | DF | 03710 | Mexico |
| American Telesis. Inc. | PO BOX 6659 | | | | Hilton Head Island | SC | 29938 | USA |
| Andersen, Rich Ladell | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Anderson, Jeffrey S | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Antelope Valley Cattle & Milling Co. | Milling Co. | PO Box 2468 | | | Lancaster | CA | 93539-2468 | USA |
| Antonio R. Alvarez* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Anybill (Sales And Use Tax) | 1801 Pennsylvania Avenue | Suite 7 | | | Washington | DC | 20006 | USA |
| Aon Risk Services Of Missouri | 200 East Randolph Street | | | | Chicago | IL | 60601-6436 | USA |
| Aon Risk Services, Inc | 200 East Randolph Street | | | | Chicago | IL | 60601-6436 | USA |
| Aon Risk Services, Inc. Of Illinois | 200 East Randolph Street | | | | Chicago | IL | 60601-6436 | USA |
| Apex Solar Power - Authorized Installer | 64 Main Street | | | | Queensbury | NY | 12804 | USA |
| Apogee Instruments, Inc. | 721 W 1800 N. | | | | Logan | UT | 84321 | USA |
| Applus (Shanghai) Quality | No. 3999, Xiu Pu Road, | Pudong District | | | Shanghai | 2 | 201315 | China |
| Aramark Uniform Services | Aus Central Lockbox | | | | Dallas | TX | 75373-1676 | USA |
| Archer, Henry J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Arizona Public Service Electric Company | 4 N 5th St. Mail Station 9674 | | | | Phoenix | AZ | 85004 | USA |
| Arizona Solar Concepts | 1415 E. University Dr. Suite A109 | | | | Tempe | AZ | 85281 | USA |
| Arizona Solar Concepts-Solar | 1415 E. University Dr. Suite A109 | | | | Tempe | AZ | 85281 | USA |
| Astrom Technical Advisors S.L. | Calle Serrano 8-3 Izq | | | | Madrid | | 28001 | Spain |
| AT&T | 129128801 | P.O. Box 617 | | | Los Angeles | CA | 90060-0017 | USA |
| AT&T Mobility Solutions Services | 129128801 | P.O. Box 617 | | | Los Angeles | CA | 90060-0017 | USA |
| AT&T Teleconference Services | 129128801 | P.O. Box 617 | | | Los Angeles | CA | 90060-0017 | USA |
| Atersa Grupo Elecnor | C/Embajordores 187 | | | | Madrid | | 28045 | Spain |
| Atherton, Kenneth | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |

**SunEdison Inc.**
**Retained Causes of Action Listing**
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Axial Sistemas Solares, S.L | C/Riu Vinalopo, 23. P.i. Pata del Cid. | | | | Quart de Poblet | | 46930 | Spain |
| Aztec Solar Inc | 11370 Trade Center Dr | | | | Rancho Cordova | CA | 95742 | USA |
| Bachrodt, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bala, Deepika | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Baldwin, Charles | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ballswood | 12500 Baltimore Avenue | | | | Beltsville | MD | 20705 | USA |
| BAM Ventures | 12181 Bluff Creek Drive | | | | Playa Vista | CA | 90094 | USA |
| Banco Popular | Attn: Cesar Luis de Santos Jiménz | 5th Floor | | | Madrid | | 28001 | Spain |
| Bank Direct Capital Finance LLC | 150 North Field Dr | Velázquez 34 | | | Lake Forest | IL | 60045-4847 | USA |
| Barnes Solar Inc. | 16560 Harbor Blvd #R | | | | Fountain Valley | CA | 92708 | USA |
| Barry-Wehmiller Design Group, Inc. | 8020 Forsyth Blvd | | | | St. Louis | MO | 63105 | USA |
| Barton, John | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Batz, Elvin M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bay State Solar-Nvt | 231 Weaver St | | | | Fall River | MA | 02720 | USA |
| BCPG Public Company Limited | 2098 M 12th Floor | Sukhumvit Rd | | | Bangkok | | 10110 | Thailand |
| Ben Franklin Technology Partners of Southeastern PA, Investment Arm | 4801 South Broad Street | Suite 200 | Building 100 Innovation Center | The Navy Yard | Philadelphia | PA | 19112 | USA |
| Bennett, Ryan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Berger, Daniel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Berhorst, Tony T | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bes Maryland I, LLC | 113 West Monument Street | | | | Baltimore | MD | 21201 | USA |
| Best Vinyl Fence & Deck, LLC | 525 S 850 E | | | | Lehi | UT | 84043 | USA |
| Big Island Toyota, Inc | 811 Kanoelehua Ave | | | | Hilo | HI | 96720 | USA |
| Bisschoff, Garren | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bixby Land Company | Attn Property Mgmnt | 2211 Michelson Dr Ste 1 | | | Irvine | CA | 92612 | USA |
| Blackburn, Lori Lynn | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Blackline Systems Dba Osaba Inc | 21300 Victory Blvd 12th Flr | | | | Woodland Hills | CA | 91367 | USA |
| Blome, Brian A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bluegill Technologies, LLC | 4097 Trailcreek Rd | | | | Riverside | CA | 92505 | USA |
| Bluewave Capital LLC | 137 Newbury St Ste 400 | | | | Boston | MA | 02116-2942 | USA |
| Bockmon & Woody Electric Co., | Inc. | PO Box 118 | | | Stockton | CA | 95201 | USA |
| Bonfiglioli Vectron Gmbh | Europark Fichtenhain B6 | | | | Krefeld | | 47807 | Germany |
| Booher, Richard Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Boone, Brett R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Boulder County Treasurer | PO Box 471 | | | | Boulder | CO | 80306 | USA |
| Bower, Jeffrey | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Box Inc | 4440 EL Camino Real | | | | Los Altos | CA | 94022 | USA |
| Brandeis, John R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Braux Uk Limited | The Pinnacle Station Way | | | | Crawley | WEST SUSS | RH101JH | United Kingdom |
| Brian Wuebbels* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bright Planet Solar, Inc | 69 Milk Street, Suite 308 | | | | Westborough | MA | 01581 | USA |
| Brightcove Inc | 180 Madison Ave | | | | New York | NY | 10016 | USA |
| Brio Energy-Solar | 6655 W Sahara St. B203 | | | | Las Vegas | NV | 89146 | USA |
| Brite Energy-Solar | 1267 Windham Parkway | | | | Romeoville | IL | 60446 | USA |
| Bruce W. Kingsley | 2729 Elm Street | | | | Dighton | MA | 02715 | USA |
| BTSA Netherlands Cooperatie U.A. | Prins Bernhardplein 200 | | | | Amsterdam | | 1097 JB | Netherlands |
| Build Native, Inc. | 201 Cole Street | | | | Austin | TX | 78737 | USA |
| Burdick, Paul W | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Burlage, Julie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Burnell Controls (Kent) Ltd T/A Burnell Switchgear & Control | 11 Masthead, Capstan Court | | | | Dartford | Kent | DA2 6QG | United Kingdom |
| Burr & Tiegs Electrical | 3888 Industry Blvd # 23 | | | | Lakeland | FL | 33811 | USA |
| Burr, Sean C | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Butler, Kevin T | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Butler, Nathan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Bwc Burnshirt River, LLC | 137 Newbury St Ste 400 | | | | Boston | MA | 02116-2942 | USA |
| Bybee Lakes Logistics Center | UNIT 238 | | | | PORTLAND | OR | 97208-4857 | USA |
| Cadmus Group Inc | 100 5th Avenue | Suite 1 | | | Walcham | MA | 02451 | USA |
| Calhoun County Tax Commissioner | 1702 Noble Street | Suite 14 & 16 | | | Anniston | AL | 36201 | USA |
| California State Board Of Equalization | 15350 Sherman Way 250 Van Nuys | | | | Van Nuys | CA | 91406 | USA |
| Calumet Specialty Pr | 1950 N Stemmond Fwy Ste 5010 | | | | Dallas | TX | 75207 | USA |
| Campbell Scientific Inc | 815 W 1800 N | | | | Logan | UT | 84321 | USA |
| Campbell, Stephen G | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Canada Revenue Agency | 555 MacKenzie Avenue | 7th Floor | Attn: Mr. John Ossowski | | Ottawa | ON | K1A 0L5 | Canada |
| Capital Safety Services | 260 Osborne Rd. | | | | Loudonville | NY | 12211 | USA |
| Caramante, Patrick | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Carlos Domenech Zornoza* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Carreden Group, Inc | 51 JFK Parkway First Floor West | | | | Short Hills | NJ | 07078 | USA |
| Casama LLC | 15 Holmes Street | | | | Rehoboth | MA | 02769 | USA |
| Cater, John Todd | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Catherine Zoi | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cathy Kuehnert Supplemental Needs Trust | Needs Trust | 552 32nd St | | | Virginia Beach | VA | 23451 | USA |
| CCH Inc | P.O. Box 4307 | | | | Carol Stream | IL | 60197-4307 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| CCIC-CSA International Certification Co. Ltd | Floor 1,Building 4,889 Yishan Road | | | | Shanghai | 2 | 200233 | China |
| CDW Computer Centers Inc | 200 N Milwaukee Ave | | | | Illinois | IL | 60061 | USA |
| Celestica Hong Kong Ltd. | 13-154 F Goldlion Holdings Centre | Hong Kong Shun Circuit | Siu Lek Yuen | | Hong Kong | Shatin | | China |
| Centerpoint Engineering, Inc. | 2 Market Plaza Way | # D | | | Mechanicsburg | PA | 17055 | USA |
| Cg Power Solution Usa | 7 Century Hill Dr | | | | Latham | NY | 12110-2113 | USA |
| Cha, Bruce | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Chatham Financial Kennett - Corp | 235 Whitehorse Lane | | | | Kennett Square | PA | 19348 | USA |
| Chatila, Ahmad R * | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Chembrough Group, L.P | 2213 West Lonesome Dove | | | | Deer Park | TX | 77536 | USA |
| Chicago Title Company | 3127 Transworld Drive #130 | | | | Stockton | CA | 95206 | USA |
| Chint Power Systems | Attn: President or General Counsel | 76 Koll Center Pkwy | | | Pleasanton | CA | 94566-3106 | USA |
| Chint Solar (Hk) Co Ltd | Attn: President or General Counsel | 76 Koll Center Pkwy | | | Pleasanton | CA | 94566-3106 | USA |
| Chriso'S Tree Trimming | P.O Box 22137 | | | | Bakersfield | CA | 93390 | USA |
| Christopher Cook | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Chusak, Lee F | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cieminis, David | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cigna Healthcare | 25500 N Norterra Dr | | | | Phoenix | AZ | 85085-8200 | USA |
| Cintas Corporation | PO Box 650838 | | | | Dallas | TX | 75265-0838 | USA |
| Citibank N. A. Uruguay | 11000 Montevideo | | | | Misiones | | | Uruguay |
| Citiguard, Inc. | 6430 Variel Ave # 101 | | | | Woodland Hills | CA | 91367 | USA |
| City Of Brockton | Finance Office | 45 School Street | | | Brockton | MA | 02301 | USA |
| City Of Broomfield | City and County of Broomfield | PO Box 47 | | | Broomfield | CO | 80038-0407 | USA |
| City Of Fall River Tax Collector | One Govt. Center | | | | Fall River | MA | 02722 | USA |
| City Of Los Angeles Dept. Of Water & Power | 111 North Hope Street | | | | Los Angeles | CA | 90012 | USA |
| City Of Mendota | 643 Quince Street | | | | Mendota | CA | 93640 | USA |
| City Of Portland | P.O. Box 4216 | | | | Portland | OR | 97208-4216 | USA |
| City Of Santa Fe Municipal Airport | 121 Aviation Drive | | | | Santa Fe | NM | 87507 | USA |
| City Of Sherman | 220 W Mulberry St | | | | Sherman | TX | 75090-5832 | USA |
| City Of Tehachapi | 115 S. Robinson St | | | | Tehachapi | CA | 93561 | USA |
| City Of Tracy | 333 Civic Center Dr | | | | Tracy | CA | 95376 | USA |
| City Of Waterbury | 236 Grand Street | | | | Waterbury | CT | 06702 | USA |
| Citysafe Security Ltd | 353 Old Laira Road | | | | Plymouth | | | United Kingdom |
| Cj Quinones Engineering, Psc | Edif. Bucare 2050 | Calle Turquesa | | | San Juan | P.R | 00969 | USA |
| Claire Gogel* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Clarke Realty, Lp | 472 Winchester Street | | | | Keene | NH | 03431 | USA |
| Claro & Cia | Attn: Attorney Handling SunEdison matters | Av. Apoquindo 3721, 14th floor | | | Santiago | | 755 0177 | Chile |
| Clayton Borgmeyer | 2529 High School Dr | | | | Brentwood | MO | 63144 | USA |
| Clayton C. Daley Jr* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Clean Energy of America Group, Inc | 22801 Ventura Blvd # 202 | | | | Woodland Hills | CA | 91364-1222 | USA |
| Clean Harbors Enviro | 500 Battleground Road | | | | La Porte | TX | 77572 | USA |
| Cognizant Technology Solutions | 211 Quality Cirlce | | | | College Station | TX | 77845-4470 | USA |
| Coleman, Peter | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Colliers International Ca, Inc | 50 California Street, Suite 1900 | | | | San Francisco | CA | 94111 | USA |
| Color Art Integrated Interiors LLC | 1325 N Warson Rd | | | | Saint Louis | MO | 63132 | USA |
| Commercial Due Diligence Services, Accounts Receivable Dept. | ces, Accounts Receivable Dept. | PO Box 73173 | | | Dallas | TX | 75373-1073 | USA |
| Commerford, Jarryd | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Complete Solar Solution Inc | 1850 Gateway Drive | Ste 45 | | | San Mateo | CA | 94404 | USA |
| Comptroller Of Income Tax | 55 Newton Road | | | | Singapore | SG | 307987 | Singapore |
| Coneco Energy LLC | 4 First Street | | | | Bridgewater | MA | 02324 | USA |
| Cook, Christpher R R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cooper Investment Partners | 1633 Broadway | | | | New York | NY | 10019 | USA |
| Corbin'S Electric | 4829 S 38th St, | | | | Phoenix | AZ | 85040 | USA |
| Corridor Energy, LLC | 1100 Walnut St | | | | Kansas City | MO | 64106 | USA |
| County Of Nassau Nassan County Dept. Of Public Works | 1194 Prospect Avenue | Attention: Ms. Shila Shah-Gavnoudias, P.E., | Commissioner | | Westbury | NY | 11590-2723 | USA |
| County Of San Mateo | 555 County Center | | | | Redwood City | CA | 94063 | USA |
| County Of Suffolk | 100 Veterans Memorial Highway | H. Lee Dennison Building | | | Hauppauge | NY | 11788 | USA |
| Cox, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Crane Solutions LLC | Attn: President or General Counsel | PO Box 8478 | | | Dallas | TX | 75284-0078 | USA |
| Croswhite, Alison | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Crystal Dynamics Inc | 160 N Sandpoint Rd | | | | Mead | OK | 73449 | USA |
| Csolar Iv South, LLC | 14302 FNB Parkway | | | | Omaha | NE | 68154 | USA |
| CT Corporation | PO Box 4349 | | | | Carol Stream | IL | 60197-4349 | USA |
| Cummings, Jeremy K | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cusick, Kerinia | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Cut-N-Edge Landscape Services | 3414 Summer Solstice | | | | Rowlett | TX | 75088 | USA |
| Cwl Crane Worldwide Transportation | Ste 13.03A 13th Fl Menara Summit, P | Subang Jaya | | | Selangor | | 47600 | Singapore |
| D.E. Shaw & Company | 1166 Avenue of the Americas | Ninth Floor | | | New York | NY | 10036 | USA |
| Dac Beachcroft | Portwall Place | Portwall Lane | | | Bristol | | BS1 9HS | United Kingdom |
| Dancel, Efren A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Danti, Anthony M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Datareef, LLC | 5252 N. Edgewood Drive | Suite 165 | | | Provo | UT | 84604 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| David Aaron Jones | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| David G. And Laurie Faylor Family Trust | Family Trust Alaska Federal | Credit Union, 1425 7th Street | | | Victorville | CA | 92395 | USA |
| David Goldman | 4878 Harbord Drive | | | | Oakland | CA | 94618 | USA |
| David Mccoy | 865 Clark Ave | | | | Webster Groves | MO | 63119 | USA |
| David Ranhoff* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| David Sathrum | 328 Monkey Valley Hollow | | | | Kenyon | MN | 55946 | USA |
| Davis, Trevor A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Day, Simon | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ddr Atlantico LLC, S.E. | 352288-20083-56495 / | P.O. Box 53162 | | | Atlanta | GA | 30353-1620 | USA |
| Deaton, Shane D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dedeaux Inland Empire Properties | Properties | 143 South Eastman Avenue | | | Los Angeles | CA | 90023 | USA |
| Del Monte Electric Co, Inc. | Attn: Terick Albert | 6998 Sierra Ct | | | Dublin | CA | 94568-2662 | USA |
| Delouche, Douglas M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Delta Dental | 12399 Gravois Rd | | | | Saint Louis | MO | 63127-1750 | USA |
| Demand Solutions Group LLC | Department 34281 | PO Box 39 | | | San Francisco | CA | 94139 | USA |
| Demers, Michael Kevin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dennis And Bonnie Mcpadden | 70 Route 106 | | | | N Springfield | VT | 05150 | USA |
| Dennis Mahoney & Sons, Inc. | P.O. Box 417 | | | | Mattapoisett | MA | 02739 | USA |
| Dertzbaugh, Timothy R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Deutsche Bank Trust Company Americas | 16 Wall St | | | | New York | NY | 10005 | USA |
| Dewinter Group, Inc. | 1901 S. Bascom Ave. Suite 660 | | | | Campbell | CA | 95008 | USA |
| Deyo, Derek J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Diamond, Daniel A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dimas, Joseph | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| District View Plaza | 644 Fernández Juncos Avenue | Suite 31 | | | San Juan | PR | 00907-3122 | USA |
| Divine Power USA, Inc. | 3650 Blue Loop Lane | | | | Arvin | CA | 93203 | USA |
| Dixieland, LLC | 69 Wildwood Street, | | | | Wilmington | MA | 01887 | USA |
| Dno Consulting Limited | 3 Sheep Street, Highworth | | | | Wiltshire | | SN6 7AA | United Kingdom |
| Dnv Kema Renewables Inc | 1501 4th Avenue Suite 900 | | | | Seattle | WA | 98101 | USA |
| Dobbs, Daniel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dominion Energy | 701 East Cary Street | 20th Floor | | | Richmond | VA | 23219 | USA |
| Dominion Resources Inc. | 120 Tredegar St | | | | Richmond | VA | 23219 | USA |
| Dominion Solar Projects III, Inc. | 120 Tredegar St | | | | Richmond | VA | 23219 | USA |
| Donohue, Steven | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Dotsolved Systems, Inc | 5890 Stoneridge Dr., Ste 110 | | | | Pleasanton | CA | 94588 | USA |
| Drake, Alexander R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Duke Energy | PO Box 70515 | | | | Charlotte | NC | 28272-0515 | USA |
| Dynasolar Services, LLC | 120 Pleasant Hill Avenue North | Suite 2 | | | Sebastopol | CA | 95472 | USA |
| Dzienkowski, Karen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| East Asia Institute Of Management Pte Ltd | 9 AH Hood Road | | | | Singapore | SG | 329975 | Singapore |
| Eastcoast Site Work, Inc. | c/o K. Johnson & Associates, LLC | Attn: Kristen E. Johnson | 15 Chambers Bridge Road, Suite 23 | | Brick | NY | 08723 | USA |
| Ebert, William H | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Eckert Seamans Cherin & Mellott LLC | Attn: Attorney Handling SunEdison matters | 6 Grant Street | | | Pittsburgh | PA | 15219 | USA |
| Ecotricity Group Limited | Lion House | Rowcroft | Stroud | | Gloucestershire | | GL5 3BY | United Kingdom |
| Edf Energy Customer Field Services (Metering) Ltd | 255 Broadway Bexleyheath | | | | Kent | | DA6 8ET | United Kingdom |
| Edf Energy Customer Field Services Gb | 255 Broadway Bexleyheath | | | | Kent | | DA6 8ET | United Kingdom |
| Efacec Equipos Eléctricos S.L. | Natea Business Park | Avda. de la Industria n?4, Edificio 1, | Escalera 2, 2? C | | Alcobendas | | 28108 | Spain |
| Effective Environmental | 945 E Pleasant Run Road | | | | Lancaster | TX | 75146 | USA |
| Ehrhart, Lindsay | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| El-Azzi, Zeina | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Eldor Contracting Corp. | 30 Corporate Drive | | | | Holtsville | NY | 11742 | USA |
| Electric Power Systems | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Emera Incorporated | 1894 Barrington Street | Barrington Tower | | | Halifax | NS | B3J 2A8 | CA |
| Emmanuel T. Hernandez* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Employee Stock Purchase Plan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Enercon Technologies | PO Box 665 | | | | Gray | ME | 04039 | USA |
| Enertis Inc Usa | 1750 Montgomery Street | | | | San Francisco | CA | 94111 | USA |
| Enphase Energy | PO Box 204201 | | | | Dallas | TX | 75320-4201 | USA |
| Enterprise Fleet Management Customer Billing | Customer Billing | PO Box 889 | | | Kansas City | MO | 64180-0089 | USA |
| Epic Home Solar | 3807 Pasadena Ave #120 | | | | Sacramento | CA | 95747 | USA |
| Epic Home Solar-Solar | 3807 Pasadena Ave #120 | | | | Sacramento | CA | 95747 | USA |
| Equilar Inc. | 1100 Marshall St | | | | Redwood City | CA | 94063 | USA |
| Erm-West, Inc. | 1277 Treat Blvd., Suite 500 | | | | Walnut Creek | CA | 94597 | USA |
| Esa Renewables, LLC | 4150 St. Johns Pkwy Ste 1000 | | | | Sanford | FL | 32771 | USA |
| Esm Power Limited | Attn: Peter White | Woodford House | 44 North Farm Road | Scunthorpe, N Lincolnshire | | | DN17 2AY | United Kingdom |
| Eversource | One NSTAR Way SW 3087 | | | | Westwood | MA | 02090 | USA |
| EverStream Energy Capital Management LLC | 101 California Street | | | | San Francisco | CA | 94111 | USA |
| EverStream Solar Infrastructure Fund I GP LP | 101 California Street | | | | San Francisco | CA | 94111 | USA |
| EverStream Solar Infrastructure Fund I LP | 21960 Minnetonka Boulevard | Suite 210 | | | Excelsior | MN | 55331 | USA |
| Expeditors Canada Inc | 610 Lambert Pointe Dr | | | | Hazelwood | MO | 63042 | USA |
| Expeditors International Inc | 610 Lambert Pointe Dr | | | | Hazelwood | MO | 63042 | USA |

**SunEdison Inc.**
**Retained Causes of Action Listing**
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Eynon Weed Control | 600 Airport Road | | | | Oceanside | CA | 92058 | USA |
| F & F Electric, Inc. | 4105 W Ironwood Hill Drive | | | | Tucson | AZ | 85745 | USA |
| Fairbanks, Benjamin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Federal Express | Dept La | | | | Pasadena | CA | 91185 | USA |
| Federman, Fran R. | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Feeney Wireless LLC | PO Box 2549 | | | | Eugene | OR | 97402 | USA |
| Fersa Energias Renovables SA | Av. Navarra, 14 | | | | Badalona | Barcelona | 8911 | Spain |
| Fidelity Investments Institutional | P.O. Box 770002 | | | | Cincinnati | OH | 45277 | USA |
| Figuerola, Yves | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Finch, Callan W | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| First American Title Company | 2710 Meade Ctr Dr, Bldg 6, #120 | Attn: FATSCD-41 Box 1266 | | | Los Angeles | CA | 90065 | USA |
| Fischer, William J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fisher Scientific Corp | 13551 Collections Ctr Dr | | | | Chicago | IL | 60693 | USA |
| Five Star Impact | 13516 Palawan Way | | | | Riverton | UT | 84065 | USA |
| Flannery, Margaret | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Flex International Asia Pacific | c/o Curtis, Mallet-Prevost, Colt & Mosle LLP | Attn: Steven J. Reisman, Esq., James V. Drew, Esq. | & Cindi M. Giglio, Esq. | 11 Park Avenue | New York | NY | 10178-0061 | USA |
| Flex Intl Europe B.V. | c/o Curtis, Mallet-Prevost, Colt & Mosle LLP | Attn: Steven J. Reisman, Esq., James V. Drew, Esq. | & Cindi M. Giglio, Esq. | 11 Park Avenue | New York | NY | 10178-0061 | USA |
| Flextronics International | c/o Curtis, Mallet-Prevost, Colt & Mosle LLP | Attn: Steven J. Reisman, Esq., James V. Drew, Esq. | & Cindi M. Giglio, Esq. | 11 Park Avenue | New York | NY | 10178-0061 | USA |
| Flextronics International Europe B.V. | c/o Curtis, Mallet-Prevost, Colt & Mosle LLP | Attn: Steven J. Reisman, Esq., James V. Drew, Esq. | & Cindi M. Giglio, Esq. | 11 Park Avenue | New York | NY | 10178-0061 | USA |
| Fong, Kendall | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Forever Green Landscaping | 375 Harvard St. | Unit G | | | Leominster | MA | 01453 | USA |
| Forlexco | 2920 N Green Valley Pkwy Ste 514 | | | | Henderson | NV | 89014 | USA |
| Foster Street Acquisition LLC | 1881 Worcester Road Suite 200 | | | | Framingham | MA | 01701 | USA |
| Fraass, Scott P | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fraga, Bekierman E Cristiano Advoga | Rua Rodrigo Silva 26 3rd Floor | | | | Rio De Janeiro | RJ | 20.011-040 | Brazil |
| Franchise Tax Board | PO Box 2952 MS A-340 | | | | Sacramento | CA | 95812-2952 | USA |
| Francisco Perez-Gundin* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Frank W. Nichols And Celestia | 2045 North Main | | | | Cedar City | UT | 84721 | USA |
| Frankenberg, John E | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Franklin Shuttle | 207 Seacliff Way | | | | Richmond | CA | 94801 | USA |
| Fraser, Kathleen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Freewire Broadband LLC | 7327 SW Barnes Rd  Portland OR 97225-6119 | | | | | | | |
| Friedell, Benjamin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fromme, Ralph H | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fuhriman, Sean | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Fuss & O'Neill | 146 Hartford Raod | | | | Manchester | CT | 06040-5992 | USA |
| Future Perfect Studios, Inc. | 2969 Hearthstone Rd. | | | | Ellicott City | MD | 21042 | USA |
| Fyrsoft LLC | 2450 Louisiana #400-405 | | | | Houston | TX | 77006 | USA |
| Gaffey Inc | 1436 N Duck Creek Rd | | | | Cleveland | TX | 77328 | USA |
| Gailey, Blake J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Galloway, Michael R | 455 9th St | | | | Lakeport | CA | 95453 | USA |
| Garfield County Treasurer | 109 8th Street | #24 | | | Glenwood Springs | CO | 81601 | USA |
| Gary Cosh | 185 Joslin Rd, | | | | Burlington Flats | NY | 13315 | USA |
| General Electric Company | 1 Old River Road | | | | Schenactady | NY | 12345 | NY |
| General Supply Service Inc Dba:  Gexpro | dba: GEXPRO | PO Box 844 | | | Dallas | TX | 75284 | USA |
| Geocon West Inc | 6960 Flanders Drive | | | | San Diego | CA | 92121-2974 | USA |
| Georganne C. Proctor* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| George Powell | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Gestalt Collective Inc. | Megan Harris | 79 Dewar Court | | | Milton | ON | L9T 5N8 | Canada |
| Gexpro | P.O. Box No. 100275 | | | | Atlanta | GA | 30384-0275 | USA |
| Giese, Peter | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Gillespie, Robert | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Gilman, Hallie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Global Freight Solutions Inc. | 1371 Charles Willard Street | | | | Carson | CA | 90746 | USA |
| Global Power Gas & Electric LLC | 2950 W Cypress Creek Rd Suite 100 | | | | Fort Lauderdale | FL | 33309 | USA |
| Global Resource Options, Inc | 205 Billings Farm Road, Building | | | | White River Junction | VT | 05001 | USA |
| Goldman, David S | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Google Inc. Department No 33654 | 1600 Amphitheatre Pkwy | | | | Mountain View | CA | 94043-1351 | USA |
| Gordon Handelsman | 501 Pearl Dr | | | | Saint Peters | MO | 63376 | USA |
| Gorman, Jeffrey | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Grace, Eric P | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Graf, Ricardo C | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Granite State Solar, LLC | 197 N Main Street | | | | Concord | NH | 03303 | USA |
| Green Care Companies Inc | 30100 Valley Center Rd | | | | Valley Center | CA | 92082 | USA |
| Green Mountain Power | PO Box 1915 | | | | Brattleboro | VT | 05302-1915 | USA |
| Grey Global Group Inc. | 303 2nd. Street, Suite 300 North | | | | San Francisco | CA | 94107 | USA |
| Griffith, Roger | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Grossman, Matthew R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Gsolutionz Inc | 625 E Santa Clara Street | Suite 1 | | | Ventura | CA | 93001 | USA |
| H & E Equipment Serv | 11100 Mead Rd Ste 200 | | | | Baton Rouge | LA | 70816 | USA |
| H & H Transformer, Inc. | PO Box 273, 8075 Pontiac Street | | | | Commerce City | CO | 800370273 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| H&G Realty Trust | 383 Main St | | | | Dunstable | MA | 01827 | USA |
| Haavind As | Bygdoy Alle 2 Pb 359 Sentrum | | | | Oslo | | 0101 | Norway |
| Habitat Aid Ltd. | Hookgate  Cottage | | | | South BrewHand | | BA10 0LQ | United Kingdom |
| Halbardier, Cory V | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Halona, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hambright Company | Shawn Scott Hambright | 32683 Summersweet Dr | | | Winchester | CA | 92596 | USA |
| Hampton Tedder Electric Company | y MSS | PO Box 2128 | | | Montclair | CA | 91763 | USA |
| Hand, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Handelsman, Gordon | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hanson Bridgett Marcus Vlahos | 425 Market Street | | | | San Francisco | CA | 94105 | USA |
| Harper, Lee A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Harris, Bryan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hart, John L | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hawaii Medical Service Association | P.O. Box 29330 | | | | Honolulu | HI | 96820 | USA |
| Hawaiian Electric Company, Inc. | PO Box 2750 | | | | Honolulu | HI | 96840-0001 | USA |
| Haycock, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hayward Area Recreation And Park District | 1099 E Street | | | | Hayward | CA | 94541 | USA |
| Hellmann Worldwide Logistics | 10450 Doral Blvd. | | | | Miami | FL | 33178 | USA |
| Henneberg, Tom William | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hertling, Gregory M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hertz | Attn: President or General Counsel | 929 W. La Cadena Dr. | | | Riverside | CA | 92501 | USA |
| Hewitt Associates LLC | P.O. Box 95135 | | | | Chicago | IL | 60694-5135 | USA |
| Hewlett Packard Co | 1030 NE Circle Blvd | | | | Corvallis | OR | 97330 | USA |
| Hodges-Mace, LLC | 5775-D Glenridge Drive, | | | | Atlanta | GA | 30328 | USA |
| Hoffman, Diana | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hoheim, Jacob | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hollett, Tess | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Holloway, Michaelanne K | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Honiton Energy Holdings Plc | 15 Sloane Square | 2nd Floor | | | London | | SW1W 8ER | United Kingdom |
| Houston Ship Channel | 111 East Loop North | | | | Houston | TX | 77029 | USA |
| Hsef Gb | 18 Whiteside Drive | | | | Monkton South Ayrshire | | KA9 2PU | United Kingdom |
| Hsef Seguridad Y Salud, S.L. | La Cala Mijas, Calanova Sea & Golf B1, A121 | | | | Mijas | | 29649 | Spain |
| Hunton & Williams | 200 Park Ave | | | | New York | NY | 10166 | USA |
| Hupp, Joseph M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hurley, Kenneth C | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Hwang Mok Park Pc | 2-KA Taepyung-RO120 | Chung-Ku | | | Seoul | KR | 100-724 | South Korea |
| Hybrid Electric Building Technologies Irvine 2, LLC | 461 2nd Street | Suite 452 | | | San Francisco | CA | 94107 | USA |
| Iadarola, Carmine Dave | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ibm Credit Corp | 1133 Westchester ave | | | | White Plains | NY | 10604 | USA |
| Ideematec Deutschland Gmbh | Neusling 9A, | | | | Wallerfing | DE | 94574 | Germany |
| Ilan Daskal | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Imperial County Treasurer- Tax Collector Mss | Collector MSS | 94 W. Main Street, Suite 16 | | | El Centro | CA | 92243 | USA |
| Industrial Specialty Services | 91473 Coductions Center Dr | | | | Chicago | IL | 60693 | USA |
| Inelsa Uk, Ltd | Atnt: Veronica Miguez Magdalena | 3 More London Riverside | | | London | | SE1 2RE | United Kingdom |
| Infinity Energy, Inc. | 1108 Tinker Road Suite 150 | | | | Rocklin | CA | 95765 | USA |
| Ingenieria Mecano S.L. | Avenida Canovas del Castillo | no 6, 1st planta | | | Malaga | | 29016 | Spain |
| Inland Revenue Authority of Singapore | 55 Newton Road, | | | | Revenue House | | 307987 | Singapore |
| Inmata Solutions Inc | 42840 Christy Steel Suite 206 | | | | Fremont | CA | 94538 | USA |
| Innovative Structural Engineering Md, Inc. | Engineering MD, INC. | 3 South Main Street | | | Bel Air | MD | 21014 | USA |
| Instalaciones Negratin Sl | Calle Capileira 14 | Poligono Industrial Del Juncaril | | | Peligros | | 18210 | Spain |
| Integra Enclosures, Inc. | Post Office Box 1870 | | | | Mentor | OH | 44061 | USA |
| Interior Architects, Inc | 500 Sansome Street, 8th Floor | | | | San Francisco | CA | 94111 | USA |
| International Equipment Leasing Inc | PO Box 150 | | | | Avenel | NJ | 07001 | USA |
| International Fidelity Insurance | 1111 Raymond Blvd | | | | Newark | NJ | 07102 | USA |
| Irrevocable Trust Of William B | 9190 West Olympic Boulevard, | Suite 49 | | | Beverly Hills | CA | 90212 | USA |
| Irvine, James R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jabil Assembly Poland Sp. Z.O.O | UL. Lotnicza 2 | | | | Kwidzyn | PL | 82-500 | Poland |
| Jackie Denney - Kcttc | 1115 Truxton Ave 2nd Flr | | | | Bakersfield | CA | 93301-4639 | USA |
| Jadid, Ray | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| James B. Williams* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| James W Scarrow PLLC | 4631 Chesapeake Street NW | | | | Washington | DC | 20016 | USA |
| Jan Pro Cleaning Sys | 15714 SW 72nd Ave | | | | Portland | OR | 97224 | USA |
| Jane Middaugh | P O Box 474 | | | | Belmont | CA | 94002 | USA |
| Jefferson County Treasurer | 100 Jefferson County Pkwy 2520 | | | | Golden | CO | 80419-2520 | USA |
| Jensen, David | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jensen, Stanley | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jeremy Avenier* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jeremy Derek Carter | 2445 S View Parkway | | | | Yuma | AZ | 85365 | USA |
| Jgsullivan Interactive | 1600 Golf Road Suite 1200 | Corporate Center | | | Rolling Meadows | IL | 60008 | USA |
| Jiang Yin Free Newenergy Electric  Power Investment Co.,Ltd | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jinneng Clean Energy Technology Ltd | Attn: President or General Counsel | No. 1 | | | Lvliang City | | 032100 | China |

**SunEdison Inc.**
Retained Causes of Action Listing
<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Jive Software | 915 SW Stark Street Suite 200 | | | | Portland | OR | 97205 | USA |
| John Joven | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Johns Ben / Johns Benjamin | 2235 Banbury Circle | | | | Roseville | CA | 95661 | USA |
| Johnson Design And Construction Inc. | 4830 Calle Alto, Suite G | | | | Camarillo | CA | 93012 | USA |
| Jones, David | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Jordan, Daniel J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Joseph David Construction & Contracting Co.,Inc. | 405 Pennsylvania Avenue | | | | Linden | NJ | 07036-2870 | USA |
| Joseph Mantisi | 9 Kimberly Ann Dr. | | | | Rochester | NY | 14606 | USA |
| Joyce/Dayton Corp. | PO Box 635789 | | | | Cincinnati | OH | 45263-5789 | USA |
| Juan Kutz Azqueta Notario | C/ Velazquez 112-3º | | | | MADRID | | | Spain |
| Julia Blunden | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kakareka, Natalie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kane, Sara | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| K-Designers | 2440 Gold River Rd | Ste 1 | | | Gold River | CA | 95670 | USA |
| Kelly Receivables Funding LLC. | 999 West Big Beaver Road | | | | Troy | MI | 48084 | USA |
| Kelly, Matthew D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Khalifeh & Partners Lawyers | Attn: Attorney Handling SunEdison matters | Khalifeh Complex | Ibn Arabi St 3 | | | | 11181 | Jordan |
| Kim & Chang | Naeja-Dong Jongno GU223 | | | | Seoul | KR | 110720 | South Korea |
| Kingsbridge Holdings LLC | 150 N Filed Drive Suite 193 | | | | Lake Forest | IL | 60045 | USA |
| Kipp Zonen Usa Inc | 125 Wilbur Place | | | | Bohemia | NY | 11716 | USA |
| Kirkland & Ellis LLP and its affiliates | 300 North LaSalle | | | | Chicago | IL | 60654 | USA |
| Klavens Law Group, P.C. | 420 Boylston Street, | 5th Floor | | | Boston | MA | 02116 | USA |
| Klb Group Performance Everyday, S.L | dba KLB Group | Avda. Can Fatjo del Aurons, 9, planta 4 | | | Santa Cugat del Valles | | 08174 | Spain |
| Knowlton Farm Nominee Trust | 43 Estabrook Ave. | | | | Grafton | MA | 01519 | USA |
| Koh Boon Hock | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kollengode Gopal | 3002 Whisperwave Cir | | | | Redwood City | CA | 94065 | USA |
| Kumar, Sanjeev* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kunderer, Anthony J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Kuzilk, Robert A | 7706 N. 17th Place | | | | Phoenix | AZ | 85020 | USA |
| Ky Huynh | 316 Casselino Drive | | | | San Jose | CA | 95136 | USA |
| La Flash Consulting LLC | Harold O. LaFlash | 326 Denton Ct. | | | Pleasanton | CA | 94566 | USA |
| LA Power Center Corp | 9862 Glenoaks Blvd | | | | Sun Valley | CA | 91352 | USA |
| La Power Center Corp - Authorized Installer-Solar | 9862 Glenoaks Blvd | | | | Sun Valley | CA | 91352 | USA |
| LA Solar Group, Inc | 16238 Raymer St | | | | Los Angeles | CA | 91406 | USA |
| Lachance, Barrett | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Lafayette Center LLC | 2 Chabot St. | | | | Westbrook | ME | 04092 | USA |
| Larkin, Daniel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Latin America Power Holding Bv | Cerro el Plomo 5680 | Piso 12 Oficina 122 | Las Condes | | Santiago | Región Metropolitana | | Chile |
| Lauritzen, Anna | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Law Office Of Melissa Harms | Attn: Attorney Handling SunEdison matters | 7 Larkspur Landing Cir #199 | | | Larkspur | CA | 94939 | USA |
| Lazarus, Rebecca | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Lbf-94, Lc | 4565 Lake Creek Farms Rd. | | | | Heber City | UT | 84032 | USA |
| Leap Consulting | 111 Chester Avenue | | | | Toronto | ON | M4K 2Z8 | Canada |
| Leblanc, Arthur | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Leo L. Koppelman, Jr. | 45737 Pelican Lane | | | | Cleveland | MN | 56017 | USA |
| Leong, Angie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Leschaco Inc | 15355 Vantage Parkway W Ste 195 | | | | Houston | TX | 77032 | USA |
| Lewis, Nathan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Leyden, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Liberty Power-Nvt | 1901 W Cypress Creek Road Ste 600 | | | | Fort Lauderdale | FL | 33303 | USA |
| Life Insurance Company Of North | 1601 Chestnut St | | | | Philadelphia | PA | 19192 | USA |
| Linde Electronics | 88299 Expedite Way | | | | Chicago | IL | 60695-0001 | USA |
| Linde Electronics And Specialty Gas | 88299 Expedite Way | | | | Chicago | IL | 60695-0001 | USA |
| Linton, Robert | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Little, Ruel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Lockton Companies LLC | 7 Times Square Tower Ste 3802 | | | | New York | NY | 10036 | USA |
| Locus Energy, LLC | 2 Hudson Place Floor 6 | | | | Hoboken | NJ | 07030 | USA |
| Long Island Solar Solutions Inc | 22 Holiday Park Drive | | | | Centereach | NY | 11720 | USA |
| Lookingpoint Inc | 391 Taylor Blvd Ste 120 | | | | Pleasant Hill | CA | 94523 | USA |
| Lopez, Juan A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Lori Erickson | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Los Angeles County Tax | Collector | PO Box 5418 | | | Los Angeles | CA | 90054-0018 | USA |
| Lovett Inc | 6920 NE 42nd Ave | | | | Portland | OR | 97286 | USA |
| LP Daniel Engineers & Contractors Inc. | 1347 Tavern Rd, | | | | Alpine | CA | 91901-3853 | USA |
| Lucas Enviornmental, LLC | 67 Coddington Street | Suite 24 | | | Quincy | MA | 02169 | USA |
| Lvnet LLC | 2595 Fremont Street | | | | Las Vegas | NV | 89104 | USA |
| M Bar C Construction Inc. | Attn: Shannon Niestas | 674 Rancheros Dr | | | San Marcos | CA | 92069-3005 | USA |
| M.A. Mortenson Company | 700 Meadow Ln N | | | | Minneapolis | MN | 55422-4817 | USA |
| Macqueen, Aaron | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Madison Dearborn Partners, LLC and other shareholders | 70 W Madison St | #4600 | | | Chicago | IL | 60602 | USA |
| Majjiga, Jithender | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Makani Nui Associates, LLC | 2158 MAIN STREET | SUITE 202 | | | WAILUKU | HI | 96793 | USA |
| Manavendra Sial* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Manufacturas Braux S.L. | Paseo Arco de Ladrillo, 88 planta 1 | | | | Valladolid | | 47008 | Spain |
| Maricopa County | 501 N 44th Street | Suite 2 | | | Phoenix | AZ | 85008 | USA |
| Mark Group Management | 70 Boston Road | | | | Leicester | | LE4 1AW | United Kingdom |
| Marshall & Stevens Inc. | 355 S. Grand Avenue, Suite 1750 | | | | Los Angeles | CA | 90071 | USA |
| Marshall Hayes | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Martin Truong* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Martin, Alexander | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Martinez Acosta, Armando | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Martinez Enriquez, Francisco J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Masek, Michael J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Matheson, George Ed | P.O. Box 1406 | | | | Anahuac | TX | 77514 | USA |
| Matina, Tiara F | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Matlock, Cory Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Matthew Herzberg* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mattioli, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mawhinney, Luke | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mccann, Craig | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mccarthy Building Companies Inc | Companies Inc | 1341 North Rock Hill Road | | | St. Louis | MO | 63124 | USA |
| Mccurdy, Brian | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mcguire, Dennis S | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mchugh, Michael W | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mclaughlin, Rachel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mcmillan, Jeffrey | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mercer (Us) Inc. | 4 Embarcadero Ctr  Ste 400 | | | | San Francisco | CA | 94111 | USA |
| Meridian Imaging Solutions | 5775 General Washington Drive | | | | Alexandria | VA | 22312 | USA |
| Merrilees, Craig | 366 6th St. | | | | Lake Oswego | OR | 97304-2933 | USA |
| Messer, Shane | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Michael A Kast | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Michael Alvarez | P. O. Box 1530 | | | | Ross | CA | 94957 | USA |
| Microsoft Licensing Gp | c/o Bank of America | Attn: Lockbox 842467 | 195 N. Stemmons Fwy, Ste 51 | | Dallas | TX | 75207 | USA |
| Mike Lysiak | 7430 Chateau Ridge | | | | Riverside | CA | 92506 | USA |
| Mike Owen Fabrication, Inc. | 144 E. Norris Rd. | | | | Bakersfield | CA | 93308 | USA |
| Miller Bros Solar LLC | 301 Alan Wood Road | | | | Conshohocken | PA | 19428 | USA |
| Mobile Mini, Inc. | Dept La 7144 | | | | Pasadena | CA | 91185-7144 | USA |
| Mobile Modular | 4445 E Sam Houston Pkwy S | | | | Pasadena | CA | 77505 | USA |
| Modsolar LLC | 211 N. 13th Street | 4th Floor | | | Philadelphia | PA | 19107 | USA |
| Modular Space Corporation | 12603 Collection Center Dr | | | | Chicago | IL | 60693 | USA |
| Monzon, Jose | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Mooore Mcneil LLC | 2002 Richard Jones RD A307 | | | | Nashville | TN | 37215-9998 | USA |
| Moore-Mcneil, LLC | 2002 Richard Jones Rd, Suite 307A | | | | Nashville | TN | 37215-9998 | USA |
| Moradi Family Trust | c/o Shoreline Law Corp. | Attn: Andrew Pauly | 1299 Ocean Ave, Ste. 4, | | Santa Monica | CA | 90401-1007 | USA |
| Mortenson Construction | 700 Meadow Lane N | | | | Minneapolis | MN | 55422 | USA |
| Mount Saint Mary'S Abbey | 300 Arnold Street | | | | Wrentham | MA | 02093 | USA |
| Mp Alternative Energy | Main Road No. 2 | Urja Bhawan | Shivaji Nagar | | Bhopal | Madhya Pr | 462016 | India |
| Mp Km Golding Ltd | The Nest, Butts Ln | | | | Rodney Stoke | Cheddar | BS27 3UW | United Kingdom |
| Mulcahy, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Multnomah County Tax Collector | Assessment, Recording & Taxation | P.O. Box 2716 | | | Portland | OR | 97208-2716 | USA |
| Murdock, Wade | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| My Le | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| My Nguyen | 4297 Delacroix Court | | | | San Jose | CA | 95135 | USA |
| Nagase America Corporation, California Branch | 2880 Lakeside Drive Suite 320 | | | | Santa Clara | CA | 95054 | USA |
| Nageswara Kota | 3000 N South St | | | | Pasadena | TX | 77503 | USA |
| Namaste Solar | 4571 Broadway St. | | | | Boulder | CO | 80304 | USA |
| National Grid | Massachusetts Electric Company | 4 Sylvan Road | | | Waltham | MA | 02451 | USA |
| Negratin Renewable Sl | C/ Capileira 14, Pgno. Ind. Juncaril | | | | Peligros | | 18210 | Spain |
| Neo Solar Power | 7  Li-Hsin 3rd Rd | Hsinchu Science Park | | | Hsinchu | | 30078 | Taiwan |
| Neva Corp | 11350 Brittmoore Park Dr | | | | Houston | TX | 77041 | USA |
| Next Phase Solar Inc | 2802 | 1th Street | | | Berkeley | CA | 94710 | USA |
| NexTracker, Inc. | 6200 Paseo Padre Pkwy | | | | Fremont | CA | 94555 | USA |
| Nguyen, My | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Nice Payroll Pte Ltd | 02-01 One Fullerton | | | | Singapore | SG | 049213 | Singapore |
| Nicholas, Norman | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Nmhg Financial Services Inc | 10 Riverview Dr | | | | Denbury | CT | 06810 | USA |
| North Kern State Prison | 2737 W Cecil Ave | | | | Delano | CA | 93215 | USA |
| Northern States Metals | Post Office Box 285 | | | | Brattleboro | VT | 05320-0285 | USA |
| Nova Partners Group Inc | 1090 Water View Lane | | | | Suwanee | GA | 30024 | USA |
| Novak, Lawrence B | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| NV Construction Inc. DBA GNRG Solar | 15013 Califa St | | | | Van Nuys | CA | 91411 | USA |
| NY State Processing Center | State Processing Center | PO Box 61 | | | Albany | NY | 12261 | USA |

**SunEdison Inc.**
**Retained Causes of Action Listing**
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Nyovanie, Prosper | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| NYSE Market | 5560 New North Drive | | | | Atlana | GA | 30328 | USA |
| Oak Leaf Energy Partners Ohio, LLC | Attn: President or General Counsel | 2645 E 2nd Ave | Ste 26 | | Denver | CO | 80206-4752 | USA |
| O'Brien, Kelly | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| OI Analytical/Xylem Inc. | 1 International Drive | | | | Rye Brook | NY | 10573 | USA |
| Olmsted, Nicholas R | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Omni Logistics, Inc. | 15912 International Plaza Drive | | | | Houston | TX | 77032 | USA |
| Omni Valley Construction Corp | 9042 Independence Ave | | | | Canoga Park | CA | 91304 | USA |
| ON Search Partners | 6240 SOM Center Rd Suite 230 | | | | Solon | OH | 44139 | USA |
| Oneenergy Development, LLC | 101 Yesler Way | Suite 41 | | | Seattle | WA | 98104 | USA |
| Onlych1Ld Ltd | 1075 Adamns Street | | | | Denver | CO | 80206 | USA |
| Orbis Terrarum Projects | C/Cronos 20,P-3, L-6 | | | | Madrid | | 28037 | Spain |
| Otoole Design Associates | 2150 Schuetz Rd Suite 205 | | | | Saint Louis | MO | 63146 | USA |
| Otr Nominee Of State Teachers Retir | Retirement System | P.O. Box 633176 | | | Cincinnati | OH | 45263-3176 | USA |
| Otr Nominee Of State Teachers Retirement System | Retirement System | P.O. Box 633176 | | | Cincinnati | OH | 45263-3176 | USA |
| Oxford Global Resources, Inc. | PO Box 3256 | | | | Boston | MA | 02241-3256 | USA |
| Pacific Gas And Electric Company | 77 Beale St | | | | San Francisco | CA | 94105 | USA |
| Pacific Industrial Electric | PO Box 9088 | | | | Brea | CA | 92822-9788 | USA |
| Pacificorp | Attn: President or General Counsel | 825 NE Multnomah St. | Ste 3 | | Portland | OR | 97232-2135 | USA |
| Pagliarulo, Laura | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Paksoy Ortak Avukat Burosu | Sun Plaza Bilim Sok No:5 Kat:14 | | | | Maslak | Maslak | 34398 | Turkey |
| Panel Claw, Inc | 1600 | Osgood St#223 | | | North Andover | MA | 01845 | USA |
| Panerali, Kristen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Paredes, Ismael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Park, Robin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pashupathy Shankar Gopalan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Patterson Consulting, Ltd. | 2112 W. Galena Blvd. | Ste. 8-433 | | | Aurora | IL | 60506 | USA |
| Paul D. Nesvold | 3995 Quaas Ave. | | | | Watertown | MN | 55388 | USA |
| Paul Gaynor | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Paul Gendron | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pavia E Ansaldo Studio Legale | Dell'Annunciata, 7 | | | | Milano | MI | 20121 | Italy |
| Pc Housing Inc | 8525 Camino Santa Fe Ste G | | | | San Diego | CA | 92121 | USA |
| Perkin Elmer | 13633 Collections Center Dr | | | | Chicago | IL | 60693-0136 | USA |
| Peter Blackmore* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Peterson, Karen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pierce, Spencer Marie | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pinsent Masons | 50/F Central Plaza, 18 Harbour Road | | | | Hong Kong | | | Hong Kong |
| Plaisted, Joshua | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Plymouth Sand & Gravel, LLC | 61, Camelot Dr | | | | Plymouth | MA | 02360 | USA |
| Polk County Tax Collector | Clark, Campbell, Lancaster & Munson, P.A. | Attn: Tim Campbell | 5 South Florida Avenue, Suite 8 | | Lakeland | FL | 33801 | USA |
| Pope, Steven A. | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Port Terminal Railroad | 8934 Manchester St | | | | Houston | TX | 77012 | USA |
| Portland General Electric | 2 World Trade Ctr | | | | Portland | OR | 97201 | USA |
| Power Electronics Corp. | Irene Sanhermelando Rodriguez | Leonardo Da Vinci 24-26, P.T. Paterna | | | Valencia | | 46980 | Spain |
| Power Electronics Corp. Uk Ltd. | Irene Sanhermelando Rodriguez | Leonardo Da Vinci 24-26, P.T. Paterna | | | Valencia | | 46980 | Spain |
| Power Electronics Usa, Inc. | Irene Sanhermelando Rodriguez | Leonardo Da Vinci 24-26, P.T. Paterna | | | Valencia | | 46980 | Spain |
| Power, Donald | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Powerguard Speciality Insurance Ser | 135 Main Street 21St Floor | | | | San Francisco | CA | 94105 | USA |
| Prater, Paula | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Prime Source Solar LLC | 7 Cedar Street | | | | Ramsey | NJ | 07446 | USA |
| Pro Line Shipping Inc | 9940 Baldwin Place | | | | El Monte | CA | 91731 | USA |
| Pro Tech Energy Solutions LLC | 215 Executive Drive | | | | Moorestown | NJ | 08057 | USA |
| Prologis Perth Amboy Associates, LLC | Pier 1, Bay 1 | | | | San Francisco | CA | 94111 | USA |
| Prosolia Siglo Xxi | Pol. Ind. San Viconic Ctra. | Ontinyent | | | San Vicente | | 46870 | Spain |
| Pryor, Christopher | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Psnj Holdings LLC | 12500 Baltimore Ave | | | | Beltsville | MD | 20705 | USA |
| Public Service Electric & Gas Company  Attention: Grag Pizarek | Company Attention: Grag Pizarek | 8 Park PL, MC T-8 | | | Newark | NJ | 07102 | USA |
| Puntigan, Steven T | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Pure Power Systems, Inc. | 50 Harrison St STE 210 | | | | Hoboken | NJ | 07030-6087 | USA |
| PV Guru Inc. | 1444 17th St | Ste 2 | | | Santa Monica | CA | 90404 | USA |
| Qe Solar LLC | 16 South Ave West, # 207 | | | | Cranford | NJ | 07016 | USA |
| Quanta Power Generation, Inc. | Bank of America | P.O. Box 847275 | | | Dallas | TX | 75284-7275 | USA |
| Quantum Utility Generation, LLC | 1401 McKinney St # 1880 | | | | Houston | TX | 77010 | USA |
| Quick Systems Inc. | 1400 Oakmont Pl | | | | Pittsburg | CA | 94565 | USA |
| R. M. Young Company | 2801 Aero Park Drive | | | | Traverse City | MI | 49686 | USA |
| Radiance Solar, LLC | 916 Joseph E. Lowery Blvd, | NW, Suite 2 | | | Atlanta | GA | 30318 | USA |
| Raeder, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Raghunathan, Rohini | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Randy H. Zwirn* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Rbi Solar Inc | 5513 Vine Street | | | | Cincinnati | OH | 45217 | USA |
| Rc Hunt Electric Inc. | Attn: Jeff Kuehndahl | 1863 W Alexander St | | | West Valley City | UT | 84119-2038 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Reallygreatrate Inc | 2041 Rosecrans Suite 320 | | | | El Segundo | CA | 90245 | USA |
| Rebecca Cranna* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Recchia, Steven | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Reckord, Kevin J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Red River Island | c/o William B. Finkelstein | Dykema Cox Smith | 1717 Main Street Suite 42 | | Dallas | TX | 75201 | USA |
| Red River Island View LLC | 1125 Ocean Ave. | | | | Lakewood | NJ | 08701 | USA |
| Redcat Systems LLC | 2344 Spruce St, STE A | | | | Boulder | CO | 80302 | USA |
| Redmond, Christian D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Regus Management LLC | 15305 Dallas Parkway Suite Addiso | 91 Main St, | | | Dallas | TX | 75202 | USA |
| Reliant Labs, Inc. | 925 Thompson Place | | | | Sunnyvale | CA | 94085 | USA |
| Renewable Energy Test Center | Attn: President or General Counsel | 46457 Landing Parkway | | | Fremont | CA | 94538 | USA |
| Renfert, Christine J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Resor N.V. | Attn: Attorney Handling SunEdison matters | PO Box 75965 | 17 AZ | | Amsterdam | | | The Netherlands |
| Retc, LLC | 46457 Landing Parkway | | | | Fremont | CA | 94538 | USA |
| Revelation Solar Panel | Cleaning | 6185 Magnolia Ave., Ste 26 | | | Riverside | CA | 92506 | USA |
| Ricardo Aea Ltd | Gemini Building Fermi Avenue | | | | Harwell | | OX11OQR | United Kingdom |
| Richard F Greene And Barbara A | 8 Warner Street | | | | Belchertown | MA | 01007 | USA |
| Richardson, Don D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Riggs Distler & Co Inc | P.O. Box 71592 | | | | Chicago | IL | 60694-1592 | USA |
| Rik Gadhia* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ritch, Mueller, Heather Y Nicolau | Blvd Manuel Avila Camacho 24 | Piso 2 Lomas De Chapultepec | | | Mexico City | | | Mexico |
| Robert H. Busler | 209 Mount Vernon Ave, | | | | Chestertown | MD | 21620 | USA |
| Roger B. Brown | 3 Hickory Grove | | | | Macomb | IL | 61455 | USA |
| Rohm, Matthew N | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Rosales, Kevin D | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Rounds, Colin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Rubcich, Marc | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Ruffell, Michael Lee | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Russell, Miles | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Russo, Stefano M | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| S3 Power | PO Box 856 | | | | Norwood | MA | 02062 | USA |
| Safeco Electric Inc. | 301 Toland Street | | | | San Francisco | CA | 94124 | USA |
| Safway Services LLC | P.O. Box 843766 | | | | Los Angeles | CA | 90084-3766 | USA |
| Salehian, Afshin | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Samuel Mclanahan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| San Bernardino County Tax Collector | Collector | 172 W. Third Street, First Floor | | | San Bernardino | CA | 92415-0360 | USA |
| Sankaran, Ravi | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Santerno Inc. Mss | 2505 International Pkwy | | | | Virginia Beach | VA | 23452 | USA |
| Sasan Aminpour | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Scher, Clifton B | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Schneider, Cody | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Schneiders & Schneiders | 779 Washington St | | | | Canton | MA | 02021 | USA |
| School Project For Utility Rate Reduction ("Spurr") | 313 West Winton Ave. | | | | Hayward | CA | 94544-1136 | USA |
| Schulte, Lynette Michele | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Schweitzer Engineering Lab Inc | 2350 NE Hopkins Court | | | | Pullman | WA | 99163 | USA |
| Scott Edwards | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sebastian Deschler* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sepratech Corp | 3143 S Burnside Ave | | | | Gonzales | LA | 70737 | USA |
| Serrano, Manuel Misael | 2660 S Tensleep | | | | Yuma | AZ | 85365 | USA |
| Sgurreenergy Ltd | 225 Bath Street | | | | Glasgow | | G2 4GZ | United Kingdom |
| Shafer Landfill Trust | c/o de maximis, inc. | 45 Montbrook Lane | | | Knoxville | TN | 37919 | USA |
| Shah, Anish | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shah, Pranav | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shane Deaton | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shickles, Angela Sue | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shill, Cody | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Shine Up Solar LLC | 4177 Worthington Drive, | | | | North Highlands | CA | 95660 | USA |
| Shinsung | 8 Daewangpangyo-ro 395 | | | | Bundang-Gu Seongnam-siGyeonggi, 463-420 | | | South Korea |
| Shinsung Solar Energy Co.Ltd. | 8 Daewangpangyo-ro 395 | | | | Bundang-Gu Seongnam-siGyeonggi, 463-420 | | | South Korea |
| Siegel, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Siemens Industry, Inc. | 100 Technology Drive | Leigh-Anne Best, Sr. Accountant | | | Alpharetta | GA | 30005 | USA |
| Siemens Plc | Princess Road, Princess Parkway | | | | Manchester | | M20 2UR | United Kingdom |
| Singletary Farm LLC | 750 Richardson Road | | | | Bladenboro | NC | 28320 | USA |
| Sino-American Silicon Products Inc. | No. 8. Industrial East Road 2 | Hsinchu Science Park | | | Hsinchu | | 30078 | Taiwan |
| Skyblue Solar-Nvt | 16 Moorside Rd | | | | West Cross | | SA3 5EY | United Kingdom |
| Slack, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sma America, LLC | Attn: Max Mayer | 62 West Oaks Boulevard | Ste 3 | | Rocklin | CA | 95765 | USA |
| Smith, David L | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Smith, Ian | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Smith, Patrick S | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Smith, Thomas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |

SunEdison Inc.

Retained Causes of Action Listing

Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code

DRAFT as of 7/6/17

<span style="color:red">DRAFT- SUBJECT TO MATERIAL CHANGE</span>

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Snowline Joint Unified School District/ Attn: Andrea Mendoza | District/ Attn: Andrea Mendoza | PO Box 296 | | | Phelan | CA | 92329-6000 | USA |
| Solamerica Energy Services,LLC | 1100 Peachtree Street, Suite 2800 | | | | Atlanta | GA | 30309 | USA |
| Solaredge Technologies, Inc. | 47505 Seabridge Drive | | | | Fremont | CA | 94538 | USA |
| Solaria Corporation | 6200 Paseo Padre Parkway | | | | Fremont | CA | 94555 | USA |
| Solarpack Corporacion Technologica. | Avenida de Algorta 16, 3º | Getxo | | | Biscay | | 48992 | Spain |
| Solarview Inc. (Authorized Installer)-Nvt | 1201 Elm Street, Suite 3200 | | | | Dallas | TX | 75270 | USA |
| Solon Corporation | Attn: President or General Counsel | 695 S. Country Club Road | | | Tucson | AZ | 85756 | USA |
| Solvchem Inc | 1904 Mykawa | | | | Pearland | TX | 77581 | USA |
| Sonnedix France SAS | 5 Rue De La Roberdiere | | | | Rennes | | 35000 | France |
| Southern California Edison | Attn: President or General Counsel | 2425 S Blackstone Street | | | Tulare | CA | 93274 | USA |
| Southwest Quartz, Ltd. | 6024 Williams Dr # 110 | | | | Georgetown | TX | 78633 | USA |
| Sparkmeter, Inc. | 1616 H St Nw Suite 900 | | | | Washington | DC | 20006 | USA |
| Spectrum Energy, Inc - Authorized Installer-Nvt | 3081 Route 73 S | | | | Maple Shade | NJ | 08052 | USA |
| Speedway Commerce Center LLC | Unit No. 41 | P.O. Box 5 | | | Portland | OR | 97208-5000 | USA |
| Spencer J. Carlsen | 26 Serene Court | | | | Danville | CA | 94526 | USA |
| Spencer Ogden Ltd | 33 Charlotte Street | | | | London | LO | W1T1RR | United Kingdom |
| SPG Solar, Inc. | 1039 N McDowell Blvd Suite B | | | | Petaluma | CA | 94954 | USA |
| Spivey, Charles E | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Spradlin, Randall | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sscop Properties, LLC | 50 West Liberty Street, | Suite 9 | | | Reno | NV | 89501 | USA |
| Standard Solar Inc | 1355 Piccard Drive | Suite 3 | | | Rockville | MD | 20850 | USA |
| Starhub Ltd | 67 Ubi Avene 1, #05-01 StarHub Gree | | | | Singapore | | | Singapore |
| State Of Hawaii Dept. Of Taxation | Department of Taxation | PO Box 1425 | | | Honolulu | HI | 96806-1425 | USA |
| Steel Connections, Inc. | 43287 Brookway Dr | | | | Temecula | CA | 92592 | USA |
| Stephen Cerrone | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stephen O'Rourke | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stephen, Sunil | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stephenson, Robert S | 2332 Brazoria Road | | | | Lake Jackson | TX | 77566 | USA |
| Stepp, Ryan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Steven Tesoriere* | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stevens, Douglas | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stewart, Joel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stone Roofing Company, Inc. | 730 N. Coney Avenue | | | | Azusa | CA | 91702 | USA |
| Storrusten, Josh | 2989 Vera Cruz | | | | Corona | CA | 92882 | USA |
| Stowell, Don | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Stowell, Jesse W | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Subino Business Solutions | Bibek Das | 49 Hopyard Road #1 | | | Pleasanton | CA | 94588 | USA |
| Subsidiaries of Dominion Solar Projects III, Inc. | 120 Tredegar St | | | | Richmond | VA | 23219 | USA |
| Sullivan, Jason Paddock | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sullivan, Peter | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Sun Power Corporation Systems | Systems | PO Box 6 | | | San Francisco | CA | 94160 | USA |
| SunE Pleasant Valley SP Owner LLC | 12500 Baltimore Avenue | | | | Beltsville | MD | 20705 | USA |
| SunEdison Semiconductor Ltd. | 501 Pearl Drive | | | | St. Peters | MO | 63376 | USA |
| Sunergy Construction Inc. | 2940 Rubidoux Blvd | | | | Riverside | CA | 92509 | USA |
| SunFusion Solar Electric, Inc | 7766 Arjons Dr | | | | San Diego | CA | 92126 | USA |
| Sungard Avantgard LLC | 23975 Park Sorrento Ste 100 | | | | Calabasas | CA | 91302 | USA |
| Sunlight Solar Energy-Nvt | 50 SE Scott St #13 | | | | Portland | OR | 97702 | USA |
| Sunsational Solar Inc-Solar | 1448 Burton Mesa | | | | Lompoc | CA | 93436 | USA |
| Superior Design International, Inc. | 250 International Drive | | | | Williamsville | NY | 14221 | USA |
| SVT 1100 Perimeter Park, LP | 591 West Putnam Ave | | | | Greenwich | CT | 06830 | USA |
| Swift Fire & Security (National) Ltd | Matthew Elliot House | 64 | | | Salford Quays | | M50 2TS | United Kingdom |
| Systems Electric LLC | 457 Lummistown Rd. | | | | Cedarville | NJ | 08311 | USA |
| T Guzy Enterprises LLC-Solar | 1463 Marchbanks Dr. #2 | | | | Walnut Creek | CA | 94598 | USA |
| Tady, Chad A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Tangent Energy Solutions, Inc. | PO Box 1140 | | | | Kennett Square | PA | 19348 | USA |
| Tangoe, Inc | 35 Executive Blvd. | | | | Orange | CT | 06477 | USA |
| Tavrida Electric North America Inc | 115 Cliveden Ave. | | | | Delta | BC | V3M6G9 | Canada |
| Taylor, Brian E | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Taylor, Daniel | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Tech Mahindra Ltd | Plot no.22 to 25 & 27 to 34, | Hyderabad | | | Telangana State | | 500081 | India |
| Technology Finance Corp. C/O Ascentium Capital LLC | P.O. Box 301593 | | | | Dallas | TX | 75303-1593 | USA |
| Tecsolgeo | 22 Notting Hill Gate, Suite 396 | | | | London | | W1133E | United Kingdom |
| Teeling, Bruce A | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Teracai Corporation Dept. 116004 | PO Box 5211 | Dept. 1164 | | | Binghamton | NY | 13902-5211 | USA |
| Terra Nova Renewable Partners | 270 Park Avenue | | | | Manhattan | NY | 10017 | USA |
| Terrasmart LLC | 9200 Estero Park Commons Blvd | Suite 7 | | | Estero | FL | 33928 | USA |
| Tetra Tech Inc | 350 Indiana Street | Suite 5 | | | Golden | CO | 80401 | USA |
| Texas Commission On Environmental Quality | P.O. Box 13087 | | | | Austin | TX | 78711-3087 | USA |
| The Bloom Organization Of Sj | 1300 Route 73, Suite 106 | | | | Mt. Laurel | NJ | 08054 | USA |
| The Hackett Group | 1001 Brickell Bay Drive Suite 3000 | | | | Miami | FL | 33131 | USA |
| The Hertz Corporation | PO Box 121124 | | | | Dallas | TX | 75312-1124 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Thiel, James | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Thies Jr, Denzil Delane | 55 9th st | Apt 35 | | | San Francisco | CA | 94103 | USA |
| Thomas A. Coleman | 6694 Old U.S. # 1 | | | | Wadley | GA | 30477 | USA |
| Thomson Reuters Tax Accounting Inc | 1500 Spring Garden St 4th Flr | | | | Philadelphia | PA | 19130 | USA |
| Thomson Weir LLC | 420 W Capitol Avenue, | Suite 4 | | | Springfield | IL | 62704 | USA |
| Thresher Communication  & Productivity Inc | 3965 Hamilton Park Dr | | | | San Jose | CA | 95130 | USA |
| Thunderbird Logistics | Interstate Capital Corp. | P.O. Box 915183 | | | Dallas | TX | 75391-5183 | USA |
| Thuraisingham, Ravi | 10420 Majestic Court | | | | Parkland | FL | 33076 | USA |
| Thyssen Krupp Elevator | 2801 Network Blvd Ste 700 | | | | Frisco | TX | 75034 | USA |
| Timothy Derrick | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Tk Hvac & Electrical Services | 11910 N Olive St. | | | | El Mirage | AZ | 85335 | USA |
| TLT Solicitors | Redcliff Street | | | | Bristol | | BS1 6TP | United Kingdom |
| Tomaszewski, John | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Top Quality Services LLC | 66 Melbourne Street | | | | Edison | NJ | 08817 | USA |
| Tordjaman, Ilan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Town Of Andover | Town of Andover - Office of Tax C | P.O. Box 99 | | | Andover | MA | 01810 | USA |
| Town Of Belchertown | Town of Belchertown | P.O. Box 67 | | | Belchertown | MA | 01007-0607 | USA |
| Town Of Berkley Tax Collector | 1 N Main St #3 | | | | Berkley | MA | 02779 | USA |
| Town Of Berlin | 23 Linden St., | | | | Berlin | MA | 01503 | USA |
| Town Of Dartmout | P.O. Box 981003 | | | | Boston | MA | 02298-1003 | USA |
| Town Of Franklin | 355 East Central Street | Municipal Building | | | Franklin | MA | 02038 | USA |
| Town Of Grafton | 30 Providence Rd. | | | | Grafton | MA | 01519 | USA |
| Town Of Holliston Tax Office | Tax Office | P.O. Box 6737 | | | Holliston | MA | 01746 | USA |
| Town Of Mattapoisett | P. O. Box 433 | | | | Mattapoisett | MA | 02739 | USA |
| Town Of Monson | 110 Main Street | | | | Monson | MA | 01057 | USA |
| Town Of Norton Tax Collector | icipality) Town of Norton- | Tax Collector, 7 East Main St. | | | Norton | MA | 02766 | USA |
| Town Of Plymouth | 11 Lincoln Street | | | | Plymouth | MA | 02360 | USA |
| Town Of Rutland | P.O. Box 397 | | | | Fitchburg | MA | 01420 | USA |
| Town Of Salisbury | 5 Beach Road | | | | Salisbury | MA | 01952 | USA |
| Town Of Springfield | PO Box 13 | | | | Springfield | ME | 04487 | USA |
| Town Of Sterling Tax Collector | 1114 Plainfield Pike | | | | Oneco | CT | 06373 | USA |
| Township Of Robbinsville | 1 Washington Blvd | | | | Robbinsville | NJ | 08691 | USA |
| Toyota Motor Credit | Dba: Toyota Financial Services | 191 S. Western Ave. | | | Torrance | CA | 90501 | USA |
| Tr Corona Commerce Center LLC | PO Box 310300 | Property 7411 | | | Des Moines | IA | 50331-0300 | USA |
| Transamerica | 433 Edgewoodrd NE | | | | Cedar Rapids | IA | 52499 | USA |
| Transwood Inc | 2565 St Marys Ave | | | | Omaha | NE | 68101 | USA |
| TRC Companies, Inc. | 21 Griffin Road North | | | | Windsor | CT | 06095 | USA |
| Treasury Alliance Group, LLC | 5 South Washington Street, #435 | | | | Naperville | IL | 60566 | USA |
| Trimark Associates, Inc. | 2365 Iron Point Rd Suite 100 | | | | Folsom | CA | 95630 | USA |
| Trinity Solar | 2211 Allenwood Rd | | | | Wall Township | NJ | 07719 | USA |
| Triple Crown Solar Structures Inc. | 940 Windham CT Ste 7 | | | | Youngstown | OH | 44512-5060 | USA |
| Triple E Farms LLC | 1796 VT Rte 22A | | | | Bridport | VT | 05734 | USA |
| True South Renewables Inc | 1690 Scenic Ave | | | | Costa Mesa | CA | 92626-1410 | USA |
| Ttcal-Vi-Rebt-Col Jackson | 11 Lorong 3 Toa Payoh Block D | | | | Singapore | SG | 319579 | Singapore |
| Tuas Power Supply Pte Ltd | 111 Somerset Road Tripleone | | | | Somerset 13-06 | SG | 238164 | Singapore |
| Tueth Keeney Cooper Mohan & JackstADT P.C. | Jackstadt P.C. | 34 N Meramec #6 | | | St Louis | MO | 63105 | USA |
| Tulare County Tax Collector, Rita A. Woodard | 221 S Mooney Blvd #104E | | | | Visalia | CA | 93291 | USA |
| Turner, Tracey L | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Tuv Sud Cert & Test China Shh | NO. 88, Heng Tong Road | | | | Shanghai | 2 | 200070 | China |
| U S Security Associates | 200 Mansell Court 5th Floor | | | | ROSWELL | GA | 30076 | USA |
| U.S Customs And Border Protection | 6650 Telecom Dr | | | | Indianapolis | IN | 46278 | USA |
| UCPC Limited | Huntingdon Road | Mount Pleasant House | Suite A, Floor 1 | | Cambridge | | CB30RN | United Kingdom |
| United Rentals (North America) Inc. | Inc. 100 First Stamford Place, | Suite 7 | | | Stemford | CT | 06902 | USA |
| United Site Services Of California | 50 Washington St. Suite 1000 | | | | Westborough | MA | 01581 | USA |
| United Site Services Of Maryland, Inc. | 50 Washington St. Suite 1000 | | | | Westborough | MA | 01581 | USA |
| United Site Services, Inc. | 50 Washington St. Suite 1000 | | | | Westborough | MA | 01581 | USA |
| United Steelworkers International Union | 60 Blvd of the Allies | | | | Pittsburgh | PA | 15222 | USA |
| Uria Menendez Abogados S.L.P. | Principe de Vergara, 187: Plaza | | | | Madrid | 28 | 28002 | Spain |
| US Customs & Border Protection | 6650 Telecom Dr | | | | Indianapolis | IN | 46278 | USA |
| US Ecology Texas Inc | 3277 Co Rd 69 | | | | Robstown | TX | 78380 | USA |
| Us Healthworks Medical Group | 1600 Genessee Ste 700 | | | | Kansas City | MO | 64102 | USA |
| US Security Associates Inc | 200 Mansell Court | 5th Floor | | | Roswell | GA | 30076 | USA |
| UTS Environmental | 9000 Liberty Rd | | | | Houston | TX | 77028 | USA |
| V3 Electric | 4972 Robert J Mathews Parkway | | | | El Dorado Hills | CA | 95762 | USA |
| Valliere, Bernard | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Van Patten, Marc C | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vanasse Hangen Brustlin Inc | 101 Walnut Street | Post Office Box 9151 | | | Watertown | MA | 02471 | USA |
| Vaughn Industries LLC | 1201 E. Findlay Street | | | | Carey | OH | 43316 | USA |
| Velocify, Inc | 222 N. Sepulveda Blvd, Suite 1800 | | | | El Segundo | CA | 90245 | USA |
| Vendorpass Inc | 10151 Deerwood Park Blvd Bldg 200 | | | | Jacksonville | FL | 32256 | USA |
| Verizon Communications Inc. | PO Box 660794 | | | | Dallas | TX | 75266-0794 | USA |

SunEdison Inc.
Retained Causes of Action Listing
Claims Related to Potential Avoidance of Prepetition Transfers Under Sections 362, 502, 510, 542, 543, 548, and 550 of the Bankruptcy Code
DRAFT as of 7/6/17

DRAFT- SUBJECT TO MATERIAL CHANGE

| Third Party | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Viasyn Inc | 2440 Camino Ramon | Ste 299 | | | San Ramon | CA | 94583 | USA |
| Viewqwest Pte Ltd | 200 Bukit Timah Road | | | | Singapore | SG | 229862 | Singapore |
| Vikas Desai | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vision Service Plan | 3333 Quality Dr | | | | Rancho Cordova | CA | 95670 | USA |
| Vogt Solar | St Johns Innovation Centre | Cowley Road | | | Cambridge | | CB4 0WS | United Kingdom |
| Volpe, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vortex Web Solutions LLC | 54665 CR 33 | | | | Middlebury | IN | 46540 | USA |
| Voss, Stephen | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vossoughi, Sasan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Vwr Corp | 1050 Satellite Blvd | | | | Suwanee | GA | 30024 | USA |
| W. Joe Shaw, Inc. | 4101 W Pinecrest Dr. | | | | Marshall | TX | 75670 | USA |
| Wade, Kenneth | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Wageworks, Inc. | Corporate Office | | | | San Francisco | CA | 94145-0772 | USA |
| Walters Wholesale Electric Company | 3375 E Slauson Avenue | | | | Vernon | CA | 90058 | USA |
| Watson, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Weber, Andrew J | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Webfilings LLC Dba Workiva | 2900 University Blvd | | | | Ames | IA | 50010 | USA |
| WeGen Solar Inc. | 1511 E Orangethorpe Ave | | | | Fullerton | CA | 92831 | USA |
| Wells Fargo Bank N.A. | P.O. Box 63020 | | | | San Francisco | CA | 94163 | USA |
| Wep Tower D Co L.P | c/o Greenberg Traurig, LLP | Attn: Daniel J. Ansell & Heath Kushnick | 2 Park Avenue | | New York | NY | 10166 | USA |
| Werksmans Attorneys | Private Bag 10015, Sandton | | | | Gauteng | | 2146 | South Africa |
| West Coast Solar, Inc. | 2155 Elkins Way | | | | Brentwood | CA | 94513 | USA |
| Western Oilfield Supply Co | 3404 State Road | | | | Bakersfield | CA | 93308 | USA |
| Westland Resources Inc | 4001 E Paradise Falls Drive | | | | Tucson | AZ | 85712 | USA |
| Westwood Professional Services | Inc. | 7699 Anagram Drive | | | Eden Prairie | MN | 55344 | USA |
| Wfp Tower D Co. L.P. | c/o Greenberg Traurig, LLP | Attn: Daniel J. Ansell & Heath Kushnick | 2 Park Avenue | | New York | NY | 10166 | USA |
| WGL Holdings (Washington Gas/ WGSW Inc.) | 101 Constitution Ave NW | | | | Washington DC | DC | 20001 | USA |
| White, Chris | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Wholesale Carrier Services Inc | 12350 NW 39th ST Ste 101 | | | | Coral Springs | FL | 33065-2418 | USA |
| Wilks Lukoff & Bracegridle LLC | 1300 N Grant Ave #100 | | | | Wilmington | DE | 19806 | USA |
| Willard H. Wheeler | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Williams, Garry Ian | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Williamson, Susan | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Wilmington Trust Company Fees And Payments Unit (other than in capacity as Released Party) | Fees And Payments Unit | Post Office Box 8955 | | | Wilmington | DE | 19899-8955 | USA |
| Wilson, Joshua | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Winmax Systems Corporation | 1551 McCarthy Blvd. Ste 101 | | | | Milpitas | CA | 95035 | USA |
| Wolf, Christina | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Woo Jin An | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Woodlawn Associates | 1 South Wacker Drive, Suite 200 | | | | Chicago | IL | 60606 | USA |
| Woongjin Energy Company Limited | 37, Gwanpyeong-dong | Techno 2-ro | Yuseong-Gu | | Daejoen | | | Korea |
| Wright, Kimberly | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Xcel Energy | Attn: President or General Counsel | Post Office Box 9477 | | | Minneapolis | MN | 55484-9477 | USA |
| Xi'an LONGi Silicon Materials Corp | No. 388, Middle Hangtian Road | | | | Chang'an District | Xi'an City | | China |
| XOOM Solar LLC | 11208 Statesville Rd #200 | | | | Huntersville | NC | 28078 | USA |
| Yavapai County Treasurer | 1015 FAIR ST | | | | Prescott | AZ | 86305-1807 | USA |
| Youneszadeh, Sam | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Zack Darling Creative Associates LLC | 751 4th St., | | | | Santa Rosa | CA | 95404-4407 | USA |
| Zajicek, Christina | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |
| Zero Chaos | 2807 Allen ST 730 | | | | Dallas | TX | 75204 | USA |
| Zglobal Inc. | 604 Sutter Street, Suite 250 | | | | Folsom | CA | 95630 | USA |
| Zhonghuan Semiconductor Corporation | No. 12 East Haitai Road | Huayuan Industrial Park | | | Tianjin | | | China |
| Ziemke, Michael | 2 Cityplace Drive | | | | St. Louis | MO | 63141 | USA |