**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SUNEDISON, INC.**, *et al.*, | Case No. 16-10992 (SMB) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION REGARDING TERMINATION OF O&M AGREEMENT**

This *Stipulation Regarding Termination of O&M Agreement* (this "Stipulation") is made as of August 2, 2017, by and among (a) NVT, Licenses, LLC, Team-Solar Inc. (together with NVT Licenses, LLC, the "Debtor Parties"), and NY SunEdison Residential Services, LLC ("the Non-Debtor SunEdison Party", and together with the Debtor Parties, the "Providers"), and (b) TerraForm Resi Solar I, LLC (the "Owner", and together with the Providers, the "Parties").

**WHEREAS**, the Owner and the Providers are party to an operation, maintenance, and administration services agreement, dated as of June 30, 2015 (the "O&M Agreement") whereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); TerraForm Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

Owner engaged each Provider to perform system services for certain projects located in such Provider's relevant jurisdiction;

**WHEREAS**, the Parties hereto wish to terminate the O&M Agreement in accordance with the terms and conditions of this Agreement;

**WHEREAS**, the Parties have negotiated the termination agreement attached hereto as Exhibit A to provide for the termination.

**NOW, THEREFORE,** it is stipulated and agreed by and among the Parties as follows:

1.  Upon the approval of this Stipulation by the Bankruptcy Court, the Parties shall execute the Termination Agreement.

2.  By their signature hereto, each of the undersigned (a) represents that it has been duly authorized to enter into this Stipulation, in the case of the Debtors, subject to the Bankruptcy Court's approval hereof, and (b) requests that the Bankruptcy Court approve and so order this Stipulation.

3.  This Stipulation may not be modified other than by a signed writing executed by the Parties.

4.  This Stipulation may be signed in counterpart originals as if signed in one original document.

5.  The fourteen day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, is hereby waived.

6.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising under or related to this Stipulation, including any disputes that may arise between or among the Parties, and to interpret, implement, and enforce the provisions of this Stipulation.

Dated: August 2, 2017
     New York, New York

| | |
|---|---|
| NVT Licenses, LLC | Team-Solar, Inc. |
| */s/ Sujay Parikh* | */s/ Sujay Parikh* |
| Name:  Sujay Parikh | Name:  Sujay Parikh |
| Title:  Authorized Signatory | Title:  Authorized Signatory |
| NY SunEdison Residential Services, LLC | SunServe Residential Solar I LLC (formerly TerraForm Resi Solar I, LLC) |
| */s/ Martin Truong* | */r/ Richard C. Butt* |
| Name:  Martin Truong | Name:  Richard C. Butt |
| Title:  Authorized Signatory | Title:  Authorized Signatory |

**IT IS SO ORDERED:**

Dated: August 16, 2017
     New York, New York

                                       /s/ *Stuart M. Bernstein*
                               HONORABLE STUART M. BERNSTEIN
                               UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

This termination agreement (the "**Agreement**") is made as of August 2, 2017 (the "**Effective Date**") among:

NVT Licenses, LLC

("**NVT**")

and

Team-Solar Inc.

("**Team Solar**")

and

NY SunEdison Residential Services, LLC

("**NY SunEd**")

(each of NVT, Team Solar and NY SunEd a "**Provider**" and collectively the "**Providers**")

and

SUNSERVE RESIDENTIAL SOLAR I LLC (FORMERLY TerraForm Resi Solar I, LLC) ("**Owner**")

**Recitals**:

(A)    The Owner and the Providers are party to an operation, maintenance, and administration services agreement, dated as of June 30, 2015 (the "**O&M Agreement**") whereby Owner engaged each Provider to perform System Services for certain Projects located in such Provider's relevant jurisdiction. operations and maintenance services and asset management services

(B)    The parties hereto wish to terminate the O&M Agreement in accordance with the terms and conditions of this Agreement.

**NOW THEREFORE**, for value and consideration, the receipt and sufficiency is hereby acknowledged, the parties hereto agree as follows:

1

1     **Definition and Interpretation**

1.1   **Definitions.** The following terms and expressions shall have the meanings set out below.

"**Claims**" has the meaning given to that term in Section 4;

"**Notice**" has the meaning given to that term in Section 6.5 (*Notices*);

"**O&M Agreement**" has the meaning given to it in the Recitals;

"**O&M Released Parties**" has the meaning given to that term in Section 4;

"**Projects**" has the meaning ascribed to it in the O&M Agreement;

"**System Services**" has the meaning ascribed to it in the O&M Agreement; and

"**Termination Date**" means August 2, 2017.

1.2   **Singular, Plural, Gender.** References to one gender include all genders and references to the singular include the plural and vice versa.

1.3   **References to Persons and Companies.** References to a person include any company, partnership, limited partnership, limited liability corporation or unincorporated association (whether or not having separate legal personality), and references to a company shall include any company, corporation or any body corporate, wherever incorporated.

1.4   **Schedules etc.** References to this Agreement shall include any Recitals and Schedules to it and references to Sections and Schedules are to Sections of, and Schedules to, this Agreement. References to paragraphs and Parts are to paragraphs and Parts of the Schedules.

1.5   **Headings.** Headings shall be ignored in interpreting this Agreement.

1.6   **Non-limiting Effect of Words.** The words "including", "include", "in particular" and words of similar effect shall not be deemed to limit the general effect of the words that precede them.

2

2  **Termination of Agreements**

2.1  Each of the Owner and the Providers hereby agree that, as of the Termination Date, the O&M Agreement is terminated with no further force or effect.

3  **Interim Services**

3.1  Owner acknowledges and agrees that the Providers will have no obligation to provide any transition services with respect to the Projects or the O&M Agreement.

4  **Releases**

Notwithstanding any provision in the O&M Agreement, the Owner, on the one hand, and each of the Providers, on the other hand, irrevocably and unconditionally releases and forever discharges each other and each of their respective current and former directors, officers, shareholders, partners, trustees, employees, predecessors and successors, and each of their respective heirs, executors, estate trustees and assigns, as applicable, (the "**O&M Released Parties**") of and from any and all actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, claims, liabilities, obligations, demands and damages (collectively "**Claims**") of every nature and description, at common law, tort, contract, equity, statute or otherwise which any O&M Released Party now has or ever had or hereafter may have arising out of the O&M Agreement. It is further agreed that no O&M Released Party shall make any Claim against any person in relation to the subject matter of the O&M Agreement if any Claim should arise against an O&M Released Party for contribution or indemnity or any other relief over.

5  **Representations and Warranties**

Each party hereto represents and warrants to each of the other parties that, as at the date of this Agreement:

(i)  it is duly constituted, organized and validly existing under the laws of the jurisdiction of its incorporation;

(ii)  it has the legal right and full power and authority to execute and deliver, and to exercise its rights and perform its obligations under, this Agreement and all the documents which are to be executed by it as contemplated by this Agreement; and

3

(iii) nothing contained in this Agreement will result in a breach of any provision of its constitutional documents or result in a breach of any agreement, licence or other instrument, order, judgment or decree of any court, governmental agency or regulatory body to which it is bound.

## 6 Other Provisions

### 6.1 Entire Agreement

6.1.1 This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and (to the extent permissible by law) supersedes all prior representations or oral or written agreements between the parties with respect to that subject matter.

6.1.2 Each party acknowledges that it has not been induced to enter into this Agreement by any representation, warranty or undertaking not expressly incorporated into it.

### 6.2 Publicity and Public Announcements

A party must not make any public announcement or issue any circular relating to this Agreement without the prior written approval of the other parties. This does not affect any announcement or circular required by law or any regulatory body or the rules of any recognised stock exchange, but the party with an obligation to make an announcement or issue a circular shall consult with the other parties so far as is reasonably practicable before complying with such obligation.

### 6.3 Reasonableness

Each party to this Agreement confirms it has received independent legal advice relating to all the matters provided for in this Agreement and agrees, having considered the terms of such Sections and the Agreement as a whole, that the provisions of such Sections and this Agreement are fair and reasonable.

### 6.4 Assignment

This Agreement shall be binding on and inure to the benefit of the parties and their successors and permitted assigns. The parties may not assign or novate all or any part of their rights or obligations under this Agreement, nor any benefit arising under

or out of this Agreement, without the prior written consent of the other parties (not to be unreasonably withheld or delayed).

6.5 **Notices**

    6.5.1 Any notice or other communication in connection with this Agreement (each, a "**Notice**") shall be:

        (i) in writing;

        (ii) delivered by hand or registered post or courier.

    6.5.2 If to a Provider:

    Attn: Martin Truong, General Counsel
    SunEdison Inc.
    Two CityPlace Drive, 2nd Floor
    St. Louis, MO 631141

    If to Owner:

    Sebastian Deschler
    SVP & General Counsel
    TerraForm Power
    7550 Wisconsin Ave
    Bethesda, MD 20814

    sdeschler@terraform.com

    6.5.3 A Notice shall be effective upon receipt and shall be deemed to have been received:

        (i) 48 hours after posting, if delivered by registered post; or

        (ii) at the time of delivery, if delivered by hand or courier.

6.6 **Invalidity**

    6.6.1 If any provision in this Agreement shall be held to be illegal, invalid or unenforceable, in whole or in part, the provision shall apply with whatever

deletion or modification is necessary so that the provision is legal, valid and enforceable and gives effect to the commercial intention of the parties.

6.6.2 To the extent it is not possible to delete or modify the provision, in whole or in part, under this Section 6.6 then such provision or part of it shall, to the extent that it is illegal, invalid or unenforceable, be deemed not to form part of this Agreement and the legality, validity and enforceability of the remainder of this Agreement shall, subject to any deletion or modification made under this Section 6.6, not be affected.

6.7 **No Consequential Damages**

NO PARTY HERETO SHALL BE LIABLE TO ANY OTHER PARTY HERETO FOR ANY SPECIAL, PUNITIVE, EXEMPLARY, INDIRECT, OR CONSEQUENTIAL DAMAGES OR LOSSES OR DAMAGES FOR LOST REVENUE OR LOST PROFITS, WHETHER FORESEEABLE OR NOT, ARISING OUT OF, OR IN CONNECTION WITH THIS AGREEMENT.

6.8 **Counterparts**

This Agreement may be entered into in any number of counterparts all of which taken together shall constitute one and the same instrument. Any party may enter into this Agreement by executing any such counterpart. Delivery of an executed counterpart in an unalterable electronic format (including Portable Document Format (.pdf)) shall be deemed delivery of an original and shall bind such party.

6.9 **Governing Law and Submission to Jurisdiction**

This Agreement and any dispute or claim arising out of or in connection with it or its subject matter or formation shall be construed and governed in accordance with the New York law.

[signature page immediately follows]

6

In witness whereof this Agreement has been duly executed by the Parties as of the date first above written.

NVT Licenses, LLC

By: _____

Name: Sujay Parikh

Title: Secretary and General Counsel


Team-Solar Inc.

By: _____

Name: Sujay Parikh

Title: Vice President


NY SunEdison Residential Services, LLC

By Sun Edison LLC, its sole member

By: _____

Name: Martin Truong

Title: Authorized Representative

7

SUNSERVE RESIPORTIM SOLAR I LLC (formerly TerraForm Resi Solar I, LLC)

By: _____

Name: Richard C Bur

Title: Chief Financial Officer

8