UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SUNEDISON, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-10992 (SMB)<br><br>Jointly Administered |

**DECLARATION OF TIMOTHY J. PERLA IN SUPPORT OF THE YIELDCOS'
RESPONSE TO THE OBJECTION OF CARLOS DOMENECH ZORNOZA AND
FRANCISCO PEREZ GUNDIN TO THE DEBTORS' MOTION FOR ORDER
PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 363(B), AND
BANKRUPTCY RULES 6004 AND 9019, AUTHORIZING AND APPROVING D&O
INSURANCE ALLOCATION AGREEMENT**

I, Timothy J. Perla, Esq., make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare as follows:

1.   I am a Partner in the law firm of WilmerHale, and am counsel to TerraForm Global, Inc. ("Global") in litigation brought against Global under the federal securities laws, including cases in which Carlos Domenech Zornoza and Francisco Perez Gundin are also named as defendants. I am also counsel to Global in the "whistleblower" claims brought against Global by Messrs. Domenech and Perez. I make this declaration based on my personal knowledge.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); and TerraForm Private Holdings, LLC (5993). The address of the Debtors' corporate headquarters is 13736 Riverport Dr., Maryland Heights, Missouri 63043.

2. Over the course of negotiations concerning the Insurance Allocation Agreement (the "Agreement"), I on numerous occasions via e-mail provided Kevin O'Connor (counsel to Messrs. Domenech and Perez) with then-current drafts of the Agreement, so that they could keep apprised of the negotiations and offer comments or views.

3. On August 14, 2017, I sent the then-current draft of the Agreement to Mr. O'Connor. He sent me an e-mail raising the following concern with respect to his clients' whistleblower claims: "We are uncomfortable with the release language description in ¶¶ 8 - 9 and 13, and want [sic] sign off on any releases of our clients. We cannot agree to any settlements that involve releases by our clients of any of the defendants in their whistleblower cases, which this language does not preclude."

4. I understood counsel to be raising a concern that settlement agreements subsequently entered in any cases involving Messrs. Domenech and/or Perez as defendants (*i.e.*, securities actions) could include releases *by* Messrs. Domenech and Perez of their whistleblower claims.

5. Because that was not what the Agreement provided, and because Global had no intention of using any settlement agreements to force Mr. Domenech and Perez to release their whistleblower claims, I responded, "Response: You should propose an edit. I certainly do not intend for anything in this agreement, or any class settlement, to cause your clients to release their claims. Add that expressly if you want."

6. Counsel for Messrs. Perez and Domenech never proposed an edit to address the above issue.

Dated: September 27, 2017

Boston, Massachusetts

_____
Timothy J. Perla