Hearing Date: April 26, 2018 at 10:00 a.m. (ET)
Objection Deadline: April 19, 2018 at 4:00 p.m. (ET)

COLE SCHOTZ P.C.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
David R. Hurst
Daniel F.X. Geoghan

*Counsel to the SunEdison Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SUNEDISON, INC., *et al.*, | Case No. 16-10992 (SMB) |
| Reorganized Debtors.[1] | (Jointly Administered) |

**NOTICE OF SUNEDISON LITIGATION TRUST'S MOTION FOR ORDER**
**ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**
**PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE that the SunEdison Litigation Trust (the "Trust")

hereby files the SunEdison Litigation Trust's Motion for Order Establishing Procedures

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669).  The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

Governing Adversary Proceedings Pursuant to Sections 502, 547, 548 and 550 of the

Bankruptcy Code (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held

before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge for the Southern

District of New York, in the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, Courtroom 723, New York, New York 10004 (the "Bankruptcy

Court"), on **April 26, 2018 at 10:00 a.m.** (**Eastern Time**), or as soon thereafter as counsel may

be heard.

PLEASE TAKE FURTHER NOTICE that responses or objections to the Motion

and the relief requested therein, if any, must be made in writing and (a) filed with the Bankruptcy

Court no later than 4:00 p.m. (Eastern Time) on April 19, 2018 (the "Objection Deadline") and

(b) served so as to be actually received by the following parties by the Objection Deadline:

(i) the SunEdison Litigation Trust, c/o Drivetrain, LLC as Trustee, 630 Third
Avenue, 21st Floor, New York, NY 10017, Attn: Tim Daileader;

(ii) counsel to the SunEdison Litigation Trust, Cole Schotz P.C., 1325 Avenue of
the Americas, 19th Floor, New York, NY 10019, Attn: David R. Hurst (dhurst@coleschotz.com)
and Daniel F.X. Geoghan (dgeoghan@coleschotz.com);

(iii) the Reorganized Debtors, SunEdison, Inc., Two CityPlace Drive, 2nd floor,
St. Louis, MO 63141;

(iv) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom
LLP, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman
(Jay.Goffman@skadden.com) and J. Eric Ivester (Eric.Ivester@skadden.com); and 155 North
Wacker Dr., Chicago, IL 60606, Attn: James J. Mazza, Jr. (James.Mazza@skadden.com) and
Louis S. Chiappetta (Louis.Chiappetta@skadden.com); and Togut, Segal & Segal LLP, One
Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald
(foswald@teamtogut.com) and Brian F. Moore (bmoore@teamtogut.com);

(v) the Office of the United States Trustee, U.S. Federal Office Building, 201
Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg
(Paul.Schwartzberg@usdoj.gov);

(vi) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement, Latham & Watkins, 330 North Wabash Avenue, Suite 2800, Chicago, IL, Attn: Richard Levy (richard.levy@lw.com) and Brad Kotler (brad.kotler@lw.com);

(vii) counsel to the Tranche B Lenders and the steering committee of the second lien creditors, Akin Gump Strauss Hauer & Field, LLP, One Bryant Park, Bank of America Tower, New York, NY, 10036, Attn: Arik Preis (apreis@akingump.com) and Naomi Moss (nmoss@akingump.com);

(viiii) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036, Attn: Daniel S. Brown (daniel.brown@pillsburylaw.com);

(ix) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement and the indenture trustee under each of the Debtors' outstanding bond issuances, WilmerHale, 7 World Trade Center, New York, NY 10007, Attn: Andrew Goldman (andrew.goldman@wilmerhale.com);

(x) the Office of the United States Attorney for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007;

(xi) counsel to the administrative agent under the postpetition debtor-in-possession financing facility, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Scott Greissman (sgreissman@whitecase.com) and Elizabeth Feld (efeld@whitecase.com);

(xii) counsel to the ad hoc group of certain holders of the Debtors' convertible senior notes, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787, Attn: Tom Lauria (tlauria@whitecase.com);

(xiii) counsel to TerraForm Power, Inc. and TerraForm Global, Inc., Sullivan & Cromwell, 125 Broad Street, New York, NY 10004, Attn: Michael H. Torkin (torkinm@sullcrom.com), Andrew G. Dietderich (dietdericha@sullcrom.com), John L. Hardiman (hardimanj@sullcrom.com) and David R. Zylberberg (zylberbergd@sullcrom.com);

(xiv) the Internal Revenue Service, 290 Broadway, New York, NY 10007, Attn: District Director;

(xv) the Securities and Exchange Commission, 200 Vesey Street, Suite 400, New York, NY 10281, Attn: Bankruptcy Department; and

(xvi) all transferees potentially subject to the proposed procedures governing adversary proceedings.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the Motion, with proof of service, is filed with the Bankruptcy Court and a courtesy copy delivered to the Honorable Stuart M. Bernstein's chambers by the Objection Deadline, the Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order attached to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
       March 20, 2018

COLE SCHOTZ P.C.

/s/ David R. Hurst
David R. Hurst
Daniel F.X. Geoghan
1325 Avenue of the Americas
19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Counsel to the SunEdison Litigation Trust*

COLE SCHOTZ P.C.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
David R. Hurst
Daniel F.X. Geoghan

*Counsel to the SunEdison Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SUNEDISON, INC., *et al.*, | : | Case No. 16-10992 (SMB) |
| | : | |
| Reorganized Debtors.[1] | : | (Jointly Administered) |
| | : | |

**SUNEDISON LITIGATION TRUST'S MOTION FOR ORDER**
**ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**
**PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

The SunEdison Litigation Trust (the "Trust") hereby moves (the "Motion"),

pursuant to sections 102(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669).  The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

1532 (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order substantially in the form

attached hereto as Exhibit A (the "Proposed Procedures Order"), establishing the procedures

attached to such order as Exhibit 1 (the "Proposed Procedures") to govern adversary proceedings

commenced by the Trust pursuant to sections 502, 547, 548 and 550 of the Bankruptcy Code.[2]

In support of the Motion, the Trust respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Consideration of the Motion is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A), (B), (F), (H) and (O).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and

1409(a).

## BACKGROUND

3.      Beginning on April 21, 2016 (the "Petition Date"), the above-captioned

reorganized debtors (collectively, the "Debtors") filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

4.      On March 28, 2017, the Debtors filed their Joint Plan of Reorganization of

SunEdison, Inc. and its Debtor Affiliates [Docket No. 2671] (as amended from time to time, the

"Plan").

---

[2]     The Proposed Procedures shall govern all adversary proceedings commenced by the Trust pursuant to sections
502, 547, 548 and 550 of the Bankruptcy Code, unless the complaint initiating a particular adversary proceeding
states that such procedures shall not be applicable to that action.

5.      On July 28, 2017, the Court entered the Findings of Facts, Conclusions of Law and Order Confirming Second Amended Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates [Docket No. 3735] (the "Confirmation Order"), thereby approving the Plan and the GUC/Litigation Trust Agreement (the "Litigation Trust Agreement").  On December 29, 2017, the Plan became effective [Docket No. 4495] (the "Effective Date").

6.      On the Effective Date, all of the Debtors' rights, title and interests in the Avoidance Actions (as defined below), were transferred to the Trust, and Drivetrain, LLC was appointed as the trustee (the "Litigation Trustee") for the Trust.  Pursuant to the Litigation Trust Agreement, the Trust was charged with investigating and prosecuting such causes of action.

7.      To date, the Trust has caused demand letters (the "Demand Letters") to be sent to more than 650 transferees requesting the return of transfers the Trust believes may be avoidable pursuant to sections 502, 547, 548 and 550 of the Bankruptcy Code.  Since the Demand Letters were sent, the Trust has worked with each transferee that responded to a Demand Letter to evaluate the particular defenses raised by that responding transferee.

8.      The statute of limitation applicable to avoidance actions runs on April 20, 2018, and the Trust anticipates filing adversary proceedings (each, an "Avoidance Action" and, collectively, the "Avoidance Actions") against many of the transferees identified by the Trust (each, a "Defendant" and, collectively, the "Defendants"), thereby seeking to avoid and recover transfers pursuant to sections 502, 547, 548 and 550 of the Bankruptcy Code.

## RELIEF REQUESTED

9.      By this Motion, the Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Procedures Order implementing the Proposed Procedures to govern the prosecution of the Avoidance Actions.  The Proposed Procedures are

intended to avoid burdening the Court with the logistical challenges of handling hundreds of

Avoidance Actions, and to permit and facilitate a fair and efficient resolution of such litigation,

thus enabling the parties to bring the Avoidance Actions to a swift conclusion in an efficient and

cost-effective manner.

10.     In general, the Proposed Procedures seek to: (a) extend the Defendants'

time to answer complaints up to an additional 90 days (*i.e.*, up to three (3) separate thirty (30)

day extensions); (b) prohibit the filing of dispositive motions in each Avoidance Action until

after such action has been mediated (to the extent such action is not settled); (c) stay formal

discovery in each Avoidance Action until after such action has been mediated (to the extent such

action is not settled); and (d) establish procedures for the mediation of each Avoidance Action.

11.     In addition, if the Court authorizes the Proposed Procedures, the Trust

proposes providing the Court with a written status update ninety (90) days after entry of the

Proposed Procedures Order (and every 90 days thereafter).  Each written report will list the status

of each Avoidance Action and include the following information about each Avoidance Action,

as applicable: (i) the case name and adversary proceeding number; (ii) the date the summons was

served; (iii) the date a responsive pleading was filed or is due; (iv) the date a Notice of Mediator

Selection (as defined in the Proposed Procedures) was filed and the name of the selected

Mediator (as defined in the Proposed Procedures); (v) the date the Mediator's Report (as defined

in the Proposed Procedures) was filed; (vi) whether the Avoidance Action has been consensually

resolved; and (vii) the date on which any pretrial scheduling conference is scheduled or was held.

12.     The Trust believes that the Proposed Procedures will maximize the

potential for settlement of the Avoidance Actions before trial, either through negotiations or as a

result of the mediation process.  Absent the Proposed Procedures requested in this Motion, the

Trust and the Defendants may be forced to prematurely litigate the Avoidance Actions, which will not benefit the Trust's beneficiaries or the Defendants, and will unnecessarily burden the Court.

**BASIS FOR RELIEF**

13.    The Trust seeks entry of the Proposed Procedures Order pursuant to sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 7016, 7026 and 9006, and General Order M-452 of the Court.

14.    Bankruptcy Rule 7016 affords courts significant flexibility and discretion in adopting and implementing procedures, such as the Proposed Procedures, in order to facilitate the "just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16 (made applicable pursuant to Bankruptcy Rule 7016). Bankruptcy Rule 7016 also provides that courts may enter scheduling and other orders that limit the time to file motions and to complete discovery. In addition, Bankruptcy Rule 7016 provides that such orders may include modifications of the disclosures required under Bankruptcy Rule 7026, dates for conferences and trials and any other matters appropriate under the circumstances of the case. *See* Fed. R. Civ. P. 16.

15.    In addition to Bankruptcy Rule 7016, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That provision provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

16.     In addition to these statutory predicates, courts in this District have entered orders providing for relief similar to the Proposed Procedures in cases in which a debtor, creditors' committee or trustee anticipates filing a large number of avoidance actions. *See, e.g.*, *In re Dewey & LeBoeuf LLP*, Case No. 12-12321 (MG) (Bankr. S.D.N.Y. Dec. 4, 2013) (Docket No. 1750); *In re BGI, Inc. f/k/a Borders Group, Inc.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Oct. 23, 2012) (Docket No. 2922); *In re Creative Group, Inc.*, Case No. 08-10975 (RDD) (Bankr. S.D.N.Y. July 8, 2010) (Docket No. 421); *In re Lehman Brothers Inc.*, Case No. 08-01420 (JMP) (Bankr. S.D.N.Y. Mar. 22, 2010) (Docket No. 2894).[3]

17.     The Trustee believes that the Proposed Procedures will provide for an efficient means of resolving the Avoidance Actions through the informal exchange of information and documentation, and without the substantial costs of formal discovery and litigation.  Further, even if the Proposed Procedures do not result in the resolution of a particular Avoidance Action, the mediation process will be beneficial as it will allow the parties to understand the issues in dispute and therefore be more focused and efficient going forward. Finally, the Proposed Procedures are consistent with the Bankruptcy Rules, the Local Bankruptcy Rules and General Order M-452 and are designed to further the goals of judicial economy and efficiency.

## NOTICE

18.     Notice of this Motion shall be given to (a) the Reorganized Debtors and their counsel; (b) the Office of the United States Trustee for the Southern District of New York;

---

[3]     Copies of these orders are not attached to this Motion.  However, upon request, copies of these orders will be provided to any party requesting them.

(c) counsel to the administrative agent under the Debtors' prepetition first lien credit agreement;

(d) counsel to the Tranche B Lenders and the steering committee of the second lien creditors;

(e) counsel to the administrative agent under the Debtors' prepetition second lien credit agreement; (f) counsel to the collateral trustee under the Debtors' prepetition second lien credit agreement; (g) counsel to the indenture trustee under each of the Debtors' outstanding bond issuances; (h) the U.S. Attorney for the Southern District of New York; (i) counsel to the administrative agent under the Debtors' postpetition debtor-in-possession financing facility; (j) counsel to the ad hoc group of certain holders of the Debtors' convertible notes; (k) counsel to TerraForm Power, Inc. and TerraForm Global, Inc.; (l) the Internal Revenue Service; (m) the Securities and Exchange Commission; and (n) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, including all transferees potentially subject to the Proposed Procedures.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19.    No other or prior motion for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Trust respectfully requests that the Court (a) enter the

Proposed Procedures Order, substantially in the form attached hereto as <u>Exhibit A</u>, approving

the Proposed Procedures; and (b) grant such other and further relief as the Court deems just and

proper.

Dated: New York, New York
       March 20, 2018

COLE SCHOTZ P.C.

/s/ David R. Hurst
David R. Hurst
Daniel F.X. Geoghan
1325 Avenue of the Americas
19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393

*Counsel to the SunEdison Litigation Trust*

<u>EXHIBIT A TO MOTION</u>

<u>Proposed Procedures Order</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | : |
| In re: | : Chapter 11 |
| | : |
| SUNEDISON, INC., *et al.*, | : Case No. 16-10992 (SMB) |
| | : |
| Reorganized Debtors.[1] | : (Jointly Administered) |
| | : |

**ORDER GRANTING SUNEDISON LITIGATION TRUST'S MOTION FOR ORDER
ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE**

Upon consideration of the SunEdison Litigation Trust's Motion for Order

Establishing Procedures Governing Adversary Proceedings Pursuant to Sections 502, 547, 548

and 550 of the Bankruptcy Code (the "Motion")[2]; and the Court having jurisdiction to consider

the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under

28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing that

no other or further notice need be provided; and approval of the Motion being in the best

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669).  The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

[2]    Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

interests of the SunEdison Litigation Trust, creditors and all parties in interest; and after due

deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       The procedures governing all parties to the Avoidance Actions, which

procedures are attached hereto as Exhibit 1 (the "Avoidance Action Procedures"), are hereby

approved and shall govern the Avoidance Actions, effective as of the date of this Order;

provided, however, that the Avoidance Action Procedures shall not apply to any adversary

proceeding in which the complaint initiating such adversary proceeding states that such

procedures are not applicable.

3.       The SunEdison Litigation Trust shall file a written status update ninety

(90) days after entry of this Order (and every ninety (90) days thereafter).  Each written report

shall list the status of each Avoidance Action and include the following information about each

Avoidance Action, as applicable: (i) the case name and adversary proceeding number; (ii) the

date the summons was served; (iii) the date a responsive pleading was filed or is due; (iv) the

date a Notice of Mediator Selection (as defined in the Avoidance Action Procedures) was filed

and the name of the selected Mediator (as defined in the Avoidance Action Procedures); (v) the

date the Mediator's Report (as defined in the Avoidance Action Procedures) was filed;

(vi) whether the Avoidance Action has been consensually resolved; and (vii) the date on which

any pretrial scheduling conference is scheduled or was held.

4.       The Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules

shall apply to the Avoidance Actions, except to the extent that they conflict with the Avoidance

Action Procedures.

5.      The time periods set forth in this Order and the Avoidance Action

Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      The Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: _____, 2018
        New York, New York

_____
Honorable Stuart M. Bernstein
United States Bankruptcy Judge

## <u>EXHIBIT 1 TO ORDER</u>

### <u>Avoidance Action Procedures</u>

These procedures (the "<u>Avoidance Action Procedures</u>") apply to adversary proceedings (each, an "<u>Avoidance Action</u>" and, collectively, the "<u>Avoidance Actions</u>") commenced by the SunEdison Litigation Trust (the "<u>Trust</u>") seeking to avoid and recover transfers pursuant to sections 502, 547, 548 and 550 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that the Avoidance Action Procedures shall not apply to any adversary proceeding in which the complaint initiating such adversary proceeding states that such procedures are not applicable.

**A.    Stipulation to Extend Time for Defendants to Respond to the Complaint; Mediation Before Response**

1.    Without further order of the Court, the Trust and any Avoidance Action defendant (each, a "<u>Defendant</u>" and, together with the Trust, the "<u>Parties</u>") may stipulate in writing to up to three (3) separate extensions of time for a Defendant to respond (the "<u>Response</u>") to an Avoidance Action complaint (the "<u>Response Due Date</u>"), with each extension to be no more than thirty (30) days.  The stipulation can be documented via electronic mail and shall not be filed.

2.    If the Parties jointly agree in writing (which writing shall be filed in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending.  If the mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional thirty (30) days following the completion of mediation and the filing of the mediator's report (the "<u>Mediator's Report</u>").

3.    Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion or by stipulation of the Trust and Defendant, approved by order of the Court.

**B.    Stay of Requirement to Conduct Pretrial Conference**

The conference required by Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, shall be stayed until the completion of mediation and the filing of the Defendant's Response.  If an Avoidance Action is not resolved through mediation or otherwise, then upon the later of (i) the filing of the Mediator's Report and (ii) the filing of the Defendant's Response, the Trust shall file with the Court and serve on the Defendant a notice of pretrial scheduling conference (the "<u>Pretrial Scheduling Conference</u>") to take place in the adversary proceeding at the next-scheduled omnibus Hearing; <u>provided</u>, <u>however</u>, that a minimum of fourteen (14) days' notice of the Pretrial Scheduling Conference is required.

C.    **Stay of Requirement to Conduct Rule 26(f) Conference**

The conference required by Federal Rule of Civil Procedure 26(f), made applicable pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), shall be stayed until the completion of mediation and the filing of the Defendant's Response.  If an Avoidance Action is not resolved through mediation or otherwise, then upon the later of (i) the filing of the Mediator's Report and (ii) the filing of the Defendant's Response, the Parties shall conduct a Rule 26(f) conference and submit a proposed discovery scheduling order (the "Scheduling Order") to the Court prior to or at the Pretrial Scheduling Conference.

D.    **Stay of Discovery**

All formal discovery, including Rule 26 disclosures, shall be stayed until after a Scheduling Order is entered and after the Pretrial Scheduling Conference has occurred in accordance with these Avoidance Action Procedures; provided, however, this stay of discovery shall in no way preclude the Parties from informally exchanging documents and other information in an attempt to resolve an Avoidance Action in advance of, or during, the mediation process.

E.    **Settlement of Avoidance Actions**

As provided in Section 7.6(b) of the Second Amended Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates [Docket No. 3735] (the "Plan"), the Trust is authorized to compromise or settle the Avoidance Actions without Court approval.

F.    **Stay of Filing Dispositive Motions Until After Mediation**

Defendants are prohibited from filing any dispositive motions, including but not limited to any motions under Federal Rule of Civil Procedure 12(b)(1) to (7) (made applicable by Bankruptcy Rule 7012) and under Federal Rule of Civil Procedure 56 (made applicable by Bankruptcy Rule 7056), until after the filing of a Mediator's Report stating that the mediation has concluded and a settlement has not been reached.

G.    **Mediation Procedures and Requirements**

1.    To the extent an Avoidance Action has not been resolved and/or settled within thirty (30) days after a Response is filed, then such Avoidance Action shall be referred to mandatory mediation (unless such mediation already has occurred pursuant to Section A.2 hereof).

2.    Within two (2) weeks after (i) an Avoidance Action has been referred to mediation pursuant to Section G.1 hereof or (ii) the Parties have agreed to enter mediation pursuant to Section A.2 hereof (the "Mediation Deadline"), the Parties shall jointly select a mediator (the "Mediator") from the list of mediators (the

"Mediator List") attached hereto as <u>Exhibit A</u>.[1]  The Trust shall file on the respective adversary proceeding docket a notice of mediator selection (the "<u>Notice of Mediator Selection</u>") on or before the Mediation Deadline.  If the Parties are unable to agree on a mediator on or before the Mediation Deadline, the Trust shall request that the Court appoint a mediator from the register of mediators maintained by the United States Bankruptcy Court for the Southern District of New York.

3.    Promptly after the filing of the Notice of Mediator Selection, the Trust and Defendant's counsel (or the Defendant, if appearing *pro se*) shall jointly contact the selected Mediator to discuss the mediation.  The mediation will be scheduled within sixty (60) days of the filing of the Notice of Mediator Selection.

4.    The Parties shall provide the Mediator, and exchange with each other, a copy of their position statements ("<u>Position Statements</u>"), which may not exceed fifteen (15) pages double-spaced in 12 point type (exclusive of exhibits and schedules), at least ten (10) days prior to the scheduled mediation.  The Mediator also may require the Parties to (i) provide to the Mediator any relevant papers and exhibits and (ii) exchange documents.

5.    The mediation shall take place in New York, New York and shall be held at the law office of the Trust's counsel, the Mediator's office, or at another location agreed upon by the Mediator, the Trust and the Defendant (which can be outside of New York, New York if agreed to by the Parties and Mediator with costs split as set forth below).

6.    Except as set forth herein, the mediation shall be conducted in accordance with General Order M-452 which is available on the Court's website (http://www.nysb.uscourts.gov/).

7.    The Mediator will preside over the mediation with full authority to determine the nature and order of the Parties' presentations and with full authority to implement any additional procedures which are reasonable and practical under the circumstances.

8.    The length of time necessary to effectively complete the mediation will be within the Mediator's discretion.  The Mediator also may adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the Parties.

---

[1]    Upon notice to the Court, the Trust may add one or more mediators to the Mediator List provided that (i) any additional mediator is on the register of mediators maintained by the United States Bankruptcy Court for the Southern District of New York and (ii) the Trust represents in the notice that the proposed mediator has no conflict of interest that prevents him/her from serving as a mediator.

9.      The Parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution.  The mediation(s) shall be attended in person by (i) a representative of the Defendant with full settlement authority (and if Defendant is represented by counsel, its counsel) and (ii) counsel for the Trust (with full settlement authority).

10.     The mediation shall be conducted so as to be completed within one hundred and twenty (120) days after the date the Notice of Mediator Selection is filed, which deadline may be extended by the mutual consent of the Trust, the Defendant and the Mediator.

11.     Within ten (10) days after the conclusion of each mediation, the Mediator shall file a Mediator's Report in the respective Avoidance Action, which shall be limited to stating only (i) whether the Avoidance Action settled or did not settle; (ii) the date or dates the mediation took place; and (iii) the names of the Parties and/or counsel who attended.

12.     Upon notice and a hearing, a Party's failure (i) to submit the required Position Statement or other submissions as provided in these Avoidance Action Procedures or as may be agreed to by the Mediator or ordered by the Court, or (ii) to attend the mediation, may result in a default judgment being obtained against the Defendant or dismissal of the action, or the imposition of other sanctions as may be appropriate under the circumstances.  The Mediator shall promptly file with the Court a notice when any Party fails to comply with the mediation provisions in these Avoidance Action Procedures.

13.     The fees and reasonable and actual expenses of the Mediator shall be shared equally by the Parties on a per case basis.  The Mediator's fees shall be fixed as follows:

(a)     cases with a claim amount (as reflected in the complaint) of less than $250,000: $2,500 per Party, per case;

(b)     cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $3,000 per Party, per case; and

(c)     cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $3,500 per Party, per case.

14.     If the Parties mutually request that a Mediator travel from New York City to some other location for mediation and the Mediator agrees to the location, the Mediator's fee shall increase by $750 per Party, per case.

15.     The full fees and expenses of the Mediator shall be paid by any Party that cancels or fails to appear at mediation unless the Party notifies the Mediator of the cancellation by facsimile or electronic mail by 5:00 p.m. Eastern Time on the day one week in advance of the scheduled mediation date (*e.g.*, if the mediation is

scheduled for a Monday, notice of cancellation must be given no later than the previous Monday at 5:00 p.m. Eastern Time).

16.     Each Party shall pay its portion of the Mediator's fee at least five (5) days before the commencement of mediation.  The Parties shall each pay half (50%) of the Mediator's reasonable and actual expenses, per case, within fourteen (14) days after billing by the Mediator; provided, however, that if a Defendant fails to timely pay a bill for a Mediator's fees or expenses, the Trust may pay the bill and recover such sum as part of a default judgment.  The Parties and the Mediator may enter into an agreement for the Mediator to continue his or her efforts after the conclusion of the formal mediation session, on such terms as may be agreed upon among the Mediator and all Parties.

17.     Without the prior consent of both Parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a Party.  If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (i) the Mediator shall not personally participate in the representation of that Defendant; (ii) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (iii) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator.  The Mediator's participation in mediation pursuant to these Avoidance Action Procedures shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

18.     The Mediator shall not be called as a witness by any Party.  No Party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (i) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (ii) shall be liable to any Party for any act or omission in connection with any mediation conducted under these Avoidance Action Procedures.  Any documents provided to the Mediator by the Parties shall be destroyed within thirty (30) days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court.  However, a Mediator may be called as witness by any Party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a Party failed to comply with mediation as is required in these Avoidance Action Procedures.

19.     All proceedings and writings incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason whatsoever.  Nothing stated or exchanged during mediation shall operate as an admission of liability, wrongdoing or responsibility.

**H.** **Avoidance Actions Omnibus Hearings**

The Court will schedule regular omnibus hearing dates in the SunEdison, Inc. chapter 11 cases (the "Bankruptcy Cases"), on which dates any post-mediation Pretrial Scheduling Conferences will take place.  Any pretrial motions filed by the Parties in the Avoidance Actions must be set for hearing on one of the omnibus hearing dates unless otherwise ordered by the Court.

**I.** **Motions Affecting all Avoidance Actions**

Any motions filed by the Trust that affect all of the Avoidance Actions shall be filed in the Bankruptcy Cases and not in each separately docketed Avoidance Action; provided, however, that each Defendant shall receive notice of the filing of the same.

## EXHIBIT A TO AVOIDANCE ACTION PROCEDURES

### Mediator List

1.      Christopher J. Battaglia

2.      Leslie A. Berkoff

3.      Allen G. Kadish

4.      Jonathan M. Landers

5.      Robert J. Rosenberg

6.      Sean C. Southard