**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SUNEDISON, INC., *et al.*, | Case No. 16-10992 (SMB) |
| Reorganized Debtors.[1] | Jointly Administered |

**STIPULATION AND AGREED ORDER RESOLVING**
**PROOF OF CLAIM NOS. 6247, 6249, 6250, 6251, 6252, 6256, 6263,**
**AND 6268 AND THE RELATED COMMISSION LITIGATION**

This stipulation and agreed order (the "Stipulation") is entered into by and between SunEdison, Inc. ("SUNE") and certain of its affiliates, the above-captioned Reorganized Debtors (as defined in the *Second Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No. 3735]) (collectively, the "Debtors" and together with the non-Debtor affiliates, "SunEdison" or the "Company"), on the one

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607) (collectively, the "Debtors" and, as reorganized, the "Reorganized Debtors"). The address of the Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141.

hand, and Sam Youneszadeh, Peter Giese, Christina Zajicek, and Rachel McLaughlin (the "Claimants" and together with the Debtors, the "Parties"), on the other hand.

**WHEREAS**, on April 21, 2016, SUNE and certain of its affiliates (collectively, the "Debtors") filed their voluntary petitions under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), commencing their cases jointly administered under Case No. 16-10992 (the "Chapter 11 Cases");

**WHEREAS**, on May 5, 2017, the Claimants filed a complaint against Debtors SUNE and NVT seeking alleged commissions owed for solar sales while working for the Debtors (the "Commission Litigation");

**WHEREAS**, on June 12, 2017, the Debtors removed the Commission Litigation to the United States District Court for the Northern District of California;

**WHEREAS**, on June 22, 2017, the Claimants filed proofs of claim (the "Claims") totaling $531,057 (the "Claim Amount") against each SUNE and NVT asserting that the Claim Amount represents contractually-owed commissions;

**WHERAS,** the Claims are based on the same allegations and claims as the Commission Litigation;

**WHEREAS**, on July 28, 2017, the Bankruptcy Court entered an order in the Chapter 11 Cases (Doc. No. 3735) (the "Confirmation Order") confirming the Second Amended Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates (the "Plan");

2

**WHEREAS**, on September 18, 2017, the Debtors moved to transfer venue to the Bankruptcy Court;

**WHEREAS**, on October 18, 2017, the United States District Court for the Northern District of California granted the Debtors' uncontested motion to transfer the Commission Litigation to the Bankruptcy Court;

**WHEREAS,** the Commission Litigation has been dormant since it was removed, and the Parties have addressed the issues through the claim objection process;

**WHEREAS**, on December 5, 2017, the Debtors filed objections to the Claims;

**WHEREAS**, the Effective Date (as defined in the Plan) occurred on December 29, 2017;

**WHEREAS**, since the Claims were filed, the Debtors have made commission payments to the Claimants totaling $104,795, leaving a net claim amount of $426,262 (the "Net Claim Amount");

**WHEREAS**, after good faith, arm's length negotiations, the Parties have agreed to resolve the dispute on the terms and conditions set forth in this Agreement;

**WHEREAS,** in an attempt to resolve the Claims, the Debtors have determined in their business judgment that it is in the best interests of the estates to enter into the settlement, and that the settlement prevents the Parties from expending further resources on discovery and litigation in connection with the Claims;

**NOW, THEREFORE**, in accordance with the Parties' agreement it is stipulated and agreed as follow:

3

1. The foregoing recitals are hereby fully incorporated into and made an express part of the Stipulation.

2. Within one (1) business day following the full execution of this Stipulation, the Debtors will submit this Stipulation to the Bankruptcy Court for approval.

3. Effective upon the Court so-ordering this Stipulation (the "Stipulation Effective Date"), the Claims filed by the Claimants shall be deemed withdrawn with prejudice.

4. As soon as is reasonably practicable after the Stipulation Effective Date, but in any event no later than the Debtors' first scheduled payroll that is more than three (3) business days following the Stipulation Effective Date, the Debtors shall pay to the Claimants the gross sum of USD two hundred twenty thousand ($220,000) less regular income payroll deductions and withholdings (the "Payment"). All such payroll deductions and withholdings shall be at the amounts set forth in the proposed register as submitted via email on May 21, 2018 by counsel to the Debtors to counsel for the Claimants.

5. The Payment will be allocated as follows:

   a. USD one hundred eighteen thousand six hundred fifty ($118,650) of the Payment is allocated to Claimant Youneszadeh;

   b. USD ninety three thousand nine hundred forty seven ($93,947) of the Payment is allocated to Claimant Giese;

    c. USD four thousand thirty-eight ($4,038) of the Payment is allocated to Claimant McLaughlin; and

    d. USD three thousand three hundred sixty-five ($3,365) of the Payment is allocated to Claimant Zajicek.

6. The Payment will be processed through the Debtors' payroll systems with payroll deductions and withholdings taken. Each Claimant agrees that he or she is solely responsible for any and all tax obligations or other obligations under federal and/or state law pertaining to the receipt of this additional compensation, and agrees to hold the Company harmless from any and all liability relating to such obligations.

7. Contemporaneously with the Payment in full (and accounting for the above-described withholdings) the Commission Litigation shall be deemed dismissed with prejudice.

8. Except as set forth in this Stipulation, nothing contained in this Stipulation is or should be construed as: (a) an admission as to the validity as to any claim against a Debtor or any defense against the claim; (b) a creation of any rights in favor of, or enhancement of the status of any claim held by any person beyond those which exist in law or in equity; (c) a waiver of the rights of the Debtors to dispute any claims on any grounds; (d) a waiver of the rights of the Debtors to object to the Claims if a final order approving this Stipulation is not entered by this Court; or (e) a waiver of the Parties' rights under the Bankruptcy Code or any other applicable law.

9. Upon the Payment as provided for in this Stipulation, each Claimant, on behalf of himself/herself and his/her respective heirs, representatives and assigns, does

hereby fully, finally and forever waive and release the Debtors and their respective heirs, successors, assigns, affiliates, officers, directors, members, shareholders, associates, partners, subsidiaries, predecessors, employees, attorneys, professionals, and agents from any and all claims, causes of action, suits, debtors, obligations, liabilities, accounts, damages, demand rights, titles, defense, or demands whatsoever, known or unknown, asserted or unasserted, contingent or non-contingent, arising from or otherwise related to the Claims or the Commission Litigation.

10. Upon the Effective Date, the Debtors, on behalf of themselves and their respective heirs, representatives and assigns, do hereby fully, finally and forever waive and release the Claimants and their heirs, successors, assigns, affiliates, officers, directors, members, shareholders, associates, partners, subsidiaries, predecessors, employees, attorneys, professionals, and agents from any and all claims, causes of action, suits, debtors, obligations, liabilities, accounts, damages, demand rights, titles, defense, or demands whatsoever, known or unknown, asserted or unasserted, contingent or non-contingent, arising from or otherwise related to the Claims or the Commission Litigation.

11. Each of the Parties hereto agrees to bear their own costs and expenses, including attorneys' fees, incurred to date, in resolving their disputes herein and in preparing and negotiating this Stipulation.

12. This Stipulation may be signed in any number of counterparts, each of which shall be deemed to be an original and all of which taken together shall be deemed to be one and the same instrument.

13. Each person signing this Stipulation represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.

14. Signatures of any party transmitted by facsimile or electronic mail (including, without limitation, electronic mailing of a so-called portable document format or "pdf" of a scanned counterpart) shall be treated as and deemed to be original signatures for all purposes, and will have the same binding effect as if they were original, signed instruments delivered in person.

15. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising under or related to this Stipulation, including any disputes that may arise between the Parties, and to interpret, implement, and enforce the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the date listed below.

Dated: June 5, 2018
      New York, New York

                        SUNEDISON, INC., *et al.*,
                        Debtors
                        By their Counsel,
                        TOGUT, SEGAL & SEGAL LLP

7

                                        By: /s/Frank A. Oswald
                                        FRANK A. OSWALD
                                        A Member of the Firm
                                        One Penn Plaza, Suite 3335
                                        New York, New York  10119
                                        Telephone:  (212) 594-5000

Dated:  June 5, 2018
       New York, New York

                                        SAM YOUNESZADEH
                                        By his Counsel,
                                        OLSHAN FROME WOLOSKY LLP


                                        By: /s/Jonathan T. Koevary
                                        JONATHAN T. KOEVARY
                                        1325 Avenue of the Americas
                                        New York, New York 10019
                                        Telephone:  (212) 451-2222

Dated:  June 5, 2018
      New York, New York

                                        PETER GIESE
                                        By his Counsel,
                                        OLSHAN FROME WOLOSKY LLP


                                        By: /s/Jonathan T. Koevary
                                        JONATHAN T. KOEVARY
                                        1325 Avenue of the Americas
                                        New York, New York 10019
                                        Telephone:  (212) 451-2222

Dated:June 5, 2018

      New York, New York

                                        RACHEL MCLAUGHLIN
                                        By her Counsel,
                                        OLSHAN FROME WOLOSKY LLP


                                        By: /s/Jonathan T. Koevary
                                        JONATHAN T. KOEVARY
                                        1325 Avenue of the Americas

                                                                   New York, New York 10019
                                                                   Telephone:  (212) 451-2222

Dated: June 5, 2018
        New York, New York

                                                CHRISTINA ZAJICEK
                                                By her Counsel,
                                                OLSHAN FROME WOLOSKY LLP


                                                By: /s/ Jonathan T. Koevary
                                                JONATHAN T. KOEVARY
                                                1325 Avenue of the Americas
                                                New York, New York 10019
                                                Telephone:  (212) 451-2222


                           **SO ORDERED this 21st day of June, 2018**
                                   **in New York, New York**

                   **/s/ STUART M. BERNSTEIN**
                   _____

                   **HONORABLE STUART M. BERNSTEIN**
                   **UNITED STATES BANKRUPTCY JUDGE**