UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Presentment Date: March 29, 2019 AT NOON**
**Objection Date: March 28, 2019 at 4:00 p.m.**

| | |
|---|---|
| In re: | Case No. 16-10992 (SMB) |
| SUNEDISON INC, *et al*., | (Chapter 11) |
| Debtors. | |

**NOTICE OF PRESENTMENT OF AN ORDER APPROVING THE SETTLEMENT BETWEEN MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC AND CERTAIN OF ITS AFFILIATES AND THE UNITED STATES TRUSTEE AND OPPORTUNITY FOR HEARING**

**PLEASE TAKE NOTICE THAT**, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") and M. Natasha Labovitz, Debevoise & Plimpton LLP on behalf of McKinsey,[1] will present the attached proposed order approving the settlement between McKinsey, including McKinsey Recovery & Transformation Services U.S., LLC, the Debtors' Restructuring Advisor, and the United States Trustee (the "Order") for signature on **March 29, 2019 at 12:00 p.m.**, to the Honorable Stuart Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the proposed Order (the "Objections") must be made in writing, specify the reasons and provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and must be filed and served as to be received no later than **March 28, 2019 at 4:00 p.m.** (the "Objection Deadline").

[1] As used herein, "McKinsey" means, collectively, McKinsey & Company, Inc., McKinsey Holdings, Inc., McKinsey & Company, Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC.

**PLEASE TAKE FURTHER NOTICE**, that Objections, if any, to the Order must be served in accordance with the provisions of General Order No. M-182, so that they are received on or before the Objection Deadline upon: (1) Chambers of the Honorable Stuart Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408, NY 10601; (2) the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Paul K. Schwartzberg; and (3) M. Natasha Labovitz, Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022. Objections not timely filed and served may not be considered by the Court.

**PLEASE TAKE FURTHER NOTICE, that if no Objections are timely filed, served and received in accordance with this notice, the Court may "so order" and enter the proposed Order without further notice or hearing.**

Dated: New York, New York
March 7, 2019

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE

By: *<u>/s/ Paul K. Schwartzberg</u>*
Paul K. Schwartzberg
Trial Attorney
201 Varick Street, Room 1006
New York, NY 10014
Tel. No. (212) 510-0500

MCKINSEY, *by its counsel*
DEBEVOISE & PLIMPTON LLP

By: *<u>/s/ M. Natasha Labovitz</u>*
M. Natasha Labovitz
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Tel. No. (212) 909-6000

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 16-10992 (SMB)** |
| **SUNEDISON, INC., *et al.*,** | § | **CHAPTER 11** |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 19-00302 (KRH)** |
| **OLD ANR, LLC, *et al.*,** | § | **MISCELLANEOUS PROCEEDING** |
| | § | |
| **Debtors.** | § | |
| | § | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 18-35672** |
| **WESTMORELAND COAL COMPANY, *et al.*,** | § | **CHAPTER 11** |
| | § | **(Jointly Administered)** |
| | § | |
| **Debtors.** | § | |

**ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
UNITED STATES TRUSTEE PROGRAM AND MCKINSEY & COMPANY, INC.
AND CERTAIN OF ITS AFFILIATES**

**RECITALS**

Whereas, certain McKinsey[1] entities provide financial and consulting services to chapter 11 bankruptcy debtors-in-possession.

Whereas, issues and concerns have been raised by several United States Trustees with respect to the adequacy and completeness of disclosures of connections made by McKinsey pursuant to Fed. R. Bankr. P. 2014 ("Rule 2014") in seeking retention in the above-captioned cases under 11 U.S.C. § 327, as set forth more specifically herein.

**Alpha Natural Resources**

Whereas, on May 3, 2016, the then-serving United States Trustee for Region 4 filed a motion in *In re Alpha Natural Resources, Inc*., Case No. 15-33896-KRH (Bankr. E.D. Va.) (including all jointly administered cases and the Old ANR Miscellaneous Proceeding,[2] collectively the "*Alpha* Case"), to compel McKinsey to comply with Rule 2014 (the "Motion to Compel"). On May 19, 2016, McKinsey supplemented its disclosures to resolve the Motion to Compel. Pursuant to a separate Court Order requiring McKinsey to produce additional information pertaining to its connections, including those of the McKinsey Investment Office (the "Supplemental *Alpha* Disclosures"), McKinsey submitted the Supplemental *Alpha* Disclosures *in-camera* to the *Alpha* Court on July 6, 2016.

Whereas, after the *Alpha* Court's entry of the final decree closing the *Alpha* Case, on July 18, 2018, Mar-Bow Value Partners, LLC ("Mar-Bow") moved to reopen the *Alpha* Case and for relief from certain judgments ("Mar-Bow *Alpha* Motion"). On November 30, 2018, the current Acting United States Trustee for Region 4 filed comments regarding the Mar-Bow *Alpha* Motion and McKinsey's response thereto (the "*Alpha* Comment Pleading"), requesting that the *Alpha* Court reopen the *Alpha* Case and impose remedies against McKinsey. On January 16, 2019, the *Alpha* Court entered an Order reopening the *Alpha* Case (the "Reopening Order") and directed the Clerk of the Court to open the Old ANR Miscellaneous Proceeding.[3] On January 16, 2019, the *Alpha* Court filed the Supplemental *Alpha* Disclosures on the public docket in the Old ANR Miscellaneous Proceeding.

**SunEdison**

Whereas, on May 12, 2016, the United States Trustee for Region 2 objected to the debtor's application in *In re SunEdison, Inc*., Case No. 16-10992-SMB (Bankr. S.D.N.Y.) (including all jointly administered cases, the "*SunEdison* Case"), to retain McKinsey (the "*SunEdison* Retention Objection"). On June 6, 2016, McKinsey supplemented its disclosures to resolve the *SunEdison*

---

[1] As used herein, "McKinsey" means, collectively, McKinsey & Company, Inc., McKinsey Holdings, Inc., McKinsey & Company, Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC.

[2] As later described, the Court directed the clerk to open a miscellaneous proceeding captioned "Old ANR, LLC, et al." (the "Old ANR Miscellaneous Proceeding").

[3] The Court specified that all filings in the Alpha Case prior to the entry of the Reopening Order shall be deemed docketed in the Old ANR Miscellaneous Proceeding.

Retention Objection. After confirmation of the debtors' chapter 11 plan, on January 22, 2019, Mar-Bow filed for relief from certain judgments (the "Mar-Bow *SunEdison* Motion").

**Westmoreland**

Whereas, on December 14, 2018, the Acting United States Trustee for Region 7 objected to the debtor's application in *In re Westmoreland Coal Company, Inc*., Case No. 18-35672-DRJ (Bankr. S.D. Tex.) (including all jointly administered cases, the "*Westmoreland* Case"), to retain McKinsey (the "*Westmoreland* Retention Objection").

**Mediation Order**

Whereas, McKinsey disputes the allegations asserted by the United States Trustees in the *Alpha* Case, the *SunEdison* Case, and the *Westmoreland* Case (collectively, the "Subject Cases").

Whereas, the Courts in the Subject Cases ordered McKinsey and the respective regional United States Trustees to participate in a mediation conducted by United States Bankruptcy Judge Marvin Isgur.

Whereas, as a result of their good-faith negotiations during mediation, the USTP and McKinsey reached an agreement, the core terms of which were set forth in a mediated term sheet (the "Term Sheet") filed with the Courts as Exhibit A to the Mediator's Notice to the Court filed on February 19, 2019 (*Alpha*, Miscellaneous Proceeding Docket No. 18; *SunEdison* Docket No. 5802; and *Westmoreland*, Docket No. 1406). As set forth in the Term Sheet, the Parties contemplated incorporating its terms into a proposed agreed order (this "Order") to be submitted to each of the respective Courts for their consideration and approval.

Now therefore, in consideration of the foregoing, and of the mutual promises and compromises between them, the Executive Office for United States Trustees and the United States Trustees and Acting United States Trustees for Regions 1 through 21 (collectively, the "USTP") and McKinsey (collectively with the USTP, the "Parties") do hereby agree, stipulate, and consent as follows, subject to each respective Court's entry of this Order and the passage of any applicable appeal period.

IT IS ORDERED AS FOLLOWS:

## ARTICLE I

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in the United States Bankruptcy Courts for the Eastern District of Virginia, Southern District of Texas, and Southern District of New York is proper pursuant to 28 U.S.C. § 1409(a).

## ARTICLE II

## SETTLEMENT PAYMENT

2. The Parties have agreed that McKinsey shall make a $15 million payment (the "Settlement Payment") allocated as follows:

$5 million to the reorganized debtors in the *Alpha* Case.
$5 million to the reorganized debtors in the *SunEdison* Case.
$5 million to the bankruptcy estates in the *Westmoreland* Case.

3. The payment identified in Paragraph 2 will be distributed in accordance with the terms of the confirmed plans in those cases or other applicable law. If any of the $15 million is distributed to McKinsey, it will be refunded by McKinsey to the distributing party.

4. The Settlement Payment shall be made within 10 days of this Order becoming final and non-appealable. McKinsey shall have no further obligations with respect to the Settlement Payment once it has completed making the payments to the designated entities as set forth in paragraph 2.

## ARTICLE III

## RELEASE PROVISIONS

5. Upon the payments contemplated in paragraph 2, the USTP hereby releases all claims against McKinsey (and all of its agents, directors, officers, attorneys, partners and employees acting on its behalf, solely with respect to actions taken in the course and scope of their duties with McKinsey regarding disclosures in the cases referenced below), and shall refrain from instituting, directing or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party (except that the United States Trustees may participate in an action to the extent ordered by a court provided that the United States Trustees may not seek such a court order formally or informally), against McKinsey (and all of its agents, directors, officers, attorneys, partners and employees acting on its behalf, solely with respect to actions taken in the course and scope of their duties with McKinsey) in which:

a. it is alleged that McKinsey failed to (i) make full and complete disclosure under applicable law; or (ii) fully comply with Fed. R. Bankr. P. 2014; or

b. any remedy is sought that would be barred by *res judicata* or collateral estoppel principles if McKinsey had (i) made full and complete disclosures in accordance with applicable law; and (ii) fully complied with Fed. R. Bankr. P. 2014.

6. For the avoidance of doubt, with respect to paragraph 5(b) above, (x) in the event of:

(i) fraud or a material misrepresentation on the record that would have rendered McKinsey "not disinterested" in any of these bankruptcy cases or that would otherwise have disqualified McKinsey from retention, or (ii) a material omission of fact that if made on the record would have rendered McKinsey "not disinterested" in any of these bankruptcy cases or that would otherwise have disqualified McKinsey from retention, (y) the USTP may pursue appropriate relief including seeking disqualification, and McKinsey reserves all rights to object to such relief.

7. The USTP's release will apply in the following bankruptcy cases (including any jointly administered cases pertaining to the listed cases):

a. *Westmoreland Coal Company*, Case No. 18-35672 (Bankr. S.D. Tex.);
b. *SunEdison, Inc.*, Case No. 16-10992 (Bankr. S.D.N.Y);
c. *Alpha Natural Resources, Inc.*, Case No. 15-33896 (Bankr. E.D. Va.);[4]
d. *The Hayes Lemmerz International, Inc.*, Case No. 01-11490 (Bankr. D. Del.);
e. *UAL Corporation*, Case No. 02-48191 (Bankr. N.D. Ill.);
f. *Mirant Corp*., Case No. 03-46590 (Bankr. N.D. Tex.);
g. *Lyondell Chemical Company*, Case No. 09-10023 (Bankr. S.D.N.Y.);
h. *Harry & David Holdings, Inc*., Case No. 11-10884 (Bankr. D. Del.);
i. *AMR Corp.*, Case No. 11-15463 (Bankr. S.D.N.Y.);
j. *AMF Bowling Worldwide, Inc*., Case No. 12-36495 (Bankr. E.D. Va.);
k. *Edison Mission Energy*, Case No. 12-49219 (Bankr. N.D. Ill.);
l. *NII Holdings, Inc*., Case No. 14-12611 (Bankr. S.D.N.Y.);
m. *SRC Liquidation, LLC (f/k/a The Standard Register Company)*, Case No. 15-10541 (Bankr. D. Del.); and
n. *GenOn Energy, Inc.*, Case No. 17-33695 (Bankr. S.D. Tex.).

8. McKinsey will release all claims against the USTP and all of its current and former employees, including all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, based on the USTP's investigation and prosecution of claims arising out of or pertaining to the adequacy of McKinsey's disinterestedness or disclosures in the cases referenced in paragraph 7, except that McKinsey reserves all rights with respect to preserved rights of the USTP herein. McKinsey shall retain all rights to assert requests under the Freedom of Information Act, 5 U.S.C. § 552 provided that such requests are not made for the purpose of enforcing claims or causes of action released herein.

9. The USTP reserves all rights to:

a. Object to McKinsey's disinterestedness or its retention in the *Westmoreland* Case on any grounds other than the adequacy of its past retention-related disclosures in the cases referenced in paragraph 7. The Westmoreland Retention Objection by the United States Trustee is resolved by this Agreement, without prejudice to the rights of the United States Trustee to assert any issue in any new objection that might be

[4] For the avoidance of doubt, this includes the Miscellaneous Proceeding captioned "Old ANR, LLC, *et al.*" referenced in footnote 2 herein.

filed; and

b. Cooperate with or provide assistance to other governmental agencies, including sharing information or discovery arising out of or relating to the issues addressed herein with other governmental agencies; and

c. Seek and obtain discovery in any bankruptcy case or proceeding, including discovery based on or pertaining to the claims released in Paragraph 5, provided that such discovery is not sought for the purpose of enforcing claims or causes of action released herein.

10. The release in Article III applies to the rights and claims of the USTP only. This Order does not settle, resolve, or prejudice any other rights or claims of the United States, including the Department of Justice and/or other governmental agencies, against McKinsey. Notwithstanding any other provision of this Order, claims with respect to any criminal liability are not released.

**ARTICLE IV**

**WESTMORELAND RETENTION**

11. Pursuant to a separate mediated term sheet between McKinsey and the debtors in the *Westmoreland* Case (collectively, the "*Westmoreland* Debtors") (Docket No, 1406 at Exhibit B), McKinsey has reached an agreement with the *Westmoreland* Debtors pursuant to which McKinsey and the *Westmoreland* Debtors have filed a Joint Emergency Motion in Furtherance of Mediation Agreement (*Westmoreland,* Docket No. 1422) (the "Mediation Motion"). The Region 7 U.S. Trustee represents that he consents to the extension of time sought in the Mediation Motion.

**ARTICLE V**

**MISCELLANEOUS PROVISIONS**

12. The Courts shall retain exclusive jurisdiction over all matters subject to this Order, including disputes arising under this Order, and the construction, interpretation, modification, and enforcement of this Order, and shall retain exclusive jurisdiction to hear and adjudicate any motions related to this Order.

13. This Order and the Term Sheet (and their contents) are not and shall not be used as an admission of liability, violation, or wrongdoing by McKinsey, and all of its agents, directors, officers, attorneys and employees acting on its behalf, solely with respect to actions taken in the course and scope of their duties with McKinsey, to any person or entity or on any legal or equitable theory. This Order is made without trial or adjudication of any issue of fact or law as to the claims released in Article III. Nothing in this paragraph reduces McKinsey's obligations under this Order or affects the USTP's authority to enforce any rights hereunder.

14. This Order constitutes the entire agreement between the Parties relating to the

subject matter reflected herein and may not be modified except in writing executed and delivered by the Parties hereto.

15. This Order will not bind or prejudice the rights and claims of any non-party. This order binds McKinsey and its successors and assigns.

16. This Order may be executed by the Parties in one or more counterparts, or via facsimile or electronically scanned signatures, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

17. This Order shall become effective upon the expiration of any appeal period following its execution by the Parties and its entry by the Court. The Parties hereby waive any right to seek reconsideration of and/or to appeal from this Order if the Order is entered as submitted by the Parties.

18. In the event either Party determines that there has been a violation of this Order, it shall provide notice of such violation to the other Party, and allow 10 days to cure or otherwise purge the conduct deemed to constitute the violation prior to the filing of any motion to enforce this Order with the Courts, unless more time is agreed to by the Parties.

19. If any time period in this Order is stated in days, the Parties shall: (a) exclude the day of the event that triggers the period; and (b) count every subsequent day, including intermediate Saturdays, Sundays, and legal holidays, and include the last day of the period, but if any time period set forth in this Order expires on a Saturday, Sunday, or legal holiday, such time period shall continue to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

***

**[Signature Pages Follow]**

**Seen and agreed to:**

**McKINSEY & COMPANY, INC.**

/s/ Michael D. Silber

Michael Silber
McKinsey & Company, Inc.
711 Third Avenue
New York, New York 10017

/s/ M. Natasha Labovitz

M. Natasha Labovitz
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022

**[END OF PAGE]**

**EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES**

Ramona D. Elliott
Florida Bar Number 0992607
Deputy Director/General Counsel
Executive Office for United States Trustees
United States Department of Justice
441 G Street, NW
Suite 6150
Washington, DC 20530

**UNITED STATES TRUSTEE**
**FOR REGIONS 1 & 2**

William K. Harrington
United States Trustee for Regions 1 & 2
Delaware Bar Number 4051
United States Department of Justice
Office of the United States Trustee
5 Post Office Square
Suite 1000
Boston, MA 02109

**[END OF PAGE]**

SO ORDERED on this ___ day of _____, 2019
New York, New York

_______________________________________
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE