UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                                              :

In re:                                                         : Chapter 11

SUNEDISON, INC., *et al.*,                : Case No. 16-10992 (SMB)

             Reorganized Debtors.[1]        : (Jointly Administered)

---------------------------------------------------------- x

# STIPULATED AND AGREED ORDER REGARDING
# CLAIM NO. 2202 FILED BY TRACEE COMSTOCK

This stipulated and agreed order (this "Stipulated Order") is entered into by and between: (i) the above-captioned Reorganized Debtors (as defined in the confirmed *Second Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No. 3735]) (collectively, the "Debtors"); and (ii) Tracee Comstock (the "Claimant" and, together with the Debtors, the "Parties").

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases (as defined herein) but is not a Reorganized Debtor.

## RECITALS

**The Chapter 11 Cases**.

      A.      Beginning on April 21, 2016 (the "Petition Date"), SunEdison, Inc., ("SUNE") and certain of its affiliates commenced voluntary cases (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

      B.      On April 29, 2016, the United States Trustee formed an Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases (the "Committee").

      C.      No trustee or examiner has been appointed in the Debtors' cases.

      D.      On March 28, 2017, the Debtors filed their *Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No. 2671] (as amended, the "Plan") and corresponding disclosure statement [Dkt. No. 2672], each of which has been amended. Pursuant to an Order of this Court dated June 13, 2017 [Dkt. No. 3319], the Debtors' Amended Disclosure Statement dated as of June 12, 2017 was approved [Dkt. No. 3314]. The Plan was confirmed by Order of this Court dated July 28, 2017 [Dkt. No. 3735]. The Plan's Effective Date (as defined in the Plan) occurred on December 29, 2017 (the "Plan Effective Date"). *See* Docket No. 4495.

      E.      The Plan provides for, *inter alia*, the establishment of a trust (the "GUC/Litigation Trust") that, as of the Plan Effective Date is, among other things, responsible for continuing and completing the claim reconciliation and objection process as to general unsecured claims.

**The Disputed Claim**.

  F. The Claimant is a former employee of the Debtors. In September 2016, the Claimant filed Claim No. 2202 (the "Claim") against SUNE in the amount of $72,798 allegedly owed on account of incentive compensation, severance, and restricted stock units: (i) $37,800 was asserted as a priority claim under 507(a)(4) of the Bankruptcy Code for incentive compensation allegedly owed; (ii) $34,998 was asserted as a priority claim under section 507(a)(4) of the Bankruptcy Code for severance allegedly owed; and (iii) an unknown amount for restricted stock units in SUNE and its affiliate, Terraform Power, Inc. ("TERP").

  G. On December 13, 2018, the Debtors filed the *Reorganized Debtors' Objection to Claim No. 2202 filed by Tracee Comstock* [Dkt. No. 5666] (the "Claim Objection").[2]

  H. The Claimant submitted a response to the Claim Objection [Dkt. No. 5690] (the "Claimant Response").

  I. On January 5, 2019, the Claimant directed a letter to the Court [Dkt. No. 5705] concerning this matter. The letter was docketed on January 10, 2019.

  J. A hearing was held to consider the Claim Objection on January 15, 2019.

  K. On February 5, 2019, the Debtors filed the *Supplemental Declaration of Jeffrey Winnick In Support of the Reorganized Debtors' Objection to Claim No. 2202 Filed by Tracee Comstock* [Dkt. No. 5775].

  L. On February 6, 2019, the Court entered an Order [Dkt. No. 5777] that, among other things, granted the relief requested by the Debtors in connection with the Incentive Component and the restricted stock unit component of the Claim (the "February 6 Order").

---

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Claim Objection.

3

   M. On February 9, 2019, the Claimant directed a letter to the Court [Dkt. No. 5793] concerning this matter.  This letter was docketed on February 12, 2019.

   N. A hearing was held to consider the Claim Objection on February 12, 2019.

   O. On February 15, 2019, pursuant to the Court's direction at the February 12, 2019 hearing, the Debtors sent the Claimant a letter, advising her that the Court had scheduled a trial in connection with the Severance Component of the Claim for March 19, 2019.

   P. The Debtors continue to dispute the Claimant's contentions with regard to the Incentive Component and to the RSU component of the Claim given that the RSUs remained unvested at the time that the Claimant left employment with the Debtors.

**The Settlement**.

   Q. Following discussions and reconciliation and an exchange of information by and between the Parties regarding the validity, amount and priority of the Claim, the Parties agree to the terms set forth in this Stipulated Order, as follows, subject to Bankruptcy Court approval:

   **IT IS HEREBY STIPULATED AND AGREED THAT**

   1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulated Order.

   2. This Stipulated Order shall be effective upon the date a final, non-appealable order is entered by the Bankruptcy Court approving this Stipulated Order (the "Settlement Effective Date").

   3. The Claim is reduced and reclassified as an administrative claim in the amount of $5,000 (the "Allowed Administrative Claim").

4. Within fourteen (14) days of the Settlement Effective Date, the Debtors shall pay the Claimant $5,000 in full and final satisfaction of the Allowed Administrative Claim.

5. For the avoidance of doubt, except for the Allowed Administrative Claim, the Claimant waives and releases any right to assert that the Claim constitutes an administrative expense under Bankruptcy Code section 503 or entitled to priority under Bankruptcy Code section 507.

6. The Claim Objection shall be deemed withdrawn as resolved.

7. The Debtors and the Debtors' claims and noticing agent are authorized and empowered to take all actions necessary to implement the relief granted in this Stipulated Order.

8. This Stipulated Order may be executed by the Parties in counterparts, each of which shall be deemed an original and evidence of this Stipulated Order may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

9. Each person who executes this Stipulated Order represents that he or she is duly authorized to execute this Stipulated Order.

10. This Stipulated Order shall be immediately effective upon its approval and entry by the Bankruptcy Court in accordance with the terms set forth herein. The fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, is hereby waived.

11.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Stipulated Order.

Dated: March 3, 2019

| | |
|---|---|
| SUNEDISON, INC., ET AL.<br>Reorganized Debtors<br>By their Co-Counsel<br>TOGUT, SEGAL & SEGAL LLP | TRACEE COMSTOCK<br>Individually,<br>On his her behalf: |
| By: | |
| */s/ Frank A. Oswald*<br>FRANK A. OSWALD<br>A Member of the Firm<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 | */s/ Tracee Comstock*<br>TRACEE COMSTOCK<br>318 South Main Street<br>Mapleton, Utah 84664<br>(801) 358-0779 |

**SO ORDERED** this **21st** day of March 2019
in New York, New York

**/s/ STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE