**THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE, MODIFY, OR OTHERWISE AFFECT CERTAIN SCHEDULED CLAIMS AND FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME(S) AND/OR CLAIM(S) ON THE EXHIBITS TO THE PROPOSED ORDER ANNEXED HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
Daniel F.X. Geoghan

*Counsel to the SunEdison Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SUNEDISON, INC., *et al.,* | : | Case No. 16-10992 (DSJ) |
| Reorganized Debtors.[1] | : | (Jointly Administered) |

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number, are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); SunE MN Development, LLC (8669); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607).  The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

**NOTICE OF HEARING ON SUNEDISON LITIGATION TRUST'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (§ 502(d) DISALLOWANCE)**

TO THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE:

       **PLEASE TAKE NOTICE** that Drivetrain, LLC, as the SunEdison Litigation trustee (**"Trustee"**) of the SunEdison Litigation Trust (the **"Trust"**), hereby files the *SunEdison Litigation* Trust's Fourteenth Omnibus Objection to Claims *(§ 502(d) Disallowance)* (the **"Claims Objection"**).

       **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Claims Objection and relief requested therein, if any, must be made in writing and (a) filed with the Bankruptcy Court no later than **December 7, 2021 at 4:00 p.m. (ET)** (the "**Objection Deadline**") and (b) served as to be actually received by the following parties by the Objection Deadline:

(i)       the Reorganized Debtors, SunEdison, Inc., Two City Place Drive, 2nd Floor, St. Louis, MO 63141, Attn: David Ringhofer;

(ii)      counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLC, Four Times Square, New York, NY 10036, Attn: Jay M. Goffman, Esq. (Jay.Goffman@skadden.com) and J. Eric Ivester, Esq. (Eric.Ivester@skadden.com), and 155 North Wacker Dr., Chicago, IL 60606, Attn: James J. Mazza, Jr., Esq. (James.Mazza@skadden.com);

(iii)    co-counsel to the Reorganized Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald, Esq. (frankoswald@teamtogut.com) and Scott E. Ratner, Esq. (seratner@teamtogut.com);

(iv)     the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Paul Schwartzberg, Esq. (Paul.Schwartzberg@usdoj.gov);

(v)      counsel to the Tranche B Lenders (as defined in the debtor-in-possession credit agreement) and the steering committee of the second lien creditors, Akin Gump Strauss Hauer & Field, LLP, One Bryant Park, Bank of America Tower, New

York, NY 10036, Attn: Arik Preis, Esq. (apreis@akingump.com) and Zach Lanier (zlanier@akingump.com);

(vi)     the Office of the United States Attorney for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007;

(vii)     counsel to the SunEdison Litigation Trust, Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Matthew S. Barr, Esq. and Jacqueline Marcus, Esq. (SunEWeilBFR@weil.com);

(viii)     co-counsel to the SunEdison Litigation Trust, Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Daniel F.X. Geoghan, Esq. (dgeoghan@coleschotz.com); and Mark Tsukerman, Esq. (mtsukerman@coleschotz.com);

(ix)     counsel to TerraForm Power, Inc. and TerraForm Global, Inc., Kasowitz Benson Torres LLP, 1633 Broadway, New York, NY 10019, Attn: David S. Rosner, Esq. (drosner@kasowitz.com);

(x)     the Internal Revenue Service, 290 Broadway, New York, NY 10007, Attn: District Director; and

(xi)     the Securities and Exchange Commission, 200 Vesey Street, Suite 400, New York, NY 10281, Attn: Bankruptcy Department.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Claims Objection will be held before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 501, New York, New York 10004 (the "**Bankruptcy Court**"), on <u>**December 14, 2021 at 10:00 a.m. (ET)**</u>, or as soon thereafter as counsel may be heard.

*[The remainder of this page is intentionally blank]*

57533/0001-41164867v5

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Claims Objection, with proof of service, is filed with the Bankruptcy Court and a courtesy copy delivered to the Honorable David S. Jones's chambers by the Objection Deadline, the Trust may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order attached to the Claims Objection, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
      November 15, 2021

**COLE SCHOTZ P.C.**
*Counsel to Plaintiff SunEdison Litigation Trust*

By: */s/ Daniel F.X. Geoghan*
    Daniel F.X. Geoghan
    1325 Avenue of the Americas, 19th Fl.
    New York, New York 10019
    Telephone: (212) 752-8000
    Facsimile: (212) 752-8393

57533/0001-41164867v5

THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE, MODIFY, OR OTHERWISE AFFECT CERTAIN SCHEDULD CLAIMS AND FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME(S) AND/OR CLAIM(S) ON THE EXHIBITS TO THE PROPOSED ORDER ANNEXED HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
Daniel F.X. Geoghan

*Counsel to the SunEdison Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| SUNEDISON, INC., *et al.,* | : | |
| | : | Case No. 16-10992 (DSJ) |
| Reorganized Debtors.[1] | : | |
| | : | (Jointly Administered) |

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number, are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); SunE MN Development, LLC (8669); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607).  The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

## SUNEDISON LITIGATION TRUST'S FOURTEENTH
## OMNIBUS OBJECTION TO CLAIMS (§ 502(d) DISALLOWANCE)

TO THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE:

Drivetrain, LLC, as trustee (the **"Trustee"**) on behalf of the SunEdison Litigation Trust (the **"Trust"**), by and through its undersigned counsel, hereby submits this omnibus claims objection (the **"Claims Objection"**), pursuant to section 502(d) of title 11 of the United States Code (the **"Bankruptcy Code"**) and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A** (the **"Proposed Order"**), disallowing and expunging certain scheduled and filed claims listed on **Exhibit 1** to the Proposed Order (collectively, the **"502(d) Disallowance Claims"**). As further described herein, the Trusts seeks this relief because it commenced avoidance actions against the claimants listed on Exhibit 1 (the **"Claimants"**) seeking to avoid and recover certain transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code, those Claimants failed to defend or otherwise participate in the litigation or mediation, the Trust obtained default judgements against the Claimants and the Claimants have not satisfied the judgments in any way. In support of this Claims Objection, the Trust submits the Declaration of Daniel F.X. Geoghan (the **"Geoghan Declaration"**), attached hereto as **Exhibit B**, and respectfully states as follows:

### JURISDICTION

1.     This Court has jurisdiction over this Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Claims Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought herein are Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

A.     **The Chapter 11 Cases.**

3.     Beginning on April 21, 2016 (the "**Petition Date**"), SunEdison, Inc. and its affiliated debtors (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 (the "**Chapter 11 Cases**") of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

4.     On July 20, 2016, August 1, 2016, and August 24, 2016, the Debtors filed their schedules of assets and liabilities (collectively, the "**Schedules**") and statements of financial affairs.

5.     On March 28, 2017, the Debtors filed the *Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Docket No. 2671] (as amended from time to time, the "**Plan**") which provides for, among other things, the establishment of the Trust.

6.     On August 10, 2016, the Court entered the *Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Docket No. 948] (the "**First Bar Date Order**").   On March 22, 2017, the Court entered the *Second Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Docket. No. 2627] (the "**Second Bar Date Order**").  On May 16, 2017, the Court entered the *Third Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Docket No. 3140] (the "**Third Bar Date Order**" and, together with the First Bar Date Order and the Second Bar Date Order, the "**Bar Date Orders**").

7.     On July 28, 2017, the Court entered the *Findings of Facts, Conclusions of Law and Order Confirming Second Amended Plan of Reorganization of SunEdison, Inc. and its*

3

*Debtor Affiliates* [Docket No. 3735] (the "**Confirmation Order**"), thereby approving the Plan and the GUC/Litigation Trust Agreement, dated as of December 29, 2017 (the "**Litigation Trust Agreement**"). On December 29, 2017, the Plan became effective [Docket No. 4495] (the "**Effective Date**").

8.     On the Effective Date, among other things, all of the Debtors' rights, title and interests in the GUC/Litigation Trust Causes of Action (as defined in the Plan) were transferred to the Trust. The Trust also assumed responsibility for the claims reconciliation process, including with respect to the initiation and continuance of claims objection prosecution. Pursuant to the Litigation Trust Agreement, Drivetrain, LLC was appointed as the Trustee for the Trust.

**B.     The Adversary Proceedings.**

9.     Beginning in 2018, the Trust filed approximately 480 complaints (the "**Complaints**") commencing adversary proceedings (the "**Adversary Proceedings**") in this Court seeking (a) to avoid and recover preferential and/or fraudulent transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code and (b) disallowance of claims pursuant to section 502(d) of the Bankruptcy Code.

10.     On May 18, 2018, the Court entered the *Order Granting SunEdison Litigation Trust's Motion for an Order Establishing Procedures Governing Adversary Proceedings Pursuant to Sections 502, 547, 548 and 550 of the Bankruptcy Code* [Docket No. 5390] (the "**Avoidance Action Procedures Order**") by which it approved and established mandatory mediation procedures, attached to the order as Exhibit "1" (the "**Avoidance Action Procedures**"), governing all the Trust's avoidance actions in the Adversary Proceedings.

11.     The Claimants are the defendants in certain of the Adversary Proceedings, which are identified by Adversary Proceeding Number in **Exhibit 1** to the Proposed Order. As

reflected on the docket for each of the applicable Adversary Proceedings,[2] the Claimants were duly served with process in accordance with Rule 7004 of the Bankruptcy Rules, Rule 4 of the Federal Rules Civil Procedure, and the Orders of this Court. Nevertheless, the Claimants failed to appear or otherwise defend themselves in their respective Adversary Proceedings.

12.     Upon appropriate applications filed by the Trust in each matter, the Clerk of the Court entered default, and the Court thereafter entered a default judgment against each of the Claimants thereby establishing their liability for the amounts sought in the Complaints. The default judgments against the Claimants are identified by date and adversary docket number in **Exhibit 1** to the Proposed Order. As stated in the Geoghan Declaration, none of the Claimants have satisfied any portion of the default judgments entered against them.

### **RELIEF REQUESTED**

13.     Based on the facts above and for the reasons set forth below, the Trustee seeks entry of an order, pursuant Bankruptcy Code section 502(d) and Bankruptcy Rule 3007, disallowing and expunging the 502 Disallowance Claims set forth on **Exhibit 1** to the Proposed Order because the default judgments entered in the adversary proceedings against the Claimants have not been satisfied.

14.     To the extent the grounds for objecting herein are beyond the scope of those set forth in Bankruptcy Rule 3007(d), the Trust requests permission to file this omnibus Claims Objection to ease the administrative and financial burdens attendant to filing separate objections to each of the claims herein on the same grounds.

---

[2]      Pursuant to Federal Rules of Evidence 201(b), the Court may take judicial notice court documents and the contents of its docket. *See In re Magnesium Corp. of Am.,* 583 B.R. 637, 648 (Bankr. S.D.N.Y. 2018) (citing *Giraldo v. Kessler,* 694 F.3d 161, 164 (2d Cir. 2012) (court may take judicial notice of relevant matters of public record); *Rothman v. Gregor,* 220 F.3d 81 (2d Cir. 2000) (court may take judicial notice of court documents)).

## BASIS FOR RELIEF

15.     Bankruptcy Rule 3007(d) provides, in relevant part:

(d) Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:

…

(5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

…

Fed. R. Bankr. P. 3007(d)(5).

16.     The Trustee objects to each of the 502(d) Disallowance Claims based solely on the grounds that the claims should be disallowed pursuant to section 502 of the Bankruptcy Code, which provides, in pertinent part:

[T]he court shall disallow any claim of any entity from which property is recoverable under section [550] of this title or that is a transferee of a transfer avoidable under section [547 or 548] of this title, unless such entity or transferee has paid the amount . . . for which such entity or transferee is liable under section [550] of this title.

11 U.S.C. § 502(d).

17.     "The purpose of section 502(d) of the Bankruptcy Code is to prevent entities, which hold property subject to turnover or avoidance, from receiving a distribution of estate assets until such property is first returned to the estate." *In re Vivaro Corp.*, 541 B.R. 144, 154 (Bankr. S.D.N.Y. 2015). "This statute is a claims avoidance provision that requires bankruptcy courts to disallow claims to the extent that a creditor violates provisions of the Bankruptcy Code regarding voidable preferences and turnover actions." *Id.* (citing cases). "Section 502(d) serves the policy goal of ensuring compliance with judicial orders." *Id.*

57533/0001-41164867v5

18.     When a claim objection is filed to disallow and expunge a claim based on section 502(d), "simply alleg[ing] the entity received an avoidable transfer," is not enough. *Id.* at 147.  Rather, "a judicial determination that the entity received an avoidable transfer is required." *Id.* at 148.  "The Court must be satisfied that the estate or estate representative has established a prima facie basis that the Claimants received and have not repaid avoidable transfers." *Id.*; *see also* 4 COLLIER ON BANKRUPTCY ¶ 502.05[1] ("Section 502(d) is operative . . . when the trustee, having successfully avoided transfers under the sections dealing with the trustee's avoidance powers, may proceed under section 550 . . . .").  Once a claimant's liability is determined for an avoidable transfer *in any* amount, however, the claimant's entire pending claim must be disallowed in full. *See Vivaro Corp.*, 541 B.R. at 155.

19.     Here, the Trust obtained default judgments in each of the Adversary Proceedings identified on **Exhibit 1**.  Furthermore, as set forth in the Geoghan Declaration, none of the Claimants have paid, satisfied, or otherwise returned any portion of the default judgments entered against them.  Therefore, the Trust has satisfied its burden to show a prima facie basis that the Claimants received and have not repaid avoidable transfers. *See Vivaro Corp.*, 541 B.R. at 148. [3]

20.     Accordingly, the 502(d) Disallowance Claims listed on Exhibit 1 to the Proposed Order should be disallowed and expunged in their entirety. [5]

---

[3]     In addition to seeking the avoidance and recovery of transfers pursuant to sections 547, 548, and 550 of the Bankruptcy Code, the Complaints against of the Claimants also sought to disallow their claims under section 502(d) of the Bankruptcy Code.  The default judgments do not, however, currently provide for §502(d) relief to which it is entitled.

[5]     The relief sought herein is appropriate regardless of whether the 502(d) Disallowance Claims are currently held by the original Claimant or a purchaser or assignee of such claim. *See In re Firestar Diamond, Inc.*, 615 B.R. 161, 166 (Bankr. S.D.N.Y. 2020), *reverse on other grounds, In re Firestar Diamond, Inc.*, 627 B.R. 804, 808 (S.D.N.Y. 2021); *In re Metiom Inc.*, 301 B.R. 634 (Bankr. S.D.N.Y. 2003).

## RESERVATION OF RIGHTS

21.     The Trustee expressly reserves the right to amend, and to file additional objections to any Claims which may be asserted against the Debtors.  Without limiting the generality of the foregoing, the Trustee specifically reserves the right to amend, modify, or supplement the Claims Objection, file additional papers in support of this Claims Objection, or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response filed by or on behalf of any of the claimants or other interested parties; (b) object further to any Claims for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any of the Claims addressed herein based on additional information that may be discovered upon further review by the Trustee, the Trust, or the Debtors or through discovery pursuant to the Bankruptcy Rules.

## SEPARATE CONTESTED MATTER

22.     To the extent that a response is filed regarding any Claim and the Trustee is unable to resolve any such response, each such Claim, and the Claims Objection as it pertains to such Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, to the extent applicable.  Further, the Trustee requests that any order entered by the Court granting the relief requested in this Claims Objection be deemed a separate order with respect to each Claim.

## NOTICE

23.     Notice of this Claims Objection will be given to (a) the Reorganized Debtors, (b) the Office of the United States Trustee; (c) counsel to the Tranche B Lenders (as defined in the DIP Credit Agreement) and the steering committee of the second lien creditors; (d) the U.S. Attorney for the Southern District of New York; (e) counsel to TerraForm Power, Inc. and TerraForm Global, Inc.; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Claimants listed on **Exhibit 1** to the Proposed Order; and (i) all parties listed

on the Master Service List.  In light of the nature of the relief requested, the Trust respectfully submits that no other or further notice of this Claims Objection need be provided.

## NO PRIOR REQUEST

24.     No previous application for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and such other or further relief as the Court deems just and proper.

Dated: New York, New York
       November 15, 2021

**COLE SCHOTZ P.C.**
*Counsel to Plaintiff SunEdison Litigation Trust*

By: */s/ Daniel F.X. Geoghan*
     Daniel F.X. Geoghan
     1325 Avenue of the Americas, 19th Fl.
     New York, New York 10019
     Telephone: (212) 752-8000
     Facsimile: (212) 752-8393

57533/0001-41164867v5

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

In re                                              :       Chapter 11
                                                   :
SUNEDISON, INC., *et al.*,                         :       Case No. 16-10992 (DSJ)
                                                   :
          Debtors.[1]                              :       (Jointly Administered)

---------------------------------------------------------

## ORDER APPROVING SUNEDISON LITIGATION TRUST'S FOURTEENTH OMNIBUS OBJECTION TO CLAIMS

Upon the objection, dated November 15, 2021 (the "**Claims Objection**")[3] of Drivetrain,

LLC, as trustee on behalf of the SunEdison Litigation Trust (the "**Trust**"), seeking entry of an

order, pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, disallowing

and expunging certain claims identified on __Exhibit 1__ annexed hereto (the "**Claims**"); and it

---

[1]      The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number, are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); SunE MN Development, LLC (8669); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Claims Objection.

appearing that the Court has jurisdiction over the Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Claims Objection having been given and no other or further notice of the Claims Objection being necessary; and upon the hearing conducted before the Court to consider the Claims Objection (the "**Hearing**"); and upon the record made at the Hearing; and upon all of the prior proceedings had herein; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The relief requested in the Claims Objection is granted to the extent provided herein.

2.      The treatment of the Claims Objection as an omnibus objection is approved.

3.      The 502 Disallowance Claims identified on **Exhibit 1** attached hereto are hereby disallowed and expunged in their entirety pursuant to section 502(d) of the Bankruptcy Code.

4.      Each 502 Disallowance Claim and the objection by the Trust to each 502(d) Disallowance Claim set forth on **Exhibit 1** constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and its Claim and shall not act to stay the applicability or finality of this Order with respect to the other contested matters and corresponding Claim.

5.      The claims agent retained in the Debtors' Chapter 11 Cases is authorized to reflect the foregoing on the official claims register maintained for the Debtors' cases.

57533/0001-41164867v5

6.      The terms and conditions of this Order are effective immediately upon entry.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2021
      New York, New York

                            _____

                            Honorable David S. Jones
                            United States Bankruptcy Judge

57533/0001-41164867v5

Exhibit 1
Schedule of 502 Disallowance Claims

| No. | Claimant Name | Claim No. | Claim Amount | Adv. Pro. No. | Default Judgment Entered | Docket No. |
|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | **Default Judgment** | | |
| 1 | Accent Services, LLC | 195 | $22,742.36 | 18-01115 | 11/15/2019 | DI 16 |
| 2 | Accent Design & Landscaping | 403509 | $22,742.17 | | | |
| 3 | APPLUS (SHANGHAI) QUALITY INSPECTION CO; LTD | 668 | $96,023.45 | 18-01483 | 1/29/2020 | DI 18 |
| 4 | Applus (Shanghai) Quality Inspection Co., Ltd | 669 | $27,022.20 | | | |
| 5 | Applus (Shanghai) Quality Inspection Co., Ltd. | 2346 | $17,004.00 | | | |
| 6 | Applus (Shanghai) Quality Inspection Co., Ltd. | 2387 | $101,058.63 | | | |
| 7 | Applus (Shanghai) Quality Inspection Co., Ltd. | 6160 | $108,625.55 | | | |
| 8 | APPLUS (SHANGHAI) QUALITY INSPECTION CO., LTD. | 6162 | $25,326.70 | | | |
| 9 | APPLUS (SHANGHAI) QUALITY INSPECTION CO., LTD | 6163 | $22,850.40 | | | |
| 10 | Arizona Solar Wave | 385 | $45,832.95 | 18-01485 | 11/19/2019 | DI 16 |
| 11 | Arizona Solar Wave-NVT | 405597 | $15,724.28 | | | |
| 12 | BBOSCH S.A. | 549725 | $142,935.49 | 18-01486 | 11/19/2019 | DI 19 |
| 13 | Kingsley, Bruce W. | 403028 | $5,104.17 | 18-01257 | 11/20/2019 | DI 16 |
| 14 | Build Native, Inc. | 403105 | $2,100.00 | 18-01050 | 11/15/2019 | DI 18 |
| 15 | Far East Cable Co., Ltd | 549782 | $35,034.36 | 18-01488 | 11/19/2019 | DI 18 |
| 16 | FirstMark Advantage, LLC | 135 | $41,784.04 | 18-01489 | 11/19/2019 | DI 19 |
| 17 | FirstMark Advantage, LLC | 136 | $46,524.54 | | | |
| 18 | FirstMark Advantage, LLC. - Authorized Installer-NVT | 405161 | $4,049.68 | | | |
| 19 | FirstMark Advantage, LLC.-NVT | 405162 | $2,856.18 | | | |
| 20 | Five Star Impact | 405164 | $3,640.00 | 18-01402 | 11/18/2019 | DI 19 |
| 21 | Forlexco-NVT | 405255 | $1,174.50 | 18-01490 | 11/19/2019 | DI 19 |
| 22 | Perez Gundin, Francisco J | 3939 | $0.00* | 18-01416 | 11/18/2019 | DI 18 |
| 23 | Perez Gundin, Francisco J | 4023 | $0.00* | | | |
| 24 | Global Power Gas & Electric LLC – LightWing-NVT | 405469 | $2,000.00 | 18-01215 | 11/15/2019 | DI 20 |
| 25 | Global Power Gas & Electric LLC-NVT | 405470 | $2,835.00 | | | |
| 26 | Global Power Gas & Electric LLC-SOLAR | 405471 | $9,834.84 | | | |
| 27 | GreenBiz Group, Inc. | 405545 | $22,000.00 | 18-01393 | 11/18/2019 | DI 19 |
| 28 | Hwang Mok Park PC | 2304 | $23,364.85 | 18-01223 | 1/29/2020 | DI 22 |
| 29 | INDUSTRIAL SPECIALTY SERVICES | 403568 | $6,108.00 | 18-01302 | 11/15/2019 | DI 19 |
| 30 | INTERNATIONAL EQUIPMENT LEASING INC | 403685 | $31,306.83 | 18-01303 | 11/15/2019 | DI 20 |
| 31 | LP Daniel Engineers & Contractors, Inc. | 3250 | $575,161.28 | 18-01450 | 11/17/2020 | DI 28 |
| 32 | MC Tech (Young dae Lim) | 932 | $43,605.00 | 18-01495 | 11/19/2019 | DI 16 |
| 33 | MC tech | 549788 | $62,791.20 | | | |
| 34 | Northeast Solar Services-NVT | 404178 | $89,152.29 | 18-01497 | 11/19/2019 | DI 18 |
| 35 | ORBIS TERRARUM PROJECTS S.L | 218 | $65,508.17 | 18-01147 | 11/15/2019 | DI 16 |
| 36 | Orbis Terrarum Projects | 405165 | $44,534.11 | | | |
| 37 | Prime Solar Source, LLC | 3958 | $1,169,916.28 | 18-01126 | 11/15/2019 | DI 17 |
| 38 | Prime Source Solar LLC | 404237 | $416,700.25 | | | |
| 39 | Prime Source Solar LLC | 404238 | $74,076.07 | | | |
| 40 | PV Guru Inc.-SOLAR | 404251 | $72,882.14 | 18-01451 | 11/18/2019 | DI 20 |
| 41 | Red River Island View LLC | 404282 | $16,048.47 | 18-01159 | 11/15/2019 | DI 17 |
| 42 | RENEW ENERGY GROUP 47-3093541 | 819 | $1,049,069.53 | 18-01452 | 11/18/2019 | DI 19 |
| 43 | Renew Energy Group | 2233 | $1,993,724.53* | | | |
| 44 | Renew Energy Group-NVT | 404297 | $23,010.00 | | | |
| 45 | Shanghai Zhichuan Electronic Tech Co., Ltd | 549722 | $6,146.00 | 18-01502 | 6/22/2021 | DI 17 |
| 46 | Ellard, Sandy | 1751 | $61,765.86 | 18-01333 | 11/18/2019 | DI 21 |
| 47 | SunFusion Solar | 1752 | $61,765.86 | | | |
| 48 | SunFusion Solar Electric, Inc | 1753 | $61,765.86 | | | |
| 49 | SunFusion Solar Electric, Inc-SOLAR | 403952 | $33,464.60 | | | |

Exhibit 1
Schedule of Default Judgement Claims

| No. | Claimant Name | Claim No. | Claim Amount | Adv. Pro. No. | Default Judgment Entered | Docket No. |
|---|---|---|---|---|---|---|
| 50 | Sungju Co.,Ltd | 549800 | $720,834.21 | 18-01507 | 2/16/2021 | DI 13 |
| 51 | Sunlight Solar Energy-NVT | 403955 | $16,617.60 | 18-01508 | 11/19/2019 | DI 18 |
| 52 | Sustainable Energy Systems LLC | 2244 | $472,371.26 | 18-01509 | 11/19/2019 | DI 20 |
| 53 | Sustainable Energy Systems, LLC - Solar | 3323 | $472,371.26 | | | |
| 54 | Sustainable Energy Systems, LLC-NVT | 403962 | $195,629.10 | | | |
| 55 | Synergy Innovations Pte Ltd | 6161 | $403,656.34 | 18-01469 | 2/26/2021 | DI 25 |
| 56 | Thunderbird Logistics | 403850 | $2,874.96 | 18-01133 | 11/15/2019 | DI 18 |
| 57 | TK HVAC Electrical Services | 533 | $102,485.34 | 18-01335 | 11/18/2019 | DI 17 |
| 58 | TK HVAC & Electrical Services | 403857 | $3,861.00 | | | |
| 59 | TUV SUD Certification and Testing (China) Co., Ltd. Shanghai Branch | 215 | $80,874.84 | 18-01313 | 6/16/2020 | DI 22 |
| | TUV-SUD South Asia Pvt. Ltd. | 264 | $5,555,008.11 | | | |
| 60 | TUV SUD Cert & Test China SHH | 404108 | $76,104.84 | | | |
| 61 | Woongjin Energy Co., Ltd. | 2588 | $21,433.51* | 18-01387 | 10/18/2021 | DI 30 |
| 62 | Woongjin Energy Co., Ltd. | 2602 | $442,304.03* | | | |
| 63 | Woongjin Energy Co., Ltd. | 6113 | $12,500,000.00 | | | |

* Indicates claim contains contingent, unliquidated and/or undetermined amounts.

**Exhibit B**

**Geoghan Declaration**

COLE SCHOTZ P.C.
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
Daniel F.X. Geoghan

*Counsel to the SunEdison Litigation Trust*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| SUNEDISON, INC., *et al.*, | : | |
| | : | Case No. 16-10992 (DSJ) |
| Reorganized Debtors.[1] | : | |
| | : | (Jointly Administered) |
| | : | |

## DECLARATION OF DANIEL F.X. GEOGHAN
## IN SUPPORT OF SUNEDISON LITIGATION TRUST'S
## FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (§ 502(d) DISALLOWANCE)

---

[1]  The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number, are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); SunE MN Development, LLC (8669); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

I, DANIEL F. X. GEOGHAN, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am a member of the firm of Cole Schotz P.C. ("**Cole Schotz**"), attorneys for SunEdison Litigation Trust (the "**Trust**") in the above-captioned chapter 11 proceeding, and plaintiff in approximately 480 adversary proceedings (the "**Adversary Proceedings**") before this Court, seeking, as further described below, to avoid and recover transfers, as well as the disallowance of claims. I have responsibility for the day-to-day prosecution and administration of the Adversary Proceedings by and through my firm's representation of the Trust and Trustee. As such, I am fully familiar with the facts stated below.

2.  I submit this declaration in support of *SunEdison Litigation Trust's Fourteenth Omnibus Objection to Claims (§ 502(d) Disallowance)* (the "**Claims Objection**"),[2] to supplement the facts set forth in the Claims Objection regarding the circumstances surrounding the Court's entry of default judgment against the Claimants.

3.  Beginning in 2018, the Trust filed approximately 480 complaints commencing the Adversary Proceedings in this Court seeking (a) to avoid and recover preferential and/or fraudulent transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code and (b) disallowance of claims pursuant to section 502(d) of the Bankruptcy Code.

4.  The Claimants are all defendants in Adversary Proceedings where the Court entered default judgment in favor of the Trust.

---

[2]    Capitalized terms used but not defined herein shall have the meanings assigned to them in the Claims Objection.

2

5.     As reflected on the docket for each of the applicable Adversary Proceedings,[3] the Claimants were duly served with process in accordance with Rule 7004 of the Bankruptcy Rules, Rule 4 of the Federal Rules Civil Procedure, and the Orders of this Court. Nevertheless, the Claimants failed to appear or otherwise defend themselves in their respective Adversary Proceedings.

6.     Upon appropriate applications filed by the Trust in each matter, and in compliance with Rule 7055 of the Bankruptcy Rules of Procedure and Rule 55 of the Federal Rules of Civil Procedure, the Clerk of the Court entered default. Thereafter, the Court entered a default judgment against each of the Claimants thereby establishing their liability for the amounts sought in the respective complaint.

7.     To date, none of the Claimants have satisfied any portion of the default judgments entered against them.

8.     Accordingly, the Trust seeks the entry of an order, pursuant to Bankruptcy Code section 502(d) and Bankruptcy Rule 3007, disallowing and expunging the scheduled and filed 502(d) Disallowance Claims.

I hereby certify that the above statements made by me are true and accurate. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____*/s/ Daniel F. X. Geoghan*_____
Daniel F. X. Geoghan, Esq.

DATED:  November 15, 2021

---

[3]     Pursuant to Federal Rules of Evidence 201(b), the Court may take judicial notice court documents and the contents of its docket. *See In re Magnesium Corp. of Am.,* 583 B.R. 637, 648 (Bankr. S.D.N.Y. 2018) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may take judicial notice of relevant matters of public record); *Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000) (court may take judicial notice of court documents)).