**Hearing Date: December 11, 2024 at 2:00 p.m. (ET)**
**Objection Deadline: December 4, 2024 at 4:00 p.m. (ET)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
Matthew S. Barr
Joshua S. Amsel

*Attorneys to the SunEdison Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| SUNEDISON, INC., *et al*., | : | Case No. 16-10992 (DSJ) |
| Reorganized Debtors.[1] | : | (Jointly Administered) |

**NOTICE OF HEARING ON MOTION OF TRUSTEE OF SUNEDISON LITIGATION TRUST FOR AN ORDER EXTENDING THE LITIGATION TRUST TERM**

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases (as defined herein) but is not a Reorganized Debtor.

**PLEASE TAKE NOTICE** that the SunEdison Litigation Trust (the "**Litigation Trust**") hereby files the Motion of Trustee of SunEdison Litigation Trust for an Order Extending the Litigation Trust Term (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and relief requested therein, if any, must be made in writing and filed with the Bankruptcy Court no later than **December 4, 2024 at 4:00 p.m. (Prevailing Eastern Time**).

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the Honorable David S. Jones, United States Bankruptcy Judge for Southern District of New York on **December 11, 2024 at 2:00 p.m. (Prevailing Eastern Time**) via Zoom, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that the ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections.

Dated: November 19, 2024
New York, New York

SUNEDISON LITIGATION TRUST
By its Attorneys:

By: */s/ Matthew S. Barr*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
Matthew S. Barr
Joshua S. Amsel

*Attorneys to the SunEdison Litigation Trust*

**Hearing Date: December 11, 2024 at 2:00 p.m. (ET)**
**Objection Deadline: December 4, 2024 at 4:00 p.m. (ET)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
Matthew S. Barr
Joshua S. Amsel

*Attorneys to the SunEdison Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| SUNEDISON, INC., *et al.*, | : | Case No. 16-10992 (DSJ) |
| Reorganized Debtors.[1] | : | (Jointly Administered) |

**MOTION OF TRUSTEE OF SUNEDISON LITIGATION TRUST FOR AN ORDER EXTENDING THE LITIGATION TRUST TERM**

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases (as defined herein) but is not a Reorganized Debtor.

TO: THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

Drivetrain, LLC, as Trustee of the SunEdison Litigation Trust (the "**Litigation Trust**") established under the *Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* (ECF No. 2671) (as amended, the "**Plan**") in the above-captioned cases, by and through its undersigned attorneys, hereby submits this motion (the "**Motion**") for an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending the term of the Litigation Trust for one year, through and including December 31, 2025 (the "**Extended Term**"). In support of the Motion, the Litigation Trust respectfully represents:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and pursuant to paragraph 33 of the *Findings of Fact, Conclusions of Law and Order Confirming Second Amended Plan of Reorganization of Sunedison, Inc. and Its Debtor Affiliates* entered on July 28, 2017 (ECF No. 3735) (the "**Confirmation Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. The Chapter 11 Cases

2. Beginning on April 21, 2016 (the "**Petition Date**"), SunEdison, Inc. and certain of its affiliates commenced voluntary cases (collectively, the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors' Chapter 11 Cases were consolidated for procedural purposes only and are being jointly administered.

3. On July 28, 2017, the Court entered the Confirmation Order, confirming the Plan. The effective date of the Plan occurred on December 29, 2017 (the "**Effective Date**"). *See* ECF No. 4495.

4. The Litigation Trust was established pursuant to the Plan, the Confirmation Order, and that certain Litigation Trust Agreement dated December 29, 2017, by and between the Debtors and Drivetrain, LLC, a form of which was annexed as Exhibit 7.1 to the Plan (as amended, the "**Litigation Trust Agreement**").[2] The Litigation Trust is responsible for investigating and prosecuting the Litigation Trust Causes of Action, including, with certain exceptions, all Causes of Action of the Debtors' Estates as of the Effective Date, including all Estate Avoidance Actions. *See* Litigation Trust Agreement at 2.

5. The Litigation Trust has also assumed responsibility for the claims reconciliation and objection process with respect to General Unsecured Claims (as defined in the Plan). *See* Plan § 7.1; Litigation Trust Agreement § 1.2. The Debtors retain responsibility for objecting to administrative expense, priority, and secured claims. *See* Plan § 9.2.

6. As set forth in section 10.1 of the Litigation Trust Agreement, the initial term of the Litigation Trust was five years.

7. By Order dated December 22, 2022, the Court extended the term of the Litigation Trust an additional two years, through and including December 29, 2024. *See* ECF No. 6607.

[2] Capitalized terms that are not defined herein shall have the meaning ascribed to them in the Litigation Trust Agreement, or the Plan, as applicable.

## RELIEF REQUESTED

8. Pursuant to section 10.1 of the Litigation Trust Agreement, and sections 105(a) and 1142(b) of the Bankruptcy Code, the Litigation Trust seeks entry of the Order extending the term of the Litigation Trust through and including December 31, 2025 to investigate and prosecute the remaining Litigation Trust Causes of Action, if and as necessary, and to complete the liquidation of the assets of the Litigation Trust.

## BASIS FOR RELIEF REQUESTED

9. The Litigation Trust Agreement provides for the extension of the term of the Litigation Trust beyond the initial five-year term. Section 10.1 of the Litigation Trust Agreement provides in part:

> The Litigation Trust shall have an initial term of five (5) years. The Bankruptcy Court, upon motion by the Litigation Trustee, on notice with an opportunity for hearing, within six (6) months before the expiration of the original term or any extended term, may extend, for a fixed period, the term of the Litigation Trust if it is necessary to facilitate or complete the liquidation of the assets of the Litigation Trust, and not unduly extend the term of the Litigation Trust….

Litigation Trust Agreement § 10.1.

10. In addition, the Litigation Trust Agreement also requires that, in connection with an extension of its term, the Litigation Trust obtain a favorable private letter ruling from the IRS or opinion of counsel satisfactory to the Litigation Trustee and the Litigation Trust Oversight Board that the extension would not adversely affect the status of the Litigation Trust as a "liquidating trust" for tax purposes. *See* Litigation Trust Agreement § 10.1. The Litigation Trust is in the process of obtaining an opinion of counsel in satisfaction of this requirement (which may be received before or after December 29, 2024).

11. The Court may also extend the term of the Litigation Trust in accordance with the Court's authority under sections 105(a) and 1142(b) of the Bankruptcy Code. Section 105 provides that the Court may issue orders necessary to implement the provisions of the Plan and the Bankruptcy Code. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."). Section 1142(b) provides that the Court may direct the Debtors and any other necessary party(ies) to perform any other act that is necessary for the consummation of the Plan.[3] Indeed, the Court regularly extends the terms of litigation trusts and plan trusts, including for additional periods consistent with the two-year period requested in this Motion.[4]

12. Here, an extension of the term of the Litigation Trust is necessary to investigate and prosecute the remaining Litigation Trust Causes of Action, if and as necessary, and to facilitate and complete the liquidation of the assets of the Litigation Trust. Over the initial and first extended terms of the Litigation Trust, the Litigation Trustee has made tremendous progress

[3] *See also Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."); *In re Oversight & Control Comm'n of Avánzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (alteration in original).

[4] *See, e.g.*, Order Extending Terms of Litigation Trust and Private Actions Trust, *In re Refco Inc., et al.*, No. 05-60006-RDD (D.I. 7210) (Bankr. S.D.N.Y. Dec. 18, 2012) (granting a two year extension to a litigation trust); Order Granting Trustee's Second Motion to Extend the Term of the Litigation Trust, *In Re Quebecor World (USA) Inc., et al.*, No. 08-10152-JLG (D.I. 5075) (Bankr. S.D.N.Y. Aug. 1, 2014) (granting extension of one year to Litigation Trust); Order Granting Motion of the Oldco M Distribution Trust for an Order Extending the Termination Date of the Oldco M Distribution Trust, *In re Oldco M Corporation*, No. 09-13412-MG (D.I. 2466) (Bankr. S.D.N.Y. Dec. 17, 2015) (granting extension of six months following previous one-year extension of a liquidating trust with an original term of five years); Order Granting Motion of the Global Crossing Estate Representative to Extend the Term of the Liquidating Trust, *In re Global Crossing Ltd.*, No. 02-40188-REG (D.I. 4918) (Bankr. S.D.N.Y. Nov. 24, 2015) (granting fourth two-year extension of liquidating trust with original term of five years); Order Granting Motion of the Liquidation Trustee for Order (I) Extending Term of the 1031 Debtors Liquidation Trust; and (II) For Final Decree Closing the Debtors' Chapter 11 Cases, *In re The 1031 Tax Group, LLC*, No. 07-11448-MG, (D.I. 2131) (Bankr. S.D.N.Y. Sept. 17, 2014) (granting a three year extension to a liquidating trust with an original term of five years and entering an order of final decree closing the bankruptcy cases).

in accomplishing the objectives of the Litigation Trust. To date, the Litigation Trust has commenced over 480 adversary proceedings to, among other things, recover preferential and/or fraudulent transfers made by the Debtors prior to the Petition Date. The Litigation Trust has recovered more than $90 million for the benefit of holders of General Unsecured Claims through both litigation and settlements (some mediated) with defendants in the Adversary Proceedings and with other parties in receipt of transfers from the Debtors in the time period leading up to the Petition Date. As a result, to date, the Litigation Trust has made distributions to General Unsecured Creditors totaling approximately 1.5% of allowed General Unsecured Claim amounts. A more detailed description of the Litigation Trust's activity can be found in the Litigation Trust's most recent semi-annual financial report, annexed hereto as **Exhibit B**.

13. Approximately five Adversary Proceedings, however, remain pending before the Court. If not resolved, the Litigation Trust may need to litigate these Adversary Proceedings to judgment. Additionally, the Litigation Trust continues to investigate a few remaining Litigation Trust Causes of Action, which, if not settled, may result in litigation. Consequently, the Litigation Trust needs additional time to investigate and prosecute the remaining Litigation Trust Causes of Action to maximize recoveries to holders of General Unsecured Claims. Additionally, the Litigation Trust has entered into, or may enter into, settlements with third parties, which contemplate installment payments to be made to the Litigation Trust over the Extended Term, further necessitating that the Litigation Trust's term be extended so the Litigation Trust can receive and distribute those settlement proceeds to holders of General Unsecured Claims.

14. The Litigation Trust has likewise made significant progress with respect to the General Unsecured Claims reconciliation process, having reconciled and allowed over 2,700 General Unsecured Claims to date. The Litigation Trust has also filed 15 omnibus claims

objections covering over 750 claims and a Notice of Satisfaction covering seven claims. Further, the Litigation Trust's continued efforts to prosecute and resolve the Trust Adversary Proceedings have resulted in the resolution of more than 750 General Unsecured Claims with various defendants. Approximately 280 General Unsecured Claims, however, remain unresolved. The Litigation Trust is working diligently with its advisors to resolve these outstanding General Unsecured Claims, ideally on a consensual basis. If consensual resolutions are not possible, the Litigation Trust will seek to resolve these remaining General Unsecured Claims through contested claims objections over the course of the Extended Term.

15. Accordingly, for the reasons discussed above, the Litigation Trustee respectfully requests that the Court extend the term of the Litigation Trust so the Litigation Trustee may investigate and prosecute all remaining Litigation Trust Causes of Action, if and as necessary, and complete the liquidation of the assets of the Litigation Trust.

16. The Litigation Trust reserves the right to seek further extensions of the term of the Litigation Trust.

## NOTICE

17. The Litigation Trust has provided notice of this Motion to: (a) the Debtors; (b) counsel to the Tranche B Lenders and the steering committee of the second lien lenders, Akin Gump Strauss Hauer & Feld, LLP; (c) the Office of the United States Trustee for the Southern District of New York; (d) the U.S. Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York. In light of the nature of the relief requested and in accordance with section 9.3 of the Plan, the Litigation Trust respectfully submits that no further notice is necessary.

**WHEREFORE** the Litigation Trust respectfully requests entry of an Order extending the term of the Litigation Trust through and including December 31, 2025, and any and all further relief as this Court deems just and proper.

Dated: November 19, 2024
New York, New York

SUNEDISON LITIGATION TRUST
By its Attorneys:

By: */s/ Matthew S. Barr*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
Matthew S. Barr
Joshua S. Amsel

*Attorneys to the SunEdison Litigation Trust*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| SUNEDISON, INC., *et al.*, | : | Case No. 16-10992 (DSJ) |
| Reorganized Debtors.[6] | : | (Jointly Administered) |

**ORDER EXTENDING THE TERM**
**<u>OF THE LITIGATION TRUST TO DECEMBER 31, 2025</u>**

Upon consideration of the Litigation Trust's motion (the "**<u>Motion</u>**")[7] for an Order extending the term of the Litigation Trust; and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper in this district

[6] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases but is not a Reorganized Debtor.

[7] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Motion having been given and no other or further notice of the Motion being necessary; and upon all of the prior proceedings had herein; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Litigation Trust term is hereby extended through and including December 31, 2025, effective upon the Litigation Trust receiving and filing a notice that it has received a favorable private letter ruling or opinion of counsel in accordance with section 10.1(a) of the Litigation Trust Agreement.

2. This Order is without prejudice to the rights of the Litigation Trust and/or the Debtors to seek a further extension(s) of the term of the Litigation Trust.

3. The terms and conditions of this Order are effective immediately upon entry.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: December __, 2024
New York, New York

______________________________
Honorable David S. Jones
United States Bankruptcy Judge

# Exhibit B

## Litigation Trust's Semi-Annual Report

**SUNEDISON LITIGATION TRUST**

**Report for the period January 1, 2024, to June 30, 2024**

In accordance with Article 9 of the SunEdison GUC Litigation Trust Agreement[1] dated as of December 29, 2017, by and among SunEdison, Inc. and certain of its affiliates and Drivetrain, LLC, as the trustee, the Litigation Trustee has prepared the following semi-annual financial statement for the Litigation Trust Beneficiaries.

Litigation Activities

As previously reported, the Litigation Trustee filed four hundred seventy-nine adversary complaints in the Bankruptcy Court ahead of the two-year statute of limitations (occurring initially in April 2018) for Chapter 5 complaints. The Litigation Trustee then moved the Bankruptcy Court to establish procedures governing its adversary proceedings (Docket No. 5339-1) on April 27, 2018. The Bankruptcy Court entered its *Order Granting SunEdison Litigation Trust's Motion for Order Establishing Procedures Governing Adversary Proceedings Pursuant to Sections 502, 547, 548 and 550 of the Bankruptcy Code* on May 18, 2018 (Docket No. 5390) (the "Order"). After the two-year statute of limitations running, five tolled cases were filed bringing the total "Adversary Complaints Filed" to four hundred eighty-four.

In summary, the Order included several procedures that governed the adversary proceedings, including (by heading):

A. Stipulation to Extend Time for Defendants to Respond to the Complaint, Mediation Before Response
B. Stay of Requirement to Conduct Pretrial Conference
C. Stay of Requirement to Conduct Rule 26(f) Conference
D. Stay of Discovery
E. Settlement of Avoidance Actions
F. Dispositive Motions
G. Mediation Procedures and Requirements
H. Avoidance Actions Omnibus Hearings
I. Motions Affecting all Avoidance Actions
J. Mediator List

The Trust and its counsels, with the assistance of Alvarez & Marsal, have scheduled, engaged, and negotiated, and in certain instances participated in discovery, with the defendants in mediation during the past forty-eight months. These efforts have yielded substantial progress in advancing both potential and actual settlements, and finally resolving claims.

To date, the Trust has filed 487 adversary complaints in total. Exhibit A to this report provides a list of the outstanding litigation brought by the Trust, including one matter in which a

[1] Capitalized terms not defined in this Report have the meanings given to them in the SunEdison Litigation Trust Agreement.

settlement was reached but the settling party did not sign the settlement agreement. Included in the above, the Trust filed three additional adversary proceedings during the period between January 1, 2024, and June 30, 2024, and has reached settlements with more than 370 defendants since its inception.

Trust Assets and Receipts and Disbursements

As of June 30, 2023, the Trust Assets consisted of cash balances held in deposit and investment accounts, and the unliquidated claims and causes of action transferred to the Trust pursuant to the Plan, the Confirmation Order, and the Trust Agreement.

Table 1 (contained on page 7 of this report) includes a summary of the Trust's receipts and disbursements in the period of January 1, 2024, to June 30, 2024, and from the inception of the Trust.

The following is the distribution history as a percentage of general unsecured claims' amounts:

| | **% of allowed general unsecured claims' amount** | **Cumulative for all preceding distributions** |
|---|---:|---:|
| 1st Distribution | 0.3589615% | 0.3589615% |
| 2nd Distribution | 0.5000000% | 0.8589615% |
| 3rd Distribution | 0.2500000% | 1.1089615% |
| 4th Distribution | 0.3910385% | 1.5000000% |

The Trust temporarily delayed making its 5th Distribution but will do so upon completing the calculations for Net Avoidance Action Proceeds and Additional Net Avoidance Action Proceeds in the fourth quarter of calendar year 2023. Under the terms of the Litigation Trust Agreement, Any Additional Net Litigation Proceeds recovered that exceed $63,000,000 are distributed fifty-two percent (52%) to Holdings of Allowed General Unsecured Claims (i.e., holders of Class A Litigation Trust Interests) and forty-eight (48%) to Holders of Second Lien Claims (i.e., holders of Class B Litigation Trust Interests), each on a *pro rata* basis among their respective classes.

GUC Claims Administration

The GUC claims register (the "Register") originally totaled more than 9,800 scheduled and filed proofs of claim. That sum has been reduced by objections or otherwise resolved asserted claims to fewer than 2,500 claims.

In addition, while resolving Chapter 5 adversary proceedings brought by the Trust, the Trustee attempts to resolve any claims that defendants may have against the Trust in tandem with the preference or fraudulent conveyance claims. These efforts have reduced the number and magnitude of claims.

The Trustee is continuing its efforts to administer the balance of the remaining disputed and not yet allowed claims as the Trustee's litigation efforts at the court-mandated mediations have moderated.

As of June 30, 2024, the top ten stipulated/allowed GUC claimants to date were as follows:

| Claim Nos. | Claimant | Amount |
|---|---|---|
| | Convertible Senior Note Holders (former) | 1,996,758,824 |
| **3031** | SunRun (fka Vivint) | 590,000,000 |
| **6176** | TerraForm Power Inc. and affiliates (in process) | 153,390,768 |
| **2882** | BOKF, N.A., as Indenture Trustee (Seller Note) | 97,721,572 |
| **1711, 1822** | Lotte Fine Chemical Co. Ltd. | 62,736,482 |
| **6103** | Vestas American Wind Technology, Inc. | 57,500,000 |
| **3152** | R/C Solar Investment Partnership, L.P. | 38,700,000 |
| **2701** | Invenergy | 34,404,984 |
| **1124** | Regents of the University of Michigan/ CO2 Sciences | 26,250,000 |
| **2764** | Newmark Grubb Knight Frank | 20,000,000 |
| | **Total (Top 10)** | **3,077,462,630** |

As previously reported, the Initial Distribution was conducted using a Reserved Claims Estimate totaling $8.7Bn and further changes to the Register have revised the Reserved Claims Estimate to $4.1Bn (which includes Allowed Claims totaling approximately $3.5Bn). That revised estimate includes claims that the Trustee has yet to evaluate, may be related to existing litigation brought by the Trust and to which the Trustee may yet object, including unliquidated, contingent, and disputed claims for which cash has been set aside in reserve.

The Litigation Trustee currently is reserving $2.2 million in cash for Allowed Claims that have yet to receive prior distributions and $8.6 million against Disputed Reserve balances that either will be paid or released to other claimants upon resolution of these claims.

The Trustee made its Initial Distribution to Allowed Class A GUC claimants equaling 0.358962% on February 26, 2018, its Second Distribution equaling 0.50% of the Allowed Class A Claims on or around December 31, 2020, its Third Distribution equaling 0.25% of the Allowed Class A Claims on or around September 22, 2021, and its Fourth Distribution equaling 0.3910385% of Allowed Class A Claims on or around October 12, 2022. In total, the Trustee has distributed and reserved amounts equaling 1.5000% to Allowed Class A Claimants.

The Trustee has included in Exhibit C the calculation of Net Avoidance Action Proceeds. As evident therein, the Net Litigation Proceeds has exceeded the $63 million threshold set out in the Litigation Trust Agreement, permitting distributions to Class B beneficiaries in amounts equaling 48% of the excess Net Litigation Proceeds (which, for distribution purposes, will include the calculation of a future expense reserve in order that subsequent distributions properly account for future expenses among the A- and B-unit holders).

On December 11, 2018, the Court signed an order (Docket No. 5658) extending the time to object to Claims to June 30, 2019. On July 1, 2019, the Court signed a subsequent order (Docket No. 6002) extending the time to object to Claims to December 31, 2019. On January 2, 2020, the Court signed a subsequent order (Docket No. 6175) extending the time to object to Claims to June 30, 2020. On June 30, 2020, the Court signed a subsequent order (Docket No. 6274) extending the time to object to Claims to December 31, 2020. On January 5, 2021, the Court signed an order (Docket No. 6355) extending the time to object to Claims to June 30, 2021. On July 8, 2021, the Court signed a subsequent order (Docket No. 6452) extending the time to object to Claims to December 31, 2021. On January 4, 2022, the Court signed a subsequent order (Docket No. 6516) extending the time to object to Claims to June 30, 2022. On June 24, 2022, the Court signed a subsequent order (Docket No. 6579) extending the time to object to Claims to December 31, 2022. On December 29, 2022, the Court signed a subsequent order (Docket No. 6611) extending the time to object to Claims to June 30, 2023. On July 5, 2023, the Court signed a subsequent order (Docket No. 6627) extending the time to object to Claims to December 31, 2023 (the “Extension Order”).The Extension Order is without prejudice to the rights of the Trust and/or the Debtors to seek a further extension(s) of the Objection Deadline and the Trustee intends to move for similar extensions as it works through the claims allowance process.

On December 22, 2022, the Court entered an Order extending the term of the Litigation Trust to December 29, 2024. The Trustee will seek an extension of the term prior to its expiry.

<u>Background</u>

*Formation*. In accordance with the *Second Amended Joint Plan of Reorganization of SunEdison, Inc., and Its Affiliated Debtors* (the “Plan”) and the Confirmation Order entered by the Bankruptcy Court (S.D.N.Y. Bankr. Court Case No. 16-10992-SMB) entered on July 28, 2017 (the “Confirmation Order”), the SunEdison Litigation Trust (the “Litigation Trust” or the “Trust”) was formed on December 29, 2017. The Plan and Confirmation Order transferred and vested in the Litigation Trust all Causes of Action of the Debtors’ Estates as of the Effective Date, including all Estate Avoidance Actions (other than Avoidance Actions against the YieldCos and Avoidance Actions against the Prepetition First Lien Secured Parties and the Second Lien Creditors), to the extent such Causes of Action were not released or settled with the consent of the Creditors’ Committee, pursuant to <u>Article 11.5</u> of the Plan or settled pursuant to an Order of the Bankruptcy Court or the Global Settlement Term Sheet prior to the Effective Date.

Pursuant to the Plan and Confirmation Order, the Trustee has and will distribute Class A Litigation Trust Interests to Allowed General Unsecured Creditors and has distributed Class B Litigation Trust Interests to Allowed Second Lien Claimants in partial satisfaction of their

respective claims against the SunEdison bankruptcy estates. The Litigation Trust retains absolute standing and authority to assert and prosecute the Causes of Action for the benefit of the holders of Litigation Trust Interests.

*Governance*. The Litigation Trust is governed by the terms of the SunEdison Litigation Trust Agreement (the "SunEdison Litigation Trust Agreement" or "Trust Agreement"), which was entered into by the SunEdison Debtors, related parties, and Drivetrain, LLC, a New York limited liability company providing post-bankruptcy professional services, as the Litigation Trustee. As set forth in the SunEdison Litigation Trust Agreement, the Litigation Trustee is subject to the oversight of the Litigation Trust Oversight Board, a three-member committee selected by the Creditors' Committee. The current members of the committee are Neal Goldman, Robert Egan, and Alan Carr, the representative of the Litigation Trustee.

*Trust Communications*. In order to facilitate communications with Litigation Trust Interest holders, the Litigation Trustee established a website to post documents and notices. That website can be accessed at: https://cases.primeclerk.com/sunedisonlitigation/. Copies of the Plan, Confirmation Order, SunEdison Litigation Trust Agreement, and other documents have been posted there.

The Litigation Trust's website is updated from time to time with certain significant docket filings or other information regarding the litigations. Note, however, that the website will not contain copies of all filings or other material information and may be incomplete. The website also may be updated with a delay and not in real time. A complete real-time docket listing may be accessed through the Bankruptcy Court for the Southern District of New York's Pacer website (available at: https://ecf.nysb.uscourts.gov ) or Prime Clerk's SunEdison bankruptcy case website (available at: https://cases.primeclerk.com/sunedison).

*Registration Status*. In accordance with Sections 2.3 and 2.4 of the Trust Agreement, the ownership of the Litigation Trust Interests, namely the Class A Litigation Trust Interests and the Class B Litigation Trust Interests, shall be represented by the recording of such ownership in an electronic book-entry system maintained by either the Litigation Trustee or an agent of the Litigation Trustee.

The Litigation Trustee distributed and posted registration procedures to all known claimants on February 8, 2018, and posted registrations forms for each class of non-bondholder unitholders on its publicly-available website under the tab *Litigation Trust Documents* (available at: https://cases.primeclerk.com/sunedisonlitigation/Home-DocketInfo).

Kroll (formerly known as Prime Clerk), as agent to the Trustee, is serving as Registrar, compiling, and processing completed and returned registration forms for non-bondholder Litigation Trust Beneficiaries. (Bondholder claimants received escrow CUSIPs immediately following the Effective Date and ownership of these escrow CUSIPs will allow the Depository Trust Company (DTC) to process future cash distributions on the account of these interest holders).

The Trustee reconciled the holdings of the 2nd lien claimants at the conclusion of the bankruptcy case and has noticed holders of their B-units of the initial amounts entered on the Register. Trading of non-escrow DTC B-unit holdings is occurring.

To recall, the Trustee has provided a Form of Transfer Notice to be provided by the Transferor and Transferee to the Registrar (i.e., Prime Clerk) at the time of transfer so such can be recorded in the Register. These forms also can be found on the *Litigation Trust Documents* tab at: https://cases.primeclerk.com/sunedisonlitigation/Home-DocketInfo.

*Tax Treatment and Reporting*. The Litigation Trust is intended to qualify as a liquidating trust for U.S. federal income tax purposes within the meaning of Treasury Regulation Section 301.7701-4(d) and thus as a "grantor trust" within the meaning of Sections 671 through 677 of the Internal Revenue Code of 1986, as amended (the "IRC"), with the Litigation Trust Beneficiaries treated for U.S. federal income tax purposes as the grantors and owners of their respective shares of the Litigation Trust Assets, other than with respect to any assets allocable to, or retained on account of, Disputed Claims (*i.e.*, the GUC Disputed Claims Reserve).

The Litigation Trustee employs Baker Newman Noyes as tax-preparer and will provide holders of Litigation Trust Interests with information regarding their proportionate share in the Litigation Trust's items of income, gain, deduction, loss, and credit for each tax year, in order to enable holders to prepare U.S. federal, state, and other tax returns.

Disclaimer

This Report was prepared pursuant to Section 9.1 of the SunEdison Litigation Trust Agreement. It is limited in scope and covers a limited period. The financial data presented in this Report has not been audited and is subject to future adjustment, reclassification, and/or reconciliation. It does not include all adjustments or notes that would be required to be reported in accordance with generally accepted accounting principles. The information set forth in this Report should not be viewed as indicative of future results.

September 27, 2024

SunEdison Litigation Trust
c/o Alan Carr, Tim Daileader,
Ivona Smith and Marc Rosenberg
Drivetrain, LLC, as Trustee
410 Park Avenue, Suite 900
New York, NY 10022
sunedison@drivetrainllc.com

## TABLE 1: SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS ($)

| | | Jan 1, 2024 – Jun 30, 2024 | Jul 1, 2023 – Dec 31, 2023 | Jan 1, 2023 – Jun 30, 2023 | Jul 1, 2022 – Dec 31, 2022 | | Post Confirmation Totals |
|---|---|---|---|---|---|---|---|
| 1 | **TOTAL CASH (Beginning of period)** | $83,248,897 | $ 81,676,948 | $ 66,611,008 | $ 80,006,778 | | - |
| 2 | **RECEIPTS** | | | | | | |
| | **i.** Debtors' Initial Grant | - | - | - | - | | $ 64,307,708 |
| | **ii.** Litigation Proceeds | 14,831,500 | 498,092 | 15,216,008 | 539,358 | | 121,658,261 |
| | **iii.** Interest | 1,674,172 | 1,581,444 | 996,504 | 550,721 | | 5,976,427 |
| | iv. Other Income | | | | | | 3,802,705 |
| 3 | **DISBURSEMENTS** | | | | | | |
| | a. **Taxes** | | | | | | |
| | i. Federal Taxes | - | 18,247 | - | - | | 18,247 |
| | ii. State Taxes | - | - | - | - | | - |
| | iii. Other Taxes | - | - | - | - | | - |
| | b. **Litigation Trust Expenses** | | | | | | |
| | i. Trustee's fees and expenses | 124,187 | 126,695 | 119,432 | 182,077 | | 1,729,804 |
| | ii. Attorneys' fees and expenses | 357,003 | 237,915 | 320,208 | 766,573 | | 26,338,991 |
| | iii. Other professionals' fees and expenses[5] | 271,489 | 65,281 | 376,772 | 434,386 | | 21,20,476 |
| | iv. Other operating expenses | 76,229 | 16,872 | 83,389 | 55,680 | | 1,056,922 |
| | c. **Distribution of Trust Assets:** | | | | | | |
| | i. Class A Distribution[6] | 2,818,649 | 42,576 | 216,769 | 13,047,134 | | 48,873,649 |
| | ii. Class B distribution | - | - | - | - | | - |
| | **Total Disbursements** | 3,647,556 | 507,587 | 1,116,571 | 14,485,849 | | $ 99,638,090 |
| 4 | **TOTAL CASH (End of Period)** | $ 96,107,012 | $ 83,248,897 | $ 81,676,948 | $ 66,611,008 | | $ 96,107,012 |

[5] The professional expenses reflect the significant efforts made in data management, the professional support of the litigation efforts and the administration of claims upon the former debtors.

[6] The Class A distributions include the $6,444,651 paid to the Convertible Noteholders' Indenture Trustee in connection with fees and expenses incurred during the bankruptcy and deducted from those payment waterfalls.

SUNEDISON LITIGATION TRUST

## TABLE 2: CHAPTER 11 POST-CONFIRMATION BANK ACCOUNT RECONCILIATIONS

| Bank Account Information | | Account #1 | Account #2 |
|---|---|---|---|
| | | | |
| Name of Bank | | Wells Fargo Private Bank | Wells Fargo Securities |
| Account Number | | x470 | x870 |
| Purpose of Account | | Operating | Operating - Investment |
| Type of Account | | Direct Deposit | Money Market Mutual Fund |
| | | | |
| 1. Balance per account statement | | $ 324,733 | $ 78,3321,427 |
| 2. ADD: Deposits not credited | | - | - |
| 3. SUBTRACT: Outstanding Checks | | - | - |
| 4. Other Reconciling Items | | - | - |
| 5. Quarter End Balance | | $ 324,733 | $ 78,321,427 |
| Agrees with Books (Y/N) | | Y | Y |
| | | | |
| | | | |
| **Bank Account Information** | | **Account #3** | **Account #4** |
| | | | |
| Name of Bank | | Wells Fargo Private Bank | Wells Fargo Securities |
| Account Number | | x447 | x439 |
| Purpose of Account | | Disputed Claims Reserve | Reserve Account |
| Type of Account | | Direct Deposit | Direct Deposit |
| | | | |
| 1. Balance per account statement | | $ 16,401,805 | $ 401,428 |
| 2. ADD: Deposits not credited | | - | - |
| 3. SUBTRACT: Outstanding Checks | | - | - |
| 4. Other Reconciling Items | | - | - |
| 5. Quarter End Balance | | $ 16,401,805 | $ 401,428 |
| Agrees with Books (Y/N) | | Y | Y |
| | | | |
| | | | |
| **Bank Account Information** | | **Account #5** | **Account #6** |
| | | | |
| Name of Bank | | Wells Fargo Private Bank | Wells Fargo Private Bank |
| Account Number | | x032 | x462 |
| Purpose of Account | | Preference Collections | Litigation Expenses |
| Type of Account | | Direct Deposit | Direct Deposit |
| | | | |
| 1. Balance per account statement | | $ 657,619 | - |
| 2. ADD: Deposits not credited | | - | - |
| 3. SUBTRACT: Outstanding Checks | | - | - |
| 4. Other Reconciling Items | | - | - |
| 5. Quarter End Balance | | $ 657,619 | - |
| Agrees with Books (Y/N) | | Y | Y |
| | | | |
| | | | |
| **Bank Account Information** | | **Account #7** | |
| | | | |
| Name of Bank | | Wells Fargo Private Bank | |
| Account Number | | x454 | |
| Purpose of Account | | Additional Compensation | |
| Type of Account | | Direct Deposit | |
| | | | |
| 1. Balance per account statement | | - | |
| 2. ADD: Deposits not credited | | - | |
| 3. SUBTRACT: Outstanding Checks | | - | |
| 4. Other Reconciling Items | | - | |
| 5. Quarter End Balance | | - | |
| Agrees with Books (Y/N) | | Y | |
| | | | |

**Exhibit A**
**Causes of Action Filed Currently with the Court**

| Case No. | Defendant | Date Filed |
|---|---|---|
| 18-01173 | Sunergy Construction Inc. *(mediated settlement unsigned by defendant)* | April 9, 2018 |
| 18-01385 | Shinsung Solar Energy Co. Ltd. | April 18, 2018 |
| 18-01456 | Ecoplexus Inc | April 19, 2018 |
| 19-01110 | Expeditors International, *et al.* | July 3, 2019 |
| 24-01344 | United Renewable Energy Co., Ltd. f/k/a Neo Solar | April 15, 2024 |
| 24-01347 | Jinneng Clean Energy Technology Ltd. | April 24, 2024 |
| 24-01356 | Northern State Power Company & Xcel Energy *et al.* | May 12, 2024 |

**Exhibit B**

**Default Judgments Entered by the Court**

| Case No. | Defendant | Amount (bef. Interest) |
|---|---|---|
| 18-01115 | Accent Design | $ 56,117.01 |
| 18-01281 | Addleshaw Goddard | 63,307.20 |
| 18-01483 | Applus (Shanghai) Quality Inspection | 213,008.62 |
| 18-01485 | Arizona Solar Wave | 31,095.52 |
| 18-01486 | B. Bosch S.A. | 142,965.49 |
| 18-01257 | Bruce W. Kingsley | 28,155.26 |
| 18-01050 | Build Native, Inc. | 153,782.00 |
| 18-01262 | Citiguard, Inc. | 117,026.25 |
| 18-01263 | City of Brockton | 10,000.00 |
| 18-12866 | Claro & Cia | 30,000.00 |
| 18-01327 | Clean Energy of America Group, Inc. | 334,200.20 |
| 18-01301 | Effective Environmental | 115,999.10 |
| 18-01488 | Far East Cable Co. Ltd. | 79,734.12 |
| 18-01489 | FirstMark Advantage, LLC | 49,766.57 |
| 18-01402 | Five Star Impact LLC | 117,177.00 |
| 18-01490 | Forlexco | 45,681.71 |
| 18-01416 | Francisco Perez-Gundin | 111,867.93 |
| 18-01215 | Global Power Gas & Electric LLC | 658,735.02 |
| 18-01216 | Green Care Companies Inc. | 13,800.00 |
| 18-01393 | Greenbiz Group Inc. | 22,660.00 |
| 18-01494 | Hart Tech LLC | 44,901.04 |
| 18-10223 | Hwang Mok Park PC | 507,558.44 |
| 18-01302 | Industrial Specialty Services | 48,864.00 |
| 18-01303 | International Equipment Leasing Inc. | 89,416.00 |
| 18-01517 | Jiang Yin Free Newenergy Electric Power Investment Co., Ltd. | 20,552.22 |
| 18-01235 | Lucas Environmental, LLC | 41,422.41 |
| 18-01495 | MC Tech Co. Ltd. | 47,674.80 |
| 18-01241 | MP KM Golding Ltd. | 33,235.48 |
| 18-01497 | Northeast Solar Services | 63,712.33 |
| 18-01398 | Omni Valley Construction Corp. | 25,314.92 |
| 18-01147 | Orbis Terrarum Projects | 39,051.73 |
| 18-01126 | Prime Solar Source, LLC | 849,060.50 |
| 18-01451 | PV Guru Inc. | 395,422.88 |
| 18-01159 | Red River Island | 89,758.78 |
| 18-01452 | Renew Energy Group | 713,679.50 |
| 18-01464 | Samraj Engineering | 231,672.53 |
| 18-01130 | Shafer Landfill Trust | 70,953.91 |
| 18-01502 | Shanghai Zhichuan Electronic Tech | 41,238.00 |
| 18-01333 | SunFusion Solar Electric, Inc. | 122,231.34 |
| 18-01507 | Sung Ju Co. Lt. | 720,837.15 |
| 18-01508 | Sunlight Solar Energy | 22,956.20 |
| 18-01509 | Sustainable Energy Systems | 237,735.76 |
| 18-01469 | Synergy Innovations PTE Ltd. | 961,782.25 |
| 18-01133 | Thunderbird Logistics | 88,186.30 |
| 18-01335 | TK HVAC & Electrical Services | 66,032.78 |
| 18-01191 | Triple Crown Solar Structure Inc. | 46,568.99 |
| 18-01313 | TUV SUD Cert & Test China SHH | 80,357.17 |
| 18-01193 | UCPC Limited | 1,725,701.48 |

**Exhibit C**
**Net Litigation Proceeds**
**Calculation**

| | | |
|---|---|---|
| Thru 6.30.24 | Litigation Proceeds and cash thereon | + $ 131,437,393 |
| | Direct Litigation Expenses | - $ 35,138,961 |
| | Net Litigation Trust Proceeds[1] | + $ 96,298,431 |
| | | |
| | Allocation Threshold | $ 63,000,000 |
| | *Excess*[2] | *$ 33,298,431* |
| Thru 6.30.24[3] | **Additional Net Avoidance Action Proceeds** | |
| | A- unit allocation (52%) | $ 17,315,184 |
| | B- unit allocation (48%) | $ 15,983,247 |
| | *Total* | *$ 33,298,431* |

*Subject to rounding.*

[1] Net Litigation Trust Proceeds" means, on any date of determination, the aggregate amount of Litigation Trust Proceeds actually received by the Litigation Trust, less the aggregate amount of all costs and expenses, as set forth in the Litigation Trust's books and records, actually incurred (whether or not paid) by the Litigation Trust in connection with investigating, prosecuting, settling, liquidating, or disposing of the Litigation Trust Causes of Action.

[2] Also referred to as the Additional Net Avoidance Action Proceeds.

[3] This calculation includes interest earned on cash on hand but does not represent unresolved claims or reserved expenses in connection with the litigation and resolution of unresolved claims. These amounts also are not indicative of distributions already made to the A-unit claim holders to date.